# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|   |   |
|---|---|
| PHILIP R. McHUGH,  <br><br>Plaintiff,  <br><br>vs.  <br><br>FIFTH THIRD BANCORP, *et al.*,  <br><br>Defendants. | Case No. _____  <br><br>State Court Case No. A 2003792 |

## NOTICE OF REMOVAL

Defendants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael (collectively "Fifth Third Bank" or the "Bank"), by and through its undersigned counsel, Blank Rome LLP, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby remove this action from the Hamilton County (Ohio) Court of Common Pleas ("State Court") to the United States District Court for the Southern District of Ohio based on federal question jurisdiction under 28 U.S.C. § 1331. In support thereof, Fifth Third Bank states as follows:

## BACKGROUND

1.  Fifth Third Bank exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Philip R. McHugh v. Fifth Third Bancorp, et al.*, Case No. A 2003792.

2.  28 U.S.C. § 1441(a) provides any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the U.S. District Court for the district and division embracing the place where such action is pending.

3. This is a civil action instituted in the State Court that has not been tried.

4. On October 28, 2020, Plaintiff Philip McHugh ("Plaintiff") filed his original Complaint (the "Complaint") in the State Court. Plaintiff's original Complaint asserts a claim for age discrimination under Ohio Revised Code Chapter 4112 arising out of the Bank's lawful and non-discriminatory selection of another individual for the position of President of Fifth Third Bancorp, a selection that was made only after months of succession planning and vetting of the selected candidate. This pretextual lawsuit was filed in order to coerce the Bank to let Plaintiff do the job he wanted to do, as opposed to the job the Bank's CEO wanted Plaintiff to do. A true and correct copy of the available file, including the Complaint, **Exhibit B**, is attached hereto.

5. On or around November 5, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The Charge of Discrimination alleges that the Bank discriminated against Plaintiff on the basis of his age under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. A true and correct copy of the Charge of Discrimination, **Exhibit TT**, is attached hereto.

6. The EEOC issued its Notice of Right to Sue Letter on December 18, 2020. A true and correct copy of the Notice of Right to Sue Letter, **Exhibit UU**, is attached hereto.

7. On March 17, 2021, Plaintiff filed his Amended Complaint in State Court. Plaintiff's Amended Complaint asserts causes of action under the federal ADEA and Ohio Revised Code Chapter 4112. A true and correct copy of the Amended Complaint, **Exhibit PP**, is attached hereto.

8. As set forth below, the State Court Docket and Plaintiff's time-stamped Amended Complaint reflects that Plaintiff's Amended Complaint was filed on March 17, 2021; this Notice

is thus timely under 28 U.S.C. §§ 1446(b). *See* Ex. PP; *Murphy Bros., Inc. v. Michetti Pipe String, Inc.*, 526 U.S. 344, 347-48 (1999).

9. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff's action establishes the existence of a federal question, as Plaintiff alleges violations of federal law; namely, the ADEA. Further, this Court may exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

**SUBJECT MATTER JURISDICTION**

**THIS ACTION IS REMOVABLE UNDER**
**FEDERAL QUESTION JURISDICTION, 28 U.S.C. § 1331**

10. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists where a federal question appears on the face of the complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

11. "Any civil action of which the district courts have original jurisdiction founded on a federal question 'may be removed without regard to the citizenship or residence of the parties.'" *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007); *Dominguez v. Acrux Staffing*, No. 1:11-cv-02443, 2011 WL 6326538, at *1 (N.D. Ohio Dec. 15, 2011); *Pierce v. Norfolk & Southern Ry. Co.*, No. 1:05-cv-00190, 2005 WL 1114437, at *1 (N.D. Ohio May 9, 2005).

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of federal law in his Amended Complaint. More specifically, Plaintiff claims that the Bank violated the ADEA. *See generally*, Ex. PP.

3

13. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's federal and state law claims are so related that they form part of the same case or controversy.

## PROCEDURAL COMPLIANCE

14. In accordance with the requirements of 28 U.S.C. § 1446(b):

> "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . . ."

28 U.S.C. § 1446(b).

15. Here, the State Court Docket reflects that the Amended Complaint asserting, for the first time, federal causes of action under the ADEA, was filed on March 17, 2021. *See* Ex. PP.

16. Pursuant to 28 U.S.C. § 1441, *et seq.*, the right exists to remove this case from the State Court to the U.S. District Court for the Southern District of Ohio, which embraces the place where the action is currently pending.

17. The U.S. District Court for the Southern District of Ohio embraces the county in which the State Court action is now pending (*i.e.*, Hamilton County); thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 115(b)(1).

18. No previous application has been made for the relief requested herein.

19. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon the Bank. *See* **Exhibits A through UU**, attached.

20. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

4

21. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

22. Fifth Third Bank reserves all defenses and objections to Plaintiff's claims.

**WHEREFORE**, Defendants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael hereby remove this case from the Hamilton County Court of Common Pleas, Ohio, where it is now pending, to the United States District Court for the Southern District of Ohio.

Respectfully submitted,

**Dated:** April 7, 2021            **BLANK ROME LLP**

       *s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)
David J. Oberly, Esq. (0088410)
Thomas H. Stewart, Esq. (0059246)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: Cioffi@BlankRome.com
Email: DOberly@BlankRome.com
Email: Stewart@BlankRome.com

*Attorneys for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

## **CERTIFICATE OF SERVICE**

I, Michael L. Cioffi, Esquire, hereby certify that, on April 6, 2021, a copy of the foregoing Defendants Fifth Third Bancorp's, Fifth Third Bank, National Association's, and Gregory D. Carmichael's Notice of Removal was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John J. McHugh, Esq.
MCHUGH & MCCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
mchugh@mchughlaw.com

Peter A. Saba, Esq.
Joshua M. Smith, Esq.
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorneys for Plaintiff,*
*Philip McHugh*

                                                 **BLANK ROME LLP**

                                                 *s/ Michael L. Cioffi*
                                                 Michael L. Cioffi, Esq. (0031098)

                                                 *Attorney for Defendants Fifth Third*
                                                 *Bancorp, Fifth Third Bank, National*
                                                 *Association, and Gregory D. Carmichael*

## EXHIBIT INDEX

| Exhibit | Filing |
|---|---|
| A | Classification Form |
| B | Complaint |
| C | Written Request for Service (Certified Mail) |
| D | Summons: Fifth Third Bancorp |
| E | Summons: Gregory D. Carmichael |
| F | Summons: Fifth Third Bank, N.A. |
| G | Summons: Fifth Third Bank, N.A. |
| H | Notification Form |
| I | Notification Form |
| J | Defendants' Answer, Affirmative Defenses & Counterclaim |
| K | Notification Form |
| L | Notification Form |
| M | Certification of Service of Plaintiff's First Requests for Production of Documents |
| N | Service Return |
| O | Service Return |
| P | Plaintiff's Notice of Depositions |
| Q | Notice of Appearance |
| R | Notification Form |
| S | Notification Form |
| T | Plaintiff's Reply to Defendants'/Counterclaimants' Counterclaim |
| U | Return of Service of Subpoena Duces Tecum: Philip Raymond McHugh, Jr. |
| V | Notice of Subpoena Duces Tecum: Patrick McHugh |
| W | Notice of Subpoena Duces Tecum: Suzanne McHugh |
| X | Notice of Subpoena Duces Tecum: Erin Marie McHugh |
| Y | Return of Service of Subpoena Duces Tecum: Patrick McHugh |
| Z | Notice of Subpoena Duces Tecum: Philip Raymond McHugh, Jr. |
| AA | Return of Service of Subpoena Duces Tecum: Erin Marie McHugh |
| BB | Return of Service of Subpoena Duces Tecum: Colleen McHugh Sweeney |
| CC | Return of Service of Subpoena Duces Tecum: Suzanne McHugh |
| DD | Notice of Subpoena Duces Tecum: Colleen McHugh Sweeney |
| EE | Plaintiff Philip McHugh and Non-Parties' Suzanne, Philip Jr., Colleen, Erin, and Patrick McHugh's Joint Motion to Quash and For Protective Order |
| FF | Defendants'/Counterclaimants' Motion to Compel |
| GG | Defendants'/Counterclaimants' Motion to Compel: Exhibit C |
| HH | Defendants'/Counterclaimants' Motion to Compel: Exhibit B |
| II | Defendants'/Counterclaimants' Motion to Compel: Exhibit A |
| JJ | Defendants'/Counterclaimants' Response in Opposition to Plaintiff's and Non-Parties' Joint Motion to Quash and For Protective Order |
| KK | Plaintiff and McHugh Family's Reply in Support of Motion to Quash and For Protective Order |

| | |
|---|---|
| **LL** | Defendants'/Counterclaimants' Motion for Rule 16 Conference & Entry of Case Management Order and Protective Order |
| **MM** | Plaintiff's Memorandum in Opposition to Defendants' Motion for Rule 16 Conference and Entry of Case Management Order and Protective Order |
| **NN** | Notification Form |
| **OO** | Defendants'/Counterclaimants' Reply Brief in Support of Motion for Rule 16 Conference & Entry of Case Management Order and Protective Order |
| **PP** | Plaintiff's Amended Complaint |
| **QQ** | Defendants' Answer and Affirmative Defenses to Amended Complaint & Counterclaim |
| **RR** | Entry |
| **SS** | Entry |
| **TT** | Plaintiff's EEOC Charge of Discrimination |
| **UU** | EEOC Dismissal and Notice of Rights |