

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
October 28, 2020 03:46 PM
     AFTAB PUREVAL
    Clerk of Courts
   Hamilton County, Ohio
  CONFIRMATION 1000310
```

**PHILIP R MCHUGH**              **A 2003792**

    vs.

**FIFTH THIRD BANCORP**

### FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

### PAGES FILED: 8

EFR200


VERIFY RECORD

| | | |
|---|---|---|
| Philip R. McHugh<br>8000 Finley Lane<br>Cincinnati, OH 45242, | )<br>)<br>)<br>) | Case No. |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| Fifth Third Bancorp<br>38 Fountain Square Plaza<br>Cincinnati, OH 45263, | )<br>)<br>)<br>) | COMPLAINT WITH JURY DEMAND<br>ENDORSED HEREON |
| and | )<br>) | [John J. McHugh, III (0019750)<br>5580 Monroe Street |
| Fifth Third Bank, N.A.<br>38 Fountain Square Plaza<br>Cincinnati, OH 45263, | )<br>)<br>)<br>) | Sylvania, Ohio 43560<br>Telephone: (419) 885-3597<br>Facsimile: (419) 885-3861<br>Email: mchugh@mchughlaw.com |
| and | )<br>) | Attorney for Plaintiff] |
| Gregory D. Carmichael<br>c/o Fifth Third Bank<br>38 Fountain Square Plaza<br>Cincinnati, OH 45263, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

For his Complaint against defendants for wrongful termination of employment in violation of Title 41, and particularly Section 4112.02(A) and (L), of the Ohio Revised Code, plaintiff Philip R. McHugh ("McHugh") says that:

1. He is a resident of Cincinnati, Ohio; a citizen of the State of Ohio, and until October 16, 2020, was employed as the Executive Vice President of Fifth Third Bank, reporting directly to Gregory D. Carmichael, its President, Chief Executive Officer, and Chairman of the Board of Fifth Third Bancorp ("Carmichael").

2. Fifth Third Bancorp is a diversified financial services company with its principal place of business in Cincinnati, Ohio, and is the parent company of Fifth Third Bank.

3. Fifth Third Bank, N.A. is now a federally chartered bank, now regulated by the Office of the Comptroller of the Currency, and is engaged principally in Commercial Banking, Branch Banking, Consumer Lending, and Wealth and Asset Management. It is one of the largest such banks in the United States, and engages in its business activities in Ohio, Michigan, Indiana, Illinois, Kentucky, West Virginia, Tennessee, North Carolina, Georgia and Florida. As a qualifying Ohio employer, it is subject to Chapter 4112 of the Ohio Revised Code and is prohibited from engaging in age discrimination in employment.

4. Carmichael is, upon information and belief, a resident of Cincinnati, a citizen of the State of Ohio, and the incumbent Chairman of the Board, President and Chief Executive Officer of Fifth Third Bancorp, having held such position since January, 2018. Carmichael began his career with Fifth Third in 2003, and has held various executive management positions at the bank, including Chief Information Officer, Chief Operating Officer, and President and CEO. At all times relevant herein, Carmichael was McHugh's manager.

5. Carmichael has been a director of the Bank since 2015, and presently serves on ten of the eleven committees of the Board.

6. According to the Fifth Third Bancorp 2020 Proxy Statement, the average annual Chief Executive Officer compensation for 2017-2019 was nearly $10,000,000.00.

7. Venue is appropriate in Hamilton County, Ohio as the events giving rise to the Complaint occurred there.

8. McHugh, now fifty-six (56) years of age, began his career with Fifth Third Bank in Cincinnati in October, 1986. In April, 1994 the Bank requested him to move to Louisville, Kentucky to build the Trust and Investment Division of its then newly acquired affiliate. In March, 2001, he was promoted to run the Commercial Division of the Louisville Affiliate, and in December, 2005, was named President and CEO of Fifth Third Louisville with full responsibility for all business and staff functions.

9. In January, 2010, Carmichael, then the Bank's Executive Vice President and Chief Operating Officer, requested that McHugh return to Cincinnati to lead the Fifth Third Private Bank, Trust and Investment Division. During his tenure then and there, the Trust and Investment Division substantially grew its assets, revenue, and net income.

10. In April, 2017, Carmichael, then Bank Chief Executive Officer and President, requested that McHugh become head of Fifth Third's Consumer Bank, which included full responsibility for Retail Banking, Mortgage Lending, Business Banking for companies with less than $20.0 million in annual revenues, and for indirect auto lending. Later that year, in December, Carmichael reassigned additional responsibility to McHugh, charging him with oversight of the Wealth and Asset Management division of the Bank.

11. In August, 2018, Carmichael, in his first year as Board Chairman, assigned McHugh responsibility for leadership of all fourteen of the Bank's regional presidents, noting that this additional assignment involved a much larger role, greater responsibility, and a more significant impact on Fifth Third Bank. The advance now gave McHugh responsibility for Business Banking, Wealth and Asset Management, as well as Regional Banking.

12. At that time, Carmichael appointed Timothy N. Spence ("Spence"), succeeding McHugh, to be head of the Consumer Bank, but McHugh kept Business Banking, Wealth and Asset Management, and overall responsibility for Regional Banking.

13. In late June, 2019, Carmichael delegated further responsibility to McHugh, directing that he accept the Public Relations and Community and Economic Development Groups, as well as retaining all prior assignments.

14. In each and every successive position at Fifth Third Bank, McHugh excelled in his performance, and was rewarded with additional compensation, greater responsibility and a higher profile within the Bank. At no time did Carmichael ever communicate to McHugh that his performance was lacking, inadequate, insufficient, or less than expected.

15. On August 15, 2019, during McHugh's mid-year performance review, Carmichael, the Chairman of the Board, President and Chief Executive Officer, told McHugh that he, Carmichael, would be pursuing other matters, and that he, Carmichael, promised that he would recommend McHugh to be the next President and Chief Executive Officer, for a term of three to five years, until Spence was ready for the assignment. Carmichael told McHugh that he was the most qualified officer on the executive team to take the President and Chief Executive Officer position, and that Spence was not only too young but also lacked necessary banking experience, having been at that point at Fifth Third only four years.

16. Following an off-site meeting on August 18, 2019, Robert Shaffer ("Shaffer"), then the Bank's Chief Human Resources Officer, confirmed to McHugh what Carmichael had earlier promised him, that McHugh would be the next President and Chief Executive Officer, and confided to McHugh his opinion that McHugh was the most qualified executive to acquire such responsibility.

17. On February 14, 2020, during his annual performance review, Carmichael told McHugh that the Board of Directors had requested that he extend his term for one to two years, and suggested to McHugh that McHugh might then be too old to hold that position, but did not indicate that Carmichael's change of plans would adversely impact McHugh.

18. Shortly thereafter, Shaffer informed McHugh that with his then assigned responsibilities, he would be one of the five most-highly compensated employees at the Bank, and

4

as a Named Executive Officer, would be identified in the 2021 proxy statement issued in connection with the 2021 Annual Meeting of the Shareholders of Fifth Third Bank.

19. In February, 2020, Carmichael requested that McHugh take on additional responsibility for Middle Market Banking (for companies with revenues ranging from $20 - $500 million), and Fifth Third Insurance, resulting in McHugh having twenty direct reports, substantially more than any other senior executive.

20. On March 9, 2020, the Bureau of Consumer Financial Protection ("CFPB") filed its second misconduct complaint against Fifth Third Bank, this time in Chicago, Illinois, in Case No. 1:20-cv-01683, asserting that the Bank had unlawfully and illegally opened deposit accounts in consumers' names without their authorization to do so, transferred funds from existing accounts to new accounts, without authorization, issued credit cards, enrolled consumers in online banking services, and opened lines of credit on consumers' accounts. In doing so, the CFPB alleged that Fifth Third Bank had engaged in repeated violations of the Consumer Financial Protection Act, the Truth in Lending Act, and the Truth in Savings Act, together with their implementing regulations, and sought injunctive and monetary relief.

21. The assignment of this additional responsibility required that McHugh commit substantial time to resolution of then serious credit issues in the Middle Market Banking Portfolio, as well as supervise the Bank's SBA lending response in light of the COVID-19 pandemic. In the first and second iterations of the Paycheck Protection Program, Fifth Third Bank made loans of $5.5 billion, against an average SBA loan year with $400 million extended.

22. Shortly before the Board of Director meetings of September 21 and 22, McHugh discussed with Carmichael McHugh's presentation to the Board regarding the Bank's performance, and was explicitly directed by Carmichael to indicate that, across all lines of business for the Bank, the Regional Banking contributed 63% of the Bank's net income. This representation underscored the significance of McHugh's role, and reemphasized Carmichael's promise to endorse McHugh for the President and Chief Executive Officer position.

23. On October 13, 2020, Carmichael met with McHugh, and, for the first time, advised McHugh that he was to be demoted to head of Consumer Banking, a role from which he had previously been promoted, and was to report to Spence, who would assume McHugh's responsibilities for Regional Banking, and Wealth and Asset Management. McHugh was also informed that he would lose his responsibilities for Middle Market Banking.

24. Carmichael voiced no criticism of McHugh's performance. He did not express any cause for such action.

25. Surprised by this turn of events, McHugh inquired whether there were any alternatives available to him. Carmichael said that was not McHugh's only option, but offered no other alternatives. McHugh requested that he have a few days to consider demotion to head of Consumer Bank. McHugh next met with Carmichael on October 15, 2020.

26. McHugh informed Carmichael that he believed that it was in the best interest of the Bank and its shareholders that he remain in his incumbent position. Carmichael told McHugh that McHugh had consistently delivered excellent results in every management position he had held. Carmichael said that his reputation for honesty and integrity within the Bank was unchallenged.

27. Carmichael told him that his position, and most of its significant duties and responsibilities, were being given to Spence to enable Spence to acquire the experience he needed to become the next President and Chief Executive Officer. Carmichael told McHugh that he made the decision to advance Spence, and acknowledged that it came at McHugh's expense. Spence is forty-one (41) years old.

28. Carmichael acknowledged that he had never suggested to McHugh that McHugh was no longer to be considered for President and Chief Executive Officer, and twice apologized that he had not discussed this with McHugh. He agreed that this change in assignment came at McHugh's expense, and was made to enable Spence to get the experience needed to become Chief Executive Officer.

E-FILED 10/28/2020 03:46 PM  /  CONFIRMATION 1000310  /  A 2003792  /  COMMON PLEAS DIVISION  /  IFIJ

29. Later that day, Shaffer called McHugh, and informed him that his only choice was to accept the demotion, failing which he was not to return to work. McHugh suggested he and Shaffer meet face to face Monday morning to discuss the matter; Shaffer told McHugh that if he did not accept the demotion, he should not to return to work on Monday. McHugh called Carmichael to confirm such an instruction; but Carmichael refused to take the call or to return the call. McHugh's employment with Faith Third Bank was terminated on Monday, October 26, 2020.

30. On October 26, 2020, Carmichael and Fifth Third Bank announced the appointment of Spence as President of the Bank. Fifth Third disingenuously announced that McHugh had left the Bank.

31. McHugh was discriminated against in his employment by the Bank because of his age.

32. As a direct result of such discrimination, McHugh has sustained financial losses in base pay, variable compensation, long term incentive compensation, equity awards, stock options, and health care coverage for himself and his family, all to his detriment in an amount exceeding $12,500,000.00.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, consistent with Civil Rule 8(A), for damages in excess of Twenty-Five Thousand Dollars ($25,000.00), such as will fully compensate him for the losses he has sustained as a result of such age discrimination, together with his fees and his costs incurred herein.

Of Counsel for Plaintiff:

McHUGH & McCARTHY, LTD.
 5580 Monroe Street
 Sylvania, Ohio  43560

/s/ *John J. McHugh, III*
John J. McHugh, III
 5580 Monroe Street
 Sylvania, Ohio  43560
 Telephone:   (419) 885-3597
 Facsimile:   (419) 885-3861
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues properly so triable herein.

*/s/ John J. McHugh, III*
Attorney for Plaintiff

E-FILED 10/28/2020 03:46 PM  /  CONFIRMATION 1000310  /  A 2003792  /  COMMON PLEAS DIVISION  /  IFIJ