# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PHILIP R. MCHUGH,

                    Plaintiff,

v.

FIFTH THIRD BANCORP, ET AL.

                    Defendants.

: Case No. 1:21-cv-00238

: Judge Michael R. Barrett

: **DECLARATION OF JOSHUA M. SMITH IN SUPPORT OF MOTION TO COMPEL**

I, Joshua Smith, hereby certify pursuant to 28 U.S.C. § 1746 that the statements set forth below are true and correct to the best of my knowledge, information and belief:

1. I have personal knowledge of the information presented herein.

2. **Attachment 1** is a true and accurate copy of excerpts from Plaintiff's Second Set of Requests for Production of Documents, including Request No. 1 (Plaintiff's electronic calendar).

3. **Attachment 2** is a true and accurate copy of excerpts from Defendants' Responses and Objections to Plaintiff's Second Set of Requests for Production of Documents, including Defendants' responses to Request No. 1.

4. **Attachment 3** is a true and accurate copy of e-mail correspondence from Counsel for Defendants dated December 22, 2021, including a hyperlink to a zip file purporting to contain Plaintiff's outlook calendar.

5. **Attachment 4** are screenshot examples of the electronic files produced by Defendants which purport to be Plaintiff's outlook calendar.

6. **Attachment 5** is a true and accurate copy of a calendar event pertaining to a "meet and confer" conference with Defendants' counsel on January 5, 2022 at 4:30 p.m.

7. During this conference, Plaintiff's counsel raised the deficiencies in the calendar's production with Defendants' counsel, including the production of the calendar in its native .pst format as requested.

8. **Attachment 6** is a true and accurate copy of e-mail correspondence from Defendants' counsel on January 8, 2022, in which Defendants' counsel states that "we will be in a

1



position to send you the calendar in a pst file early next week. I am told that it will be fully searchable as if you opened it in Outlook."

9. **Attachment 7** is a true and accurate copy of a letter sent to Defendants' counsel on January 12, 2022 regarding discovery deficiencies, including the failure to produce the calendar in its native format.

10. **Attachment 8** is a true and accurate copy of e-mail correspondence to the Court on January 18, 2022 regarding discovery deficiencies, including Defendants' failure to produce the calendar.

11. **Attachment 9** is a true and accurate copy of Defendants' e-mail correspondence to the Court on March 30, 2022.

12. **Attachment 10** is a true and accurate copy of a letter sent to Defendants' counsel on April 4, 2022, in follow-up to the March 31, 2022 discovery conference.

13. **Attachment 11** is a true and accurate copy of e-mail correspondence and exchanges between Plaintiff's counsel and Defendants' counsel on April 7, 2022.

14. **Attachment 12** is a true and accurate copy of e-mail correspondence and exchanges between Plaintiff's counsel and Defendants' counsel on April 8, 2022.

15. **Attachment 13** is a true and accurate copy of e-mail correspondence and exchanges between Plaintiff's counsel and Defendants' counsel between April 12, 2022 and April 27, 2022.

16. **Attachment 14** is a true and accurate copy of a letter received from Defendants' counsel on May 4, 2022, including Defendants' position on the production of the outlook calendar.

17. **Attachment 15** is a true and accurate copy of e-mail correspondence to the Court on May 8, 2022 regarding Plaintiff's outlook calendar.

18. **Attachment 16** is a true and accurate copy of e-mail correspondence to the Court from Defendants' counsel on May 18, 2022.

19. **Attachment 17** is a true and accurate copy of e-mail correspondence to the Court from Plaintiff's counsel on May 18, 2022.

20. **Attachment 18** is a true and accurate copy of excerpts from the Transcript of Proceedings for the Discovery Conference via Telephone conducted on May 19, 2022 (Doc #19, PAGEID #1889 -1911).

2

I declare under penalty of perjury that the foregoing is true and correct.

Joshua M. Smith

Dated: 6/14/2022

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **PLAINTIFF'S FIRST SET OF** |
| **FIFTH THIRD BANCORP,** *et al.*, | : | **REQUESTS FOR ADMISSION AND** |
| | : | **INTERROGATORIES,** |
| Defendants. | : | |
| | : | **AND** |
| | : | |
| | : | **SECOND SET OF REQUESTS FOR** |
| | : | **PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Plaintiff Philip R. McHugh ("Plaintiff") hereby submits his First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents Directed to Defendants Fifth Third Bancorp, Fifth Third Bank N.A., and Gregory Carmichael (collectively, "Defendants"). Plaintiff respectfully requests that Defendant provide responses to the offices of Stagnaro, Saba & Patterson Co., LPA, 2623 Erie Avenue, Cincinnati, Ohio 45208, within thirty (30) days of the service of these Requests.

Each of the following Requests for Admission, Interrogatories and Requests for the Production of Documents shall be deemed continuing and Defendant is requested, pursuant to Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure, to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by the Defendant or persons acting on its behalf.

## INSTRUCTIONS AND DEFINITIONS

1. These discovery requests must be answered in accordance with the requirements in and policies of Civ.R. 1, Civ.R. 11, Civ.R. 26 through 37, and any other applicable laws or rules. These

**Attachment 1**

requirements and policies include but are not limited to: effecting just results by eliminating delay, unnecessary expense, and all other impediments to the administration of justice; encouraging parties to fully and thoroughly prepare and investigate their cases for trial and/or settlement; fairly responding to the substance of discovery requests without obfuscation or unjustified objection; fostering openness, honesty, and professionalism in litigation; and seeking truth. Consistent with this instruction, discovery requests should not be considered vague or unanswerable due to any grammatical, syntactical, typographical, capitalization, or semantic errors or idiosyncrasies, and all responses should fairly meet the substance of the discovery request.

2.      In answering these Requests for Admission, Interrogatories, and Requests for the Production of Documents, Defendant is to divulge all information in its possession, custody, or control, or which is available to it, including information in the control of its attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on its behalf.

2.      If Defendant cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, Defendant shall so state and shall answer in as detailed a manner as possible, based on such information as is available or acceptable, and shall specify the inability to answer the remainder.

3.      Should Defendant deem as objectionable part, but not all, of any interrogatory to which an objection is made, it should consider the various parts and aspects of such interrogatory as being severable for that purpose. If any information is claimed as privileged or protected, please include a log identifying the nature of the claimed privilege or protection and the information or items claimed to be privileged.

4. Where there is insufficient space for your answers, please attach a separate sheet of paper wherein you number your answer to correspond with the question you are answering and continue your answer thereon.

5. Unless otherwise indicated, the scope of the interrogatories and requests for production of documents is the time period of Plaintiff's employment with Defendant to the present.

6. Unless indicated to the contrary, "You," "Your," and "Defendants" shall include Fifth Third Bancorp, Fifth Third Bank, N.A., Gregory Carmichael, and/or any person or entity acting on its or his behalf, including, but not limited to, officers, directors, attorneys, investigators, employees, agents or other representatives.

7. "McHugh" or "Plaintiff" shall mean Plaintiff Philip R. McHugh.

8. "Carmichael" means Defendant Gregory C. Carmichael and/or any person or entity acting on his behalf, including, but not limited to, attorneys, investigators, employees, agents, entities, or other representatives.

9. "Spence" means Timothy N. Spence and/or any person or entity acting on his behalf, including, but not limited to, attorneys, investigators, employees, agents, entities, or other representatives.

10. "Shaffer" means Robert Shaffer and/or any person or entity acting on his behalf, including, but not limited to, attorneys, investigators, employees, agents, entities, or other representatives.

12. "Document" or "documents" includes all written or graphic matter of every kind or description, however produced or reproduced, whether drafted or final, original or copy, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to correspondence, letters, memorandum, summaries of conversations or telephone conversations, minutes or records of meetings, conferences or seminars, notebooks, diaries, desk

3

calendar, contracts, agreements, preliminary and final reports, opinions or reports of consultants, projections, estimates, financial statements, bills, invoices, receipts, loan sheets, checks, checkbooks, purchase orders, change orders, confirmations, facsimiles, e-mails, text messages, telegrams, telexes, computer disks, digital or analog recordings, tape recordings, video recordings, photographs, drawings, charts, and plans.  The term "document" means every document as above defined known to Defendant and in Defendant's possession, custody or control or under the control of its agents, attorneys, employers, employees or other persons related by total or partial common ownership and includes every such document which can be located or discovered by diligent effort.

13.     "Document" also includes electronically stored information ("ESI"). Where possible, ESI should be produced in its native form, except that ESI which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet). By way of example only:

   a.     documents created using Microsoft Word must be produced as a .doc or .docx file;

   b.     documents created using Microsoft Excel must be produced as a .slx or .xslsx file;

   c.     documents created using Microsoft PowerPoint must be produced as .ppt or .pptx files; and

   d.     e-mails must be produced as .msg or .pst files

13.     "Person" and "persons" include natural persons, corporations, companies, firms, proprietorships, partnerships, associations, joint ventures, government agency or organization, and any other type of legal entity, whether formal or informal.

14. The words "relate to", "relating to" or "related to" shall mean that which implicitly or explicitly refers to, concerns, reflects, embodies or in any manner describes the subject matter of the interrogatory or document request.

15. The words "communication" or "communicate" mean any correspondence, disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message or other "document" form, including but not limited to discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

## REQUESTS FOR ADMISSION

1. Admit that Plaintiff was informed by Robert Shaffer that he was not to report to work on Monday, October 20, 2020.

**RESPONSE:**

2. Admit that Carmichael conveyed to Plaintiff in October 2020 that Timothy N. Spence was being elevated to president in part as preparation for Spence to subsequently become the next Chief Executive Officer of Fifth Third.

**RESPONSE:**

3. Admit that Carmichael informed McHugh that Carmichael wanted McHugh to take the role of Head of Consumer Banking reporting directly to Timothy N. Spence.

**RESPONSE:**

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Produce true and accurate copies of the following:

1.      The electronic calendar (including but not limited to any calendar maintained in Microsoft Outlook) maintained by Philip R. McHugh during his employment at Fifth Third, including from January 1, 2017 through October 17, 2020.

**RESPONSE:**

2.      All communications between Shaffer and any agent or representative of FW Cook from January 1, 2017 through the date of response, including but not limited to the balance of the e-mail correspondence on September 3, 2019 (FIFTHTHIRD-MCHUGH-006380).

**RESPONSE:**

3.      All communications between Shaffer and any agent or representative of RHR International from January 1, 2017 through the date of response, including but not limited to communications with Guy Beaudin.

**RESPONSE:**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| PHILIP R. McHUGH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Case No. 1:21-cv-00238-MRB |
| vs. | : | |
| | : | Judge: Hon. Michael R. Barrett |
| FIFTH THIRD BANCORP, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS/COUNTERCLAIMANTS FIFTH THIRD BANCORP'S, FIFTH THIRD BANK, NATIONAL ASSOCIATION'S & GREGORY D. CARMICHAEL'S OBJECTIONS & RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael (collectively "Fifth Third Bank" or the "Bank"), by and through their undersigned counsel, Blank Rome LLP, hereby serve the within Objections and Responses to Plaintiff Philip McHugh's ("Plaintiff") Second Set of Requests for Production of Documents ("Requests").

## PRELIMINARY STATEMENT

These responses to Plaintiff's Requests are based upon discovery and investigation conducted to date. Fifth Third Bank reserves the right to supplement these responses with, and/or introduce at trial, evidence and documents not identified at this time that are subsequently discovered and/or the relevance of which is subsequently ascertained. The fact that Fifth Third Bank has responded in part or at all to any of the Requests herein is not intended to be and shall not be construed as a waiver by Fifth Third Bank of all or any part of any objection to any such Request.

**Attachment 2**

information, documents, or other materials constituting or containing, in whole or in part, confidential data, proprietary information, non-public information, and/or financial information relating or pertaining to Fifth Third Bank, its past or present employees, or other persons or entities.

8.     Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent that the information called for in the Requests is at least equally available to Plaintiff, or is already in the possession of Plaintiff or his counsel.

9.     Fifth Third Bank hereby expressly reserves its right to supplement or amend this response, or any of the various responses contained herein, in the future should Fifth Third Bank discover additional information that may be responsive to the Requests. Nothing contained herein shall obligate or commit Fifth Third Bank to supplement or amend this response, or any of the various responses contained herein.

Subject to and without waiving the foregoing Preliminary Statement and General Objections, Fifth Third Bank makes the following specific objections and responses to Plaintiff's Requests:

### SPECIFIC OBJECTIONS & RESPONSES TO REQUESTS FOR PRODUCTION

1.     The electronic calendar (including but not limited to any calendar maintained in Microsoft Outlook) maintained by Philip R. McHugh during his employment at Fifth Third, including from January 1, 2017 through October 17, 2020.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the term "electronic calendar" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of the case. Fifth Third Bank objects to this Request because it seeks confidential and/or commercial sensitive business information that bears no relevance to this case as framed by the pleadings.

4

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the electronic file containing Plaintiff's Outlook calendar produced in response to Plaintiff's Second Set of Requests for Production of Documents.

2.      All communications between Shaffer and any agent or representative of FW Cook from January 1, 2017 through the date of response, including but not limited to the balance of the e-mail correspondence on September 3, 2019 (FIFTHTHIRD-MCHUGH-006380).

RESPONSE: Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005400; 005990; 006380; and 006941-006942. Further, the balance of the email correspondence at FifthThird-McHugh-006380 can be found at 005401-005411 and 006381-006413.

3.      All communications between Shaffer and any agent or representative of RHR International from January 1, 2017 through the date of response, including but not limited to communications with Guy Beaudin.

RESPONSE: Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not

Respectfully submitted,

**DATE:** December 22, 2021

**BLANK ROME LLP**

 *s/ Michael L. Cioffi*
Michael L. Cioffi (0031098)
David J. Oberly (0088410)
Thomas H. Stewart (0059246)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: michael.cioffi@blankrome.com
Email: david.oberly@blankrome.com
Email: tom.stewart@blankrome.com

*Attorneys for Defendants/Counterclaimants
Fifth Third Bancorp, Fifth Third Bank,
National Association, and Gregory D.
Carmichael*

## <u>CERTIFICATE OF SERVICE</u>

     I, Michael L. Cioffi, hereby certify that on December 22, 2021, a copy of the foregoing Objections and Responses to Plaintiff's Second Set of Requests for Production of Documents of Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael was served by electronic email at the following address:

John J. McHugh
McHugh & McCarthy, LTD
5580 Monroe Street
Sylvania, Ohio 43560
mchugh@mchughlaw.com

Peter A. Saba
Joshua M. Smith
Stagnaro, Saba & Patterson Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorney for Plaintiff,*
*Philip McHugh*

**BLANK ROME LLP**

 *s/ Michael L. Cioffi*
Michael L. Cioffi (0031098)

*Attorney for Defendants/Counterclaimants*
*Fifth Third Bancorp, Fifth Third Bank,*
*National Association, and Gregory D.*
*Carmichael*

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Oberly, David <david.oberly@blankrome.com> |
| **Sent:** | Wednesday, December 22, 2021 8:08 PM |
| **To:** | Joshua M. Smith, Esq.; Peter A. Saba, Esq.; mchugh@mchughlaw.com |
| **Cc:** | Cioffi, Michael L.; Stewart, Tom |
| **Subject:** | McHugh v. Fifth Third Bancorp, et al. (No. 1:21-cv-00238-MRB) |
| **Attachments:** | McHugh v. Fifth Third Bank - Objections and Answers to First Set of Interrogatories.pdf; McHugh v. Fifth Third Bank - Objections and Responses to Second Set of Requests for Production.pdf; McHugh v. Fifth Third Bank - Objections and Responses to Third Set of Requests for Production.pdf; McHugh v. Fifth Third Bank - FifthThird-McHugh-007204 to 007241.pdf |

Counsel,

Please find attached Fifth Third Bank's answers to Plaintiff's First Set of Interrogatories, written responses to Second Set of Requests for Production, written responses to Third Set of Requests for Production, and additional documents responsive to Plaintiff's Third Set of RFPs.

In addition, below is the link to access Plaintiff's Outlook calendar files, which is being produced in response to Plaintiff's Second Set of RFPs:

https://unitedlex.sharefile.com/d-sdb893c6a8abb4a8b99c4df55c9b2a1db

The password to access the calendar files will be sent under separate cover following transmission of this email.

David

**David J. Oberly** | BLANK**ROME** | Biography
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8711 | M: 513.378.9767 | F: 513.362.8798 | david.oberly@blankrome.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

**Attachment 3**

IMAGES          File folder

NATIVES        5/4/2022 8:38 PM    File folder

**Attachment 4**

| | IMAGES001 | 5/4/2022 5:45 PM | File folder |
| | IMAGES002 | 5/4/2022 5:53 PM | File folder |
| | IMAGES003 | 5/4/2022 6:02 PM | File folder |
| | IMAGES004 | 5/4/2022 6:12 PM | File folder |
| | IMAGES005 | 5/4/2022 6:23 PM | File folder |
| | IMAGES006 | 5/4/2022 6:36 PM | File folder |
| | IMAGES007 | 5/4/2022 6:51 PM | File folder |
| | IMAGES008 | 5/4/2022 7:06 PM | File folder |
| | IMAGES009 | 5/4/2022 7:23 PM | File folder |
| | IMAGES010 | 5/4/2022 7:40 PM | File folder |
| | IMAGES011 | 5/4/2022 7:55 PM | File folder |
| | IMAGES012 | 5/4/2022 8:09 PM | File folder |
| | IMAGES013 | 5/4/2022 8:23 PM | File folder |
| | IMAGES014 | 5/4/2022 8:36 PM | File folder |
| | IMAGES015 | 5/4/2022 8:37 PM | File folder |

| | | | |
|---|---|---|---|
| FIFTHTHIRD-MCHUGH-007179 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 87 KB |
| FIFTHTHIRD-MCHUGH-007180 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 466 KB |
| FIFTHTHIRD-MCHUGH-007184 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 24 KB |
| FIFTHTHIRD-MCHUGH-007185 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 34 KB |
| FIFTHTHIRD-MCHUGH-007186 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 15 KB |
| FIFTHTHIRD-MCHUGH-007187 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 182 KB |
| FIFTHTHIRD-MCHUGH-007189 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 470 KB |
| FIFTHTHIRD-MCHUGH-007193 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 152 KB |
| FIFTHTHIRD-MCHUGH-007195 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 15 KB |
| FIFTHTHIRD-MCHUGH-007196 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 32 KB |
| FIFTHTHIRD-MCHUGH-007197 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 76 KB |
| FIFTHTHIRD-MCHUGH-007198 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 40 KB |
| FIFTHTHIRD-MCHUGH-007199 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 49 KB |
| FIFTHTHIRD-MCHUGH-007200 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 45 KB |
| FIFTHTHIRD-MCHUGH-007201 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 77 KB |
| FIFTHTHIRD-MCHUGH-007202 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 108 KB |
| FIFTHTHIRD-MCHUGH-007203 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 38 KB |
| FIFTHTHIRD-MCHUGH-007204 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 18 KB |
| FIFTHTHIRD-MCHUGH-007205 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 65 KB |
| FIFTHTHIRD-MCHUGH-007206 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 20 KB |
| FIFTHTHIRD-MCHUGH-007207 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 13 KB |
| FIFTHTHIRD-MCHUGH-007208 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 15 KB |
| FIFTHTHIRD-MCHUGH-007209 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 99 KB |
| FIFTHTHIRD-MCHUGH-007210 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 29 KB |
| FIFTHTHIRD-MCHUGH-007211 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 16 KB |
| FIFTHTHIRD-MCHUGH-007212 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 114 KB |
| FIFTHTHIRD-MCHUGH-007213 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 103 KB |
| FIFTHTHIRD-MCHUGH-007214 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 44 KB |
| FIFTHTHIRD-MCHUGH-007215 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 340 KB |
| FIFTHTHIRD-MCHUGH-007219 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 48 KB |
| FIFTHTHIRD-MCHUGH-007220 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 28 KB |
| FIFTHTHIRD-MCHUGH-007221 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 94 KB |
| FIFTHTHIRD-MCHUGH-007222 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 20 KB |
| FIFTHTHIRD-MCHUGH-007223 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 55 KB |
| FIFTHTHIRD-MCHUGH-007224 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 77 KB |
| FIFTHTHIRD-MCHUGH-007225 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 22 KB |
| FIFTHTHIRD-MCHUGH-007226 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 98 KB |
| FIFTHTHIRD-MCHUGH-007227 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 31 KB |
| FIFTHTHIRD-MCHUGH-007228 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 17 KB |
| FIFTHTHIRD-MCHUGH-007229 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 14 KB |
| FIFTHTHIRD-MCHUGH-007230 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 123 KB |
| FIFTHTHIRD-MCHUGH-007232 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 106 KB |
| FIFTHTHIRD-MCHUGH-007233 | 5/4/2022 5:40 PM | Adobe Acrobat D... | 97 KB |

| | | | |
|---|---|---|---|
| FIFTHTHIRD-MCHUGH-071090 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 585 KB |
| FIFTHTHIRD-MCHUGH-071091 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,299 KB |
| FIFTHTHIRD-MCHUGH-071108 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 1,463 KB |
| FIFTHTHIRD-MCHUGH-071136 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,847 KB |
| FIFTHTHIRD-MCHUGH-071158 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 119 KB |
| FIFTHTHIRD-MCHUGH-071160 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 771 KB |
| FIFTHTHIRD-MCHUGH-071174 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 199 KB |
| FIFTHTHIRD-MCHUGH-071176 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 4 KB |
| FIFTHTHIRD-MCHUGH-071177 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,170 KB |
| FIFTHTHIRD-MCHUGH-071192 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071193 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071194 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071195 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,300 KB |
| FIFTHTHIRD-MCHUGH-071212 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 1,463 KB |
| FIFTHTHIRD-MCHUGH-071240 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,299 KB |
| FIFTHTHIRD-MCHUGH-071257 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 1,463 KB |
| FIFTHTHIRD-MCHUGH-071285 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,298 KB |
| FIFTHTHIRD-MCHUGH-071302 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 1,463 KB |
| FIFTHTHIRD-MCHUGH-071330 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,172 KB |
| FIFTHTHIRD-MCHUGH-071345 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071346 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071347 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071348 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,759 KB |
| FIFTHTHIRD-MCHUGH-071368 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 1,463 KB |
| FIFTHTHIRD-MCHUGH-071396 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,172 KB |
| FIFTHTHIRD-MCHUGH-071411 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071412 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071413 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071414 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,377 KB |
| FIFTHTHIRD-MCHUGH-071431 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071432 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071433 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071434 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,374 KB |
| FIFTHTHIRD-MCHUGH-071451 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071452 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071453 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071454 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 2,375 KB |
| FIFTHTHIRD-MCHUGH-071471 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071472 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071473 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 150 KB |
| FIFTHTHIRD-MCHUGH-071474 | 5/20/2022 8:36 PM | Adobe Acrobat D... | 2,300 KB |
| FIFTHTHIRD-MCHUGH-071491 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 1,463 KB |
| FIFTHTHIRD-MCHUGH-071519 | 5/4/2022 8:36 PM | Adobe Acrobat D... | 3,026 KB |

| | | |
|---|---|---|
| NATIVES001 | 12/22/2021 11:25 AM | File folder |
| NATIVES002 | 12/22/2021 11:08 AM | File folder |
| NATIVES003 | 12/22/2021 11:13 AM | File folder |
| NATIVES004 | 5/4/2022 8:37 PM | File folder |
| NATIVES005 | 5/4/2022 8:37 PM | File folder |
| NATIVES006 | 12/22/2021 11:27 AM | File folder |
| NATIVES007 | 12/22/2021 11:34 AM | File folder |
| NATIVES008 | 5/4/2022 8:37 PM | File folder |
| NATIVES009 | 5/4/2022 8:37 PM | File folder |
| NATIVES010 | 5/4/2022 8:37 PM | File folder |
| NATIVES011 | 5/4/2022 8:38 PM | File folder |
| NATIVES012 | 5/4/2022 8:38 PM | File folder |
| NATIVES013 | 5/4/2022 8:38 PM | File folder |
| NATIVES014 | 5/4/2022 8:38 PM | File folder |
| NATIVES015 | 12/22/2021 12:48 PM | File folder |

| | | | |
|---|---|---|---|
| FIFTHTHIRD-MCHUGH-039217 | 12/21/2021 12:01 PM | Microsoft Excel W... | 21 KB |
| FIFTHTHIRD-MCHUGH-039733 | 12/21/2021 11:58 AM | Microsoft Excel W... | 20 KB |
| FIFTHTHIRD-MCHUGH-039756 | 12/21/2021 12:01 PM | Microsoft Excel W... | 21 KB |
| FIFTHTHIRD-MCHUGH-040943 | 12/21/2021 11:58 AM | Microsoft Excel W... | 17 KB |
| FIFTHTHIRD-MCHUGH-040978 | 12/21/2021 11:58 AM | Microsoft Excel W... | 19 KB |
| FIFTHTHIRD-MCHUGH-041478 | 12/21/2021 12:03 PM | Microsoft Excel W... | 77 KB |
| FIFTHTHIRD-MCHUGH-042424 | 12/21/2021 11:59 AM | Microsoft Excel W... | 29 KB |
| FIFTHTHIRD-MCHUGH-042475 | 12/21/2021 11:58 AM | Microsoft Excel W... | 20 KB |
| FIFTHTHIRD-MCHUGH-042486 | 12/21/2021 11:59 AM | Microsoft Excel W... | 29 KB |
| FIFTHTHIRD-MCHUGH-042760 | 12/21/2021 11:58 AM | Microsoft Excel W... | 20 KB |
| FIFTHTHIRD-MCHUGH-042874 | 12/21/2021 11:58 AM | Microsoft Excel M... | 906 KB |
| FIFTHTHIRD-MCHUGH-043788 | 12/21/2021 12:01 PM | Microsoft Excel W... | 21 KB |
| FIFTHTHIRD-MCHUGH-043792 | 12/21/2021 12:01 PM | Microsoft Excel W... | 21 KB |
| FIFTHTHIRD-MCHUGH-043793 | 12/21/2021 12:01 PM | Microsoft Excel W... | 21 KB |
| FIFTHTHIRD-MCHUGH-043946 | 12/31/1979 11:00 PM | Microsoft Excel W... | 1,067 KB |
| FIFTHTHIRD-MCHUGH-043947 | 12/31/1979 11:00 PM | Microsoft Excel W... | 1,067 KB |
| FIFTHTHIRD-MCHUGH-044179 | 12/21/2021 11:58 AM | Microsoft Excel W... | 20 KB |
| FIFTHTHIRD-MCHUGH-045238 | 12/21/2021 12:01 PM | Microsoft Excel W... | 21 KB |
| FIFTHTHIRD-MCHUGH-045867 | 12/21/2021 12:01 PM | Microsoft Excel W... | 21 KB |

# EXAMPLE 1

April 20, 2017 E-Mail Appointment

FIFTHTHIRD-MCHUGH-007418 - 007421

Appointment

| | |
|---|---|
| **From:** | Stein, Richard [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E948317E4A] |
| **Sent:** | 4/20/2017 9:11:30 PM |
| **To:** | Stein, Richard [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E948317e4a]; Abel Jr., Donald [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Donald.Abel, Jr.]; Alonso, Steve [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Steve.Alonso01752530]; Amoroso, Greg [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Greg.Amoroso]; Anderson, Kris [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E961248a0c]; Arendale, Richard [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Richard.Arendale]; Ash, Mike [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Mike.Ash]; Bailey, Rob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Robert.Bailey]; Banuelos, Hortencia [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E965160309]; Belle Jr, Ronald [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Ronald.Belle Jr]; Boison, Mark [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E937882]; Breunig, Ross [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E957199e37]; Bright, Jeremiah [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E962367465]; Brown, Mark [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E948134bb4]; Bultema, John [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=John.Bultema]; Burr, Michael [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E948215954]; Butler, Richard [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E94172737d]; Cahn, James [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E970247b43]; Call, David [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=David.Call]; Campbell, Rebecca [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E962963d2f]; Cannan, Matthew [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Matthew.Cannan]; Carlson, Marcy [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Marcy.Carlson]; Carmichael, Chris [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Chris.Carmichael]; Chavez-MacDonald, Kelli [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E944597c83]; Chayt, Bridgit [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E969533b25]; Combs, Kevin [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E954787f50]; Comiskey, Bruce [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bruce.Comiskey]; Coogan, Brady [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Brady.Coogan]; Cook, Rob [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E946518d10]; Craig, Brandi [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Brandi.Key]; Crippen, Philip [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Philip.Crippen]; Donovan, Kevin [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Kevin.Donovan]; Doyle, Tim J [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Tim J.Doyle]; Dryden, Gregory [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E935573]; Eck, Gregory [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E965305373]; Elsbrock, Timothy [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Timothy.Elsbrock-1]; Fillios, Michael [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E96771700c]; Fite, Lee [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E513211]; Foley, Peter [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E963629cfd]; Forsyth, Steven [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E945833220]; Geiger, Kurtis [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E958296aee]; Gerken, Alex [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Alex.Gerken]; Girodat, David [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=David.Girodat]; Gottemoeller, Britney [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E959659a31]; Gottschalk, Nolan [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E939532]; Hagan, Shawn [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Shawn .Hagan]; Hagerty, Cherie [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Cherrie.Hagerty]; Halbauer, Kimberly [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=RECIPIENTS/cn=KIMBERLY.HALBAUER-1]; Hamilton, Dwight [/O=FIFTH THIRD |

BANK/OU=Cincinnati/cn=Recipients/cn=Dwight .Hamilton]; Hammond, Howard [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Howard.Hammond]; Hannahs, Tim [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Tim.Hannahs]; Harkness, Rochelle [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E9658871a0]; Hartman, Bethany [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bethany.Nicholson]; Hauck, Andy [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Andy.Hauck]; Heiks, Tom [/O=FIFTH THIRD BANK/OU=Grand Rapids Office/cn=Recipients/cn=Tom.Heiks]; Hein, John [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E986084]; Henry, Francie [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Francie.Henry]; Hinman, David [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Dave.Hinman]; Hipskind, Kevin [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Kevin.Hipskind]; Housman, Eric [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E931324]; Hughes, Julie [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Julie.Hughes]; Imperial, Pattie [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E94234743f]; Irwin, Paul [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Paul.Irwin]; Johnson, Glen [/O=FIFTH THIRD BANK/OU=Grand Rapids Office/cn=Recipients/cn=Glen.Johnson]; Kalia, Denesh [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Denesh.Kalia]; Kelsheimer, Jerry [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E931329]; Khanna, Kevin [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E96266504d]; Knapp, Joe [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=RECIPIENTS/cn=JOE.KNAPP]; Koporc, Randy [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E932024]; Kosch, Gregory [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Gregory.Kosch]; Kuhns, Anthony [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=RECIPIENTS/cn=ANTHONY.KUHNS]; Kull, Court [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Court.Kull]; LaClair, Robert [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Robert.LaClair]; Lamb, Brian [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Brian.Lamb]; Lavender, Kevin [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Kevin.Lavender]; Lepre, Robert [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Robert.Lepre]; Lickman, Kevin [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Kevin.Lickman]; Lockwood, James [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=James.Lockwood]; MARCUS, ROBERT [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E996445]; Maxwell, Thomas [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=RECIPIENTS/cn=THOMAS.MAXWELL]; McClure III, Howard [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E9638723dd]; McCormick, Pat [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E941146963]; McHugh, Phil [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Phil.McHugh]; McKay, Michael [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E957639a34]; Michael, Mike [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Mike.Michael]; Miller, Jordan [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Jordan.Miller]; Moeddel, Robert [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Rob.Moeddel]; Morgan, Karen [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E94779379f]; Mott, Nicholas [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Nicholas.Mott]; Mullins, Steve [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E943077a85]; Nagy, Patrick [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Patrick.Nagy]; Nalgirkar, Rahul [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E95614197e]; Ochsner, Benjamin [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Benjamin.Ochsner]; Partridge, Tom [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Tom.Partridge]; Patel, Sankat [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Sankat.Patel]; Patterson, Daryl [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E957702d04]; Pearce, David [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E932100]; Pollock, Christie [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E990191]; Prendergast, Neil [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Neil.Prendergast]; Putrino, Cary [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Cary.Putrino]; Ramos, Christopher [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Christopher.Ramos]; Ransdell, Phil [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Phil.Ransdell-1]; Rash, Michael [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Michael.Rash]; Ray, Jim [/O=FIFTH THIRD BANK/OU=Naples/cn=Recipients/cn=James.Ray]; Reddiar, Vijaykumar [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E96948078e]; Rembacz, Shawn [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E996079]; Ries, Robert [/O=FIFTH THIRD

FIFTHTHIRD-MCHUGH-007419

BANK/OU=Cincinnati/cn=Recipients/cn=E589572]; Riordan, Tara [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E954112226]; Roberts, Boyd [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E960504a93]; Robertson, Doug [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E514116]; Robeson, Garland [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Garland.Robeson]; Rooney, SeanN [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=SeanN.Rooney]; Ross, Dave [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Dave.Ross]; Ryan, Michael [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E948135848]; Sahay, Amresh [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E959226e8e]; Sammons, Lisa [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E993546]; Sanford, Kip [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E948306674]; Schipper, Robert [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E931648]; Schmeisser, Klay [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E986182]; Schroeck, Gregory [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=Recipients/cn=GREGORY.SCHROECK]; Shingleton, Michael [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Michael.Shingleton]; Shull, Keri [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E965290afc]; Slaughter, Chad [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E95757726f]; Smith, Eric [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E969386618]; Snell, Shawn [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E997815]; Snoots, Jeffrey [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E995816]; Sonneman, Chris [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E940691]; Sotkiewicz, Kent [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E943550a87]; ST CLAIR, VANJA [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Vanja.St.Clair]; Stevenson, Lea [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=RECIPIENTS/cn=LEA.STEVENSON]; Steves, Kurt [/O=FIFTH THIRD BANK/OU=Compliance/cn=Recipients/cn=Kurt.Stevens]; Sullivan, Robert [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=RECIPIENTS/cn=ROBERT.SULLIVAN]; Thacker, Amber [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E740703]; Tischler, Jeff [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=RECIPIENTS/cn=JEFFREY.TISCHLER]; Torie, Christopher [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E960994fe6]; Torres, Sara [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Sara.Krause]; Tull, Bob [/O=FIFTH THIRD BANK/OU=CLEVELAND/cn=RECIPIENTS/cn=BOB.TULL]; Tyson, William [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E96456575f]; Uchiyama, Ken [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E954832647]; Urban, Robert [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E936273]; Von Zedlitz, George [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E95531966d]; Wagley, Kevin [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E954518f03]; Ward, Doug [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=Recipients/cn=DOUG.WARD]; Goodman, Jennifer [/O=FIFTH THIRD BANK/OU=CINCINNATI/cn=Recipients/cn=Jennifer.Webb]; Weiss, James [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=jim.weiss]; Welch, Tom [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Tom.Welch]; Wilson, Nicholas [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Nicholas.Wilson]; WITMER, TODD [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E94636374e]; Wolf, Craig [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E948194fef]; Wyatt, Doug [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Doug.Wyatt]; YAMAT, MARIA [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E998734]

| | |
|---|---|
| **Subject**: | One Bank Sales Call: 8:00 - 9:00 EDT |
| **Location**: | 5E Executive Board Room / 877.534.8500; Code: 373288# |

| | |
|---|---|
| **Start**: | 12/21/2017 1:00:00 PM |
| **End**: | 12/21/2017 2:00:00 PM |
| **Show Time As**: | Tentative |

| | |
|---|---|
| **Required Attendees**: | Abel Jr., Donald; Alonso, Steve; Amoroso, Greg; Anderson, Kris; Arendale, Richard; Ash, Mike; Bailey, Rob; Banuelos, Hortencia; Belle Jr, Ronald; Boison, Mark; Breunig, Ross; Bright, Jeremiah; Brown, Mark; Bultema, John; Burr, |

Michael; Butler, Richard; Cahn, James; Call, David; Campbell, Rebecca; Cannan, Matthew; Carlson, Marcy; Carmichael, Chris; Chavez-MacDonald, Kelli; Chayt, Bridgit; Combs, Kevin; Comiskey, Bruce; Coogan, Brady; Cook, Rob; Craig, Brandi; Crippen, Philip; Donovan, Kevin; Doyle, TimJ; Dryden, Gregory; Eck, Gregory; Elsbrock, Timothy; Fillios, Michael; Fite, Lee; Foley, Peter; Forsyth, Steven; Geiger, Kurtis; Gerken, Alex; Girodat, David; Gottemoeller, Britney; Gottschalk, Nolan; Hagan, Shawn; Hagerty, Cherie; Halbauer, Kimberly; Hamilton, Dwight; Hammond, Howard; Hannahs, Tim; Harkness, Rochelle; Hartman, Bethany; Hauck, Andy; Heiks, Tom; Hein, John; Henry, Francie; Hinman, David; Hipskind, Kevin; Housman, Eric; Hughes, Julie; Imperial, Pattie; Irwin, Paul; Johnson, Glen; Kalia, Denesh; Kelsheimer, Jerry; Khanna, Kevin; Knapp, Joe; Koporc, Randy; Kosch, Gregory; Kuhns, Anthony; Kull, Court; LaClair, Robert; Lamb, Brian; Lavender, Kevin; Lepre, Robert; Lickman, Kevin; Lockwood, James; MARCUS, ROBERT; Maxwell, Thomas; McClure III, Howard; McCormick, Pat; McHugh, Phil; McKay, Michael; Michael, Mike; Miller, Jordan; Moeddel, Robert; Morgan, Karen; Mott, Nicholas; Mullins, Steve; Nagy, Patrick; Nalgirkar, Rahul; Ochsner, Benjamin; Partridge, Tom; Patel, Sankat; Patterson, Daryl; Pearce, David; Pollock, Christie; Prendergast, Neil; Putrino, Cary; Ramos, Christopher; Ransdell, Phil; Rash, Michael; Ray, Jim; Reddiar, Vijaykumar; Rembacz, Shawn; Ries, Robert; Riordan, Tara; Roberts, Boyd; Robertson, Doug; Robeson, Garland; Rooney, SeanN; Ross, Dave; Ryan, Michael; Sahay, Amresh; Sammons, Lisa; Sanford, Kip; Schipper, Robert; Schmeisser, Klay; Schroeck, Gregory; Shingleton, Michael; Shull, Keri; Slaughter, Chad; Smith, Eric; Snell, Shawn; Snoots, Jeffrey; Sonneman, Chris; Sotkiewicz, Kent; ST CLAIR, VANJA; Stevenson, Lea; Steves, Kurt; Sullivan, Robert; Thacker, Amber; Tischler, Jeff; Torie, Christopher; Torres, Sara; Tull, Bob; Tyson, William; Uchiyama, Ken; Urban, Robert; Von Zedlitz, George; Wagley, Kevin; Ward, Doug; Webb, Jennifer; Weiss, James; Welch, Tom; Wilson, Nicholas; WITMER, TODD; Wolf, Craig; Wyatt, Doug; YAMAT, MARIA

FIFTHTHIRD-MCHUGH-007421

# EXAMPLE 2

July 29, 2020 E-Mail Appointment

FIFTHTHIRD-MCHUGH-071519 - 071544

Appointment

**From:** Lewis, Candy [/O=FIFTH THIRD BANK/OU=CINCINNATI/CN=RECIPIENTS/CN=E988309]
**Sent:** 7/29/2020 3:36:53 PM
**To:** Lewis, Candy [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E988309];Guyot, Elaine [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=947bf5a1090e45c881775ec1be207a86];Haldane, Joanne [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=39173c1bc8494b11abd7605281f4249c];Whitley, Travis [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=0494c2b622a344ed847ffbf2b4327366];SONDRINI, TODD [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=dc8ffd59caf845dd96f56b4ab483b05d];Austin, David [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=32b9e5c153ea4aabb37a28b193f4191d];Ayres, Ryan [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E925595eee]; BACHMAN, JOSEPH [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=7a007ff4d86c4ad592efac5d71cce1de];Badger, Jane [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=0cca1c727fae4b86ad87a96a97850dcd];Dryden, Gregory [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E935573];EVANS, BRIAN [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Brian.Evans];Holliday, Brian [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=0544cabf7da64a8783864c840475f3ca];Kapoor, Nimit [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E960357c68]; Moochnek, Eric [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=cb2385dcb2254d37873570af5e511916];Ocejo Medrano, Pablo [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E97567996c]; Ramirez, Julio [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=69878349a52f4846a604b5db2524f074];Riccardi,David [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=e5e5de6fe3324e3b9ba126b01f4a8c5f]; Towell, Cameron [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=c1a60924d57f438d91b01a623791cd25];VASILAS, JAMES [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E450308b16]; Wortman, Steven [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E9605567aa]; Abbott, Timothy [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E9731678ac]; Anselmo, Anthony [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=6c873666c31147d5bba78a7ae2f1fd1f];Azzinaro, Kelly [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E9619438c2]; Chahin, Alfredo [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=e3afc168e27349a388e7e852b1eee5f7]; Guevara, Juan [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E947778fda]; Lunsford, Katrina [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Katrina.Lunsford];Maury, Nicole [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=07cea9e4369f4c01918623df4fb47385];McKenzie, Linda [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E9686779ed]; Patterson, Krys [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E96892642f]; Rush, Edward [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E977113926]; Sasso, Tony [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=7c0574cce5d0426dbd1d9f762ad9a851];Smith, Jeremy [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E993389];Weiss, Anthony [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=78f924c151c84c258a9ea8e64ccef862];McKay, Michael [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3262a032e3b344f2a0b25da9193a6aa8-E957639];Langsam, Dorothea [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=70c3fe1b5e5d48dba89591398872657a-E957879];Shull, Keri [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c0b65f0c775f499ea8ddc0f6a9f002c9-E965290];Harper, Shelly [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=f528910bf3e84d44b9d1580057f92b7a-E968246];Reich, Kim [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5a18e19abdaf4c3e9b3554e6d1d46420-E974577];Lehmkuhl, Donald

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fa0fcc52cec1446f823b53ebba1bc4b2-E839658]

CC:
Barkey, Mike [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=81e14ff54be14853af6587be47545f8c-E002336]; Woodard, Rodney
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4a946fb450e24df3ac63e56b7e1788b5-E993769]; Special Assets
Group.Bancorp [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1f4ec4af545f48e99dd210e5d3a4e336-Special Ass]; Philion, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=01b0e474944646d8b47832a5e718ad1a-E972750]; Miller, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bd4e8f034dfb49b99f728fa8db3b9f0d-E015276]; Coffey, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=577b862708ec43ab90c05ad131af0bda-E010808]; Golder, James
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c72880ddb43442fc844ea6313b03ea31-E985096]; Bullock, Dan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=12d013c5a359434baa6d3d7c5c4dd799-E997191]; Palmer, Steve
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b9a23355aebc4a7e8a014dad3fc4ddd6-E019116]; Anderson, Erik
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2c63c2c8be2549a39c21f7ce17cb9995-E946988]; Boyhan, Christina
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3e7e156f3c9d4ee2a85addfcd05ecd32-E996981]; Velding, Brenda
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=73ff96e398b145ecafd97e801765122a-E343881]; Heger, Margaret
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=29572992805c42f794357c6ff90d7a3c-E032216]; Bradley, Hiyalidys
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7472acb530f340b0a1412615844a123a-E032847]; Ryder, Matt
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=be69d96a6a664b368c2d701742d746ba-E033212]; Hawley, William
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2cda66949bdb43a68076b6907441cff0-E193535]; Noorman, Chad
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8789cace5be84d978b63fa2f345fb6ba-E995145]; Slattery, Josh
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5ff20ec2017c4b268e7f482f3ac17f51-E136709]; Manarina, Kathleen
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=934ace1cd23841b197a960dfd1cc5623-E014357]; Hinze, Terick
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2cf6b4ee89214b2486236549cc243e18-E188103]; Cruz, Sylvia
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7abf135e4cfb475da283993ed89d4e32-E004452]; Worth, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ab386b10dc234c469966d5994ab5bf87-E005451]; Hastings, Alonda
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=75d6fdb934d24d1bad00a2c491687397-E019859]; REDDEN, DAVID
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=58e69f22530944c6aed2e4a0ab365f19-E994338]; Hinton, Lise
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c4868b43344144bab256a9212f1680f3-E934939]; Griffin, Shirley
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a31e96e7c0db4b0a8e4ab6381436bd40-E005251]; Simon Jr., David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a5acb9db4eec4fa2836515aec8d019c3-E933418]; Wasilewski, Darlene
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b50b55a31ec8425f9d575cb2bf996ef8-E296737]; Keller, Ronald

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ee47c34800c747dbb9e6c145b2d9c237-E017664];Osborne, Terry
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eb1a652a85bc42a5a9c2d4ac01ca9649-E259987]; Best, Douglas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=920f9fbef4c3485ca80fc797c5fb6c5e-E939584]; Gladieux, Gloria
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2dd76264367d4c3d821c1b7379800fc0-E702997];Gallagher, Kevin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=be37612547ef433b91d213aef3ae7a44-E796088]; Fisher, DavidR
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f270a44f3b7b47bfbaf7743e5ab2e330-E990618]; Stoutenburg, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=36d105ad780f467b911ea1caa75596d5-E990689];Kondratko, Barbara
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=27c2ef5da92a45c696c491967ac9ffd8-E450999]; Schwarzman, Randy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4963d6882a40424085a588bd36ac2c37-E992740]; Reyes, Gloria
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d12ced396fd74915ad0eb4fbc426eefd-E455756]; Cagle, Christopher
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=dc806d145d7c46ce86c40c1b74f55a90-E513811]; Orcutt, Jennifer
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=25eb7734bcdf40d4b896c56431afdb88-E003460]; Camp, Jennifer
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3f304d4166e74496bb33cb644ca71598-E930737]; Bostick, Rodney
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ab00fb15c70640988331cb5f75ff40d7-E986562]; Baldwin, Lynn
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=89fc4c1b29564f6f8c3c10b0b276c5b3-E958087]; Chittenden, Crystal
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8a1271682d1b4c89b0da75a860ecc271-E987553]; Clark, Cynthia
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0a6a68d03df244bcad40a9227395052d-E021753]; SCHNEIDER, CHRISTOPH
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8aee83749fc844f9ba3ec36443d3db80-E005764]; LOPEZ, MICHAEL
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=30f41d4f03074757ac36228cd7bed580-E027940]; Credit Solutions
Administration [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=82f10dbbae394e9cbe3fefdc79013db6-Credit Solu]; McHugh, Phil
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d502f9aded734649b3fe612029b6f7e3-E608833]; Lavender, Kevin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7d06a473abe6488aa31d342cab41e0bd-E013596]; Stein, Richard
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ce8767521d004130a051eda389eed543-E948317]; Briggs, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=deffc3e335c64911803d41d1a9562092-E998546]; Regional
Presidents.Bancorp [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=67a35126238541c5a0567f53711f1ccb-AffiliateP]; Putrino, Cary
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d82dedb123c64fd4912b5c846fca95b8-E936719]; Hagerty, Cherie
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=95c3ec9a9ff9464aa08ad13171c0de7a-E307520]; Bertelsen, Kevin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=57cff63018664ef9a4890c3486554850-E954751]; Weiss, James
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=97ad31a0d7b34656bb24f5e0235a2243-E023105]; Busby, Alan

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=869ccf61f0644ab08cd41bb5ddc7e39f-E942289]; Ensor, Scott
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d3fdbb41f8bd471eb206cd786cd13d95-E513578]; Girodat, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=67e171b1653744faaf2fc38601194fab-E161357]; Ash, Mike
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=52cd389260fa4c18ab29d4f7ed89343e-E033080]; Farnan, Patrick
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=46fefbc178df4aa98101eaf171ff2fdc-E948470]; Guenthner, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3ccc7b36648b464ea5990c9f396b8ca7-E948275]; Garde, Joe
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=94eaf6a96933448db62ee812f1e639ae-E287275]; Elsbrock, Timothy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a698ead6d4a94720ace09b0fc102e210-E600719]; Chaffin, Mike
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1831c7d0f5a8429bad208c56b0f7c86b-E942461]; Mills, Eric
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a75cc962126a4863b765d2af2a0c0313-E451366]; Vogel-Vanderson, Susan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=125c139ad3c446bb82bd5b206c9b255d-E016813]; Turner, Christopher
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=caa3ae12053e4376aeedf66d80b84165-E920318]; Harte, Richard
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=60c2da29eb0e42d299c1c9a3111c5500-E455897]; Fergan, Tim
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b37470640adc400b86de39ea9e6eb15a-E313656]; Hjorth, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=82d4281ce2784b65bd78ca6bf359ebac-E996647]; Kinnett, Ryan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1a6f1fee856043ea952acfd9508636dd-E080493]; Klinko, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1f660fe168984da09864ac4a6915252c-E955051]; McKinnon, Lisa
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=13cf0e97b67044bba26c08241f120990-E457117]; Watkins, Ryan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=90db77aa054f46148bd228ca039faaaf-E936122]; Springsteen, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=39562200c6d744dbb8280b9430cf6ee4-E832958]; Miller, Kristina
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eb78693fc88a46dcbfb90b59dd5143c1-E960927]; Schneider, Kristof
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=97681222c89f42e199d9cefd8bf5d5c6-E273359]; Malik, Yasser
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=88e1320628e047dfb326acb98adce0d8-E920154]; Gergits, Carolyn
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=80f316560cda48cb836d8190ae5d7d08-E031999]; Bluestone, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=624427be6fd74ebbbd7b8ca0ec0b4143-E937620]; Stump, George
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3bcd7d49a686467688dbc314d7ed5a11-E622301]; German, Jason
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=921699a5735d40fcacf344cc5a3678ed-E930695]; Susman, Jeffrey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4df7379a396a45aa84675b9d216bfc85-E456956]; Ballingall, Douglas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=476071c0b64f443da10b3a5bb3ea29b8-E450863]; Rosenberg, Jennifer

[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=97a8d3bd5fab4ff6ac70dc51fb7e79eb-E031578]; MARTIN, JUSTIN [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=dcdb05c351224f3c8864e26a12b86242-E456838]; Marotta, Rachel [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=489f9597acdd46f784264440f703ae42-E995233]; KIRCHNER, MATTHEW [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a85230bf6be148558147571451f3bac8-E992780]; Werner, Joseph [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=fdf9511c2d114147b9bc91f00ab1fa96-E032280]; Johnson, MarkT [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c9f352b16c834f98ac211f5cfcf21424-E986408]; Haun, Kelly [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0917a4e4838d4d758661cdaab284e997-E991948]; Avendt, Michael [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3be8872fc9f84d668e2c797575fa7402-E974286]; Burke, Scott [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=1b6122956bf54859972a429d97fe760a-E387022]; Foor, Ronald [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8059a5fbbb65424b9b9a7a5743e73fc7-E188875]; Gillow, Autumn [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=92a2d11e03a24f0eadee9c419809cbb5-E975960]; Hay, Michael [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=fa2507b9d03a4a20b7c8c39ff91e28e9-E110533]; Lesniak, Edward [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=91d61a423c504df0a6e64be6909a322f-E411264]; Lubbers, Scott [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ce5d887adfdf49cea17153a20f914c75-E377270]; Martin, Timothy [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2455370bf13d4eeb947f1945dde0d62c-E973111]; Medema, Peter [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5a8d565d9aee4f899429d3eac7577edc-E936522]; Roman, Julie [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a63c8ff2b8884b75a951ea3e4150fb5e-E224039]; Shooltz, David [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c87d372128c4441ab01726c194b444fd-E995699]; Smith, Jeffrey [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=03707180c69e464ab3b50f71edd09f45-E979170]; Ullery, Christine [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9fb5415fceea4fdf97bcc8c94b4f232b-E450333]; BENDER, MAUREEN [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ce5bfdd468204aa584bcacf3abb4fc11-E938580]; Burgin, Elizabeth [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=22b3c0c0c66e4f709107b1f30cd11983-E953085]; Kretschman, Richard [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b7daa587917a4dbabc25335994a2d453-E745379]; Miller, Scott [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3eb162c79abe4a77a5f328e67d98f1fa-E936537]; Muhammad, Tarek [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6311a3884d3c4dba81a7fc7a171882df-E455314]; OMALIA, DANIEL [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0cc8a8f6280543b19febe9f9d34eecfa-E455977]; Pittman, Timothy [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=85c2a2284c944bbb8f015eca039d089b-E944332]; Santora, Mary [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3f232a3473e04f01b682ef0e5b358d7d-E942613]; Smith, Daniel [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=912a679ff56840ca9228c73ccdca66e4-E977854]; Turk, Greg

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=401c2220c9014491a3c88f1e2afc6676-E683438]; Burri, Karmen
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=641c4abcd98447348202c08bc5c6572d-E450419]; Buzzelli, Nicholas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=38d8f547b9ab4e4ba6aa022c1fc02987-E956960]; Byrne, Justin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=86a413fe47b145a7a44238cbb7b88878-E947081]; Conway, Frank
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e1ccf676fef547c5b85d5d79a451ea83-E009684]; Gardner, Michelle
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=813c124e63e541398d22dafdae679fee-E958624]; Gasser, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=71824ee8a2794fe7b99f21a1c762221a-E978276]; Malfregeot II, James
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=301ed1846c974aaf88ca9e14edf7d633-E456195]; Manuel, Ernest
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ea23bd199ee5426e91e41cc7745b0e66-E982560]; Manzella, Lynette
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fdf3aaac94f874b79bcf94f786ea9c62c-E981597]; McCarty III, Justin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eae24def7cdf471ab47ad4e8aac53930-E975589]; Mekesa, Kathleen
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d1fd3ae5a63c474cb5ccec847c8a0591-E002053]; Miller, Shanda
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1eb68d521a7945ad80443928fb04d2da-E269229]; Salopek, Tesa
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8799d0db50824a68bc595be227442b96-E973016]; Schneider, Jack
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8cd0028997354153b947dac2675f2b04-E107406]; Welsh Jr., William
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4e8e93de9654460ebaf4b8e52fce4278-E940827]; Mancuso, Alfred
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2c6a4945fc524cb699df3333d83a72c1-E990916]; Call, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=78cf57f3d0b24fc4ab6dbfb9aa30de00-E323821]; Ray, Jim
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bb891b1a2650450eb3ee777349643a19-E282730]; Soto, Jonathan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a89536341e3b476d8d64ebf472fb8e17-E924583]; Ryczek, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=64fe6623c8894a1d9b947282973973b3-E961885]; BISHOP, BART
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=849bba7c5ebf47d6bf22bbfe90dd6633-E997477]; Reiter, Timothy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eb436667d8534c78b713144623e52d70-E934466]; Premock, Vivian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=93f1af1f3df34528b98b1fd275458923-E964515]; Rezai, Paymon
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=14a70a1dda924a678fc067bae4af7a52-E988107]; Fogg, Trey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3268db15c58f44098b452e57829f17b4-E960849]; HEIMOVICS, ALY
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=869bc340a3ed4ce6a77bf06ecd254839-E450271]; Thureson, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b7ede05279c146fdaf6cfbfc4492cd6b-E932848]; Ibekwe, Donald
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2a04beeeb8bc4f11b5aa93415a73fb52-E455535]; Collins, Clive

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=070696a57b95407397915e2cb7524059-E924372]; Viault, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a83d96184ae04113b9d29212ef0a6aee-E921679]; Cioli, Gabriella
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7f8e04a04f1547c290e67e1852c8f2d2-E974035]; Powell, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=32aab8606ed043a7815bfebfb22cf97a-E955649]; Ladolcetta, Gary
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3cee058b3249483bacd8653773ee1da0-E944973]; Valle, George
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=63356414f7b64ea6bd4ac7bfea972a78-E966846]; Fuccillo, Gary
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8ef7f6f4575c41e3925c2dfdc61643ec-E960987]; Merkel, Jon
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=07fdd478150a438aa4c03026ca3c5706-E980854]; HASSAN, FARHAAN
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d5f6220c25eb423ca2e3e1669a6eec06-E456279]; Koporc, Randy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=614b6f7b0d56429a85a31d519225935f-E932024]; Parker, Kristine
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=462f3058b2f049858911ec21702d6a77-E981648]; Fite, Lee
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c93860ec8b5c44cf9c92031754b70945-E513211]; Riddle, Doug
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=38829a5ed41c41ba900a80de2c9886dd-E995003]; Houston, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bbe30085c05948459399f5e6367cabd3-E513392]; Young, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5f37757bad05454bba9b84489641a841-E982071]; Underwood, Gayne
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=55616dbba1e14442be81a82beb371671-E995465]; Watts, Steve
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=46e8ec39500f403087a398c8ec5343e1-E340574]; McDougall, Brad
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e0a902d14c4d4259ae7428fbc4b678cc-E934051]; Paseka, Joshua
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ac4c11f4b65e49e284686b79e9c04329-E981506]; Patel, Kunal
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=99b7204eef394014a9edd43a803a1e7b-E978973]; Keil, Samantha
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=09e90ac670a84db8ab67b1967bb96c3d-E456628]; Bennett, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=37a43e0f0c4547abb0f4dd72f1c3e416-E957781]; Debender, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a7b59f6d26974a7c9c59cd495969b8c0-E942414]; Eagle, Todd
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=404976cbd4c04ed787504a4f91d63069-E930614]; Green, Martin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c23d85050115478a9fb2f45ef9e97138-E989838]; Marshall, Jeff
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0bb339fd21bb4e7285f9ef6b735b1dc3-E984396]; Slee, Steven
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=dd4577856e4a4b9586a257ea3d4c30e5-E187733]; Stamey, Kenton
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=13f4b1a29d164b4a99430fe22cc550bc-E962537]; Stewart, Brendan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4a131180fe354faeb9384c963524b0ea-E925537]; Gibson, Kala

FIFTHTHIRD-MCHUGH-071525

[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=878f24d1a15c4337884c0d70393580cd-E936193];Wolffis, Scott [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=19b5f3642c754dc1b29d52935c842cbb-E983320];Clouser, Susan [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=dada3d5bf6bb4b4ebde3cb299f8d30fc-E943492];Herman, Randall [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2b54988a96e5484781d937fc839c0b0d-E991388];Hernandez, Glorybelle [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=efda36aedae04e60882e248dc8884bb9-E020199];Jackson, Gene [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=842ea946ea7a487da496ce666b80c7b4-E978501];Moranville, Andrew [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=7baa94a170884d33a7546e55ff2e1272-E974427];Poppen, Jennifer [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0b7428a6da1e46818631a8c303c5c6c4-E922324];Ranieri, Swathi [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b375cc660aaf4118882bbe1db83bfbca-E973135];Sabuda, Mark [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=f4e26e582ac442fa8669deab28309246-E011058];Gerken, Alex [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3708b3463d7449538c8372981b94c7d5-E247724];Bardales, Karen [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ac72b3055810421ba8e88c410e43a31e-E981138];Davidson, Michael [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9c52844417a84946bec9b1883403556f-E455042];Ray, Patrick [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=16d9c6d48fbb4f12a5efae9b95deb2a8-E940846];Porter, Izach [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c49ce334050e4cd7a8e79709689512eb-E959928];Palumbo, Angela [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b5f88ea34d9e46cd890b9ac65dea54c0-E014253];Mccloud, Navia [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8b25e6d5324d435ca0f599c80bb1ebd1-E451066];JOYCE, BRADFORD [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=d6327ad287b64490b84e79f8dbe074ad-E457037];Hudson, Jerry [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8cf27134d8fe447a9dc5cf1e251e3bee-E451372];IRWIN, ERIC [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6ce9eaaa94b442ffbb95d7da5208f292-E980649];Ketron, Lewis [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=7af1e086d7c14126828d1b1951c52138-E970138];Meola, Lynn [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=144d893aeb85431e89bbf2aa0aad382b-E450213];Ramsey, Jared [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=28506c081fdd47c8900eae76de6f03d1-E971786];Schuchard, Jason [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=cc2b476cb04f41008e1d3627fdaf8dca-E932309];Soto, Stephanie [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5d2927ce89624bc38a61aff0c6c8f176-E941841];Sulek, Alan [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=beebcaf1f8094ee4933fb6b2eb483a55-E992224];Timberlake, George [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=87fc1fa925db4bfb8fb42c3e90b547bb-E973148];White, Brock [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8a39f2128b4d44b1aac98a933345ff11-E937028];zaturn, laurence [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2e4663a4294b48e9a5173ff6c4c15179-E931091];Schnoke, Michael

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7d8392245a0a4bc49d3761655eb29e53-E451006]; Jackson, Lisa
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bfa19ff9d50d4cfa8dd16d4eb41bcd6b-E984565]; Breen, Sherry
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2e8050a5751d4df1bea1f74844882ac0-E984249]; Vongbandith, Rosely
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4a38fcb3d7a44d09bf8a89b67ffb9c98-E455194]; Longhauser, Barry
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=348842082889455aba21e0f965a029a8-E936861]; Ziegler, Bridget
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=603e3d761e9047d78fd30e402a938b3f-E000577]; Herrmann, Kenneth
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5dc9fa54838c4a5fae0b3e778b99dee3-E000662]; Hube, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4b72518689a44bd5a02b87a97cb0ed5a-E001106]; Core, Hideo
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0f1bf633ea8e42a9a13eeadec67a4016-E002675]; Schlaf, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4ea0879ce4244a7c8b47e9526fec3aeb-E002794]; Gifford, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=702568dd58734dd1b2420786891a2817-E004162]; Grzeskowiak, Chris
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=23e9f072dc6e49ffa4bf041f167ebb6e-E004646]; Kiley, Scott
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9d256804994d428eb46d81d0067728b6-E004861]; Riedinger, Eric
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1713e8265af94d10a717588f5fd8e700-E009377]; Mastroianni, Malgorzata
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5a71286adba14b88b94eaccbc8ea22fe-E009528]; Giller, Scott
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fa24040e8d3346a69e8c1220d11e49cc-E009838]; Jackson, Philip
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e1d96c63648d4e50b68518327fa9b4e2-E009884]; Zamudio, Diana
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0f525b75bd4c408f80b48ae92168358c-E011285]; Sullivan, Melissa
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=700e9423aef54f44b5b566cdca93efcd-E011477]; Collier, Ginny
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e1d64234207946e6ab8ca37a81b0679b-E011516]; Capannari, Donald
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4eca18e4afa84db694d45946a26591c0-E013176]; Cannan, Matthew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0b630c6a7abb4b18bb9aa5937d59c957-E015170]; Patterson, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=19e09270c2a148499a414773e776deb7-E015275]; Ryals, Jay
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c3d17df27a5c40ec857d39149adbeecc-E016054]; Young, Charles
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f7560f2c86c041158312681d3df22e44-E016219]; Budinger, Richard
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3c6e3655a0da4f439f91e0a479971ea4-E016429]; OREFICE, MICHAEL
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5cfcdd4ff304494abd0ba93016064c07-E016475]; Kirby, Darren
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=75d4860b56674d8ca4afcf7517fdd965-E016955]; Tuk, Anthony
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e176d34822844af8ae6da249481d2b5d-E017417]; Elliot, Jonathan

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=127d35834b9c41acb7b3e75a2fa2b3c1-E017561]; Liebler, Brent
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eb05b366f0724cc284a9ad866e9fc28e-E018253]; Stumbo, Sherrie
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3c9ee10642404cdeae61af6667cedc29-E020065]; Davies, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ff08dcfa31584563b80bc33193dcce82-E020446]; Malloy, Dale
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=02bc47942cf74973bc56992b00d07ac5-E021317]; Brown, Geoff
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=97c849d53a764e5687e11cf2128f4e30-E021401]; Pace, Timothy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=890748abb81a4e20a5f9a6111f71103b-E022622]; Chu, Evan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=04de1c10a46d415b94c474d0bf76f8d0-E022914]; SCHULTZ, BRIAN
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b04c220760834cdbb8691b0415a19058-E023436]; Myers, Patrick
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=18ff9c41432c49b387dfcdb0996e2002-E023528]; Shoup, Jody
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bfb9d1ee6aeb41679742699c2d0b24f7-E023846]; Thieman, Jeff
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=25d5fe019f014596be921feec360a429-E024539]; Brooks, Allison
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9f18ea57b97c4bb2bb0ce43c13eeba1e-E026176]; Markovitz, Myron
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1b62f3d9d8a94013a5d09275671efd68-E031100]; Griffin, Brian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3de5d8707dff4b33a5ef121cc54e16b6-E031127]; Roesslein, Dennis
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=286402099b224f93ba1e586059755a93-E031152]; Sharkey, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5b158175fecc4fa495200f9a71b464cd-E031423]; Kelliher, Jeremiah
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a61692355f2c428db6ad0d20f126862f-E031429]; Kerdasha, Ronald
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2618bf03be324ba49263049c227f5634-E031432]; Seiden, Jeffrey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=34755056b15f448dac6a5d7323113722-E031435]; Wooten, Todd
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ab21580b20d4460693d95e35b68ea2ba-E031445]; Looft, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1f5c595b899c4cd596682835033aadec-E031486]; Gracheck, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fc84a7ebfe0747ad827efae859978c53-E031520]; Wolf, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6bd58fd409694701a7c28421554913e3-E031521]; Staczek, Eric
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=dfc9ce8160bd4c15bd43f0b057d0ce38-E031622]; Prendergast, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=08a56c31405b443389b7b69d9f3483b8-E031644]; Fobbe, Joseph
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0a394c75a6f44785be983c9d94f5f3b4-E031658]; Giordano, Jim
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4a3796eb67084e53a8a04e21f5d2a51d-E031661]; Kapnick, Stewart
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ff2def191cb842c2a55ae0bf358f9c36-E032026]; Herrera, Ailisa

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1d35a0fe13384a3b804e382c7c361d29-E032300]; Margiori, Despina
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7bf4c1d40a1f463a9f6fdd40a93c3fbf-E032460]; Thune, Brian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e1b27eddde2440cc955e6c203f8f63ef-E032487]; Eisele, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=372bd495dbdf4203bfad475999a19b2b-E032488]; El-Hinn, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a98b40992ad7449ea24236f83dd5ec26-E032494]; Matian, Claudine
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e1fcd229c6e845c892e6bef5b4105f66-E032495]; Soliday, Rocky
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=18e63c386dcb4c849ec3a23d6a067970-E032498]; Crane, Skylar
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8913fbb98f04405c90ec9056ea8e4778-E032502]; Hollowell, Randy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=45e72025a64b46d0ad4d33afbbde769a-E032507]; Ferguson, Don
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=cd63637435d146c189911581c4be693e-E032542]; Johnson, Elena
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f8d50436bfd24f09b5f43628766a0d26-E032591]; Kuhn, Neal
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a48d68f95d8d4fdbb401dfc8854aa88b-E032608]; Macias, Dan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5a246dbdacda4076ae076e84e0140c06-E032614]; Cohen, Jonathan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=66b0be6a75f64122a9f9756638e2e871-E032616]; Christopher, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=aacb8d4f457e4425ab333dccc720bf7d-E032617]; Robb, Steven
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b13235a07c2946009de7f92909f8d772-E032620]; Drake, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=83372c643c4442acaf50044cc0d3216e-E032626]; Hruby, Brian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ddb7862b329e47379484e43808764186-E032628]; Krasner, Randy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b6ac662580b6426998f4cdb8fdfa17fd-E032631]; Stubbe, Cale
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=747d634ef87545d992adbc2f984a078a-E032636]; Beauchamp, James
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8e07dcc405a8410cbde6549410853980-E032639]; Sloas, Gary
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d1cefc984f98432fb29caaccf9588a87-E032640]; Miller, Kody
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9620d8cd8bff466aa11ad60679a253ac-E032641]; Zalesiak, Chad
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=424bb061bcda4e4c93e213ff67cc3def-E032649]; Anderson, Seth
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=37ca9897235f4a5b85fa60f943cad801-E032651]; Follett, Adam
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a36d7518ee624e8db4a3beb95d52322f-E032658]; Kelly, Sean
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5759f1c7c960435bb18f1010a21dedc1-E032659]; Darr, Lex
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=48f01f7ba69d4c7698af841042dc5fc4-E032662]; Zgola, Marcin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7ede654b6ee7412f961f7261d7fd92b8-E032667]; Gorney, Paul

FIFTHTHIRD-MCHUGH-071529

[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=33d2e3b864784030a3f685443155a2a4-E032681]; Leer, John [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=294386bb36e34d38b1771e4d39be1258-E032703]; Lind, Brian [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e85f10cf77094821b92bd633484f7302-E032704]; Stanley, Robert [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=d036ac985d2442639d43321c075ad293-E032725]; Zoller, Evan [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=24a841bd1a7b4aa79547e0f962501be4-E032768]; Heese, Noah [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2715e35305c74f0bb8819afea50185b7-E032771]; Murray, David [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9fa39e9ce9d740ffb1cde72207f8b655-E032908]; Northcutt, Mitchell [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c713d11c5c914c688edff4d6d5fa4960-E032945]; Sinclair, Todd [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=1c8b32ca364e49b08cd740dae44070ac-E032962]; McEntegart, Todd [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ec66eb500b4e4035b3ee94767a21080a-E032965]; Beardslee, Mark [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3929ce34edd8460e93bb9712f9f7ffd1-E032981]; Moore, Adam [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5f43777ba9c64837904ec1c9898f4e2f-E033022]; Matteson, William [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=910c0b54ccf649809b7382c8a3502390-E033044]; Ducray, Douglas [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b9890b4d0e004f52ae0316f9bed2252c-E033082]; Marchioni, Anthony [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0cb43fc7743e4ece850090e47e638291-E033214]; Steele, Blake [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6784e195acc442ff9ca49cc4fa193715-E033244]; Olatunji, Christine [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8cd8fe1d581f48af9131d06224c3e52f-E033312]; Kelly, Brian [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0dd9f88a67294a39a1ca068dad44be4c-E033313]; Shrimali, Yash [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8912566ce73d45789f374152a5712654-E033327]; Mantegazza, Robert [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=729803ce6e754368a9c8e63a86e2687b-E033333]; Meyer, Christopher [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ee040650c1c34b11bfb4500d38105f35-E033407]; Cinquegrana, John [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3c20a34e831e4fe0ae57de9176326efd-E033422]; Russo, Gregory [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=292451392d6247519929bb42b7916f70-E033433]; Frank, Jonathan [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=fe81ad815416438d8c08f1da82ad138d-E033450]; Myers-Roys, Colton [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5b0c5300719d4fe38bcdeea305d9bf28-E033453]; Ingram, Conner [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=7c5d558636674dac9465bc925e38c41e-E033467]; Shallahamer, Nicholas [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8a9bd3d6d59a49518ee4b24b3b037ea3-E033471]; Henneberry, Lee [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e002219a1c0344b99257022ee5202632-E033518]; Ahmed, Irshad [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a00215dd7365408db6d0e67559600458-E033545]; Murokh, Leonid

FIFTHTHIRD-MCHUGH-071530

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d45d5f1abc9c4b118d10ed3dae120967-E033551]; Jurgensen, Peter
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=51404c2390a84a2a89b6c898956693f7-E033614]; Holden, Sean
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=415f76b5906048d58581889e1e5c35ea-E033618]; Cramer, Christopher
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=10a14cf7c6a94c3cae6f9acadcb72168-E033639]; Forget, Jeffrey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1d0814e887b14e198f2721b7b610c689-E033683]; Thornburgh, Scott
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fe28bcf6f2ae45e08a3dad3d5f32962b-E033686]; Blau, Tyson
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7ce6340972cf42979fe79e7c3bb42649-E033706]; Orsini, Albert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=86570cd27a194ae2b7ce718cabd439fe-E033778]; Carlson, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8832401d298b446fbb6c3795cf75178e-E033786]; Saifi, Christine
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9a7e36fdb3504cf58b6954d8943296a2-E033839]; Mateev, Borislav
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ce4db82a469047a4be8eed3b23c66e55-E034129]; Pavloff, Skyler
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ec54ab2464de48b2b36d1a9a05827b35-E034177]; Pedersen, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b2e0552c7fde47a887f639fad8aac93b-E034207]; Broughton, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=705e7b35165d41dbbf44a2e52930572d-E034209]; Posner, Nathan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=696330f362a54993bc9d777ba013a85e-E034217]; Rammien, Amy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3f44b2229bbc462f95602a4332525eef-E034337]; Coleman, Tyler
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=10df67b9da314a3a9d17327bfe103dd1-E034342]; Ryan, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1eb2c5cc62a845a9afa03689dd0f3c32-E034343]; Krefting, Bob
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=62e0880dd01541cd93579cd709a871f7-E038412]; Showalter, Edward
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d09a76ba713a4690b032eb6119db704d-E041507]; Lyman, Lisa
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f172771b498e43ae8a0130c01fdd9b08-E062375]; Leiprecht, Erica
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2e574833b5244256bac359957c67e3fc-E062690]; Ashman, Joel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=181dff21a1b342298ff8514f8e209374-E073162]; Winkler, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1ac51d55852f4750a8fb6abf4618a087-E073357]; Ritter, Tom
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=734f63d9cfcf4cb0b44b2c2f8bbffc37-E076689]; Hawkins, Dennis
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=38769fc599414afd84d00233e3a76a64-E116451]; Tull, Bob
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=06ad9142802748a0b61187d8988cb009-E129373]; Rollins, Dennis
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6023656de8e1498aa71a4037246a4d36-E141911]; Randle, Steve
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6c455393f14b45098498f9becf5beaf6-E162851]; Lavery, William

FIFTHTHIRD-MCHUGH-071531

[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=65ffe3f7052d475cbc37d4d9f99fc58e-E162982]; Semsedin, Refik [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ee54e1679c1c47b89cfca6df8abe5a30-E207892]; Schichtel, Dennis [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=4ed27a9406dd44aeaf7ebf5a9e8e3a4e-E217445]; Hartley, Gerald [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=690544ae27134d48b584a9074f0019e8-E255652]; Marshall, Justin [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3b6eac5873e44c71bcc4c75565ee7364-E269608]; Gardner, Brian [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b44f760f49ce4a0a91460a4111798809-E274773]; Mataway, Kevin [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=183a3c4a733e4fcf9560d1557ba51833-E283696]; Amoroso, Greg [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=01ddd451b783410480af941c78df1982-E292963]; Bush, Tausha [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a88dd73008c14b70b5b0b30a713dd6e5-E319433]; McKee, Shawn [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=46bd7ee938c4498dbc645fd45a89460c-E320911]; Fuller, David [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=d1d4cc32ec184294aa741afd540b900b-E332515]; Edmondson, Dawn [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8b504ae1f22a4bec83b333b525528346-E332670]; Bender, Dave [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=781ca20a8b754ab1a56849b64e15db9d-E332734]; Ahlberg, Jon [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e5a8019add354ad19d8de725cf3a4821-E362247]; Masell, Scot [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=521b87e4b6c34471a12a23ddfc17deb7-E373069]; Jones, Andrew [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=cec8027dec304539af1aabc95a7b60c8-E374459]; Kuhn, Steve [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=62c2157104f1445a9468d9ea7a4d55f0-E374619]; Sher, Ned [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=29bf9a3964b6421aa9d6dc22d8939c1a-E390280]; Yeliseev, Dmitry [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=13d2bd373f5b49b8be3330149d5b4067-E400207]; Seedhouse, Brian [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8db084364c6e44f999bea342ca5851a9-E643778]; Luebbe, Robert [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=d7c4afc926b94a29bf703149b100240b-E735322]; McGuire, Tim [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9f364d1535a34bba88f8f6b87b6c5b6c-E812156]; Trubisky, Ronald [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=163a017bfbab467382d2b3ec3f804c33-E862153]; Batey, David [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b59de2a2bcb546efb31e2cae5e906e58-E904606]; Matthews, Jack [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=dbfe9ce365e24ab08c5f63e2401819dd-E922551]; Nash, Andrew [ANash@cokercapital.com]; Boggis, Thomas [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ffb36d2a48fa42b99f7ba4fff2355c41-E922553]; Neugebauer, Benjamin [BNeugebauer@cokercapital.com]; Hendricks, Dominic [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=81bd94f450de43308c407bb007fc2437-E922557]; Tull, Corey [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=66aa0e3d466e4a48b8efb8dccb2537a7-E922559]; Cortese, Michael [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=02848c00c120497aa107428260acca2a-E922811]; Tuchi, Matt

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f8cf62a63aba45708efd03ab39883756-E922962]; Reavis, Gray
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ef6b5009a86346a88806548f2675c00c-E923141]; Scott, Bradford
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a9c0894dd8ea4713a02a12b9a64ba26e-E923404]; Riebe, Andrew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0f6bcd32353b48eeaf51dffc7e4e8b32-E923407]; Baizer, John
[JBaizer@cokercapital.com]; Broady, Jason [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=af94d9d478c64891b89c36c7925a1b3f-E924679]; Johnson, Shane
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9956a78378a34822960e24e94dd45401-E924739]; Shrader, Jason
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=cc6d51719ebc4727b7eb8bb21a86b0d1-E924751]; Schneider, Daniel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8fdf343167524f23bc8cdf276102836b-E924752]; Oliver, Brandon
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f975d46ab8dc4bb4bd7bafc0163bc316-E931407]; Gibbons, Gregory
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b814642ccd74472b949dc658b938547e-E931437]; Avery, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4017b25b883b449b841e004faf2d0df0-E932013]; LOEFFLER, PETER
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=444b4d70641b44ca9db5dc44df81c5c3-E932224]; ADASHEV, ALEXANDER
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=86cedd7bc50a48b19be8004c27aac58c-E933042]; Tyson, Amy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=77487f1f343e48b6b5bde01e54a7bbe2-E933426]; Impellizzeri, Dan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=07bc703298314befae835fee3e7089f4-E933620]; Miller, Aaron
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1cfc9da074b5437ab1157ab519a03084-E934004]; Choi, Paul
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=97dca524c48a4630b4677878ec3ecd4d-E935057]; Cuevas, Yvonne
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9667bdbd1dee4193b10ede36682e59ba-E935279]; Wissinger, Margaret
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6ff1d5b1e8e84f26bbcc58b7d8b2303c-E935678]; McEvoy, Vera
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=df7c68b534274568af32cfcbe4232378-E935771]; Robinson, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e9144ceb1c724a188b4c90c1e2623185-E935890]; BROTHERS, MICHAEL
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=131748ec164f4d73acc0c8db2617d200-E935898]; Miller, Brook
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=98986b55b898444b829a7b483bc96ebb-E935929]; Bosco, Angelo
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=304e16325eee41ae93f2adf972b2b6fa-E935930]; Ryan, Martin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=915d80207e4d4ca5b4fa27ee56de9b62-E935932]; Marsan, Kurt
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=990536eab1a54c95973fd49c17a8f4ef-E936436]; Manning, Jaquelyn
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ca9d39be5b904f7996b367340ee19592-E936799]; Trent, Rachel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=cb3150b288524361bc1a74a5d044a2d3-E937190]; Patchin, David
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=55de9ce7dd8541eea9dcde923620a89f-E937418]; Anderson, Brian

FIFTHTHIRD-MCHUGH-071533

[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=71d12ef0f0854078980eefada74dc03c-E938204]; Haverland, William [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8f97615619a946dd8a59f0b9e992eecc-E938716]; Lewis, Matt [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9de0c43cda0b47a19a5d29cd926e146e-E939197]; Day, Tim [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=89cb2924a3b948dcbe27ee40f5b986dc-E939508]; Baker, Curtis [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ef45526c4df54bae8038a5fc741af8ba-E940876]; Welsch, Eric [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6dfdcc2bf5ea4af6bf3ade0a8de996fb-E940909]; Gerlach, Scott [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a962bc309e864a87b569e6ec2fa9a954-E941259]; Lyons, Timothy [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=161419e2425f4298a21327997263fa3a-E941301]; Rhoads, Jason [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c4e2c4980f1d46e3a677662dadd92801-E943619]; Oberfield, Eric [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=d42077c2124c4ab0a097acb83f0888a1-E943738]; Hayes, Larry [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9ef2f31a3ae74ad08747b30b93531366-E943901]; Jevic, Nick [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6ac1abde1c2b4925adac3172e49badc2-E944391]; Miller, Kalen [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c437d881f67847a2915abba69a1ffe14-E944600]; Stearns, Charles [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=935e27534fd54173ab71cf9ee887b34a-E944629]; Robertson, Ellie [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=264ab72c2aa643248ebe6adaa269f88e-E944925]; Verdin, Luke [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=810daa8718e64d42acebe1269bd3f521-E945118]; Kincade, Kurtis [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c6a3ab2c50664b329478d0308ba2f139-E945324]; Gill, Suneel [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2dcce5fa68f94a55a9d76f3edf7373ba-E945493]; Lee, William [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5b42b4467505418c94455d578c193b34-E945923]; Bowen, Anthony [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=af17c39de6aa43e8852fd564888b5056-E947289]; Andriole, CJ [CAndriole@cokercapital.com]; Saunders, Matthew [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a39d175db37145ec8dfbba4db0e98591-E947563]; Cannon, Greg [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=070ddd3d236648f3ac0591557bf93b8a-E947582]; Bahl, John [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=31fb860f2a2a442fbc34c7576530cce7-E948036]; Goveaszzo, Frank [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=1a33c4788b3c49e990b37fdda7367578-E948039]; Webb, Michael [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e9255de008fe4fff9d7ceafdf0b2a566-E948119]; Brown, Mark [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2caa3692db214746a092c63acb29191b-E948134]; Audinelle, Melina [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=1a8d96c6e69243f2bf96c70e8ed92528-E948216]; Shapiro, Paul [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=525b4924d4fd4d6bbd7aadfc7c71a41a-E948255]; Sanford, Kip [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=193b4ce5b72247e09fcf21ba5f8ea08a-E948306]; Lee, Jonathan

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=152d5cdef7c04425a256efe9e42eab5d-E948469]; Holacka, James
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6527c2400bbd48bd99c0f2d8eff2b9ce-E948495]; Smith, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=dc9553a96cdb48199c46825623889e6b-E948614]; Hotton, Charles
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2e3cb136264f4fab84b6b7598625ff3a-E948747]; McChesney, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8a98c95083664526a1d77fdf2381f31f-E948756]; Gutierrez Del Rio, Alejandro
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5409400a864e49e9a2d0c3b0d2724ae2-E948956]; Flynn, Ryan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ffff22568aff4b7d99e4dd704bf3c3bf-E952227]; Winkle, Kelsey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0aa5c8648d2d42a787aea66795d52685-E952233]; Peterson, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1f01dcce3c424d32938ff2deb527a68c-E952411]; Walker, Timothy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=64b9bae919f3427aa8fe95c092e0617c-E952419]; Berry, Christian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a766739ae1b04c50a0fee899747f76ab-E952444]; Kranz, Alex
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bc6452b0fa674c50902df3a6a6540572-E952549]; Evett, Nathaniel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c25d9b2fe6934809b6a4813b49363aea-E953977]; Uchiyama, Ken
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=65f2ff6c08434b858482d36070383d88-E954832]; Tinnin, Alden
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2f74df11ea3745ae9c04ae01278e89b6-E955394]; Craig, Todd
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=46fad20e9c6e48b0b4c5ac82e27b502d-E956017]; Kang, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=83e134157c1f4d309cab5614ce85ad2c-E956050]; Ford, Lafayette
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ce9c76a89faa45548d151635599a1c6a-E956802]; Bigwood, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0b559bc20b524685ad5472de812c40ae-E957215]; Kleiderer, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eb5727586580426f966c437a1b854036-E957458]; Keith, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c5061bb0debb4c94a73de5477d3d2d4e-E957664]; Dayne, Cameron
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7d1a408267c0494c9cdc5a1e1206b0d8-E957711]; Zetzer, Adam
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b35fb670613845c5aad6807afd1b6375-E957794]; Garrett, Matt
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=39273ed6be9c44349cfdc791c41abf98-E957821]; Pluta, Andrew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=927f7c50507b4a36a42e08b335b87466-E958042]; Shield, Kelly
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=15ed68796e914349870b554c25f3ab37-E958090]; Roberts III, Don
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5c3cc803648b43f7b5f673c1e424fd7a-E958162]; Leong, Luke
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f2ff69ece1e2491e89d7399270ca42c4-E958376]; Kurtz, Daniel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f9c6b119350a4ad7af34f15443e98ff0-E959218]; Ward, Alissa

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9cf217ba054d49ca9dcf7c503f41a1e0-E959310]; Lake, Marisa
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9f4f404181794a7c89fe99a47c127061-E959356]; Kyne, Ann
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=46e3e90c399042f48ca2cd3a66bf65bc-E959376]; Ruhe, Brian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a2d47ff86eac493ca9c5bfd8b77bbda3-E959377]; Fisher, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=662283c6bbd8494b85286c74ca16cb52-E959459]; Moeller, Brian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=07b75182de264e6bb6513f6ee22eec3d-E959555]; Macyauski, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=60161a6b6e5b47b8863ed306030e533d-E959923]; Griffin, Christopher
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=647ca57fde3d4ba4b70d5171b22e8adc-E960457]; Granchalek, Aleks
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f60535a98e3e4483b647abdb32a4249e-E960969]; Parker, Chris
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7fd121492f044791916d7d8b8a691045-E960993]; Tsorvas, Ernest
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8de8f841d67f42bd942574806cd2f73a-E961130]; Nation, James
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fdc591f219204452af1ad4ca9eebec69-E961220]; Kratofil, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=56d2c81f8519465cb4f9d268d3d3244b-E961305]; Roche, Kevin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=cf31102d4ecc4ca986af4d7db802e799-E961569]; Miller, Jeffrey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3fd8c393a19a44d1a29c631e93c832d0-E961570]; Yokel, Rob
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=336c61fdd8b943538e97340a922d74b2-E962083]; Gregory, Kris
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=19c8c7e1382d44c6a2a71a03d647896e-E962086]; Hensley, Andrew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d196ecf2464f43138e0e652114b3582d-E962703]; Whitney, Roenick
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=dd2671971e3e4111b01072ca293628ec-E963078]; Chamblin, Bradford
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7f097e2a4d3b41898de9e06bc46e7020-E963773]; Pirani, Gina
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0c0502f00fc64c57bc01360d8210eeae-E964281]; Reidy, Tim
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5bc0fbe88d6e44c794c4b5bf7a6da1ae-E964568]; Eck, Gregory
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9674dae8ae6d4dfc9c8a26290f1d6f3f-E965305]; Blackwell, Stacy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fd1af653271c40538f5d1306e397b1dd-E965655]; Franklin, Jake
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1a54528b94af452aba231bb39ca82124-E966007]; Averwater, Rob
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a6a56223e9fc41ac95c5d223c6e5af78-E966008]; Singh, Kameron
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=66a21ccd1d82412885b097d977b2b33c-E966294]; Todorow, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=00c9681169c94127b062307fec6104ff-E966385]; Maxwell, Shelly
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=334990117fa64c78a035fa6f80ee07f7-E966393]; Snow, Mattox

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0dc0d56283fb47d992b8d0a860dcc5aa-E966536];Thebert, Andre
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=688d0fa69de04bc086e41ae36e3ae881-E966590];Combs, Alexa
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1004524614a94d788ab407d187da99c8-E966706];Bruton, Peter
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2fe5d5f84fd542c899d857fd3351948f-E966743];Hulit, Richard
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c3396ba584bb4b2ebb1180170f6e8eee-E966876];Doran, Cole
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6768689c18a24f8d938922adf754ad5d-E967278];Onulak, Jack
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f5e1ada9c2fa4672a56cdaebd7feff47-E967458]; Cheng, Chi Fung
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1d5b85ffbf64477a977accfd861a3353-E968166];McGinley, Gregory
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4ae8c9af531943a1b5c304d66460fabe-E969086];Cantillon, Andrew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e1194ba9dd7f489198c30d869efb58c7-E969588]; Warner, Laura
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a3c1ad971cbb4d238256d4fdf17c3f1d-E970285]; Webb, Laura
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=453e25190aed4900997d586d105b3a60-E970877];Ho, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=991160766d2049588659510938e0a30f-E971213]; Parrino, James
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=85b752e3583041c392968c78454d6902-E971214]; Draaisma, Peter
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8cd70e7a5e5741e1a5b06ef2ee294773-E971734];Holbrook, Matthew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=dac75c8326b647c896b0968a80b8a6ca-E972216]; Seibel, Kevin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f8139dc7252840848376baf93fef1057-E972343]; Rosenkrantz, Jens
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=9fa7988c189d471d8fc7b5464d702b63-E972832]; Harmon, Robin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eb4c374f2f014f8fb10198328cd1980a-E973163]; Mitchell, Casey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=043dcbdd0ea24369802ec644769245c6-E973354]; Pitulski, Max
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=15c1796e264048f6b6ef4c9f514c79b0-E973355]; Vitti, Paul
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7aef268a4c7a4a1fb7d2dced6a5b6153-E973751]; Samboul, Peter
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=447e7726ab194d99a4ad97b9d613e5d1-E973752]; Woeste,Joseph
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c70a675f59d24024bca1d2eeccbc7ce2-E973770]; Byrne, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e3d3903b737c4476a295e832497c4405-E973819]; Pearson, Ann
[APearson@cokercapital.com];Joseph, Chris [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=63eb0a66fd044103834c043133ef1bba-E974132];Hettinger, Grant
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3c64161161cb49e68dc232279594e944-E974190]; CURTIS, ANDREA
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1e545abc7a1240c398f1d4f2bcbc5fd9-E974221]; Black, Jordan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3dd301f878a740b9a718320a98596d2a-E974268];Merritt III, William

FIFTHTHIRD-MCHUGH-071537

[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=cf921633b2e0415aab7cabf08c311505-E974282]; Warner, Cameron
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=768e771003ca4e46bdc55a9f685403a8-E974285]; Tucker, Katie
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8ae08fd7576244b0a53d98ff00342804-E974408]; Brauer, Justin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d08676775bcd409992c2509a98ea6675-E974989]; Byke, Jessica
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=becd3d8d4f07452f8a593c27f22827fc-E975573]; Thomas, Susan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=17299801149d4c95976cf0ede9666850-E975583]; Cruz, Carlos A
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1dadcc757f784c86a403ef540d643648-E975846]; Pienkos, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=92181556653c4a338307d8db5e9e99e5-E975907]; Alexander, Joe
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5a9a3f2237ee4e97a11b37e29b83f865-E975933]; Kelsey, Benjamin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bdf5c4f7e08b49efb776fd4a35ab46f4-E975946]; Batchelor, William
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f653bd9f2c634e10b348f854e604f0d0-E976096]; Barlow, Christopher
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=85e0d87118a74ae385c376b2dda38aa4-E976278]; White, Perry
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=573aeceaeeff4a8e9cbb9096e53dd3fb-E976925]; Hopkins, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=23cbf60ca53e47d582b02ca053018d00-E977131]; Maysonet, Steven
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3ccde612ec0b4ea8accd4d59bc0c87dc-E977317]; Burgett, Kyle
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1dd73b8aa0394313a0f5f27c508255a5-E977552]; Santucci, Paul
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4902d51b304d451f90b9ca691e437766-E977721]; Basaraba, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=19959a15e26e4518af5d503c7ab3e2d2-E978424]; Sykstus, Bill
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=cc2e81de252549989585a4c2fb56c17f-E978823]; Lucas, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f1761682515747fd94dbd66eb778804f-E979309]; Patel, Kiran
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b93e39d5bb264f038bcddbd60cfda9ca-E979751]; Dorsa, Andrew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=af119c9b88bc487d95b785ec3d3d7215-E979756]; Susmano, Adrian
[ASusmano@cokercapital.com]; VanBenthuysen, Tim [TVanBenthuysen@cokercapital.com]; Mostowy, Brad
[BMostowy@cokercapital.com]; Billings, Mason [MBillings@cokercapital.com]; Green, Connor
[CGreen@cokercapital.com]; Hinton, Bo [BHinton@cokercapital.com]; Wester, McNeill
[MWester@cokercapital.com]; Davidson, Dan [DDavidson@cokercapital.com]; Heidbreder, James
[JHeidbreder@cokercapital.com]; Taff, Drew [DTaff@cokercapital.com]; Reiboldt, John
[JReiboldt@cokercapital.com]; Lemaster-Merrick, Anne [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b0431876b577488ca8764769124e89fa-E980191]; Menne, Matthew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5a807beffdcb4ce899f94b42c589af12-E980331]; Igliozzi, Alexander
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=06b64753fc1243bba072a9623f4a519d-E980368]; Jorgali, Ioanis
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c06da064f1ee432a8b01bdbb79b21184-E980541]; Sander, Yuki
[/O=ExchangeLabs/ou=Exchange Administrative Group

(FYDIBOHF23SPDLT)/cn=Recipients/cn=4f22b2ce5e5344718990be45bf149ed8-E980715]; Bilz, Dylan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=235465ee3e62473e88dd92c56b98906b-E980736]; Schick, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=900de88c4db949519cee4dfdd0a36296-E980783]; Carmichael, Nick
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=794d8fb021af4761b72a33cdd94aec10-E980827]; Burgun, Allison
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8ace5a16b2eb47f6ada260c6cc05da11-E980855]; Gore, Raymond
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=632ee272ef094e5bb5711b5f7614946f-E980905]; Sosland, Joshua
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=001fb2a57c8944249c78e01e632f643d-E981066]; Sweeney, Matthew
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=830e8551440b46d4b1a1ca28e637fa92-E981102]; Sapato, Lauren
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=420d9bcb65d64f4d8cd8f4fbbb46d1ab-E981496]; Cheney, Daniel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=49a620b5c66c46cc895badccd3bd515e-E981524]; Keith, Courtney
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6a94ed21c2c240cd90cdac8facbfa437-E981526]; Awuah, Leonard
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f19eaafc61a14b7b99a29ae74e465994-E981626]; Pinto, Marie
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1ed92405199b4ff69685b7cc106374fa-E981631]; Griff, Daniel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5c1f081ca17547f2a96181d9b2c26c77-E981935]; Tyndall, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=75eb6a61067544efa2dbf0075bd934f9-E981941]; Sharp, Ryan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1c9e1312e4904e60b96474fe56ee3290-E982028]; Tammany, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c5bc328146cc4a5d8bc7fcce30877f79-E982138]; Matter, Beverly
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b601390cc1dd4783912849405d3507ec-E982421]; Stoll, Ryan
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3dc7dc3371ac4ede9509bb15a28ddb34-E982516]; Hamblen, Jason
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e55b6cb53fe6420a99aaee823d69fb8e-E982860]; Schwartz, Colby
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=13fa683079a04390b9d38af139d903a9-E983078]; Patel, Akash
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=8bd4f8166faa455dbe2f6bcd9689405c-E983245]; Moore, Caison
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f0895751f70f433980697915f46075db-E983257]; Rogers, Peter
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1954fa754d1f4106b5f8a77dcc8f997b-E983756]; Behr, Kevin
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1a97250c8d7048898d1e822aeab39c7f-E986070]; Calhoun, Gregory
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0941056302214cb599aa1f0dfafd0203-E986549]; Renier, Mike
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5fa5f1c0687344ecb80652a6f22f4149-E986551]; Perillo, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f639e4635d16456684c2fba56132938c-E987058]; Ciccone, Casey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=df0a80caccc34780a782e77d416deb2f-E987113]; Boccio, Jill
[/O=ExchangeLabs/ou=Exchange Administrative Group

[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6c57e24f207c4c53b06b57f7d5e1898d-E987262]; Warrick, Will
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=564cab265e3744248637f9944531d269-E987579]; Glandt, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=de7b6c77a93e4ad09105916b7235e251-E987649]; Ikner, Amir
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=00c2a4caec63411fbf19f47f7198fbf6-E987691]; Hagan, Robert
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=adac1d55ea564f2789e2d06576c5b230-E989597]; Dorsten, Rick
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5da53e7430554951bc9c6f7f27653478-E990780]; Smetana, Lauren
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=82fdef657d684cb2af9f202aa1022a14-E992145]; Richards, Peter
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c8e39733448548b8983fe9d440e8c1df-E992353]; Quick, Perry
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=36b1bd0c70a04e6ca19c03e0379afa43-E992536]; Boersma, Brad
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c0570719eba540d2a99014c064e4f360-E993990]; Gerlach, Mark
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6d1a5d9e0dac49c68da45535fe8bcd87-E994215]; Kaznowski, Brandon
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b16ef7c61d1f454889b9332aa5db8df3-E994644]; Schmalz, James
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8bbbe14f0c3a4ae985ad2aafb9850b0d-E996024]; Koletic, Tim
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=4f2ab5d1b9b947008e4603c2f02d2a64-E996075]; Hermanson, Michael
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e54954a40bde4f2a9249530582a33d1b-E996102]; Haas, Nicholas
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=31f6e4f7f5ab46c8a1743db50cc5e93c-E996106]; Murray, Erich
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0f659ae84584489da88840e98321f6ab-E996234]; Ruiz, Emy
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=fc573b25a0f945849e188639517e4123-E996535]; Hermanson, Rachel
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=31716c0921604d3699f574b697b35975-E996751]; Altman, Lydia
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=01ccf09d22434e7aa64230d486ffb7b3-E997187]; So, Valerie
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c0d831b990c44ecbae322e6ae14079f9-E997198]; King, Lance
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a886ff29b0694188a0db46d690c4b88f-E998708]; YAMAT, MARIA
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9ca0b104957f41f6b2fd3f8898c90322-E998734]; Feehan, Colleen
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=17e62092e1f346ef9e3b8f966fec690e-E998848]; Beul, Brooke
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=80c68f40a9fd44c68727b0fec1e1301d-E925201]; Dolan, Connor
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=636217e05a414b9595e2e3183ed91228-E925219]; Estes, Laura
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=38b4a6cbed23426bb7327ce67f8e26d2-E924832]; Fallon, Rob
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0c7abab98fe1430daab4a95ba8eee135-E450041]; Cloninger, Jodi
[/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=badb3588b71940dfadc0d102ef82aacf-E925554]; Brooks, Richard
[/O=ExchangeLabs/ou=Exchange Administrative Group

FIFTHTHIRD-MCHUGH-071540

(FYDIBOHF23SPDLT)/cn=Recipients/cn=7d753a03b21f4b7a8bb624b6c3856ab7-E925536]; Yeh, Isaac [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8d0fbe57bc2847238a7b63b55de0edc5-E450116]; Stamp, Philip [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=01e9294553f74f7f8162233486ebfd27-E450257]; Malestein, Bradley [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2e941eab577e45dba37a432f954cada2-E925596]; Salas, Selena [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a2882ad76c0e4844b6cdca28ea05e70a-E450386]; Kanani, Ali [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ba96fc87810c42978df9c77f118f8e1a-E450385]; SIEG, KYLE [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0c24195dda114b32826229c88b1b1fa9-E450409]; Cummings, Russell [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=1635bab2afd44c87854a7a5361871800-E450443]; Jackson, Max [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=11379624015b40debe1cc1483ceaf35a-E450559]; He, Barbara [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e37f8a44a6a8410b9b9693b9ff269219-E450576]; Chamberlin, Bill [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=7ffb1b79faac45669c130f981f298867-E450581]; Scult, Corey [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=f3ef5fcafba84cdd9f091347eacf4693-E450584]; Simpson, Scott [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=04b9cd7806a240fb89c94c642400a40a-E450582]; Wood, Brian [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c3f30d45edf147eba7f44beccee597fe-E450648]; McNEELY, TIMOTHY [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=1f4feeb41da84be4ab3b23a180aa9e56-E450675]; AGUIAR, STEVEN [SAGUIAR@cokercapital.com]; McGrath, Brian [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ead22b7bf8fd44228a217597a9c90344-E450731]; Miller, Justin [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=e08829d34a704abcad7137ca17a8f718-E450753]; Jauregui, Kiki [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=4883734e4ed14ae88bcc25020307183d-E450780]; Brock, John [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b4ee9c637e8b421fb279e320791d2557-E451043]; Kim, Daniel [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=00865d06739f453790b1bdbefc882b1a-E451122]; ISHINAGA, RYUTOKU [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=d4deb7a69e2c41f1be6214fd41f963b1-E451135]; Grant, Michael [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8b58116756e94762b8956fa9132a7bea-E451376]; Brecheen, Colin [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5f53f31d26954dedbdab8ea6150f996e-E451442]; Schroeder, Steven [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c5db79912b4549da9c05451a99b74eba-E451443]; Drury, Don [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9494f90f921c456d804ab1f8b38165b1-E451463]; HERNANDEZ, MICHAEL [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=15c3c6c36b0941a1888c601fd5c05adc-E451566]; Whitmore, Patrick [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=ff2c19a4542b4d84b3cbf7bec1469d46-E455052]; Scharry, Caid [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=c05622adcd954b1fa5fd027394355ec2-E455164]; Johnson, Chris [/O=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=6dea19ad108947e8b4b4d2fdb5575565-E455173]; MORRIS, JASON [/O=ExchangeLabs/ou=Exchange Administrative Group

FIFTHTHIRD-MCHUGH-071541

(FYDIBOHF23SPDLT)/cn=Recipients/cn=9715f09592e04de69a228000a970a24a-E455240]; Cushmore, Christopher [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=5574e37425374215afa2c48250bd2730-E455306]; Walters, Marc [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=af5162de0fe24538be1b1c6b157f986c-E455334]; Quick, Jordan [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=51efb03f9ec74fcd9abb264e10d3eb53-E455355]; WOO, MICHAEL [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ee7f2c56c9bb4007978e82a18fbbc1be-E455394]; Monahan, Maxwell [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=764a9e799e064488aad9ca7873c3b392-E455403]; Chung, Donald [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ee49d10fe9304131aa0a92306d8e4eef-E455541]; Jablow, Rachel [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0831dbb7f02d428dba6040a6c1c0246d-E455617]; SAVELKOUL, JOHN [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=82890f07642144c5a90795aa0a2bbe03-E455958]; schmidt, michael [mschmidt@cokercapital.com]; Boughton, Nicholas [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0b85cea31b944519ab334bf91850086a-E456059]; Schultz, Amaia [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=da0516281502478983678e684f9f3a9d-E456080]; Walsh, Eugene [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=e2980455e7cb4665ad0df662b75381c3-E456194]; PONDER, GREG [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=3aa5127859fc4971a889d33ecbec9ec6-E456259]; Crangle, James [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=914673900a8a4a82885b1eaeaa58bbbf-E456264]; Colton, Christian [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a34d0700f757425e8c98c90fbb1e3fdd-E456384]; Popp, Harrison [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2d4d0c896ce44defbd9f1c742e757743-E456481]; Hall, Owen [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6acc7d4e8b3741049c9051477cf389b4-E456482]; Hindman, Kyle [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b93a9334da504d5db7426e86e4fcaecb-E457342]; Hammelman, Charles [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=21c7b427988e404796197e7bff43bb7e-E457398]; Garcia, Fernando [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=a0ddb004f10f4cc997c3891ee4b73b00-E457534]; Tisani, Ramsey [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ac856828b3a944bdb1c4f2fefc856066-E455767]; Business Banking Relationship Managers.Bancorp [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=89471a3ea14844d39d56dcaff90b2fa5-Retail BB R]; Business Banking Market Managers [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6946ebabfcc947faa07d0617144a5b1c-Retail BB T]; Business Banking Market Executives [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c96b53bfb8aa4981a641627f085e56b9-Retail BB S]; Robertson, Ryan [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=acd9a61d96744ebc8e11990f213b429a-E114921]; Urlage, Kenneth [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=fd756996287742d2965bdb0d3dfcdf06-E963286]; Bartschy, Jason [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6c4230fddd614b90818a712d3fe56481-E003270]; Brylewski, Anthony [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=7ff09559eb43482d94eb1b66723f58a5-E031232]; Grabavoy, Steven [/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=c1584afd8c6c4ffbbc25f7c6ab3c915e-E032595]; McBride, Jason [/O=ExchangeLabs/ou=Exchange Administrative Group

FIFTHTHIRD-MCHUGH-071542

(FYDIBOHF23SPDLT)/cn=Recipients/cn=a98d25f15a43449b8820da7eca356401-E963367]; Zaman, Rasel
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f3890ee43d23458abe75c876e4a032bf-E977357]; Anselmo, Anthony
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=bbd4a9d8c26b490391f1ebf2cd50f371-E009600]; Custardo, Thomas
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ccea7a9ac2fe468aa8fe219d7ae6e470-E032386]; Pastoor, Scott
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d766f4bc59cd404dbbef000d74811e9b-E451368]; PERRY, JULIANA
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=eac3bb5a39f840eab2572f23fb8ee98b-E018850]; Moore, Jody
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=67171fdbc5704794bfeb28ed82ae96a9-E455474]; Steed, Lynetta
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2ad6ce3917b34b7aad3559f1cf59b3fd-E965833]; Elhaj, Sam
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=537c145c095e48b58babcf2dfeaeaadd-E021348]; Kastle, Brian
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=64b31b03b01b420fa4e6eca46c0fb92c-E032012]; Fittro, John
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=142525084fde4e5ea82c65ac3930d07c-E323803]; Slade, Jeffrey
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=1e969026079b4fde8cb0c2808002f530-E904496]; Brooks, Adam
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=2e8ec0a4e4e44821bb4cfc5b150d00aa-E962472]; SALDANHA, STEVEN
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=09b131885d9c4a52b9983336534f5f36-E456445]; Sasso, Tony
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=f11599f9b3854fffa4b8927a5809a1ff-E995357]; Shatara, Suheil
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=b59a530f980a4b38bcd16f556ed17a29-E938391]; Woods, Scott
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=479989c215a248a6a0b5ebf03eb57e34-E945222]; Salihu, Visar
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=4642f2f37e75480fa5c5987d84d2a41a-E033715]; Abbott, Timothy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=6c42a40607354eef99c88a6614dfaa26-E973167]; Ball, Brenda
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=ade065b72f47406eb53a8836d81c8730-E007343]; shteiwi, christina
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=0a9c2ef55af4402c9879d89d5a74acba-E936860]; Roth, Julie
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=d24ffd1786c84aa7b9577c8a2cd65b16-E451003]; Sallee, Todd
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=96b20a0d6f9a48e5bd7d7635274c8cd4-E771315]; Little, Jeremy
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=491613bf75cd4ac0a9d007e3bd79995c-E006362]; Elzerman, Carol
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=002bcc70f7904014aa9df7df38c867ca-E450984]; GOEDTEL, DEANNE
[/O=ExchangeLabs/ou=Exchange Administrative Group
(FYDIBOHF23SPDLT)/cn=Recipients/cn=300395f3adc44446a21048a445b5513d-E450986]

| | |
|---|---|
| **Subject**: | FW: Amendment Negotiation Training |
| **Attachments**: | Rebalancing Risk Return and Covenant procedure 7-21-20 Clean.pptx |
| **Location**: | WebEx |
| **Start**: | 8/5/2020 12:00:00 PM |
| **End**: | 8/5/2020 1:30:00 PM |

**Show Time As:** Tentative

Adding Presentation Deck

<<Rebalancing Risk Return and Covenant procedure 7-21-20 Clean.pptx>>

-- Do not delete or change any of the following text. --

Join WebEx meeting

Meeting number (access code): 129 310 5771 **Meeting password: CexqhTEi558**

**Tap to join from a mobile device (attendees only)**
517-444-5353,,1293105771## US Toll
877-513-5353,,1293105771## US Toll Free

**Join by phone**
517-444-5353 US Toll
877-513-5353 US Toll Free
Global call-in numbers | Toll-free calling restrictions

Can't join the meeting?

If you are a host, click here to view host information. IMPORTANT NOTICE: Please note that this Webex service allows audio and other information sent during the session to be recorded, which may be discoverable in a legal matter. By joining this session, you automatically consent to such recordings. If you do not consent to being recorded, discuss your concerns with the host or do not join the session.

# EXAMPLE 3

Excel Spreadsheet w/ Customer Project Information

(Redacted)

FIFTHTHIRD-MCHUGH-034286

**5 MW CONSTRUCTION PRIORITIES**
**2017/2018 SunEnergy1 Projects In Development**

| SIZE (MW DC) | Code | Project | PPA | Construction Start | Est. COD | IA Executed/ Expected | IA Cost | Construction Costs | Total Project Cost | Perm Debt Capacity | Total Equity Required | Equity Contributed to Date | Remaining Equity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| [redacted] | | | | | | | | | | | | | |

REDACTED TO PROTECT CUSTOMER PRIVACY

[redacted]

# EXAMPLE 4

Excel Spreadsheet w/ Employee Information (Redacted)

FIFTHTHIRD-MCHUGH-070385

| Area | Employee Names | Core / PBkg Issues Mtgs through 5/30 | 5/31 - 6/4 Daily PM Status Mtgs (with email summary) | 6/1 - 6/4 Conversion Balancing Mtgs |
|---|---|---|---|---|
| **PROJECT:** | | Yes | Yes | Yes |
| | | Yes | Yes | Yes |
| **PRIVATE BANK:** | | Yes | Yes | Yes |
| | | Yes | Yes | Yes |
| | | Yes | | |
| | | Yes | | |
| | | Yes | | |
| | | Yes | | |
| | | Yes | | |
| | | Yes | | |
| | | Yes | | |
| **INFO TECHNOLOGY:** | | Yes | Yes | Yes |
| | | Yes | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | |
| **OPERATIONS:** | | Yes | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| **TRUST:** | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| **BROKERAGE:** | | | Yes | Yes |
| | | | Yes | Yes |
| | | | Yes | Yes |
| **IMO:  (Optional)** | | | Yes | Yes |
| **INT AUDIT:  (Optional)** | | | Yes | Yes |
| **EXECUTIVES: (Optional)** | | | Yes | |

Redacted to protect employee privacy

| 6/3 - 6/7 Issues Mtgs |
| --- |
| Yes |
| Yes |
| Yes |
| Yes |
| |
| |
| |
| |
| |
| |
| |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| Yes |
| |
| |
| |

**Joshua M. Smith, Esq.**

---

| | |
|---|---|
| **Subject:** | McHugh v. Fifth Third Bancorp, et al.; Case No. 1:21-cv-00238 |
| **Location:** | 1-866-8008819    PIN: 9155014# |
| | |
| **Start:** | Wed 1/5/2022 4:30 PM |
| **End:** | Wed 1/5/2022 5:00 PM |
| | |
| **Recurrence:** | (none) |
| | |
| **Meeting Status:** | Accepted |
| | |
| **Organizer:** | Cioffi, Michael L. |

_____
**From:** Peter A. Saba, Esq. <PAS@sspfirm.com>
**Sent:** Monday, January 3, 2022 2:45 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>; Oberly, David <david.oberly@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.; Case No. 1:21-cv-00238

Michael:

We are not available tomorrow at 4:00, but are available Wednesday at 4:30.  Does that work for you?  Thank you.

Peter A. Saba, Esq.
Stagnaro, Saba &
Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio
45208
Direct Dial:
513.533.2701
Main Fax:
513.533.2999
pas@sspfirm.com
http://www.sspfirm.com

  

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**Attachment 5**

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | John J. McHugh III <McHugh@McHughlaw.com> |
| **Sent:** | Monday, January 10, 2022 5:02 PM |
| **To:** | Cioffi, Michael L. |
| **Subject:** | RE: GETTING BACK TO YOU |

Michael:

I just spoke with Phil.  He re-examined the boxes from Fifth Third.
Here were no notes, nor other personal pages. He did receive nine picture frames, one Celtic cross and one business card holder.
He had papers on his desk, and in the right-hand drawers of his desk, much of which was family information.

I accept your assurance that nothing was delivered to you;  may I impose for an inquiry as to what did happen to the papers and files that were on his desk, what efforts were made to preserve them, and to request their prompt production.

Thank you.

John

_____
John J. McHugh, III
McHugh & McCarthy, Ltd.
5580 Monroe Street
Sylvania, OH 43560
Telephone: (419) 885-3597
Fax: (419) 885-3861
Email: mchugh@mchughlaw.com

CONFIDENTIALITY NOTICE: This transmission and the document(s) accompanying this transmission may contain confidential information and may be subject to the attorney-client privilege. The document(s) are intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, please notify us immediately by calling collect at (419) 885-3597 to arrange for the retrieval or destruction of this transmission and the accompanying documents. Please do not disseminate or distribute this material to anyone.

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Saturday, January 8, 2022 2:43 PM
**To:** John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** GETTING BACK TO YOU

John,

Regarding the two requests you made when you called me on Thursday:

1. We have been working over the last two days with Fifth Third's IT people.   We will be in a position to send to you the calendar in a pst file early next week.   I am told that it will be fully searchable as if you opened it in Outlook.

**Attachment 6**

2. All of Phil's personal papers and other items were boxed up and delivered to his home in October 2020, within a few days of his departure from the bank. Chris Salmon of HR spoke to him at least twice after delivery of the boxes and reports that Phil never said anything was missing. Nothing from his desk was ever delivered to us as counsel.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | [cioffi@blankrome.com](mailto:cioffi@blankrome.com)

*******************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*******************************************************************************************



*Joshua M. Smith, Esq.*
*Email: jms@sspfirm.com*
*Phone: (513) 533-6715*
*Fax: (513) 533-2716*

January 12, 2022

**VIA ELECTRONIC MAIL**
Michael L. Cioffi, Esq. (michael.cioffi@blankrome.com)
David J. Oberly, Esq. (david.oberly@blankrome.com)
Thomas H. Stewart, Esq. (tom.stewart@blankrome.com)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202

> **Re:** **McHugh v. Fifth Third Bancorp et al.**
> **Discovery Deficiencies in Defendants' Responses to Supplemental Discovery Requests**

Dear Counsel:

In follow-up to our telephone conference on January 5, 2022, we are sending this correspondence to address multiple deficiencies in your clients' responses to Plaintiff's supplemental discovery requests. We are sending this correspondence to you in an effort to resolve these deficiencies without Court intervention. No later than Monday, January 17, 2022, please address the deficiencies and provide any and all requested information and documents. We look forward to your prompt response.

### VERIFICATION PAGE

In providing the objections and responses, you failed to provide a verification page from your client as required by Rule 33. Please produce the verification page immediately.

### NATIVE FORMAT

Despite our instructions (See Instruction No. 13) there are numerous documents, including powerpoints, e-mails, and other electronically stored information, which have not been produced in their native format (i.e., .ppt, .msg, .pst, etc.). As you know, Rule 34 requires that documents be produced as they are kept in the usual course of business. In the case of a powerpoint, for example, it should be produced in the format that it is maintained at Fifth Third. Please produce all responsive documents in their native format.

Please produce all documents previously produced in their native format, including but not limited to all powerpoint slide decks (including final and draft versions).

**Attachment 7**

**Interrogatory No. 9:** *Identify each reason, in order of importance, as to why Plaintiff was not selected for the position of President.*

In response, Defendant simply stated that "Timothy Spence was selected for the position of [President] in the Board's exercise of its business judgment." Defendants also referred Plaintiff to documents Bates Stamped FifthThird-McHUgh-001074-1079, which is the "Winning Formula" document prepared by RHR International.

Defendants' response is insufficient, and fails to answer the interrogatory. All parties are well aware that Timothy Spence was selected for the position of President, and Plaintiff was not. The request seeks the *reasons* (according to Defendants) why Plaintiff was not selected for the position, and Spence was. Accordingly, please supplement this response with the requested information.

**Interrogatory No. 11:** *Identify each of the succession candidates reviewed for the Chief Executive Officer ("CEO") position at the December 17, 2019 meeting of the Board of Directors.*

In response, Defendants did not identify any individuals, and instead made the statement that "the Board exercised its business judgment in deciding who, if anyone, should be the next Chief Executive Officer at the Bank." Defendants then referred Plaintiff to the responses to Interrogatory Nos. 4-5, however those responses do not identify any such individuals. Finally, Defendants refer Plaintiff to documents bates stamped FifthThird-McHugh-005727 to 5776 which, like the interrogatory responses, do pst identify the succession candidates which were reviewed.

Please identify each of the succession candidates Defendants claim were reviewed for the CEO position at the December 17, 2019 Board meeting.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:** *The electronic calendar (including but not limited to any calendar maintained in Microsoft Outlook) maintained by Philip R. McHugh during his employment at Fifth Third, including from January 1, 2017 through October 17, 2020.*

As we discussed on our January 5, 2022 telephone conference, Plaintiff's electronic calendar was not produced. Our understanding is that the calendar, maintained through Microsoft Outlook, can readily be produced in its native format as a .pst file without burden. It was also understanding that you were working with your client to ensure production of this item, but that has still not occurred. Please produce the electronic calendar in its native format.

**Request for Production No. 2:** *All communications between Shaffer and any agent or representative of FW Cook from January 1, 2017 through the date of response, including but not limited to the balance of the e-mail correspondence on September 3, 2019.*

Defendants did not produce any additional documents in response, but instead referred Plaintiff to previously produced documents including the following:

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. |
| **Sent:** | Tuesday, January 18, 2022 4:52 PM |
| **To:** | krista_zeller@ohsd.uscourts.gov; kathleen_bedree@ohsd.uscourts.gov |
| **Cc:** | michael_r._barrett@ohsd.uscourts.gov; Peter A. Saba, Esq.; mchugh@mchughlaw.com; Cioffi, Michael L.; Stewart, Tom; Oberly, David |
| **Subject:** | RE: McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB |
| **Attachments:** | Re: Discovery dispute: No. 21-CV-00238, McHugh v. Fifth Third Bank, et al.; 13-2021.04.30 Joint Discovery Plan.pdf; 2022.01.12.Corr to Blank Rome re Discovery Deficiencies.pdf; McHugh v. Fifth Third Bank - Objections and Answers to First Set of Interrogatories.pdf; McHugh v. Fifth Third Bank - Objections and Responses to Second Set of Requests for Production.pdf |

Dear Ms. Bedree and Ms. Zeller,

The unilateral e-mail submitted by Defendants this morning was a surprise to Plaintiff, given that the parties had previously agreed to submit a joint e-mail to the court regarding the outstanding discovery issues. Defendants' January 9, 2022 e-mail at 4:15pm states, *"[y]ou were going to send us an email with these points, to which we would add our points and submit a joint request to the Court along with a proposed new CMO with dates timed from the Court's ruling. Could you please send these points to us by COB on Monday so that we can then move to drafting a joint email request to submit to the Court?"* Plaintiff submitted such points to Defendants on January 12, 2022, and Plaintiff heard nothing back until the below e-mail this morning.

Regardless, in light of Defendant's e-mail, Plaintiff is providing his own responses below. To the extent Judge Barrett would prefer that the parties brief the below issues in an alternative manner, or hold a telephone conference to discuss these issues, Plaintiff would be happy to do so:

1. **Defendants' inappropriate attempts to limit Plaintiff to 5 total depositions in this litigation, in direct contravention of Rule 30 and the Parties' 26(f) Report.**

   Defendants are distorting the Court's guidance and minute entry from an informal July 6, 2021 telephone conference.

   As confirmed by e-mails to the Court on June 29-30, 2021 (attached), the July 6 conference was scheduled to discuss a dispute surrounding whether Plaintiff's deposition must occur before he can take depositions of relevant Directors, officers, and employees of Defendants. The Court provided guidance that, generally, it would permit Plaintiff to be deposed first, and then Plaintiff can take his depositions thereafter. The Court's minute entry following that conference confirms this, stating simply that "the parties agree to exchange documents by 7/30/21 and agree to plaintiff's deposition on 8/30/21 and 8/31/21; case to proceed otherwise." No reference to any limitation on the number of depositions Plaintiff may take.

   As the court is well aware, pursuant to Rule 30 Plaintiff has the right to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Rule 30(a)(2) provides a limitation of 10 depositions per side. Moreover, the parties agreed to extend the limitations under Rule 30(a)(2) from 10 depositions to 20, via their Joint 26(f) report submitted to the

**Attachment 8**

Now, Defendants claim that they answered this interrogatory by referring to documents, which is simply not true. Plaintiff is simply asking for an identification of each individual's participation in the decision. This would also assist in identifying which board members are necessary to initially take for purposes of discovery.

**Interrogatory No. 8:** Plaintiff requested the identity of individuals involved in the decision to demote or otherwise transfer Plaintiff to Head of Consumer Banking in 2020, and a brief description of their involvement. Defendants referred Plaintiff to individuals, but again failed to identify each individual's involvement.

Defendants did not respond to this deficiency, nor did they raise it with the Court in the below e-mail. Plaintiff is seeking the identification of each individual's involvement in the decision.

**Interrogatory No. 9:** Plaintiff requested each reason, in order of importance, as to why Plaintiff was not selected for the position of President. Defendants simply responded that Timothy Spence was selected in an exercise of the Bank's business judgment, without providing any of the requested reasons.

Now, Defendants claim that they fully responded by referring Plaintiff to a "Winning Formula" document prepared by RHR International, a third party retained by Fifth Third. However, this document does not provide any of the reasons why Plaintiff was not selected for the position of President.

Plaintiff seeks the reasons, in order of importance, as to why Plaintiff was not selected for the position of President.

**Interrogatory No. 11:** Plaintiff requested that Defendants identify each of the succession candidates reviewed for the CEO position at a December 17, 2019 Board of Directors meeting. Defendants did not identify any individuals in response, instead simply stating that "the Board exercised its business judgment" and then referred Plaintiff to responses to Interrogatory Nos. 4-5 which do not name any such individuals.

Now, Defendants claims that they fully responded by referring Plaintiffs to a 70 page powerpoint presentation for the Board of Directors meeting. However, these slides do not identify the succession candidates reviewed for the CEO position at the December 17 meeting. Indeed, the powerpoint slides include references to *all* of the c-suite employees of Fifth Third, making it impossible to determine who was actually reviewed as a succession candidate for the CEO position.

**Request for Production No. 1:** Despite Defendants' prior representations that Plaintiff's outlook calendar is in their possession and can be readily produced, Defendants have still failed to produce it. Instead, Fifth Third produced approximately 30,000 pages of irrelevant documents, many of which relate to specific customers of the bank. Defendants represented that they were looking into this issue two weeks ago, but to date have failed to apprise Plaintiff of the status of their response or a commitment to actually produce the calendar. It is Plaintiff's understanding, to which Defendants agreed, that this calendar can be produced in its native .pst format without burden.

**Request for Production No. 2:** Plaintiff requested all communications between Robert Shaffer and FW Cook (a third party) between January 1, 2017 to the present, including the balance of e-mail correspondence on September 3, 2019. Defendants referred Plaintiff to previously produced documents, and Plaintiff then pointed out that the documents referenced are either not responsive or incomplete. The September 3, 2019 e-mail, for example, appears to be from Mr. Shaffer to an FW Cook representative, but no response to the e-mail appears to have been provided (and Fifth Third has not referred Plaintiff to any such response).

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Cioffi, Michael L. <michael.cioffi@blankrome.com> |
| **Sent:** | Wednesday, March 30, 2022 11:30 AM |
| **To:** | Kathleen Bedree; Krista Zeller |
| **Cc:** | Peter A. Saba, Esq.; mchugh@mchughlaw.com; Joshua M. Smith, Esq.; Stewart, Tom |
| **Subject:** | RE: McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB |
| **Attachments:** | McHugh v FTB_Plaintiff's October 27 email re discovery disputes.pdf; McHugh v FTB_Defendant's October 29 email re discovery disputes.pdf |

Dear Ms. Bedree and Ms. Zeller,

Please allow the following to serve as Fifth Third Bank's "Reply" to Plaintiff's January 18 (at 4:52 PM) email to the Court, which was an "Opposition" to Fifth Third's January 18 (at 10:51 AM) email to the Court. This email also sets forth in one place the Disputed Discovery Issues that are before the Court for resolution at the discovery dispute conference at noon tomorrow.

At the outset, it is important to clarify the nature and purpose of Fifth Third's initial email to the Court on January 18, 2022—and what prompted Fifth Third to reach out to the Court directly, instead of through a joint email with opposing counsel.

On January 5, the parties conducted a meet and confer conference to address a number of outstanding issues, including the scheduling of Fifth Third witness depositions. During the conference, Plaintiff's counsel indicated that they would provide Fifth Third's counsel with a draft email addressed to the Court requesting that the Court rule on outstanding discovery disputes before proceeding with the depositions of Fifth Third witnesses. After receiving the draft email, Fifth Third would then add its points to the correspondence and submit a joint request to the Court, along with a proposed new CMO.

On January 9—still having received no draft email from Plaintiff's counsel— counsel for Fifth Third was required to follow up with Plaintiff's counsel to request that opposing counsel provide Fifth Third with the joint email to the Court that had been discussed on January 5.

It was not until after the close of business on January 12 that Plaintiff's counsel ultimately provided any type of response regarding the proposed draft joint email to the Court. Significantly, however, opposing counsel's January 12 correspondence did not entail a draft joint email to the Court as had been previously discussed by the parties. Instead, counsel's correspondence was focused exclusively on re-hashing prior disputes between the parties, as well as the introduction of additional, new disputes that opposing counsel now also sought to raise with Fifth Third for the first time.

**DISPUTED DISCOVERY ISSUE #1: INITIAL LIMITATIONS ON NUMBER OF DEPOSITIONS OF FIFTH THIRD OFFICERS AND DIRECTORS.**

**Attachment 9**

Moreover—contrary to Plaintiff's contention—Fifth Third is not required to now produce the same documents originally provided to Plaintiff's counsel in mid-2021 a second time in a different format simply because Plaintiff now seeks them in their native format.

**Plaintiff's Outlook Calendar**

Fifth Third originally produced Plaintiff's electronic calendar in PDF format at the same time that it served its written responses to Plaintiff's First Set of Interrogatories, Second Set of Requests for Production, and Third Set of Requests for Production in December 2021. Because Plaintiff did not include any instruction that the calendar be produced in .pst format, Fifth Third's December 2021 production of the electronic calendar fully satisfied its obligations for production under Civil Rule 34.

**DISPUTED DISCOVERY ISSUE #5: FIFTH THIRD'S ANSWER TO PLAINTIFF'S INTERROGATORY NO. 2**

Interrogatory No. 2 is improper under Rule 33, as it asks Fifth Third to state the reasons for its responses to 11 separate Requests for Admission in a single Interrogatory answer. For this reason, Fifth Third properly objected to this request as being "overly broad, unduly burdensome, and not reasonably limited in scope."

Moreover, despite not having an obligation to respond to this particular request, Fifth Third Bank nonetheless answered subject to its objections, referring Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production, which provides the factual basis for Fifth Third's Request for Admission responses.

Further, as discussed in detail in its January 18 email, Fifth Third's answer is plainly proper under the Advisory Committee Notes to Rule 33(c), which state the following:

- The 1970 Amendment Notes provide that under Rule 33(c), a party is afforded the option to make records available and place the burden of research on the party who seeks information, with the rationale being that this protects the interrogating party from abusive uses of Rule 33 [as is the case in the present dispute] through the requirement that the burden of ascertaining the answer be substantially the same for both sides;

- The 1980 Amendment Notes pertaining to Rule 33(c) further explain that under subdivision (c), a party may offer records for inspection in lieu of answering an interrogatory where the party offers the records in a manner that permits the same direct and economical access that is available to the party and specifies, by category and location, the records from which answers to interrogatories can be derived.



**STAGNARO, SABA & PATTERSON**

Joshua M. Smith, Esq.
Email: jms@sspfirm.com

Phone: (513) 533-6715
Fax: (513) 533-2999

April 4, 2022

**VIA ELECTRONIC MAIL**
Michael L. Cioffi, Esq. (michael.cioffi@blankrome.com)
Thomas H. Stewart, Esq. (tom.stewart@blankrome.com)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202

Re:    **McHugh v. Fifth Third Bank and Gregory Carmichael**

Michael:

In follow-up to the discovery dispute conference with the Court last Thursday, March 31, 2022, please see the below:

1. **Defendant Gregory Carmichael's Personnel File (RFP 1, 7):** The Court indicated it would take this dispute under advisement.

2. **Defendant Gregory Carmichael, and Timothy Spence Respective Outlook Calendars (RFP 28, 29):** The Court directed the Plaintiff to provide search terms and specific dates with respect to Defendant Carmichael and Timothy Spence's outlook calendars. Below are search terms and categories with respect to each calendar:

    a. Any calendar events which include and/ or reference "Timothy Spence" "Tim Spence" "Spence" "Tim" "Timothy" or "Mr. Spence"

    b. Any calendar events which include and/ or reference "Robert Shaffer" "Rob Shaffer" "Bob Shaffer" "Shaffer" "Bob" "Robert" or "Mr. Shaffer"

    c. Any calendar events which include and/ or reference "Philip McHugh" "Phil McHugh" "McHugh" "Phil" "Philip" or "Mr. McHugh"

    d. Any calendar events which include and/ or reference "Gregory Carmichael" "Greg Carmichael" "Carmichael" "Greg" "Gregory" or "Mr. Carmichael."

    e.  References to meetings, telephone calls, or other calendar events with one or more of the board members, including:
        i.  Michael B. McCallister

**Attachment 10**

Michael L. Cioffi, Esq and Thomas H. Stewart, Esq.
*McHugh v. Fifth Third Bank and Gregory Carmichael*
April 4, 2022
Page 2

       ii.  Gary R. Heminger
     iii.  Eileen A. Mallesch
     iv.  Emerson L. Brumback
      v.  Nicholas K. Adkins
     vi.  Mitchell S. Feiger
    vii.  B. Evan Bayh
   viii.  Thomas H. Harvey
     ix.  Jeorge L. Benitez
      x.  Katherine B. Blackburn
     xi.  Jewell D. Hoover
    xii.  Linda W. Clement-Holmes
   xiii.  C. Bryan Daniels

f.  Any and all calendar events in the following date ranges:
       i.  August 1, 2018 – August 30, 2018
     ii.  August 1, 2019 - December 31, 2019
    iii.  February 1, 2020 – February 28, 2020
    iv.  June 1, 2020 - June 30, 2020
     v.  August 1, 2020 – October 31, 2020

g.  Any calendar events which refer to any of the following terms:
       i.  "Succession"
     ii.  "Succession Planning"
    iii.  "CEO Discussion"
    iv.  "CEO Succession Plan"
     v.  "President"
    vi.  "Enterprise Leadership"
   vii.  "Emergency Succession"
  viii.  "Talent"
    ix.  "Talent Management"
     x.  "Regions"
    xi.  "Regional Banking"
    xii.  ""Emergency CEO"
   xiii.  ""Emergency President"

Finally, please also identify any and all steps taken to capture deleted calendar entries. To the extent any deleted calendar entries cannot be recovered, please explain (1) when the entries were deleted or otherwise purged; (2) the reason the entries were not retained; and (3) what efforts have been made or engaged in to recover the deleted entries.

3.  **Text Message Communications of Defendants Carmichael, Timothy Spence, and Robert Shaffer (RFP 5, 21, 22, 23, 24, 25, 30, 31, 32, 34, 35, 38, 39):** Similarly, the Court asked the parties to utilize search terms with respect to the text message communications

Michael L. Cioffi, Esq and Thomas H. Stewart, Esq.
*McHugh v. Fifth Third Bank and Gregory Carmichael*
April 4, 2022
Page 3

and, in addition, that Plaintiff would be provided equal access to the Bank's third-party vendor through which it purportedly searched for relevant text messages.

As to the search terms, please see the below:

a. All texts with Marsha C. Williams (Lead Director), C. Bryan Daniels (Board Member), or Michael McCallister (Chair of HCC Committee) from January 1, 2018 to the present which mention "Phil" "McHugh" "Phil McHugh" "Philip McHugh" "Tim" "Spence" "Tim Spence" "Timothy Spence" "President" "CEO" "EVP" "Head of Consumer Banking" "Consumer Banking" "Succession Planning" or "Succession."

b. All texts which mention "McHugh" "Phil" "Phil McHugh" "Philip McHugh"

c. All texts which mention "Tim" "Spence" "Tim Spence" "Timothy Spence"

d. All texts which mention "President" "Chief Executive Officer" "CEO" "interim President" "interim CEO" or "interim Chief Executive Officer."

e. All texts which mention "Talent" "Talent Management" "Regions" "Regional Banking" "Emergency CEO" or "Emergency President"

f. All texts which mention "consumer banking" or "Head of Consumer Banking"

g. All texts referencing "recommendation" "recommend" or "recommending" for purposes of "CEO" "President" "Emergency CEO" "Emergency President" "interim President" or "interim CEO."

h. All texts referencing "succession" or "succession planning"

i. All text messages between Carmichael and Shaffer from 9/1/2019-1/10/2020

j. All texts messages between Carmichael and any board member between 9/1/2019 and 12/31/2020.

k. All texts messages between Shaffer and any board member between 9/1/2019 and 10/31/2020.

l. All text messages between Spence and any board member between 9/1/2019 and 10/31/2020.

m. All text messages which refer or relate to the Board meeting on December 17, 2019, the HCC Committee Meeting on June 16, 2020, and the September 21-22, 2020 Board meeting.

As to the third-party vendor, please provide us with:

a. The name of the third-party vendor that the Bank purportedly used for purposes of obtaining text message communications;

b. The date that third party conducted a search of each cell phone using search terms;

c. The search terms utilized by the third party

d. The cell phones, including phone numbers, which were reviewed by the third party;

e. The process the third-party vendor utilized to retrieve text messages from each phone;

f. The time period for which each phone was searched;

Michael L. Cioffi, Esq and Thomas H. Stewart, Esq.
*McHugh v. Fifth Third Bank and Gregory Carmichael*
April 4, 2022
Page 4

> g.  The outcome of the search based upon the use of the above search terms, including the number of text messages, dates, sender, and recipient

Finally, to ensure this search captured all relevant text messages, please also identify any and all steps taken to capture deleted text messages from each phone. To the extent any deleted text messages could not be recovered, please explain (1) when the text messages were deleted or otherwise purged; (2) the reason the text messages were not retained; and (3) what efforts have been made or engaged in to recover the deleted text messages.

4.  **HCC Committee Meeting Minutes (RFP 18):**      During the conference with the Court, you seemed confused about what was produced regarding HCC Committee Meeting Minutes. As indicated in your client's response to Request for Production No. 18, the purported responsive documents are found at FifthThird-McHugh-001673 – 005196 (i.e., nearly 4,000 documents, not a few PowerPoint slides). The vast majority of the information in these meeting minutes has been redacted, as you know, and this is what we have objected to.

Judge Barrett indicated he would hold an in-camera review of the documents at issue in order to make a determination on this issue. As such, please submit the unredacted documents to the Court immediately so that this dispute can be resolved and confirm to us in an e-mail when this has been done.

5.  **Plaintiff's Outlook Calendar:** As you know, the Bank produced over 30,000 PDF documents which are not an electronic calendar, despite clear instructions that the calendar be produced, and be produced in its native .pst format (see Request for Production, Instruction No. 13). On January 5, 2022, we pointed this issue out to you and Mr. Oberly (no longer with your firm) and you indicated that you thought the calendar had been produced and referred us to the same 30,000 PDF documents you sent in a link. After indicating to you that this was not the calendar and that we were seeking the calendar in its native .pst format, you and Mr. Oberly indicated that should not be an issue, and you would look into it if it had not been produced.

Our co-counsel John McHugh also had a follow-up phone conversation with you on January 6, 2022 about this issue (immediately after our January 5 conference), in which you assured him you would look into the failure to produce the calendar and that you would get back to us. Obviously that never occurred, and you now claim the calendar was produced, despite the fact that it was not, and certainly not in its native .pst format.

In an attempt to resolve this dispute, we are providing you instructions as to how to export a Microsoft Outlook Calendar. This should take no more than 5-10 minutes to do:

1.  Open Microsoft Outlook;
2.  Click "File"
3.  Select "Open & Export"

Michael L. Cioffi, Esq and Thomas H. Stewart, Esq.
*McHugh v. Fifth Third Bank and Gregory Carmichael*
April 4, 2022
Page 5

    4.  Select "Import/Export" to load Outlook's Import and Export Wizard
    5.  Click "Export to a file"
    6.  Click "Next"
    7.  Select "Outlook Data File (.pst)" on the list of available export formats;
    8.  Click "Next"
    9.  Select the account containing the calendar you want to transfer (i.e., Phil McHugh's account)
    10. Place a check mark in the "include subfolders" check box
    11. Click the "Browse" button and select where you want to save the exported calendar data.
    12. Select how you want Outlook to handle duplicate export data. Select "allow duplicates"
    13. Click "Finish" to export the calendar.

In light of the ease with which the calendar can be produced, please send this to us immediately. Moreover, to the extent any calendar entries in Plaintiff's calendar have been deleted since Plaintiff's termination, please advise (1) when the entries were deleted or otherwise purged; (2) the reason the entries were deleted or purged; and (3) what efforts have been made or engaged in to recover the deleted entries

If you do not intend to do so, please confirm the same so we can bring this issue back to the Court for resolution.

6.  **Verification Page:**  You represented to the Court that a verification page exists and the failure to produce it was a "transmittal oversight." The Court directed you to send the verification page to us, so please do so immediately.

7.  **Employee Engagement Survey Results and Customer Experience Survey Results (RFP 15-18):** You represented to the Court that these were held by a third-party vendor of the bank and that you would look into obtaining copies of them. It is our understanding that these surveys were maintained by the Bank's HR department and could readily be pulled and sent to an individual requesting them. That was Plaintiff's experience throughout his tenure at the Bank. Beyond that, our understanding is that these scores were maintained in Plaintiff's office, so they should be readily accessible.

Please confirm the status of these documents and produce them immediately. If they have not been maintained, please explain (1) when the documents were destroyed or otherwise purged; (2) the reason the documents were not retained; and (3) what efforts have been made or engaged in to recover the documents.

8.  **Deposition of Brian D. Sweeney:**  The Court indicated you would be permitted to depose Brian Sweeney for the limited purpose of confirming what assistance he provided to Plaintiff with respect to the retrieval of text messages during discovery. The Court also indicated such a deposition would likely only take 20 minutes.

Michael L. Cioffi, Esq and Thomas H. Stewart, Esq.
*McHugh v. Fifth Third Bank and Gregory Carmichael*
April 4, 2022
Page 6

With the understanding that this deposition would be limited to the scope provided by the Court, please provide dates and times you are available to take Mr. Sweeney's deposition, and we will coordinate with him regarding his availability on those dates.

As early as possible but no later than April 7, 2022, please confirm in writing you will comply with the above items, together with the date when documents and responses will be provided.

With respect to Plaintiff's calendar, as indicated above this item can be produced with relative ease. As such, please produce the same no later than this Thursday, April 7, 2022 when providing confirmation of compliance with the other items.

Finally, assuming agreement with the above, we will then be in a position to discuss Plaintiffs' initial round of depositions and an amended scheduling order. Thank you.

Sincerely,

STAGNARO, SABA
& PATTERSON CO., L.P.A.

Joshua M. Smith, Esq.

Cc:    Philip McHugh
       John J. McHugh III, Esq.
       Peter A. Saba, Esq.

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. |
| **Sent:** | Thursday, April 7, 2022 4:54 PM |
| **To:** | Cioffi, Michael L. |
| **Cc:** | Peter A. Saba, Esq.; John J. McHugh III; Jessica K. Peterson; Stewart, Tom; Hart, Collin |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238 |

Michael:

Judge Barrett directed the parties to cooperate and keep discovery moving along in this case. Your "arbitrary and capricious" commentary, and statement that you'll "review and respond in a reasonable time frame" is doing nothing more than further delaying this process. If you cannot at least initially respond to the letter by today (despite having 4 days to do so) please provide a <u>firm</u> date when responses will be provided. We are not going to agree to an open-ended time frame, particularly given how discovery has been handled by Defendants thus far.

I'll also note that you have provided no excuse whatsoever as to why Plaintiff's outlook calendar cannot be produced by today, despite having been requested nearly 8 months ago. We've provided you basic, step-by-step instructions for downloading and producing the calendar in its native .pst format. This should take no more than 5-10 minutes to do. Please produce it immediately, or let us know if it is your intent not to do so such that we can bring this to the Court's attention.

Finally, we will review your proposed dates and times for Mr. Sweeney's deposition to determine availability. We know that April 18 is not available. To the extent the other dates/times you proposed are unavailable, we will provide you alternative dates and time blocks over the next 2-3 months. As the Court discussed, this deposition should take no more than 20 minutes, and is to cover only the topic of what assistance (if any) Mr. Sweeney provided to Plaintiff in utilizing the iMazing software to retrieve relevant text messages.

Again, to keep discovery moving along, please provide no later than close of business tomorrow (April 8):

1. Plaintiff's outlook calendar in its native .pst format as previously requested; and
2. A firm date when responses to all other discovery issues noted in our April 4 letter will be provided

Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is

**Attachment 11**

prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Thursday, April 7, 2022 2:56 PM
**To:** Jessica K. Peterson <jkp@sspfirm.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Joshua,

We will review and respond to your letter in a reasonable time frame.

Your unilateral deadline is not reasonable, but arbitrary and capricious.

In the interim:
- Here are proposed dates for the deposition of Brian Sweeney: April 18 @ 1:00 PM; April 29 @ 2:00PM or May 3 @ 1:30 PM. Please confirm that you will produce him in our offices on one of those dates.
- Also, attached is the Verification page.


**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Jessica K. Peterson <jkp@sspfirm.com>
**Sent:** Monday, April 4, 2022 5:19 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Good evening Counsel:

Please see the attached correspondence as it pertains to the above referenced matter.

If you have any questions, please feel free to contact our office. Thank you.

Sincerely,

Jessica K. Peterson
Legal Assistant
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Avenue.
Cincinnati, Ohio
45208
Direct Dial: 513.533.2730
Main Fax: 513.533.2999
jkp@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

*************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*************************************************************************************************
******

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. |
| **Sent:** | Friday, April 8, 2022 8:52 PM |
| **To:** | Cioffi, Michael L.; Peter A. Saba, Esq.; John J. McHugh III; Jessica K. Peterson |
| **Cc:** | Stewart, Tom; Hart, Collin |
| **Subject:** | Re: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238 |
| **Attachments:** | McHugh v. Fifth Third Bancorp, et al.; Case No. 1-21-cv-00238.eml |

Michael,

See the attached. You and your co-counsel were notified of this subpoena over six months ago. Again, please stop the hyperbole, rhetoric, and false accusations. It is counterproductive, unprofessional, and (ironically) bordering on unethical.

As to our April 4 letter, this was sent to you as a first step in attempting to resolve these ongoing discovery disputes based upon the court's direction. In sending it, we simply requested:

(1) that you review and provide written confirmation that Defendants will comply with the terms of the letter;
(2) a date when production/information in response to the letter will be provided; and
(3) that you produce plaintiff's *actual calendar* (not 30,000+ pages of PDF's) by April 7, given the ease with which it can be downloaded and exported.

If the date for production is 30 days from now (other than for the calendar), fine. But if you are planning to respond by objecting and refusing to provide the documents and information, we need to resolve that now or take it back to the Court. There is no need to wait 30 days.

As to the calendar, we simply do not understand your confusion on this. A Microsoft Outlook calendar is readily downloadable in .pst format with a few very simple steps, which we have outlined again for you below:

1. Open Microsoft Outlook;
2. Click "File"
3. Select "Open & Export"
4. Select "Import/Export" to load Outlook's Import and Export Wizard
5. Click "Export to a file"
6. Click "Next"
7. Select "Outlook Data File (.pst)" on the list of available export formats;
8. Click "Next"
9. Select the account containing the calendar you want to transfer (i.e., Phil McHugh's account)
10. Place a check mark in the "include subfolders" check box
11. Click the "Browse" button and select where you want to save the exported calendar data.
12. Select how you want Outlook to handle duplicate export data. Select "allow duplicates"
13. Click "Finish" to export the calendar.

This should take no more than 5-10 minutes to do, so we cannot understand why you need a third party vendor to discuss cost and feasibility.

No later than next Tuesday (4/12) Please provide (i) a response to our letter confirming whether you will comply with each item, and (ii) Plaintiff's outlook calendar in .pst format pursuant to the above instructions. Thank you.

**Attachment 12**

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Date:** Friday, April 8, 2022 at 7:11 PM
**To:** Joshua M. Smith, Esq. <JMS@sspfirm.com>, Peter A. Saba, Esq. <PAS@sspfirm.com>, John J. McHugh III <McHugh@McHughlaw.com>, Jessica K. Peterson <jkp@sspfirm.com>
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>, Hart, Collin <collin.hart@blankrome.com>
**Subject:** McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Joshua,

Please see my response below in RED.

But first I want to create a record of your unprofessional and possibly unethical conduct in serving a subpoena for documents on a third party without providing notice to us as required by Civil Rule 45.

On 3/31/2022, you served a subpoena on RHR International in Chicago for documents in this case. You did not provide notice to us and a copy in advance as the rules require you to do.

At a minimum, your conduct is a serious breach of professionalism. If intentional, a serious breach of ethics.

Please explain yourself and assure us that this kind of abuse of the civil rules and other ethical obligations will not occur in the future.

**Michael L. Cioffi** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Thursday, April 7, 2022 4:54 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>; Jessica K. Peterson <jkp@sspfirm.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Michael:

Judge Barrett directed the parties to cooperate and keep discovery moving along in this case. Your "arbitrary and capricious" commentary, and statement that you'll "review and respond in a reasonable time frame" is doing nothing more than further delaying this process. If you cannot at least initially respond to the letter by today (despite having 4 days to do so) please provide a <u>firm</u> date when responses will be provided. We are not going to agree to an open-ended time frame, particularly given how discovery has been handled by Defendants thus far.   YOU SERVED THE REFERENCED LETTER ON US BY EMAIL ON THE EVENING OF MONDAY, APRIL 4, AFTER THE CLOSE OF BUSINESS.   WE READ IT ON TUESDAY, APRIL 5.   YOUR LETTER CONTAINS NUMEROUS INTERROGATORIES AND RFPS THAT CONTAIN OVER 100 SEPARATE SUBPARTS AND OTHER INQUIRIES AND REQUESTS FOR INFORMATION.   MANY OF YOUR REQUESTS ARE VAGUE AND OVERBROAD.   REGARDLESS, WE NEED TO DISCUSS THIS CONTENT WITH OUR CLIENT AND OUTSIDE VENDOR WE HAVE RETAINED TO CONDUCT WORD SEARCHES THROUGH TENS OF THOUSANDS OF PAGES OF DOCUMENTS THAT YOU WOULD LIKE SEARCHED.  YET YOU ARBITRARILY DEMANDED A RESPONSE WITHIN 48 HOURS, VIZ., BY APRIL 7.   I NOTE FURTHER THAT YOU DID SO DURING A TIME OF THE YEAR WHEN STAFF AND VENDORS ARE OUT OF THE OFFICE AS THEY PREPARE FOR THE UPCOMING PASSOVER AND EASTER HOLIDAYS.   THE TIME FRAME OF YOUR DEMAND, THEREFORE, IS PATENTLY UNREASONABLE.  WE ANTICIPATE BEING ABLE TO GIVE YOU A RESPONSE— CONSISTENT WITH THE CIVIL RULES—WITHIN 30 DAYS OF YOUR LETTER.   SOONER IF POSSIBLE AS WE WOULD LIKE THIS CASE TO PROCEED TO SUMMARY JUDGMENT ASAP.   THE LAST THING WE WANT IN THIS CASE IS FURTHER DELAY.

I'll also note that you have provided no excuse whatsoever as to why Plaintiff's outlook calendar cannot be produced by today, despite having been requested nearly 8 months ago. We've provided you basic, step-by-step instructions for downloading and producing the calendar in its native .pst format. This should take no more than 5-10 minutes to do. Please produce it immediately, or let us know if it is your intent not to do so such that we can bring this to the Court's attention.  AS WE TOLD THE COURT AND YOU ACKNOWLEDGED, WE HAVE ALREADY PRODUCED THE CALENDAR.   YOU SIMPLY OBJECT TO THE FORMAT.   ALTHOUGH WE HAVE NO OBLIGATION UNDER THE CIVIL RULES TO DO SO, I TOLD THE COURT THAT AS AN ADDITIONAL SIGN OF COOPERATION AND COURTESY TO THE PLAINTIFF (REGARDLESS OF HOW UNDESERVED) WE WILL DISCUSS WITH OUR CLIENT AND OUTSIDE VENDOR THE FEASIBILITY AND COST OF PRODUCING THE CALENDAR IN A DIFFERENT FORMAT.  THIS WE ARE DOING.

Finally, we will review your proposed dates and times for Mr. Sweeney's deposition to determine availability. We know that April 18 is not available. To the extent the other dates/times you proposed are unavailable, we will provide you alternative dates and time blocks over the next 2-3 months. As the Court discussed, this deposition should take no more

than 20 minutes, and is to cover only the topic of what assistance (if any) Mr. Sweeney provided to Plaintiff in utilizing the iMazing software to retrieve relevant text messages.   THIS IS A MIS-STATEMENT OF WHAT THE COURT SAID.   THE ONLY LIMITATION IS TO SUBJECT MATTER, SPECIFICALLY THE SEARCH OF THE TEXT MESSAGES AND SOFTWARE USED TO DO SO.   I TOLD THE COURT THAT IF I COULD CONDUCT THE DEPOSITION IN 20 MINUTES I WOULD, BUT THAT IT COULD TAKE A COUPLE OF HOURS, ESPECIALLY IF SWEENEY IS AS EVASIVE AS THE PLAINTIFF WAS IN HIS DEPOSITION.   I READ TO THE COURT AN EXAMPLE OF THE PLAINTIFF'S EVASIVENESS AND THE COURT PERMITTED THE DEPOSITION TO GO FORWARD OVER YOUR OBJECTIONS.   PLEASE PROVIDE DATES FOR THIS DEPOSITION.

Again, to keep discovery moving along, please provide no later than close of business tomorrow (April 8):

1. Plaintiff's outlook calendar in its native .pst format as previously requested; and
2. A firm date when responses to all other discovery issues noted in our April 4 letter will be provided

Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Thursday, April 7, 2022 2:56 PM
**To:** Jessica K. Peterson <jkp@sspfirm.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Joshua,

We will review and respond to your letter in a reasonable time frame.

Your unilateral deadline is not reasonable, but arbitrary and capricious.

In the interim:

- Here are proposed dates for the deposition of Brian Sweeney: April 18 @ 1:00 PM; April 29 @ 2:00PM or May 3 @ 1:30 PM.   Please confirm that you will produce him in our offices on one   of those dates.
- Also, attached is the Verification page.

**Michael L. Cioffi** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Jessica K. Peterson <jkp@sspfirm.com>
**Sent:** Monday, April 4, 2022 5:19 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Good evening Counsel:

Please see the attached correspondence as it pertains to the above referenced matter.

If you have any questions, please feel free to contact our office. Thank you.

Sincerely,

Jessica K. Peterson
Legal Assistant
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Avenue.
Cincinnati, Ohio
45208
Direct Dial: 513.533.2730
Main Fax: 513.533.2999
jkp@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is

prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. |
| **Sent:** | Wednesday, April 27, 2022 2:03 PM |
| **To:** | Cioffi, Michael L.; Peter A. Saba, Esq.; John J. McHugh III |
| **Cc:** | Stewart, Tom; Hart, Collin; Jessica K. Peterson |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238 |
| **Attachments:** | 2022.04.27.Proposed Calendar Order.docx |

Michael,

First, confirming from your April 20 e-mail that, no later than next Wednesday, May 4, Defendants will produce substantive responses and associated production to every item raised in our letter. Defendants have specifically committed to:

1. Producing the unredacted HCC committee minutes and materials to the Court for an in-camera review (FifthThird-McHugh 001673-005196);
2. Producing the Employee Engagement Survey Results and the Customer Experience Scores for Plaintiff and Spence;
3. Conducting "additional key word searches" of the Spence/Carmichael outlook calendars, and the text messages of Spence/Carmichael/Shaffer. Please keep in mind that the Court asked the parties to agree to *search terms* with respect to both of these items. We proposed those search terms to you in our April 4 letter; as such, please confirm that the "additional key word searches" will include the search terms we have provided.

However, a number of issues still remain to be confirmed:

1. You still have not committed to producing Plaintiffs' Microsoft Outlook Calendar in its native .pst format (rather than 30,000 PDF's). Please confirm this will be done as soon as possible, but no later than May 4;

2. Information regarding the third-party vendor you are utilizing for searching the cell phones at issue, including:
   a. The third party vendor's name;
   b. Date that it conduct a search of each cell phone using search terms;
   c. Search terms utilized;
   d. Cell phones which were reviewed (including phone numbers);
   e. Process utilized to retrieve text messages from each phone;
   f. Time period for which the phone was searched; and
   g. Outcome of the search based upon the above.
   h. Steps taken to capture deleted text messages from each phone and, to the extent deleted messages could not be recovered, (i) when the text messages were deleted or otherwise purged; (ii) the reason the text messages were not retained; and (iii) what efforts have been made or engaged in to recover the deleted text messages.

Please confirm that the above will also be provided next Wednesday, May 4.

Second, this should be obvious but Plaintiff objects to any attempt by Defendants to shift purported costs of this unknown third party vendor to them. Defendants have been deficient in discovery production, which has resulted in the need to conduct the above word searches in an effort to resolve these deficiencies. Beyond that, such a search is hardly of a kind that is an undue burden on producing party, particularly where such discovery can be produced with relative ease (*See* John B. v. Goetz, 879 F. Supp.2d 787, 883 (M.D. Tenn. 2010)("The Court finds that the Defendants have unduly exaggerated the costs for their ESI collection and any privilege reviews of this ESI. As stated earlier, courts have

**Attachment 13**

recognized computers' capabilities to perform select word searches from massive ESI material on privilege in a matter of seconds. The Court agrees with Tigh that selective word searches of ESI are viable options to reduce privilege review costs significantly for the Defendants and the MCCs.").

Finally, in follow-up to the court's notation order yesterday regarding an amended calendar order, please see the attached proposed order with relevant dates. You'll note that we have proposed a follow-up status conference with the court regarding the ongoing discovery issues, with a proposed date of May 10 for the same. Please let us know if that date does not work for you (we'll of course need to confirm this works for the court as well), and whether you are in agreement with the other dates we have proposed (expert reports, discovery cut-off, dispositive motions).

If you'd like to discuss any of the above, please do not hesitate to call. Thanks.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Wednesday, April 20, 2022 5:37 PM
**To:** Joshua M. Smith, Esq. <JMS@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Joshua,

Your deadline of April 7 to respond to your after-hours letter of April 4 was arbitrary and patently unreasonable as I told you in my April 8 email. As I further told you in that email, we would discuss responses to your requests with our clients and outside vendor and would "give you a response—consistent with the Civil Rules—within 30 days of your letter." Even so, in your April 18 email you again imposed an arbitrary and patently unreasonable deadline and demanded substantive responses by April 20. Based upon on meetings and work with our

clients and the vendor actually performing the searches and other work, we still believe that a detailed response to your letter within 30 days from receipt of your letter, i.e. May 4, is feasible. There is and has been no unwarranted delay.  You, however, continue to try to add new conditions and requirements to Defendants' responses to served discovery, such demanding information as to the process by which our third-party discovery production vendor completed its collection, searching, and production of documents. Such additional conditions and requirements are unwarranted under the circumstances and are contrary to the Federal Rules of Civil Procedure and applicable law.

As we committed to Judge Barrett during our 3/31 discovery conference, Defendants will: conduct additional keyword searches of Mr. Carmichael's and Mr. Spence's outlook calendars; conduct additional keyword searches of the text message communications of Mr. Carmichael, Mr. Spence, and Mr. Shaffer; produce unredacted HCC Committee meeting minutes and materials to the Court for in camera review; and produce employee engagement and customer experience survey results as available. Defendants are in the process of completing these tasks. However, these actions, along with your other demanded discovery, require significant review, document production, and coordination with our clients and third-party discovery production vendor. We have also asked the vendor to keep track of the cost of the additional key word searches, which we ask you to pay.

Regardless of Plaintiff's repetitive demands for unilateral production timetables, Defendants have committed to providing substantive responses and associated discovery production—as appropriate—to every item raised in your letter and will do so within the previously stated timetable. Judge Barrett's command that the parties coordinate to resolve these disputes pursuant to the agreements reached during the 3/31 discovery conference does not contemplate one party jamming unreasonable, unilateral timetables down the throat of the other. Coordination and cooperation, by necessity, require that one party be given a reasonable amount of time to comply with the significant requests of the other. We are continuing to take the necessary steps to complete Defendants' response to your letter by May 4. If you feel the need to bother Judge Barrett before then by rehashing these issues, please include these email communications with your motion representing Defendants' opposition to any involvement of the Court until such time as the Defendants have been afforded a reasonable time to comply with Plaintiff's discovery requests as clarified during the last conference.

Furthermore, for you to suggest that Defendants and their counsel are the "only reason [the case] continues to stall" is demonstrably false.  Plaintiff filed the Complaint herein over one and a half years ago and has yet to conduct even a single deposition in this case even though Defendants have offered dates for Fifth Third officers whom Plaintiff has indicated he wants to depose.  Likewise, when Defendants make reasonable requests, such as seeking available deposition dates for Brian Sweeney as Judge Barrett allowed, you stall.  On April 7, we offered three dates for Mr. Sweeney's deposition:  April 18, April 29, and May 3.  You waited almost two weeks—until after the first offered date—to inform us that Mr. Sweeney was not available for the other two proposed dates.  Throughout this process and contrary to Plaintiff's pattern of behavior, Defendants never demanded that Plaintiff provide within a matter of days available

deposition dates for Mr. Sweeney, even though such a response is an order of magnitude less burdensome than the requests Plaintiff seeks from Defendants. Defendants then never considered, or threatened, to run to the Court to file briefing on Plaintiff's failure to provide available deposition dates for Mr. Sweeney, even though Judge Barrett has ordered Plaintiff to do so. Defendants remain willing to provide Plaintiff with a reasonable amount of time to comply with our requests, and expect Plaintiff to do the same.

Finally, we are also available on May 12. As such, we will proceed with a deposition of Mr. Sweeney on May 12 at 2:00pm at the Blank Rome Cincinnati office (201 East 5th Street, Suite 1700).

**Michael L. Cioffi** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Monday, April 18, 2022 5:57 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Michael:

It has now been two weeks since we sent you correspondence in follow-up to the discovery dispute conference with Judge Barrett on 3/31, and we still have no substantive response from you. There is no excuse for this unwarranted delay.

As you know, our correspondence was based upon the court's direction to work cooperatively so we can move this case along. That includes:

1. Word searches of Defendant Carmichael and Mr. Spence's respective outlook calendars (given your client has refused to produce the calendars in their entirety);
2. Word searches of text messages communications of Defendant Carmichael, Mr. Spence, and Robert Shaffer's respective cell phones;
3. Submitting unredacted copies of the HCC committee meeting minutes (001673-005196) to the court for an in-camera review;
4. Production of Plaintiff's outlook calendar in its native .pst format as requested, including providing easy, step-by-step instructions for doing so;
5. Production of the employee engagement survey results and customer experience scores or, alternatively, if the documents have not been maintained, an explanation of what happened to them;
6. Providing information regarding the third-party vendor which you purportedly retained to originally search the relevant individual's cell phones for relevant text messages.

Despite this, you have not provided any response to our letter, other than a general statement that you will respond "in a reasonable time frame" which you define to be thirty days "consistent with the civil rules." You made this statement despite knowing these are not new discovery requests, but are attempts to resolve disputes that have been pending for over 6 months. Even after we followed up and asked you to provide an earlier response at least as to whether your

4

client would commit to producing the requested documents/information, you again refused. It has been two weeks, and you still have not committed to conducting the requested word searches, to produce the HCC committee meeting minutes to the court, or to produce Plaintiff's outlook calendar pursuant to the simple step-by-step instructions provided to you.

The Court has directed that the parties move this case along, and you are the only reason it continues to stall. Given your unreasonable and uncooperative conduct, if we do not receive a full and complete response from you by this Wednesday, April 20, 2022, we will be reaching out to the Court to request permission to file formal briefing on these discovery disputes.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Tuesday, April 12, 2022 2:52 PM
**To:** Joshua M. Smith, Esq. <JMS@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Subject:** FW: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Joshua,

Please see my response below in RED.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Friday, April 8, 2022 8:52 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Subject:** Re: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Michael,

See the attached. You and your co-counsel were notified of this subpoena over six months ago. Again, please stop the hyperbole, rhetoric, and false accusations. It is counterproductive, unprofessional, and (ironically) bordering on unethical. WE TAKE THIS AS AN ADMISSION THAT YOU INTENDED TO GIVE US **NO NOTICE** OF THE 3/31/22 SUBPOENA. AS YOU NOTED THESE ARE TWO DIFFERENT SUBPOENAS, MORE THAN A HALF A YEAR APART. THE 10/27/2021 SUBPOENA DEMANDED DOCUMENTS BE PRODUCED ON NOVEMBER 12, 2021. YOU COULD NOT OBTAIN SERVICE AND THUS THAT DATE CAME AND WENT WITHOUT ANY DOCUMENTS BEING PRODUCED. SIX MONTHS LATER YOU SERVED A NEW SUBPOENA THAT DEMANDED DOCUMENTS BE PRODUCED ON APRIL 29, 2022. THE RULES REQUIRE YOU TO GIVE NOTICE FOR EACH SUBPOENA, FOR THE OBVIOUS REASON THAT A PARTY CANNOT CONTEST A PRODUCTION VIA SUBPOENA OR OTHERWISE INSIST ON RECEIVING DOCUMENTS IF IT DOES NOT KNOW ABOUT A SUBPOENA **AND THE OPERATIVE DATE FOR PRODUCTION CONTAINED THEREIN.** A PARTY'S RIGHTS AND REMEDIES UNDER CIVIL RULE 45 ARE TRIGGERED BY THE DATE OF SERVICE. YOUR UNDERHANDED TACTIC SOUGHT TO DEPRIVE US OF THIS KNOWLEDGE AND RIGHT TO CONTEST. NO AMOUNT OF DISSEMBLING CAN CHANGE THE RECORD OF WHAT HAPPENED HERE. YOUR INTENTIONAL SKIRTING OF THE CIVIL RULES IS VERY PROBLEMATIC AND WILL NOT BE TOLERATED.

As to our April 4 letter, this was sent to you as a first step in attempting to resolve these ongoing discovery disputes based upon the court's direction. In sending it, we simply requested:

(1) that you review and provide written confirmation that Defendants will comply with the terms of the letter;
(2) a date when production/information in response to the letter will be provided; and
(3) that you produce plaintiff's *actual calendar* (not 30,000+ pages of PDF's) by April 7, given the ease with which it can be downloaded and exported.

If the date for production is 30 days from now (other than for the calendar), fine. But if you are planning to respond by objecting and refusing to provide the documents and information, we need to resolve that now or take it back to the Court. There is no need to wait 30 days.

As to the calendar, we simply do not understand your confusion on this. A Microsoft Outlook calendar is readily downloadable in .pst format with a few very simple steps, which we have outlined again for you below:

1. Open Microsoft Outlook;
2. Click "File"
3. Select "Open & Export"
4. Select "Import/Export" to load Outlook's Import and Export Wizard
5. Click "Export to a file"
6. Click "Next"
7. Select "Outlook Data File (.pst)" on the list of available export formats;
8. Click "Next"
9. Select the account containing the calendar you want to transfer (i.e., Phil McHugh's account)
10. Place a check mark in the "include subfolders" check box
11. Click the "Browse" button and select where you want to save the exported calendar data.
12. Select how you want Outlook to handle duplicate export data. Select "allow duplicates"
13. Click "Finish" to export the calendar.

This should take no more than 5-10 minutes to do, so we cannot understand why you need a third party vendor to discuss cost and feasibility. YOU ARE SIMPLY RE-HASHING YOUR PRIOR ARGUMENTS AND ARE CONFUSED AS TO HOW OUTLOOK CALENDARS CAN AND SHOULD BE PRODUCED IN LITIGATION. WE WILL ADDRESS THIS ISSUE MORE FULLY IN OUR RESPONSE TO ALL OF THE POINTS IN YOUR LETTER.

No later than next Tuesday (4/12) Please provide (i) a response to our letter confirming whether you will comply with each item, and (ii) Plaintiff's outlook calendar in .pst format pursuant to the above instructions. Thank you. WE WILL RESPOND IN A REASONABLE TIME FRAME, AS DESCRIBED IN MY PREVIOUS EMAIL.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Date:** Friday, April 8, 2022 at 7:11 PM
**To:** Joshua M. Smith, Esq. <JMS@sspfirm.com>, Peter A. Saba, Esq. <PAS@sspfirm.com>, John J. McHugh III <McHugh@McHughlaw.com>, Jessica K. Peterson <jkp@sspfirm.com>
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>, Hart, Collin <collin.hart@blankrome.com>
**Subject:** McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Joshua,

Please see my response below in RED.

But first I want to create a record of your unprofessional and possibly unethical conduct in serving a subpoena for documents on a third party without providing notice to us as required by Civil Rule 45.

On 3/31/2022, you served a subpoena on RHR International in Chicago for documents in this case. You did not provide notice to us and a copy in advance as the rules require you to do.

At a minimum, your conduct is a serious breach of professionalism.  If intentional, a serious breach of ethics.

Please explain yourself and assure us that this kind of abuse of the civil rules and other ethical obligations will not occur in the future.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Thursday, April 7, 2022 4:54 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>; Jessica K. Peterson <jkp@sspfirm.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Michael:

Judge Barrett directed the parties to cooperate and keep discovery moving along in this case. Your "arbitrary and capricious" commentary, and statement that you'll "review and respond in a reasonable time frame" is doing nothing more than further delaying this process. If you cannot at least initially respond to the letter by today (despite having 4 days to do so) please provide a firm date when responses will be provided. We are not going to agree to an open-ended time frame, particularly given how discovery has been handled by Defendants thus far.  YOU SERVED THE REFERENCED LETTER ON US BY EMAIL ON THE EVENING OF MONDAY, APRIL 4, AFTER THE CLOSE OF BUSINESS.   WE READ IT ON TUESDAY, APRIL 5.   YOUR LETTER CONTAINS NUMEROUS INTERROGATORIES AND RFPS THAT CONTAIN OVER 100 SEPARATE SUBPARTS AND OTHER INQUIRIES AND REQUESTS FOR INFORMATION.   MANY OF YOUR REQUESTS ARE VAGUE AND OVERBROAD.   REGARDLESS, WE NEED TO DISCUSS THIS CONTENT WITH OUR CLIENT AND OUTSIDE VENDOR WE HAVE RETAINED TO CONDUCT WORD SEARCHES THROUGH TENS OF THOUSANDS OF PAGES OF DOCUMENTS THAT YOU WOULD LIKE SEARCHED.  YET YOU ARBITRARILY DEMANDED A RESPONSE WITHIN 48 HOURS, VIZ., BY APRIL 7.   I NOTE FURTHER THAT YOU DID SO DURING A TIME OF THE YEAR WHEN STAFF AND VENDORS ARE OUT OF THE OFFICE AS THEY PREPARE FOR THE UPCOMING PASSOVER AND EASTER HOLIDAYS.   THE TIME FRAME OF YOUR DEMAND, THEREFORE, IS PATENTLY UNREASONABLE.  WE ANTICIPATE BEING ABLE TO GIVE YOU A RESPONSE— CONSISTENT WITH THE CIVIL RULES—WITHIN 30 DAYS OF YOUR LETTER.   SOONER IF POSSIBLE AS WE WOULD LIKE THIS CASE TO PROCEED TO SUMMARY JUDGMENT ASAP.    THE LAST THING WE WANT IN THIS CASE IS FURTHER DELAY.

I'll also note that you have provided no excuse whatsoever as to why Plaintiff's outlook calendar cannot be produced by today, despite having been requested nearly 8 months ago. We've provided you basic, step-by-step instructions for downloading and producing the calendar in its native .pst format. This should take no more than 5-10 minutes to do. Please produce it immediately, or let us know if it is your intent not to do so such that we can bring this to the Court's attention.  AS WE TOLD THE COURT AND YOU ACKNOWLEDGED, WE HAVE ALREADY PRODUCED THE CALENDAR.   YOU SIMPLY OBJECT TO THE FORMAT.   ALTHOUGH WE HAVE NO OBLIGATION UNDER THE CIVIL RULES TO DO SO, I TOLD THE

<span style="color:red">COURT THAT AS AN ADDITIONAL SIGN OF COOPERATION AND COURTESY TO THE PLAINTIFF (REGARDLESS OF HOW UNDESERVED) WE WILL DISCUSS WITH OUR CLIENT AND OUTSIDE VENDOR THE FEASIBILITY AND COST OF PRODUCING THE CALENDAR IN A DIFFERENT FORMAT.  THIS WE ARE DOING.</span>

Finally, we will review your proposed dates and times for Mr. Sweeney's deposition to determine availability. We know that April 18 is not available. To the extent the other dates/times you proposed are unavailable, we will provide you alternative dates and time blocks over the next 2-3 months. As the Court discussed, this deposition should take no more than 20 minutes, and is to cover only the topic of what assistance (if any) Mr. Sweeney provided to Plaintiff in utilizing the iMazing software to retrieve relevant text messages. <span style="color:red">THIS IS A MIS-STATEMENT OF WHAT THE COURT SAID.  THE ONLY LIMITATION IS TO SUBJECT MATTER, SPECIFICALLY THE SEARCH OF THE TEXT MESSAGES AND SOFTWARE USED TO DO SO.  I TOLD THE COURT THAT IF I COULD CONDUCT THE DEPOSITION IN 20 MINUTES I WOULD, BUT THAT IT COULD TAKE A COUPLE OF HOURS, ESPECIALLY IF SWEENEY IS AS EVASIVE AS THE PLAINTIFF WAS IN HIS DEPOSITION.  I READ TO THE COURT AN EXAMPLE OF THE PLAINTIFF'S EVASIVENESS AND THE COURT PERMITTED THE DEPOSITION TO GO FORWARD OVER YOUR OBJECTIONS.   PLEASE PROVIDE DATES FOR THIS DEPOSITION.</span>

Again, to keep discovery moving along, please provide no later than close of business tomorrow (April 8):

1. Plaintiff's outlook calendar in its native .pst format as previously requested; and
2. A firm date when responses to all other discovery issues noted in our April 4 letter will be provided

Thank you.


Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Thursday, April 7, 2022 2:56 PM
**To:** Jessica K. Peterson <jkp@sspfirm.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Joshua,

We will review and respond to your letter in a reasonable time frame.

Your unilateral deadline is not reasonable, but arbitrary and capricious.

In the interim:
- Here are proposed dates for the deposition of Brian Sweeney: April 18 @ 1:00 PM; April 29 @ 2:00PM or May 3 @ 1:30 PM.   Please confirm that you will produce him in our offices on one   of those dates.
- Also, attached is the Verification page.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Jessica K. Peterson <jkp@sspfirm.com>
**Sent:** Monday, April 4, 2022 5:19 PM
**To:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** McHugh v. Fifth Third Bancorp; Case No. 1:21-cv-00238

Good evening Counsel:

Please see the attached correspondence as it pertains to the above referenced matter.

If you have any questions, please feel free to contact our office. Thank you.

Sincerely,

Jessica K. Peterson
Legal Assistant
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue.
Cincinnati, Ohio
45208
Direct Dial: 513.533.2730
Main Fax: 513.533.2999
jkp@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

*********************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*********************************************************************************************
******



1700 PNC Center
201 East Fifth Street | Cincinnati, OH 45202
blankrome.com

*Phone:*  **(513) 362-8701**
*Fax:*  **(513) 362-8702**
*Email:*  **michael.cioffi@blankrome.com**

May 4, 2022

**VIA ELECTRONIC MAIL**

Joshua M. Smith, Esq. (jms@sspfirm.com)
2623 Erie Ave.
Cincinnati, OH 45208

Re:   **McHugh v. Fifth Third Bank and Gregory Carmichael**

Joshua:

This letter is in response to your letter dated April 4, 2022, summarizing items discussed at the March 31, 2022, discovery conference and requesting additional discovery production. Please find responses to each item below.

1. **Defendant Gregory Carmichael's Personnel File**: Decided by the Court.  No response or action needed.

2. **Defendant Gregory Carmichael, and Timothy Spence Respective Outlook Calendars:** Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested searches of Mr. Carmichael's and Mr. Spences' Outlook calendars and Defendants should be able to produce responsive documents, if any, within 14 days. Defendants will provide a summary of the steps taken to identify and capture deleted calendars entries in conjunction with the production of responsive Outlook items.

3. **Text Message Communications of Defendants Carmichael, Timothy Spence, and Robert Shaffer:**

   a. Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer between Marsha C. Williams, C. Bryan Daniels or Michael McCallister that mention "Phil" "McHugh" "Phil McHugh" "Philip McHugh"

**Attachment 14**

May 4, 2022
Page 2

"Tim" "Spence" "Tim Spence" "Timothy Spence" "President" "CEO" "EVP" "Head of Consumer Banking" "Consumer Banking" "Succession Planning" or "Succession," for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad. Defendants should be able to produce responsive documents, if any, within 14 days.

b. Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer mentioning "McHugh" "Phil" "Phil McHugh" or "Philip McHugh," and Defendants should be able to produce responsive documents, if any, within 14 days. However, because no timeframe was specified for responsive documents, Defendants are conducting the requested search for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad.

c. Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer mentioning "Tim" "Spence" "Tim Spence" or "Timothy Spence," and Defendants should be able to produce responsive documents, if any, within 14 days. However, because no timeframe was specified for responsive documents, Defendants are conducting the requested search for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad.

d. Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer mentioning "President" "Chief Executive Officer" "CEO" "interim President" "interim CEO" or "interim Chief Executive Officer," and Defendants should be able to produce responsive documents, if any, within 14 days. However, because no timeframe was specified for responsive documents, Defendants are conducting the requested search for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad.

e. Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer mentioning "Talent" "Talent Management" "Regions" "Regional Banking" "Emergency CEO" or "Emergency President," and Defendants should be able to produce responsive documents, if any, within 14 days. However, because no timeframe was specified for responsive documents, Defendants are

May 4, 2022
Page 3

conducting the requested search for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad.

f.   Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer mentioning "consumer banking" or "Head of Consumer Banking," and Defendants should be able to produce responsive documents, if any, within 14 days. However, because no timeframe was specified for responsive documents, Defendants are conducting the requested search for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad.

g.   Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer referencing "recommendation" "recommend" or "recommending" for purposes of "CEO" "President" "Emergency CEO" "Emergency President" "interim President" or "interim CEO," and Defendants should be able to produce responsive documents, if any, within 14 days. However, because no timeframe was specified for responsive documents, Defendants are conducting the requested search for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad.

h.   Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer referencing "succession" or "succession planning," and Defendants should be able to produce responsive documents, if any, within 14 days. However, because no timeframe was specified for responsive documents, Defendants are conducting the requested search for the time period of September 1, 2019, through October 31, 2020, which is reasonable and not overbroad.

i.   Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages between Mr. Carmichael and Mr. Shaffer during the period of 9/1/2019 through 1/10/2020 and Defendants should be able to produce responsive documents, if any, within 14 days.

j.   Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages between Mr. Carmichael and any board member during the period of 9/1/2019 through 12/31/2020 and Defendants should be able to produce responsive documents, if any, within 14 days.

May 4, 2022
Page 4

    k.  Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages between Mr. Shaffer and any board member during the period of 9/1/2019 through 10/31/2020 and Defendants should be able to produce responsive documents, if any, within 14 days.

    l.  Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages between Mr. Spence and any board member during the period of 9/1/2019 through 10/31/2020 and Defendants should be able to produce responsive documents, if any, within 14 days.

    m.  Defendants' third-party production vendor (UnitedLex) is in the process of completing the requested search of all text messages of Messrs. Carmichael, Spence, and Shaffer that refer or relate to the Board meetings on December 17, 2019, and September 21-22, 2020, and the HCC Committee meeting on June 16, 2020, and Defendants should be able to produce responsive documents, if any, within 14 days.

As to the requested information on Defendants' third-party discovery production vendor (UnitedLex), Defendants will provide the requested information once the vendor completes all additional searches and in conjunction with the associated document production, if any.

Finally, as to the requested information regarding the capture of deleted text messages, Defendants will provide a summary of the steps taken to identify and capture deleted text messages in conjunction with the production of the responsive text messages to the above searches.

4.  **HCC Committee Meeting Minutes**: Defendants are in the process of producing the unredacted HCC Committee meeting materials (FifthThird-McHugh 001673-005196) to the Court for in camera inspection and should have all documents to the Court within 14 days.

5.  **Plaintiff's Outlook Calendar**: Defendants object to Plaintiff's request to produce Plaintiff's Outlook calendar for the second time. Contrary to Plaintiff's blatantly false assertion, Defendants have already produced Plaintiff's calendar, and Defendants produced Plaintiff's calendar in the same format—pdf—as Defendants previously produced the Outlook calendars of Mr. Carmichael and Mr. Spence, with which Plaintiffs do not take issue or seek reproduction. Defendants produced Plaintiff's calendar in pdf form pursuant to the prevailing industry standard. Furthermore, Defendants object to the production of Plaintiff's calendar, or any other documents, in a form that cannot be properly Bates

May 4, 2022
Page 5

numbered and that leaves the documents open to manipulation—such as the formal production of an Outlook calendar as a pst file(s) or by simply exporting Plaintiff's calendar from Outlook. Defendants' position and past production is clearly reasonable, conforms to industry standards, and complies with standard discovery procedure.

6. **Verification Page**: The requested verification page was produced to Plaintiff as an attachment to my email of April 7, 2022, at 2:56pm.

7. **Employee Engagement Survey Results and Customer Experience Survey Results**: Defendants are in the process of compiling these requested documents and will produce responsive documents to Plaintiff within 14 days.

8. **Deposition of Brian D. Sweeney**: No further response needed as Mr. Sweeney's deposition has been scheduled for May 12, 2022.

Respectfully,

Michael L. Cioffi
Partner

CC:    John J. McHugh III, Esq.
       Peter A. Saba, Esq.

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. |
| **Sent:** | Monday, May 9, 2022 2:56 PM |
| **To:** | barrett_chambers@ohsd.uscourts.gov; Krista Zeller |
| **Cc:** | Cioffi, Michael L.; Peter A. Saba, Esq.; John J. McHugh III; Stewart, Tom; Hart, Collin; Jessica K. Peterson |
| **Subject:** | McHugh v. Fifth Third et al. (1:21-cv-00238) |
| **Attachments:** | Attachment 1 -2021.12.27.D's Counsel Email re Calendar Access.pdf; Attachment 2 - Calendar Production Examples.pdf; Attachment 3 - 2022.01.12.Letter to Def. re Calendar Production.pdf; Attachment 4 - 2022.01.18.Email to Chambers.pdf; Attachment 5 - 2022.03.30.Email to Chambers.pdf; Attachment 6 - 2022.04.04.Discovery Letter to Defendants.pdf; Attachment 7 - 2022.04.07 Email Exchange with Counsel.pdf; Attachment 8 - 2022.04.08 Email Exchange with Counsel.pdf; Attachment 9 - 2022.04.20 - 27 Email exchanges with counsel.pdf; Attachment 10 - 2022.05.04 Defendants' Response to Plaintiff's 4-4-22 Letter re Discovery Dispute.pdf; Attachment 11 - 2022.04.27.Proposed Calendar Order.pdf |

Ms. Bedree and Ms. Zeller,

Plaintiff is respectfully requesting formal briefing and/or a follow-up hearing as to Plaintiff's request for his Microsoft Outlook Calendar from Defendants, previously discussed with the Court at the 3/31 discovery conference. Unfortunately, since the last conference with the Court, Defendants have made clear that they do **not** intend to produce the Plaintiff's outlook calendar, much less, in its native and readable format as requested. Below is a summary of the issue for the Court's review:

**Plaintiff's Outlook Calendar**

The outlook calendar dispute has been ongoing with Defendants since this past December 2021, when Defendants produced a zip file within a hyperlink, which Defendants' counsel represented to be Plaintiff's calendar. (*See* **Attachment 1**, Dec. 22, 2021 E-mail from Defendant's Counsel). To be clear, this zip file was **not** the calendar. Rather, the zip file contained 64,366 PDF's and Excel Spreadsheets, bates numbered FifthThirdBank-McHugh007179-071545, some of which appeared to be calendar invites and attachments to those invites, in no particular order. Screenshots and examples of the production are attached for the Court's reference. (*See* **Attachment 2** – Calendar Production Examples).

After receiving this production, Plaintiff noted the deficiencies (i.e., that this is not the actual calendar) in a call with Defendants on January 5, 2022. Defendants counsel indicated they would look into the issue as they had the understanding that the actual calendar was produced, and follow-up with Plaintiff. When Plaintiff did not hear back, he followed up with Defendants in a January 12, 2022 letter, stating:

> As we discussed on our January 5, 2022 telephone conference, Plaintiff's electronic calendar was not produced. Our understanding is that the calendar, maintained through Microsoft Outlook, can readily be produced in its native format as a .pst file without burden. It was also understanding that you were working with your client to ensure production of this item, but that has still not occurred. Please produce the electronic calendar in its native format.

(*See* **Attachment 3** – 2022.01.12. Letter to Defendant re Calendar Production).

On January 18, 2022 after still receiving no response from Defendants, Plaintiff raised this issue in an e-mail to the Court, stating:

**Attachment 15**

**Request for Production No. 1:** Despite Defendants' prior representations that Plaintiff's outlook calendar is in their possession and can be readily produced, Defendants have still failed to produce it. Instead, Fifth Third produced approximately 30,000 pages of irrelevant documents, many of which relate to specific customers of the bank. Defendants represented that they were looking into this issue two weeks ago, but to date have failed to apprise Plaintiff of the status of their response or a commitment to actually produce the calendar. It is Plaintiff's understanding, to which Defendants agreed, that this calendar can be produced in its native .pst format without burden.

(*See* **Attachment 4** – 2022.01.18 E-mail to Chambers).

Defendants did not respond to this e-mail until March 30, 2022, the day before the 3/31 discovery conference. In doing so, Defendants claimed for the first time that Fifth Third had already produced the calendar, and incorrectly indicated that the discovery instructions did not request the file in its native format:

> Fifth Third originally produced Plaintiff's electronic calendar in PDF format at the same time that it served its written responses to Plaintiff's First Set of Interrogatories, Second Set of Requests for Production, and Third Set of Requests for Production in December 2021. Because Plaintiff did not include any instruction that the calendar be produced in .pst format, Fifth Third's December 2021 production of the electronic calendar fully satisfied its obligations for production under Civil Rule 34.

(*See* **Attachment 5** – 2022.03.30 E-mail to Chambers).

At the 3/31 discovery conference, the parties discussed this issue with the Court, and the Court directed Defendants to look into the ability to produce the calendar including in its native .pst format. Defendants acknowledged they would do so.

On April 4, 2022 following the 3/31 discovery conference, Plaintiff sent Defendants correspondence following up on the calendar and other issues. In doing so, Plaintiff provided simple, step-by-step instructions for downloading and producing the calendar listed below:

1.  Open Microsoft Outlook
2.  Click "File"
3.  Select "Open & Export"
4.  Select "Import/Export" to load Outlook's Import and Export Wiazard
5.  Click "Export to a file"
6.  Click "Next"
7.  Select "Outlook Data File (.pst)" on the list of available export formats;
8.  Click "Next"
9.  Sleect the account containing the calendar you want to transfer (i.e., Phil McHugh's account)
10. Place a check mark in the "include subfolders" check box
11. Click the "Browse" button and select where you want to save the exported calendar data;
12. Select how you want Outlook to handle duplicate export data. Select "allow duplicates"
13. Click "Finish" to export the calendar.

(*See* **Attachment 6** – 2022.04.04 Discovery Letter to Defendants). Indeed, Plaintiff's counsel and staff have tested this process and confirmed the ability to download and export an outlook calendar within 5-10 minutes.

Despite the ease with which the calendar can be downloaded and produced, Defendants responded with a refusal to do the same or commit to a timeframe for doing so. (*See* **Attachment 7** – April 7, 2022 Email Exchange with Counsel). Plaintiff noted this issue in an e-mail back that same day, and Defendants then responded with in all caps, red font tirade, indicating that they would "discuss" the feasibility and cost of producing the calendar in its .pst format with their outside vendor. (*See* **Attachment 8** – April 8, 2022 Email Exchange with Counsel). Defendants later responded on April 20, 2022 with indications that they would generally respond to Plaintiff's April 4 letter by May 4 including with requested documents (text messages, calendar entries, HCC committee meeting minutes, and employee/customer performance scores (*See* **Attachment 9** – April 20-27 Email exchange with counsel). However, Defendants remained silent as to the calendar issue.

Plaintiff noted that Defendants still had not committed to producing the outlook calendar, and again asked for a confirmation that it would be produced. (*Id.*).

Defendants finally addressed the calendar issue on May 4, but in doing so have gone back to their incorrect assertion that the calendar has been produced:

5. **Plaintiff's Outlook Calendar**: Defendants object to Plaintiff's request to produce Plaintiff's Outlook calendar for the second time. Contrary to Plaintiff's blatantly false assertion, Defendants have already produced Plaintiff's calendar, and Defendants produced Plaintiff's calendar in the same format—pdf—as Defendants previously produced the Outlook calendars of Mr. Carmichael and Mr. Spence, with which Plaintiffs do not take issue or seek reproduction. Defendants produced Plaintiff's calendar in pdf form pursuant to the prevailing industry standard. Furthermore, Defendants object to the production of Plaintiff's calendar, or any other documents, in a form that cannot be properly Bates

   numbered and that leaves the documents open to manipulation—such as the formal production of an Outlook calendar as a pst file(s) or by simply exporting Plaintiff's calendar from Outlook. Defendants' position and past production is clearly reasonable, conforms to industry standards, and complies with standard discovery procedure.

(*See* **Attachment 10** – 2022.05.04.Letter to Plaintiff's Counsel).

Simply put, this latest objection to the calendar's production is baseless (not to mention untimely and thus waived). 64,366 PDF and excel documents in a zip file are not Plaintiff's outlook calendar, and they are not produced in the requested format, nor a reasonably usable form. Rather, as repeatedly explained to Defendants, the calendar is an outlook .pst file, which can be downloaded and exported from Microsoft Outlook through a simple, 5 minute, step-by-step process, outlined above. Indeed, Plaintiff's counsel has performed this process to download his own calendar, as have counsel's staff. Plaintiff has repeatedly explained this process to Defendants, and yet they continually refuse to produce the calendar, whether in PDF or native .pst format. Now, Defendants wrongly claim that it has been produced when it was not, and further wrongly assert that they already produced Spence and Carmichael's outlook calendars (which they have not, and are one of the discovery disputes the court heard on 3/31).

This Court and others have made clear that where requested, documents should be produced in their native format, including all metadata. *In re Porsche Cars N. Am, Inc.*, 279 F.R.D. 447, 449 (S.D. Ohio 2012)(Noting that the SD of Ohio has expressed a preference for the production of electronically stored information in its native format.); *Aguilar v. Immigration & Customes Enforcement Div.*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008)("Courts generally have ordered the production of metadata when it is sought in the initial document request and the producing party has not yet produced the documents in any form."); *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.* 2006 U.S. Dist. LEXIS 10838 (N.D. Ill. 2006)(finding that plaintiff's request for metadata is discoverable as it is relevant to infringement claim and will allow him to piece together the chronology of events and figure out, among other things, who received what information and when).

Moreover, Rule 34 makes clear that even if a request does not specify a form for production, the documents must be produced in a form "in which it is ordinarily maintained *or in a reasonably usable form*." *See* Fed. R. Civ. P. 34(b)(2)(E)(ii)(emphasis added); *See also* Advisory Committee Note to 2006 Amendment to Rule 34(b)("The option to produce in a reasonably usable form does not mean that a responding party is free to convert [ESI] from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome or the requesting party to use the information efficiently in litigation. If the responding party ordinarily maintain the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."); *White v. Graceland College Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp.2d 1250, 1264 (D. Kan. 2008)(citing same in finding "Defendants' conversion of the emails and attachments to PDF documents and production of the PDF documents in paper format does not comply with the option to produce them in a reasonable usable form."); *Gemran v. Micro Elecs., Inc.*, 2013 U.S. Dist. LEXIS 4594 at *23 (S.D. Ohio 2013)("Nor is Plaintiff's proffered

production 'in a reasonably usable form' given that her production method strips the entries of their original and complete text, formatting, images, and likely the source.").

Defendants did not comply with either of the above, and have now indicated their refusal to do so. As such, Plaintiff requests the Court's intervention in this dispute. If the Court would prefer formal briefing on the issue Plaintiff can brief the same as soon as possible. Alternatively, if the Court would prefer a follow-up status conference, Plaintiff's counsel will make themselves available at the Court's earliest convenience.

**Amended Calendar Order**

Additionally, Plaintiff would like to address the amended calendar order with the Court. On 4/26 the Court issued a notation order reminding the parties of their obligation to craft a proposed amended calendar order for the Court's consideration. The following day, Plaintiff sent a draft of such an order to Defendants, and asked Defendants to confirm whether they are in agreement with the proposed dates. (*See* **Attachment 11** – Proposed Amended Calendar Order). Since then, no response has been provided. Given Defendants refusal to participate, Plaintiff is submitting the attached proposed calendar order for the Court's consideration.

Plaintiff appreciates the Court's attention to this matter. If the Court has any questions or concerns, or would otherwise like to discuss these issues further, please do not hesitate to reach out.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Cioffi, Michael L. <michael.cioffi@blankrome.com> |
| **Sent:** | Wednesday, May 18, 2022 11:43 AM |
| **To:** | barrett_chambers@ohsd.uscourts.gov; Krista Zeller; lindsay_littleton@ohsd.uscourts.gov |
| **Cc:** | Joshua M. Smith, Esq.; Peter A. Saba, Esq.; John J. McHugh III; Stewart, Tom; Hart, Collin; Jessica K. Peterson |
| **Subject:** | RE: McHugh v. Fifth Third et al. (1:21-cv-00238) - May 19th 10:00am Conference |
| **Attachments:** | Defendants Proposed Calendar Order.docx; Plaintiff Proposed Calendar Order.docx |

Judge Barrett, Ms. Bedree, Ms. Zeller and Ms. Littleton,

Plaintiff has chosen further delay and to waste judicial and party resources on two straightforward discovery issues:

1. **Plaintiff's Outlook Calendar**

   Defendants have produced Plaintiff's calendar. Period. It was produced in .pdf with bates numbering on every page. Defendants have verified with their outside e-discovery vendor that such format is industry standard and how such calendars are routinely produced in litigation. This .pdf format can easily be made fully searchable by Plaintiff. This .pdf format can also easily be reconstructed by Plaintiff as a calendar. Plaintiff could have done so more than a year ago when Defendants produced the calendar in .pdf format with bates numbering. Instead Plaintiff has chosen to delay the litigation and fight incessantly over a non-issue.

   Plaintiff wants the calendar "exported" in digital form directly from Outlook so that it can be uploaded in Outlook. But production of the calendar in that manner, which to Defendants' knowledge has never been ordered by a court, would allow additions, deletions, and manipulation of data on the calendar (which cannot be done with the calendar already produced in .pdf) and would not be bates numbered for future citation, if any. None of the cases cited by Plaintiff involve production of a calendar in Outlook. Defendants believe that no additional briefing is necessary. Yet if the Court wants briefing, that briefing should be limited to no more than 3 pages per side.

2. **Amended Calendar Order**

   The parties have exchanged proposed calendar orders with conflicting dates. Attached are Defendants' proposed calendar order and Plaintiff's proposed calendar order for the Court to review and choose between. Although the end dates are identical (a Settlement Conference in May 2023), the primary differences are these:

   a. Defendants propose expert reports after conclusion of fact discovery to assess any need for additional expert(s); Plaintiff proposes expert reports during fact discovery, 5 months before their proposed cutoff;
   b. Defendants propose disclosure of fact witnesses as the first deadline to allow ample time for depositions; Plaintiff proposes fact witness disclosure two months before the close of fact discovery with the end of year holidays in between;
   c. Defendants propose a fact discovery deadline of December 1 to accommodate the holidays; Plaintiffs propose the end of January 2023;
   d. Defendants' proposal includes deadlines for all dispositive motion briefing; Plaintiffs' proposal lists only the deadline for dispositive motions themselves.

Two other issues are "brewing" and for the sake of efficiency perhaps should be addressed now:

**Attachment 16**

**3. Additional Word Searches Conducted By Defendants**

By way of update, since the Court conference on March 31, Defendants have worked diligently with our outside e-discovery vendor on the word searches and other items discussed during that conference. Plaintiff requested that we search an additional 51 terms across Defendants' Outlook calendars and text messages. Although the terms are grossly overbroad, we asked our vendor to search all of these terms. Using the 51 search terms that Plaintiff provided, 154,841 documents were identified from the calendars of Gregory Carmichael, CEO and Chairman of Fifth Third, and Timothy Spence, President of Fifth Third. We believe that the vast majority of hits have nothing to do with the issues in this case, given such generic search terms as "Bob" and "Greg" and "Phil." Similarly, searches have been conducted of the private cell phones of Mr. Carmichael and Mr. Spence which have resulted in 153,671 hits. Again, we believe that most of these hits are likewise irrelevant. In short, Plaintiff's fishing expedition has cast a wide net and the resulting catches need to be reviewed for relevancy and privilege.

Given this tremendous volume and assuming that Plaintiffs are not willing to rely upon Defendants' review of such documents for relevance and privilege and so as not to burden the Court, Defendants propose the appointment of a Special Master to conduct such reviews.

**4. Additional Non-Destructive Examination by Defendants' Expert**

Defendants' expert, Dr. Erich Speckin, needs to make further non-destructive testing and examination of the original handwritten notes, Exhibit 23 of Plaintiff's deposition. The handwritten notes are in the possession, custody, and control of Plaintiff's counsel. This additional examination is necessary because Dr. Speckin's equipment was not operating properly during his first examination because airport TSA disrupted the calibration when they inspected it. Dr. Speckin was available on the day that Plaintiff's expert conducted his testing but Plaintiff would not allow Dr. Speckin to do his further testing. Defendants have again requested this examination in Plaintiff's counsel's office. Defendants have no objection to Plaintiff's expert being present. As Defendants notified Plaintiff, Dr. Speckin is available to travel to Plaintiff's counsel's office on either May 24 or 25. He will need about 4 hours or less to finish his examination. Plaintiff's counsel did not respond about Dr. Speckin's additional examination. Defendants ask the Court to address this issue as well during the May 19 telephone conference.

Thank you and we look forward to discussing these issues tomorrow at 10:00 am.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Monday, May 9, 2022 2:56 PM
**To:** barrett_chambers@ohsd.uscourts.gov; Krista Zeller <Krista_Zeller@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** McHugh v. Fifth Third et al. (1:21-cv-00238)

Ms. Bedree and Ms. Zeller,

Plaintiff is respectfully requesting formal briefing and/or a follow-up hearing as to Plaintiff's request for his Microsoft Outlook Calendar from Defendants, previously discussed with the Court at the 3/31 discovery conference. Unfortunately, since the last conference with the Court, Defendants have made clear that they do **not** intend to produce the Plaintiff's

outlook calendar, much less, in its native and readable format as requested. Below is a summary of the issue for the Court's review:

**Plaintiff's Outlook Calendar**

The outlook calendar dispute has been ongoing with Defendants since this past December 2021, when Defendants produced a zip file within a hyperlink, which Defendants' counsel represented to be Plaintiff's calendar. (*See* **Attachment 1**, Dec. 22, 2021 E-mail from Defendant's Counsel). To be clear, this zip file was **not** the calendar. Rather, the zip file contained 64,366 PDF's and Excel Spreadsheets, bates numbered FifthThirdBank-McHugh007179-071545, some of which appeared to be calendar invites and attachments to those invites, in no particular order. Screenshots and examples of the production are attached for the Court's reference. (*See* **Attachment 2** – Calendar Production Examples).

After receiving this production, Plaintiff noted the deficiencies (i.e., that this is not the actual calendar) in a call with Defendants on January 5, 2022. Defendants counsel indicated they would look into the issue as they had the understanding that the actual calendar was produced, and follow-up with Plaintiff. When Plaintiff did not hear back, he followed up with Defendants in a January 12, 2022 letter, stating:

> As we discussed on our January 5, 2022 telephone conference, Plaintiff's electronic calendar was not produced. Our understanding is that the calendar, maintained through Microsoft Outlook, can readily be produced in its native format as a .pst file without burden. It was also understanding that you were working with your client to ensure production of this item, but that has still not occurred. Please produce the electronic calendar in its native format.

(*See* **Attachment 3** – 2022.01.12. Letter to Defendant re Calendar Production).

On January 18, 2022 after still receiving no response from Defendants, Plaintiff raised this issue in an e-mail to the Court, stating:

> **Request for Production No. 1:** Despite Defendants' prior representations that Plaintiff's outlook calendar is in their possession and can be readily produced, Defendants have still failed to produce it. Instead, Fifth Third produced approximately 30,000 pages of irrelevant documents, many of which relate to specific customers of the bank. Defendants represented that they were looking into this issue two weeks ago, but to date have failed to apprise Plaintiff of the status of their response or a commitment to actually produce the calendar. It is Plaintiff's understanding, to which Defendants agreed, that this calendar can be produced in its native .pst format without burden.

(*See* **Attachment 4** – 2022.01.18 E-mail to Chambers).

Defendants did not respond to this e-mail until March 30, 2022, the day before the 3/31 discovery conference. In doing so, Defendants claimed for the first time that Fifth Third had already produced the calendar, and incorrectly indicated that the discovery instructions did not request the file in its native format:

> Fifth Third originally produced Plaintiff's electronic calendar in PDF format at the same time that it served its written responses to Plaintiff's First Set of Interrogatories, Second Set of Requests for Production, and Third Set of Requests for Production in December 2021. Because Plaintiff did not include any instruction that the calendar be produced in .pst format, Fifth Third's December 2021 production of the electronic calendar fully satisfied its obligations for production under Civil Rule 34.

(*See* **Attachment 5** – 2022.03.30 E-mail to Chambers).

At the 3/31 discovery conference, the parties discussed this issue with the Court, and the Court directed Defendants to look into the ability to produce the calendar including in its native .pst format. Defendants acknowledged they would do so.

On April 4, 2022 following the 3/31 discovery conference, Plaintiff sent Defendants correspondence following up on the calendar and other issues. In doing so, Plaintiff provided simple, step-by-step instructions for downloading and producing the calendar listed below:

1. Open Microsoft Outlook
2. Click "File"
3. Select "Open & Export"
4. Select "Import/Export" to load Outlook's Import and Export Wiazard
5. Click "Export to a file"
6. Click "Next"
7. Select "Outlook Data File (.pst)" on the list of available export formats;
8. Click "Next"
9. Sleect the account containing the calendar you want to transfer (i.e., Phil McHugh's account)
10. Place a check mark in the "include subfolders" check box
11. Click the "Browse" button and select where you want to save the exported calendar data;
12. Select how you want Outlook to handle duplicate export data. Select "allow duplicates"
13. Click "Finish" to export the calendar.

(*See* **Attachment 6** – 2022.04.04 Discovery Letter to Defendants). Indeed, Plaintiff's counsel and staff have tested this process and confirmed the ability to download and export an outlook calendar within 5-10 minutes.

Despite the ease with which the calendar can be downloaded and produced, Defendants responded with a refusal to do the same or commit to a timeframe for doing so. (*See* **Attachment 7** – April 7, 2022 Email Exchange with Counsel). Plaintiff noted this issue in an e-mail back that same day, and Defendants then responded with in all caps, red font tirade, indicating that they would "discuss" the feasibility and cost of producing the calendar in its .pst format with their outside vendor. (*See* **Attachment 8** – April 8, 2022 Email Exchange with Counsel). Defendants later responded on April 20, 2022 with indications that they would generally respond to Plaintiff's April 4 letter by May 4 including with requested documents (text messages, calendar entries, HCC committee meeting minutes, and employee/customer performance scores (*See* **Attachment 9** – April 20-27 Email exchange with counsel). However, Defendants remained silent as to the calendar issue. Plaintiff noted that Defendants still had not committed to producing the outlook calendar, and again asked for a confirmation that it would be produced. (*Id.*).

Defendants finally addressed the calendar issue on May 4, but in doing so have gone back to their incorrect assertion that the calendar has been produced:

5. **Plaintiff's Outlook Calendar**: Defendants object to Plaintiff's request to produce Plaintiff's Outlook calendar for the second time. Contrary to Plaintiff's blatantly false assertion, Defendants have already produced Plaintiff's calendar, and Defendants produced Plaintiff's calendar in the same format—pdf—as Defendants previously produced the Outlook calendars of Mr. Carmichael and Mr. Spence, with which Plaintiffs do not take issue or seek reproduction. Defendants produced Plaintiff's calendar in pdf form pursuant to the prevailing industry standard. Furthermore, Defendants object to the production of Plaintiff's calendar, or any other documents, in a form that cannot be properly Bates

   numbered and that leaves the documents open to manipulation—such as the formal production of an Outlook calendar as a pst file(s) or by simply exporting Plaintiff's calendar from Outlook. Defendants' position and past production is clearly reasonable, conforms to industry standards, and complies with standard discovery procedure.

(*See* **Attachment 10** – 2022.05.04.Letter to Plaintiff's Counsel).

Simply put, this latest objection to the calendar's production is baseless (not to mention untimely and thus waived). 64,366 PDF and excel documents in a zip file are not Plaintiff's outlook calendar, and they are not produced in the requested format, nor a reasonably usable form. Rather, as repeatedly explained to Defendants, the calendar is an outlook .pst file, which can be downloaded and exported from Microsoft Outlook through a simple, 5 minute, step-by-step process, outlined above. Indeed, Plaintiff's counsel has performed this process to download his own calendar, as have counsel's staff. Plaintiff has repeatedly explained this process to Defendants, and yet they continually refuse to produce the calendar, whether in PDF or native .pst format. Now, Defendants wrongly claim that it has been produced when it was not, and further wrongly assert that they already produced Spence and Carmichael's outlook calendars (which they have not, and are one of the discovery disputes the court heard on 3/31).

This Court and others have made clear that where requested, documents should be produced in their native format, including all metadata. *In re Porsche Cars N. Am, Inc.*, 279 F.R.D. 447, 449 (S.D. Ohio 2012)(Noting that the SD of Ohio has expressed a preference for the production of electronically stored information in its native format.); *Aguilar v. Immigration & Customes Enforcement Div.*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008)("Courts generally have ordered the production of metadata when it is sought in the initial document request and the producing party has not yet produced the documents in any form."); *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.* 2006 U.S. Dist. LEXIS 10838 (N.D. Ill. 2006)(finding that plaintiff's request for metadata is discoverable as it is relevant to infringement claim and will allow him to piece together the chronology of events and figure out, among other things, who received what information and when).

Moreover, Rule 34 makes clear that even if a request does not specify a form for production, the documents must be produced in a form "in which it is ordinarily maintained *or in a reasonably usable form*." *See* Fed. R. Civ. P. 34(b)(2)(E)(ii)(emphasis added); *See also* Advisory Committee Note to 2006 Amendment to Rule 34(b)("The option to produce in a reasonably usable form does not mean that a responding party is free to convert [ESI] from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome or the requesting party to use the information efficiently in litigation. If the responding party ordinarily maintain the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."); *White v. Graceland College Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp.2d 1250, 1264 (D. Kan. 2008)(citing same in finding "Defendants' conversion of the emails and attachments to PDF documents and production of the PDF documents in paper format does not comply with the option to produce them in a reasonable usable form."); *Gemran v. Micro Elecs., Inc.*, 2013 U.S. Dist. LEXIS 4594 at *23 (S.D. Ohio 2013)("Nor is Plaintiff's proffered production 'in a reasonably usable form' given that her production method strips the entries of their original and complete text, formatting, images, and likely the source.").

Defendants did not comply with either of the above, and have now indicated their refusal to do so. As such, Plaintiff requests the Court's intervention in this dispute. If the Court would prefer formal briefing on the issue Plaintiff can brief the same as soon as possible. Alternatively, if the Court would prefer a follow-up status conference, Plaintiff's counsel will make themselves available at the Court's earliest convenience.

**Amended Calendar Order**

Additionally, Plaintiff would like to address the amended calendar order with the Court. On 4/26 the Court issued a notation order reminding the parties of their obligation to craft a proposed amended calendar order for the Court's consideration. The following day, Plaintiff sent a draft of such an order to Defendants, and asked Defendants to confirm whether they are in agreement with the proposed dates. (*See* **Attachment 11** – Proposed Amended Calendar Order). Since then, no response has been provided. Given Defendants refusal to participate, Plaintiff is submitting the attached proposed calendar order for the Court's consideration.

Plaintiff appreciates the Court's attention to this matter. If the Court has any questions or concerns, or would otherwise like to discuss these issues further, please do not hesitate to reach out.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co.,
L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**********************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************************
******

**Jessica K. Peterson**

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. |
| **Sent:** | Wednesday, May 18, 2022 03:39 PM |
| **To:** | Cioffi, Michael L.; barrett_chambers@ohsd.uscourts.gov; Krista Zeller; lindsay_littleton@ohsd.uscourts.gov |
| **Cc:** | Peter A. Saba, Esq.; John J. McHugh III; Stewart, Tom; Hart, Collin; Jessica K. Peterson |
| **Subject:** | RE: McHugh v. Fifth Third et al. (1:21-cv-00238) - May 19th 10:00am Conference |
| **Attachments:** | Attachment 12 - 2022.01.08.Email Exchange with Counsel.pdf; Attachment 13 - 2022.05.16.Email exchange with Counsel.pdf; Attachment 14 - 2022.05.16.Redline to D's Proposed Calendar Order.pdf; Attachment 15 - Def.'s Requests for Production.pdf |

In response to Defendants' e-mail to the Court today (5/18):

1. **Plaintiff's Outlook Calendar:**

   Mr. Cioffi's email is directly contradicted by his attached email from January 8, 2022, in which he writes:

   *"We have been working over the last two days with Fifth Third's IT people. **We will be in a position to send you the calendar in a pst file early next week. I am told it will be fully searchable as if you opened it in Outlook**."* (*See* **Attachment 12** – 2022.01.08.Email Exchange with Counsel).

   In other words, there **is** a readily searchable format for Plaintiff's calendar that Defendant has had available since mid-January, which they have withheld.  This is indicative of the discovery gamesmanship and false representations regarding discovery that the Plaintiff has been dealing with for over a year.

   Defendants also falsely claim that they have produced the calendar in a non-native PDF format. Notwithstanding that this would not comply with the discovery request, **no such document has been produced.**

   In what is generally recognized as a "document dump" maneuver,  Defense counsel claims that the 64,000+ pages of randomly ordered documents can be reassembled to create the Plaintiff's Outlook Calendar that Defendants have been sitting on since January.   Defense counsel is well aware that it would require thousands of hours reviewing the disordered documents, ordering them and inputting them into a calendar, before Plaintiff would be able to potentially determine everything that is missing.

   Defendants are obfuscating and creating an issue out of something that should be an easily produced discovery item. Defense Counsel tries to justify their actions with a non-existent  "industry standard" which is directly contradicted by the requirements of the federal civil rules. *See* FRCP 1 (Stating that the rules "should be constructed administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."); FRCP 34(b)(2)(E)("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; [and] if a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.").

   The calendar should have been produced months ago, and there is no reason it cannot be produced now.

1

**Attachment 17**

2. **Amended Calendar Order**

Defendants have omitted relevant correspondence between the parties on this issue, including changes proposed by Plaintiff on Monday (5/16) in response to Defendants' late-submitted proposed calendar order to Plaintiff on Friday (5/13). (*See* **Attachment 13** – 2022.05.18 Email exchange with Counsel, and **Attachment 14 –** 2022.05.16. Redline to Defendant's Proposed Calendar Order). This was, of course, weeks after Plaintiff submitted their original proposed order to Defendants on 4/27 and were ignored.

When Defense counsel sent his proposed calendar last Friday (5/13), he claimed there was only one slight change to Plaintiff's version (not true) and demanded Plaintiff respond with agreement that same day. Plaintiff responded on Monday (5/16), noting a number of issues with the proposed calendar, explaining their position on the same, and offering compromises. That was ignored like the original calendar proposal, and Defendants instead went directly to the Court.

Below are the issues with Defendants' proposal:

- A discovery cutoff of January 31, 2023 (rather than December 1, 2022) is appropriate, given the discovery issues in this case thus far.

- A fact witness disclosure date of November 15, 2022 is appropriate, given such dates are generally a supplement to the parties' initial disclosures, and are set toward the end of discovery so that witnesses identified in depositions or supplemental discovery can be included in the disclosure, while leaving some additional time in the event that a witness is disclosed whom either side was not previously aware of. Thus, the November 15, 2022 date for disclosure of fact witnesses is appropriate and consistent with past practice.

- Contrary to Defendants' e-mail, Plaintiff indicated a willingness to agree to the proposed expert report dates. It is not clear why Defendant ignored this and claim there is disagreement.

- Plaintiffs agreed to the dates for dispositive motion briefing provided by Defendants, so it is not clear why Defendants ignored this too and claim disagreement.

- Defendants do not mention this, but they changed the rebuttal expert report deadline in the order from 30 days to 15 days. This is contrary to the court's prior order in which each side was given 30 days for rebuttal experts, which is appropriate considering the rebuttal expert would otherwise only have approximately 2 weeks to craft a rebuttal report.

In light of these, Plaintiff asks that the Court either adopt Plaintiff's originally proposed dates, or the compromise dates provided to Defendants which were omitted from its e-mail to the Court (**Attachment 14**)

3. **Additional Word Searches Conducted by Defendants**

It has been 7 weeks since the 3/31 discovery conference and Defendants have not produced one additional text or calendar entry, despite now indicating that there are 150,000+ responsive documents. Plaintiff initially asked Defendants to respond by April 7 regarding proposed search terms. Defendant refused, called the response time "arbitrary and capricious," and indicated they would respond in a "reasonable time frame." When Plaintiff asked for a firm date for response if 4/7 did not work, Defendants demanded 30 days, or May 4. Despite concerns over delay, Plaintiff eventually agreed to this, hoping that this would allow for full and complete production. May 4 then came and went, and

Defendants produced nothing, instead indicating they would respond in 14 more days (i.e., today). And now, on the day of this extended deadline Defendants yet again refuse to produce responsive documents, and instead come directly to the Court and ask for a special master to determine questions of relevance and privilege. Such conduct is simply more of the delay tactics and gamesmanship that Defendants' counsel has engaged in throughout this case.

Needless to say, there is no need for a special master on this issue. Issues of privilege can and must be addressed through a privilege log. *See* FRCP 26(b)(5). Defendants have had 7 weeks to compile such a log, and provide no excuse as to why they do not have one. They do not need a special master to help them create such a log.

As to relevancy, this is a non-issue for purposes of this discovery. Text messages between a decisionmaker (Carmichael), a substantially younger employee (Spence), and the Chief HR Officer (Shaffer) which include terms such as "succession" "CEO" and "president" are plainly relevant to the claims and defenses here, and well within the scope of discovery under Rule 26. Indeed, Defendant requested as much from Plaintiff, asking for any text messages that mention "Fifth Third Bank" Fifth Third" "5/3," or texts to or from any person "regarding your employment with Fifth Third Bank" from January 1, 2017 through the date of response. (*See* **Attachment 15 – Def's Requests for Production**). Plaintiff produced hundreds of such responsive text messages without question, and Defendants should be held to the same standard.

4. **Additional Non-Destructive Examination by Defendants' Expert**

This request is nothing more than an attempt to get a second bite at the documents Defendants' expert has already tested. And there is no legitimate basis for it. Plaintiff's counsel has conferred with their expert, who confirmed that all the testing conducted on-site was completed, and none of the equipment utilized that day requires calibration. Indeed, the testing involved taking ink samples from the documents, utilizing a drying/dehumidifying device, and a dusting device utilized to create ESDA sheets from the handwritten documents. The only additional testing which would require some level of calibration would be testing the ink samples taken, which would have occurred at Defendants' experts' home lab.

Defendants have their samples from the documents, and they need nothing more. Plaintiff objects to this attempt to engage in further testing of such documents without a legitimate basis for it.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Wednesday, May 18, 2022 11:43 AM
**To:** barrett_chambers@ohsd.uscourts.gov; Krista Zeller <Krista_Zeller@ohsd.uscourts.gov>;
lindsay_littleton@ohsd.uscourts.gov
**Cc:** Joshua M. Smith, Esq. <JMS@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III
<McHugh@McHughlaw.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin
<collin.hart@blankrome.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third et al. (1:21-cv-00238) - May 19th 10:00am Conference

Judge Barrett, Ms. Bedree, Ms. Zeller and Ms. Littleton,

Plaintiff has chosen further delay and to waste judicial and party resources on two straightforward discovery issues:

1. **Plaintiff's Outlook Calendar**

   Defendants have produced Plaintiff's calendar.  Period.  It was produced in .pdf with bates numbering on every
   page.  Defendants have verified with their outside e-discovery vendor that such format is industry standard and
   how such calendars are routinely produced in litigation.  This .pdf format can easily be made fully searchable by
   Plaintiff.  This .pdf format can also easily be reconstructed by Plaintiff as a calendar.  Plaintiff could have done so
   more than a year ago when Defendants produced the calendar in .pdf format with bates numbering.  Instead
   Plaintiff has chosen to delay the litigation and fight incessantly over a non-issue.

   Plaintiff wants the calendar "exported" in digital form directly from Outlook so that it can be uploaded in
   Outlook.  But production of the calendar in that manner, which to Defendants' knowledge has never been
   ordered by a court, would allow additions, deletions, and  manipulation of data on the calendar (which cannot
   be done with the calendar already produced in .pdf)  and would not be bates numbered for future citation, if
   any.  None of the cases cited by Plaintiff involve production of a calendar in Outlook.  Defendants believe that no
   additional briefing is necessary.  Yet if the Court wants briefing, that briefing should be limited to no more than 3
   pages per side.

2. **Amended Calendar Order**

   The parties have exchanged proposed calendar orders with conflicting dates.  Attached are Defendants'
   proposed calendar order and Plaintiff's proposed calendar order for the Court to review and choose
   between.  Although the end dates are identical (a Settlement Conference in May 2023), the primary differences
   are these:

   a. Defendants propose expert reports after conclusion of fact discovery to assess any need for additional
      expert(s); Plaintiff proposes expert reports during fact discovery, 5 months before their proposed cutoff;
   b. Defendants propose disclosure of fact witnesses as the first deadline to allow ample time for
      depositions; Plaintiff proposes fact witness disclosure two months before the close of fact discovery
      with the end of year holidays in between;
   c. Defendants propose a fact discovery deadline of December 1 to accommodate the holidays; Plaintiffs
      propose the end of January 2023;
   d. Defendants' proposal includes deadlines for all dispositive motion briefing; Plaintiffs' proposal lists only
      the deadline for dispositive motions themselves.

Two other issues are "brewing" and for the sake of efficiency perhaps should be addressed now:

3. **Additional Word Searches Conducted By Defendants**

By way of update, since the Court conference on March 31, Defendants have worked diligently with our outside e-discovery vendor on the word searches and other items discussed during that conference.  Plaintiff requested that we search an additional 51 terms across Defendants' Outlook calendars and text messages.  Although the terms are grossly overbroad, we asked our vendor to search all of these terms.  Using the 51 search terms that Plaintiff provided, 154,841 documents were identified from the calendars of Gregory Carmichael, CEO and Chairman of Fifth Third, and Timothy Spence, President of Fifth Third.  We believe that the vast majority of hits have nothing to do with the issues in this case, given such generic search terms as "Bob" and "Greg" and "Phil."  Similarly, searches have been conducted of the private cell phones of Mr. Carmichael and Mr. Spence which have resulted in 153,671 hits.  Again, we believe that most of these hits are likewise irrelevant.  In short, Plaintiff's fishing expedition has cast a wide net and the resulting catches need to be reviewed for relevancy and privilege.

Given this tremendous volume and assuming that Plaintiffs are not willing to rely upon Defendants' review of such documents for relevance and privilege and so as not to burden the Court, Defendants propose the appointment of a Special Master to conduct such reviews.

**4. Additional Non-Destructive Examination by Defendants' Expert**

Defendants' expert, Dr. Erich Speckin, needs to make further non-destructive testing and examination of the original handwritten notes, Exhibit 23 of Plaintiff's deposition.  The handwritten notes are in the possession, custody, and control of Plaintiff's counsel.  This additional examination is necessary because Dr. Speckin's equipment was not operating properly during his first examination because airport TSA disrupted the calibration when they inspected it.  Dr. Speckin was available on the day that Plaintiff's expert conducted his testing but Plaintiff would not allow Dr. Speckin to do his further testing.  Defendants have again requested this examination in Plaintiff's counsel's office.  Defendants have no objection to Plaintiff's expert being present.  As Defendants notified Plaintiff, Dr. Speckin is available to travel to Plaintiff's counsel's office on either May 24 or 25.  He will need about 4 hours or less to finish his examination.  Plaintiff's counsel did not respond about Dr. Speckin's additional examination.  Defendants ask the Court to address this issue as well during the May 19 telephone conference.

Thank you and we look forward to discussing these issues tomorrow at 10:00 am.

**Michael L. Cioffi** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Monday, May 9, 2022 2:56 PM
**To:** barrett_chambers@ohsd.uscourts.gov; Krista Zeller <Krista_Zeller@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>; Stewart, Tom <tom.stewart@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** McHugh v. Fifth Third et al. (1:21-cv-00238)

Ms. Bedree and Ms. Zeller,

Plaintiff is respectfully requesting formal briefing and/or a follow-up hearing as to Plaintiff's request for his Microsoft Outlook Calendar from Defendants, previously discussed with the Court at the 3/31 discovery conference. Unfortunately, since the last conference with the Court, Defendants have made clear that they do **not** intend to produce the Plaintiff's outlook calendar, much less, in its native and readable format as requested. Below is a summary of the issue for the Court's review:

**Plaintiff's Outlook Calendar**

The outlook calendar dispute has been ongoing with Defendants since this past December 2021, when Defendants produced a zip file within a hyperlink, which Defendants' counsel represented to be Plaintiff's calendar. (*See* **Attachment 1**, Dec. 22, 2021 E-mail from Defendant's Counsel). To be clear, this zip file was **not** the calendar. Rather, the zip file contained 64,366 PDF's and Excel Spreadsheets, bates numbered FifthThirdBank-McHugh007179-071545, some of which appeared to be calendar invites and attachments to those invites, in no particular order. Screenshots and examples of the production are attached for the Court's reference. (*See* **Attachment 2** – Calendar Production Examples).

After receiving this production, Plaintiff noted the deficiencies (i.e., that this is not the actual calendar) in a call with Defendants on January 5, 2022. Defendants counsel indicated they would look into the issue as they had the understanding that the actual calendar was produced, and follow-up with Plaintiff. When Plaintiff did not hear back, he followed up with Defendants in a January 12, 2022 letter, stating:

> As we discussed on our January 5, 2022 telephone conference, Plaintiff's electronic calendar was not produced. Our understanding is that the calendar, maintained through Microsoft Outlook, can readily be produced in its native format as a .pst file without burden. It was also understanding that you were working with your client to ensure production of this item, but that has still not occurred. Please produce the electronic calendar in its native format.

(*See* **Attachment 3** – 2022.01.12. Letter to Defendant re Calendar Production).

On January 18, 2022 after still receiving no response from Defendants, Plaintiff raised this issue in an e-mail to the Court, stating:

> **Request for Production No. 1:** Despite Defendants' prior representations that Plaintiff's outlook calendar is in their possession and can be readily produced, Defendants have still failed to produce it. Instead, Fifth Third produced approximately 30,000 pages of irrelevant documents, many of which relate to specific customers of the bank. Defendants represented that they were looking into this issue two weeks ago, but to date have failed to apprise Plaintiff of the status of their response or a commitment to actually produce the calendar. It is Plaintiff's understanding, to which Defendants agreed, that this calendar can be produced in its native .pst format without burden.

(*See* **Attachment 4** – 2022.01.18 E-mail to Chambers).

Defendants did not respond to this e-mail until March 30, 2022, the day before the 3/31 discovery conference. In doing so, Defendants claimed for the first time that Fifth Third had already produced the calendar, and incorrectly indicated that the discovery instructions did not request the file in its native format:

> Fifth Third originally produced Plaintiff's electronic calendar in PDF format at the same time that it served its written responses to Plaintiff's First Set of Interrogatories, Second Set of Requests for Production, and Third Set of Requests for Production in December 2021. Because Plaintiff did not include any instruction that the calendar be produced in .pst format, Fifth Third's December 2021 production of the electronic calendar fully satisfied its obligations for production under Civil Rule 34.

(*See* **Attachment 5** – 2022.03.30 E-mail to Chambers).

At the 3/31 discovery conference, the parties discussed this issue with the Court, and the Court directed Defendants to look into the ability to produce the calendar including in its native .pst format. Defendants acknowledged they would do so.

On April 4, 2022 following the 3/31 discovery conference, Plaintiff sent Defendants correspondence following up on the calendar and other issues. In doing so, Plaintiff provided simple, step-by-step instructions for downloading and producing the calendar listed below:

1. Open Microsoft Outlook
2. Click "File"
3. Select "Open & Export"
4. Select "Import/Export" to load Outlook's Import and Export Wiazard
5. Click "Export to a file"
6. Click "Next"
7. Select "Outlook Data File (.pst)" on the list of available export formats;
8. Click "Next"
9. Sleect the account containing the calendar you want to transfer (i.e., Phil McHugh's account)
10. Place a check mark in the "include subfolders" check box
11. Click the "Browse" button and select where you want to save the exported calendar data;
12. Select how you want Outlook to handle duplicate export data. Select "allow duplicates"
13. Click "Finish" to export the calendar.

(*See* **Attachment 6** – 2022.04.04 Discovery Letter to Defendants). Indeed, Plaintiff's counsel and staff have tested this process and confirmed the ability to download and export an outlook calendar within 5-10 minutes.

Despite the ease with which the calendar can be downloaded and produced, Defendants responded with a refusal to do the same or commit to a timeframe for doing so. (*See* **Attachment 7** – April 7, 2022 Email Exchange with Counsel). Plaintiff noted this issue in an e-mail back that same day, and Defendants then responded with in all caps, red font tirade, indicating that they would "discuss" the feasibility and cost of producing the calendar in its .pst format with their outside vendor. (*See* **Attachment 8** – April 8, 2022 Email Exchange with Counsel). Defendants later responded on April 20, 2022 with indications that they would generally respond to Plaintiff's April 4 letter by May 4 including with requested documents (text messages, calendar entries, HCC committee meeting minutes, and employee/customer performance scores (*See* **Attachment 9** – April 20-27 Email exchange with counsel). However, Defendants remained silent as to the calendar issue. Plaintiff noted that Defendants still had not committed to producing the outlook calendar, and again asked for a confirmation that it would be produced. (*Id.*).

Defendants finally addressed the calendar issue on May 4, but in doing so have gone back to their incorrect assertion that the calendar has been produced:

5. **Plaintiff's Outlook Calendar**: Defendants object to Plaintiff's request to produce Plaintiff's Outlook calendar for the second time. Contrary to Plaintiff's blatantly false assertion, Defendants have already produced Plaintiff's calendar, and Defendants produced Plaintiff's calendar in the same format—pdf—as Defendants previously produced the Outlook calendars of Mr. Carmichael and Mr. Spence, with which Plaintiffs do not take issue or seek reproduction. Defendants produced Plaintiff's calendar in pdf form pursuant to the prevailing industry standard. Furthermore, Defendants object to the production of Plaintiff's calendar, or any other documents, in a form that cannot be properly Bates

   numbered and that leaves the documents open to manipulation—such as the formal production of an Outlook calendar as a pst file(s) or by simply exporting Plaintiff's calendar from Outlook. Defendants' position and past production is clearly reasonable, conforms to industry standards, and complies with standard discovery procedure.

(*See* **Attachment 10** – 2022.05.04.Letter to Plaintiff's Counsel).

Simply put, this latest objection to the calendar's production is baseless (not to mention untimely and thus waived). 64,366 PDF and excel documents in a zip file are not Plaintiff's outlook calendar, and they are not produced in the requested format, nor a reasonably usable form. Rather, as repeatedly explained to Defendants, the calendar is an outlook .pst file, which can be downloaded and exported from Microsoft Outlook through a simple, 5 minute, step-by-step process, outlined above.

Indeed, Plaintiff's counsel has performed this process to download his own calendar, as have counsel's staff. Plaintiff has repeatedly explained this process to Defendants, and yet they continually refuse to produce the calendar, whether in PDF or native .pst format. Now, Defendants wrongly claim that it has been produced when it was not, and further wrongly assert that they already produced Spence and Carmichael's outlook calendars (which they have not, and are one of the discovery disputes the court heard on 3/31).

This Court and others have made clear that where requested, documents should be produced in their native format, including all metadata. *In re Porsche Cars N. Am, Inc.*, 279 F.R.D. 447, 449 (S.D. Ohio 2012)(Noting that the SD of Ohio has expressed a preference for the production of electronically stored information in its native format.); *Aguilar v. Immigration & Customes Enforcement Div.*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008)("Courts generally have ordered the production of metadata when it is sought in the initial document request and the producing party has not yet produced the documents in any form."); *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.* 2006 U.S. Dist. LEXIS 10838 (N.D. Ill. 2006)(finding that plaintiff's request for metadata is discoverable as it is relevant to infringement claim and will allow him to piece together the chronology of events and figure out, among other things, who received what information and when).

Moreover, Rule 34 makes clear that even if a request does not specify a form for production, the documents must be produced in a form "in which it is ordinarily maintained *or in a reasonably usable form*." *See* Fed. R. Civ. P. 34(b)(2)(E)(ii)(emphasis added); *See also* Advisory Committee Note to 2006 Amendment to Rule 34(b)("The option to produce in a reasonably usable form does not mean that a responding party is free to convert [ESI] from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome or the requesting party to use the information efficiently in litigation. If the responding party ordinarily maintain the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."); *White v. Graceland College Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp.2d 1250, 1264 (D. Kan. 2008)(citing same in finding "Defendants' conversion of the emails and attachments to PDF documents and production of the PDF documents in paper format does not comply with the option to produce them in a reasonable usable form."); *Gemran v. Micro Elecs., Inc.*, 2013 U.S. Dist. LEXIS 4594 at *23 (S.D. Ohio 2013)("Nor is Plaintiff's proffered production 'in a reasonably usable form' given that her production method strips the entries of their original and complete text, formatting, images, and likely the source.").

Defendants did not comply with either of the above, and have now indicated their refusal to do so. As such, Plaintiff requests the Court's intervention in this dispute. If the Court would prefer formal briefing on the issue Plaintiff can brief the same as soon as possible. Alternatively, if the Court would prefer a follow-up status conference, Plaintiff's counsel will make themselves available at the Court's earliest convenience.

**Amended Calendar Order**

Additionally, Plaintiff would like to address the amended calendar order with the Court. On 4/26 the Court issued a notation order reminding the parties of their obligation to craft a proposed amended calendar order for the Court's consideration. The following day, Plaintiff sent a draft of such an order to Defendants, and asked Defendants to confirm whether they are in agreement with the proposed dates. (*See* **Attachment 11** – Proposed Amended Calendar Order). Since then, no response has been provided. Given Defendants refusal to participate, Plaintiff is submitting the attached proposed calendar order for the Court's consideration.

Plaintiff appreciates the Court's attention to this matter. If the Court has any questions or concerns, or would otherwise like to discuss these issues further, please do not hesitate to reach out.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio
45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

*********************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*********************************************************************************************************
******

1  conversation perhaps.  To the extent I don't respond right

2  away, that's the reason.  Tom can certainly carry on for me,

3  but I'll mute myself as much as possible, Judge.

4          THE COURT:  Okay.

5      Peter, you were about to say something?

6          MR. SABA:  Yes, Judge.  I was just going to say that

7  I'm on the line as well as Josh Smith and John McHugh.

8          THE COURT:  All right.  So looking at the e-mail

9  stuff back and forth, it looks like in the last couple of days

10 you guys may have straightened out the Outlook issue, or am I

11 mistaken on that?

12         MR. SABA:  No, Judge.  For the plaintiffs, I believe

13 you're mistaken on that.  They have refused to produce the

14 Outlook calendar in its native PST format despite indicating

15 in January that they have it readily available and would be

16 able to produce it.  They represent -- defendants represent

17 that they have produced it in the PDF format.  They have not.

18 They also represent that they have produced 64,000 documents

19 that if we piece them together we could recreate the calendar,

20 which, quite frankly, Judge --

21         THE COURT:  Okay, okay, okay.  Peter, I got it.  I

22 was mistaken.  I thought I had read that they were prepared to

23 do it in CSV or PST at this point.  But that is not the case?

24         MR. SABA:  Judge --

25         MR. CIOFFI:  Judge, we produced it in the normal,

**Attachment 18**

 1   ordinary, customary way these documents are produced.  All

 2   that has to happen here is that they need to get an

 3   e-discovery software consultant, put the PDF documents that we

 4   gave them into the software, and they can search it any way

 5   they want.  That's not my responsibility.  In fact, we can't

 6   do it --

 7          THE COURT:  Well, no, no.  Typically these things --

 8   because I'm an expert on this stuff because I went on Google

 9   Outlook to see what you do to search this junk yesterday, and

10   usually these things should be produced in what they call CSV

11   or PST format, not the way you guys did it, at least according

12   to the internet, you know.  You guys tell me if I'm wrong.  I

13   don't know my way around this stuff.

14          MR. SABA:  Judge, the plaintiffs --

15          MR. CIOFFI:  The way to resolve --

16          THE COURT:  Hang on, hang on.  One person talk at a

17   time.  Peter, I think, started to talk first.

18          Peter.

19          MR. SABA:  Yes, Judge.  The plaintiffs certainly are

20   in agreement with you.  It should be produced in that way.  In

21   every other case I've dealt with where there is a calendar

22   request, they produce in their native format that's consistent

23   with the federal rules in how it's supposed to be produced.

24   It should be easily done, and they have acknowledged that they

25   are able do it and have it.  They just have not done it.

1          THE COURT:  Okay.

2          So Mike, I'll let you speak before I agree with

3    Peter.  Go ahead.

4          MR. CIOFFI:  Well, Judge, I know probably less than

5    anyone about all of this, but we went out, Fifth Third has

6    gone out and we hired the leading e-discovery company in the

7    world called UnitedLex, because they operate in 18 countries

8    with 3,000 employees, and gave them the request, asked them to

9    make the production.  We've quizzed them a number of times

10   about this and about the standard, normal, customary way to

11   produce a calendar.

12          A calendar is not one document.  It's a series of

13   items.  You produce that, and then you have to put it back in

14   a software program in order to use it.

15          So we produced the underlying files in their native

16   format the way they look on the calendar for each entry, which

17   is why there are 60,000 pages.  So for every entry in the

18   calendar, "Meet with John Smith," you know, there is an entry.

19   Then when John Smith replies to the calendar, that's a

20   separate entry.

21          So you have to put it into a software, like

22   Relativity, to operate it.  That's all that has to happen

23   here.  We're happy to have our software consultants talk to

24   their software consultants and explain it to them.  But that's

25   the disconnect here.  The data has been produced, it's there

1   in its native format, and it just has to be put into the

2   software.

3           THE COURT:  Well, I -- okay, look, I don't know my

4   way around this stuff.  All I can tell you is what the little

5   Google website says how you do it, and typically it's produced

6   in what they call a CSV or a PST format for use on stuff like

7   this.

8           So I'm inclined to agree with plaintiffs.

9           If you guys want to have a dueling battle of experts

10  and spend money on that kind of stuff, you know, have at it.

11  But, I mean, as far as I understand it, it should be produced

12  in a PST format.

13          I mean, you know, I'm willing to listen to an

14  argument from somebody, but -- you know, I think the way it

15  was produced is not helpful.  I mean, I could just order you

16  guys to, you know, photo -- you know, recreate it yourselves,

17  photocopy the calendar on a daily basis and send it out, but I

18  don't know if we want to do that.

19          But you guys tell me what you think.

20          Go ahead, Mike.

21          MR. CIOFFI:  Well, which is essentially what we did.

22  I mean --

23          THE COURT:  No, you didn't.  You can't --

24          MR. CIOFFI:  What UnitedLex did is copy each page in

25  PDF form, Bates stamp it, and that's what we gave them, every

```
1   page of the calendar.  It can be made searchable if you put it
2   in Relativity or some other software.
3              THE COURT:  I think we're --
4              MR. CIOFFI:  I mean, Judge, one of the things,
5   because of some other disputes, we've requested, for the
6   Court's assistance, primarily a Special Master.  I think if
7   you had a Special Master appointed, he or she could resolve
8   this in, you know, a 15-minute conversation.
9              But I agree with you.  We shouldn't weigh the Court
10  down because it's like, you know, somebody is speaking Chinese
11  and somebody else is speaking Russian.  But as far as we're
12  concerned, we've produced it exactly the way it's supposed to
13  be produced in its native format, but it has to go into a
14  software program to be operational.
15             THE COURT:  Well, that's not the way I understand it.
16             But Peter, go ahead.
17             MR. SABA:  Judge, we're just in full agreement with
18  you.  This is just additional wasting of the Court's time and
19  our time because it's -- they've had it in the PST format for
20  four months and just will not produce it.  We're happy to
21  engage in formal pleading of it just so we can get the
22  documents that we're entitled to.
23             It is not in a usable format.  It is not screen shots
24  of every day of the calendar.  It is just a dump of documents
25  that would create tons of extra and wasted time to try and
```

1    create something that can be readily produced.

2          THE COURT:  I mean, that's kind of --

3          MR. CIOFFI:  Peter, let me ask you this quick, okay?

4          Judge, may I ask Peter a question?

5          Do you have a software consultant for e-discovery?

6    Because there's a lot of data --

7          MR. SABA:  We do, and they are indicating it should

8    be able to be produced in five minutes.  It's very simple,

9    sent the instructions of what to do.  There is no reason to

10   waste any additional time on that.  You all acknowledged in

11   January that you have it in the PST format and can produce it

12   and just have not produced it.

13         MR. CIOFFI:  What you want is the calendar to be

14   exported so that the data can be manipulated and changed.

15   That's the --

16         THE COURT:  No, no, no, no.  Stop it, stop it, stop

17   it.  You can do the manipulation thing because you can assign

18   a hashmark to every single document, and if it gets

19   manipulated and it won't go back to the same hash value, and

20   anybody's expert will be able to tell you that they've changed

21   this page.  So let's don't get into manipulation and all of

22   that kind of stuff.

23         Here's what I'm going to do.

24         So Peter, because we're at an impasse with this

25   thing, go ahead and file a Motion to Compel.

1        Mike can file his opposition.  He can attach expert
2   affidavits and all that kind of stuff.
3        But I'm going to be assessing costs at the end of
4   this thing in terms of the cost of filing these motions and
5   going through it.
6        I mean, guys, a Special Master for this?  This is an
7   employment case.  Okay?  And I'm going to make *ex parte* phone
8   calls sometime later this week to start having settlement
9   conversations.  This is an employment case.
10       All right.  What's next?  Calendar.
11       MR. SABA:  Judge, the second issue that we're
12  discussing was the --
13       THE COURT:  Is this -- hang on, hang on, hang on.  Is
14  this Peter talking again?
15       MR. SABA:  Yes, Judge, it's Peter again.
16       THE COURT:  Yeah.  Peter, before you start, I
17  generally believe in the concept of having fact discovery in
18  the can before the expert part begins because you don't want
19  to have a modified expert opinion -- I'm not even sure you
20  guys are going to have experts on, but you don't want to have
21  a modified expert opinion because a fact deposition has
22  changed something in the expert's analysis.
23       So as you begin your conversation, understand that I
24  generally believe that fact discovery should be in the can so
25  that the expert, depending on what they're going to use it