# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | : | |
|---|---|---|
| PHILIP R. McHUGH, | : | Case No. 1:21-cv-00238-MRB |
| | : | |
| Plaintiff, | : | Judge: Hon. Michael R. Barrett |
| | : | |
| vs. | : | **DEFENDANTS' REPLY IN SUPPORT** |
| | : | **OF MOTION FOR LEAVE TO FILE** |
| FIFTH THIRD BANCORP, *et al.*, | : | **SUR-REPLY AS TO PLAINTIFF'S** |
| | : | <u>**MOTION TO COMPEL PRODUCTION**</u> |
| Defendants. | : | |

In their Opposition (Doc. #22) to Plaintiff's Motion to Compel (Doc. #20), Defendants addressed the merits and only the merits of the issues before the Court:

(1) whether Plaintiff requested production of his electronic calendar in .pst format (he did not);

(2) whether Defendants' production of Plaintiff's entire electronic calendar in the preferred .pdf format was " a reasonably usable format" under Fed. R. Civ. P. 34(B)(2)(E)(ii) (it was);

(3) whether Defendants' production was mandated by and consistent with the parties' Stipulated Protective Order (Doc. #16) and their Rule 26(F) Report (Doc. #13) (it was);

(4) whether Defendants' production followed this Court's decision in *German v. Micro Elecs., Inc.*, 2013 U.S. Dist. LEXIS 4594, **23-24 (S.D. Ohio Jan. 11, 2013) and other applicable law (it did);

(5) whether Defendants' production was consistent with the advice of a leading expert in e-Discovery (it was); and

(6) whether Defendants' refusal to make a second production of Plaintiff's calendar—after fully producing every page of the calendar, bates-stamped—is sanctionable conduct under Fed. R. Civ. P. 37 (it is not, although sanctions against Plaintiff would be appropriate).

Defendants supported their arguments and actions with case law and the Declarations of e-Discovery expert Aaron Crews (Doc. #22-1) and Michael L. Cioffi (Doc. #22-2).

Not willing to confront his lack of merits on these issues that Defendants detailed in their Opposition, Plaintiff in his Reply (Doc. #25) did not even attempt to address any of Defendants' meritorious arguments or their cited case law including the dispositive decision in *German v. Micro Elecs., Inc.*, 2013 U.S. Dist. LEXIS 4594, **23-24 (S.D. Ohio Jan. 11, 2013). Neither did Plaintiff address the declaration of e-Discovery expert Mr. Crews nor did he address Mr. Cioffi's declaration. Instead, Plaintiff raised a new, unfounded argument to try to divert the Court's attention from the merits of Defendants' superior arguments, case law, and expert support. That new argument improperly accused Defendants of playing games with discovery, mischaracterizing Defendants' argument as inappropriate *quid pro quo* discovery, and leveling baseless charges of professional misconduct.

Defendants moved for leave to file a sur-reply to answer these new and completely unfounded charges and attached their proposed sur-reply to their motion, which addresses each charge in turn. (Doc. #26-1). In so doing, Defendants cited three Southern District cases and one Northern District case that support Defendants' showing good cause for filing a sur-reply because Plaintiff had made a new argument and mischaracterized the discovery communications as improper *quid pro quo* gameplaying in his Reply.

In his Opposition (Doc. #27) to this motion, Plaintiff fails to address any of the four cases Defendants cited to support their good cause for leave to file the sur-reply. That alone is reason to grant the motion.

Even the case law that Plaintiff does cite actually supports granting leave to file the sur-reply here. First, Plaintiff cites *Key v. Shelby Cty.*, 551 Fed. Appx. 262 (6th Cir. 2014), which notes: "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur[-]replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Id.* at 265 (quoting *Seay v. Tenn. Valley Auth.,* 339 F.3d 454, 481 (6th Cir. 2003)).[1] This, of course, is exactly the merits issue here.

Second, Plaintiff cites *Garrison Southfield Park LLC v. Closed Loop Ref. & Recovery, Inc.*, 2021 U.S. Dist. LEXIS 183915, **61-62 (S.D. Ohio Sep. 27, 2001), for the proposition that "sur-replies are highly disfavored" without quoting the very next line in the opinion: "However, a sur-reply may be appropriate when the movant raises new issues in its reply brief, and the decision to permit a sur-reply is one within the Court's discretion." *Id.* (citation and internal quotation marks omitted). Again, that is the merits issue here.

Third, Plaintiff cites *Hellmuth v. Trenton*, 2019 U.S. Dist. LEXIS 130144, (S.D. Ohio Aug. 5, 2019), for the proposition that a sur-reply is proper in "rare circumstances" without noting that the *Hellmuth* court did not find good cause for a sur-reply because one was filed without leave of court. *Id.* at *17 ("Because it is not authorized by the civil rules of procedure and was filed without leave of this Court, Plaintiff's sur-reply is not further considered."). That case clearly is not

---

[1] Plaintiff mis-paraphrases this language, strategically changing the language to "**limited** appropriate circumstances" and highlighting the word "limited" to better suit his purpose. (Opposition at 1, emphasis added).

3

applicable here where Defendants have moved for leave and submitted the proposed sur-reply for review.

Whereas Defendants have squarely addressed the merit issues for the Court to deny the Motion to Compel, Plaintiff has run from them, preferring instead to sling mud, deflect and divert. His Opposition is devoid of any legitimate reason why the motion for leave to file the sur-reply should not be granted for the reasons set forth in the motion and proposed sur-reply.  The Motion to Compel should be decided—and denied—on the merits and only the merits.

Date: August 5, 2022    Respectfully submitted,

 /s/ Michael L. Cioffi
Michael L. Cioffi (0031098)
Thomas H. Stewart (0059246)
BLANK ROME LLP
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701/04
Fax: (513) 362-8702/93
Email: michael.cioffi@blankrome.com
Email: tom.stewart@blankrome.com

*Attorneys for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of Court using CM/ECF on August 5, 2022 which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

                                           *s/ Michael L. Cioffi*
                                           *Counsel for Defendants Fifth Third*
                                           *Bancorp, Fifth Third Bank, National*
                                           *Association, and Gregory D. Carmichael*