**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |
|---|---|
| PHILIP R. McHUGH, | : |
| Plaintiff, | : Case No. 1:21-cv-00238-MRB |
| vs. | : Judge: Hon. Michael R. Barrett/ |
|  | : Hon. Douglas R. Cole |
| FIFTH THIRD BANCORP, *et al.*, | : DEFENDANTS' BENCH BRIEF FOR |
|  | : SEPTEMBER 12, 2023 HEARING |
| Defendants. | : |

## I. INTRODUCTION

Cutting to the bone, this dispute over calendar productions can be distilled to a few straightforward points:

**Re: Plaintiff's Own Calendar:**

- Plaintiff is entitled to all of the data that was on his Microsoft Outlook Calendar at the time he left the Bank in October 2020.

- Almost two years ago, Defendants provided the entire calendar with every page/every data entry Bates-numbered in static image (.pdf) format. The production was 64,366 pages.

- This production is fully searchable and usable once it is loaded onto a common litigation software like Relativity. The cost would be less than $500-1,000.

- Plaintiff's sole complaint is that he wants his calendar data, not Bates-numbered in .pdf format, but in the ".pst" "calendar view" he had access to prior to leaving the Bank. In other words he wants the calendar exported to him in the format of the Microsoft Outlook Calendar Software.

- While he is entitled to all of the data in his calendar (which he has had for nearly two years) he is not entitled to have the data in a particular software's proprietary package like Microsoft Outlook's Calendar.

- Exporting the calendar in a "calendar view"—that is, as a .pst Microsoft Outlook file—would be improper for one overarching reason.[1]

---

[1] Defendants are streamlining the issue for the Court. There are a number of other reasons that exporting the calendar in the requested "calendar view" should be denied, such as: it is not what the Plaintiff requested; not what the parties

- o **The data is not static. Any of the information on the calendar could be deleted, edited, modified or otherwise manipulated without any record of the modifications**.

- For this reason, no court has ordered the production of a Microsoft Calendar in such a format. Defendants have searched for such a case and found none. Plaintiff has cited none.

**Re: the calendars of Defendant Greg Carmichael and two other Fifth Third executives, Bob Shaffer and Tim Spence.**

- These calendars, of course, are in a different category.

- Plaintiff is not entitled to all of the information on these calendars, the vast majority of which is irrelevant to this dispute and also contains confidential, personal and privileged information.

- For this reason, Judge Barrett ordered these calendars searched for the relevant time frame using search terms selected by the Plaintiff.

- The Defendants' outside, independent ESI/e-discovery expert (UnitedLex) ran the searches.

- Plaintiffs' search terms yielded 140,553 pages of responsive documents. Every page was produced in static .pdf format, with each page Bates-stamped. All of this work was at considerable expense.

- Like the production of the Plaintiff's calendar, this production is fully usable and searchable using a common, inexpensive litigation software product like Relativity.

- Plaintiff is entitled to nothing more regarding the calendars of Carmichael, Shaffer and Spence.

**DEMONSTRATION AT THE HEARING**

In order to demonstrate that the two calendar productions are fully searchable and usable, Defendants and UnitedLex have loaded them into the standard litigation software called Relativity. At the Hearing, Defendants will conduct sample searches and any searches the Court or the Plaintiff would like to make.

II. **ARGUMENT**

A. **Plaintiff's Objection**

Plaintiff has objected to Defendants' productions because: (1) the produced information

---

stipulated to in their Rule 26(f) report; is contrary to L.R.Civ.P. 5.1(c) that requires all electronic filings to be in .pdf format. All of these and other reasons to reject the Plaintiff's arguments are set forth in Doc. #22 and 26.

does not contain a reproduction of the requested calendars in Outlook's grid style "calendar view" and (2) Defendants have not produced .pst files for each requested calendar. As to Plaintiff's first objection, Outlook does not save, store, or maintain any user's calendar in grid style "calendar view" (whether in .pst or any other format). Rather, Outlook only saves and maintains the underlying calendar items (meetings and appointments), invitations, responses, and attachments. As such, it is impossible to comply with Plaintiff's request for the production of the requested "electronic calendar[s]" as saved by Outlook while also complying with Plaintiff's post-facto demand for the requested calendars in "calendar view."

Regarding Plaintiff's second objection, Defendants have produced all calendar data responsive to Plaintiff's requests, including all calendar appointments, meetings, meeting invitations, responses to invitations, and associated attachments in a readily usable and searchable format.[2] On the advice of their industry leading e-discovery expert UnitedLex, Defendants have objected to production in .pst format in part because a .pst file cannot be locked from manipulation, cannot be redacted to protect privileged information, and because producing a .pst file would also simultaneously grant Plaintiff access to the underlying user's Outlook account. While Defendants have objected to specific .pst production, Defendants' production contains the exact same information that would be contained in a .pst file but in a format more readily suited for use in litigation. In summary, Defendants have produced all information requested by Plaintiff in a readily usable format and in the same manner in which the information is stored by Outlook.

### B. Clarifying the Confusion in Plaintiff's Arguments: The Requested "Electronic Calendars"

Plaintiff asserts that Defendants have not produced the calendars for the requested individuals. However, Plaintiff's incorrect assertions stem from his technical confusion over what constitutes any individual's "electronic calendar." The "electronic calendar" is something different and distinct from Outlook's "calendar view," which is a specific visualization created by Outlook of the electronic calendar. The "electronic calendar," as it is saved by Outlook, is properly understood as the underlying calendar items, invitations, responses and attachments, **not** Outlook's "calendar view." The "calendar view" is Outlook's depiction of the underlying calendar data. No individual's Outlook calendar—the subject of Plaintiff's requests for production—is saved, stored, or maintained by Outlook in a "calendar view" form. Rather, the electronic (Outlook) calendar is only saved as a series of calendar items (meetings/appointments) and the associated invitations, responses, and attachments. All of this information has been produced to the Plaintiff in a Bates stamped .pdf format, which is fully searchable.

Stated differently, all of the .pst data has been produced by Defendants and Defendants' production is the full "electronic calendar" as maintained by Outlook. The subsequently demanded "calendar view" is not the same as the .pst file. The "calendar view" is not even saved or maintained in any form by Outlook. Rather, Outlook's calendar view is the result of Outlook's proprietary software accessing the saved calendar data and reformatting the data into the displayed grid-style "calendar view." In essence, Outlook's calendar view is not itself a saved file or data,

---

[2] Defendants' production of Plaintiff's calendar totaled 64,366 pages. Defendants' production of all calendar information responsive to Plaintiff's chosen keyword searches, as instructed by the Court, totaled 140,553 pages.

but rather a program's (Outlook's) visual depiction of the underlying calendar data.

### C. .PST Format Allows Plaintiff to Manipulate Fifth Third Executives' Calendars

Therefore, producing a .pst file corresponding to an individual's Outlook calendar would not produce the individual's calendar in a "calendar view." Rather the .pst file would still need to be accessed and reformatted by Outlook into the desired calendar view. However, providing (or exporting) an Outlook .pst file would simultaneously provide access to the individual's Outlook account **making it possible to send, delete, add or manipulate the calendar data and to send emails from Fifth Third executives' corporate email accounts contained in the .pst file**. Defendants object to any production that would grant Plaintiff wholesale access to the underlying Outlook accounts, including potentially privileged information. At base, Defendants have produced all responsive calendar information that is saved by Outlook in the demanded .pst files. What Defendants object to is producing this same information coupled with access to the underlying Outlook accounts.

**DATE:** September 12, 2023

Respectfully submitted,

**BLANK ROME LLP**

 s/ Michael L. Cioffi
Michael L. Cioffi (0031098)
Thomas H. Stewart (0059246)
Collin D. Hart (0099869)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: michael.cioffi@blankrome.com
Email: tom.stewart@blankrome.com
Email: collin.hart@blankrome.com

*Attorneys for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*