UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PHILIP R. MCHUGH | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **AMENDED NOTICE OF** |
| FIFTH THIRD BANCORP, ET AL., | : | **DEPOSITION OF NICHOLAS K.** |
| | : | **AKINS** |
| Defendants. | : | **and** |
| | : | **REQUEST FOR PRODUCTION OF** |
| | : | **DOCUMENTS** |

Please take amended notice that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Philip R. McHugh ("Plaintiff"), by and through counsel, will take the videotaped deposition of NICHOLAS K. AKINS, a Director of Defendants Fifth Third Bancorp and Fifth Third Bank, N.A., on Tuesday, July 2, 2024, beginning at 9:30 a.m. at the Fifth Third Center, 511 Walnut Street, Cincinnati, OH 45202. Said deposition will be taken in the presence of a Notary Public or some officer authorizedby law to take depositions. The deposition will be stenographically and video recorded and shall continue from day to day until completed, and may be continued in progress as necessary in order to accommodate other scheduled director depositions in the same time frame. For clarification to defense counsel, this deposition will be taken as if on cross examination.

Plaintiffs are taking said deposition according to the Federal Rules of Civil Procedure and said deposition shall be used for any purpose contemplated by the Federal Rules of Civil Procedure. Plaintiff reserves the right to conduct such further depositions and discovery from Nicholas K. Akins as may arise at a later date.

Pursuant to Fed. R. Civ. P. 30(b)(2), this notice is accompanied by a request to produce documents and tangible things under Rule 34.

1

Respectfully submitted,

*/s/ Joshua M. Smith*
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com

*/s/ John J. McHugh*
John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
(419) 885-3597
(419) 885-3861 (fax)

**Co-Counsel for Plaintiff Philip R. McHugh**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **PLAINTIFF'S REQUEST FOR** |
| **FIFTH THIRD BANCORP,** *et al.*, | : | **PRODUCTION OF DOCUMENTS** |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Pursuant to Fed. R. Civ. P. 34, Plaintiff Philip R. McHugh ("Plaintiff") hereby submits the following Request for Production of Documents Directed to Defendants Fifth Third Bancorp, Fifth Third Bank N.A. (jointly "Fifth Third"), and their Director Nicholas K. Akins. Plaintiff respectfully requests that Defendants provide responses to the offices of Stagnaro, Saba & Patterson Co., L.P.A., 2623 Erie Avenue, Cincinnati, Ohio 45208, **no later than thirty (30) days of the service of these Requests**.

Each of the following Requests for the Production of Documents shall be deemed continuing and Defendants and Director Nicholas K. Akins are requested, pursuant to Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure, to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by the Defendants or persons acting on their behalf.

## INSTRUCTIONS AND DEFINITIONS

1. These discovery requests must be answered in accordance with the requirements in and policies of Civ.R. 1, Civ.R. 11, Civ.R. 26 through 37, and any other applicable laws or rules. These requirements and policies include but are not limited to: effecting just results by eliminating delay, unnecessary expense, and all other impediments to the administration of justice; encouraging parties

3

to fully and thoroughly prepare and investigate their cases for trial and/or settlement; fairly responding to the substance of discovery requests without obfuscation or unjustified objection; fostering openness, honesty, and professionalism in litigation; and seeking truth. Consistent with this instruction, discovery requests should not be considered vague or unanswerable due to any grammatical, syntactical, typographical, capitalization, or semantic errors or idiosyncrasies, and all responses should fairly meet the substance of the discovery request.

2. In answering these Requests for the Production of Documents, Defendants and their Director are to divulge all information in their possession, custody, or control, or which are available to them, including information in the control of its attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on its behalf.

3. Should Defendants deem as objectionable party, but not all, of any request to which an objection is made, it should consider the various parts and aspects of such request as being severable for that purpose. If any information is claimed as privileged or protected, please include a log identifying the nature of the claimed privilege or protection and the information or items claimed to be privileged.

4. Unless otherwise indicated, the scope of the requests for production of documents is the time period of January 1, 2015 to December 31, 2020.

5. Unless indicated to the contrary, "You" and "Your" shall refer to Nicholas Akins.

6. "Defendants" shall include Fifth Third Bancorp, Fifth Third Bank, N.A., Gregory Carmichael, and/or any person or entity acting on its or his behalf, including, but not limited to, officers, directors, attorneys, investigators, employees, agents, or other representatives.

7. "Director" shall include any individual who was a member of Defendants' Board of Directors during the scope of these requests.

4

8. "Officer" shall include any individual designated as an officer of Defendants during the scope of these requests, including, but not limited to, Defendant Gregory D. Carmichael, Robert Shaffer, or Timothy Spence.

9. "McHugh" or "Plaintiff" shall mean Plaintiff Philip R. McHugh.

10. "Document" or "documents" includes all written or graphic matter of every kind or description, however produced or reproduced, whether drafted or final, original or copy, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to correspondence, letters, memorandum, summaries of conversations or telephone conversations, minutes or records of meetings, conferences or seminars, notebooks, diaries, desk calendar, contracts, agreements, preliminary and final reports, opinions or reports of consultants, projections, estimates, financial statements, bills, invoices, receipts, loan sheets, checks, checkbooks, purchase orders, change orders, confirmations, facsimiles, e-mails, text messages, telegrams, telexes, computer disks, digital or analog recordings, tape recordings, video recordings, photographs, drawings, charts, and plans.  The term "document" means every document as above defined known to Defendant and in Defendant's possession, custody, or control or under the control of its agents, attorneys, employers, employees, or other persons related by total or partial common ownership and includes every such document which can be located or discovered by diligent effort.

11. "Document" also includes electronically stored information ("ESI"). Where possible, ESI should be produced in its native form, except that ESI which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet). By way of example only:

   a. documents created using Microsoft Word must be produced as a .doc or .docx file;

   b. documents created using Microsoft Excel must be produced as a .slx or. xlsx file;

    c. documents created using Microsoft PowerPoint must be produced as .ppt or .pptx files; and

    d. e-mails or outlook calendars must be produced as .msg or .pst files.

12. "Person" and "persons" include natural persons, corporations, companies, firms, proprietorships, partnerships, associations, joint ventures, government agency or organization, and any other type of legal entity, whether formal or informal.

13. The words "relate to", "relating to" or "related to" shall mean that which implicitly or explicitly refers to, concerns, reflects, embodies or in any manner describes the subject matter of the document request.

14. The words "Communications" or "Communicate" mean any correspondence, disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message or other "Document" form, including but not limited to discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Communications (as defined above) between You and any other Director or Officer of Fifth Third which refers, mentions, or otherwise relates to:

    a. Succession planning for the position of President and/or CEO of Fifth Third;

    b. Identified and/or selected candidates for the position of President and/or CEO of Fifth Third;

    c. Processes or timelines, whether proposed or final, with respect to the identification and/or selection of candidates for the position of President and/or CEO of Fifth Third.

    d. Development of potential candidates for the position of President and/or CEO

of Fifth Third; and

      e.      Any facts upon which You or any other Director relied upon when identifying and/or selecting candidates for the position of President and/or CEO of Fifth Third.

      f.      Philip McHugh

      g.      Timothy Spence

**RESPONSE:**

2.      Any Communications (as defined above) between You and Philip McHugh.

**RESPONSE:**

3.      Any Communications (as defined above) between You and Timothy Spence.

**RESPONSE:**

4.      All Documents created, received or obtained by You which refer, mention, or otherwise relate to:

      a.      Succession planning for the position of President and/or CEO of Fifth Third;

      b.      Identified and/or selected candidates for the position of President and/or CEO of Fifth Third;

      c.      Processes or timelines, whether proposed or final, with respect to the

identification and/or selection of candidates for the position of President and/or CEO of Fifth Third;

      d.      Development of potential candidates for the position of President and/or CEO of Fifth Third; and

      e.      Any facts upon which You or any other Director relied upon when identifying and/or selecting candidates for the position of President and/or CEO of Fifth Third.

      f.      Philip McHugh

      g.      Timothy Spence

**RESPONSE:**

Respectfully submitted,

*/s/ Joshua M. Smith*
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com

*/s/ John J. McHugh*
John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
(419) 885-3597
(419) 885-3861 (fax)

**Co-Counsel for Plaintiff Philip R. McHugh**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record this 19th day of March, 2024 via the Court's CM/ECF system and via ordinary and/or electronic mail.

                                            /s/ Joshua M. Smith
                                            Joshua M. Smith (0092360)