# Exhibit 1

**Contract No. 62610**

# RHR International LLP
# BUSINESS TERMS

RHR International LLP ("RHR") shall provide business consulting services to Fifth Third Bank (the "Company") on the following terms and conditions:

1. Services. RHR shall provide services, including specified Deliverables, as requested by the Company and agreed to by RHR to assist the Company (the "Services"). RHR shall be responsible for the Services and Deliverables only to the extent expressly agreed to between the Company and RHR.

2. Confidentiality. In connection with the Services, RHR and the Company each shall have access to confidential business information made available by the other. Each party shall protect such confidential business information in the same manner as it protects its own confidential business information of like kind, and shall not disclose or use such confidential business information, except to the extent reasonably required for the performance of the Services; provided, however, that these provisions shall not apply to: (i) information previously known to the receiving party; (ii) information which is or has become available to the public in general through no fault of or breach of an agreement by the receiving party; (iii) information received from a third party not subject to any confidentiality obligations; or (iv) information which is independently developed by the receiving party. Confidential information contained in Deliverables may not be disclosed except in compliance with applicable laws, regulations and industry or professional standards.

3. Deliverables. Upon payment of all amounts due for the Services, the Company shall have the right to use the Deliverables in connection with its business consistent with the intended purpose of the Services. Any proprietary information contained in the Deliverables that is owned by the Company shall remain owned solely and exclusively by the Company. To the extent the Services and Deliverables to the Company contain RHR's proprietary information, including report formats and templates used to convey the Deliverables, upon payment of all amounts due for the Services, RHR grants the Company a non-exclusive, non-assignable license to use such proprietary information within the Company for such purposes. Any other use or use other than by the Company of the Deliverables shall require RHR's express, prior written consent. Any Deliverable including an assessment of an individual may not be used more than three (3) years after delivery without RHR's express written permission. Use of any other Deliverable is subject to any shelf life restriction stated in the Deliverable.

Subject to the foregoing, the Company acknowledges that RHR shall own all right, title and interest to all of RHR's business and consulting methodologies, business methods, concepts, know-how, analytical frameworks, work papers, report formats and templates, databases, analytical approaches and information, whether developed before, during the term of these Services or thereafter, including any copyrights, patent and other intellectual property rights with respect to anything that RHR may discover, create or develop during RHR's provision of the Services to Company.

4. Nature of Services. The Services provided by RHR and RHR Consultants are to be provided to and for the benefit of the Company. Any advice, recommendations or Deliverables provided to the Company by RHR is for the sole benefit and use of the Company and may not be relied upon or used by any third party. Company acknowledges that any advice or recommendations provided to Company by RHR in connection with this engagement are based on the information available to RHR at the time. Decisions based upon such advice or recommendations are matters in the sole discretion of the Company. The outcome of such decisions is based upon many factors and RHR does not guarantee any specific result or outcome. In connection with its Services, RHR Consultants may administer to Company Personnel certain psychometric preference and other questionnaires, tests and instruments, which shall be used solely to assist RHR in providing advice for the benefit of the Company. RHR does not provide direct psychological or counseling services to any individual, including Company Personnel.

5. Personal Information and Disclosure of Certain Information. In connection with the provision of Services, RHR, its affiliates and contractors may receive information concerning Company Personnel, including personal data about individuals ("Personal Information"). Certain information may be covered by the European Data Protection Directive and other applicable laws and the Company consents to the transfer of such information to countries outside of the European Economic Area ("EEA"), including to offices of RHR its affiliates and contractors as well as offices of the Company and its affiliates located outside of the EEA. The Company shall comply with the European Data Protection Directive and other applicable laws with respect to such information, including respecting and maintaining the confidentiality and security of the Personal Information. The Company further acknowledges that RHR may not, as a matter of law or professional responsibility, be able to disclose certain Personal Information to the Company. RHR shall not be obligated to provide such information to the Company or include such information in any Deliverable. RHR may engage contractors for the purpose of processing certain of the data that is collected. Provided information is aggregated and does not identify a named individual or the Company, the Company consents to the use by RHR of any information obtained by RHR in connection with its Services in the ordinary course of its business and for research and statistical purposes, as long as such data is not attributed to a named individual or the Company.

6. Fees and Payment. The Company shall be responsible for reasonable out-of-pocket expenses of RHR as well as for all applicable sales, use, excise, value added and other taxes associated with the provision or receipt of the Services, excluding taxes on RHR's income generally. Fees for Services not originally agreed to shall be in accordance with RHR's regular rates. RHR shall bill the Company at the completion of each activity or monthly, whichever is sooner. Payment is due upon receipt of the invoice. Invoices more than 30 days overdue will incur interest at rate of 1% interest per month.

RHR's fees shall be based on the cooperation of the Company with RHR and RHR Consultants. If the Company cancels a meeting within less than 48 hours written or oral notice, RHR reserves the right to charge for the additional time of its RHR Consultant at regular rates. The Company also acknowledges that the Company's delay in delivering information to RHR may affect the delivery time of the Services. RHR reserves the right to decline additional work if information is not provided by the Company in a timely manner and to suspend Services altogether if the practice persists.

7. Staffing. RHR is committed to providing competent RHR Consultants to perform the Services. If the Company requests specific individuals, RHR shall endeavor to honor such requests, however the decision with respect to the assignment of any individual RHR Consultant shall remain with RHR. If RHR reassigns any RHR Consultant who is providing Services, RHR shall inform the Company and endeavor to mitigate the impact of such reassignment.

The Company shall not employ or solicit the employment of any RHR Consultant who performed any Services while such Services are being provided and for a period of three (3) years thereafter. In addition to any other remedies, in the event the Company hires an RHR Consultant who performed such Services, the Company shall pay RHR as liquidated damages an amount equal to the total compensation for the one-year period immediately preceding the hiring of such RHR Consultant.

8. Subcontractors. To the extent RHR in its discretion engages any subcontractor in connection with the Services, RHR shall be responsible for the Services provided by and payment due to such subcontractors. RHR shall require that any subcontractor shall maintain all Company information confidential on terms no less restrictive than the confidentiality provisions set forth in these Business Terms.

9. Terms of Use. In connection with the provision of Services, RHR may provide the Company with access to specific analytic tools and systems, including proprietary software, databases, tracking systems, and websites, which are governed by separate or additional terms of use. The Company shall comply with any applicable terms of use and restrictions.

10. Warranty. RHR warrants that the Services shall be performed with reasonable care in a diligent and competent manner. RHR's sole obligation shall be to correct any non-conformance with this warranty or, at RHR's election refund the fees paid for the applicable Services, provided that the Company provides notice within sixty (60) days after such Services are performed or, with respect to a Deliverable, within sixty (60) days after Company receipt of the Deliverable. The notice shall specify and detail the non-conformance and, if the parties agree that a non-conformance exists, RHR shall have a reasonable amount of time, based on its severity and complexity, to correct the non-conformance. In the event Company does not provide such notice within the sixty (60) day period, any claim with respect to such non-conformance shall be deemed waived. In the event RHR is asked to re-perform any work and it is subsequently determined that RHR has already met its obligations under these Business Terms, the Company shall pay RHR on a time and materials basis at RHR's regular rates for time spent on such additional work.

THE UNDERTAKING IN THIS PARAGRAPH IS RHR'S ONLY WARRANTY CONCERNING THE SERVICES AND ANY DELIVERABLES, AND IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES AND REPRESENTATIONS, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

11. Indemnification. RHR shall indemnify, defend and hold the Company, its employees and agents harmless from and against any claims, suits or causes of action (including reasonable attorneys' fees) arising out of the negligent or willful acts of RHR in connection with the performance of the Services or infringement by RHR of any third party's intellectual property by any Deliverable provided under this Agreement. The foregoing indemnification will not apply to the extent any infringement results from: (i) the use of the Deliverables other than in accordance with the terms of this Agreement and any applicable documentation or instructions supplied by RHR; (ii) any modification to the Deliverables not expressly agreed to in writing by RHR; or (iii) the combination of the Deliverables with any materials not provided or expressly approved by RHR.

The Company shall indemnify, defend and hold RHR, RHR Consultants, and RHR's employees and agents harmless from and against any claims, suits or causes of action (including reasonable attorneys' fees) arising out of Company's actions, including any use of any Deliverables, except to the extent such claim is covered by the preceding subparagraph.

If either party learns of an actual or potential claim for which it may seek indemnification under this Paragraph, it shall promptly notify the other party. The indemnifying party shall have the right to assume control over the defense of, settlement of, and selection of counsel for such claim or proceeding. The indemnified party shall cooperate with the indemnifying party, its insurers and its counsel in contesting any claim or proceeding. The indemnified party at its cost and expense may participate in, but not control, any such defense. Except for a settlement involving only a cash payment, the indemnifying party shall not agree to any settlement of any claim or suit without the prior written approval of the indemnified party, which approval shall not be unreasonably withheld.

2

12. Limitations on Liability. EXCEPT WITH RESPECT TO THE INDEMNITIES IN PARAGRAPH 11, IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR CONSEQUENTIAL, INDIRECT, SPECIAL, INCIDENTAL OR SIMILAR DAMAGES. RHR's aggregate maximum liability relating to the Services under these Business Terms (regardless of form of action, whether in contract, negligence or otherwise) shall be limited to the compensation paid to RHR for Services in the 12-month period immediately preceding the event giving rise to liability.

13. Termination. (a) Either party may, upon giving not less than thirty (30) days prior notice to the other, terminate Services.

(b) RHR may at its option suspend Services or terminate Services immediately upon notice in the event the Company fails to pay any payments due to RHR within the prescribed period of time.

(c) In the event of termination of Services, RHR shall take all reasonable efforts to properly transition the client relationship to another service provider. The Company shall pay RHR for all Services rendered, expenses incurred or commitments made by RHR prior to the date of termination, and shall reimburse RHR for all reasonable costs associated with any termination.

(d) Either party may upon notice terminate these Business Terms provided such termination shall not be effective with respect to any agreement to provide Services entered into prior to such notice.

14. Miscellaneous.

(a) All notices, demands, or other communications given or made under these Business Terms shall be in writing, unless noted otherwise, and shall be effective: (i) upon delivery if delivered in person; (ii) five (5) business days after deposit in the regular mail, addressed to the recipient, postage prepaid and registered or certified with return receipt requested; (iii) one (1) business day after deposit with an express mail or overnight courier service, provided that confirmation of such delivery is received; and (iv) if given or made by fax, when dispatched subject to receipt of a machine-printed confirmation of error-free dispatch, and upon transmission if sent via electronic mail, provided that a confirmation copy is sent via express mail or overnight courier service and confirmation of such delivery is received. Such notices, demands, or other communications shall be sent to each party at the mailing addresses or facsimile numbers indicated below. Any party may change its address or other notice information by providing the other party with notice in accordance with this Paragraph.

(b) The relationship between the parties is that of independent contractors, and nothing in these Business Terms is intended to, or should be construed to, create a partnership, agency, joint venture or employment relationship. Neither party is authorized to make any representations, contracts or commitment on behalf of the other. RHR assumes full and sole responsibility for the payment of all compensation and expenses (including payment of employment benefits, if any) of RHR Consultants, including workers' compensation, disability benefits and unemployment insurance, and for withholding and remitting any local, state or federal payroll-related taxes or assessments related to performance of the Services. RHR may identify Company as a client and include a general description of the services provided by RHR to Company (e.g., Chair Succession) in RHR's client lists, marketing presentations and promotional materials, provided that RHR does not reveal specific details about, or the participants of the engagement.

(c) No rights, benefits, or claims are conferred upon any person or entity not a party to these Business Terms or any agreement between RHR and the Company to provide Services. In the event the Company chooses to directly engage other contractors, RHR shall not be responsible for the performance of such contractors, even if RHR has been involved in recommending or selecting such contractors or in otherwise reviewing such third party's work.

(d) If RHR is the subject of a subpoena or is requested to testify or otherwise becomes similarly involved (other than as a party) in any legal proceeding which arises out of or relates to RHR's performance of Services pursuant to these Business Terms, the Company agrees to reimburse RHR for all costs incurred by RHR (including attorneys' fees and the time of RHR Consultants at regular rates) in connection with such proceeding.

(e) Neither party shall be liable or responsible by reason of any failure or delay in the performance of its obligations (except for the payment of money) on account of strikes, shortages, riots, insurrection, fires, flood, storm, explosions, acts of God, war, governmental action, labor conditions, earthquakes, or any other cause which is beyond the reasonable control of such party.

(f) The parties may correspond or convey documentation via electronic mail, which has inherent limitations, including issues of performance, reliability, availability and security. Neither party shall be liable for any loss, damage, expense, harm or inconvenience resulting from the loss, delay, interception, corruption, or alteration of any electronic mail due to any reason beyond that party's reasonable control.

(g) Each party acknowledges that breach of these Business Terms by the other party may result in irreparable harm, the extent of which would be difficult or impracticable to assess, and that money damages would not be an adequate remedy for such breach. Accordingly, either party shall be entitled to seek immediate injunctive and other provisional relief with respect to such breach without prejudice to any such other remedies.

(h) These Business Terms and any agreement between RHR and the Company to provide Services shall be governed in all respects by the laws of the State of Illinois without regard to conflicts of laws rules.

(i) Each party consents to the jurisdiction of the relevant court of Illinois for any legal action, suit, or proceeding arising under or relating to these Business Terms or any agreement between RHR and the Company to provide Services and agrees that any such action, suit, or

3

proceeding may be brought only in such courts. Each party further waives any objection to the laying of venue for any such suit, action, or proceeding in such courts or for the purpose of enforcing any such decisions or rulings.

(j) The Paragraph headings in these Business Terms are provided for convenience only and shall not affect its construction or interpretation. All references to "Paragraph" or "Paragraphs" refer to the corresponding Paragraph or Paragraphs of these Business Terms. Whenever the context may require, any pronoun includes the corresponding masculine, feminine and neuter forms. Words in the singular or plural include the plural or the singular, as the case may be. The words "include", "includes" and "including" shall be deemed to be followed by the phrase "without limitation". Unless otherwise expressly stated in any written agreement between RHR and the Company to provide Services, these Business Terms shall be deemed incorporated into and made a part of any agreement between RHR and the Company. In the event of any conflict between the terms set forth in any agreement between RHR and the Company to provide Services and these Business Terms, these Business Terms shall control. The following capitalized terms shall have the following meanings:

"Company Personnel" shall mean any employee, prospective employee or agent of the Company.

"Deliverables" shall mean any written report, analysis or other tangible embodiment of advice that RHR delivers to the Company.

"RHR Consultant" shall mean any consultant, employee, agent or contractor of RHR.

(k) If any court of competent jurisdiction shall hold any part of these Business Terms or any agreement between RHR and the Company to provide Services invalid or unenforceable, the other provisions of these Business Terms or any such agreement shall remain in full force and effect. Any provision of these Business Terms or any such agreement held invalid or unenforceable only in part or degree shall remain in full force and effect to the extent not held invalid or unenforceable.

(l) The rights and remedies of the parties are cumulative and not alternative. Neither the failure nor delay by any party in exercising any right, power, or privilege, and no single or partial exercise of any such power, right, or privilege shall preclude any other or further exercise of such or any other power, right or privilege. Any waiver or consent shall be in writing signed by the party granting such waiver or consent.

(m) These Business Terms or any agreement between RHR and the Company to provide Services may not be assigned or transferred (including any transfer by operation of law) by either party without the written consent of the other party.

(n) These Business Terms and any agreement between RHR and the Company to provide Services shall be binding upon and shall inure to the benefit of the parties, their affiliates, and their respective successors and permitted assigns.

(o) The rights and obligations that by their nature should survive or extend beyond the termination or expiration of these Business Terms or any agreement between RHR and the Company to provide Services shall survive any termination or expiration of these Business Terms or such agreement.

(p) These Business Terms supersede all prior and contemporaneous communications, proposals or agreements between the parties, oral or written. No changes, amendments or modifications of these Business Terms are valid or binding upon the parties unless made in writing and manually signed by a duly authorized representative of each party.

(q) These Business Terms may be executed in one or more counterparts, each of which shall be deemed to be an original copy of these Business Terms and all of which, when taken together, shall be deemed to constitute one and the same agreement.

IN WITNESS WHEREOF, the parties to these Business Terms have caused these Business Terms to be signed and sealed on the date last indicated below.

**RHR:**

**RHR International LLP**

*[Signature]*
Signature

Robert L. Pierce, Senior Partner, CFO
Print/Type Name and Title of Signatory

Dated: 02/25/2016

Attention: Chief Financial Officer

**The Company:**

**Fifth Third Bank**

*[Signature: Teresa J. Tanner]*
Signature

Teresa J. Tanner
Print/Type Name and Title of Signatory

Dated: 02/24/2016

Attention: _____
Address: _____

4