## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**PHILIP R. MCHUGH,**

                        Plaintiff,

v.

**FIFTH THIRD BANCORP, ET AL.**

                        Defendants.

Case No. 1:21-cv-00238

Judge Michael R. Barrett

**AFFIDAVIT OF JOSHUA M. SMITH, ESQ.**

Now comes Joshua M. Smith, Esq., Co-Counsel for Plaintiff, and for his Affidavit states the following:

1.     I am co-counsel for Plaintiff Philip R. McHugh.

2.     Attached to this affidavit are true and accurate copies of the documents referenced throughout Plaintiff's Reply in Support to Motion to Compel Production of Documents Subpoenaed from RHR International, LTD ("RHR"), including **Exhibits 1-3**.

3.     **Exhibit 1** is a true and accurate copy of excerpts from Plaintiff's Request for Production of Documents ("RFPDs") from November 2020 and Defendants' Response to Plaintiff's RFPD #13.

4.     **Exhibit 2** is a true and accurate copy of correspondence from Plaintiff's counsel to Defendants' counsel, dated September 8, 2021.

5.     **Exhibit 3** is a true and accurate copy of correspondence from Defendants' counsel to Plaintiff's counsel, dated October 11, 2021.

                                        Joshua M. Smith, Esq.

Sworn to and subscribed in my presence this __4__ day of __April__ 2024.

**Jessica Peterson**
**Notary Public, State of Ohio**
**My Commission Expires:**
**June 29, 2026**

Notary Public
State of Ohio

2

Jessica Peterson
Notary Public, State of Ohio
My Commission Expires:
June 28, 2026



Request for Production No. 10:  Please produce for inspection and/or copying the final quarterly financial statements for each of the following divisions from January 1, 2015 through date of response:  (a)  Regional Banking; (b) Middle Market Banking; (c) Business Banking, and (d) Wealth & Asset Management.

RESPONSE:

Request for Production No. 11:  Please produce for inspection and/or copying the Bank's executive management organizational chart as it existed on October 1, 2020 and on October 26, 2020.

RESPONSE:

Request for Production No. 12:  Please produce for inspection and/or copying any final or interim report, recommendation, or evaluation prepared for Bank by any consulting person or firm the purpose of which was to vet Timothy N. Spence for the position of President of Fifth Third Bank, or any other position in Executive Management at the Bank.

RESPONSE:

Request for Production No. 13:  Please produce for inspection and/or copying the engagement letter signed by or on behalf of the Bank with the consulting firm described in No. 12 above.

RESPONSE:

Request for Production No. 14:  Please produce for inspection and/or copying the minutes of the Fifth Third Bancorp ("Bancorp") Board meetings held in July-October, 2020.

RESPONSE:

Exhibit 1

any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege. Fifth Third Bank objects to this Request on the grounds that the phrase "final or interim report, recommendation, or evaluation" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000952-001085.

13.     Please produce for inspection and/or copying the engagement letter signed by or

on behalf of the Bank with the consulting firm described in No. 12 above.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 001086-001096

14.     Please produce for inspection and/or copying the minutes of the Fifth Third

Bancorp ("Bancorp") Board meetings held in July-October, 2020.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege. Fifth

11



Joshua M. Smith, Esq.
Email: jms@sspfirm.com
Phone: (513) 533-6715
Fax: (513) 533-2716

September 8, 2021

**VIA ELECTRONIC MAIL**
Michael L. Cioffi, Esq. (cioffi@blankrome.com)
David J. Oberly, Esq. (DOberly@BlankRome.com)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202

<strong>Re:     Philip R. McHugh v. Fifth Third Bank Corp., <em>et al</em>.</strong>

Counsel:

We have completed our initial review of Defendants' responses and objections to Plaintiff's initial document requests, and it is apparent that a substantial number of the documents requested by Plaintiff are either missing, improperly withheld, or redacted without explanation. Given that we will need to resolve such deficiencies before we can begin taking relevant witness depositions, we are writing in an attempt to resolve these issues immediately and without court intervention. Moreover, please understand that this letter is not intended to encompass all deficiencies in Fifth Third's discovery responses. Discovery and our investigation into this matter is ongoing, and Plaintiff reserves the right to identify any additional discovery issues as they arise. Although, as discussed in more detail below, your claims of privilege are unfounded, we hereby demand that defendants provide a log of all documents that defendants are withholding based upon an alleged privilege.

We ask that you please supplement the below discovery no later than September 22, 2021. This correspondence is being sent to resolve these discovery issues without Court intervention.

<strong><u>Objections as to Confidentiality of Information</u></strong>

Throughout many of your responses to the requests, you have made objections on the basis that the documents contain "confidential, sensitive, private personal information" and "commercially sensitive business information." As you are well aware, we have already addressed these concerns by agreeing to the Stipulated Protective Order which the Court entered on June 21, 2021. As such, there is no legitimate basis for you to either withhold documents or redact the same. To the extent you have withheld documents on this basis, please produce them as the Stipulated Protective Orders resolves such concerns.

Exhibit 2

Attorneys licensed in Ohio, Kentucky, Indiana, Michigan and Florida | SSPFIRM.COM | 513.533.2700 / MAIN OFFICE

HYDE PARK SQUARE OFFICE / 2623 ERIE AVE, CINCINNATI, OH 45208 | ANDERSON TOWNSHIP OFFICE / 7373 BEECHMONT AVE, CINCINNATI, OH 45230

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 2

## **Specific Document Requests**

*Request for Production No. 1: The personnel file maintained by Fifth Third Bank ("Bank") for Gregory D. Carmichael from January 1, 2015 through date of response.*

You have objected on multiple bases, including claims that Defendant Carmichael is not a comparator. Upon our review, it appears that you produced no responsive documents.

Your objections are meritless. Mr. Carmichael is not only the decisionmaker in this age discrimination and retaliation case, but he is also a party-defendant and held the position which Plaintiff was denied. There is no question that Mr. Carmichael's personnel file, including but not limited to reviews of his performance, performance goals, complaints regarding his conduct, and other materials pertinent to his employment at Fifth Third are relevant and discoverable.

The case you reference in your objections—*Lawroski v. Nationwide Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 178005 (S.D. Ohio 2012)—does not support your withholding of documents. To the contrary, it makes clear that a plaintiff is entitled to discover documents contained in a personnel file relevant to a case, including "any documents relating to performance expectations, performance reviews, job objectives, hire and/or promotion decisions, qualifications, notes pertaining to the interview and selection process, as well as any documents that would be responsive to any of the other categories of documents Plaintiff seeks to compel."

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 2: The personnel file maintained by Bank for Timothy N. Spence from January 1, 2015 through date of response.*

Notwithstanding your objections, your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 000001-000267" as documents responsive to this request.

Upon review, the designated documents are Mr. Spence's offer letter, and a lengthy PowerPoint presentation regarding consumer bank, payments and strategy. Obviously, this does not include the entirety of Mr. Spence's personnel file, including his performance reviews, expectations, job objectives, hire and/or promotion decisions, qualifications, notes pertaining to the interview and selection process, and other relevant documents to this case. While some performance reviews appear throughout the documents produced, it does not appear that all have been produced. At a minimum, this would also include the annual Employee Engagement Survey Results and Customer Experience Scores for Mr. Spence.[1]

---

[1] To resolve any anticipated objections that these documents are not encompassed in Mr. Spence's personnel file, we are also submitting a formal discovery request for the referenced surveys/scores.

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 3

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 3: The personnel file maintained by the Bank for Philip R. McHugh from January 1, 2015 through date of response.*

Your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 000285-000406." While the referenced documents appear to reflect some of the documents that would be encompassed in Mr. McHugh's personnel file, we do not see any of the annual Employee Engagement Survey Results or Customer Experience Scores for Mr. McHugh.[2]

Your citation to a decision by Magistrate Preston-Deavers in *Nathan v. Ohio State Univ.* does not support the withholding of documents from Plaintiff's personnel file, and in fact supports our position in this case. In particular, Magistrate Deavers stated that such documents in a personnel file "could include any documents relating to the comparators' performance or performance issues as well as any documents that would be responsive to any of the other categories of documents Plaintiff seeks to compel in her Motion. For example, if a comparator's personnel file contained resident evaluations or rankings, Defendant must produce those evaluations and rankings."

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 4: The Outlook Inbox and Sent items on Philip R. McHugh's desktop or server, as the case may be, from oldest entry through most recent entry through date of response.*

You have objected on multiple bases, including claiming that Plaintiff's own e-mails are not relevant, and that requesting the same is unreasonable, vexatious, harassing, and oppressive. Plaintiff's own e-mails while employed by Defendant Fifth Third are relevant and discoverable, particularly because this case concerns Fifth Third's age-based decisions to select a substantially younger individual over McHugh for promotion, a demotion of McHugh, and his subsequent termination when he objected to the demotion. The e-mails he sent and received are evidence of McHugh's job performance and qualification, among other bases which make them discoverable.

Further, you claim that the request is not by individual item or category; however, the claim clearly request emails within Mr. McHugh's inbox and sent folder on the server, which is reasonably categorized. The e-mails can certainly be segregated out and submitted in a batch to Plaintiff for purposes of discovery.

---

[2] To resolve any anticipated objections that these documents are not encompassed in Plaintiff McHugh's personnel file, we are also submitting a formal discovery request for the referenced surveys/scores.

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 4

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 5: The Outlook Inbox and Sent items on Gregory D. Carmichael's desktop or server, as the case may be, that reference in any fashion Philip R. McHugh, the office of President of the Bank, or any change in Executive Management at the Bank, from January 1, 2018 through date of response.*

Your objections appear to claim that the documents requested are not relevant and thus not discoverable. That is baseless. Defendant Carmichael's e-mails that reference Plaintiff, the President of the Bank, and changes in Executive Management directly relate to the claims of failure to promote on the basis of age—particularly the failure to promote Mr. McHugh in favor a substantially younger and less-qualified individual.

Your citation to *Lillard v. Univ. of Louisville* is also off-base, and certainly does not support your actions of withholding any responsive documents. Indeed, *Lillard* makes clear that the plaintiff is entitled to any documents or communications which relate *in any fashion* to the plaintiff's claims:

> In other words, the doctor certainly is entitled to all documents or communications that, for example, relate in any fashion to his claims of racial discrimination, hostile work environment, or retaliation – to mention several of the remaining claims that have survived the prior motion to dismiss filed by the University.

Additionally, we note that one e-mail from Mr. Shaffer to Mr. Carmichael appears to lack a recipient, a date, and the balance of the e-mail chain. The e-mail 9FIFTHTHIRD-MCHUGH-006500) relates to a Draft Talent and Succession Deck for the Board. Please produce a complete copy of the e-mail in its native format, along with any and all responses by Defendant Carmichael and/or Mr. Shaffer.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 6: The Outlook Inbox and Sent items on Timothy N. Spence's desktop or server, as the case may be, that reference in any fashion Philip R. McHugh, the office of President of the Bank, or any change in Executive Management at the Bank, from January 1, 2018 through date of response.*

See our notations in response to your objections to Request for Production No. 5. Similar to Defendant Carmichael, Mr. Spence's e-mails regarding these topics are clearly relevant and discoverable. Please produce the requested documents or confirm your intent not to do so such that we can seek court intervention.

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 5

In your response, you also refer Plaintiff generally to the documents produced in response, and indicate that this includes all "relevant, discoverable email messages responsive to this Request." Please provide the Bates Numbers where these documents exist.

We note that there is an e-mail dated September 23, 2020 between Mr. Shaffer and Mr. Spence regarding changes to an Executive Succession Planning Powerpoint (FIFTHTHIRD-MCHUGH-006423), but the balance of the e-mail chain is missing. Please produce the entirety of this e-mail chain, along with any and all other responsive documents.

*Request for Production No. 7: Every annual review and self-evaluation regarding Gregory D. Carmichael from January 1, 2015 through date of response.*

See our notations in response to your objections to Request for Production No. 1. Mr. Carmichael is a decisionmaker and party-defendant to this case. Additionally, his annual reviews and self-evaluations are clearly relevant to Plaintiff's case, including the qualifications and performance standards for the President and CEO of Defendant Fifth Third.

*Request for Production No. 13: Please produce for inspection and/or copying the engagement letter signed by or on behalf of the Bank with the consulting firm described in No. 12 above.*

Notwithstanding your objections, you refer to Bates Number "FIFTHTHIRD-MCHUGH 001086-001096." Upon review, this appears to be a proposal by RHR International LLP on June 8, 2020 for the "Executive Assessment and Development/CEO Succession – Revised." This is not responsive to the request. Please produce a copy of any engagement letter <u>signed by or on behalf of the Bank</u>. This would include, but not be limited to, the "Client Relationship Agreement" referenced in the RHR International, LLP slides (see FIFTHTHIRD-MCHUGH 001211).

*Request for Production No. 14: The minutes of the Fifth Third Bancorp ("Bancorp") Board meetings held in July-October, 2020.*

You indicate that this request seeks information protected by the attorney client-privilege and/or the attorney work product privilege, and indicate that "at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request."

We do not understand this response, particularly the implication that there are privileged documents. The present lawsuit was not filed until October 28, 2020; the Board's meetings from July-October 2020 clearly did not entirely encompass attorney-client privileged discussions surrounding this lawsuit nor were they in anticipation of litigation for purposes of work product protection.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 6

*Request for Production No. 18: Any and all reports, submissions, or recommendations received or reviewed by the Human Capital and Compensation Board Committee from any member of Bank Executive Management from January 1, 2015 through date of response addressing succession planning or candidates for promotion within Executive Management at the Bank.*

In response, you refer us to documents with Bates Number "FIFTHTHIRD-MCHUGH 001457-005219." Upon review, many of these documents appear to have been wholly redacted and there is no indication why. Obviously neither Plaintiff nor his counsel can sufficiently review the responsive documents where they have been completely redacted. We have a Stipulated Protective Order to address any confidentiality concerns.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 19: Any and all communications sent to, received from or otherwise exchanged with the Office of the Comptroller of the Currency regarding the Bank's plan for succession of officers in Executive Management through date of response.*

Your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 005220-005223" as documents responsive to this request. Upon review, this batch of documents appears to be a 3-page PowerPoint presentation regarding succession planning. Obviously, this would not include the entirety of information sent or received from the comptroller regarding succession of officers, including e-mails, letter correspondence, notes, budgeting plans and/or identified individuals.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 20: Any and all manuals or instructions received from the Office of Comptroller of the Currency which the Bank referenced or followed in connection with the appointment of officers in Executive Management through date of response.*

See response to Request for Production No. 19. The appointment or planning of an appointment of an individual requires instructions and manuals on how the individuals are identified and their pay structure and are clearly relevant to the matter at hand.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 21: Any communications exchanged with Lead Director Martha Williams by officers in Executive Management from January 1, 2018 through date of response which mention Philip R. McHugh or Timothy N. Spence, or their respective offices.*

Your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 005197-005208" as documents responsive to this request. Upon review, this batch of documents appears to be (i) a

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 7

one-page email on September 11, 2018 regarding HCC Committee Materials, including for CEO Emergency Succession Plan discussion; and (ii) what appear to be the "materials" attached to the September 11, 2018 e-mail.

The isolated email certainly does not encompass the entirety of the discussions with Ms. Williams, in the last three years regarding Plaintiff, Mr. Spence, or their respective offices, given she was a member of the HCC committee throughout this period, including on topics relating to succession planning.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 22: Any communications exchanged with Human Capital and Compensation Committee Chair Michael McCallister by officers in Executive Management from January 1, 2018 through date of response which mention Philip R. McHugh or Timothy N. Spence, or their respective offices.*

Notwithstanding your objections, your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 005197-005208 and 005254-005255" as documents responsive to this request. 005197-5208 are the same documents you reference in Request for Production No. 21; 5254-5255 appear to be two pages from an e-mail on June 28, 2019 from Fifth Third Bulletin Intelligence to Phil McHugh, with no mention of Mr. McAllister.

The isolated email certainly does not encompass the entirety of the discussions with Mr. McCallister, the chair of the HCC committee, in the last three years regarding Plaintiff, Mr. Spence, or their respective offices, especially given that yearly succession planning was occurring during this period.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 23: Any documents, text messages, emails, or other electronic communications sent or received by Gregory Carmichael from January 1, 2018 through date of response which mention Philip R. McHugh.*

Notwithstanding your objections, your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 005226-5248" as documents responsive to this request. 5226-5236 is an e-mail chain between Defendant Carmichael and Bryan Daniels (board member); 5239-5242 is an e-mail invitation from Melissa Stevens to numerous individuals for the "Fifth Third Payments & Innovation Showcase" on July 18, 2018; 5243-5248 are similar e-mail invitations. Not one text message has been produced.

Clearly, you have withheld documents from production, including the entirety of Defendant Carmichael's text messages, and numerous e-mails which would mention Philip R.

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 8

McHugh. There are obviously text messages given that Plaintiff has produced the same between himself and Defendant Carmichael. Your objections as to overbreadth are also baseless, given that you have made the same type of request that Plaintiff produce all of his text messages which in any way reference Fifth Third, and he has done so.

  Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 24: Any documents, text messages, emails, or other electronic communications sent or received by Timothy N. Spence from January 1, 2018 through date of response which mention Philip R. McHugh.*

  You indicate that "Fifth Third Bank does not have any non-privileged documents responsive to this request." This is clearly not the case, given that Plaintiff has already produced text messages between himself and Mr. Spence. Beyond that, per Fifth Third Mr. Spence was being "vetted" to be the President and CEO of the Bank, and as part of this process he became President in October 2020 and was taking over Mr. McHugh's lines of business. An assertion that there are no communications whatsoever which reference Mr. McHugh and/or this decision is beyond belief.

  Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 25: any documents, text messages, emails, or other electronic communications sent or received by Robert Shaffer from January 1, 2018 through date of response which mention Philip R. McHugh.*

  Your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 005237-005248 and 005273-005258" as documents responsive to this request. Upon review, this batch of documents appears to be a few emails and no other communications, including no text messages. Obviously, there are text messages concerning Mr. McHugh, given that Plaintiff has already produced such text messages in response to your requests.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 28: The electronic calendar maintained by Gregory D. Carmichael from January 1, 2018 through date of response.*

  You state that the term "electronic calendar" is undefined and have apparently refused production on that basis among others, including that the request is not relevant.

  First, an electronic version of a calendar is a clear term, but for purposes of additional clarification we are seeking Defendant Carmichael's calendar throughout the relevant period,

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 9

including any maintained in Microsoft Outlook or any other software which Defendant Carmichael or his executive assistant utilizes for purposes of scheduling meetings, conferences, and the like.

Second, the content of Defendant Carmichael's calendar is clearly relevant and discoverable, as it will assist in establishing the dates of various meetings, conferences, and other events related to this litigation (i.e., meetings with Mr. Shaffer, Mr. Spence, Mr. McHugh, board members, etc.).

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 29:  The electronic calendar maintained by Timothy N. Spence from January 1, 2018 through date of response.*

See response to Request for Production No. 28. Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 30: Any writings of any kind or any electronic messages of any kind authored by Gregory D. Carmichael from January 1, 2018 through date of response which mention Philip R. McHugh and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.*

You indicate that "Fifth Third Bank does not have any non-privileged documents responsive to this Request." This claim is contradicted by Fifth Third and Carmichael's joint Answer to the Complaint, in which Mr. Carmichael admits he inquired to Plaintiff whether he would be interested in being "recommended to Fifth Third Bank's Board of Directors as a potential emergency, interim CEO for Fifth Third Bank…" (¶ 15). To be clear, the Bank is now claiming (disingenuously, we believe) that despite having this conversation with Plaintiff Mr. Carmichael has no communications of any kind relating to this recommendation, including with Board members, Mr. Shaffer, Mr. Spence, or any other individual.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 31: Any writing of any kind or any electronic messages of any kind authored by Timothy N. Spence from January 1, 2018 through date of response which mention Philip R. McHugh and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.*

Again, you indicate that "Fifth Third Bank does not have any non-privileged documents responsive to this Request." Similar to Request for Production No. 30, the claim is contradicted by Fifth Third repeated indications that Mr. Spence was selected for the position of President after "many months of succession planning." (Counterclaim ¶ 10). Indeed, the Bank claims this was "widely known across the Bank." (¶ 11). For the Bank to now claim that Mr. Spence has no written

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 10

communications whatsoever which mention Plaintiff and the position of President and CEO, or interim President and CEO, is simply disingenuous.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 32: Any writing of any kind or any electronic messages of any kind authored by Gregory D. Carmichael from January 1, 2015 through date of response which mention Timothy N. Spence and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.*

You responded that "Fifth Third Bank does not have any non-privileged documents responsive to this Request." See our notations in response to your objections to Request for Production No. 30-31. Clearly, the Bank alleges that Mr. Spence was "vetted" for President "after many months of succession planning." Please produce communications from Defendant Carmichael which mention Mr. Spence and this position (President) for which he was vetted.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 34: any writing of any kind or any electronic messages of any kind which relate or refer to the decision to place Philip R. McHugh into the position of Head of Fifth Third Consumer Bank in 2020.*

Your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 006710-006711" as documents responsive to this request. Upon review, this batch of documents appears to be an organizational chart from 2018. Obviously, this does not include the entirety of the communications about Mr. McHugh and the decision to place him in the position of Head of Fifth Third Consumer Bank.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 35: Any writing of any kind or any electronic messages of any kind which relate or refer to the decision to name Timothy N. Spence Head of Fifth Third Consumer Bank in August 2018.*

You responded that "Fifth Third Bank does not have any non-privileged documents responsive to this Request." Clearly, a decision was made at some point to name Mr. Spence Head of the Consumer Bank, and this occurred in August 2018. Fifth Third's assertion that no writing or messages of any kind exist relating to this decision is difficult if not impossible to believe.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 11

*Request for Production No. 37: Any kind or any electronic messages of any kind made by Mr. Carmichael which relate or refer to Plaintiff's annual performance review in or around February 2020, including but not limited to the claim that Mr. Carmichael informed plaintiff that the Board of Directors was no longer considering any interim CEO contingency plans.*

Notwithstanding your objections, your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 007129" as the single document responsive to this request. Upon review, this document appears to be an email dated April 8, 2019 regarding Kathy Fahey in the Accounting Department celebrating her 50th anniversary. Obviously, this has nothing to do with Plaintiff's February 2020 performance review.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 38: Any writing of any kind or any electronic messages of any kind which relate or refer to the conversation between Mr. Carmichael and plaintiff on October 13, 2020, including but not limited to the claim that Mr. Carmichael informed plaintiff that he believed plaintiff was the best fit to step into the Head of Consumer Bank Role, and that if plaintiff continued with the company as Head of Consumer Bank through the end of 2020, he would become a Named Executive Officer in the Bank's 2021 Proxy Statement.*

Notwithstanding your objections, your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 007130-007131" as the documents responsive to this request. Upon review, these documents appear to be an e-mail chain between Plaintiff and Mr. Spence. No other responsive documents were produced. Please produce all responsive documents, or to the extent you claim that no other documents exist, please confirm the same.

*Request for Production No. 40: Any writing of any kind or any electronic messages of any kind which relate or refer to the meeting between Mr. Shaffer and plaintiff, including but not limited to the claim that Mr. Shaffer "reiterated the Board of Directors' interest in plaintiff taking over the Head of Consumer Bank role."*

Notwithstanding your objections, your response refers Plaintiff to "FIFTHTHIRD-MCHUGH 007132" as documents responsive to this request. Upon review, this batch of documents appears to be a 2019 pay for performance sheet for Phil McHugh, which is not responsive to the request.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

*Request for Production No. 42: Any writing of any kind or any electronic messages of any kind sent to or received by any members of the Board of Directors of Fifth Third Bank which relate or*

Michael L. Cioffi, Esq.
David J. Oberly, Esq.
*Philip R. McHugh v. Fifth Third Bank Corp., et al.*
September 8, 2021
Page 12

*refer to the "many months of succession planning" prior to Timothy Spence being vetted for the position of President at Fifth Third Bancorp.*

You responded that "Fifth Third Bank does not have any non-privileged documents responsive to this Request."  Clearly, there are written communications between the Board of Directors and/or executives regarding the succession planning that Fifth Third alleges it engaged in.

Please produce the requested documents, or otherwise confirm your refusal to do so, so that we may promptly seek Court intervention.

Sincerely,

STAGNARO, SABA
& PATTERSON CO., L.P.A.

Joshua M. Smith, Esq.

Cc:    Peter A. Saba
       John J. McHugh III
       Philip R. McHugh

# BLANKROME

1700 PNC Center
201 East Fifth Street | Cincinnati, OH 45202
blankrome.com

| Phone: | (513) 362-8701 |
| Fax: | (513) 362-8702 |
| Email: | michael.cioffi@blankrome.com |

October 11, 2021

Joshua M. Smith
STAGNARO, SABA & PATTERSON
2623 Erie Avenue
Cincinnati, Ohio 45208
jms@sspfirm.com

> RE: ***McHugh v. Fifth Third Bancorp, et al.***
> **U.S. Dist. Court for the Southern District of Ohio No. 1:21-cv-00238-MRB**

Josh:

Allow the following to serve as Fifth Third Bank, National Association's (the "Bank") response to your September 8, 2021 letter regarding the Bank's responses to Plaintiff Philip McHugh's ("Plaintiff") First Set of Requests for Production of Documents ("Requests").

## The Bank's Objections to Plaintiff's Document Requests

As a preliminary matter, and to address your letter's discussion regarding the Bank's "Objections as to Confidentiality of Information," it should be noted that while the Bank stated its objections to Plaintiff's document requests in its written responses to Plaintiff's Requests, the Bank did *not* withhold any documents based on the attorney-client privilege or the work product doctrine. Nor did it withhold any documents based on objections raised relating to "confidential, sensitive, private personal information" or "commercially sensitive business information" as your letter suggests.[1]

Moreover, any suggestion that the Bank's practice of raising objections and then answering over them in its written responses is in any way improper is baseless and lacks merit. As a general rule, Rule 34 of the Federal Rules of Civil Procedure provides that the failure to object to discovery requests constitutes a waiver of any objection.[2] Moreover, "the plain language of [Rule

---

[1] *See* Plaintiff's September 8, 2021 Discovery Letter ("Plaintiff Discovery Letter") at 1.
[2] *Carfagno v. Jackson National Life Ins. Co.*, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (collecting cases).

Exhibit 3

# BLANKROME

Joshua M. Smith
October 11, 2021
Page 2

34(b)(2)(C)] permits a party to assert its objections, then answer the discovery request to the extent it does not want to raise [the] objection."[3]

In this case, a review of the Bank's objections, when read together with its written responses and the documents it has produced, reveals a prosaic approach taken by the Bank that avoids any waiver of potentially valid reasons for declining to produce discovery, while otherwise responding to Plaintiff's Requests—which is clearly permissible under Rule 34.[4]

### Request for Production No. 1

With respect to Plaintiff's Request for Production No. 1, your argument that Plaintiff is entitled to discovery of Mr. Carmichael's personnel file records lacks even a scintilla of merit.

At the outset, it is important to clarify the what constitutes "relevant" evidence under Rule 26 of the Federal Rules of Civil Procedure, as it appears as though your objections to the Bank's document production is based on an erroneous understanding of this concept. Under the 2015 amendment to Civil Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[5] The proportionality factors are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[6]

As a result of the 2015 amendments, Rule 26(b)(1) now provides for a more narrow scope of permissible discovery that limits discoverable evidence to that which is "relevant to any party's claim or defense and proportional to the needs of the case." Consequently, no longer is the phrase "relevant to the *subject matter involved* in the pending action" applicable to determining the scope of permissible discovery in federal litigation.[7] Importantly, "[this 2015] rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to develop new claims that are not already identified in the pleadings."[8]

---

[3] *Wilkinson v. Greater Dayton Regional Transit Authority*, 2012 WL 3527871, at *12 (S.D. Ohio Aug. 14, 2012).

[4] *See id.*

[5] Fed. R. Civ. P. 26(b)(1).

[6] *Id.*

[7] *Id.* (emphasis added); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (discussing the "key phrase" of the prior version of Rule 26(b)(1)).

[8] Rule 26, Advisory Committee Notes (2015).

# BLANKROME

Joshua M. Smith
October 11, 2021
Page 3

Applied to this case, the discovery you seek from the Bank must be relevant to the *claims or defenses* asserted by the parties in this action, as well as proportional to the needs of the case. Throughout your letter, however, you indicate that Plaintiff is entitled to all evidence that may in any way relate to the subject matter of this case. This is simply incorrect.

Turning now to your discussion of Request No. 1, as you indicate yourself in your September 8 letter, Mr. Carmichael is not a *comparator* to Plaintiff in this age discrimination suit, but rather a supervisor or decisionmaker.[9] On this fact alone, Mr. Carmichael's personnel file records fall outside the scope of Rule 26(b)(1). Specifically—and contrary to the assertions made in your letter—only the personnel records of comparators are relevant in this particular instance. For example, in *Nathan v. Ohio State University*, the court limited the production of personnel files to only those documents in comparators' files that fell within the bounds of Rule 26(b)(1), explaining that "personnel files might contain highly personal information, including information concerning 'other work-related problems unrelated to [Plaintiff's] claims.'"[10]

At bottom, there is no colorable basis for you or your client to argue you are for any reason entitled to discovery of any portion of Mr. Carmichael's personnel file. Rather, the only reasonable conclusion to draw is that Plaintiff seeks to obtain these documents for a vexatious purpose; specifically, to harass, badger, and intimidate Mr. Carmichael in order to coerce the Bank to behave how Plaintiff desires—further demonstrating your client's continued pursuit of perverting the judicial process for an improper purpose—the textbook definition of "abuse of process."[11]

### Request for Production No. 2

Contrary to the contentions asserted in your letter, the Bank has produced all personnel file documents of Timothy Spence ("Mr. Spence") in its possession, custody, or control. The non-review/evaluation portion of Mr. Spence's personnel file has been produced at FifthThird-McHugh 000001-000267. All performance reviews and evaluations of Mr. Spence have been produced at FifthThird-McHugh 000407-000518.

---

[9] *See* Plaintiff Discovery Letter at 2.
[10] *Nathan v. Ohio State Univ.*, 2013 WL 2948358, at *3 (S.D. Ohio June 14, 2013) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999)); *see also Lawroski v. Nationwide Mut. Ins. Co.*, 2012 WL 6568230, at *5 (S.D. Ohio Dec. 17, 2012) (citing *Knoll*, 176 F.3d at 365).
[11] *See* Bank Counterclaim, ¶¶ 1-2; *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 144 (1990) (citing *Pope v. Pollack* 46 Ohio St. 367, 368-71 (1989)); Prosser & Keeton on Torts (5 Ed.1984) 898, Section 121 (in an abuse of process case, "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.").

BLANKROME

Joshua M. Smith
October 11, 2021
Page 4

### Request for Production No. 3

Please see the Bank's discussion relating to Request No. 2, which is equally applicable to the Bank's response to Request No. 3. The entirety of Plaintiff's non-review/evaluation personnel records in the Bank's possession, custody, or control have been produced at FifthThird-McHugh 000285-000406 and all evaluations and reviews have been produced at FifthThird-McHugh 000469-000862.

### Request for Production No. 4

It is beyond argument that Plaintiff's request for the production of *all* email correspondence sent *and* received by Plaintiff—over the course of his decades-long career at the Bank—is egregiously overbroad and extends well beyond the bounds of Rule 26(b)(1). This is because compliance with this request would force the Bank produce thousands upon thousands of emails that are wholly unrelated to any claim or defense asserted in this action. Not only that, but even assuming *arguendo* the entirety of Plaintiff's email correspondence somehow fell within the permissible scope of discovery, the production of thousands of emails that have no application *whatsoever* to this litigation would also constitute a severe violation of the proportionality requirements of Rule 26(b)(1).

With that said, the Bank has produced all emails in its possession, custody, or control sent or received by Plaintiff which are relevant to the claims or defenses asserted in this case as part of its July 30, 2021 document production. Please see FifthThird-McHugh 000562-000862, 006712, 007130, 007141, and 007146.

### Request for Production No. 5

Please see the Bank's discussion relating to Request No. 1, which is equally applicable to the Bank's response to Request No. 5.

With that said, the Bank has produced a number of emails in its possession, custody, or control that were sent or received by Mr. Carmichael and which are relevant and responsive to Request No. 5 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 001061-001070, 005226-005236, and 005348-007128.

Lastly, you are mistaken that the email authored by Bob Shaffer ("Mr. Shaffer") to Mr. Carmichael (at FifthThird-McHugh 006500) which you discuss in your letter lacks the balance of the email chain.[12] The attachment that you claim is missing from the Bank's document production can be found at FifthThird-McHugh 006502-006551.

---

[12] Discovery Response Letter at 4.

# BLANKROME

Joshua M. Smith
October 11, 2021
Page 5

### Request for Production No. 6

The Bank has produced all emails in its possession, custody, or control that were sent or received by Mr. Spence and which are relevant and responsive to Request No. 6 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 007130.

Further, you are mistaken that the email authored by Mr. Spence (at FifthThird-McHugh 006423) which you discuss in your letter lacks the balance of the email chain.[13] The attachment that you claim is missing from the Bank's document production can be found at FifthThird-McHugh 006439-006462.

### Request for Production No. 7

Please the Bank's discussion of Request No. 1, which is equally applicable to the Bank's response to Request No. 7.

### Request for Production No. 13

The Bank has produced the only engagement letter in its possession, custody, or control pertaining to the 2020 CEO succession vetting and evaluation process completed by RHR International as part of its July 30, 2021 document production. Contrary to your contentions, there is no engagement letter "signed by or on behalf of the Bank" or any "Client Relationship Agreement."[14]

### Request for Production No. 14

The Bank is currently in the process of obtaining the Board meeting minutes that are the subject of this Request. We will provide you with these documents as soon as they are obtained by our client.

### Request for Production No. 18

As discussed at the outset of this response, the Bank has not withheld or otherwise redacted any documents under any objection relating to "confidential, sensitive, private personal information" or "commercially sensitive business information."[15] Rather, portions of the Bank's July 30, 2021 document production have been redacted solely on the basis that these pages are wholly irrelevant to any claim or defense asserted in this action and thus outside the scope of Rule

---

[13] *Id.* at 5.
[14] *Id.*; *see also Baker v. County of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).
[15] *See* Plaintiff Discovery Letter at 1.

BLANKROME

Joshua M. Smith
October 11, 2021
Page 6

26(b)(1). Just a few examples of the wholly irrelevant documents that have been redacted are: (1) the Bank's Corporate Policy Regarding Insider Trading and Section 16 Reporting; (2) the Bank's 401(k) Savings Plan; and (3) the Bank's Unfunded Deferred Compensation Plan for Non-Employee Directors.

### Request for Production No. 19

The Bank has produced all documents in its possession, custody, or control that are relevant and responsive to Request No. 19 as part of its July 30, 2021 document production. Contrary to your contentions, the Bank does not possess/control any other communications with the Office of the Comptroller of the Currency ("OCC") that relate in any way to succession planning or any of the claims or defenses asserted in this case.

### Request for Production No. 20

As stated in its July 30, 2021 written responses to Plaintiff's Requests, the Bank has no documents in its possession, custody, or control that are relevant and responsive to Request No. 20.[16]

### Request for Production No. 21

The Bank has produced all communications in its possession, custody, or control involving Marsha Williams and which are relevant and responsive to Request No. 21 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 001457-001463, 001465-001670, 005197-005219, and 005725-005776.

### Request for Production No. 22

The Bank has produced all communications in its possession, custody, or control involving Mike McCallister and which are relevant and responsive to Request No. 22 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 001457-001670, 005197-005219, and 005725-005776.

### Request for Production No. 23

The Bank has produced communications in its possession, custody, or control involving Mr. Carmichael that mention Plaintiff and which are relevant and responsive to Request No. 23 as part of its July 30, 2021 document production at FifthThird-McHugh 005398 and 006414.

---

[16] *Baker*, 2013 WL 5786899, at *18 (noting that a party cannot be ordered to produce documents which do not exist).

# BLANKROME

Joshua M. Smith
October 11, 2021
Page 7

In addition, please also see the attached documents responsive to Request No. 23 at FifthThird-McHugh 007179-007187 and 007190.

### Request for Production No. 24

Please see the attached documents responsive to Request No. 24 at FifthThird-McHugh 007179-007182.

### Request for Production No. 25

The Bank has produced communications in its possession, custody, or control involving Mr. Shaffer that mention Plaintiff and which are relevant and responsive to Request No. 25 as part of its July 30, 2021 document production at FifthThird-McHugh 005398, 006260, and 006414.

In addition, please also see the attached documents responsive to Request No. 25 at FifthThird-McHugh 007179-007190.

### Request for Production No. 28

Please the Bank's discussion of Request No. 1, which is equally applicable to the Bank's response to Request No. 28. Moreover, in addition to being wholly irrelevant, the production and disclosure of Mr. Carmichael's personal calendar would constitute a severe violation of Mr. Carmichael's privacy interests.

### Request for Production No. 29

Similar to Request No. 28, Request No. 29 is plainly improper as it seeks a significant amount of irrelevant information that extends far beyond Rule 26(b)(1)'s permissible scope of discovery. At the same time, the production and disclosure of Mr. Spence's personal calendar—a non-party to this litigation—would also constitute a severe violation of Mr. Spence's privacy interests.

### Request for Production No. 30

As stated in its July 30, 2021 written responses to Plaintiff's Requests, the Bank has no documents in its possession, custody, or control that are relevant and responsive to Request No. 30.

# BLANKROME

Joshua M. Smith
October 11, 2021
Page 8

### Request for Production No. 31

As stated in its July 30, 2021 written responses to Plaintiff's Requests, the Bank has no documents in its possession, custody, or control that are relevant and responsive to Request No. 31. Further, the factual premise for your objection to this Request is mistaken.

### Request for Production No. 32

As stated in its July 30, 2021 written responses to Plaintiff's Requests, the Bank has no documents in its possession, custody, or control that are relevant and responsive to Request No. 32. Further, the factual premise for your objection to this Request is mistaken.

### Request for Production No. 34

The Bank has produced all communications in its possession, custody, or control relating to the decision to name Plaintiff as Head of Consumer Bank in 2020 and which are relevant and responsive to Request No. 34 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 005350-005373, 005380, 005852-005878, 006710-006711, and 006812-006835.

### Request for Production No. 35

The Bank has produced all communications in its possession, custody, or control relating to the decision to name Mr. Spence as Head of Consumer Bank in 2018 and which are relevant and responsive to Request No. 35 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 006710.

### Request for Production No. 37

The Bank has produced writings, communications, or documents in its possession, custody, or control relating to Plaintiff's annual performance review in or around February 2020 and which are relevant and responsive to Request No. 37 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 000845.

In addition, please also see the attached documents responsive to Request No. 37 at FifthThird-McHugh 007191-007203.

### Request for Production No. 38

The Bank has produced all writings or messages relating or referring to the October 13, 2020 conversation between Plaintiff and Mr. Carmichael and which are relevant and responsive to

# BLANKROME

Joshua M. Smith
October 11, 2021
Page 9

Request No. 38 as part of its July 30, 2021 document production. Please see FifthThird-McHugh 007130-007131.

It should be noted that contrary to your differing opinion, this email chain between Mr. Spence and Plaintiff is clearly responsive Request No. 38, as it references conversations engaged in between Plaintiff and Mr. Carmichael on or around October 13, 2020.

## Request for Production No. 40

The Bank has produced writings/documents in its possession, custody, or control involving the October 2020 meeting between Mr. Shaffer and Plaintiff and are relevant and responsive to Request No. 40 as part of its July 30, 2021 document production at FifthThird-McHugh 007132. Further, the factual premise for your objection to this Request is mistaken.

In addition, please also see the attached documents responsive to Request No. 40 at FifthThird-McHugh 7188-7189.

## Request for Production No. 42

As stated in its July 30, 2021 written responses to Plaintiff's Requests, the Bank has no documents in its possession, custody, or control that are relevant and responsive to Request No. 42. With that said, please see the documents produced as part of its July 30, 2021 document production at FifthThird-McHugh 001033-001070, 005225, and 005348-007128—which relate to the 2020 CEO succession planning, vetting, and evaluation process in which the Board was heavily involved due to its role as the ultimate decisionmaker in selecting any successor CEO.

Very truly yours,

*/s/ Michael L. Cioffi*

Michael L. Cioffi

cc:     David J. Oberly (Blank Rome LLP)