# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PHILIP R. MCHUGH, | ) |
| | ) Case No. 1:21-cv-00238 |
| Plaintiff, | ) Honorable Michael R. Barrett |
| v. | ) |
| FIFTH THIRD BANCORP, *ET AL.*, | ) |
| Defendants. | ) |

### [PROPOSED] SUR-REPLY IN OPPOSITION TO PLAINTIFF PHILIP R. MCHUGH'S MOTION TO COMPEL

Non-party RHR International LLP ("RHR"), a Delaware limited liability partnership located at 233 South Wacker Drive, Suite 9500, Chicago, Illinois, by and through its undersigned counsel, further responds in opposition to Plaintiff Philip R. McHugh's Reply in Support of his Motion to Compel Production of Documents (the "Reply" and "Motion to Compel," respectively).

*First*, McHugh impermissibly presents a new argument in his Reply. In his Motion to Compel, McHugh argued that RHR must produce all documents relating to the evaluation of Timothy Spence on the ground that "[t]he assessment performed on Spence during the time period, and all correspondence, notes, and other documentation related to it, are obviously relevant and discoverable." Motion at 7-8 (citations omitted). The Motion to Compel makes no mention of why RHR's evaluation from 2015 of *Michael Carmichael* is relevant, despite the fact that such a showing is McHugh's burden to carry. *Id.* In its Response, RHR explained why the materials relating to Spence are not relevant to the dispute. Response at 13-15. Now, in his Reply, McHugh complains that "RHR makes no effort to argue that the assessment of Greg Carmichael in 2015 is

irrelevant"—in effect criticizing RHR for failing to respond to an argument *that McHugh never made*. Reply at 9.

But even if McHugh's argument were timely (*see In re Firstenergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 599 (6th Cir. 2004) ("It is well established that a party cannot raise new issues in a reply brief")), it would be unavailing. McHugh's newly-minted justification – that the production of Carmichael's evaluation *might* somehow "show irregularities in the process utilized by Fifth Third / RHR" – proves the point. Carmichael's evaluation was performed in 2015, at least five years prior to Spence's evaluation, pursuant to a different request for services from RHR, and in response to a different set of criterion (*i.e.*, a different CEO Profile[1]). This document does not speak to the qualities of either McHugh or Spence,[2] but at best could only be used only to pose an unwarranted attack on the process utilized by RHR—something that is not at issue in this case. It is simply, once again, the type of fishing expedition that this Court does not tolerate. *See Taylor v. Universal Auto Grp. I, Inc.*, No. 14–mc–50, 2015 WL 1810316, at *4 (S.D. Ohio Apr. 17, 2015) ("[I]n assessing the proper scope of discovery, the Court should balance a party's 'right to discovery with the need to prevent 'fishing expeditions.'").

*Second*, McHugh mischaracterizes RHR's argument on the burden posed by the Subpoenas, responding to a point that RHR did not make. McHugh argues that a lack of *financial burden* on RHR in complying with the Subpoenas means that the Subpoenas impose no burden whatsoever. Reply at 1. To begin with, it is far from "clear that the Bank is paying all RHR's attorney's fees, expenses, and costs in connection with these subpoenas." *Id*. But more importantly,

---

[1] RHR incorporates by reference the definitions previously adopted in its Response.
[2] RHR does not permit its evaluations to be used after three years. This is clearly set forth in the Business Terms which were agreed to by Fifth Third Bank and the legend on the evaluations themselves. *See* Doc. No. 59-1 at PAGEID # 2538. This is a matter both of ethics and legal liability for RHR.

2

questions of legal fees alone completely understates the burden faced by RHR. The burden that the Subpoenas pose to RHR and RHR's employees are clearly described in its Response. *See* Response at 16-19 (the Subpoenas seek sensitive and personal data relating to the psychological assessments of non-party employees of Fifth Third Bank, including information that was never shared with Fifth Third Bank).

*Third*, McHugh's newly-cited authority does not defeat but rather supports RHR's argument that the Motion to Compel was brought in the wrong District. *See* Reply at 3 (citing *Atlas Indus. Contrs. LLC v. In2Gro Techs. LLC*, No. 2:19-cv-2705, 2020 WL 1815718, at *7 n.3 (S.D. Ohio Apr. 10, 2020).) In *Atlas*, the court determined that a subpoena could be enforced despite the fact that it sought the production of electronic materials beyond Rule 45's 100-mile limit. *Id.* However, the court also admonished the movant for failing to file its motion in the subpoena recipient's home District:

> Neither the parties nor Plugout raise the related issue of the proper forum for this motion seeking compliance with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i) states that such a motion should be filed with 'the court for the district where compliance is required.' Because Plugout's compliance would occur in New Jersey, Rule 45 directs that [movant] should have filed its motion with the United States District Court for the District of New Jersey.

*Id.* McHugh's additional authority shows only that this court should not enforce the Subpoenas.

For the foregoing reasons, RHR International LLP respectfully requests that the Court deny plaintiff McHugh's Motion to Compel Compliance with the Subpoenas, award RHR International LLP the attorneys fees and costs incurred in responding to the Motion to Compel, and such other relief as the Court deems just and proper.

Dated:   May 31, 2024                                       Respectfully submitted,

                                                            By: */s/ Nicole C. Mueller*
                                                            Nicole C. Mueller *(Pro Hac Vice)*
                                                            nicole.mueller@klgates.com

Christopher A. Bloom *(Pro Hac Vice)*
christopher.bloom@klgates.com
**K&L Gates, LLP**
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000

*Attorneys for Defendant*
*RHR INTERNATIONAL LLP*