UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | **PLAINTIFF'S MEMORANDUM IN** |
| | : | **OPPOSITION TO RHR** |
| **FIFTH THIRD BANCORP, ET AL.** | : | **INTERNATIONAL, LLP'S MOTION** |
| | : | **FOR LEAVE TO FILE SUR-REPLY AS** |
| Defendants. | : | **TO PLAINTIFF'S MOTION TO** |
| | : | **COMPEL PRODUCTION** |

Nearly two months after the motion to compel briefing concluded, RHR seeks leave to file a sur-reply simply to have the last word. This Court should deny RHR's request because (1) it is untimely; (2) RHR cannot establish good cause for the filing, because none exists; and (3) notwithstanding that the filing should not be permitted, RHR's arguments and objections have no merit. Additionally, an Affidavit of Counsel with supporting exhibits is being submitted to chambers for an in-camera review.[1]

**I.     Sur-replies are highly disfavored, and only permitted upon good cause shown.**

Sur-replies are "highly disfavored, as they are usually a strategic effort by the nonmoving party to have the last word on a matter." *Garrison Southfield Park LLC v. Closed Loop Ref. & Recovery, Inc.*, No. 2:17-cv-783, 2021 U.S. Dist. LEXIS 183915, at *61-62 (S.D. Ohio Sept. 27, 2021), citing *Loomis v. Unum Grp. Corp.*, 539 F.Supp.3d 898, 905 (E.D. Tenn. 2021). "Only in rare instances…will this Court permit the filing of a sur-reply." *Hellmuth v. City of Trenton*, No. 1:19-cv-258, 2019 U.S. Dist. LEXIS 130144, at *17 n.9 (S.D. Ohio Aug. 5, 2019). In fact, the law

---

[1] Contemporaneous with the filing of this memorandum, Plaintiff is submitting an Affidavit of Counsel with supporting Attachments 1-4 to the Court for in-camera review. Plaintiff is not filing such exhibits due to confidentiality designations provided by Defendants in such exhibits, and pursuant to Paragraph 8 of the parties' stipulated protective order. (*See* Doc. # 16, PAGEID #1876).

in this district is clear – the filing of a sur-reply is only warranted upon a showing of good cause and where necessary to respond to new grounds raised in a reply brief. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 U.S. Dist. LEXIS 114665, at *9-10 (S.D. Ohio Oct. 19, 2010); *See also* S.D. Ohio L.R. 7.2(a)(2) ("No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown.").

When the movant's reply brief and evidence attached stay within the bounds of the original briefing, or when the respondent has sufficient notice of the movant's arguments in the original motion and could have responded to them in the opposition brief, a sur-reply is not warranted. *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011)(holding that the district court did not abuse its discretion in denying leave to file a sur-reply when the movant's reply "stayed within the bounds of the original briefing"); *United States v. Kemmerling*, No. 17-6515/6516, 2019 U.S. App. LEXIS 27960, at *4 (6th Cir. Sep. 17, 2019)(holding that a sur-reply is not justified when the "proposed sur-reply expands on the arguments made in [the] reply brief"); *In re Commercial Money Ctr., Inc.*, 2006 U.S. Dist. LEXIS 25921, at *9 n.4 (N.D. Ohio May 3, 2006)(denying leave to file a sur-reply when the respondent had sufficient notice of arguments made in the movant's reply brief and could have responded to them in its opposition brief); *Bruno v. Kline*, No. 4:09CV574, 2010 U.S. Dist. LEXIS 139565, at *7 (N.D. Ohio Aug. 12, 2010)(holding that because the respondent had notice of the movant's arguments when the respondent filed its opposition brief, granting leave to file a sur-reply would not be justified).

## II.     RHR's request for a sur-reply is untimely.

From the outset, RHR's motion for leave for a sur-reply should be denied due to the unexplained delay in seeking such leave. Plaintiff filed its Reply in Support on April 10, 2024, and RHR did not seek leave until **51 days later** on May 31, 2024, attaching a copy of their prepared

sur-reply. *See* Doc # 61; Doc # 62. Such "[a]n unexplained delay in seeking leave to file a surreply may justify its denial." *Maatuk v. Emerson Elec., Inc.*, No. 1:16-CV-03023, 2019 U.S. Dist. LEXIS 23536, at *2 (N.D. Ohio Feb. 13, 2019). Particularly where, as here, RHR's request for leave came almost **two months** after the reply brief. *See id.* (holding that an "unexplained one-month delay in seeking leave to file a sur-reply renders [the] motion untimely"); *Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014)(holding that an "unexplained delay of six months in moving for leave to file the sur-reply justified its denial."); *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003) (district courts are only required to provide an "adequate opportunity to respond to new evidence," not an indefinite opportunity).

Indeed, if this Court were to grant RHR's request, RHR would have had almost four-times as long to file a sur-reply as Plaintiff did to file his reply. *See* S.D. Ohio L.R. 7.2(a)(2)("Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition."); *See also Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.*, No. 3:16-CV-00024-CHB, 2022 U.S. Dist. LEXIS 140668, at *12 (W.D. Ky. July 18, 2022)("[I]t defies logic that Defendants would be permitted twenty-eight days to request leave to file a sur-reply, four times as many days as Phoenix had to file its reply brief."). Such a result is unfairly prejudicial to Plaintiff and is grounds in itself to deny leave.

**III.      RHR has not established good cause for leave to file a disfavored sur-reply.**

Notwithstanding the lack of timelines, RHR also has not, and cannot, establish good cause for a sur-reply; and certainly not based upon RHR's meritless "relevance" argument nor RHR's false claims of Plaintiff mischaracterizing the applicable facts and law.

1. <u>RHR was well aware that the subpoenas included requests for its assessment work on Greg Carmichael in 2015.</u>

3

RHR feigns a lack of awareness that their assessment of Greg Carmichael was at issue in Plaintiff's motion to compel. This is wrong. RHR was well aware that its assessment work on Carmichael was being sought by Plaintiff via subpoena, given (1) it was part of the supplemental subpoena served on RHR on April 21, 2023; (2) Plaintiff filed a motion to compel seeking an order compelling RHR to produce documents in response to the subpoenas, including both the original and the supplemental; and (3) RHR referred to the requests pertaining to Carmichael's 2015 assessment in their memorandum in opposition. *See* Doc. # 59, PAGEID#2522 (quoting requests from the April 21, 2023 supplemental subpoena).

As to RHR's claims that Plaintiff "makes no mention [in its initial motion] of why RHR's evaluation from 2015 of *Michael [sic] Carmichael* is relevant," this is simply not a basis to grant leave to file a sur-reply, particularly where RHR has not made any specific objections as to the relevance of the Carmichael documents in the first place. *See* Fed. R. Civ. P. 45(d)(2)("A person commanded to produce document or tangible things…may serve on the party or attorney designated in the subpoena a written objection…the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."); *Covert Mfg., Inc. v. Covert Innovations, LLC.* N.D.Ohio No. 1:21-CV-1682-DAR n.6, 2024 U.S. Dist. LEXIS 38992 (Mar. 1. 2024)("Regarding relevance, CMI's brief fails to contest the relevance of the information. CMI's objections to Defendant's third-party subpoenas also do not include specific relevance objections."). RHR submitted nothing but blanket "relevance" objections to each subpoena, and any attempts to more specifically assert them now, after briefing concluded two months ago, is untimely.

Even if the Court were to consider RHR's untimely relevance objections (which it should not), the relevance objections are meritless.

RHR incorrectly claims that the prior CEO assessment is irrelevant because it was "five years earlier," pursuant to a "different request for services" and "in response to a different set of criterion."

First, "five years earlier" is the last time the Bank conducted a CEO assessment, and there is no documentary evidence of *any* CEO succession work by RHR or any other outside firm between that time and when RHR assessed Spence in 2020. In fact, there is a glaring lack of *any* documentation of succession planning work between 2015-2019 by the Board, RHR, or any other third party. The CEO succession steps taken in 2015 are certainly relevant for establishing the impropriety of the steps taken in 2020.

Next, the "services" provided by RHR in 2015 and 2020 were in fact the same: assess potential candidates for CEO of Fifth Third Bank, and report back to the Bank with its findings. Carmichael Dep. 305:17-22 387:8-389:14 (**Attachments 1-2**).

Finally, while RHR claims it was acting "in response to a different set of criterion" provided by the Bank, a review of the 2015 and 2020 CEO Profiles show identical "essential leadership behavior" categories (Business Management, Leadership, Interpersonal, Personal Attributes. (**Attachments 3-4**). Either way, if the 2020 assessment deviated from the typical CEO succession processes, that only makes the evidence more relevant for purposes of Plaintiff's claims. *Fijalkowski v. Belmont Cty. Bd. Of Commrs.,* S.D. Ohio No. 2:17-cv-0195, 2021 U.S. Dist. LEXIS 92840, at *19 (May 17, 2021)("The Sixth Circuit has found that 'evidence of irregularities in the application and selection process' can raise a genuine issue of pretext when combined with other indicators of discriminatory motivations."); *Seaton v. Perdue*, E.D.Ky. No. 5:16-CV-309-REW, 2019 U.S. Dist. LEXIS 167837, at *21 (Sep. 30, 2019)("Typically, idiosyncrasies in the selection process are a plaintiff-favorable factor in the pretext analysis.").

5

RHR's claims of irrelevance are meritless.

2. Purported mischaracterizations of the facts or law are not a basis for a sur-reply.

Next, RHR claims Plaintiff supposedly made "mischaracterizations" in their arguments. *See* Doc # 63 PAGEID # 2591; Doc # 62-1 PAGEID # 2588-2589. Notwithstanding that no mischaracterizations were made by Plaintiff, this is not a valid basis for a sur-reply either. *Young v. Hooks*, No. 2:16-cv-250, 2019 U.S. Dist. LEXIS 28605, at *2-3 (S.D. Ohio Feb. 22, 2019). ("Selective and/or misleading assessment of the law and facts does not constitute new grounds that would provide a proper basis to support leave to file a surreply. This is because courts are 'quite capable of determining whether a party inaccurately presents the facts that are in the record and to assess the law that is controlling of the issues before it.'").

Moreover, the purported mischaracterizations claimed by RHR are baseless, and their sur-reply only serves to confuse the record.

First, RHR claims that Plaintiff somehow mischaracterized the apparent lack of burden on RHR in producing the subpoenaed documents. But this lack of burden is based upon direct language from a contract between RHR and Fifth Third *that RHR submitted.* Further, the contract is clear that Fifth Third is obligated to indemnify RHR for all attorney's fees, and the time of RHR's consultants at their regular rates, in responding to Plaintiff's subpoenas. RHR bears no financial burden in producing the documents, and as far as confidentiality concerns, those are adequately addressed by the Court's stipulated protective order. The mischaracterizations over the burdens associated with production are not Plaintiff's, but RHR's.

Next, RHR argues that one case—*Atlas*—in a string-cite of Plaintiff's reply brief, establishes that this Court should not enforce the subpoenas based upon them being filed in the wrong forum. *See* Doc # 62-1 PAGEID # 2589. In doing so, RHR cites a footnote of dicta in the

6

decision about the proper forum for filing a motion to enforce a subpoena, in which the Court makes clear that it is <u>not</u> deciding that issue because neither party raised it. *Atlas Indus. Contrs. LLC v. In2Gro Technologies LLC* S.D.Ohio No. 2:19-cv-2705 n.3, 2020 U.S. Dist. LEXIS 63183 (Apr. 10, 2020).

Because *Atlas* did not decide this issue and neither party briefed it, RHR's attempts to utilize it as an authority for this Court is misguided. That is particularly so where there is a dearth of authority finding that the proper forum is the place of compliance on the face of the subpoena. *See* Doc # 61, PAGEID # 2550 (collecting authorities recognizing that "place of compliance" is the place where compliance is identified on the face of the subpoena).

**IV. Conclusion**

For the foregoing reasons, Plaintiff Philip R. McHugh respectfully requests that this Court deny RHR International LLP's motion for leave to file a sur-reply. However, in the event it does grant such leave, Plaintiff respectfully requests for leave to respond to RHR's sur-reply.

Respectfully Submitted,

*/s/ Peter A. Saba*
Peter A. Saba, Esq. (0055535)
Joshua M. Smith, Esq. (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com

*/s/ John J. McHugh*
John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560

7

(419) 885-3597
(419) 885-3861 (fax)

**Co-Counsel for Plaintiff Philip R. McHugh**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record this 11th day of June, 2024 via the Court's CM/ECF system.

*/s/ Peter A. Saba*
Peter A. Saba, Esq. (0055535)