# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PHILIP R. MCHUGH, | ) |
| | ) |
| | ) Case No. 1:21-cv-00238 |
| Plaintiff, | ) |
| | ) Honorable Michael R. Barrett |
| v. | ) |
| | ) |
| FIFTH THIRD BANCORP, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

### NON-PARTY RHR INTERNATIONAL LLP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Non-party RHR International LLP ("RHR"), a Delaware limited liability partnership located at 233 South Wacker Drive, Suite 9500, Chicago, Illinois, by and through its undersigned counsel, respectfully submits this reply memorandum in support of its May 31, 2024 Motion for Leave to File a Sur-Reply in Response to Plaintiff Philip R. McHugh's Reply in Support of His Motion to Compel Production of Documents.

It is ironic – to say the very least – that a plaintiff who delayed *nearly two years* in filing his February 7, 2024 Motion to Compel compliance with a Subpoena issued on March 31, 2022, and nearly *one year* since the issuance of his "Supplemental Subpoena" on April 18, 2023, should now complain that RHR's Motion for Leave to File a Sur-Reply is "untimely." The authorities cited by plaintiff in which courts observed that an unexplained delay in seeking leave to file a sur-reply may justify denial of the motion involved *parties* to the litigation – not non-parties such as RHR. But a non-party engaged in a discovery dispute "will be afforded some leniency as a nonparty." *Edw. C. Levy Co., Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, No. 2:05-CV-349-PPS, 2006 WL 1544727, at *3 (N.D. Ind. June 1, 2006). On the other hand, long,

unexcused delay in the filing of a motion to compel by a *party* to litigation is a ground for denial of the motion. *See, e.g., Cont'l Indus. v. Integrated Logistic Sols.*, 211 F.R.D. 442, 444 (N.D. Okla. 2002) ("Courts have made it clear that a party seeking to compel discovery must do so in timely fashion") (collecting cases).

Moreover, the authorities cited by plaintiff recognize that "'[w]hen new submissions and/or arguments are included in a reply brief,'" sur-replies may be allowed. *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)); *see also Garrison Southfield Park LLC v. Closed Loop Ref. & Recovery, Inc.*, No. 2:17-cv-783, 2021 WL 4397865, at *15 (S.D. Ohio Sept. 27, 2021) ("'a sur-reply may be appropriate when the movant raises new issues in its reply brief, and the decision to permit a sur-reply is one within the Court's discretion'") (quoting *Loomis v. Unum Grp. Corp.*, 539 F.Supp.3d 898, 905 (E.D. Tenn. May 13, 2021)). And that is the case here, where RHR's three page [Proposed] Sur-Reply addressed two topics raised for the first time in plaintiff's April 10, 2024 Reply in Support to [sic] Motion to Compel: production of an evaluation of Fifth Third Bank's former CEO, Michael Carmichael in 2015, performed some nine years ago; and the obligation of Fifth Third Bank to reimburse RHR for the financial costs of responding to a subpoena.

Plaintiff's opening brief in support of his Motion to Compel stated that "[t]he categories of documents . . . [identified in Exhibit A to plaintiff's Subpoena] . . . primarily seek documents and communications related to executive assessments performed on Spence, McHugh, and any other candidates for the position of President or CEO of Fifth Third between January 1, 2016 to the present." Memo in Support of Motion to Compel, at 4. And although plaintiff's opening brief mentioned (*id.* at 5) that his Supplemental Subpoena sought documents related to RHR's assessment of Mr. Carmichael – along with many other documents – nowhere did he offer any

2

explanation of any supposed need for RHR's 2015 assessment of Mr. Carmichael. Consequently, it is entirely appropriate to afford RHR an opportunity to address plaintiff's facetious argument concerning his supposed need for an assessment that occurred nine years ago, which appeared for the first time in plaintiff's reply brief.

Moreover, plaintiff's June 11, 2024 memorandum in opposition to RHR's [Proposed] Sur-Reply goes far beyond the discussion of the Carmichael assessment appearing in the [Proposed] Sur-Reply, devoting a full page of argument to the supposed relevance of the assessment performed years ago. If anything, this argument serves only to demonstrate that plaintiff had not, prior to his April 10, 2024 Reply Brief, paid any substantive attention to the supposed relevance of the Carmichael assessment – an assessment of a different candidate, at a different point in time, performed in response to a different set of criteria. *See, e.g.*, attachments 3-4 of the Response (detailing the need of Fifth Third Bank to identify a candidate capable of addressing the Bank's evolving priorities).[1] Indeed, a changing economic, social, and regulatory landscape between 2015 and 2020 impacted the Bank's needs for its leadership, and attachments 3-4 illustrate how RHR created a new profile for its next CEO in 2020 to reflect those changed needs.[2] This is one of the many reasons why RHR prohibits the use of any assessment by a client to three-years after its delivery. *See* Business Terms, at ¶ 3, (Dkt. 59-1).

Plaintiff's argument that compliance with the demands of his Subpoena and Supplemental Subpoena would impose no financial burden upon RHR is another new-found argument, and hence a proper subject for a sur-reply. And, in any case, as RHR's proposed Sur-Reply indicates, the

---

[1] These materials were produced by Fifth Third Bank to plaintiff in connection with this litigation and designated as "Confidential." Though RHR was not cc'ed on the correspondence, RHR understands from the Response that plaintiff delivered a copy of these materials to the Court.
[2] And, in fact, there is no evidence that the assessment of Mr. Carmichael was used or referenced in connection with Fifth Third's decision to promote Spence.

3

burden that would be imposed upon RHR, and the sensitivity of the personal information sought by plaintiff, go well beyond the dollar cost of production. The Courts have recognized that the cost of subpoena compliance is not limited to out-of-pocket costs, but extends to the burden, loss of time and distraction imposed by extensive document production requests. *See, e.g.*, *In re Kraft Heinz Sec. Litig.*, No. 19 C 1339, 2022 WL 19830663, at *4 n.2 (N.D. Ill. Dec. 5, 2022) ("[t]he fact that PwC may be reimbursed [for legal expenses] does not negate the fact that PwC would need to expend substantial time and effort to procure and review additional voluminous documents"); *People for Ethical Treatment of Animals, Inc. v. Vital Farms, Inc.*, No. 2:22-mc-00024-EWH-RJK, 2023 WL 5506028, at *3 (E.D. Va. Aug. 14, 2023) ("[t]he potential benefits of the information are then weighed against the burdens of complying, including the monetary cost of compliance as well as noneconomic interests, such as whether the subpoena imposes a burden by invading privacy, privilege, or confidentiality interests"); *SBP LLLP v. Hoffman Constr. Co. of Am.*, No. 1:19-cv-00266-DCN, 2021 WL 3131310, at *3 (D. Idaho July 23, 2021) ("courts recognize that subpoenas can impose other types of burdens, like invading the recipient's privacy or confidentiality interests, and will consider those non-economic burdens as well when they are implicated"). In short, monetary cost alone is only one of many considerations bearing upon the burden imposed by discovery demands.

Finally, plaintiff attempts to divert the Court's attention from the decision in *Atlas Indus. Contrs. LLC v. In2Gro Techs. LLC*, No. 2:19-cv-2705, 2020 U.S. Dist. LEXIS 63183 (S.D. Ohio Apr. 10, 2020) (cited at page 3 of plaintiff's April 10, 2024 Reply), claiming that the *Atlas* Court's observations regarding the proper forum in which to seek enforcement of a subpoena were "dicta."

4

This is no more than an attempt to confuse the *Atlas* Court's ruling,[3] in which the Court stated unequivocally that F.R.C.P. 45(d)(2)(B)(i) directed that the motion to compel in that case "should have [been] filed . . . with the United States District Court for the District of New Jersey," *id.* at *7 n.3, where the subpoena recipient had its primary place of business.  But the Court concluded that it nonetheless could consider the motion to compel because (unlike RHR), the subpoena recipient had failed to raise this defect.  In doing so, the Court cited *Lucas v. Telemarketer Calling From (407) 476-5670 & Other Tel. Nos.*, where the Court observed that it lacked "authority to compel compliance with a subpoena that seeks production beyond a 100 mile radius of its jurisdictional boundaries" but proceeded to rule on a motion to compel because the respondent "appear[ed] to have waived any objection to the subpoena based upon the geographical boundaries of this Court."  No. 1:12-cv-630, 2014 U.S. Dist. LEXIS 200847, at *2 (S.D. Ohio May 22, 2014). In this case, in contrast, RHR has squarely invoked F.R.C.P. 45(d)(2)(B)(i) (*see* RHR's March 20, 2024 Response to Motion to Compel Production of Documents at 11), and hence plaintiff's attempts to dismiss the requirements of that Rule are sheer obfuscation.

     For the foregoing reasons, and the reasons stated in its Motion for Leave to File a Sur-Reply in Response to Plaintiff Philip R. McHugh's Reply in Support of His Motion to Compel Production of Documents, non-party RHR respectfully requests the Court grant it leave to file its [Proposed] Sur-Reply in Opposition to McHugh's Motion to Compel.

Dated:   June 25, 2024                      Respectfully submitted,

                                                   By:  */s/ Nicole C. Mueller*
                                                      Nicole C. Mueller *(Pro Hac Vice)*
                                                      nicole.mueller@klgates.com
                                                      Christopher A. Bloom *(Pro Hac Vice)*

---

[3] Plaintiff argues that it is inappropriate for RHR to bring this point to the Court's attention. But courts can and do allow sur-replies where clarification is "necessary to make an informed decision" on a legal question. *See In re Hick*, 582 B.R. 6, 11 (N.D. Ill. 2018).

        christopher.bloom@klgates.com
**K&L Gates LLP**
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000

*Attorneys for Non-Party*
*RHR INTERNATIONAL LLP*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on June 25, 2024, which will serve all counsel of record.

By: <u>*/s/Nicole C. Mueller*</u>
Nicole C. Mueller