# EXHIBIT I

# Hart, Collin

| | |
|---|---|
| **From:** | Hart, Collin |
| **Sent:** | Friday, May 31, 2024 9:41 AM |
| **To:** | barrett_chambers@ohsd.uscourts.gov; Kathleen Bedree |
| **Cc:** | Cioffi, Michael L.; Stewart, Tom; Joshua M. Smith, Esq.; Peter A. Saba, Esq.; mchugh@mchughlaw.com; Jessica K. Peterson; Caroline R. Dillard; bes@sspfirm.com |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. |
| **Attachments:** | Exhibit A.pdf |

Good Morning Judge Barrett,

Unfortunately, Plaintiff's counsel have simply refused to abide by your instruction at the February 5, 2024 discovery conference that the parties are to work cooperatively to schedule future depositions, including the specific instruction that Plaintiff's counsel must work around Defendants' counsel's trial schedule. *See* Transcript of February 5, 2024 Discovery Conference, Doc. 42, PAGEID 2382-84. In blatant defiance of the Court's clear instruction, Plaintiff's counsel unilaterally noticed ten director depositions and the deposition of Susan Zaunbrecher on February 29, 2024. *See* Doc. Nos. 45-54. Plaintiff's counsel unilaterally noticed these depositions without any warning or notice to Defendants, while the parties were in the process of negotiating future depositions dates, and without having offered any potential deposition date options, whatsoever, whether in June, July, or any other month. Indeed, Plaintiff's counsel unilaterally noticed these depositions one day after I specifically requested that Plaintiff's counsel provide their availability for potential depositions, which to that point they had completely refused to do. *See* C. Hart Email of Feb. 28, 2024 at 4:51PM, included in Plaintiff's Attachment 3.

Most egregiously, with respect to the deposition of Ms. Zaunbrecher, Defendants actively worked with Plaintiff's counsel to schedule Ms. Zaunbrecher's deposition for April 1—ahead of the first Chiquita trial—in an effort to work cooperatively to move discovery forward even in light of the massive pretrial preparations that Defendants' counsel were undertaking with respect to the Chiquita trial. However, after Defendants agreed to sit Ms. Zaunbrecher for deposition on April 1 and after Plaintiff's counsel issued her deposition notice, Plaintiff's counsel reneged on that agreement and requested to cancel Ms. Zaunbrecher's scheduled deposition because of an alleged conflict with the Plaintiff's schedule. *See* J. Smith Email of Jan. 24, 2024 at 3:35PM, attached hereto as Exhibit A. Defendants could have demanded that the April 1 deposition move forward, particularly given that all counsel (and Ms. Zaunbrecher) were available and given Plaintiff's counsel's accusations of delay, but Defendants agreed to reschedule in the spirt of cooperation—a courtesy that was not shown to Defendants before Plaintiff unilaterally set and noticed Ms. Zaunbrecher's deposition for June 12. This is not cooperation on the part of Plaintiff's counsel, but rather blatant strong arm tactics.

Having intentionally short circuited the parties' negotiations regarding future depositions while refusing to acknowledge basic logic with regard to Defendants' counsel's scheduling limitations (and uncertainty), Plaintiff's counsel have chosen to unnecessarily burden the Court with yet another discovery dispute that the parties should be capable of resolving amongst themselves. To be clear, Defendants have worked with counsel to schedule two additional director depositions (Eileen Mallesch and Nicholas Akins) in the month between the first and second Chiquita trials (in addition to the cancelled Zaunbrecher deposition) as counsel previously committed to at the February 5 discovery conference. Our request was simply that the parties wait until the conclusion of the first Chiquita trial to schedule the remaining depositions given the uncertainty in Defendants' counsel's availability in light of the second scheduled Chiquita trial. Furthermore, given that the second Chiquita trial is scheduled to begin on July 15 and will likely run through the end of August, the parties would still have **three months**, at minimum, to schedule additional depositions before Defendants' counsel would

even be able to defend any depositions. Simply put, waiting until the conclusion of the first Chiquita trial to schedule additional depositions will not inject any delay into the deposition process while reducing the potential need to reschedule any depositions in the event that the second Chiquita trial is delayed or extended.

Accordingly, Defendants request that the Court reiterate its instruction that the parties are to work cooperatively to schedule future depositions and admonish Plaintiff's counsel to refrain from future gamesmanship. However, Defendants' counsel are happy to schedule a telephone conference to further discuss the issue, at the Court's preference. Defendants would also further request that the Court schedule a telephone conference after the scheduled depositions of Mr. Akins and Ms. Mallesch to discuss their testimony and evaluate whether the remaining directors still need to be deposed in light of what is expected to be the uniform testimony of (then) six directors that the board did not discriminate against Plaintiff, if any way, in deciding to appoint Tim Spence as Fifth Third's President.

Respectfully,


**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Thursday, May 30, 2024 3:41 PM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Kathleen_Bedree@ohsd.uscourts.gov; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

In a further effort to move discovery forward in this case, Plaintiff Phil McHugh is requesting the Court's assistance in scheduling the remaining director depositions, and the deposition of Susan Zaunbrecher.

As the Court may recall, on February 5, 2024 it instructed the parties to work cooperatively toward scheduling as many director depositions as possible in the June time frame, after Defendants claimed that due to Mr. Cioffi's trial schedule in late April and May, there was no availability prior to that time. (*See* February 5, 2024 Transcript, Doc. #42),  Since then, and despite Plaintiff's efforts, Defendants have continually refused to provide available dates for any directors in the June-July time frame other than two—Eileen Mallesch and Nicholas Akins. (*See* **Attachments 1-3).** Eventually, after Defendants' continued refusals to provide available dates, Plaintiff noticed the remaining depositions for 6 days (1-2 per day) in early June, a time frame Defense counsel had previously represented was available. (*See* Notices of Deposition, Doc. # 45-55). Defendants responded with "dismay" at the notices and demanded that they be withdrawn, but still refused to provide alternative dates. (*See* **Attachment 4-5**). Plaintiff responded that it had noticed the depositions given the lack of cooperation from Defendants, and offered to reschedule them if Defendants would provide acceptable alternative dates. (*Id.*). Defendants again refused, claiming they would not provide availability until after Mr. Cioffi's trial concluded. (*Id.*). Defendants took no action over the next two months to offer alternative dates, or to further any discussions on scheduling.

Earlier this week (5/28), given the lack of response or actions from Defendants, Plaintiff sent follow-up correspondence to confirm whether the depositions would be going forward next week. (*See* **Attachment 6).** Defense counsel responded the following day, again voicing its intention not to produce the witnesses, and again refusing to provide alternative dates. In fact, Defense counsel has indicated *they will not even discuss* available dates for the other directors or Ms. Zaunbrecher until after Mr. Cioffi's Florida trial concludes, and thereafter would not make such directors available until after "early fall," following Mr. Cioffi's second Florida trial that begins in late July. (*See* **Attachment 7**).

Plaintiff simply wishes to move discovery forward in this case, and Defendants are obstructing these efforts. Defense Counsel's trial schedule is not a legitimate excuse for *a refusal to even discuss* available dates for deposition*,* particularly given at least one of its counsel (Mr. Hart) is not counsel of record in the Florida trial*.* Given Mr. Hart's availability to discuss and coordinate schedules, he (or even a staff member at Blank Rome) can certainly coordinate with Plaintiff to provide dates for deposition.

Thank you for the Court's assistance in this matter. As always, Plaintiff is ready and willing to attend a telephone conference with the Court in an attempt to resolve this issue.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.