**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

Philip R. McHugh,

    Plaintiff,                  Case No. 1:21-cv-00238

         v.                   Judge Michael R. Barrett

Fifth Third Bancorp., et al.,

    Defendants.

**ORDER[1]**

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents Subpoenaed from Non-Party RHR International, LTD[2] (Doc. 40), RHR's response in opposition (Doc. 59), and Plaintiff's reply (Doc. 61). Also before the Court is RHR's Motion for Leave to File a Sur-Reply (to Plaintiff's reply (Doc. 61)) (Docs. 62, 63), Plaintiff's response in opposition (Doc. 64), and RHR's reply (Doc. 65).

**Background.** Plaintiff served RHR (in Chicago, Illinois) with two subpoenas issued from the Southern District of Ohio. *See* Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending."). The first, served on April 1, 2022, seeks 15 categories of documents that "relate[ ] to executive assessments performed on [Timothy] Spence, [Philip] McHugh, and any other candidates for the

---

[1] Plaintiff Philip R. McHugh has sued Defendants Fifth Third Bancorp, Fifth Third Bank, N.A., and Gregory D. Carmichael (collectively, "Defendants") for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., as well as Ohio Rev. Code § 4112. (Doc. 9). His six-count Amended Complaint includes federal and state law claims for failure to promote, wrongful termination, and retaliation. (*Id.* ¶¶ 39–67). Defendants have filed a counterclaim (Doc. 10 PAGEID 1809–16) for abuse of process under state common law (*id.* ¶¶ 31–41).

[2] RHR "is a consulting firm composed of behavioral scientists and practitioners. RHR applies behavioral science to organizations to make those organizations, and the individuals who work there, more effective. In 2020, Fifth Third Bank engaged RHR to assess Timothy Spence for the role of President and Chief Executive Officer. RHR did not assess any other candidate, including McHugh. After completing its assessment of Spence, RHR reported its findings to the Board of Directors of Fifth Third Bank." (Doc. 59 PAGEID 2517).

1

position of President or CEO of Fifth Third [Bank] between January 1, 2016 to the present."  (Doc. 40 PAGEID 2367).  The second, served on April 21, 2023 and after initial director and bank employee depositions, seeks additional documents "specific to RHR's executive assessment work relating to Fifth Third[.]"  (*Id.* PAGEID 2368).  Both subpoenas command that the documents be produced by either mail or email to Plaintiff's counsel in Cincinnati, Ohio.

**Law & Analysis.**  Plaintiff maintains that the documents subpoenaed from RHR regarding its assessment of Timothy Spence at Fifth Third's request are "clearly relevant" to the litigation.  Plaintiff further maintains that RHR's "blanket objections" are meritless.

Rule 45 governs non-party subpoenas.  Two questions are presented here:  one concerning RHR's place of production and, the other, RHR's place of compliance.

"A subpoena may command[   ] **production** of documents, electronically stored information, or tangible things **at a place within 100 miles** of where the person resides, is employed, or regularly transacts business in person[.]"  Fed. R. Civ. P. 45(c)(2)(A) (emphasis added).  Plaintiff does not dispute that RHR's headquarters, along with the keeper of its records, are in Chicago, which is more than 100 miles from Cincinnati.  Plaintiff argues, however, that the 100-mile limit doesn't apply when the subpoenas seek *electronic* production of documents, such that no personal appearance is required.  *See Atlas Indus. Contractors LLC v. In2Gro Tech. LLC*, No. 2:19-cv-1815718, 2020 WL 1815718, at *2 (S.D. Ohio Apr. 10, 2020); *see also Pictsweet Co. v. R.D. Offutt Co.*, No. 3:19-cv-0722, 2020 WL 12968432, at *4 (M.D. Tenn. Apr. 23, 2020) (citing *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016)).  Because RHR can either mail or email the documents subpoenaed from its headquarters, its place of production is Chicago.

RHR disagrees with this construction.[3]  RHR also points out that Plaintiff's motion

---

[3] *See* Fed. R. Civ. P. 45(d)(2)(B) (A person commanded to produce documents "may serve on the party

2

to compel was not filed in the correct district. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) (Once an objection is made, "the serving party may move **the court for the district where compliance is required** for an order compelling production[.]") (emphasis added). According to RHR, the district "where compliance is required" is Chicago, which is located within the Northern District of Illinois, Eastern Division. Plaintiff, on the other hand, contends that the place of compliance is Cincinnati, as noted on the face of the subpoenas.

"Under the federal rules, as amended in 2013, a subpoena must be issued by the court where the underlying action is pending, but **challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required**." *Europlay Capital Advisory, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Calif. 2018) (cleaned up) (emphasis added); *see Thacker v. Ethicon, Inc.*, 572 F. Supp. 3d 319, 322 (E.D. Ky. 2021) (citing *Europlay*); *Whiteamire Clinic, P.A. Inc. v. Cartridge World N. Am., LLC*, No. 1:16CV226, 2021 WL 9124591, at *2 (N.D. Ohio Oct. 27, 2021).[4]

"The meaning of the phrase 'the court for the district where compliance is required' is ambiguous and has been interpreted differently." *Henry Schein, Inc. v. Drea*, No. 4:21-

---

or attorney designated in the subpoena a written objection[.]").

[4] In *Atlas Indus.*, Magistrate Judge Vascura, seated in the Southern District of Ohio, Eastern Division, highlights this requirement:

> **Neither the parties nor [non-party] Plugout raise the related issue of the proper forum for this motion seeking compliance with a subpoena.** Federal Rule of Civil Procedure 45(d)(2)(B)(i) states that such a motion should be filed with "the court for the district where compliance is required." Because Plugout's compliance would occur in New Jersey [at its primary place of business], Rule 45 directs that I2G should have filed its motion with the United States District Court for the District of New Jersey. However, as this issue was not raised in any of the briefing, the undersigned proceeds to consider I2G's motion.

2020 WL 1815718, at *2 n.3 (citation omitted) (emphasis added). Although dicta in that case, non-party RHR obviously has raised the "related" issue here.

cv-00192-RGE-HCA, 2022 WL 18584628, at *2–3 (S.D. Iowa May 31, 2022) (quoting *Merch. Consulting Grp., Inc. v. Beckpat, LLC*, No. CV 17-11405-PBS, 2018 WL 4510269, at *2 (D. Mass. July 11, 2018)).  "[Some] courts look to the face of the subpoena to see where compliance is required.  Other courts reason that because Rule 45 notes that the place of compliance must be 'within 100 miles of where the person resides, is employed, or regularly transacts business in person', they have concluded that the place of compliance is located where the subpoenaed party lives or works." *Id.* (citations omitted). The parties have cited no Sixth Circuit authority on this issue and the Court's research has found none.

Having considered both views, the undersigned finds the "better approach" is to tie the place of compliance to the location of the subpoenaed entity.  *See Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017) (one purpose behind Rule 45 was to protect nonparties from having to adjudicate a dispute over a subpoena in a distant forum) (citing Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment (pertaining to Subdivision (f)); *HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22cv1440-LL-MDD. 2022 WL 17345784, at *7–8 (S.D. Calif. Nov. 29, 2022) (citing *Raap* & collecting other cases); *Ortiz v. Harrell*, No. 21-14219-CIV, 2022 WL 457856, at 3–4 (S.D. Fla. Feb. 14, 2022) ("For non-party corporations, courts find that 'the place of compliance' is where a corporation is headquartered."); *Dou v. Carillon Tower/Chicago LP*, No. 18 CV 7865, 2020 WL 5502345, at *1–2 (N.D. Ill. Sept. 11, 2020 (citing *Raap*, "In 2013 Rule 45 was amended, in part to protect subpoena recipients. . . . To require . . . non-parties to litigate disputes in a distant forum[ ] would defeat the amended rule's protective purpose.").  As one district court has recently—and thoughtfully—explained:

> In the decade since the current rules were enacted, a recurring scenario has arisen that has befuddled attorneys and split courts: determining the place of compliance for filing a motion to quash a

subpoena that on its face requires production of documents in a location (in this case, Nevada) that the subpoenaed nonparty argues is improper because the nonparty is located elsewhere (in this case, New Hampshire). Some courts have interpreted the place "where compliance is required" for purposes of filing a motion to quash to mean the location identified on the disputed subpoena for the document production, regardless of whether that place is not the location of the subpoenaed nonparty. *See, e.g.*, *Pizana v. Basic Research, LLC, No.* 1:18-cv-00644-DAD-SKO, 2022 WL 1693317, at *2 (E.D. Cal. May 26, 2022) (collecting cases). These courts have reasoned that such a rule provides an easy answer to the issue and eliminates the need for intensive fact-finding as to this threshold issue, and that the place of compliance is technically the location identified on the subpoena unless and until the court determines otherwise. *See, e.g.*, *CSS, Inc. v. Herrington,* 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017).

**Other courts have interpreted the place "where compliance is required"** for a motion to quash a subpoena for the production of documents **to mean the location of the subpoenaed nonparty, even if different than the location for the production of documents identified on the face of the subpoena.** *See HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22cv1440-LL-MDD, 2022 WL 17345784, at *7 (S.D. Cal. Nov. 29, 2022) (collecting cases); *see also Europlay Capital Advisors*, 323 F.R.D. at 629. **These courts have reasoned that such an approach is consistent with the overall framework of the rule, which is designed to ensure local resolution of subpoena disputes as a means to protect the subpoenaed nonparty, a purpose that would be thwarted by requiring subpoenaed nonparties to adjudicate a subpoena-related dispute in a distant forum based solely on the face of the subpoena.** *See, e.g.*, *Raap v. Brier & Thorn, Inc*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017). This Court has already ruled elsewhere that the place of compliance for purposes of filing a motion to quash a subpoena must be tethered to the location of the subpoenaed person. *See 4R4 Sons[, LLC v. Tru G. Wilhelm, Inc.*, No. 2:21-cv-01081-GMN-NJK], 2022 WL 2905468, at *4 [D. Nev. July 22, 2022]; *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014); *see also Lavoie v. Hyundai Motor Am.*, No. 2:22-cv-00628-GMN-VCF, 2022 WL 10632400, at *1–2 (D. Nev. Oct. 18, 2022) ;*GBT Techs., Inc. v. Jackson*, No. 2:20-cv-02078-APG-VCF, 2021 WL 2418555, at *2 (D. Nev. June 14, 2021). The Court will continue to take that approach here.

Under the heading "Place of Compliance," Rule 45(c) requires that document production via subpoena must occur within 100 miles of the location of the subpoenaed nonparty. *See* Fed. R. Civ. P. 45(c)(2)(a); *see also In re Outlaw Labs, LP Litig*., No. 18cv840 GPC, 2020 WL 5709386, at *2 S.D. Cal. Sept. 24, 2020 ("Rule 45(c)(2)(A) *defines* where compliance is required for production of documents or electronically stored information" (emphasis added)). The drafters of the current version of Rule 45 plainly intended this provision to not just be a basis to quash a non-compliant subpoena, but to also serve as the touchstone for determining which court should decide that motion to quash:

> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) [requiring that the place of compliance be tethered to the location of the subpoenaed nonparty] and the requirements in Rules 45(d) and (e) that motions be made in the court in which **compliance is required under Rule 45(c)**.

Fed. R. Civ. P. 45(f), Advisory Committee Notes (2013) (emphasis added). **Hence, the intent could not be clearer that the location of the subpoenaed nonparty, as identified in Rule 45(c), is meant to control which district is the place of compliance** for the purpose of filing a motion to quash under Rule 45(d). While advisory committee notes are not necessarily the final answer in interpreting the text of the rules, they are an important tool in doing so. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (while views expressed by the advisory committee are "not determinative" of a rule's meaning, they are "of weight" in the judicial construction of the text of the rule); *see also United States v. Vonn*, 535 U.S. 55, 64 n.6, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (explaining that the Advisory Committee Notes can "provide a reliable source of insight into the meaning of a rule"). **With respect to the place for resolving subpoena-related disputes, it would eviscerate the entire purpose of these provisions in Rule 45 to interpret them as meaning that a subpoenaing party may force a subpoenaed nonparty to litigate a subpoena-related dispute in an inconvenient district by simply listing that location on the face of the subpoena.** *Raap*, 2017 WL 2462823, at *3.

*York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 628–629 (D. Nev. 2024) (footnotes omitted) (emphasis added).   True, York Holding involved a motion to quash filed by the subpoenaed party (under Rule 45(d)(3)(A)) versus the circumstance here, where the

subpoenaing party has filed a motion to compel (under Rule 45(d)(2)(B)(i)). No matter, because the phrase "the district where compliance is required" appears (identically) in both subsections.

In sum, the Court determines that the place of compliance—for the purpose of filing a motion to compel a non-party to produce documents—is the place where that non-party is located. In this case, that place is Chicago, Illinois, not Cincinnati, Ohio. Accordingly, this Court lacks authority to rule on the merits of Plaintiff's motion.[5]

**Conclusion.** Plaintiff's Motion to Compel Production of Documents Subpoenaed from RHR International, LTD. (Doc. 40) is **DENIED WITHOUT PREJUDICE**. In turn, RHR's Motion for Leave to File a Sur-Reply in Response to Plaintiff's Reply in Support of his Motion to Compel (Doc. 62) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

---

[5] This Court rejects labeling the "place of compliance" analysis as a jurisdictional question "because that issue focuses on a forum state's power and notice to a potential witness, whereas Rule 45 focuses on the burden to nonparties." *HI.Q*, 2022 WL 17345784, at *7. *See* Fed. R. Civ. P. 82 ("The[ federal] rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").