# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | : | |
| | : | Case No. 1:21-cv-00238 |
| Plaintiff, | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| | : | |
| **FIFTH THIRD BANCORP, ET AL.** | : | **AFFIDAVIT OF BAILEY E. SHARPE,** |
| | : | **ESQ.** |
| Defendants. | : | |

Now comes Bailey E. Sharpe, Esq., Co-Counsel for Plaintiff, and for her Affidavit states the following:

1.    I am co-counsel for Plaintiff Philip R. McHugh.

2.    Attached to this affidavit are true and accurate copies of the documents referenced throughout Plaintiff's Memorandum in Opposition to Defendants' Motion for Protective Order, including **Exhibits 1-11**.

3.    Attached as **Exhibit 1** are true and accurate copies of excerpts from the Deposition of Gregory Carmichael, taken September 26-27, 2024.

4.    Attached as **Exhibit 2** are true and accurate copies of excerpts from the Deposition of Michael McCallister, taken December 14, 2022.

5.    Attached as **Exhibit 3** are true and accurate copies of excerpts from the Deposition of Gary Heminger, taken December 20, 2022.

6.    Attached as **Exhibit 4** are true and accurate copies of excerpts from the Deposition of Marsha Williams, taken February 16, 2023.

7.    Attached as **Exhibit 5** are true and accurate copies of excerpts from the Deposition of Nicholas Akins, taken July 2, 2024.

8.    Attached as **Exhibit 6** are true and accurate copies of excerpts from the Deposition of Eileen Mallesch, taken July 10, 2024.

9.    Attached as **Exhibit 7** is a true and accurate copy of e-mail correspondence from Kathleen Bedree and Judge Michael R. Barrett to Plaintiff's and Defense Counsel, dated August 2, 2024.

1

10. Attached as **Exhibit 8** is a true and accurate copy of e-mail correspondence from Defense Counsel Collin Hart to Kathleen Bedree and Judge Michael R. Barrett, dated August 2, 2024.

11. Attached as **Exhibit 9** are true and accurate copies of excerpts from the Deposition of Philip McHugh, taken August 30-31, 2021.

12. Attached as **Exhibit 10** is a true and accurate copy of Philip McHugh's contemporaneous notes taken during his February 14, 2020 Annual Review meeting with Gregory Carmichael.

13. Attached as **Exhibit 11** is a true and accurate copy of e-mail correspondence from Defense Counsel Collin Hart to Kathleen Bedree and Judge Michael R. Barrett, dated August 1, 2024.

Further Affiant sayeth naught.

_Bailey Sharpe_
Bailey E. Sharpe, Esq.


Sworn to and subscribed in my presence this _20_ day of _August_ 2024.

Jessica Peterson
Notary Public, State of Ohio
My Commission Expires:
June 29, 2026

Notary Public
State of Ohio

2

1    But at the end of the day, I don't make

2  decisions based on age, and we didn't do anything with

3  respect to succession planning because of Tim's age or

4  Phil's age.

5    Q.  Is age included in a factor with respect to

6  CEO and president/CEO succession planning at Fifth Third

7  Bank?

8    A.  I've never had a conversation with the board,

9  and the board's never asked me anything with respect to

10  someone's age.  It's based on the merits of their

11  qualifications to elevate to higher levels in the

12  organization and potentially CEO.

13    Q.  Do you believe it would be inappropriate for

14  the board to make a decision based upon the president or

15  CEO succession and use age as a factor?

16    MR. CIOFFI:  Objection.  Asked and answered.

17    He said it wasn't a factor.  You can answer it

18    again, if you can.

19    THE WITNESS:  Wasn't a factor.

20  BY MR. SABA:

21    Q.  That wasn't my question.  I didn't ask if it

22  was a factor.  I'm asking if you believe it would be

23  inappropriate for the board to use age as a factor with

24  respect to succession planning of the president or CEO

25  at Fifth Third Bank.

Exhibit 1

```
 1   board had determined Tim Spence was the candidate and

 2   Phil McHugh and Tayfun Tuzun were not candidates,

 3   correct?

 4        A.   The board determined they were not candidates

 5   because they weren't qualified and there was no support

 6   for them by anyone on the board, and it was unanimously

 7   felt Tim was the right person to lead Fifth Third into

 8   the future.

 9             It's a board decision.  The board's had years

10   to look at these executives, talk to these executives,

11   evaluate these executives.  I've have years to do the

12   same.  And both those individuals were on emergency

13   successor.  Neither of them were qualified to be the CEO

14   in the board's eyes, and the board did not want to

15   proceed with being assessed for the reasons that Guy

16   stated.  It would create more harm than good in the

17   organization if they're not legitimate candidates, and

18   they weren't, in the board's eyes.  Never were, still

19   weren't.

20        Q.   You identified two conversations you had with

21   Marsha.  You talked about one that would have occurred

22   shortly after the December 17th meeting, and either she

23   came into your office or she called -- or you talked to

24   her on the phone before RHR was engaged.  Then you

25   talked about a second conversation you had with Marsha,
```

1  through each individual and kind of go through the

2  information that's in front of you and decide whether

3  you're feeling good about it, feeling bad about it, how

4  they're doing, were they progressing, were they not

5  progressing, were they going to move anywhere.  I mean,

6  this was all the kind of background information you

7  would use to determine, you know, what's going on with

8  your senior people.

9       Q.   Generally, how long would this process take in

10  the board meeting?

11       A.   At least a couple of hours.

12       Q.   Okay.  And would the board consider every

13  listed individual?

14       A.   While we absolutely considered them, we'd

15  spend a different amount of time on people depending on

16  the situation, but...

17       Q.   Can you tell me that -- what particular

18  form -- why the information is there, how it is

19  important to you to make a decision?

20       A.   I don't know.  I don't know what you mean.

21       Q.   The first thing that is informative on there

22  is the participants' age after his name and his title.

23  Do you see that?

24       A.   I see that, yeah.

25       Q.   Okay.  And there's other information.  Exhibit 2

1   How do you -- how does the board take in that

2   information?

3        A.    Which information?

4        Q.    All the information that is contained in that

5   page?

6        A.    I have no idea how to answer that question.  I

7   mean, basically -- this is an annual review. Many times

8   there's nothing to do with this information, so...

9        Q.    Can you tell me what information you used to

10  evaluate the potential candidates to succeed Greg

11  Carmichael?

12            MR. CIOFFI:  Objection.  Time frame.  Meaning

13       any given year?  He said it was a process

14       that lasted over a number of years.  So are you

15       asking him totally?

16            MR. MCHUGH:  You know I'm speaking about

17       this report.

18            MR. CIOFFI:  No, I don't know what

19       you're talking about.

20            MR. MCHUGH:  This report.

21       Q.    This is the report that you said is the only

22  will report that you received.  So I'm asking you, in

23  looking at this the report, who were the candidates that

24  were identified as potential successors to Greg

25  Carmichael?

```
 1        A.    Okay.  I have it.

 2        Q.    Do you have all four of those documents in

 3   front of you?

 4        A.    I do.

 5        Q.    All right.  Thank you.  Now, I'm going to read

 6   to you the two questions that were asked to give you a

 7   framework for answer.  And I know you're not the bank.

 8   I know you're Michael McAllister.  We asked the bank to

 9   tell us the factual basis for their decision to appoint

10   Mr. Spence president and to identify all criteria which

11   Fifth Third considered in selecting Timothy N. Spence

12   for the position of president of Fifth Third Bancorp.

13   Okay?

14        A.    Okay.

15        Q.    To repeat what you told me, Mr. Carmichael

16   cannot appoint Mr. Spence?

17        A.    Correct.

18        Q.    That's solely a board decision?

19        A.    Correct.

20        Q.    You have the four documents that were

21   identified in both of these answers to interrogatories.

22   We just went through that, correct?

23        A.    (Witness nods head).

24              Now, would you be so kind as to tell me with

25   regard to Exhibit 3 -- oh, I'm sorry.  Here, let's
```

Deposition of Gary R. Heminger                                    Philip R. McHugh v. Fifth Third Bancorp, et al.

```
 1          at my request.
 2                  MR. SABA:  And that's going to be a continuing
 3          objection?
 4                  MR. CIOFFI:  Yes.  Yes, sir.
 5                  MR. SABA:  All right.  So we'll just -- we'll
 6          note to bring that up with the court at a later
 7          time.
 8   BY MR. SABA:
 9          Q.   What's the extent of your education?
10          A.   I have a bachelor's degree in accounting from
11   Tiffin University, MBA from University of Dayton.
12          Q.   Are you currently employed?
13          A.   I'm retired.
14          Q.   Where did you retire from?
15          A.   I retired from Marathon Petroleum Company in
16   2020.
17          Q.   What was your position?
18          A.   I was a chairman and CEO.
19          Q.   How long had you held the position of chairman
20   and CEO at Marathon Petroleum?
21          A.   11 years.
22          Q.   Were you involved in the process to select
23   your replacement?
24          A.   I was.
25          Q.   What was your involvement?
```

Exhibit 3

```
 1            A.    Yes.

 2            Q.    How many candidates did the outside firm that

 3     Marathon Petroleum retained assess?

 4            A.    I believe it was two.

 5            Q.    Who was ultimately selected as your

 6     replacement?

 7            A.    A fellow by the name of Mike Hennigan.

 8            Q.    Was Mike Hennigan one of the people that you

 9     recommended to the board?

10            A.    Yes.

11            Q.    How many boards do you serve on currently?

12            A.    I serve on two public boards, Fifth Third Bank

13     and PPG in Pittsburgh, and I'm on Ohio State

14     University's board as well.

15            Q.    How long have you served on the board at Fifth

16     Third Bank?

17            A.    I believe 2006 was the year that I joined.

18            Q.    And just to be clear, when you say you "served

19     on the board of Fifth Third Bank," you're indicating

20     that you've served on the board of both Fifth Third

21     Bancorp and Fifth Third National Association, correct?

22            A.    I don't know the difference there.  I'm just

23     aware of it as Fifth Third Bancorp.

24            Q.    Okay.  You don't have an understanding of one

25     being the holding company for the other?
```

1    executives and management.

2          Q.    Is the Human Capital Compensation Committee

3    also referred as to the HCCC?

4          A.    Yes, sir.

5          Q.    What role does the HCCC play in the process of

6    executive succession for the president and CEO?

7          A.    The members of the HCC are joined by the other

8    members of the board, and so executive succession for

9    the CEO is all done at the board level, not just

10   particularly within the HCCC -- HCC, I should say.

11         Q.    Independent of the board, does the HCCC have

12   any part in the process of executive succession for the

13   president and CEO?

14              MR. CIOFFI:    Objection.    Asked and answered,

15        but you may answer.

16              THE WITNESS:    Repeat it, independent --

17   BY MR. SABA:

18         Q.    Independent of the board, does the HCCC have

19   any role in the executive succession for the president

20   and CEO?

21         A.    No, sir.

22         Q.    How often do each of those committees meet?

23         A.    The finance committee will meet -- and let me

24   clarify, you want me to talk about each committee I'm

25   on?

```
 1   depth, the breadth, and has the pulse of this entire

 2   banking industry, that really understands what's going

 3   on, whether it's venture capital, whether it's activism,

 4   whether it's fed policy, somebody who has that depth and

 5   breadth that can really fulfill the entire engagement

 6   process of being a CEO.

 7        Q.   You said "long period of time."  What did you

 8   mean by a long period of time?

 9        A.   Well, I mean more than, you know, as I

10   answered before, on an interim basis, you know, four to

11   five months.  So I'm talking about a longer period of

12   time.  Someone who can take the span of control.  And

13   you always want to look at a CEO that would have a

14   runway of, you know, probably a minimum of five to seven

15   years.

16        Q.   What do you mean, "a runway of a minimum of

17   five to seven years"?

18        A.   Someone who you believe you can develop and

19   has a -- someone that you believe has the passion and

20   the ability, you know, to work that long.

21        Q.   What are the factors that determine whether or

22   not somebody has a runway of a minimum of five to seven

23   years?

24        A.   What I just said, strategic vision,

25   interpersonal skills, depth and breadth of the market.
```

1  Somebody who really understands how to take the business

2  forward.

3      Q.   How does that translate in determining whether

4  or not that runway is five to seven years?

5      A.   You look and see how they have developed over

6  time and whether or not you believe they can continue to

7  develop and perform at the, you know, exceptional level

8  that you expect.

9      Q.   Is there a certain age at which you believe

10  someone would not be able to complete the runway of a

11  minimum of five to seven years?

12      A.   It's all individual, based on the individual.

13      Q.   You're identifying the attributes of the

14  chairman during the regular process.  What are the

15  distinctions between those and the emergency successor

16  CEO?

17          MR. CIOFFI:  Objection to the form.  You used

18      the word "chairman."

19          MR. SABA:  Excuse me.  Let me rephrase the

20      question.

21  BY MR. SABA:

22      Q.   You're identifying the -- what is required for

23  a CEO during the regular succession process and the

24  characteristics you're looking for.  How do those differ

25  from the characteristics of an emergency successor CEO?

1   whoever we ultimately chose to be the next president and

2   CEO was qualified.

3        Q.   With respect to executive succession of the

4   president and/or CEO of Fifth Third, did your role

5   differ with respect to being a lead director, lead

6   independent director, from those other directors on the

7   board?

8        A.   I would say all of the independent -- all of

9   the independent directors on the board had a voice and a

10  role.  I would say it was a similar voice and role.  If

11  there were any dissenting voices who perhaps didn't feel

12  comfortable speaking out, they could easily call me and

13  communicate their views to me and I would disseminate

14  those views.

15       Q.   Who would you disseminate those views to?

16       A.   Other board members.

17       Q.   Other than being a conduit for disseminating

18  views of other board members, did your role as lead

19  independent director give you any different

20  responsibilities or obligations than other board members

21  had with respect to executive succession of the

22  president or CEO at Fifth Third?

23       A.   The role of the entire board is to plan for

24  succession and to select the next leaders of the

25  organization.  That's one of our primary goals.  It's

1    A.    There were minor changes, but in general, the

2    framework that we established in 2015 remained the same.

3    But I believe there were some minor updates and small

4    changes.  I don't recall what they were, but fairly

5    minor, as I believe.

6         Q.    And is that framework set forth in writing?

7         A.    Yes.

8         Q.    And what is that framework called, the

9    document that contains that framework?

10        A.    I've forgotten the exact title, but it was

11   prepared by RHR International.  Something like the

12   winning formula or something close to that.

13        Q.    And how frequently would that winning formula

14   be updated?

15        A.    As needed.

16        Q.    Between 2015 and September of 2020, how many

17   times was the winning formula updated?

18        A.    Once.

19        Q.    And when was that one time?

20        A.    I don't recall precisely, but I believe as the

21   board was thinking through Greg's potential succession,

22   the compensation committee decided it would be an

23   appropriate time to refresh the framework.  I don't

24   recall the exact dates.

25        Q.    Prior to January 1st of 2020, what was your

1    relationship with Phil McHugh?

2         A.    I saw him at board meetings.

3         Q.    Prior to January 1, 2020, had you ever seen

4    Phil McHugh outside of the board meetings?

5         A.    At board dinners.

6         Q.    Other than board dinners and board meetings,

7    did you ever see Phil McHugh prior to January 1, 2020?

8         A.    Not to my knowledge.

9         Q.    With respect to those board meetings, how much

10   time would you spend conversing with Phil McHugh?

11        A.    Could you -- could you clarify that question?

12        Q.    Certainly.  Prior to January 1, 2020, you

13   indicated that the only time you saw Phil McHugh was at

14   either board meetings or board dinners.

15        A.    Correct.

16        Q.    And I'm asking specifically with respect to

17   the board meetings at which you would have seen Phil

18   McHugh, how much time would you converse with Phil

19   McHugh at these respective board meetings?

20             MR. CIOFFI:  I'm going to object -- converse?

21        What do you mean by that?

22   BY MR. SABA:

23        Q.    Do you understand what the word "converse"

24   means, to have a conversation with somebody?

25        A.    I do understand what the word "converse"

1    Q.   Where did you obtain those?

2    A.   Louisiana Tech University.

3    Q.   When did you obtain those?

4    A.   Bachelor's in 1982.  Master's in 1986.

5    Q.   When did you first become a board member at

6  Fifth Third?

7    A.   I believe it was October of 2013.

8    Q.   Were you employed at that time?

9    A.   Yes.

10    Q.   Where did you work?

11    A.   American Electric Power.

12    Q.   What was your position with American Electric

13  Power?

14    A.   Chairman, president, and the CEO.

15    Q.   When did you become president of American

16  Electric Power?

17    A.   November 12, 2011.  Oh, excuse me, January 1,

18  2011 for president.

19    Q.   How long had you been employed with American

20  Electric Power before you became president?

21    A.   Well, that was 2011.  So 29 years.  1982 to

22  2011 is -- I think that's right.

23    Q.   You went to work for American Electric Power

24  out of college?

25    A.   Yes.  Well, actually, I went to work for      Exhibit 5

1    Southwestern Electric Power Company, which was part of

2    Central and Southwest Corporation.  And then AEP

3    acquired Central and Southwest in 2000.  So technically,

4    yes.

5        Q.   Essentially you worked for the same company up

6    until the time that you became president; is that right?

7        A.   That's right.

8        Q.   You were a lifer there; is that right?

9        A.   Yes.

10       Q.   And they still made you CEO and president even

11   though you were a lifer; is that right?

12       A.   Yes.

13       Q.   What's the benefit of making a lifer the CEO

14   and president of the company?

15           MR. CIOFFI:  Objection.

16           THE WITNESS:  Well, actually, I would say that

17           while it's not a necessity, I certainly had the

18           benefit of knowing the internal operations of the

19           company.  I had been in various operating

20           utilities, and then with the experiences of being

21           in the utility business.

22   BY MR. SABA:

23       Q.   You ran several different branches of the

24   company; is that right?

25       A.   Yes.

1    Q.   You understood the history of the company; is

2  that right?

3    A.   Yes.

4    Q.   And as you indicated, that the utility

5  industry is heavily regulated; is that a fair statement?

6    A.   Yes.

7    Q.   As a result of your history with the company,

8  you had an understanding of the regulations affecting

9  that industry; is that correct?

10    A.   Yes.

11    Q.   Was your mother a flight attendant?

12    A.   No.

13    Q.   Okay.  And they still made you CEO and

14  president?

15    A.   Yes.

16    Q.   Okay.  How large is AEP?

17    A.   Depends on what measure you use.  Are you

18  asking market cap or --

19    Q.   Sure, let's start with market cap.

20    A.   Market cap's about 46, 47 billion.  It was 50

21  when I was there.  It's over 11 states, one of the

22  largest electric utilities in the country.

23    Q.   Number of employees?

24    A.   18,000.

25    Q.   Number of customers served?

1          A.    5.6 million.

2          Q.    Where does AEP currently stand on the Forbes

3    500?

4          A.    It varies from year to year, but it's a

5    Fortune 200 company.

6          Q.    Roughly around 185, around that number; does

7    that sound right?

8          A.    That sounds about right.

9          Q.    How long did you remain chairman, president --

10   let me go back.

11               How long did you remain president of AEP?

12         A.    From 2011 to January -- let's see.

13   January 1st of '23.  August, excuse me.

14               I get president -- it all changed with the

15   transition.  So president, August of '23.

16         Q.    And what about with respect to CEO, how long

17   did you remain CEO for AEP?

18         A.    I was CEO -- hold on a second.  August of '22

19   for president.  January 1st of '23, I turned over the

20   CEO title and stayed on as executive chair of AEP until

21   October of '24 -- or excuse me, October of '23.

22         Q.    Is it a fair statement that your role in -- as

23   president and CEO of AEP was a demanding job; is that

24   right?

25         A.    Yes.  Much different than an executive vice

Deposition of Nicholas Kevin Akins                    Philip R. McHugh v. Fifth Third Bancorp, et al.

1   boards meet?

2        A.    Typically on a quarterly basis.

3        Q.    Going back to the demanding nature of your job

4   with AEP, at times it would become very time consuming;

5   is that correct?

6        A.    Yes, of course.

7        Q.    The -- you had some issues, and I believe you

8   referenced it with respect to your deposition in July of

9   2020, is that right, with certain allegations made

10  against AEP's involvement with House Speaker Householder

11  and HB6; is that correct?

12       A.    I didn't have any depositions at that point in

13  time.

14       Q.    No, let me rephrase the question.

15            There was, beginning in July of 2020, the

16  Columbus Dispatch reported that AEP may have contributed

17  money to a group called Empowering Ohio's Economy, Inc.,

18  which was labeled as potential dark money with respect

19  to some of the actions between First Energy and House

20  Speaker Larry Householder; is that correct?

21            MR. CIOFFI:   Objection.   Beyond the scope of

22       discovery.   You may answer yes or no.

23            THE WITNESS:   There was an article in the

24       Columbus Dispatch about that time.

25

1   BY MR. SABA:

2        Q.    Okay.   It also eventually led to litigation

3   against you personally with respect to a shareholder

4   claim against AEP and you; is that correct?

5        A.    There were derivative shareholder claims.

6        Q.    Okay.   That began in August of 2020; is that

7   right?

8        A.    I believe that's about right.

9        Q.    Okay.   How many times have you been sued

10  personally?

11       A.    I've never been sued personally other than

12  through my role as CEO of AEP and as a board member of

13  AEP.

14       Q.    How often did that happen as a board member or

15  CEO of AEP?

16           MR. CIOFFI:   Objection.   Beyond the scope of

17       discovery in this case.   I'll allow you to answer,

18       if you know.

19           THE WITNESS:   I don't recall how many times.

20  BY MR. SABA:

21       Q.    When did you first meet Greg Carmichael?

22       A.    I don't recall specifically, but it would be

23  about 2014, maybe.

24       Q.    How would you describe your relationship with

25  Greg Carmichael?

1    Q.   So just to clarify my previous question, you

2  were saying that Greg Carmichael was the one who

3  discussed with the board about Tim Spence being the next

4  president and CEO of Fifth Third; is that correct?

5    A.   No.  He would say he's a potential candidate

6  as he progresses in his development.  He could succeed

7  to the CEO role.  Now, he did talk about Phil in the

8  context of this is a person that could step in on an

9  emergency basis, potentially.

10       I think Tayfun or Phil could step into the

11 role and the board would have to look at it based upon

12 what condition was occurring at the time because, you

13 know, Phil -- you know, Phil was a Steady Eddie -- my

14 words -- utility player that could continue the

15 operation of the bank from a tactical sense.  So he fit

16 well potentially as a, you know, as an emergency

17 temporary interim CEO while the board determined who the

18 long-term CEO should be.

19       So the context of Greg's discussion was really

20 around long-term CEO.  Because we didn't know how long

21 Greg would be there.

22    Q.   These reports that Greg Carmichael gave to the

23 board first with respect to Mr. Spence, when did those

24 occur?

25    A.   I don't recall specifically, but various times

 1  potential names?

 2       A.   Well, there was discussion about Tayfun

 3  naturally because he's CFO, but he really didn't have

 4  the skills to become CEO.  And the board sort of

 5  recognized that.  Greg recognized that.  And typically

 6  you'll look at individuals and say no, they're -- we

 7  just don't see them as a future CEO and, you know,

 8  that's the way it works within the board setting.

 9       Q.   Was it ever communicated to Phil McHugh that

10  the board would never consider him a long-term CEO or

11  president of Fifth Third Bank?

12       A.   I don't know.  The board -- to my knowledge,

13  the board never communicated to Phil McHugh that he was

14  going to be the next CEO, the board never did that.  And

15  the board's responsibility is to do that, not the CEO.

16  And that's the independent board members.

17            And as far as the independent board members

18  are concerned, we were very, you know, we had certainly

19  seen Tim, his adaptability, the work he has done, the

20  things he had done, and I think the board wanted to see

21  further development of him to see if he could be

22  potential CEO.

23       Q.   My question is, did any of the independent

24  board members ever communicate to Phil McHugh that he

25  would never be considered to be the future long-term

1    A.    It's an indication of who had the opportunity

2    to eventually become CEO, yes.

3    Q.    Who would have completed this CEO succession

4    chart that we see on Fifth Third-McHugh 001142?

5    A.    I don't know who specifically, but, again, it

6    would be sponsored by the CEO and CHRO.

7    Q.    And this particular plan indicates that nobody

8    is ready now with respect to CEO succession; is that

9    correct?

10    A.    That's correct.

11    Q.    And then it indicates three-plus years of Tim

12    Spence; is that correct?

13    A.    That's correct.

14    Q.    Seven-plus years of Brian Lamb; is that right?

15    A.    That's correct.

16    Q.    And then for emergency successor, it has

17    Tayfun Tuzun, Phil McHugh, and a board member; is that

18    right?

19    A.    That's correct.

20    Q.    Did the board make any changes to the CEO

21    succession plan we see on Fifth Third-McHugh 001142?

22    A.    No, not that I'm aware of.

23    Q.    Did the board have any criticisms of the CEO

24    succession plan we see on Fifth Third-McHugh 001142?

25    A.    Not that I'm aware of.  And I would keep in

1  annually, but I just don't recall.

2      Q.   As you sit here today, do you recall if any of

3  the prior talent decks for 2016, 2017, 2018, if they had

4  any CEO succession plan set forth in them?

5      A.   I don't recall.

6      Q.   Other than what we've identified as the talent

7  deck, marked as Exhibit 4, was the board provided with

8  any other documentation with respect to CEO succession?

9      A.   None other than the consultant analysis, that

10  I recall.

11      Q.   The "consultant analysis."  You're referring

12  to the assessment done by RHR; is that correct?

13      A.   Yes.

14      Q.   Okay.  Is it -- excuse me.  What is your

15  understanding of when RHR did their assessment?

16      A.   That was an initial -- I don't recall exactly

17  what the time frame was.  Let's see, I'm backing up from

18  when -- let's see, Tim took -- I guess it was like 2019,

19  2020.

20      Q.   You don't recall specifically as you sit here

21  today?

22      A.   No, I don't.

23      Q.   What involvement did you have in the RHR

24  assessment?

25      A.   I didn't have an involvement other than their

1    A        Retired the end of 20 -- 2009 to

2  effective first day of 2010.

3    Q        What was the last position you held

4  with Nationwide Insurance?

5    A        Chief Financial Officer of the

6  Property/Casualty Insurance Segment.

7    Q        Have you ever been the President or

8  CEO of a publicly traded company?

9    A        No.

10    Q        Do you sit on any boards currently?

11    A        I do.

12    Q        Which boards do you currently sit

13  on?

14    A        Sit on Brighthouse Financial and I

15  sit on Arch Capital Group, both public companies, in

16  addition to Fifth Third, of course.

17    Q        How long have you been on the board

18  of Brighthouse Financial?

19    A        Since 20 -- let's see, 2018.

20    Q        How long have you been on the board

21  of Arch Capital Group?

22    A        Since 2021.

23    Q        When did you first join the board

24  of Fifth Third?

25    A        2016, September.

Exhibit 6

1          Q        Between September of 2016 and

2   October of 2020 did you sit on any other boards that

3   you have not identified today?

4          A        Yes.

5          Q        Upon which boards did you sit?

6          A        I was sitting on Bob Evans Farms.

7          Q        When were you on the Bob Evans'

8   board?

9          A        I joined that board in 2008 and

10   based off of an M&A transaction stepped off in 2018.

11   It was 10 years.

12          Q        Any other boards?

13          A        Yes, State Auto Financial.

14          Q        And when were you a board member of

15   State Auto Financial?

16          A        Starting 2010 and stepped off that

17   board in 2021.

18          Q        Any others?

19          A        Libbey Glass.

20          Q        When were you a board member of

21   Libbey Glass?

22          A        That was 2016 until 2020 when COVID

23   hit the -- that sector and was restructured.

24          Q        Any other boards?

25          A        No, other than nonprofit boards,

Deposition of Eileen A. Mallesch                                   Philip R. McHugh v. Fifth Third Bancorp, et al.

```
 1    Columbus College of Art & Design.  I was previously on
 2    that board as well and other nonprofits throughout my
 3    career.
 4              Q          When were you on the board of
 5    Columbus College of Art & Design?
 6              A          I believe that started in 2010 or
 7    '11 and I stepped off that when I was -- other boards
 8    were conflicting with it around 2019-ish.
 9              Q          Any other nonprofit boards that you
10    served on during the time period of September of 2016
11    through October, 2020?
12              A     No.
13              Q          Who first contacted you about
14    joining the board at Fifth Third?
15              A          A recruiting firm connected with me
16    and then it was Marsha Williams and Greg Carmichael as
17    board members of Fifth Third.
18              Q          When were you first contacted about
19    joining the board of Fifth Third?
20              A          Oh, let's see now, if I joined in
21    '16 -- It was beginning of -- beginning of '16.  It
22    took a few months to go through the process, so
23    probably mid '16 sometime.
24              Q          What do you mean by it took a few
25    months to go through the process?
```

Deposition of Eileen A. Mallesch                                    Philip R. McHugh v. Fifth Third Bancorp, et al.

1    think in an emergency if you can't get ahold of board

2    members a Finance Committee would meet with all of the

3    chairs of all the committees to start the process to

4    say, "Dust this off, pull it out," and say, "Who did

5    management propose," and then, "What -- What do we

6    think?"  It would not necessarily automatically be

7    assumed that the names on this page -- And it's why

8    quite frankly I have been on boards where they won't

9    be even put this as a document so they don't mislead

10   another person in the organization to think they're

11   potentially CEO successor.  They call it a white

12   envelope that only the chair holds because they don't

13   want to create that distraction with certain leaders

14   in the organization because I believe we're sitting

15   here because someone thought his name was on the page

16   and he should be the CEO and that's not the process.

17              The CEO successor is the board's

18   responsibility and only the board, and even though

19   Greg Carmichael was the Chairman the Chairman is one

20   voice out of what, we have 15 people, so today

21   Tim Spence is one voice and he only has one voice in

22   that vote for how we're going to think about who's CEO

23   succession even in today's environment.

24        Q         Was this Emergency CEO Succession

25   Plan approved by the board?

```
 1    We're all thinking Tim's going to be the successor.
 2    He's moving at a rate faster and he's noticed in the
 3    street.  He was being written up in -- I think it was
 4    American Banker as digital -- for his digital
 5    capabilities back in 2018, so he was already being
 6    recognized in the community.
 7                    We lost Brian Lamb.  You saw what
 8    happened when Brian Lamb went to JPMorgan Chase,
 9    another great talent.  This is an industry where that
10    occurs often and we had a unicorn in Tim Spence.  He's
11    like a whiz kid because I am always in awe of his
12    capabilities.
13            Q       Going -- Going back to the unicorn
14    for a second in terms of him being digital banker of
15    the year --
16            A       Uh-huh.
17            Q       -- American Banker, is that one of
18    the reasons that you selected him as --
19            A       No.
20            Q       -- as far as CEO?
21            A       No.  That just validated why I
22    felt -- It's always great when you read something that
23    validates what you're observing.
24            Q       Why did that validate what you were
25    thinking?
```

**Bailey E. Sharpe, Esq.**

| | |
|---|---|
| **From:** | Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov> |
| **Sent:** | Friday, August 2, 2024 10:37 AM |
| **To:** | Joshua M. Smith, Esq.; Hart, Collin; OHSDdb_Barrett_ch |
| **Cc:** | Cioffi, Michael L.; Stewart, Tom; Peter A. Saba, Esq.; mchugh@mchughlaw.com; Jessica K. Peterson; Caroline R. Dillard; Bailey E. Sharpe, Esq. |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. |

From Judge Barrett:

**Counsel,**
**The Court will not prevent either side from filing discovery motions if necessary.  As to the director depositions, if they were part of the decision-making process, then they can be deposed.  However, the Court cautions Plaintiff's counsel to stay on topic.  At issue here is whether Mr. McHugh's age was a factor in the Bank's decision to not promote him to be President/CEO.  Nothing else.**
**MRB**

Respectfully,
Kathleen

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Thursday, August 1, 2024 6:35 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

<mark>**CAUTION - EXTERNAL:**</mark>

Kathleen and Judge Barrett:

Plaintiff obviously disagrees with Defendants' various mischaracterizations of discovery to date including the director depositions, but it would be a complete waste of time, energy, and resources to address each of them when the Court has already ordered nearly 6 months ago that these depositions proceed forward. *See* Doc#42, PAGEID#2381, 2382 ("Well, I've got two thoughts on this. Number one, I understand your need to take the directors' deposition unless, of course, Collin and Tom want to stipulate that they didn't use independent judgment and just rubber-stamped what the committee said...But, look, I think it's fair that you get to take these folks' depositions if they were part of the decision. I don't see why you wouldn't."). That said, if the Court would prefer Plaintiff responds to Defendants' mischaracterizations in order to move these depositions forward, he would be happy to promptly do so.

More importantly, Defense counsel's e-mail confirms Defendants' intentions to defy this Court's July 22 order that the parties meet and confer to schedule the depositions promptly ("the Court hereby ORDERS counsel to meet and confer in order to secure deposition dates for Susan Zaunbrecher and the remaining directors, such that these depositions occur in a timely manner"). Defense counsel's e-mail further confirms Defendants'

Exhibit 7

intentions to violate this Court's standing order that no discovery motions be filed without leave of court ("Accordingly, Defendants have instructed counsel to formally move for a protective order prohibiting any further director depositions, a matter previously raised with the Court…We anticipate filing this motion within the next several days."). As to Zaunbrecher specifically, Defendants provide no reason whatsoever as to why her deposition cannot be scheduled. All of this simply confirms that Defendants have never had any intention of working cooperatively to schedule these deposition, and hopes that if they delay and obstruct long enough, the Court will not order compliance.

To be clear, beyond the last 7-8+ months of efforts to get these depositions scheduled with Defendants, Plaintiff made repeated good faith efforts to meet and confer with Defendants following the Court's July 22 order. This started with reaching out to Defense counsel the following day (7/23), requesting dates of availability and offering to schedule a call to discuss if necessary. Defense counsel responded the next day (7/24) stating "due to Summer travel schedules we have not yet been able to confer with and receive direction from our client regarding Kathleen's Monday email. We will follow-up with you ASAP." Despite the continued lack of commitment to provide dates even in that e-mail, Plaintiff continued his attempts via an e-mail response on July 25, asking if dates could be provided by the following Tuesday (7/30) so that the parties could update the court by the end of the following week. That Tuesday came and went with no response from Defendants. The next day (7/31), Plaintiff's counsel re-iterated the problematic delays by Defendants over the last several months and refusals to cooperate in scheduling, concluding with another request for deposition dates. Again Defense counsel did not respond, and instead chose to send the below e-mail to the Court.

There is of course more to the history of this dispute, as spelled out in Plaintiff's counsel's e-mail with attachments sent on May 30 (e-mail below).

Plaintiff simply wishes to move discovery forward by deposing the remaining decisionmakers in this case. As this Court confirmed months ago, given the Bank's position that each board member was an independent decisionmaker and purportedly rendered such a decision based on their own independent judgment, Plaintiff has a right to take the depositions of each. Permitting formal briefing on an issue that this Court has already resolved would only serve to further delay discovery, which is exactly what Defendants want. For those reasons, Plaintiff respectfully requests that the Court deny any such requests for leave, strike any improperly filed motions for protective order, and compel Defendants to provide available deposition dates immediately. Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Thursday, August 1, 2024 8:33 AM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Good Morning Kathleen,

I am writing to provide the Court with an update in response to your below email of July 22.

Defendants are very concerned about the uncabined and overly broad discovery that Plaintiff has been permitted to undertake during the nearly four years of the discovery phase of this very simple, straightforward single plaintiff case. Defendants staunchly believe that no further director depositions are proper or permitted under the Federal Rules of Civil Procedure, particularly in light of the two most recent depositions of directors Nicholas Akins and Eileen Mallesch.

Plaintiff has so far deposed six current and former Fifth Third Bank directors: Marsha Williams (former Lead Independent Director) for five hours, Gary Heminger for six hours, Michael McCallister for 3.5 hours, Nicholas Akins for 3.4 hours, Elieen Mallesch for 2.2 hours, and Defendant Greg Carmichael for 12 hours. Plaintiff has also deposed five current and former Fifth Third Bank employees: Timothy Spence (current CEO and President); Robert Shaffer (former CHRO); Nancy Pinckney (current CHRO); Elizabeth McKay, and Paula Hennard. Beyond Plaintiff's significant deposition discovery, Plaintiff has also now served on Defendants 16 separate requests for production of documents under Rule 34 encompassing 287 separate requests, including ten sets of requests specifically targeting individual directors, along with Rule 33 and 36 interrogatories and requests for admission. All of this discovery has come at great burden and expense to Defendants.

**Plaintiff now wants to depose an additional eight directors for a combined total of 14 director depositions (19 total depositions).** However, the most recent depositions of directors Nicholas Akins and Eileen Mallesch were plainly duplicative and repetitive of the first four director depositions. Plaintiff's counsel asked about the exact same subject matter using the exact same exhibits, eliciting the same answers as given by the previous four directors—one of whom (Mr. Carmichael) the Court permitted to be deposed for 14 hours over two full days. When not repeating discovery on established issues, Plaintiff's counsel plainly sought to harass and annoy the directors (and Defendants) through a litany of time wasting questions, including asking Mr. Akins to recite the names of attendees listed and recorded on every Board meeting minute. Plaintiff's counsel also asked totally irrelevant questions designed only to harass and embarrass the witness, such as questioning Mr. Akins on the Larry Householder/House Bill 6 investigation.

This Court previously instructed the parties to "take two [additional director depositions] and see where we are." Tr. of Dec. 14, 2023 Discovery Conf., Doc. No. 38, PAGEID 2332. The parties took those two additional depositions and Plaintiff's questioning and conduct at those depositions clearly establishes that the two additional depositions were entirely duplicative of the previous four director depositions. The only exception being when Plaintiff's counsel insisted on asking irrelevant questions meant only to harass and embarrass the witness. It is not surprising that the discovery record has developed in this manner given that all of the directors attended the same meetings and voted unanimously to elect Tim Spence President. Plaintiff's discovery abuse, which is wasting significant time and money, must stop. All of the Fifth Third Directors are highly accomplished and busy professionals engaged in important and time-consuming civic and business matters of local and national import. As but one example, Plaintiff cannot establish any good faith need to pull Katherine Blackburn away from running the Cincinnati Bengals on the eve of the NFL season to repeat questions that

have already been answered six times. Accordingly, Defendants have instructed counsel to formally move for a protective order prohibiting any further director depositions, a matter previously raised with the Court. *See* Tr. of Dec. 14, 2023 Discovery Conf., Doc. No. 38, PAGEID 2331-32. We anticipate filing this motion within the next several days.

Thank you,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Sent:** Monday, July 22, 2024 10:49 AM
**To:** jms_sspfirm.com <jms@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Counsel,
In response to Mr. Smith's July 19, 2024 email, Judge Barrett has asked me to convey this message:

> **The Court is at a loss to understand why this matter cannot be resolved amicably and professionally. To the extent it is necessary, the Court hereby ORDERS counsel to meet and confer in order to secure deposition dates for Susan Zaunbrecher and the remaining directors, such that these depositions occur in a timely manner.**
> **MRB**

Respectfully,
Kathleen

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, July 19, 2024 12:34 PM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

**CAUTION - EXTERNAL:**

Kathleen:

In follow-up, Plaintiff has completed 2 additional board member depositions—Nicholas Akins on July 2, and Eileen Mallesch on July 10. However, Defendants continue to refuse to provide any other director's availability or the

availability of Ms. Zaunbrecher. Mr. Cioffi's Chiquita trial concluded in June, and it is our understanding that the second trial has been postponed indefinitely. Thus, regardless of the merit, Defendants' excuse for delaying deposition scheduling over the last 7 months no longer applies.

Plaintiff sent a follow-up e-mail to Defense counsel this past Wednesday (7/16—attached)) again seeking dates, but received no response. Given the lack of cooperation, Plaintiff is requesting the court's assistance to compel Defendants to provide deposition dates in order to keep discovery moving forward. Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Joshua M. Smith, Esq.
**Sent:** Friday, June 7, 2024 10:18 AM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Thanks Kathleen.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Sent:** Friday, June 7, 2024 10:17 AM
**To:** Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Joshua M. Smith, Esq. <jms@sspfirm.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** Re: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett is out of town for the month of June, but he is working remotely.  I will let you know.
Kathleen

Get Outlook for iOS

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, June 7, 2024 10:06:29 AM
**To:** Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; McHugh@McHughlaw.com>; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

<mark>**CAUTION - EXTERNAL:**</mark>

Good Morning Judge Barrett,

Would the Court have any availability over the next two weeks for a brief telephone conference? Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Joshua M. Smith, Esq.
**Sent:** Friday, May 31, 2024 4:37 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; barrett_chambers@ohsd.uscourts.gov; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard

<crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

Notwithstanding Defense counsel's previously stated availability in June and July (between the two Cioffi/Chiquita trials), Defense counsel are refusing (and have refused for the past several months) to provide deposition dates for any directors other than Mallesch and Akins. Defense counsel's recent request for a post-Mallesch and Akins "status conference in July" makes it clear that Defense Counsel have no intention of complying with this Court's prior instruction to provide deposition dates for the directors. Instead, Defense Counsel are hoping that if they delay and obstruct the discovery long enough the Court will not require compliance.

Given Defense Counsel's penchant for gamesmanship, obstruction and delay, it is imperative that Defendants provide deposition dates for all of the directors and Zaunbrecher now, so that discovery in this case can move forward. The Court's assistance would be greatly appreciated.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Friday, May 31, 2024 9:41 AM
**To:** barrett_chambers@ohsd.uscourts.gov; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Good Morning Judge Barrett,

Unfortunately, Plaintiff's counsel have simply refused to abide by your instruction at the February 5, 2024 discovery conference that the parties are to work cooperatively to schedule future depositions, including the specific instruction that Plaintiff's counsel must work around Defendants' counsel's trial schedule. *See* Transcript of February 5, 2024 Discovery Conference, Doc. 42, PAGEID 2382-84. In blatant defiance of the Court's clear instruction, Plaintiff's counsel unilaterally noticed ten director depositions and the deposition of Susan Zaunbrecher on February 29, 2024. *See* Doc. Nos. 45-54. Plaintiff's counsel unilaterally noticed these depositions without any warning or notice to Defendants, while the parties were in the process of negotiating

future depositions dates, and without having offered any potential deposition date options, whatsoever, whether in June, July, or any other month. Indeed, Plaintiff's counsel unilaterally noticed these depositions one day after I specifically requested that Plaintiff's counsel provide their availability for potential depositions, which to that point they had completely refused to do. *See* C. Hart Email of Feb. 28, 2024 at 4:51PM, included in Plaintiff's Attachment 3.

Most egregiously, with respect to the deposition of Ms. Zaunbrecher, Defendants actively worked with Plaintiff's counsel to schedule Ms. Zaunbrecher's deposition for April 1—ahead of the first Chiquita trial—in an effort to work cooperatively to move discovery forward even in light of the massive pretrial preparations that Defendants' counsel were undertaking with respect to the Chiquita trial. However, after Defendants agreed to sit Ms. Zaunbrecher for deposition on April 1 and after Plaintiff's counsel issued her deposition notice, Plaintiff's counsel reneged on that agreement and requested to cancel Ms. Zaunbrecher's scheduled deposition because of an alleged conflict with the Plaintiff's schedule. *See* J. Smith Email of Jan. 24, 2024 at 3:35PM, attached hereto as Exhibit A. Defendants could have demanded that the April 1 deposition move forward, particularly given that all counsel (and Ms. Zaunbrecher) were available and given Plaintiff's counsel's accusations of delay, but Defendants agreed to reschedule in the spirt of cooperation—a courtesy that was not shown to Defendants before Plaintiff unilaterally set and noticed Ms. Zaunbrecher's deposition for June 12. This is not cooperation on the part of Plaintiff's counsel, but rather blatant strong arm tactics.

Having intentionally short circuited the parties' negotiations regarding future depositions while refusing to acknowledge basic logic with regard to Defendants' counsel's scheduling limitations (and uncertainty), Plaintiff's counsel have chosen to unnecessarily burden the Court with yet another discovery dispute that the parties should be capable of resolving amongst themselves. To be clear, Defendants have worked with counsel to schedule two additional director depositions (Eileen Mallesch and Nicholas Akins) in the month between the first and second Chiquita trials (in addition to the cancelled Zaunbrecher deposition) as counsel previously committed to at the February 5 discovery conference. Our request was simply that the parties wait until the conclusion of the first Chiquita trial to schedule the remaining depositions given the uncertainty in Defendants' counsel's availability in light of the second scheduled Chiquita trial. Furthermore, given that the second Chiquita trial is scheduled to begin on July 15 and will likely run through the end of August, the parties would still have **three months**, at minimum, to schedule additional depositions before Defendants' counsel would even be able to defend any depositions. Simply put, waiting until the conclusion of the first Chiquita trial to schedule additional depositions will not inject any delay into the deposition process while reducing the potential need to reschedule any depositions in the event that the second Chiquita trial is delayed or extended.

Accordingly, Defendants request that the Court reiterate its instruction that the parties are to work cooperatively to schedule future depositions and admonish Plaintiff's counsel to refrain from future gamesmanship. However, Defendants' counsel are happy to schedule a telephone conference to further discuss the issue, at the Court's preference. Defendants would also further request that the Court schedule a telephone conference after the scheduled depositions of Mr. Akins and Ms. Mallesch to discuss their testimony and evaluate whether the remaining directors still need to be deposed in light of what is expected to be the uniform testimony of (then) six directors that the board did not discriminate against Plaintiff, if any way, in deciding to appoint Tim Spence as Fifth Third's President.

Respectfully,


**Collin D. Hart** | BLANK<span style="color:red">ROME</span>
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Thursday, May 30, 2024 3:41 PM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Kathleen_Bedree@ohsd.uscourts.gov; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

In a further effort to move discovery forward in this case, Plaintiff Phil McHugh is requesting the Court's assistance in scheduling the remaining director depositions, and the deposition of Susan Zaunbrecher.

As the Court may recall, on February 5, 2024 it instructed the parties to work cooperatively toward scheduling as many director depositions as possible in the June time frame, after Defendants claimed that due to Mr. Cioffi's trial schedule in late April and May, there was no availability prior to that time. (*See* February 5, 2024 Transcript, Doc. #42), Since then, and despite Plaintiff's efforts, Defendants have continually refused to provide available dates for any directors in the June-July time frame other than two—Eileen Mallesch and Nicholas Akins. (*See* **Attachments 1-3).** Eventually, after Defendants' continued refusals to provide available dates, Plaintiff noticed the remaining depositions for 6 days (1-2 per day) in early June, a time frame Defense counsel had previously represented was available. (*See* Notices of Deposition, Doc. # 45-55). Defendants responded with "dismay" at the notices and demanded that they be withdrawn, but still refused to provide alternative dates. (*See* **Attachment 4-5**). Plaintiff responded that it had noticed the depositions given the lack of cooperation from Defendants, and offered to reschedule them if Defendants would provide acceptable alternative dates. (*Id.*). Defendants again refused, claiming they would not provide availability until after Mr. Cioffi's trial concluded. (*Id.*). Defendants took no action over the next two months to offer alternative dates, or to further any discussions on scheduling.

Earlier this week (5/28), given the lack of response or actions from Defendants, Plaintiff sent follow-up correspondence to confirm whether the depositions would be going forward next week. (*See* **Attachment 6).** Defense counsel responded the following day, again voicing its intention not to produce the witnesses, and again refusing to provide alternative dates. In fact, Defense counsel has indicated *they will not even discuss* available dates for the other directors or Ms. Zaunbrecher until after Mr. Cioffi's Florida trial concludes, and thereafter would not make such directors available until after "early fall," following Mr. Cioffi's second Florida trial that begins in late July. (*See* **Attachment 7**).

Plaintiff simply wishes to move discovery forward in this case, and Defendants are obstructing these efforts. Defense Counsel's trial schedule is not a legitimate excuse for *a refusal to even discuss* available dates for deposition, particularly given at least one of its counsel (Mr. Hart) is not counsel of record in the Florida trial. Given Mr. Hart's availability to discuss and coordinate schedules, he (or even a staff member at Blank Rome) can certainly coordinate with Plaintiff to provide dates for deposition.

Thank you for the Court's assistance in this matter. As always, Plaintiff is ready and willing to attend a telephone conference with the Court in an attempt to resolve this issue.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

************************************************************************************************
******

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Bailey E. Sharpe, Esq.**

| | |
|---|---|
| **From:** | Hart, Collin <collin.hart@blankrome.com> |
| **Sent:** | Friday, August 2, 2024 5:29 PM |
| **To:** | Kathleen Bedree; OHSDdb_Barrett_ch |
| **Cc:** | Cioffi, Michael L.; Stewart, Tom; Peter A. Saba, Esq.; mchugh@mchughlaw.com; Joshua M. Smith, Esq.; Jessica K. Peterson; Caroline R. Dillard; Bailey E. Sharpe, Esq. |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. |
| **Attachments:** | FILED_Motion for Protective Order and-or To Limit Discovery Under Rule 26(b)(2)(C) Precluding Additional Director Depositions.pdf |

Kathleen,

Thank you for the email below.  Unfortunately it is necessary for Defendants to file a Motion for Protective Order because in deposing the six directors already permitted and deposing them for a total of 32 hours on the record, Plaintiff's counsel never once asked any independent director the ultimate question as instructed by the Court: was age a factor in the Board's decision not to promote Mr. McHugh to the position of President/CEO.  Never once.   Defense counsel, however, did follow the Court's instructions and asked this question of each director.  Each director answered the same way with an unequivocal "no."   Each director testified further that age was never even discussed or otherwise raised in any Board meeting or discussion about who should succeed Mr. Carmichael as the next President and CEO.   Defendants would be willing to withdraw their Motion for a Protective Order if the Court Orders Plaintiff's counsel to submit this question—the question they have refused to ask of any of the deposed directors—to each of the remaining directors as a written interrogatory to be answered under oath.

A courtesy copy of Defendant's filed Motion is also attached.

Thank you,


**Collin D. Hart** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Sent:** Friday, August 2, 2024 10:37 AM
**To:** jms_sspfirm.com <jms@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

From Judge Barrett:

**Counsel,**
**The Court will not prevent either side from filing discovery motions if necessary.  As to the director depositions, if they were part of the decision-making process, then they can be deposed.  However, the Court cautions Plaintiff's**

Exhibit 8

counsel to stay on topic. At issue here is whether Mr. McHugh's age was a factor in the Bank's decision to not promote him to be President/CEO. Nothing else.
MRB

Respectfully,
Kathleen

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Thursday, August 1, 2024 6:35 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

==CAUTION - EXTERNAL:==

Kathleen and Judge Barrett:

Plaintiff obviously disagrees with Defendants' various mischaracterizations of discovery to date including the director depositions, but it would be a complete waste of time, energy, and resources to address each of them when the Court has already ordered nearly 6 months ago that these depositions proceed forward. *See* Doc#42, PAGEID#2381, 2382 ("Well, I've got two thoughts on this. Number one, I understand your need to take the directors' deposition unless, of course, Collin and Tom want to stipulate that they didn't use independent judgment and just rubber-stamped what the committee said...But, look, I think it's fair that you get to take these folks' depositions if they were part of the decision. I don't see why you wouldn't."). That said, if the Court would prefer Plaintiff responds to Defendants' mischaracterizations in order to move these depositions forward, he would be happy to promptly do so.

More importantly, Defense counsel's e-mail confirms Defendants' intentions to defy this Court's July 22 order that the parties meet and confer to schedule the depositions promptly ("the Court hereby ORDERS counsel to meet and confer in order to secure deposition dates for Susan Zaunbrecher and the remaining directors, such that these depositions occur in a timely manner"). Defense counsel's e-mail further confirms Defendants' intentions to violate this Court's standing order that no discovery motions be filed without leave of court ("Accordingly, Defendants have instructed counsel to formally move for a protective order prohibiting any further director depositions, a matter previously raised with the Court…We anticipate filing this motion within the next several days."). As to Zaunbrecher specifically, Defendants provide no reason whatsoever as to why her deposition cannot be scheduled. All of this simply confirms that Defendants have never had any intention of working cooperatively to schedule these deposition, and hopes that if they delay and obstruct long enough, the Court will not order compliance.

To be clear, beyond the last 7-8+ months of efforts to get these depositions scheduled with Defendants, Plaintiff made repeated good faith efforts to meet and confer with Defendants following the Court's July 22 order. This started with reaching out to Defense counsel the following day (7/23), requesting dates of availability and offering to schedule a call to discuss if necessary. Defense counsel responded the next day (7/24) stating "due to Summer travel schedules we have not yet been able to confer with and receive direction from our client regarding Kathleen's Monday email. We will follow-up with you ASAP." Despite the continued lack of commitment to provide dates even in that e-mail, Plaintiff continued his attempts via an e-mail response on July 25, asking if dates could be provided by the following Tuesday (7/30) so that the parties could update the court

by the end of the following week. That Tuesday came and went with no response from Defendants. The next day (7/31), Plaintiff's counsel re-iterated the problematic delays by Defendants over the last several months and refusals to cooperate in scheduling, concluding with another request for deposition dates. Again Defense counsel did not respond, and instead chose to send the below e-mail to the Court.

There is of course more to the history of this dispute, as spelled out in Plaintiff's counsel's e-mail with attachments sent on May 30 (e-mail below).

Plaintiff simply wishes to move discovery forward by deposing the remaining decisionmakers in this case. As this Court confirmed months ago, given the Bank's position that each board member was an independent decisionmaker and purportedly rendered such a decision based on their own independent judgment, Plaintiff has a right to take the depositions of each. Permitting formal briefing on an issue that this Court has already resolved would only serve to further delay discovery, which is exactly what Defendants want. For those reasons, Plaintiff respectfully requests that the Court deny any such requests for leave, strike any improperly filed motions for protective order, and compel Defendants to provide available deposition dates immediately. Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Thursday, August 1, 2024 8:33 AM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Good Morning Kathleen,

I am writing to provide the Court with an update in response to your below email of July 22.

Defendants are very concerned about the uncabined and overly broad discovery that Plaintiff has been permitted to undertake during the nearly four years of the discovery phase of this very simple, straightforward single plaintiff case. Defendants staunchly believe that no further director depositions are proper or permitted under

the Federal Rules of Civil Procedure, particularly in light of the two most recent depositions of directors Nicholas Akins and Eileen Mallesch.

Plaintiff has so far deposed six current and former Fifth Third Bank directors: Marsha Williams (former Lead Independent Director) for five hours, Gary Heminger for six hours, Michael McCallister for 3.5 hours, Nicholas Akins for 3.4 hours, Elieen Mallesch for 2.2 hours, and Defendant Greg Carmichael for 12 hours. Plaintiff has also deposed five current and former Fifth Third Bank employees: Timothy Spence (current CEO and President); Robert Shaffer (former CHRO); Nancy Pinckney (current CHRO); Elizabeth McKay, and Paula Hennard. Beyond Plaintiff's significant deposition discovery, Plaintiff has also now served on Defendants 16 separate requests for production of documents under Rule 34 encompassing 287 separate requests, including ten sets of requests specifically targeting individual directors, along with Rule 33 and 36 interrogatories and requests for admission. All of this discovery has come at great burden and expense to Defendants.

**Plaintiff now wants to depose an additional eight directors for a combined total of 14 director depositions (19 total depositions)**. However, the most recent depositions of directors Nicholas Akins and Eileen Mallesch were plainly duplicative and repetitive of the first four director depositions. Plaintiff's counsel asked about the exact same subject matter using the exact same exhibits, eliciting the same answers as given by the previous four directors—one of whom (Mr. Carmichael) the Court permitted to be deposed for 14 hours over two full days. When not repeating discovery on established issues, Plaintiff's counsel plainly sought to harass and annoy the directors (and Defendants) through a litany of time wasting questions, including asking Mr. Akins to recite the names of attendees listed and recorded on every Board meeting minute. Plaintiff's counsel also asked totally irrelevant questions designed only to harass and embarrass the witness, such as questioning Mr. Akins on the Larry Householder/House Bill 6 investigation.

This Court previously instructed the parties to "take two [additional director depositions] and see where we are." Tr. of Dec. 14, 2023 Discovery Conf., Doc. No. 38, PAGEID 2332. The parties took those two additional depositions and Plaintiff's questioning and conduct at those depositions clearly establishes that the two additional depositions were entirely duplicative of the previous four director depositions. The only exception being when Plaintiff's counsel insisted on asking irrelevant questions meant only to harass and embarrass the witness. It is not surprising that the discovery record has developed in this manner given that all of the directors attended the same meetings and voted unanimously to elect Tim Spence President. Plaintiff's discovery abuse, which is wasting significant time and money, must stop. All of the Fifth Third Directors are highly accomplished and busy professionals engaged in important and time-consuming civic and business matters of local and national import. As but one example, Plaintiff cannot establish any good faith need to pull Katherine Blackburn away from running the Cincinnati Bengals on the eve of the NFL season to repeat questions that have already been answered six times. Accordingly, Defendants have instructed counsel to formally move for a protective order prohibiting any further director depositions, a matter previously raised with the Court. *See* Tr. of Dec. 14, 2023 Discovery Conf., Doc. No. 38, PAGEID 2331-32. We anticipate filing this motion within the next several days.

Thank you,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Sent:** Monday, July 22, 2024 10:49 AM

**To:** jms_sspfirm.com <jms@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Counsel,
In response to Mr. Smith's July 19, 2024 email, Judge Barrett has asked me to convey this message:

> **The Court is at a loss to understand why this matter cannot be resolved amicably and professionally. To the extent it is necessary, the Court hereby ORDERS counsel to meet and confer in order to secure deposition dates for Susan Zaunbrecher and the remaining directors, such that these depositions occur in a timely manner.**
> **MRB**

Respectfully,
Kathleen

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, July 19, 2024 12:34 PM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

<mark>**CAUTION - EXTERNAL:**</mark>

Kathleen:

In follow-up, Plaintiff has completed 2 additional board member depositions—Nicholas Akins on July 2, and Eileen Mallesch on July 10. However, Defendants continue to refuse to provide any other director's availability or the availability of Ms. Zaunbrecher. Mr. Cioffi's Chiquita trial concluded in June, and it is our understanding that the second trial has been postponed indefinitely. Thus, regardless of the merit, Defendants' excuse for delaying deposition scheduling over the last 7 months no longer applies.

Plaintiff sent a follow-up e-mail to Defense counsel this past Wednesday (7/16—attached)) again seeking dates, but received no response. Given the lack of cooperation, Plaintiff is requesting the court's assistance to compel Defendants to provide deposition dates in order to keep discovery moving forward. Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com



http://www.sspfirm.com

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Joshua M. Smith, Esq.
**Sent:** Friday, June 7, 2024 10:18 AM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Thanks Kathleen.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Sent:** Friday, June 7, 2024 10:17 AM
**To:** Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Joshua M. Smith, Esq. <jms@sspfirm.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** Re: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett is out of town for the month of June, but he is working remotely.  I will let you know.
Kathleen

Get Outlook for iOS

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, June 7, 2024 10:06:29 AM

**To:** Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@ssfirm.com>; mchugh@mchughlaw.com <McHugh@McHughlaw.com>; Jessica K. Peterson <jkp@ssfirm.com>; Caroline R. Dillard <crd@ssfirm.com>; Bailey E. Sharpe, Esq. <bes@ssfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

**CAUTION - EXTERNAL:**

Good Morning Judge Barrett,

Would the Court have any availability over the next two weeks for a brief telephone conference? Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@ssfirm.com
http://www.ssfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Joshua M. Smith, Esq.
**Sent:** Friday, May 31, 2024 4:37 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; barrett_chambers@ohsd.uscourts.gov; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@ssfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@ssfirm.com>; Caroline R. Dillard <crd@ssfirm.com>; Bailey E. Sharpe, Esq. <bes@ssfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

Notwithstanding Defense counsel's previously stated availability in June and July (between the two Cioffi/Chiquita trials), Defense counsel are refusing (and have refused for the past several months) to provide deposition dates for any directors other than Mallesch and Akins. Defense counsel's recent request for a post-Mallesch and Akins "status conference is July" makes it clear that Defense Counsel have no intention of complying with this Court's prior instruction to provide deposition dates for the directors. Instead, Defense Counsel are hoping that if they delay and obstruct the discovery long enough the Court will not require compliance.

Given Defense Counsel's penchant for gamesmanship, obstruction and delay, it is imperative that Defendants provide deposition dates for all of the directors and Zaunbrecher now, so that discovery in this case can move forward. The Court's assistance would be greatly appreciated.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Friday, May 31, 2024 9:41 AM
**To:** barrett_chambers@ohsd.uscourts.gov; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Good Morning Judge Barrett,

Unfortunately, Plaintiff's counsel have simply refused to abide by your instruction at the February 5, 2024 discovery conference that the parties are to work cooperatively to schedule future depositions, including the specific instruction that Plaintiff's counsel must work around Defendants' counsel's trial schedule. *See* Transcript of February 5, 2024 Discovery Conference, Doc. 42, PAGEID 2382-84. In blatant defiance of the Court's clear instruction, Plaintiff's counsel unilaterally noticed ten director depositions and the deposition of Susan Zaunbrecher on February 29, 2024. *See* Doc. Nos. 45-54. Plaintiff's counsel unilaterally noticed these depositions without any warning or notice to Defendants, while the parties were in the process of negotiating future depositions dates, and without having offered any potential deposition date options, whatsoever, whether in June, July, or any other month. Indeed, Plaintiff's counsel unilaterally noticed these depositions one day after I specifically requested that Plaintiff's counsel provide their availability for potential depositions, which to that point they had completely refused to do. *See* C. Hart Email of Feb. 28, 2024 at 4:51PM, included in Plaintiff's Attachment 3.

Most egregiously, with respect to the deposition of Ms. Zaunbrecher, Defendants actively worked with Plaintiff's counsel to schedule Ms. Zaunbrecher's deposition for April 1—ahead of the first Chiquita trial—in an effort to work cooperatively to move discovery forward even in light of the massive pretrial preparations that Defendants' counsel were undertaking with respect to the Chiquita trial. However, after Defendants agreed to sit Ms. Zaunbrecher for deposition on April 1 and after Plaintiff's counsel issued her deposition notice, Plaintiff's counsel reneged on that agreement and requested to cancel Ms. Zaunbrecher's scheduled deposition because of an alleged conflict with the Plaintiff's schedule. *See* J. Smith Email of Jan. 24, 2024 at 3:35PM, attached hereto as Exhibit A. Defendants could have demanded that the April 1 deposition move forward, particularly given that all counsel (and Ms. Zaunbrecher) were available and given Plaintiff's counsel's accusations of delay, but Defendants agreed to reschedule in the spirt of cooperation—a courtesy that was not

shown to Defendants before Plaintiff unilaterally set and noticed Ms. Zaunbrecher's deposition for June 12. This is not cooperation on the part of Plaintiff's counsel, but rather blatant strong arm tactics.

Having intentionally short circuited the parties' negotiations regarding future depositions while refusing to acknowledge basic logic with regard to Defendants' counsel's scheduling limitations (and uncertainty), Plaintiff's counsel have chosen to unnecessarily burden the Court with yet another discovery dispute that the parties should be capable of resolving amongst themselves. To be clear, Defendants have worked with counsel to schedule two additional director depositions (Eileen Mallesch and Nicholas Akins) in the month between the first and second Chiquita trials (in addition to the cancelled Zaunbrecher deposition) as counsel previously committed to at the February 5 discovery conference. Our request was simply that the parties wait until the conclusion of the first Chiquita trial to schedule the remaining depositions given the uncertainty in Defendants' counsel's availability in light of the second scheduled Chiquita trial. Furthermore, given that the second Chiquita trial is scheduled to begin on July 15 and will likely run through the end of August, the parties would still have **three months**, at minimum, to schedule additional depositions before Defendants' counsel would even be able to defend any depositions. Simply put, waiting until the conclusion of the first Chiquita trial to schedule additional depositions will not inject any delay into the deposition process while reducing the potential need to reschedule any depositions in the event that the second Chiquita trial is delayed or extended.

Accordingly, Defendants request that the Court reiterate its instruction that the parties are to work cooperatively to schedule future depositions and admonish Plaintiff's counsel to refrain from future gamesmanship. However, Defendants' counsel are happy to schedule a telephone conference to further discuss the issue, at the Court's preference. Defendants would also further request that the Court schedule a telephone conference after the scheduled depositions of Mr. Akins and Ms. Mallesch to discuss their testimony and evaluate whether the remaining directors still need to be deposed in light of what is expected to be the uniform testimony of (then) six directors that the board did not discriminate against Plaintiff, if any way, in deciding to appoint Tim Spence as Fifth Third's President.

Respectfully,


**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Thursday, May 30, 2024 3:41 PM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Kathleen_Bedree@ohsd.uscourts.gov; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

In a further effort to move discovery forward in this case, Plaintiff Phil McHugh is requesting the Court's assistance in scheduling the remaining director depositions, and the deposition of Susan Zaunbrecher.

As the Court may recall, on February 5, 2024 it instructed the parties to work cooperatively toward scheduling as many director depositions as possible in the June time frame, after Defendants claimed that due to Mr.

Cioffi's trial schedule in late April and May, there was no availability prior to that time. (*See* February 5, 2024 Transcript, Doc. #42), Since then, and despite Plaintiff's efforts, Defendants have continually refused to provide available dates for any directors in the June-July time frame other than two—Eileen Mallesch and Nicholas Akins. (*See* **Attachments 1-3.**) Eventually, after Defendants' continued refusals to provide available dates, Plaintiff noticed the remaining depositions for 6 days (1-2 per day) in early June, a time frame Defense counsel had previously represented was available. (*See* Notices of Deposition, Doc. # 45-55). Defendants responded with "dismay" at the notices and demanded that they be withdrawn, but still refused to provide alternative dates. (*See* **Attachment 4-5**). Plaintiff responded that it had noticed the depositions given the lack of cooperation from Defendants, and offered to reschedule them if Defendants would provide acceptable alternative dates. (*Id.*). Defendants again refused, claiming they would not provide availability until after Mr. Cioffi's trial concluded. (*Id.*). Defendants took no action over the next two months to offer alternative dates, or to further any discussions on scheduling.

Earlier this week (5/28), given the lack of response or actions from Defendants, Plaintiff sent follow-up correspondence to confirm whether the depositions would be going forward next week. (*See* **Attachment 6).** Defense counsel responded the following day, again voicing its intention not to produce the witnesses, and again refusing to provide alternative dates. In fact, Defense counsel has indicated *they will not even discuss* available dates for the other directors or Ms. Zaunbrecher until after Mr. Cioffi's Florida trial concludes, and thereafter would not make such directors available until after "early fall," following Mr. Cioffi's second Florida trial that begins in late July. (*See* **Attachment 7**).

Plaintiff simply wishes to move discovery forward in this case, and Defendants are obstructing these efforts. Defense Counsel's trial schedule is not a legitimate excuse for *a refusal to even discuss* available dates for deposition*,* particularly given at least one of its counsel (Mr. Hart) is not counsel of record in the Florida trial*.* Given Mr. Hart's availability to discuss and coordinate schedules, he (or even a staff member at Blank Rome) can certainly coordinate with Plaintiff to provide dates for deposition.

Thank you for the Court's assistance in this matter. As always, Plaintiff is ready and willing to attend a telephone conference with the Court in an attempt to resolve this issue.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

******************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************************

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1   include that in a letter.

2       Q    Was there a right to continue your question if

3   it's necessary as a result of that additional

4   disclosure.  In -- with respect to the Summit Board, who

5   sits on that Board?

6       A    Allison Kropp is the chair again, there's 20

7   or 30 folks that would be on that Board.

8       Q    The Xavier committee?

9       A    Greg Christopher chairs it.  There would be

10  eight to 12 members of that Board.

11      Q    Directing your attention back to the complaint

12  in paragraph 17.  Could you look at that, please?

13      A    Yes.

14      Q    Turn to paragraph 17.  Do you have them?

15      A    Uh-huh.

16      Q    At that meeting on February 14, 2020, what

17  exactly did Greg Carmichael say to you, and what did you

18  say to him?

19      A    He provided my annual performance review, a

20  written performance review, way before rating.  Good

21  variable compensation for the year, which he would

22  discuss during that process.  An increase in my

23  long-term incentive.  And he tells me that the Board has

24  asked him to stay for two plus years and that I may be

25  too old for CEO role at that time.  I told them my

Exhibit 9

1    timeline was to work to five years as an EVP, but not

2    longer.

3        Q    In 2017, when you were offered the presidency

4    of the Cincinnati region, you declined it because you

5    made a similar comment, right?  That your timeline was

6    to work only another five years?

7        A    No.

8        Q    What did you say?

9        A    That meeting happened in June of '18.  That

10   meeting happened following talent management.  We

11   discussed this yesterday.  Mr. Carmichael came into my

12   office and asked if I would consider the regional

13   president of the Cincinnati region.  I told

14   Mr. Carmichael I had already done that job.  That that

15   job required five to seven years for the person to be

16   successful in that job.  And I did not have five to

17   seven years to commit to that position.  Mr. Carmichael,

18   60 days later, gave me responsibility for all the

19   regions of Fifth Third Bank.

20       Q    So in this conversation in 2018, did you put

21   forward the five year timeline?  Is that your testimony?

22       A    I put forward the five to seven year time

23   frame to be successful as a regional president.

24       Q    Because you only wanted to work another five

25   to seven years; isn't that right?

Aug 15, 2019 - Mid Year Review; GC is very complimentary of Worse Wide Regions, etc. Very Happy w/ Wealth + BB progress.

- GC tells me He wants to do other things and I would be successor, Mike could be CEO for 3-5 years and then Tim Spence would be ready

August, 18, 2019 - Have a drink w/ Bob Schaffer following off-site dinner. He confirms that He knew of My Mid-year discussion and He confirms that I would succeed Greg and then Tim succeed Me after 3-5 years. Bob tells me Many reasons why I am qualified to be Greg's successor; more so than other executive.

INN @ Perry Cabin

2/14/2020 - Annual Performance Review. 4 Rating good v/c; increase in LTI. GC tells me that Board has asked Him to stay for 2+ years and that I might be too old for CEO race at that time. I told Him My Time line was up to 5 years to work but not longer

Exhibit 10

McHugh 00064

**Bailey E. Sharpe, Esq.**

| | |
|---|---|
| **From:** | Hart, Collin <collin.hart@blankrome.com> |
| **Sent:** | Thursday, August 1, 2024 8:33 AM |
| **To:** | Kathleen Bedree; OHSDdb_Barrett_ch |
| **Cc:** | Cioffi, Michael L.; Stewart, Tom; Peter A. Saba, Esq.; mchugh@mchughlaw.com; Jessica K. Peterson; Caroline R. Dillard; Bailey E. Sharpe, Esq.; Joshua M. Smith, Esq. |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. |

Good Morning Kathleen,

I am writing to provide the Court with an update in response to your below email of July 22.

Defendants are very concerned about the uncabined and overly broad discovery that Plaintiff has been permitted to undertake during the nearly four years of the discovery phase of this very simple, straightforward single plaintiff case.  Defendants staunchly believe that no further director depositions are proper or permitted under the Federal Rules of Civil Procedure, particularly in light of the two most recent depositions of directors Nicholas Akins and Eileen Mallesch.

Plaintiff has so far deposed six current and former Fifth Third Bank directors: Marsha Williams (former Lead Independent Director) for five hours, Gary Heminger for six hours, Michael McCallister for 3.5 hours, Nicholas Akins for 3.4 hours, Elieen Mallesch for 2.2 hours, and Defendant Greg Carmichael for 12 hours.  Plaintiff has also deposed five current and former Fifth Third Bank employees: Timothy Spence (current CEO and President); Robert Shaffer (former CHRO); Nancy Pinckney (current CHRO); Elizabeth McKay, and Paula Hennard.  Beyond Plaintiff's significant deposition discovery, Plaintiff has also now served on Defendants 16 separate requests for production of documents under Rule 34 encompassing 287 separate requests, including ten sets of requests specifically targeting individual directors, along with Rule 33 and 36 interrogatories and requests for admission.  All of this discovery has come at great burden and expense to Defendants.

**Plaintiff now wants to depose an additional eight directors for a combined total of 14 director depositions (19 total depositions)**. However, the most recent depositions of directors Nicholas Akins and Eileen Mallesch were plainly duplicative and repetitive of the first four director depositions.  Plaintiff's counsel asked about the exact same subject matter using the exact same exhibits, eliciting the same answers as given by the previous four directors—one of whom (Mr. Carmichael) the Court permitted to be deposed for 14 hours over two full days.  When not repeating discovery on established issues, Plaintiff's counsel plainly sought to harass and annoy the directors (and Defendants) through a litany of time wasting questions, including asking Mr. Akins to recite the names of attendees listed and recorded on every Board meeting minute.  Plaintiff's counsel also asked totally irrelevant questions designed only to harass and embarrass the witness, such as questioning Mr. Akins on the Larry Householder/House Bill 6 investigation.

This Court previously instructed the parties to "take two [additional director depositions] and see where we are."  Tr. of Dec. 14, 2023 Discovery Conf., Doc. No. 38, PAGEID 2332.  The parties took those two additional depositions and Plaintiff's questioning and conduct at those depositions clearly establishes that the two additional depositions were entirely duplicative of the previous four director depositions.  The only exception being when Plaintiff's counsel insisted on asking irrelevant questions meant only to harass and embarrass the witness.  It is not surprising that the discovery record has developed in this manner given that all of the directors attended the same meetings and voted unanimously to elect Tim Spence President.  Plaintiff's discovery abuse, which is wasting significant time and money, must stop.  All of the Fifth Third Directors are highly accomplished and busy professionals engaged in important and time-consuming civic and business matters of

1

Exhibit 11

==highlighted== local and national import. As but one example, Plaintiff cannot establish any good faith need to pull Katherine Blackburn away from running the Cincinnati Bengals on the eve of the NFL season to repeat questions that have already been answered six times. ==end highlighted== Accordingly, Defendants have instructed counsel to formally move for a protective order prohibiting any further director depositions, a matter previously raised with the Court. *See* Tr. of Dec. 14, 2023 Discovery Conf., Doc. No. 38, PAGEID 2331-32. We anticipate filing this motion within the next several days.

Thank you,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Sent:** Monday, July 22, 2024 10:49 AM
**To:** jms_sspfirm.com <jms@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Counsel,
In response to Mr. Smith's July 19, 2024 email, Judge Barrett has asked me to convey this message:

> **The Court is at a loss to understand why this matter cannot be resolved amicably and professionally. To the extent it is necessary, the Court hereby ORDERS counsel to meet and confer in order to secure deposition dates for Susan Zaunbrecher and the remaining directors, such that these depositions occur in a timely manner.**
> **MRB**

Respectfully,
Kathleen

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, July 19, 2024 12:34 PM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

==highlighted== **CAUTION - EXTERNAL:** ==end highlighted==

Kathleen:

In follow-up, Plaintiff has completed 2 additional board member depositions—Nicholas Akins on July 2, and Eileen Mallesch on July 10. However, Defendants continue to refuse to provide any other director's availability or the availability of Ms. Zaunbrecher. Mr. Cioffi's Chiquita trial concluded in June, and it is our understanding that the second trial has been postponed indefinitely. Thus, regardless of the merit, Defendants' excuse for delaying deposition scheduling over the last 7 months no longer applies.

Plaintiff sent a follow-up e-mail to Defense counsel this past Wednesday (7/16—attached)) again seeking dates, but received no response. Given the lack of cooperation, Plaintiff is requesting the court's assistance to compel Defendants to provide deposition dates in order to keep discovery moving forward. Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Joshua M. Smith, Esq.
**Sent:** Friday, June 7, 2024 10:18 AM
**To:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>; Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Thanks Kathleen.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Sent:** Friday, June 7, 2024 10:17 AM
**To:** Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Joshua M. Smith, Esq. <jms@sspfirm.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** Re: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett is out of town for the month of June, but he is working remotely.  I will let you know.
Kathleen

Get Outlook for iOS

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, June 7, 2024 10:06:29 AM
**To:** Hart, Collin <collin.hart@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com <McHugh@McHughlaw.com>; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

<mark>CAUTION - EXTERNAL:</mark>

Good Morning Judge Barrett,

Would the Court have any availability over the next two weeks for a brief telephone conference? Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Joshua M. Smith, Esq.
**Sent:** Friday, May 31, 2024 4:37 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; barrett_chambers@ohsd.uscourts.gov; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard

<crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.


Judge Barrett:


Notwithstanding Defense counsel's previously stated availability in June and July (between the two Cioffi/Chiquita trials), Defense counsel are refusing (and have refused for the past several months) to provide deposition dates for any directors other than Mallesch and Akins. Defense counsel's recent request for a post-Mallesch and Akins "status conference is July" makes it clear that Defense Counsel have no intention of complying with this Court's prior instruction to provide deposition dates for the directors. Instead, Defense Counsel are hoping that if they delay and obstruct the discovery long enough the Court will not require compliance.

Given Defense Counsel's penchant for gamesmanship, obstruction and delay, it is imperative that Defendants provide deposition dates for all of the directors and Zaunbrecher now, so that discovery in this case can move forward. The Court's assistance would be greatly appreciated.


Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com

 


This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Friday, May 31, 2024 9:41 AM
**To:** barrett_chambers@ohsd.uscourts.gov; Kathleen Bedree <Kathleen_Bedree@ohsd.uscourts.gov>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.


Good Morning Judge Barrett,

Unfortunately, Plaintiff's counsel have simply refused to abide by your instruction at the February 5, 2024 discovery conference that the parties are to work cooperatively to schedule future depositions, including the specific instruction that Plaintiff's counsel must work around Defendants' counsel's trial schedule. *See* Transcript of February 5, 2024 Discovery Conference, Doc. 42, PAGEID 2382-84. In blatant defiance of the Court's clear instruction, Plaintiff's counsel unilaterally noticed ten director depositions and the deposition of Susan Zaunbrecher on February 29, 2024. *See* Doc. Nos. 45-54. Plaintiff's counsel unilaterally noticed these depositions without any warning or notice to Defendants, while the parties were in the process of negotiating

future depositions dates, and without having offered any potential deposition date options, whatsoever, whether in June, July, or any other month. Indeed, Plaintiff's counsel unilaterally noticed these depositions one day after I specifically requested that Plaintiff's counsel provide their availability for potential depositions, which to that point they had completely refused to do. *See* C. Hart Email of Feb. 28, 2024 at 4:51PM, included in Plaintiff's Attachment 3.

Most egregiously, with respect to the deposition of Ms. Zaunbrecher, Defendants actively worked with Plaintiff's counsel to schedule Ms. Zaunbrecher's deposition for April 1—ahead of the first Chiquita trial—in an effort to work cooperatively to move discovery forward even in light of the massive pretrial preparations that Defendants' counsel were undertaking with respect to the Chiquita trial. However, after Defendants agreed to sit Ms. Zaunbrecher for deposition on April 1 and after Plaintiff's counsel issued her deposition notice, Plaintiff's counsel reneged on that agreement and requested to cancel Ms. Zaunbrecher's scheduled deposition because of an alleged conflict with the Plaintiff's schedule. *See* J. Smith Email of Jan. 24, 2024 at 3:35PM, attached hereto as Exhibit A. Defendants could have demanded that the April 1 deposition move forward, particularly given that all counsel (and Ms. Zaunbrecher) were available and given Plaintiff's counsel's accusations of delay, but Defendants agreed to reschedule in the spirt of cooperation—a courtesy that was not shown to Defendants before Plaintiff unilaterally set and noticed Ms. Zaunbrecher's deposition for June 12. This is not cooperation on the part of Plaintiff's counsel, but rather blatant strong arm tactics.

Having intentionally short circuited the parties' negotiations regarding future depositions while refusing to acknowledge basic logic with regard to Defendants' counsel's scheduling limitations (and uncertainty), Plaintiff's counsel have chosen to unnecessarily burden the Court with yet another discovery dispute that the parties should be capable of resolving amongst themselves. To be clear, Defendants have worked with counsel to schedule two additional director depositions (Eileen Mallesch and Nicholas Akins) in the month between the first and second Chiquita trials (in addition to the cancelled Zaunbrecher deposition) as counsel previously committed to at the February 5 discovery conference. Our request was simply that the parties wait until the conclusion of the first Chiquita trial to schedule the remaining depositions given the uncertainty in Defendants' counsel's availability in light of the second scheduled Chiquita trial. Furthermore, given that the second Chiquita trial is scheduled to begin on July 15 and will likely run through the end of August, the parties would still have **three months**, at minimum, to schedule additional depositions before Defendants' counsel would even be able to defend any depositions. Simply put, waiting until the conclusion of the first Chiquita trial to schedule additional depositions will not inject any delay into the deposition process while reducing the potential need to reschedule any depositions in the event that the second Chiquita trial is delayed or extended.

Accordingly, Defendants request that the Court reiterate its instruction that the parties are to work cooperatively to schedule future depositions and admonish Plaintiff's counsel to refrain from future gamesmanship. However, Defendants' counsel are happy to schedule a telephone conference to further discuss the issue, at the Court's preference. Defendants would also further request that the Court schedule a telephone conference after the scheduled depositions of Mr. Akins and Ms. Mallesch to discuss their testimony and evaluate whether the remaining directors still need to be deposed in light of what is expected to be the uniform testimony of (then) six directors that the board did not discriminate against Plaintiff, if any way, in deciding to appoint Tim Spence as Fifth Third's President.

Respectfully,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Thursday, May 30, 2024 3:41 PM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Kathleen_Bedree@ohsd.uscourts.gov; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; mchugh@mchughlaw.com; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

In a further effort to move discovery forward in this case, Plaintiff Phil McHugh is requesting the Court's assistance in scheduling the remaining director depositions, and the deposition of Susan Zaunbrecher.

As the Court may recall, on February 5, 2024 it instructed the parties to work cooperatively toward scheduling as many director depositions as possible in the June time frame, after Defendants claimed that due to Mr. Cioffi's trial schedule in late April and May, there was no availability prior to that time. (*See* February 5, 2024 Transcript, Doc. #42),  Since then, and despite Plaintiff's efforts, Defendants have continually refused to provide available dates for any directors in the June-July time frame other than two—Eileen Mallesch and Nicholas Akins. (*See* **Attachments 1-3**.) Eventually, after Defendants' continued refusals to provide available dates, Plaintiff noticed the remaining depositions for 6 days (1-2 per day) in early June, a time frame Defense counsel had previously represented was available. (*See* Notices of Deposition, Doc. # 45-55). Defendants responded with "dismay" at the notices and demanded that they be withdrawn, but still refused to provide alternative dates. (*See* **Attachment 4-5**). Plaintiff responded that it had noticed the depositions given the lack of cooperation from Defendants, and offered to reschedule them if Defendants would provide acceptable alternative dates. (*Id.*). Defendants again refused, claiming they would not provide availability until after Mr. Cioffi's trial concluded. (*Id.*). Defendants took no action over the next two months to offer alternative dates, or to further any discussions on scheduling.

Earlier this week (5/28), given the lack of response or actions from Defendants, Plaintiff sent follow-up correspondence to confirm whether the depositions would be going forward next week. (*See* **Attachment 6.** Defense counsel responded the following day, again voicing its intention not to produce the witnesses, and again refusing to provide alternative dates. In fact, Defense counsel has indicated *they will not even discuss* available dates for the other directors or Ms. Zaunbrecher until after Mr. Cioffi's Florida trial concludes, and thereafter would not make such directors available until after "early fall," following Mr. Cioffi's second Florida trial that begins in late July. (*See* **Attachment 7**).

Plaintiff simply wishes to move discovery forward in this case, and Defendants are obstructing these efforts. Defense Counsel's trial schedule is not a legitimate excuse for *a refusal to even discuss* available dates for deposition, particularly given at least one of its counsel (Mr. Hart) is not counsel of record in the Florida trial. Given Mr. Hart's availability to discuss and coordinate schedules, he (or even a staff member at Blank Rome) can certainly coordinate with Plaintiff to provide dates for deposition.

Thank you for the Court's assistance in this matter. As always, Plaintiff is ready and willing to attend a telephone conference with the Court in an attempt to resolve this issue.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

*****************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*****************************************************************************************************

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.