

Peter A. Saba, Esq.
Email: PAS@sspfirm.com
Phone: (513) 533-2701
Fax: (513) 533-2711

May 22, 2025

**VIA ELECTRONIC MAIL**
Hon. Michael R. Barrett (barrett_chambers@ohsd.uscourts.gov)

   **Re:**  *McHugh v. Fifth Third Bancorp, et al.*

Judge Barrett:

  This letter is being sent in anticipation of the status conference tomorrow, May 23, 2025, at 10:30 a.m.

  Having received confirmation from the Northern District of Illinois that, other than the 240 pages of e-mail communications that were recently produced in April of 2025, Plaintiff will not be receiving any additional documents from RHR, this letter serves to: i) bring to the Court's attention the discovery abuses by the Defendants which have been revealed by some of the recently produced 240 pages; and ii) proposes measures for resolving Defendants discovery abuses. Specifically, as set forth in more detail below, over the past three and a half years Plaintiff has incurred extensive expense obtaining documents which were withheld by the Defendants. Defendants' scheduling request seeks to brush their discovery abuses under the rug and push for an immediate discovery cutoff.

  The chronology of the most recent issue resulting in RHR's production of documents is as follows:

- Plaintiff sought production of all communications between RHR and Fifth Third executives for the past 4 years, beginning with formal discovery requests in 2021. *See* **Attachment 1 -** Sept. 27, 2021 RFP's 3 and 7. These documents are relevant, given Fifth Third claims to have relied on RHR's assessment in promoting Tim Spence. *See* **Attachment 2 -** Response to Interrogatory No. 4, referencing the assessment report of RHR as a factual basis for Defendant's decision to appoint Spence to President in 2020.

- Fifth Third represented to the Court and Plaintiff in 2021 and 2022 that all such communications between RHR and Fifth Third, including those of Mr. Shaffer, had already been produced. *See* **Attachment 3** - Oct. 29, 2021 E-mail to Court, Dec. 22, 2021 Response to RFP's 3 and 7, and Jan. 18, 2022 E-mail to Court.

EXHIBIT 2

- When Plaintiff served its initial subpoena on RHR on March 31, 2022 and a supplemental subpoena in 2023, RHR responded that all responsive communications were in Fifth Third's possession and must be sought from the Bank. *See* **Attachment 4 -** April 14, 2022 and May 3, 2023 RHR letters.

- When Plaintiff filed his first motion to compel, RHR represented to the Court that "Fifth Third Bank has previously produced the correspondence exchanged between RHR and Fifth Third Bank and/or Spence." *See* **Attachment 5** - RHR Response in Opposition, Doc#59, PAGEID#2530, pg. 14.

In November 2024 when Plaintiff engaged in further extrajudicial efforts with RHR, Fifth Third's counsel responded that "Defendants have already produced all known, relevant communications responsive to Plaintiff's requests for production." RHR's counsel likewise objected, stating "RHR believes that these requests, which seek communications involving a party to the lawsuit, are most properly directed to Fifth Third Bank and that RHR should not be asked to produce materials that are in the possession of a party where there is no evidence that reasonably suggests that any communications are missing. RHR is standing on its objections to these requests." *See* **Attachment 6** - Nov. 6, 2024 E-mail to RHR and Fifth Third counsel, and Nov. 12, 2024 and Nov. 20, 2024 responses.

Despite the above representations, on April 16, 2025 RHR produced 240 pages of withheld communications after Plaintiff was forced to file a second motion to compel. It is clear these documents were withheld by the Bank, and they are anything but "irrelevant, inconsequential, and largely non-responsive," as falsely claimed by Defendants' counsel.

For example, the March 30, 2020 e-mail chain between Bob Shaffer and Guy Beaudin was produced *in part* by Fifth Third (**Attachment 7**), but the Bank's version ended on March 18 with no apparent response from Bob Shaffer. In the recent production from RHR, however (**Attachment 8**), Mr. Shaffer *does* respond *in the same e-mail chain,* and *confirms* that the proposal to assess three candidates including Plaintiff "looks good." Mr. Shaffer then informs RHR in the same e-mail that the Bank prefers to delay the assessment work by 30 days to avoid a "*signal to certain executives internally that we may be starting a CEO succession process*."

Two months later in another withheld e-mail, Mr. Shaffer's assistant cancels a monthly call between Shaffer and RHR given there is "no new information given the current environment." *See* **Attachment 9.** Up to this point, RHR's plan remained to assess three candidates for the President and CEO role, which Shaffer had approved (this was not known until the most recent production).

Four days later, in yet another withheld e-mail, Mr. Shaffer's assistant seeks to schedule an immediate call with RHR, despite having just cancelled the previously scheduled one. *See* **Attachment 10.** The following Monday, it is confirmed that Plaintiff and another older executive would be removed from the RHR assessment process, leaving only Spence to be assessed.

The above e-mails confirm that, contrary to the Bank's position, Defendants originally approved a plan to assess three candidates for the role of President and CEO including Plaintiff,

Attorneys licensed in Ohio, Kentucky, Indiana, Michigan and Florida | **SSPFIRM.COM** | 513.533.2700 / MAIN OFFICE

**HYDE PARK SQUARE OFFICE** / 2623 ERIE AVE, CINCINNATI, OH 45208 | **ANDERSON TOWNSHIP OFFICE** / 7373 BEECHMONT AVE, CINCINNATI, OH 45230

Honorable Judge Barrett                                    EXHIBIT 2
*McHugh v. Fifth Third Bancorp, et al.*
May 22, 2025
Page 3

continued with that plan for two months, suddenly cut Plaintiff out of the process in June 2020, and did so in secret.

Importantly, the e-mails also contradict Defendants' long-held claims that this vetting process of Spence for President and CEO was "well-known" among Bank executives including Plaintiff. *See* Counterclaim, Doc#10, PAGEID#1811, ¶ 11 ("The Bank did not conceal this vetting activity, which was widely known across the Bank. In fact, Mr. Carmichael informed Plaintiff that he would be part of the vetting process."); ¶ 13 ("In addition, multiple executives conferred with Plaintiff that Mr. Spence was being vetted for President and CEO succession purposes."); ¶ 15 ("Despite this activity—of which Plaintiff had intricate knowledge—at no time did Plaintiff ever approach Mr. Carmichael or Mr. Shaffer to inquire about his status in being considered for the position of President or CEO."); Carmichael Dep. 68:2-9 ("Once again, I made that clear to each of them, that this vetting process and this assessment was about Tim becoming president. So it wasn't a secret. Everyone understood what this was about that he was going to be vetted, and his peers knew he was being vetted for the president, including Phil McHugh, who, by the way, never came to me and said, why not me? What's going on? Why am I not being vetted?"); Shaffer Dep. 271:7-18 ("And, in fact, in any of the vetting process, we talked about RHR earlier. RHR, everybody knew that process was going on. Phil was even interviewed in that process, and he never said anything to RHR. He never said anything to Greg Carmichael or me at all about his concern for not being vetted for that process. So Phil had firsthand knowledge of what was going on, and even as he was quitting the company here in mid-October, he never raised that as a concern."). Clearly, the withheld e-mails do not help the Bank's claims given they convey the exact opposite of what they have alleged in their counterclaim and in testimony.

In light of the above discovery failures by Defendant and pursuant to this Court's standing order regarding discovery motions, Plaintiff requests leave to file a motion for discovery sanctions against Defendants pursuant to Fed. R. Civ. P. 37(c)(1) and 37(d)(1)(A). Such sanctions would include, but not be limited to, reimbursement of all expenses including attorney's fees associated with the discovery failure, an instruction to the jury as to Defendants' discovery failure, ordering targeted depositions of necessary witnesses (e.g., Shaffer, Carmichael, and Spence) at Defendants' expense, and any other sanctions that the Court deems appropriate.

Plaintiff will be prepared to address the above issues during tomorrow's conference. Thank you.

SSP LAW CO., LPA

Peter A. Saba, Esq.

Cc:   Joshua M. Smith, Esq.
      Bailey E. Sharpe, Esq.
      John J. McHugh III, Esq.
      Michael Cioffi, Esq.
      Collin Hart, Esq.

Attorneys licensed in Ohio, Kentucky, Indiana, Michigan and Florida | **SSPFIRM.COM** | 513.533.2700 / MAIN OFFICE

**HYDE PARK SQUARE OFFICE** / 2623 ERIE AVE, CINCINNATI, OH 45208 | **ANDERSON TOWNSHIP OFFICE** / 7373 BEECHMONT AVE, CINCINNATI, OH 45230

Hon. Michael R. Barrett
*McHugh v. Fifth Third Bancorp, et al.*
May 22, 2025
Page 4

EXHIBIT 2

Attorneys licensed in Ohio, Kentucky, Indiana, Michigan and Florida **| SSPFIRM.COM |** 513.533.2700 / MAIN OFFICE

**HYDE PARK SQUARE OFFICE** / 2623 ERIE AVE, CINCINNATI, OH 45208 **| ANDERSON TOWNSHIP OFFICE** / 7373 BEECHMONT AVE, CINCINNATI, OH 45230