14. The words "relate to", "relating to" or "related to" shall mean that which implicitly or explicitly refers to, concerns, reflects, embodies or in any manner describes the subject matter of the interrogatory or document request.

15. The words "communication" or "communicate" mean any correspondence, disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message or other "document" form, including but not limited to discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

**REQUESTS FOR ADMISSION**

1. Admit that Plaintiff was informed by Robert Shaffer that he was not to report to work on Monday, October 20, 2020.

**RESPONSE:**


2. Admit that Carmichael conveyed to Plaintiff in October 2020 that Timothy N. Spence was being elevated to president in part as preparation for Spence to subsequently become the next Chief Executive Officer of Fifth Third.

**RESPONSE:**


3. Admit that Carmichael informed McHugh that Carmichael wanted McHugh to take the role of Head of Consumer Banking reporting directly to Timothy N. Spence.

**RESPONSE:**

4. Admit that McHugh was qualified for the position of President of Fifth Third as of November 1, 2019.

**RESPONSE:**

5. As of November 1, 2019, McHugh was 1-2 years from being ready for the position of CEO of Fifth Third Bank.

**RESPONSE:**

6. Admit that McHugh was qualified for the position of President of Fifth Third as of October 1, 2020.

**RESPONSE:**

7. Admit that McHugh possessed qualifications similar to those of Spence for the position of President of Fifth Third when Spence was promoted to the position of President of Fifth Third.

**RESPONSE:**

8. Admit that McHugh was a plainly superior candidate to Spence for the position of President of Fifth Third when Spence was promoted to the position of President of Fifth Third.

**RESPONSE:**