**Caroline R. Dillard**
___

| | |
|---|---|
| **From:** | Stewart, Tom <tom.stewart@blankrome.com> |
| **Sent:** | Friday, October 29, 2021 3:27 PM |
| **To:** | barrett_chambers@ohsd.uscourts.gov |
| **Cc:** | Peter A. Saba, Esq.; Jessica K. Peterson; Joshua M. Smith, Esq.; Cioffi, Michael L.; Oberly, David |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests |
| **Attachments:** | J. Smith Oct. 27 Email.pdf; Transcript Excerpt.pdf; M. Cioffi Oct. 11 Letter.pdf |

Judge Barrett,

As you directed during the telephone conference yesterday, this is Fifth Third Bank's response to Plaintiff's counsel's October 27 email below regarding this discovery dispute.

**Greg Carmichael's Personnel File/Self-Evaluations, Calendar & Communications**

As stated in the Bank's October 11 correspondence to Plaintiff's counsel, no documents from Mr. Carmichael's personnel file, nor any of his performance reviews, fall under the scope of discoverable evidence articulated by Federal Civil Rule 26(b)(1)—which limits discoverable evidence to that which is "relevant to any party's claim or defense and proportional to needs of the case"—as Mr. Carmichael is not a comparator to Plaintiff in this age discrimination lawsuit. Fed. R. Civ. P. 26(b)(1). For example, in *Nathan v. Ohio State University*, the court limited the production of personnel file records to only those documents contained in the files of comparator employees of the defendant that fell within the scope of Rule 26(b)(1). *Nathan v. Ohio State Univ.*, 2013 WL 2948358, at *3 (S.D. Ohio June 14, 2013) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999)).

Moreover, opposing counsel's discussion of Mr. Carmichael as "the decisionmaker" in this case with respect to the appointment of Fifth Third Bancorp's new President in 2020 is misguided because Mr. Carmichael is not, in fact, a decisionmaker. *See* J. Smith Oct. 27, 2021 Email. A copy of the October 27 email is attached for the Court's convenience. As this Court is well aware—as a matter of general corporate law—officers, such as the president and CEO of a bank, are appointed by the board, not by an officer of the corporation. In fact, Plaintiff acknowledged this during his deposition as it applies specifically to Fifth Third Bank:

Q:     Under Fifth Third Bancorp's bylaws and regulations, the board of directors selects senior vice presidents and top executives, right?

A:     Yes. I believe that under the bylaws, it is the responsibility of the board of directors to appoint Fifth Third's senior vice presidents and executives.

Q:     It necessarily follows, therefore, that the board selects the president and CEO of the Bancorp, correct?

\*\*\*

A:     The board has ultimate authority to approve the president and the CEO, yes.

See Plaintiff Depo. Transcript, Vol. I at 96-97 (objections omitted). A copy of the relevant portions of Plaintiff's deposition testimony are attached for the Court's convenience.

Moreover, the Court should decline to allow the production of Mr. Carmichael's personnel file and performance reviews because Plaintiff's requests for these documents are nothing more than a fishing expedition. "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted to go fishing." *Surles ex rel. Johnson v. Greyhound Lines, Inc.* 474 F.3d 288, 305 (6th Cir. 2007); *see also Cuomo v. Clearing House Ass'n, L.L.C.*, 129 S.Ct. 2710, 2719 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through bank books and records for evidence of some unknown wrongdoing.").

Importantly, "[w]hen the subject of a discovery request is personnel files, it is appropriate for the court to require a heightened showing of relevance and need." *Fritz v. Charter Tp. of Comstock*, 2010 WL 1856481, at \*1 (W.D. Mich. May 10, 2010) (citing *Compuware Corp. v. Moody's Investors Servs., Inc.*, 222 F.R.D. 124, 134 (E.D. Mich. 2004) (holding that personnel files were not discoverable where the plaintiff failed to show that they were clearly relevant and that a compelling need existed); *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. 1977) (noting that because personnel files contain an employee's sensitive and personal data, ordering their disclosure is a highly intrusive act that should not be undertaken lightly)). Plaintiff has simply not made any showing of this nature in this case.

Further, a review of the specific document requests themselves show that they are improper, as these requests seek—without limitation—the production of Mr. Carmichael's *entire* personal file, *see* RFP No. 1, as well as "every annual review and self-evaluation . . . from January 1, 2015 through date of response," *see* RFP No. 7. As such, these requests are plainly overly broad and extend beyond the scope of permissible discovery because they capture irrelevant, potentially highly-sensitive

2

information. *See Lawroski v. Nationwide Mut. Ins. Co.*, 2012 WL 6568230, at *5 (S.D. Ohio Dec. 17, 2012) (finding requests for personnel file records overly broad because they captured irrelevant, potentially highly-sensitive information).

Similar to Plaintiff's request for the entirety of Mr. Carmichael's personnel file and performance reviews, Plaintiff's request for the production of *all* entries contained in Mr. Carmichael's electronic calendar from the start of 2018 through the present time, *see* RFP No. 28, is also overly broad because it, too, captures an abundance of irrelevant, highly-sensitive information. *See Lawroski*, 2012 WL 6568230, at *5. In this respect, even opposing counsel concedes that what they are seeking is, in fact, Mr. Carmichael's "*personal*" calendar. *See* J. Smith Oct. 27, 2021 Email. Thus, the same privacy interests and need to prevent fishing expeditions that weigh heavily in favor of denying Plaintiff's request to obtain Mr. Carmichael's personnel file and performance reviews also strongly favors denying Plaintiff's request for Mr. Carmichael's personal calendar as well.

Moreover, since counsel has indicated their intent to depose Mr. Carmichael in this case, any evidence relating to meetings that Mr. Carmichael may have taken part in that are relevant to the claims and/or defenses asserted in this action can be fully explored during Mr. Carmichael's deposition without requiring him to disclose the personal details that are inevitably contained within his personal calendar.

With respect to Mr. Carmichael's communications, counsel's contention that the Bank has not produced all relevant communications sent or received by Mr. Carmichael, including text messages, lacks merit because the factual premise for counsel's position is mistaken. Specifically, all text messages that are relevant and responsive to Plaintiff's document requests have already been provided to opposing counsel. That is all the Civil Rules require. *See Baker v. County of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).

## Tim Spence Calendar, Performance Reviews & Communications

With respect to the electronic calendar of Tim Spence, the same privacy interests and need to prohibit fishing expeditions that warrant denying Plaintiff's request for Mr. Carmichael's personal calendar apply with even greater force as it relates to Plaintiff's efforts to obtain Timothy Spence's personal calendar, as Mr. Spence is not a party to this action.

Likewise, since opposing counsel has indicated their intent to depose Mr. Spence in this case, any evidence relating to meetings that Mr. Spence may have been a part of that are relevant to this litigation can be fully explored during Mr. Spence's deposition without requiring Mr. Spence to disclose his calendar and the personal and sensitive details of his private life contained therein.

With respect to the issue of performance reviews, counsel for the Bank has provided Plaintiff with all of Mr. Spence's performance reviews and related records in their possession. And contrary to opposing counsel's belief, Mr. Spence's 2017 performance review was produced by the Bank and can be found at FifthThird-McHugh-000517.

As for the issue of Mr. Spence's communications, counsel's contention that the Bank has not produced all of Mr. Spence's communications is without merit because the factual premise for this contention is mistaken. The Bank has already provided counsel with all of Mr. Spence's text messages that are responsive to Plaintiff's document requests or are otherwise relevant to any claims and/or defenses asserted in this dispute.

## Bob Shaffer Communications

As with Mr. Carmichael's and Mr. Spence's communications, the Bank has also already produced all of Mr. Shaffer's relevant communications to opposing counsel.

## Human Capital and Compensation Committee Materials (RFP 18)

Plaintiff's counsel mistakenly states that Request for Production No. 18 seeks "Fifth Third Board of Directors meeting minutes." This RFP does not pertain to Board meeting minutes, but instead relates to "any and all reports, submissions, or recommendations received or reviewed by the Human Capital and Compensation Board Committee from any member of Bank Executive Management from January 1, 2015 through date of response *addressing succession planning or candidates for promotion within Executive Management at the Bank*." (emphasis added).

More importantly, Plaintiff's counsel also mischaracterizes the redactions in question as well. The HCCC materials produced by the Bank are comprised of one single, 3,524-page PDF that encompasses hundreds of documents pertaining to HCCC meetings that extend from the beginning of 2015 through September 2020. Importantly, the Bank did not redact any *portions* of any *single* document as it relates to these materials produced in connection with RFP No. 18. All relevant documents have been produced in their entirety and without redaction.

Rather, the Bank redacted portions of this more than 3,500-page PDF that entail *entire documents* which are wholly unrelated to any issue or claim involved in this dispute. In other words, the Bank did not redact *information* from responsive *documents*, but instead redacted portions of this 3,524-page PDF that entailed *non-responsive documents in their entirety*.

For example, as pointed out in the Bank's October 11 letter to opposing counsel, "[j]ust a few examples of the wholly irrelevant *documents* that have been redacted are: (1) the Bank's Corporate Policy Regarding Insider Trading and Section 16 Reporting; (2) the Bank's 401(k) Savings Plan; and (3) the Bank's Unfunded Deferred Compensation Plan for Non-Employee Directors." *See* M. Cioffi Oct. 11, 2021 Letter to J. Smith at 6 (emphasis added). A copy of the October 11 letter is attached for the Court's convenience.

Thus, Plaintiff's contention that these redactions are improper or otherwise run afoul of the Civil Rules regarding discovery lacks any merit.

Respectfully,

**Thomas H. Stewart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8704 | F: 513.362.8793 | stewart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Wednesday, October 27, 2021 6:57 PM
**To:** barrett_chambers@ohsd.uscourts.gov
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Oberly, David <david.oberly@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests

Ms. Crum and Ms. Bedree,

As was referenced at the prior status conference with Judge Barrett on October 13, a discovery dispute has also arisen regarding documents requested by Plaintiff as early as November 6, 2020. To date, various documents responsive to these requests have not been produced by Defendants or have otherwise been unilaterally redacted based upon Fifth Third's claims of irrelevance under Rule 26. Plaintiff has made attempts to resolve these deficiencies with Defendant, which have been unsuccessful. At present, the parties are at an impasse regarding the requested documents, and thus Plaintiff seeks Court intervention to resolve the dispute.

The documents at issue are set forth in the attached correspondence, but include the following:

(i) Defendant Gregory Carmichael's personnel file (including annual reviews and self-evaluations), personal calendar, and the entirety of his relevant communications (including but not limited to text messages);

(ii) Timothy Spence's personal calendar, the entirety of his performance reviews, and the entirety of his relevant communications (including but not limited to text messages);

(iii) The entirety of Robert Shaffer's relevant communications (including but not limited to text messages); and

(iv) The unredacted Fifth Third Board of Directors meeting minutes

Each of the above categories are discussed in detail below: