# Caroline R. Dillard

**From:** Mueller, Nicole C. <Nicole.Mueller@klgates.com>
**Sent:** Wednesday, November 20, 2024 4:54 PM
**To:** Hart, Collin; Joshua M. Smith, Esq.; Peter A. Saba, Esq.; Jessica K. Peterson; Caroline R. Dillard; mchugh@mchughlaw.com; Bailey E. Sharpe, Esq.
**Cc:** Bloom, Christopher A.
**Subject:** RE: Recap of 11/5 Conference Call

Josh,

I write in follow up to our conferral of November 5, 2024, your email of November 8, 2024 outlining the categories of documents you are seeking from my client RHR LLP ("RHR"), and the email from counsel for Fifth Third Bank (below) dated November 12, 2024. With regard to five categories of materials that you seek, RHR responds as follows:

1. **McHugh Assessments and Related Documents (Requests 9-12):**  RHR confirms that it was not engaged to and did not perform any assessment of Philip McHugh, in full or in part, and has no reason to believe that correspondence between RHR and Fifth Third Bank regarding this topic exists, other than those documents that were previously produced to you by Fifth Third Bank. Though we do not think it is necessary in light of the representations previously made to you, RHR is willing to provide a statement confirming that it did not perform any assessment of, or perform any work intended to be used for, an assessment of Mr. McHugh.

2. **Communications between Fifth Third and RHR in 2020 (Requests 3, 7, 11, 13-15, 24):** As we indicated to you during the conferral, RHR believes that these requests, which seek communications involving a party to the lawsuit, are most properly directed to Fifth Third Bank and that RHR should not be asked to produce materials that are in the possession of a party where there is no evidence that reasonably suggests that any communications are missing. RHR is standing on its objections to these requests.

3. **Draft and Final Assessments (Requests 1-3, 18-20, 5-7):** From our conferral, we understand that this request seeks all drafts of the final report provided to Fifth Third Bank regarding Timothy Spence (the "Spence Drafts"), the final report regarding Mr. Greg Carmichael that was prepared for Fifth Third Bank in 2015 (the "Carmichael Report"), and any draft or final reports prepared in connection with any other executives that might have been assessed by RHR since January 1, 2016 (the "Other Reports"). With regard to the Spence Drafts, you are already in possession of all of the materials that were shown to, shared with, or otherwise relied upon by Fifth Third Bank's management or its Board of Directors in connection with the decision to promote Mr. Spence. RHR declines to search for or produce any non-final versions of this report that were not shared with Fifth Third Bank or its Board of Directors. RHR further declines to search for the Carmichael Report or any Other Reports that might exist.  RHR's refusal to search for these materials is not an admission that any such Other Reports exist.

4. **CEO Job Profiles (Requests 21-24):** As to the draft CEO Job Profiles prepared by RHR in connection with Mr. Spence's assessment, we understand that this item has been resolved by Mr. Hart's email of November 12, 2024, in which he identified by Bates number the as-produced versions of these materials. With regard to any draft CEO Job Profiles prepared in 2015, RHR disagrees that this information is relevant or appropriately shared in connection with the litigation, and stands on its objections.

5. **Underlying Documents Used/Consulted in Preparing Assessments (Requests 4, 16-17, 28):** As discussed during our conferral, these materials contain sensitive, personal information that RHR obtained

1

based upon its promise to keep the information confidential and anonymous. These materials were not shared with Fifth Third Bank or its Board of Directors; as is the case for the materials addressed in Category No. 3 above, you are already in possession of all materials that were shown to, shared with, or otherwise relied upon by Fifth Third Bank's management and/or its Board of Directors in connection with the decision to promote Mr. Spence. Because these materials contain the personal, private, and confidential information of these individuals, RHR is obligated, legally and ethically, to protect this information from disclosure. Your request for these materials is inappropriate, particularly because they contain the sensitive information of non-parties. RHR stands on its objections.

Please let me know if you have additional questions or would like to discuss further.

Best regards,

Nicole

---

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Tuesday, November 12, 2024 4:29 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; mchugh@mchughlaw.com; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Cc:** Mueller, Nicole C. <Nicole.Mueller@klgates.com>; Bloom, Christopher A. <Christopher.Bloom@klgates.com>
**Subject:** RE: Recap of 11/5 Conference Call

Josh,

With respect to two items discussed last week and raised in your email. As it pertains to communications between RHR and Defendants, Defendants have already produced all known, relevant communications responsive to Plaintiff's requests for production. As it pertains to your question regarding the draft and clean versions of the CEO profile referenced in Mr. Shaffer's July 16, 2020 email (FifthThird—McHugh—005930), both documents were previously produced at the very next bates number sequences: FifthThird—McHugh—005932 (clean) and FifthThird—McHugh—005938 (redline/draft).

Thank you,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Wednesday, November 6, 2024 9:58 AM
**To:** Mueller, Nicole C. <Nicole.Mueller@klgates.com>; Christopher.bloom@klgates.com; Hart, Collin <collin.hart@blankrome.com>
**Cc:** Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Sabreena El-Amin <sel-amin@ctmlegalgroup.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Jessica K. Peterson <jkp@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; mchugh@mchughlaw.com
**Subject:** Recap of 11/5 Conference Call

Nicole, Chris, and Collin:

2

EXHIBIT 17

Thank you all for the time yesterday. This e-mail shall serve as a summary of the points discussed from our call and next steps, from Plaintiff's perspective. To keep matters moving, we'd appreciate a response by this Friday (11/8/2024):

- **McHugh Assessments and Related Documents (Requests 9-12):** We discussed our request for any assessments of Phil McHugh performed by RHR (partial or complete) and your confirmation that no such assessment was performed. The basis for the request was, in part, because of RHR's initial retention/proposal to assess three candidates for President/CEO, including McHugh. That said, given your confirmation we are agreeable to resolving this request with a verified response from your client that there are no such responsive documents.

- **Communications between Fifth Third and RHR in 2020 (Requests 3, 7, 11, 13-15, 24):** We discussed our request for e-mail and other correspondence between Fifth Third and RHR in 2020, and a gap in those communications produced by Fifth Third between March 18 and June 8, 2024. Given meetings and/or phone conferences occurred between RHR (Beaudin) and Fifth Third (Carmichael/Shaffer) in those months, there should be emails, correspondence, or other responsive documents associated with any consulting work and/or meetings being performed in that time period. Collin indicated that he was not aware of any responsive documents during this period, and you indicated that Defendants' response that there are no responsive documents should resolve the issue.

    Notwithstanding your position, we are re-iterating our request that RHR search its records for any responsive documents during this period. Plaintiff is not seeking duplicative production, but there are concerns that Fifth Third's production is not reliable given multiple examples of documents previously requested but not produced (e.g., the RHR-Fifth Third Business Terms, and the redline/clean copies of the CEO profile sent to RHR by Bob Shaffer as referenced below). Further, a search for e-mails/documents during a limited time period, as to one of RHR's clients for one project, is not an overly broad or burdensome request. After you discuss with your client, please let us know if RHR will search for any responsive documents, and produce any it finds.

- **Draft and Final Assessments (Requests 1-3, 18-20, 5-7):** We discussed the requests for draft and final executive assessments as to Spence, Carmichael, and any other executives during the 2015-2020 time period.

    As to Spence, we confirmed that (i) a final assessment (000990) which appears to correspond with a September 10, 2020 e-mail from Beaudin to Shaffer (000988) was produced, and (ii) a draft assessment (001042) which appears to correspond with an August 26, 2020 e-mail from Beaudin to Shaffer (001041) was produced. Given the consulting work began in March 2020 (with a revised proposal beginning June 8), we are seeking earlier drafts of the Spence assessment to the extent any exist. You indicated this is a tangible question you can take back to your client, and would do so.

    As to Carmichael, we noted the ongoing disagreement as to relevance. In an effort to resolve, we offered to ensure production would be under the stipulated protective order's terms, and would agree to initial production under an attorney's eyes only (AEO) designation that could be challenged as necessary. We also indicated we would be agreeable to limiting production for the time being to the final assessment of Carmichael. However, you indicated that you did not believe those designations or limitations would resolve the issue given the relevance objections. That said, you committed to discussing with your client to confirm.

    Finally, we discussed our request for other executives that may have been assessed, either in 2015 alongside Carmichael, or in 2020 alongside Spence. You indicated it was your understanding that no other candidates were assessed in either time period. Similar to the request for the McHugh assessments, we'd ask that your client please provide a verified response that no such documents exist if that is the case.

- **CEO Job Profiles (Requests 21-24):** We discussed our requests for CEO job profiles, including from 2020 and 2015.

  As to 2020, we noted that one "draft" version of the profile (001013) was produced, which corresponds with a July 14, 2020 e-mail from Beaudin to Shaffer (005689), and a "final" version (001074), which appears to correspond with an e-mail from Shaffer to Beaudin on July 23, 2020. However, we noted that there is also an e-mail on July 16, 2020 from Mr. Shaffer to Mr. Beaudin (005930) which references a redline and clean copy of the CEO profile. To our knowledge, neither the redline or clean copy attached to Mr. Shaffer's e-mail were produced by Defendants, despite prior requests. Given this deficiency, we asked RHR to produce the documents. Collin also indicated he would go back and look at the 7/16/2020 e-mail and the documents attached to it.

  We also discussed our requests for drafts of the 2015 CEO profile. Given the objections as to the Carmichael assessment's production, you did not believe there would be any willingness on RHR's side to produce the 2015 drafts of the CEO profile, absent a court order.

- **Underlying Documents Used/Consulted in Preparing Assessments (Requests 4, 16-17, 28):** Finally, we discussed our request for underlying documents used or consulted in preparing the executive assessments (e.g., underlying data, scoring/analysis of psychometric tools used, problem-solving-approach assessment, leadership-style assessment, benchmarked experience analysis, 360 feedback interviews, behavioral interview, etc.). We again suggested the use of either a confidential or AEO designation to get these documents produced, but you indicated that the parties are likely to remain at a loggerhead with respect to these underlying documents given the relevance dispute. That said, you indicated you would discuss with your client and confirm.

Again, on the above points needing follow-up, we are requesting a response by this Friday (11/8). Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

******************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy

this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

************************************************************************************

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicole.Mueller@klgates.com.