# Bailey E. Sharpe, Esq.

| | |
|---|---|
| **From:** | Cioffi, Michael L. <michael.cioffi@blankrome.com> |
| **Sent:** | Tuesday, January 18, 2022 10:51 AM |
| **To:** | Barbara Crum; kathleen_bedree@ohsd.uscourts.gov; michael_r._barrett@ohsd.uscourts.gov |
| **Cc:** | Stewart, Tom; Oberly, David; Peter A. Saba, Esq.; Joshua M. Smith, Esq.; John J. McHugh III |
| **Subject:** | McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB |
| **Attachments:** | RE: McHugh v. Fifth Third Bancorp, et al. (No. 21-cv-00238-MRB): Discovery Dispute; McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests; RE: McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests; MEET AND CONFER FOLLOW-UP; RE: MEET AND CONFER FOLLOW-UP; McHugh v. Fifth Third Bank - Objections and Responses to Plaintiff Requests for Admission.pdf; (127942660)_(1)_McHugh v. Fifth Third Bank - Proposed Amended Calendar Order.DOCX |

Dear Ms. Bedree and Ms. Crum,

Pursuant to earlier instructions from the Court, Defendants are writing to request the Court to assist the parties in moving this litigation forward by resolving the following discovery disputes between Plaintiff and Fifth Third Bank. Plaintiff has yet to take a single deposition of any Fifth Third officer, director or employee and refuses to do so until all open discovery disputes are resolved.

**THE JULY 6, 2021 CONFERENCE & THE COURT'S INSTRUCTIONS REGARDING BANK WITNESS DEPOSITIONS**

First, the parties seek clarification on the nature and number of witnesses that the Court has permitted Plaintiff to initially depose in this case.

It is Fifth Third Bank's understanding and interpretation of the Court's prior July 6, 2021 ruling that some limitations were imposed to allow the parties to better assess their own and each other's case and whether additional discovery would be appropriate or even needed.

On July 6, the Court held a phone conference between the parties to resolve several prior discovery disputes. One of the disputes in July was that Plaintiff wanted to take the depositions of ten Fifth Third officers and directors. Our position was that ten depositions would be redundant and a waste of party resources—and served only to harass Fifth Third because, for example, there should be no need to depose every Director at a meeting to determine what was discussed.

In July, the Court resolved the issue as to Plaintiff's depositions of Fifth Third Bank witnesses as follows.

- Plaintiff will initially be permitted five depositions in total – two directors and three officers.
- Depositions of additional Fifth Third witnesses may be permitted upon application to the Court demonstrating the need for such witnesses beyond the first five.

Plaintiff, however, contends that the Court never put any limitations of any kind on his ability to conduct depositions of Fifth Third Directors and Officers in this case. As recently as last week, Plaintiff again insisted on taking ten such depositions, even though he has taken **zero** to date and has refused to proceed with depositions on the dates Fifth Third offered for those depositions as discussed below.

**PRIOR OUTSTANDING DISCOVERY DISPUTES AND PLAINTIFF'S PERCEIVED IMPACT OF THOSE DISPUTES ON THE DEPOSITIONS OF FIFTH THIRD WITNESSES**

On December 1, 2021, Plaintiff requested defense counsel to provide dates for the depositions of Fifth Third Bank witnesses – Susan Zaunbrecher (Chief Legal Officer), Mike McCallister (Director), and Bob Shaffer (Chief Human Resources Officer). As we noted in the July 6 conference with the Court, these witnesses are officers and/or directors of one of the largest banks in the country and a Fortune 300 company. As such, they are scheduled many months in advance. Nevertheless, we disrupted their schedule, and those of dozens of others working with or for them, in order to accommodate Plaintiff. After reviewing and making the necessary changes to their work schedule to accommodate a seven-hour deposition, including time to prepare with defense counsel, on January 5 Plaintiff's counsel was provided dates for the depositions of each of the requested witnesses – Zaunbrecher (January 31), McCallister (early February), and Shaffer (March 23 or 28). Given the repeated references to him in the Amended Complaint, defense counsel also provided a date for Chairman of the Board and CEO Greg Carmichael's deposition (March 21). On January 12, Plaintiff changed his position and stated that he did not want to take the depositions of any Fifth Third witnesses until the Court rules on disputes related to written discovery. Plaintiff has taken no depositions to date. Hence, the need for the Court's assistance to expeditiously move this case forward.

Plaintiff seeks the Bank to produce:

- the entire personnel file of CEO Greg Carmichael;
- the entire personal electronic calendar of CEO Greg Carmichael;
- the "entirety" of CEO Greg Carmichael's relevant communications (which have already been produced by the Bank);
- the "entirety" of Tim Spence's performance reviews (which have already been produced by the Bank);
- the entire personal electronic calendar of Tim Spence;
- the "entirety" of Tim Spence's relevant communications (which have already been produced by the Bank);
- the "entirety" of Bob Shaffer's relevant communications (which have already been produced by the Bank); and
- "unredacted" Human Capital & Compensation Committee materials (Fifth Third has produced all relevant HCCC materials to Plaintiff fully unredacted; the only redactions made by the Bank pertain to *complete documents*—as opposed to *portions* of documents—that are wholly unrelated to any claim or defense asserted in this case and were contained in the over 3,500-page PDF file of HCCC materials that was produced to Plaintiff); and
- "unredacted" Board meeting minutes for July-October 2020.

The parties' respective positions on these disputes were outlined in their October 27 and October 29, 2020 correspondence with the Court, copies of which are attached for the Court's convenience.

**NEW DISCOVERY ISSUES IN DISPUTE**

Finally, the parties seek a ruling on new discovery issues that have recently arisen and which are now being brought to the Court's attention for the first time.

**Plaintiff's Interrogatory No. 2**

Plaintiff first contends that Fifth Third Bank's answer to Interrogatory No. 2 is deficient. That Interrogatory provides "If your responses to Requests for Admission Nos. 1-11 are anything other than an unqualified admission, identify the factual basis for your denial." Fifth Third's answers to Requests for Admission are attached.

As this Court is aware, Rule 26(b) provides that parties may discovery any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted 'to go fishing

and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Interrogatory No. 2 is improper under Rule 33, as it asks Fifth Third Bank to state the reasons for its responses to 11 separate Requests for Admission in a single Interrogatory answer. For this reason, Fifth Third Bank properly objected to this request as being "overly broad, unduly burdensome, and not reasonably limited in scope." Moreover, despite not having an obligation to respond to this particular request, Fifth Third Bank nonetheless answered subject to its objections, referring Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production, which provides the factual basis for Fifth Third Bank's Request for Admission responses.

In addition, Fifth Third's answer is plainly proper under the Advisory Committee Notes to Rule 33(c), which state the following:

- The 1970 Amendment Notes provide that under Rule 33(c), a party is afforded the option to make records available and place the burden of research on the party who seeks information, with the rationale being that this protects the interrogating party from abusive uses of Rule 33 (as is the case in the present dispute) through the requirement that the burden of ascertaining the answer be substantially the same for both sides.

- The 1980 Amendment Notes pertaining to Rule 33(c) further explain that under subdivision (c), a party may offer records for inspection in lieu of answering an interrogatory where the party offers the records in a manner that permits the same direct and economical access that is available to the party and specifies, by category and location, the records from which answers to interrogatories can be derived.

Also, as the case law recognizes, the information is better pursued via depositions. *See Smith v. Montgomery County Sheriff's Office*, 2012 WL 871255, at *1 (S.D. Ohio Mar. 14, 2012) (agreeing with the proposition that "Interrogatories that purport to require a detailed narrative of the opposing party's case are generally improper because they are overbroad and oppressive."); *see also Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566 (M.D. Fla. Feb. 13, 2008) (same).

Applied to the present dispute, Fifth Third Bank's answer to Interrogatory No. 2 is plainly proper, as it clearly follows the guidance offered by the Advisory Committee Notes described above.

Taken together, Plaintiff's arguments relating to this Interrogatory answer are without merit.

**Plaintiff's Interrogatory Nos. 6, 9, 11**

Plaintiff also contends that Fifth Third Bank's answers to Interrogatory Nos. 6, 8, and 11 are deficient because they do not provide a descriptive response, but instead only refer Plaintiff to certain documents. Like Plaintiff's arguments regarding Interrogatory No. 2, this argument also lacks merit, as Fifth Third Bank has answered these requests properly by referring Plaintiff to specific documents—identified by Bates number—that provide the factual basis for Fifth Third Bank's answers.

**Plaintiff's Request for Production Nos. 2, 4, 5**

Lastly, Plaintiff contends that Fifth Third Bank's responses to Request for Production Nos. 2, 4, and 5 are deficient because Fifth Third Bank did not produce any additional documents in response to these requests contained in Plaintiff's Second Set of Requests for Production, but instead referred Plaintiff to documents produced as part of its responses to Plaintiff's First Set of Requests for Production.

Plaintiff's position as to the sufficiency of these responses lacks merit because, simply put, the Bank produced all documents responsive to these particular Requests for Production in its responses to Plaintiff's First Set of Requests for Production. Thus, this argument also lacks merit, as Fifth Third Bank's responses are plainly proper. *See Baker v. County*

*of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).

**NEW CALENDAR CASE MANAGEMENT ORDER**

Plaintiff's dilatory tactics have significantly delayed the parties' progress in this case to date so that, for example, the deadline for Plaintiff to identify and provide reports of his experts expired two months ago and Fifth Third, therefore, has been unable to determine defense experts and corresponding expert reports. (Dkt. 18). Fifth Third, therefore, is also attaching for the Court's convenience a new Proposed Amended Calendar Order that provides new relevant dates and deadlines—and which is modeled after the existing, original Calendar Order that is currently in place at this time.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

**********************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************
******