# EXHIBIT 1

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| Philip R. McHugh, | ) | Case No. A 2003792 |
| Plaintiff, | ) | |
| | ) | [Hon. Charles J. Kubicki, Jr.] |
| v. | ) | |
| | ) | PLAINTIFF'S FIRST SET OF REQUESTS |
| Fifth Third Bancorp, et al., | ) | FOR PRODUCTION OF DOCUMENTS TO |
| | ) | DEFENDANT FIFTH THIRD BANK, N.A. |
| Defendants. | ) | |
| | ) | [John J. McHugh, III (0019750) |
| | ) | 5580 Monroe Street |
| | ) | Sylvania, Ohio  43560 |
| | ) | Telephone:  (419) 885-3597 |
| | ) | Facsimile:   (419) 885-3861 |
| | ) | Email:  mchugh@mchughlaw.com |
| | ) | Attorney for Plaintiff] |

Pursuant to Civ. R. 34 of the Ohio Rules of Civil Procedure, plaintiff hereby requests that defendant Fifth Third Bank, N.A. produce the following documents at the law offices of McHugh & McCarthy, Ltd., 5580 Monroe Street, Sylvania, Ohio, within twenty-eight (28) days after service hereof upon defendants' counsel.

These requests are governed by the following and definitions and instructions:

<u>Definitions</u>

1.     As used herein, the following terms shall have the meaning indicated below:

(a)     "Document" has the broadest meaning accorded to that term by Rule 34 and Rule 26 of the Ohio Rules of Civil Procedure and the Ohio Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of

any kind or description, whether sent or received or neither, including originals, copies, drafts and both sides thereof, and including, but not limited to: papers, writings, objects, letters, bills, memoranda, electronic mail, notes, notations, work papers, reports, books, book accounts, photographs, tangible things, correspondence, reports and recordings of telephone conversations, telephone logs, statements, summaries, opinions, agreements, ledgers, journals, records of accounts, checks, summary of accounts, spreadsheets, databases, receipts, balance sheets, income statements, confirmation slips, questionnaires, desk calendars, appointment books, diaries, graphs, test results, charts, data files, log files of computer access and activity, and all of the records kept by electronic, photographic or mechanical means and things similar to any of the foregoing, including computer media, regardless of their author.

      (b)     "Referring to", "related to," "involved with," "pertaining to," or "pursuant to" means to make a statement about, discuss, describe, reflect, constitute, identify, deal with, consist of, establish, compromise, list, evidence, substantiate, or in any way pertain, in whole or in part, to the subject.

<u>Instructions</u>

      In responding to these requests, you must furnish all information available to you, including information in the possession of corporations or other entities you control, your attorneys, agents, and other persons acting on your behalf.  If you are unable to respond to any request in full after making every reasonable attempt to secure the information, you should to the fullest extent possible, specify your inability to respond the remainder, and provide whatever information or knowledge you have concerning the unanswered portions.

      Documents produced should be Bates numbered, segregated and clearly marked as to the person or entity that had possession or control of the documents before they were produced.

      These requests are continuing in nature and you are requested to provide, by way of supplementary responses hereto, any additional information which you, or any other person

2

acting on your behalf, may hereafter obtain and which will augment or otherwise modify your responses hereto.

Each response should include such information as is available to you or that you could obtain from your former or present agents, employees, servants, representatives, and, unless privileged, your attorneys.

If you make an objection, your reasons and basis for the objection must be stated.

Each document request seeks production of all documents in the possession, custody, or control of defendant, its attorneys, or any other party under its control; or documents which could be obtained by defendant, its attorneys, or any party under its control.

In the event that a document called for by these requests has been destroyed, in whole or in part, the response hereto with respect to that document shall identify (a) the author(s), addressee(s), and recipient(s); (b) each person to whom the document was distributed or shown; (c) the date the document was prepared; (d) a description of the document's content and subject matter; (e) the date of the document's destruction; (f) the manner of the document's destruction; (g) the name, title, and address of the person authorizing its destruction; (h) the reason(s) for the document's destruction; (i) the name, title, and address of the person destroying the document; and (j) a description of the efforts to locate the document and copies thereof.

In the event that a document called for by these requests is withheld or redacted due to the attorney-client privilege, the work product doctrine, or any and all other privilege, in whole or in part, the response hereto with respect to that document shall identify (a) the author(s), addressee(s), and recipient(s); (b) each person to whom the document was distributed or shown; (c) the date the document was prepared; (d) a description of the document's content and subject matter; and (e) the reason(s) the document was withheld or redacted.

If a request refers to a document or item that is located in a computer, on a disk, in an email database repository, cell phone, smart phone, or otherwise in any computerized or digital form, you are instructed to preserve all metadata of such item and produce the computer,

3

disk, email database repository, cell phone or smart phone themselves or a forensic image of such.  If production cannot be made without affecting the metadata related to such items, you are instructed to identify the location of such information and preserve the same for inspection by defendant, his attorneys, or a duly appointed expert.

These requests are continuing in nature and you must supplement or amend your responses with any information or documents that become available after the responses have been served and/or filed continuing through the final disposition of this matter.

Request for Production No. 1:  Please produce for inspection and/or copying the personnel file maintained by Fifth Third Bank ("Bank") for Gregory D. Carmichael from January 1, 2015 through date of response.

RESPONSE:


Request for Production No. 2:  Please produce for inspection and/or copying the personnel file maintained by Bank for Timothy N. Spence from January 1, 2015 through date of response.

RESPONSE:


Request for Production No. 3:  Please produce for inspection and/or copying the personnel file maintained by Bank for Philip R. McHugh from January 1, 2015 through date of response.

RESPONSE:


Request for Production No. 4:  Please produce for inspection and/or copying the Outlook Inbox and Sent items on Philip R. McHugh's desktop or server, as the case may be, from oldest entry through most recent entry through date of response.

4

RESPONSE:

Request for Production No. 5: Please produce for inspection and/or copying the Outlook Inbox and Sent items on Gregory D. Carmichael's desktop or server, as the case may be, that reference in any fashion Philip R. McHugh, the office of President of the Bank, or any change in Executive Management at the Bank, from January 1, 2018 through date of response.

RESPONSE:

Request for Production No. 6: Please produce for inspection and/or copying the Outlook Inbox and Sent items on Timothy N. Spence's desktop or server, as the case may be, that reference in any fashion Philip R. McHugh, the office of President of the Bank, or any change in Executive Management at the Bank, from January 1, 2018 through date of response.

RESPONSE:

Request for Production No. 7: Please produce for inspection and/or copying every annual review and self-evaluation regarding Gregory D. Carmichael from January 1, 2015 through date of response.

RESPONSE:

Request for Production No. 8: Please produce for inspection and/or copying every annual review and self-evaluation regarding Timothy N. Spence from January 1, 2015 through date of response.

RESPONSE:

Request for Production No. 9: Please produce for inspection and/or copying every annual review and self-evaluation regarding Philip R. Mchugh from January 1, 2015 through date of response.

5

RESPONSE:

Request for Production No. 10:   Please produce for inspection and/or copying the final quarterly financial statements for each of the following divisions from January 1, 2015 through date of response:   (a) Regional Banking; (b) Middle Market Banking; (c) Business Banking, and (d) Wealth & Asset Management.

RESPONSE:

Request for Production No. 11:   Please produce for inspection and/or copying the Bank's executive management organizational chart as it existed on October 1, 2020 and on October 26, 2020.

RESPONSE:

Request for Production No. 12:   Please produce for inspection and/or copying any final or interim report, recommendation, or evaluation prepared for Bank by any consulting person or firm the purpose of which was to vet Timothy N. Spence for the position of President of Fifth Third Bank, or any other position in Executive Management at the Bank.

RESPONSE:

Request for Production No. 13:   Please produce for inspection and/or copying the engagement letter signed by or on behalf of the Bank with the consulting firm described in No. 12 above.

RESPONSE:

Request for Production No. 14:   Please produce for inspection and/or copying the minutes of the Fifth Third Bancorp ("Bancorp") Board meetings held in July-October, 2020.

RESPONSE:

Request for Production No. 15:   Please produce for inspection and/or copying the agendas for the Bancorp Board meetings held in July-October, 2020.

RESPONSE:

Request for Production No. 16:   Please produce for inspection and/or copying any and all handouts, presentations, or other written or electronic materials provided to the members of the Bancorp Board for review and consideration at the Bancorp Board meetings held in July-October, 2020.

RESPONSE:

Request for Production No. 17:   Please produce for inspection and/or copying any and all minutes or meetings of the Human Capital and Compensation Board Committee from January 1, 2015 through date of response.

RESPONSE:

Request for Production No. 18:   Please produce for inspection and/or copying any and all reports, submissions, or recommendations received or reviewed by the Human Capital and Compensation Board Committee from any member of Bank Executive Management from January 1, 2015 through date of response addressing succession planning or candidates for promotion within Executive Management at the Bank.

RESPONSE:

Request for Production No. 19:   Please produce for inspection and/or copying any and all communications sent to, received from or otherwise exchanged with the Office of the

7

Comptroller of the Currency regarding the Bank's plan for succession of officers in Executive Management through date of response.

  RESPONSE:


  Request for Production No. 20:  Please produce for inspection and/or copying any and all manuals or instructions received from the Office of Comptroller of the Currency which the Bank referenced or followed in connection with the appointment of officers in Executive Management through date of response.

  RESPONSE:


  Request for Production No. 21:  Please produce for inspection and/or copying any communications exchanged with Lead Director Martha Williamson by officers in Executive Management from January 1, 2018 through date of response which mention Philip R. McHugh or Timothy N. Spence, or their respective offices.

  RESPONSE:


  Request for Production No. 22:  Please produce for inspection and/or copying any communications exchanged with Human Capital and Compensation Committee Chair Michael McCallister by officers in Executive Management from January 1, 2018 through date of response which mention Philip R. McHugh or Timothy N. Spence, or their respective offices.

  RESPONSE:


  Request for Production No. 23:  Please produce for inspection and/or copying any documents, text messages, emails, or other electronic communications sent or received by Gregory Carmichael from January 1, 2018 through date of response which mention Philip R. McHugh.

8

RESPONSE:

Request for Production No. 24:  Please produce for inspection and/or copying any documents, text messages, emails, or other electronic communications sent or received by Timothy N. Spence from January 1, 2018 through date of response which mention Philip R. McHugh.

RESPONSE:

Request for Production No. 25:  Please produce for inspection and/or copying any documents, text messages, emails, or other electronic communications sent or received by Robert Shaffer from January 1, 2018 through date of response which mention Philip R. McHugh.

RESPONSE:

Request for Production No. 26:  Please produce for inspection and/or copying the record retention or document destruction policy in place at Bank from January 1, 2018 through date of response.

RESPONSE:

Request for Production No. 27:  Please produce for inspection and/or copying the written "litigation hold" communication issued by Bank to its Executive Management regarding the preservation of records and documents that may have in any way mentioned Philip R. McHugh and any claims he might assert or have asserted against Bank.

RESPONSE:

9

Request for Production No. 28:   Please produce for inspection and/or copying the electronic calendar maintained by Gregory D. Carmichael from January 1, 2018 through date of response.

RESPONSE:

Request for Production No. 29:   Please produce for inspection and/or copying the electronic calendar maintained by Timothy N. Spence from January 1, 2018 through date of response.

RESPONSE:

Request for Production No. 30:   Please produce for inspection and/or copying any writings of any kind or any electronic messages of any kind authored by Gregory D. Carmichael from January 1, 2018 through date of response which mention Philip R. McHugh and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.

RESPONSE:

Request for Production No. 31:   Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind authored by Timothy N. Spence from January 1, 2018 through date of response which mention Philip R. McHugh and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.

RESPONSE:

Request for Production No. 32:   Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind authored by Gregory D.

Carmichael from January 1, 2015 through date of response which mention Timothy N. Spence and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.

RESPONSE:

Request for Production No. 33: Please produce for inspection and/or copying any existing Executive Management succession plan in force, adopted by, or under consideration by the Bank or the Board.

RESPONSE:

Request for Production No. 34: Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the decision to place Philip R. McHugh into the position of Head of Fifth Third Consumer Bank in 2020.

RESPONSE:

Request for Production No. 35: Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the decision to name Timothy N. Spence Head of Fifth Third Consumer Bank in August 2018.

RESPONSE:

Request for Production No. 36: Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to any and all names recommended to Fifth Third Bank's Board of Directors as a "potential, emergency, interim CEO for Fifth Third Bank as part of the Bank's succession planning efforts." (See Answer, ¶ 15).

11

RESPONSE:

Request for Production No. 37:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind made by Mr. Carmichael which relate or refer to Plaintiff's annual performance review in or around February 2020, including but not limited to the claim that Mr. Carmichael informed plaintiff that the Board of Directors was no longer considering any interim CEO contingency plans (See Answer, ¶ 17).

RESPONSE:

Request for Production No. 38:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the conversation between Mr. Carmichael and plaintiff on October 13, 2020, including but not limited to the claim that Mr. Carmichael informed plaintiff that he believed plaintiff was the best fit to step into the Head of Consumer Bank Role, and that if plaintiff continued with the company as Head of Consumer Bank through the end of 2020, he would become a Named Executive Officer in the Bank's 2021 Proxy Statement. (See Answer, ¶ 24).

RESPONSE:

Request for Production No. 39:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the meeting between Mr. Carmichael and plaintiff on October 15, 2020. (See Answer, ¶ 25).

RESPONSE:

Request for Production No. 40:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the meeting between Mr. Shaffer and plaintiff, including but not limited to the claim that Mr. Shaffer

12

"reiterated the Board of Directors' interest in plaintiff taking over the Head of Consumer Bank role." (See Answer, ¶ 29).

    <u>RESPONSE</u>:


    <u>Request for Production No. 41</u>:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind made by Mr. Carmichael, Mr. Shaffer, or the other "Fifth Third executive" which relate or refer to the claim that plaintiff told each of them separately that he would not accept the position of president of one of Fifth Third's largest regions because it was his intention to work only for the next five years before he would enter retirement. (See Counterclaim, ¶ 9).

    <u>RESPONSE</u>:


    <u>Request for Production No. 42</u>:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind sent to or received by any members of the Board of Directors of Fifth Third Bank which relate or refer to the "many months of succession planning" prior to Timothy Spence being vetted for the position of President at Fifth Third Bancorp. (See Counterclaim, ¶ 10).

    <u>RESPONSE</u>:


    <u>Request for Production No. 43</u>:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate to plaintiff taking part in the vetting process of Mr. Spence (See Counterclaim, ¶¶ 11-12).

    <u>RESPONSE</u>:


    <u>Request for Production No. 44</u>:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind, including from any Board

13

members, which refer or relate to the Board of Directors meeting with the executive development agency to discuss the vetting of Mr. Spence. (See Counterclaim, ¶ 14).

      <u>RESPONSE</u>:


      <u>Request for Production No. 45</u>:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind establishing that plaintiff was aware of a meeting between the Board of Directors and the executive development agency to discuss the vetting of Mr. Spence. (See Counterclaim, ¶¶ 14-15).

      <u>RESPONSE</u>:


      <u>Request for Production No. 46</u>:  Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind establishing that plaintiff refused to return to work. (See Counterclaim, ¶ 22).

      <u>RESPONSE</u>:


      <u>Request for Production No. 47</u>:  Please produce for inspection and/or copying any and all organizational announcements prepared by Gregory D. Carmichael from January 1, 2015 through date of response that mention either Philip R. McHugh or Timothy N. Spence.

      <u>RESPONSE</u>:

Of Counsel for Plaintiff:

McHUGH & McCARTHY, LTD.
  5580 Monroe Street
  Sylvania, Ohio   43560

*/s/ John J. McHugh, III*
  John J. McHugh, III
  5580 Monroe Street
  Sylvania, Ohio   43560
  Telephone:  (419) 885-3597
  Facsimile:  (419) 885-3861
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing First Request for Production of Documents was duly served by electronic mail upon the following attorneys for defendants, in compliance with Civ. R. 5(B)(2)(f) of the Ohio Rules of Civil Procedure, this 6th day of November, 2020:

Michael L. Cioffi, Esq.
cioffi@blankrome.com

Thomas H. Stewart, Esq.
stewart@blankrome.com

Liza J. Brackman, Esq.
LBrackman@blankrome.com

David J. Oberly, Esq.
doberly@blankrome.com

*/s/ John J. McHugh, III*
Attorney for Plaintiff

15