# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| PHILIP R. McHUGH, | : | |
| Plaintiff, | : | |
| | : | Case No. 1:21-cv-00238-MRB |
| vs. | : | |
| | : | Judge: Hon. Michael R. Barrett |
| FIFTH THIRD BANCORP, *et al.*, | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT/COUNTERCLAIMANT FIFTH THIRD BANK, NATIONAL ASSOCIATION'S OBJECTIONS & RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Fifth Third Bank, National Association ("Fifth Third Bank"), by and through its undersigned counsel, Blank Rome LLP, hereby serves the within Objections and Responses to Plaintiff Philip McHugh's ("Plaintiff") First Set of Requests for Production of Documents ("Requests").

## PRELIMINARY STATEMENT

These responses to Plaintiff's Requests are based upon discovery and investigation conducted to date. Fifth Third Bank reserves the right to supplement these responses with, and/or introduce at trial, evidence and documents not identified at this time that are subsequently discovered and/or the relevance of which is subsequently ascertained. The fact that Fifth Third Bank has responded in part or at all to any of the Requests herein is not intended to be and shall not be construed as a waiver by Fifth Third Bank of all or any part of any objection to any such Request.

## GENERAL OBJECTIONS

The following objections are incorporated into each and every response to Plaintiff's Requests:

1.    Fifth Third Bank has not completed its investigation of the facts relating to this case, its discovery in this case, or its preparation for trial. The responses contained herein are based only upon the information and documents presently available to and known by Fifth Third Bank. Nothing contained herein shall be used to preclude Fifth Third Bank from further research and investigation of the facts or from presentation of the results of that research and investigation to the trier of fact at the time of trial.

2.    The following responses are provided without prejudice to the right of Fifth Third Bank to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently unknown material facts, and to produce and introduce all evidence when discovered relating to proof of subsequently discovered material facts. Moreover, because the facts and evidence now known may be imperfectly understood, or the relevance or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following responses. Fifth Third Bank reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

3.    To the extent that a Request has not been objected to, Fifth Third Bank has used reasonable diligence to obtain documents and things responsive to the Requests responded to herein, based on examination of those files that may reasonably be expected to yield such documents and things and interviews with those individuals reasonably expected to have such facts, documents, and things. To the extent that Plaintiff seeks to require Fifth Third Bank to do

2

more than the foregoing, the Requests are objected to on the grounds that they are not relevant to any party's claim or defense, not proportional to the needs of the case, and impose an undue burden and expense not commensurate with any legitimate discovery need.

4.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent that they seek disclosure of facts or other information that is protected from disclosure by the attorney-client privilege, the attorney work product privilege, any other applicable privilege or protection, or that is otherwise protected from discovery. Fifth Third Bank will not undertake to produce any such privileged or protected information, and nothing contained herein is intended as, or shall be deemed, a waiver of any attorney-client privilege, attorney work product privilege, or any other applicable privilege.

5.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, on the grounds that they are overbroad, unduly burdensome, unreasonable, vexatious, harassing and oppressive, in that they seek information that is not relevant to any party's claim or defense in this case. By responding to the Requests and each Request as set forth herein, Fifth Third Bank will not undertake to provide any facts or documents that are not relevant to any party's claim or defense or not proportional to the needs of this case, and Fifth Third Bank expressly disavows any obligation or undertaking not interposed by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of Ohio, or any other applicable law.

6.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent they seek information protected by rights of privacy of any person or entity.

7.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent that they purport to require Fifth Third Bank to disclose information, documents, or other materials constituting or containing, in whole or in part, confidential data, proprietary information, non-public information, and/or financial information relating or pertaining to Fifth Third Bank, its past or present employees, or other persons or entities.

8.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent that the information called for in the Requests is at least equally available to Plaintiff, or is already in the possession of Plaintiff or her counsel.

9.      Fifth Third Bank hereby expressly reserves its right to supplement or amend this response, or any of the various responses contained herein, in the future should Fifth Third Bank discover additional information that may be responsive to the Requests. Nothing contained herein shall obligate or commit Fifth Third Bank to supplement or amend this response, or any of the various responses contained herein.

Subject to and without waiving the foregoing Preliminary Statement and General Objections, Fifth Third Bank makes the following specific objections and responses to Plaintiff's Requests:

## SPECIFIC OBJECTIONS & RESPONSES TO REQUESTS FOR PRODUCTION

1.      Please produce for inspection and/or copying the personnel file maintained by Fifth Third Bank ("Bank") for Gregory D. Carmichael from January 1, 2015 through date of response.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it

4

is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. "[P]ersonnel files might contain highly personal information such as an individual's unlisted addresses and telephone numbers, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to [a] plaintiff's claims." *Lawroski v. Nationwide Mut. Ins. Co.*, 2012 WL 6568230, at *5 (S.D. Ohio Dec. 17, 2012) (citing *Knoll v. AT & T*, 176 F.3d 359, 365 (6th Cir. 1999)). For this reason, requests seeking entire personnel files are overly broad because they capture irrelevant, potentially highly-sensitive information. *Id.* Moreover, because Mr. Carmichael cannot be considered a "comparator" for purposes of this litigation, his personnel file is wholly irrelevant and beyond the scope of Federal Civil Rule 26(b)(1).

2. Please produce for inspection and/or copying the personnel file maintained by Bank for Timothy N. Spence from January 1, 2015 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. "[P]ersonnel files might contain highly personal information such as an individual's unlisted addresses and telephone numbers, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to [a] plaintiff's claims." *Lawroski v. Nationwide Mut. Ins. Co.*, 2012 WL 6568230, at *5 (S.D. Ohio Dec. 17, 2012) (citing *Knoll v. AT & T*, 176 F.3d 359, 365 (6th Cir. 1999)). For this reason, requests seeking entire personnel files are overly broad because they capture irrelevant, potentially highly-sensitive information. *Id.*

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000001-000267.

3. Please produce for inspection and/or copying the personnel file maintained by Bank for Philip R. McHugh from January 1, 2015 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information

and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Requests for the production of personnel files should be limited to only those documents in a plaintiff's personnel file that are relevant to the action, which may include documents relating to performance or performance issues. *See Nathan v. Ohio State Univ.*, 2013 WL 2286969, at *4 (S.D. Ohio May 23, 2013).

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000285-000406.

4.      Please produce for inspection and/or copying the Outlook Inbox and Sent items

on Philip R. McHugh's desktop or server, as the case may be, from oldest entry through most

recent entry through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request on the grounds that it fails to comply with the requirement of Federal Civil Rule 34(b), in that the Request fails to set forth the items requested either by individual item or by category, and fails to describe each item and category with reasonable particularity. Fifth Third Bank objects to this Request because it seeks documentation and information concerning or containing trade secret, proprietary, or other confidential business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff generally to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, which includes all relevant, discoverable email messages responsive to this Request.

5.      Please produce for inspection and/or copying the Outlook Inbox and Sent items

on Gregory D. Carmichael's desktop or server, as the case may be, that reference in any fashion

Philip R. McHugh, the office of President of the Bank, or any change in Executive Management

at the Bank, from January 1, 2018 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive, especially as it relates to Plaintiff's request for all emails "that *reference in any fashion* Plaintiff R. McHugh, the office of the President of the Bank, *or* any change in Executive management at the Bank." *See Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *9 (W.D. Ky. Apr. 7, 2014) (a request for production seeking all documents that refer to the plaintiff or his employment is overbroad because it seeks documents beyond the claims at issue in the present lawsuit). Fifth Third Bank objects to this Request on the grounds that the term "the office of the President of the Bank" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings.

6.      Please produce for inspection and/or copying the Outlook Inbox and Sent items on Timothy N. Spence's desktop or server, as the case may be, that reference in any fashion Philip R. McHugh, the office of President of the Bank, or any change in Executive Management at the Bank, from January 1, 2018 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive, especially as it relates to Plaintiff's request for all emails "that *reference in any fashion* Plaintiff R. McHugh, the office of the President of the Bank, *or* any change in Executive management at the Bank." *See Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *9 (W.D. Ky. Apr. 7, 2014) (a request for production seeking all documents that refer to the plaintiff or his employment is overbroad because it seeks documents beyond the claims at issue in the present lawsuit). Fifth Third Bank objects to this Request on the grounds that the term "the office of the President of the Bank"

7

is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private business and personal information of an individual who is not a named party to the within action.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff generally to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, which includes all relevant, discoverable email messages responsive to this Request.

7.      Please produce for inspection and/or copying every annual review and self-evaluation regarding Gregory D. Carmichael from January 1, 2015 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Specifically, in order to establish a *prima facie* failure to promote claim, Plaintiff must demonstrate by a preponderance of the evidence that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) suffered an adverse employment action, *i.e.*, he was not promoted, despite applying for the position; (3) he was qualified for the position; and (4) that the position was awarded to a person of substantially younger age. *Dautartas v. Abbott Laboratories,* 10th Dist. Franklin App. No. 11AP-706, 2012-Ohio-1709, ¶ 25 (citing *Coryell v. Bank One Trust Co., N.A.*, 101 Ohio St.3d 175, 2004-Ohio-732, paragraph one of the syllabus). Additionally, in the case of age discrimination, it must be shown that age was the but for cause of adverse employment action. *Frick v. Potash Corp. of Saskatchewan, Inc.*, 3d Dist. Allen App. No. 1-09-59, 2010-Ohio-4292, ¶ 42 (citing *Gross v. FBL Financial Sers. Inc.*, 129 S.Ct. 2343, 2350 (2009)); *see also Coryell*, 101 Ohio St.3d at ¶ 11. Requests for the production of personnel files should be limited to only those documents in the personnel files of appropriate comparators that are relevant to the action, which may include documents relating to the comparators' performance or performance issues. *Nathan v. Ohio State Univ.*, 2013 WL 2286969, at *4 (S.D. Ohio May 23, 2013). Since Mr. Carmichael was not appointed to the position of President of Fifth Third Bancorp in October 2020, but instead served in that position *until* October 2020, he cannot be considered a "comparator" for purposes of this litigation. Therefore, his reviews and evaluations are wholly irrelevant and beyond the scope of Federal Civil Rule 26(b)(1).

8.     Please produce for inspection and/or copying every annual review and self-evaluation regarding Timothy N. Spence from January 1, 2015 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000407-000518.

9.     Please produce for inspection and/or copying every annual review and self-evaluation regarding Philip R. Mc[H]ugh from January 1, 2015 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request on the grounds that it is burdensome and harassing, as it seeks information or documents that are already in the possession, custody, or control of Plaintiff and/or his counsel.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000469-000862.

10.     Please produce for inspection and/or copying the final quarterly financial statements for each of the following divisions from January 1, 2015 through date of response:  (a) Regional Banking; (b) Middle Market Banking; (c) Business Banking, and (d) Wealth & Asset

9

Management.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000660-000855.

11.     Please produce for inspection and/or copying the Bank's executive management organizational chart as it existed on October 1, 2020 and on October 26, 2020.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request on the grounds that the term "executive management organizational chart" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000950-000951.

12.     Please produce for inspection and/or copying any final or interim report, recommendation, or evaluation prepared for Bank by any consulting person or firm the purpose of which was to vet Timothy N. Spence for the position of President of Fifth Third Bank, or any other position in Executive Management at the Bank.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to

any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege. Fifth Third Bank objects to this Request on the grounds that the phrase "final or interim report, recommendation, or evaluation" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 000952-001085.

13.     Please produce for inspection and/or copying the engagement letter signed by or on behalf of the Bank with the consulting firm described in No. 12 above.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege.

> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 001086-001096

14.     Please produce for inspection and/or copying the minutes of the Fifth Third Bancorp ("Bancorp") Board meetings held in July-October, 2020.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege. Fifth

11

Third Bank objects to this Request to the extent it seeks documentation and information concerning or containing trade secret or proprietary sensitive business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

15.     Please produce for inspection and/or copying the agendas for the Bancorp Board

meetings held in July-October, 2020.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege. Fifth Third Bank objects to this Request to the extent it seeks documentation and information concerning or containing trade secret or proprietary sensitive business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 001097-001103.

16.     Please produce for inspection and/or copying any and all handouts, presentations,

or other written or electronic materials provided to the members of the Bancorp Board for review

and consideration at the Bancorp Board meetings held in July-October, 2020.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is

12

unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege. Fifth Third Bank objects to this Request to the extent it seeks documentation and information concerning or containing trade secret or proprietary sensitive business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 001104-001222.

17.     Please produce for inspection and/or copying any and all minutes or meetings of the Human Capital and Compensation Board Committee from January 1, 2015 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request to the extent it seeks documentation and information concerning or containing trade secret or proprietary sensitive business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 001223-001456.

18.     Please produce for inspection and/or copying any and all reports, submissions, or recommendations received or reviewed by the Human Capital and Compensation Board Committee from any member of Bank Executive Management from January 1, 2015 through date of response addressing succession planning or candidates for promotion within Executive Management at the Bank.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request to the extent it seeks documentation and information concerning or containing trade secret or proprietary sensitive business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 001457-005219.

19.     Please produce for inspection and/or copying any and all communications sent to, received from or otherwise exchanged with the Office of the Comptroller of the Currency regarding the Bank's plan for succession of officers in Executive Management through date of response.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information

14

and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request to the extent it seeks documentation and information concerning or containing trade secret or proprietary sensitive business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 005220-005223.

20.     Please produce for inspection and/or copying any and all manuals or instructions received from the Office of Comptroller of the Currency which the Bank referenced or followed in connection with the appointment of officers in Executive Management through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request to the extent it seeks documentation and information concerning or containing trade secret or proprietary sensitive business information. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

21.     Please produce for inspection and/or copying any communications exchanged with Lead Director Martha Williamson by officers in Executive Management from January 1, 2018 through date of response which mention Philip R. McHugh or Timothy N. Spence, or their respective offices.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request to the extent it seeks information protected by the within attorney client-privilege and/or the attorney work product privilege. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 005197-005208.

22.     Please produce for inspection and/or copying any communications exchanged with Human Capital and Compensation Committee Chair Michael McCallister by officers in Executive Management from January 1, 2018 through date of response which mention Philip R. McHugh or Timothy N. Spence, or their respective offices.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information

and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 005197-005208; 005254-005255.

23.     Please produce for inspection and/or copying any documents, text messages, emails, or other electronic communications sent or received by Gregory Carmichael from January 1, 2018 through date of response which mention Philip R. McHugh.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request on the grounds that it fails to comply with the requirement of Federal Civil Rule 34(b), in that the Request fails to set forth the items requested either by individual item or by category, and fails to describe each item and category with reasonable particularity. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 005226-005248.

24.     Please produce for inspection and/or copying any documents, text messages, emails, or other electronic communications sent or received by Timothy N. Spence from January 1, 2018 through date of response which mention Philip R. McHugh.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request on the grounds that it fails to comply with the requirement of Federal Civil Rule 34(b), in that the Request fails to set forth the items requested either by individual item or by category, and fails to describe each item and category with reasonable particularity. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

25.     Please produce for inspection and/or copying any documents, text messages, emails, or other electronic communications sent or received by Robert Shaffer from January 1, 2018 through date of response which mention Philip R. McHugh.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within

action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request on the grounds that it fails to comply with the requirement of Federal Civil Rule 34(b), in that the Request fails to set forth the items requested either by individual item or by category, and fails to describe each item and category with reasonable particularity. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 005237-005248, 005273-005279.

26.     Please produce for inspection and/or copying the record retention or document destruction policy in place at Bank from January 1, 2018 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers [FIFTHTHIRD-MCHUGH 005281-005343.

27.     Please produce for inspection and/or copying the written "litigation hold" communication issued by Bank to its Executive Management regarding the preservation of records and documents that may have in any way mentioned Philip R. McHugh and any claims he might assert or have asserted against Bank.

19

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request to the extent it seeks information protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 005344-005347.

28.     Please produce for inspection and/or copying the electronic calendar maintained

by Gregory D. Carmichael from January 1, 2018 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request on the grounds that the term "electronic calendar" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations.

29.     Please produce for inspection and/or copying the electronic calendar maintained

by Timothy N. Spence from January 1, 2018 through date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request on the grounds that the term "electronic calendar" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide

20

documentation for or on behalf of a third party that is not named as a Defendant in this case.

30.     Please produce for inspection and/or copying any writings of any kind or any electronic messages of any kind authored by Gregory D. Carmichael from January 1, 2018 through date of response which mention Philip R. McHugh and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. *See In re Heparin Products Liability Litigation,* 273 F.R.D. 399, 409 (N.D. Ohio 2011) (finding requests for "all reports" or "all documents" overly broad). Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control.
>
> Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

31.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind authored by Timothy N. Spence from January 1, 2018 through date of response which mention Philip R. McHugh and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. *See In re Heparin Products Liability Litigation,* 273 F.R.D. 399, 409 (N.D. Ohio 2011) (finding requests for "all reports" or "all documents" overly broad). Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide

documentation for or on behalf of a third party that is not named as a Defendant in this case.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

32.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind authored by Gregory D. Carmichael from January 1, 2015 through date of response which mention Timothy N. Spence and the position of President and Chief Executive Officer, or interim President and Chief Executive Officer.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

33.     Please produce for inspection and/or copying any existing Executive Management succession plan in force, adopted by, or under consideration by the Bank or the Board.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request on the grounds that it fails to comply with the requirement of Federal Civil Rule 34(b), in that the Request fails to set forth the items requested either by individual item or by category, and fails to describe each item and category with reasonable particularity. Fifth Third Bank objects to this Request because it seeks confidential, private, or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request on the grounds that the phrase "in force, adopted by, or under consideration by the Bank or the Board" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations

22

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 001033-001070, 005225, 005348-007128.

34.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the decision to place Philip R. McHugh into the position of Head of Fifth Third Consumer Bank in 2020.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery. Fifth Third Bank objects to this Request on the grounds that the phrase "relate or refer to the decision to place" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 006710-006711.

35.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the decision to name Timothy N. Spence Head of Fifth Third Consumer Bank in August 2018.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request to the extent it seeks confidential, sensitive, private personal information and documentation from an individual who is not a named party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request on the grounds that the phrase "relate or refer to the decision to place" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

23

36.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to any and all names recommended to Fifth Third Bank's Board of Directors as a "potential, emergency, interim CEO for Fifth Third Bank as part of the Bank's succession planning efforts." (See Answer, ¶ 15).

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 006836-007089.

37.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind made by Mr. Carmichael which relate or refer to Plaintiff's annual performance review in or around February 2020, including but not limited to the claim that Mr. Carmichael informed plaintiff that the Board of Directors was no longer considering any interim CEO contingency plans (See Answer, ¶ 17).

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 007129.

38.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate or refer to the conversation between Mr. Carmichael and plaintiff on October 13, 2020, including but not limited to the claim that Mr. Carmichael

informed plaintiff that he believed plaintiff was the best fit to step into the Head of Consumer Bank

Role, and that if plaintiff continued with the company as Head of Consumer Bank through the end

of 2020, he would become a Named Executive Officer in the Bank's 2021 Proxy Statement. (See

Answer, ¶ 24).

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 007130-007131.

39.     Please produce for inspection and/or copying any writing of any kind or any

electronic messages of any kind which relate or refer to the meeting between Mr. Carmichael and

plaintiff on October 15, 2020. (See Answer, ¶ 25).

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

> Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

40.     Please produce for inspection and/or copying any writing of any kind or any

electronic messages of any kind which relate or refer to the meeting between Mr. Shaffer and

plaintiff, including but not limited to the claim that Mr. Shaffer "reiterated the Board of Directors'

interest in plaintiff taking over the Head of Consumer Bank role." (See Answer, ¶ 29).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 007132.

41.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind made by Mr. Carmichael, Mr. Shaffer, or the other "Fifth Third executive" which relate or refer to the claim that plaintiff told each of them separately that he would not accept the position of president of one of Fifth Third's largest regions because it was his intention to work only for the next five years before he would enter retirement. (See Counterclaim, ¶ 9).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

42.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind sent to or received by any members of the Board of Directors of Fifth Third Bank which relate or refer to the "many months of succession planning" prior to Timothy Spence being vetted for the position of President at Fifth Third Bancorp. (See Counterclaim, ¶ 10).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

43.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind which relate to plaintiff taking part in the vetting process of Mr. Spence (See Counterclaim, ¶¶ 11-12).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 007090-007147.

44.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind, including from any Board members, which refer or relate to the Board of Directors meeting with the executive development agency to discuss the vetting of Mr. Spence. (See Counterclaim, ¶ 14).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

27

45.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind establishing that plaintiff was aware of a meeting between the Board of Directors and the executive development agency to discuss the vetting of Mr. Spence. (See Counterclaim, ¶¶ 14-15).

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 007148-007159.

46.     Please produce for inspection and/or copying any writing of any kind or any electronic messages of any kind establishing that plaintiff refused to return to work. (See Counterclaim, ¶ 22).

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.
>
> Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: at this time, Fifth Third Bank does not have any non-privileged documents responsive to this Request.

47.     Please produce for inspection and/or copying any and all organizational announcements prepared by Gregory D. Carmichael from January 1, 2015 through date of response that mention either Philip R. McHugh or Timothy N. Spence.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request on the grounds that it is duplicative, as it seeks substantially similar or identical information to Requests previously

propounded by Plaintiff, and is therefore burdensome, oppressive, and harassing. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents previously produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FIFTHTHIRD-MCHUGH 007160-007178.

Respectfully submitted,

**DATE:** July 30, 2021

**BLANK ROME LLP**

*s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)
David J. Oberly, Esq. (0088410)
Thomas H. Stewart, Esq. (0059246)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: Cioffi@BlankRome.com
Email: DOberly@BlankRome.com
Email: Stewart@BlankRome.com

*Attorneys for Defendant/Counterclaimant*
*Fifth Third Bank, National Association*

## CERTIFICATE OF SERVICE

I, Michael L. Cioffi, Esquire, hereby certify that, on July 30, 2021, a copy of the foregoing Defendant/Counterclaimant Fifth Third Bank, National Association's Objections and Responses to Plaintiff's First Set of Requests for Production of Documents was served by electronic email at the following address:

John J. McHugh, Esq.
McHugh & McCarthy, LTD
5580 Monroe Street
Sylvania, Ohio 43560
mchugh@mchughlaw.com

Peter A. Saba, Esq.
Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorney for Plaintiff,*
*Philip McHugh*

**BLANK ROME LLP**

*s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)

*Attorney for Defendant/Counterclaimant*
*Fifth Third Bank, National Association*

30