# EXHIBIT 3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **PLAINTIFF'S FIRST SET OF** |
| **FIFTH THIRD BANCORP,** *et al.*, | : | **REQUESTS FOR ADMISSION AND** |
| | : | **INTERROGATORIES,** |
| Defendants. | : | |
| | : | **AND** |
| | : | |
| | : | **SECOND SET OF REQUESTS FOR** |
| | : | **PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Plaintiff Philip R. McHugh ("Plaintiff") hereby submits his First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents Directed to Defendants Fifth Third Bancorp, Fifth Third Bank N.A., and Gregory Carmichael (collectively, "Defendants"). Plaintiff respectfully requests that Defendant provide responses to the offices of Stagnaro, Saba & Patterson Co., LPA, 2623 Erie Avenue, Cincinnati, Ohio 45208, within thirty (30) days of the service of these Requests.

Each of the following Requests for Admission, Interrogatories and Requests for the Production of Documents shall be deemed continuing and Defendant is requested, pursuant to Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure, to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by the Defendant or persons acting on its behalf.

**INSTRUCTIONS AND DEFINITIONS**

1. These discovery requests must be answered in accordance with the requirements in and policies of Civ.R. 1, Civ.R. 11, Civ.R. 26 through 37, and any other applicable laws or rules. These

1

requirements and policies include but are not limited to: effecting just results by eliminating delay, unnecessary expense, and all other impediments to the administration of justice; encouraging parties to fully and thoroughly prepare and investigate their cases for trial and/or settlement; fairly responding to the substance of discovery requests without obfuscation or unjustified objection; fostering openness, honesty, and professionalism in litigation; and seeking truth.  Consistent with this instruction, discovery requests should not be considered vague or unanswerable due to any grammatical, syntactical, typographical, capitalization, or semantic errors or idiosyncrasies, and all responses should fairly meet the substance of the discovery request.

2.	In answering these Requests for Admission, Interrogatories, and Requests for the Production of Documents, Defendant is to divulge all information in its possession, custody, or control, or which is available to it, including information in the control of its attorneys, investigators, employees, agents or other representatives, or any other person or persons acting on its behalf.

2.	If Defendant cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, Defendant shall so state and shall answer in as detailed a manner as possible, based on such information as is available or acceptable, and shall specify the inability to answer the remainder.

3.	Should Defendant deem as objectionable part, but not all, of any interrogatory to which an objection is made, it should consider the various parts and aspects of such interrogatory as being severable for that purpose.  If any information is claimed as privileged or protected, please include a log identifying the nature of the claimed privilege or protection and the information or items claimed to be privileged.

4.  Where there is insufficient space for your answers, please attach a separate sheet of paper wherein you number your answer to correspond with the question you are answering and continue your answer thereon.

5.  Unless otherwise indicated, the scope of the interrogatories and requests for production of documents is the time period of Plaintiff's employment with Defendant to the present.

6.  Unless indicated to the contrary, "You," "Your," and "Defendants" shall include Fifth Third Bancorp, Fifth Third Bank, N.A., Gregory Carmichael, and/or any person or entity acting on its or his behalf, including, but not limited to, officers, directors, attorneys, investigators, employees, agents or other representatives.

7.  "McHugh" or "Plaintiff" shall mean Plaintiff Philip R. McHugh.

8.  "Carmichael" means Defendant Gregory C. Carmichael and/or any person or entity acting on his behalf, including, but not limited to, attorneys, investigators, employees, agents, entities, or other representatives.

9.  "Spence" means Timothy N. Spence and/or any person or entity acting on his behalf, including, but not limited to, attorneys, investigators, employees, agents, entities, or other representatives.

10. "Shaffer" means Robert Shaffer and/or any person or entity acting on his behalf, including, but not limited to, attorneys, investigators, employees, agents, entities, or other representatives.

12. "Document" or "documents" includes all written or graphic matter of every kind or description, however produced or reproduced, whether drafted or final, original or copy, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to correspondence, letters, memorandum, summaries of conversations or telephone conversations, minutes or records of meetings, conferences or seminars, notebooks, diaries, desk

calendar, contracts, agreements, preliminary and final reports, opinions or reports of consultants, projections, estimates, financial statements, bills, invoices, receipts, loan sheets, checks, checkbooks, purchase orders, change orders, confirmations, facsimiles, e-mails, text messages, telegrams, telexes, computer disks, digital or analog recordings, tape recordings, video recordings, photographs, drawings, charts, and plans.  The term "document" means every document as above defined known to Defendant and in Defendant's possession, custody or control or under the control of its agents, attorneys, employers, employees or other persons related by total or partial common ownership and includes every such document which can be located or discovered by diligent effort.

13. "Document" also includes electronically stored information ("ESI"). Where possible, ESI should be produced in its native form, except that ESI which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet). By way of example only:

    a.    documents created using Microsoft Word must be produced as a .doc or .docx file;

    b.    documents created using Microsoft Excel must be produced as a .slx or .xslsx file;

    c.    documents created using Microsoft PowerPoint must be produced as .ppt or .pptx files; and

    d.    e-mails must be produced as .msg or .pst files

13. "Person" and "persons" include natural persons, corporations, companies, firms, proprietorships, partnerships, associations, joint ventures, government agency or organization, and any other type of legal entity, whether formal or informal.

14. The words "relate to", "relating to" or "related to" shall mean that which implicitly or explicitly refers to, concerns, reflects, embodies or in any manner describes the subject matter of the interrogatory or document request.

15. The words "communication" or "communicate" mean any correspondence, disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message or other "document" form, including but not limited to discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

## REQUESTS FOR ADMISSION

1. Admit that Plaintiff was informed by Robert Shaffer that he was not to report to work on Monday, October 20, 2020.

**RESPONSE:**

2. Admit that Carmichael conveyed to Plaintiff in October 2020 that Timothy N. Spence was being elevated to president in part as preparation for Spence to subsequently become the next Chief Executive Officer of Fifth Third.

**RESPONSE:**

3. Admit that Carmichael informed McHugh that Carmichael wanted McHugh to take the role of Head of Consumer Banking reporting directly to Timothy N. Spence.

**RESPONSE:**

5

4. Admit that McHugh was qualified for the position of President of Fifth Third as of November 1, 2019.

**RESPONSE:**

5. As of November 1, 2019, McHugh was 1-2 years from being ready for the position of CEO of Fifth Third Bank.

**RESPONSE:**

6. Admit that McHugh was qualified for the position of President of Fifth Third as of October 1, 2020.

**RESPONSE:**

7. Admit that McHugh possessed qualifications similar to those of Spence for the position of President of Fifth Third when Spence was promoted to the position of President of Fifth Third.

**RESPONSE:**

8. Admit that McHugh was a plainly superior candidate to Spence for the position of President of Fifth Third when Spence was promoted to the position of President of Fifth Third.

**RESPONSE:**

9. Admit that McHugh was a plainly superior candidate to Spence for the position of President of Fifth Third as of November 1, 2019.

**RESPONSE:**

10. Admit that as of October 1, 2020, McHugh was 1-2 years from being ready for the position of CEO of Fifth Third Bank.

**RESPONSE:**

11. Admit that Carmichael recommended to members of the Board of Directors that Timothy N. Spence be promoted to the position of President.

**RESPONSE:**

## INTERROGATORIES

1. Identify all persons with knowledge of the events involved in this litigation.

**RESPONSE:**

2. If your responses to Requests for Admission Nos. 1-11 are anything other than an unqualified admission, identify the factual basis for your denial.

**RESPONSE:**

7

3. Identify all internal and external candidates Defendants considered for the positions of President and/or Chief Executive Officer in its "many months of succession planning" as identified in Paragraph 10 of the Counterclaim.

**RESPONSE:**

4. State the factual basis for Defendant's decision to appoint Timothy N. Spence to the position of President in 2020.

**RESPONSE:**

5. Identify all criteria which Fifth Third considered in selecting Timothy N. Spence for the position of President of Fifth Third Bancorp in 2020.

**RESPONSE:**

6. Identify all individuals who participated in the decision to promote Timothy N. Spence to the position of President in 2020, including but not limited to any individuals who made a recommendation to promote Spence. For each individual identified, identify their participation in the decision.

**RESPONSE:**

7. Identify the basis for Defendant's decision to demote or otherwise transfer Plaintiff to Head of Consumer Banking in October 2020.

**RESPONSE:**

8. Identify all individuals who were involved in the decision to demote or otherwise transfer Plaintiff to the position of Head of Consumer Banking in 2020. For each individual identified, please provide a brief description of their involvement.

**RESPONSE:**

9. Identify each reason, in order of importance, as to why Plaintiff was not selected for the position of President.

**RESPONSE:**

10. Identify all individuals who had any involvement in preparing, editing, revising, or reviewing the Human Capital and Executive Talent Management and Succession Plan Updates PowerPoint presented to the Board of Directors on December 17, 2019.

**RESPONSE:**

11. Identify each of the succession candidates reviewed for the Chief Executive Officer ("CEO") position at the December 17, 2019 meeting of the Board of Directors.

**RESPONSE:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Produce true and accurate copies of the following:

1.  The electronic calendar (including but not limited to any calendar maintained in Microsoft Outlook) maintained by Philip R. McHugh during his employment at Fifth Third, including from January 1, 2017 through October 17, 2020.

**RESPONSE:**

2.  All communications between Shaffer and any agent or representative of FW Cook from January 1, 2017 through the date of response, including but not limited to the balance of the e-mail correspondence on September 3, 2019 (FIFTHTHIRD-MCHUGH-006380).

**RESPONSE:**

3.  All communications between Shaffer and any agent or representative of RHR International from January 1, 2017 through the date of response, including but not limited to communications with Guy Beaudin.

**RESPONSE:**

4. All communications between Shaffer and Spence from January 1, 2017 through date of response, including but not limited to the balance of the e-mail correspondence on September 23, 2020 (FIFTH-THIRD-MCHUGH-006423).

**RESPONSE:**

5. All communications between Shaffer and Carmichael from January 1, 2017 through date of response, including but not limited to the balance of the e-mail correspondence reflected in FIFTHTHIRD-MCHUGH-006500, and a copy of the full e-mail with date and recipient.

**RESPONSE:**

6. All communications, reports, meeting minutes and proposals between any agent or representative of FW Cook, and any individuals at Fifth Third from January 1, 2017 through the date of response.

**RESPONSE:**

7. All communications, reports, meeting minutes and proposals between any agent or representative of RHR International, and any individuals at Fifth Third from January 1, 2017 through the date of response.

**RESPONSE:**

8. All PowerPoint presentations relating to Executive Talent Management Updates and succession planning for the years January 1, 2015 through the date of response, including but not limited to any and all draft versions of such presentations.

**RESPONSE:**

9. All communications between August 1, 2019 and December 31, 2019 which in any way relate or refer to succession planning, candidates for the President and/or CEO role, or the December 17, 2019 Board of Directors meeting's review of succession timelines and candidates for the CEO position. These include, but are not limited to, any and all communications between:

   (a) Carmichael and Shaffer, Spence, or any Board member;

      **RESPONSE:**

   (b) Shaffer and Nancy Pinckney, Elizabeth McKay, Spence, or any Board member;

      **RESPONSE:**

   (c) Any other individual in this time period who had communications relating to the above topics.

      **RESPONSE:**

10.     All communications which relate or refer to the "Human Capital and Executive Talent Management and Succession Plan Updates" presented to the Fifth Third Board of Directors on December 17, 2019.

**RESPONSE:**

11.     All drafts or preliminary versions of the "Human Capital and Executive Talent Management and Succession Plan Updates" PowerPoint presentation to the Fifth Third Board of Directors on December 17, 2019.

**RESPONSE:**

12.     All communications which relate or refer to the "Human Capital and Executive Talent Management and Succession Plan Updates" PowerPoint presentation to the Fifth Third Board of Directors on December 17, 2019, including but not limited to any and all communications relating or referring to draft or preliminary versions of the PowerPoint Presentation.

**RESPONSE:**

13.     All notes, journals, memoranda, accounts, diaries, materials, handouts, computer-stored documents, or other documents made by Carmichael, Shaffer, or any board member which pertain or otherwise relate to:

   (a) the review of potential succession timelines and candidates for the Chief Executive Officer ("CEO") position at the December 17, 2019 Board of Directors meeting.

   **RESPONSE:**

(b) The top succession candidates, and potential timelines for their readiness and key development priorities for each such candidate.

**RESPONSE:**

(c) The potential external candidates that could be considered for the CEO role, including a discussion of the known capabilities of such candidates and the potential challenges created by appointment of an external candidate for the role.

**RESPONSE:**

(d) Details of development priorities and plans to cultivate internal candidates for the role and the expected timelines for completion of such development plans and candidate readiness.

**RESPONSE:**

(e) the Executive Session entered into on December 17, 2019 by the Board of Directors following conclusion of the Executive Performance Review discussion, including but not limited to discussions of key talent management and succession planning concerns.

**RESPONSE:**

14. All documents which relate or refer to the Leader Capabilities ratings for Plaintiff and Timothy Spence for the years 2017 through 2020, including the categories (i) Act Like an Owner; (ii) Be a Great Coach; (iii) Create Connections; and (iv) Lead with Agility.

**RESPONSE:**

15. The Employee Engagement Survey Results for 2017 through 2019 with respect to Plaintiff.

**RESPONSE:**

16. The Employee Engagement Survey results for 2017 through 2019 with respect to Timothy N. Spence.

**RESPONSE:**

17. The Customer Experience Scores for 2017 through 2019 with respect to Plaintiff.

**RESPONSE:**

18. The Customer Experience Scores for 2017 through 2019 with respect to Timothy N. Spence.

**RESPONSE:**

19. Documents which relate to or support Defendant's decision not to promote Plaintiff to the position of President of Fifth Third.

**RESPONSE:**

20. Documents which relate to or support Defendant's decision to move Plaintiff to the position of Head of Consumer Banking in October 2020.

**RESPONSE:**

21. All documents submitted to the individual(s) making the decision to promote Timothy N. Spence to the position of President.

**RESPONSE:**

22. All documents identified, relied upon, or referred to in answering any of the above Interrogatories or Requests for Admission.

**RESPONSE:**

23. Each and every document, writing and/or other tangible thing that supports any defenses you intend to raise.

**RESPONSE:**

24. All documents you intend to introduce or may introduce at the trial, arbitration, or other hearing of this matter, or during any deposition.

**RESPONSE:**

25. All expert witness reports, evaluations, or other communications from any expert witness that you may call at trial or otherwise rely upon for purposes of this litigation.

**RESPONSE:**

Respectfully submitted,

/s/ John J. McHugh, III
John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
(419) 885-3597
(419) 885-3861 (fax)
**Co-Counsel for Plaintiff Philip R. McHugh**

/s/ Joshua M. Smith
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., LPA
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2733 (fax)
pas@sspfirm.com
jms@sspfirm.com
**Co-Counsel for Plaintiff Philip R. McHugh**

17

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that a copy of the foregoing was served on Michael L., Cioffi, David J. Oberly, and Thomas H. Stewart of Blank Rome, LLP, on this 27th day of September, 2021 via ordinary and/or electronic mail.

/s/ Joshua M. Smith
Joshua M. Smith (0092360)