# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| PHILIP R. McHUGH, | : |
| Plaintiff, | : |
| | : |
| vs. | : Case No. 1:21-cv-00238-MRB |
| | : |
| FIFTH THIRD BANCORP, *et al.*, | : Judge: Hon. Michael R. Barrett |
| Defendants. | : |
| | : |

## DEFENDANTS/COUNTERCLAIMANTS FIFTH THIRD BANCORP'S, FIFTH THIRD BANK, NATIONAL ASSOCIATION'S & GREGORY D. CARMICHAEL'S OBJECTIONS & RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael (collectively "Fifth Third Bank" or the "Bank"), by and through their undersigned counsel, Blank Rome LLP, hereby serve the within Objections and Responses to Plaintiff Philip McHugh's ("Plaintiff") Second Set of Requests for Production of Documents ("Requests").

## PRELIMINARY STATEMENT

These responses to Plaintiff's Requests are based upon discovery and investigation conducted to date. Fifth Third Bank reserves the right to supplement these responses with, and/or introduce at trial, evidence and documents not identified at this time that are subsequently discovered and/or the relevance of which is subsequently ascertained. The fact that Fifth Third Bank has responded in part or at all to any of the Requests herein is not intended to be and shall not be construed as a waiver by Fifth Third Bank of all or any part of any objection to any such Request.

## GENERAL OBJECTIONS

The following objections are incorporated into each and every response to Plaintiff's Requests:

1.       Fifth Third Bank has not completed its investigation of the facts relating to this case, its discovery in this case, or its preparation for trial. The responses contained herein are based only upon the information and documents presently available to and known by Fifth Third Bank. Nothing contained herein shall be used to preclude Fifth Third Bank from further research and investigation of the facts or from presentation of the results of that research and investigation to the trier of fact at the time of trial.

2.       The following responses are provided without prejudice to the right of Fifth Third Bank to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently unknown material facts, and to produce and introduce all evidence when discovered relating to proof of subsequently discovered material facts. Moreover, because the facts and evidence now known may be imperfectly understood, or the relevance or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following responses. Fifth Third Bank reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

3.       To the extent that a Request has not been objected to, Fifth Third Bank has used reasonable diligence to obtain facts, documents, and things responsive to the Requests responded to herein. To the extent that Plaintiff seeks to require Fifth Third Bank to do more than the foregoing, the Requests are objected to on the grounds that they are not relevant to any party's

2

claim or defense, not proportional to the needs of the case, and impose an undue burden and expense not commensurate with any legitimate discovery need.

4.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent that they seek disclosure of facts or other information that is protected from disclosure by the attorney-client privilege, the attorney work product privilege, any other applicable privilege or protection, or that is otherwise protected from discovery. Fifth Third Bank will not undertake to produce any such privileged or protected information, and nothing contained herein is intended as, or shall be deemed, a waiver of any attorney-client privilege, attorney work product privilege, or any other applicable privilege.

5.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, on the grounds that they are overbroad, unduly burdensome, unreasonable, vexatious, harassing and oppressive, in that they seek information that is not relevant to any party's claim or defense in this case. By responding to the Requests and each Request as set forth herein, Fifth Third Bank will not undertake to provide any facts or documents that are not relevant to any party's claim or defense or not proportional to the needs of this case, and Fifth Third Bank expressly disavows any obligation or undertaking not interposed by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of Ohio, or any other applicable law.

6.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent they seek information protected by rights of privacy of any person or entity.

7.      Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent that they purport to require Fifth Third Bank to disclose

information, documents, or other materials constituting or containing, in whole or in part, confidential data, proprietary information, non-public information, and/or financial information relating or pertaining to Fifth Third Bank, its past or present employees, or other persons or entities.

8.     Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, to the extent that the information called for in the Requests is at least equally available to Plaintiff, or is already in the possession of Plaintiff or his counsel.

9.     Fifth Third Bank hereby expressly reserves its right to supplement or amend this response, or any of the various responses contained herein, in the future should Fifth Third Bank discover additional information that may be responsive to the Requests. Nothing contained herein shall obligate or commit Fifth Third Bank to supplement or amend this response, or any of the various responses contained herein.

Subject to and without waiving the foregoing Preliminary Statement and General Objections, Fifth Third Bank makes the following specific objections and responses to Plaintiff's Requests:

## SPECIFIC OBJECTIONS & RESPONSES TO REQUESTS FOR PRODUCTION

1.     The electronic calendar (including but not limited to any calendar maintained in Microsoft Outlook) maintained by Philip R. McHugh during his employment at Fifth Third, including from January 1, 2017 through October 17, 2020.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the term "electronic calendar" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of the case. Fifth Third Bank objects to this Request because it seeks confidential and/or commercial sensitive business information that bears no relevance to this case as framed by the pleadings.

4

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the electronic file containing Plaintiff's Outlook calendar produced in response to Plaintiff's Second Set of Requests for Production of Documents.

2.       All communications between Shaffer and any agent or representative of FW Cook from January 1, 2017 through the date of response, including but not limited to the balance of the e-mail correspondence on September 3, 2019 (FIFTHTHIRD-MCHUGH-006380).

RESPONSE: Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005400; 005990; 006380; and 006941-006942. Further, the balance of the email correspondence at FifthThird-McHugh-006380 can be found at 005401-005411 and 006381-006413.

3.       All communications between Shaffer and any agent or representative of RHR International from January 1, 2017 through the date of response, including but not limited to communications with Guy Beaudin.

RESPONSE: Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not

5

proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000977; 000988-000989; 001041; 001071-001073; 001074-001079; 005683-005685; 005686; 005687-005688; 005689; 005697-005698; 005699; 005704; 005705; 005712; 005930-005931; 005951; 006094-006095; 006098-006102; 006257-006259; and 006282.

4.      All communications between Shaffer and Spence from January 1, 2017 through

date of response, including but not limited to the balance of the e-mail correspondence on

September 23, 2020 (FIFTH-THIRD-MCHUGH-006423).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the term "between" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from individuals not named as parties to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005851; 006272; 006423; 007179; 007181; and 007182. Further, the balance of the email correspondence at FifthThird-McHugh-006432 can be found at 006439-006462.

5.     All communications between Shaffer and Carmichael from January 1, 2017 through date of response, including but not limited to the balance of the e-mail correspondence reflected in FIFTHTHIRD-MCHUGH-006500, and a copy of the full e-mail with date and recipient.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the term "between" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from an individual not named as a party to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation by the attorney client-privilege and/or the attorney work product privilege.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000286; 000469-000470; 001061-001062; 001465; 005348; 005349; 005398-005399; 005596; 005949; 006035-006036; 006096-006097; 006119; 006260; 006414-006415; 006500-006501; 007090-007091; 007092-007093; 007133-007134; 007135-007136; 007179; 007180; 007181; 007182; 007183; 007184; 007185; 007186; 007187; and 007190. Further, the balance of the email correspondence at FifthThird-McHugh-006500 can be found at 006502-006551.

6.      All communications, reports, meeting minutes and proposals between any agent or representative of FW Cook, and any individuals at Fifth Third from January 1, 2017 through the date of response.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party not named as a Defendant in this case. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

> Subject to and without waiver of its objections, Fifth Third Bank responds to this request as follows: with the exception of the communications identified in Fifth Third Bank's response to Request for Production No. 2, Fifth Third Bank does not have any communications, reports, meeting minutes, or proposals between FW Cook and Fifth Third Bank that pertain to any party's claim or defense in this action.

7.      All communications, reports, meeting minutes and proposals between any agent or representative of RHR International, and any individuals at Fifth Third from January 1, 2017 through the date of response.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control.

Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000954-000976; 000977; 000978-000985; 000988-000989; 000990-001012; 001013-001032; 001033-001040; 001041; 001042-001060; 001063-001070; 001071-001073; 001074-001079; 001080-001085; 001086-001096; 001458-001463; 005391-005394; 005549-005552; 005631-005633; 005672-005673; 005674-005675; 005676-005680; 005681-005682; 005683-005685; 005686; 005687-005688; 005689; 005690-005694; 005696; 005697-005698; 005699; 005704; 005705-005706; 005707-005711; 005712; 005715-005717; 005930-005931; 005932-005937; 005938-005943; 005951; 006037-006047; 006055-006061; 006088-006093; 006094-006095; 006096-006097; 006098; 006257-006259; 006280-006281; 006282; 006419-006421; 006433-006438; 006688-006698; 006699-006709; 007094-007096; and 007097-007107.

8.     All PowerPoint presentations relating to Executive Talent Management Updates and succession planning for the years January 1, 2015 through the date of response, including but not limited to any and all draft versions of such presentations.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the phrase "relating to" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005350-005373; 005401-005411; 005412-005444; 005447-005481; 005483-005515; 005516-005548; 005553-005595; 005597-005630; 005635-005671; 005727-005776; 005778-005810; 005811-005843; 005852-005878; 005887-005929; 006002-006030; 006062-006085; 006173-006222; 006224-006256; 006330-006379; 006439-006462; 006502-006551; 006552-006687; 006714-006761; 006762-006811; 006812-006835; 006836-006885; 006886-006940;

006943-006989; 006990-007015; and 007016-007065.

9.     All communications between August 1, 2019 and December 31, 2019 which in any way relate or refer to succession planning, candidates for the President and/or CEO role, or the December 17, 2019 Board of Directors meeting's review of succession timelines and candidates for the CEO position. These include, but are not limited to, any and all communications between:

(a)   Carmichael and Shaffer, Spence, or any Board member;

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this request because the phrase "relate or refer to" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 001104; 001464; 001465; 005400; 005882; 005949; 005958; 005990; 006048; 006119; 006171-006172; 006273-006274; 006328-006329; 006380; 006422; 006500-006501; and 006713.

(b)   Shaffer and Nancy Pinckney, Elizabeth McKay, Spence, or any Board member;

**RESPONSE:** Fifth Third Bank incorporates by reference its response to Request for Production No. 9(a) as if fully set forth herein.

(c)   Any other individual in this time period who had communications relating to the above topics.

**RESPONSE:** Fifth Third Bank incorporates by reference its response to Request for Production No. 9(a) as if fully set forth herein.

10.    All communications which relate or refer to the "Human Capital and Executive Talent Management and Succession Plan Updates" presented to the Fifth Third Board of Directors on December 17, 2019.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the phrase "relate or refer to" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh: 000590; 001104; 001465; 005400; 005725; 005882; 005949; 005958; 005990-005991; 006048; 006119; 006171; 006273; 006328; 006380; 006422; 006500; and 006713.

11.    All drafts or preliminary versions of the "Human Capital and Executive Talent Management and Succession Plan Updates" PowerPoint presentation to the Fifth Third Board of Directors on December 17, 2019.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the terms "drafts" and "preliminary versions" are undefined, vague, and ambiguous, and are therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 006120-006170; 006173-006222; 006330-006379; 006502-006551; 006714-006761; 006762-006811; 006836-006885; 006886-006940; 006943-006989; and 007016-007065.

12.     All communications which relate or refer to the "Human Capital and Executive Talent Management and Succession Plan Updates" PowerPoint presentation to the Fifth Third Board of Directors on December 17, 2019, including but not limited to any and all communications relating or referring to draft or preliminary versions of the PowerPoint Presentation.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the phrase "relate or refer to" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request because it is duplicative, as it seeks the same documentation as Request No. 10. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.
>
> Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: see Fifth Third Bank's response to Request for Production No. 10.

13.     All notes, journals, memoranda, accounts, diaries, materials, handouts, computer-stored documents, or other documents made by Carmichael, Shaffer, or any board member which pertain or otherwise relate to:

> (a) the review of potential succession timelines and candidates for the Chief Executive Officer ("CEO") position at the December 17, 2019 Board of Directors meeting.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the terms "notes," "journal," "memorandum," "account," "diary," material," "handout," "computer-stored document," and "made" are undefined, vague, and ambiguous, and are therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 001104; 001105-001154; 001465; 001466-001515; 005400; 005401-005411; 005882; 005949; 005990; 006048; 006119;

006120-006170; 006171-006172; 006173-006222; 006273-006274; 006328-006329; 006330-006379; 006380; 006381-006413; 006422; 006500-006501; 006502-006551; 006713; 006714-006761; and 006762-006811.

    (b) The top succession candidates, and potential timelines for their readiness and key development priorities for each such candidate.

**RESPONSE:** Fifth Third Bank incorporates by reference its response to Request for Production No. 13(a) as if fully set forth herein.

    (c) The potential external candidates that could be considered for the CEO role, including a discussion of the known capabilities of such candidates and the potential challenges created by appointment of an external candidate for the role.

**RESPONSE:** Fifth Third Bank incorporates by reference its response to Request for Production No. 13(a) as if fully set forth herein.

    (d) Details of development priorities and plans to cultivate internal candidates for the role and the expected timelines for completion of such development plans and candidate readiness.

**RESPONSE:** Fifth Third Bank incorporates by reference its response to Request for Production No. 13(a) as if fully set forth herein.

    (e) the Executive Session entered into on December 17, 2019 by the Board of Directors following conclusion of the Executive Performance Review discussion, including but not limited to discussions of key talent management and succession planning concerns.

**RESPONSE:** Fifth Third Bank incorporates by reference its response to Request for Production No. 13(a) as if fully set forth herein.

14. All documents which relate or refer to the Leader Capabilities ratings for Plaintiff and Timothy Spence for the years 2017 through 2020, including the categories (i) Act Like an Owner; (ii) Be a Great Coach; (iii) Create Connections; and (iv) Lead with Agility.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the phrase "relate or refer to" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, is not proportional to the needs of this case, and imposes an undue burden and expense not commensurate with any legitimate discovery need.

> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000456-00460; 000461-000462; 000592-000593; 000649-000650; 000655-000659; 000846-000850; and 000851-000852.

15. The Employee Engagement Survey Results for 2017 through 2019 with respect to Plaintiff.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, is not proportional to the needs of this case, and imposes an undue burden and expense not commensurate with any legitimate discovery need.

> Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: At this time, Fifth Third Bank has been unable to locate or otherwise obtain the documents relating to Plaintiff that are responsive to this Request. Fifth Third Bank will, however, continue to search and, consistent with its obligations under the Federal Rules of Civil Procedure, supplement its responses with any documents responsive to this Request that it is able to obtain and will do so immediately upon obtaining such documents.

16. The Employee Engagement Survey results for 2017 through 2019 with respect to Timothy N. Spence.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks

information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, is not proportional to the needs of this case, and imposes an undue burden and expense not commensurate with any legitimate discovery need.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: At this time, Fifth Third Bank has been unable to locate or otherwise obtain the documents relating to Plaintiff that are responsive to this Request. Fifth Third Bank will, however, continue to search and, consistent with its obligations under the Federal Rules of Civil Procedure, supplement its responses with any documents responsive to this Request that it is able to obtain and will do so immediately upon obtaining such documents.

17.    The Customer Experience Scores for 2017 through 2019 with respect to Plaintiff.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, is not proportional to the needs of this case, and imposes an undue burden and expense not commensurate with any legitimate discovery need.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: At this time, Fifth Third Bank has been unable to locate or otherwise obtain the documents relating to Plaintiff that are responsive to this Request. Fifth Third Bank will, however, continue to search and, consistent with its obligations under the Federal Rules of Civil Procedure, supplement its responses with any documents responsive to this Request that it is able to obtain and will do so immediately upon obtaining such documents.

18.    The Customer Experience Scores for 2017 through 2019 with respect to Timothy

N. Spence.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, is not proportional to the needs of this case, and imposes an undue burden and expense not commensurate with any legitimate discovery need.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: At this time, Fifth Third Bank has been unable to locate or otherwise obtain the documents relating to Plaintiff that are responsive to this Request. Fifth Third Bank will, however, continue to search and, consistent with its obligations under the Federal Rules of Civil Procedure, supplement its responses with any documents responsive to this Request that it is able to obtain and will do so immediately upon obtaining such documents.

19.     Documents which relate to or support Defendant's decision not to promote

Plaintiff to the position of President of Fifth Third.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it misstates and/or attempts to characterize the facts and applicable law, and assumes matters in controversy. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope. Fifth Third Bank objects to this Request to the extent it seeks documents not within Fifth Third Bank's possession, custody, or control. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.
>
> Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production, at Bates Numbers FifthThird-McHugh-00001 to 007203.

20.     Documents which relate to or support Defendant's decision to move Plaintiff to

the position of Head of Consumer Banking in October 2020.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the phrases "relate to" and "support" are undefined, vague, and ambiguous, and are therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request because it is duplicative, as it seeks the same documentation as Request No. 34 of Plaintiff's First Set of Requests for Production of Documents. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.
>
> Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: see Fifth Third Bank's response to Request No. 34 of Plaintiff's First Set of Requests for Production of Documents.

21.     All documents submitted to the individual(s) making the decision to promote

Timothy N. Spence to the position of President.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks

16

information and documentation that is not relevant to any party's claim or defense and not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope. Fifth Third Bank objects to this Request because it does not define the subject matter of the Request or confine the Request to matters relevant to this litigation or within relevant time periods. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production, at Bates Numbers FifthThird-McHugh 000954-000976; 001019-001024; 001025-001032; 005350-005373; 005727-005776; and 005778-005810.

22.      All documents identified, relied upon, or referred to in answering any of the above

Interrogatories or Requests for Admission.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it seeks information and documentation that is not relevant to any party's claim or defense and not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production, at Bates Numbers FifthThird-McHugh-000001 to 007203.

23.      Each and every document, writing and/or other tangible thing that supports any

defenses you intend to raise.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope. Fifth Third Bank objects to this Request to the extent it seeks documents not within Fifth Third Bank's possession, custody, or control. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production, at Bates Numbers FifthThird-McHugh-000001 to 007203. Fifth Third Bank further reserves the right to supplement this response as discovery progresses and in accordance with the Court's pretrial disclosure deadlines.

24. All documents you intend to introduce or may introduce at the trial, arbitration, or

other hearing of this matter, or during any deposition.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: Fifth Third Bank has not yet identified what documents it intends to use at trial or any other hearing or arbitration pertaining to this matter, but will disclose the requested, discoverable documentation at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable case management orders.

25. All expert witness reports, evaluations, or other communications from any expert

witness that you may call at trial or otherwise rely upon for purposes of this litigation.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank responds to this Request as follows: to date, Fifth Third Bank's experts have not generated any report or evaluation in connection with this litigation. Fifth Third Bank will disclose the requested, discoverable documentation at the appropriate time and in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable case management orders.

Respectfully submitted,

**DATE:** December 22, 2021                    **BLANK ROME LLP**

                                       *s/ Michael L. Cioffi*

Michael L. Cioffi (0031098)
David J. Oberly (0088410)
Thomas H. Stewart (0059246)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: michael.cioffi@blankrome.com
Email: david.oberly@blankrome.com
Email: tom.stewart@blankrome.com

*Attorneys for Defendants/Counterclaimants*
*Fifth Third Bancorp, Fifth Third Bank,*
*National Association, and Gregory D.*
*Carmichael*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael L. Cioffi, hereby certify that on December 22, 2021, a copy of the foregoing Objections and Responses to Plaintiff's Second Set of Requests for Production of Documents of Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael was served by electronic email at the following address:

John J. McHugh
McHugh & McCarthy, LTD
5580 Monroe Street
Sylvania, Ohio 43560
mchugh@mchughlaw.com

Peter A. Saba
Joshua M. Smith
Stagnaro, Saba & Patterson Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorney for Plaintiff,*
*Philip McHugh*

**BLANK ROME LLP**

 *s/ Michael L. Cioffi*
Michael L. Cioffi (0031098)

*Attorney for Defendants/Counterclaimants*
*Fifth Third Bancorp, Fifth Third Bank,*
*National Association, and Gregory D.*
*Carmichael*