# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | ) | Case No. |
| | ) | |
| Movant, | ) | *Related to: Philip R. McHugh v. Fifth Third* |
| | ) | *Bancorp, et al.*, No. 1:21-cv-00238 (S.D. |
| v. | ) | Ohio) |
| | ) | |
| **RHR INTERNATIONAL, LTD.** | ) | Judge |
| | ) | |
| Respondent. | ) | Magistrate Judge |

**MOTION TO COMPEL OUT OF STATE DISCOVERY**
**OR, IN THE ALTERNATIVE, TO TRANSFER**

Movant, Philip R. McHugh, by and through his local counsel Sabreena El-Amin of CTM Legal Group and attorneys Peter A. Saba and Joshua M. Smith (*pro hac vice* application pending) of SSP Law Co., L.P.A., and pursuant to Federal Rules of Civil Procedure 26, 34, and 45, hereby initiates this action to move to compel non-party, RHR International, Ltd. ("RHR"), to electronically produce the documents requested in the September 18, 2024 subpoena served upon RHR.[1]

**INTRODUCTION**

1. This action is being initiated to compel Respondent to produce relevant and responsive documents requested by subpoena in an ongoing age discrimination lawsuit in the United States District Court for the Southern District of Ohio. Movant Philip R. McHugh filed a lawsuit against his employer and sought third party discovery via subpoena to Respondent. For

---

[1] The subpoena served upon RHR on September 18, 2024 is a consolidated version of prior subpoenas served on RHR on April 1, 2022 and April 21, 2023, related to the production of documents. Those subpoenas were opposed by RHR, resulting in the filing of a prior motion to compel with the issuing Court, the U.S. District Court for the Southern District of Ohio. (*See* Doc. # 40, PAGEID # 2364-2378). Following briefing, the Court dismissed the motion without prejudice to re-filing in the Northern District of Illinois.

1

nearly two years, RHR has refused to produce a single responsive document, instead resorting to a myriad of general blanket objections. Plaintiff has exhausted all extrajudicial efforts, and now moves this Court for an order compelling RHR to produce the documents requested.

## RELEVANT BACKGROUND

2.       On October 28, 2020, McHugh filed a Complaint in the Hamilton County Court of Common Pleas, asserting age discrimination claims under Ohio Revised Code Section 4112.02 against Defendants Fifth Third[2] and Greg Carmichael, captioned *Philip R. McHugh v. Fifth Third Bancorp, et al.*, Case No. A2003792.

3.       On March 18, 2021, following receipt of a notice of dismissal and right to sue from the Equal Employment Opportunity Commission (EEOC), Plaintiff amended his Complaint to include six counts of age discrimination and retaliation under the Age Discrimination in Employment Act and O.R.C. 4112.02.

4.       On April 8, 2021, Defendants removed the case to federal court in the U.S. District Court for the Southern District of Ohio, where it is currently pending under Case No. 1:21 cv 00238 ("Ohio Litigation").

5.       On September 18, 2024, Movant served a subpoena issued by the United States District Court for the Southern District of Ohio upon Respondent requesting production of documents related to the Ohio Litigation ("2024 Subpoena"). See Exhibit 1.

6.       RHR is a citizen of Illinois with its principal place of business in this district.

7.       This Court has jurisdiction over this matter pursuant to Federal Rule of Civil Procedure 45 as this is an action to enforce the 2024 Subpoena.

---

[2] The corporate Defendants in the underlying matter are Fifth Third Bank, N.A. and Fifth Third Bancorp. For purposes of this motion, both Defendants are referred to as "Fifth Third" or "the Bank."

8.      Venue is appropriate in this district pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) as Respondent is required to comply with the 2024 Subpoena within this district.

## <u>ARGUMENT</u>

9.      As a part of his complaint, Plaintiff asserts that Defendants promoted a substantially younger individual, Timothy Spence, to the role of President in 2020 and CEO in 2022, succeeding Defendant Carmichael who was promoted into the CEO role in 2015.

10.      RHR provided executive officer assessment services to Fifth Third, including but not limited to the 2020 assessment of Mr. Spence, and a prior 2015 assessment of Carmichael.

11.      The 2024 Subpoena complies with Federal Rule of Civil Procedure 45 and seeks production of documents within RHR's possession and control that are directly relevant to the Ohio Litigation.

12.      On October 4, 2024, RHR's counsel responded to the 2024 Subpoena refusing to produce the requested documents and articulating blanket objections.

13.      Movant and RHR have consulted multiple times, including by letter, e-mail, and telephone, and Movant has made good faith attempts to resolve differences, but the parties have been unable to reach an accord.

14.      On October 25, 2024, Movant's counsel sent a letter to RHR's counsel inviting a phone call in an effort to resolve the ongoing discovery dispute.

15.      Counsel conferred on November 5, 2024 via conference call, and Movant's counsel sent an e-mail re-capping the conference and identifying the outstanding issues discussed, including the following:

- Plaintiff's counsel re-capped the request for production of any assessments of Plaintiff performed by RHR, based upon prior discovery indicating that the original intentions of Fifth Third and RHR were to have Plaintiff and another executive assessed alongside Mr. Spence. Because RHR's counsel confirmed that their client

would provide a verified response that no such responsive documents exist, this issue was resolved.

- Plaintiff's counsel re-iterated the request for all communications between RHR and Fifth Third in 2020 (the year the assessment was conducted), and voiced concerns regarding a gap in those communications between March 18, 2020 and June 8, 2020 based upon documents previously requested from Fifth Third which were not produced. Fifth Third's counsel responded and indicated it is not aware of any such documents, and RHR objected to searching its records or producing any materials given Fifth Third's response.

- Plaintiff's counsel re-iterated the request for draft and final assessments as to Mr. Spence in 2020. RHR's counsel agreed to circle back with their client regarding this request, but ultimately informed Plaintiff that RHR declined to search for or produce any non-final versions of the Spence assessments.

- Plaintiff's counsel also re-iterated the request for draft and final assessments as to Mr. Carmichael in 2015. In an attempt to alleviate RHR's confidentiality objections related to the requests, Plaintiff offered that such production could be done with confidential and/or attorney's eyes only designations under the terms of the parties' Stipulated Protective Order. However, RHR ignored Plaintiff's offer and instead informed Plaintiff that it would decline to search for, and thus decline to produce, the requested documents.

- Plaintiff's counsel similarly offered the use of confidential and/or attorney's eyes only designations under the parties' Stipulated Protective Order with respect to the requests for the underlying documents used/consulted in preparing RHR's assessments, but again, RHR flatly refused to produce the documents.

- Lastly, Plaintiff's counsel re-iterated his request for draft and final versions of the CEO Profiles prepared in connection with Mr. Spence's 2020 assessment and in connection with Mr. Carmichael's 2015 assessment. Plaintiff's counsel initially raised concern regarding potentially unproduced draft versions of the 2020 CEO Profile, Fifth Third's counsel responded, clarifying the production concerns, and this issue was resolved. However, with respect to the request for the draft versions of the 2015 CEO Profile, RHR simply repeated its blanket relevance objection and refused to produce the requested documents.

16.     Through the use of extrajudicial efforts, Movant has been able to narrow the scope of the subpoena to (1) underlying documents used/consulted in preparing the assessment of Tim Spence in 2020; (2) documents relating to Greg Carmichael's assessment in 2015; and (3) communications between RHR and Fifth Third between March 18, 2020 and June 24, 2020.

4

17.     Unfortunately, RHR has maintained its objections as to these three categories of documents and has refused to produce even a single responsive document over the course of more than two years.

18.     As discussed in more detail in the concurrently filed Memorandum in Support of this Motion to Compel, RHR's objections are baseless and the requested documents are relevant to the Ohio Litigation, not subject to any legitimate privilege, and can be produced without meaningful burden on RHR.

19.     As such, Movant seeks to compel RHR to produce (1) documents used/consulted in preparing the assessment of Tim Spence in 2020; (2) documents relating to Greg Carmichael's assessment in 2015; and (3) communications between RHR and Fifth Third between March 18, 2020 and June 24, 2020.

20.     Alternatively, Movant requests this Court transfer these proceedings to the United States District Court for the Southern District of Ohio for further action pursuant to Federal Rule of Civil Procedure 45(f).

WHEREFORE, pursuant to the forgoing, Movant's concurrently filed Memorandum In Support of this Motion to Compel and supporting exhibits[3], Movant respectfully requests that this Court enter an order granting this Motion to Compel, compelling RHR to produce of the above-discussed documents within seven days, granting Movant his reasonable costs and fees associated with presenting this motion, and for such other relief as the Court deems appropriate.

DATED: February 12, 2025                          Respectfully Submitted,

                                                  **PHILIP R. MCHUGH**

---

[3] Contemporaneous with the filing of this Motion, Plaintiff is submitting an Affidavit of Counsel with supporting exhibits attached as **Exhibits 1-11**. Two additional Exhibits (**12-13**) have not been filed at this time due to confidentiality designations by the Defendants pursuant to a Stipulated Protective Order. (*See* Stipulated Protective Order, Doc. # 16, PAGEID # 1876). Contemporaneous with the filing of this motion, Plaintiff is also filing a Motion for Leave to file such documents under seal.

*/s/ Sabreena El-Amin* _____
Sabreena El-Amin
CTM LEGAL GROUP
77 W. Washington Street, Suite 2120
Chicago, IL 60602
(312) 818-6700
sel-amin@ctmlegalgroup.com

*/s/ Peter A. Saba* _____
Peter A. Saba, Esq. (*pro hac vice*
application pending)
Joshua M. Smith, Esq. (*pro hac vice*
application pending)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com
**Co-Counsel for Plaintiff Philip R.
McHugh**

JOB: 11824522
CLIENT: Stagnaro, Saba & Patterson, Co., L.P.A.

# AFFIDAVIT OF SPECIAL PROCESS SERVER

**CASE:** 1:21-cv-00238

**COURT:** United States District Court

**PLAINTIFF / PETITIONER:** Philip R. McHugh

**DEFENDANT / RESPONDENT:** Fifth Third Bancorp, et al.

I, **William Carlson [License 115-002378]**, being duly sworn on oath state that I am over 18 years of age and not a party to this suit and that I am registered employee of a Illinois Private Detective Agency **"Carlson Investigations, Inc. [License 117-001360]"**, licensed by the Illinois Department of Financial and Professional Regulation and therefore authorized, pursuant to the provisions of Chapter 735 ILCS, Code of Civil Procedure, Section 5/2-202, Illinois Compiled Statutes, to serve process in the above cause.

Further, **I William Carlson [License 115-002378]** effected service on **RHR INTERNATIONAL, LLP.** in the following manner listed below.

**CORPORATE SERVICE** effected on **Wednesday September 18, 2024, 2:29 pm** By leaving a copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action** with **Dionee Anderson - Intake Specialist for CT Corporation System [Registered Agent]** who was authorized to accept service on behalf of **RHR INTERNATIONAL, LLP.** Service was effected at **208 S La Salle St #814, Chicago, IL 60604.**

**Dionee Anderson** is described as follows:

| Female | 30's | African American |
|--------|------|------------------|
| **Gender** | **Age** | **Ethnicity** |

Under penalties of perjury as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

_____    September 19, 2024
**William Carlson [License 115-002378]**    **Date**

Exhibit 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Ohio

|  |  |
|---|---|
| Philip R. McHugh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-00238 |
| Fifth Third Bancorp, et al. | ) |
|  | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CT Corporation System Statutory Agent of RHR International LLP; 208 SO LaSalle St., Suite 814, Chicago, IL 60604

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibits A-B, which were previously served on RHR on March 31, 2022 (Exhibit A) and April 19, 2023 (Exhibit B).

| Place: sel-amin@ctmlegalgroup.com OR CTM Legal Group, 77 W. Washington St., Suite 2120, Chicago, IL 60602 | Date and Time: 10/04/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/17/2024

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Philip R. McHugh
_____, who issues or requests this subpoena, are:
Joshua M. Smith, 2623 Erie Avenue, Cincinnati, Ohio 45208, jms@sspfirm.com, 513-533-6715

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-cv-00238

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

1.      Any and all Assessments of Timothy Spence, including but not limited to, Assessments for the position of President or Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2016, to the present.

2.      Any and all draft Assessments of Timothy Spence, including, but not limited to, draft Assessments for the position of President or Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2016, to the present.

3.      Any and all Correspondence with Fifth Third Bank regarding Timothy Spence from January 1, 2016, to the present.

4.      All Documentation used or consulted in your preparation of any Assessment of Timothy Spence from January 1, 2016, to the present.

5.      Any and all Assessments of candidates other than Timothy Spence, including, but not limited to, Assessments for the position of President or Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2016, to the present.

6.      Any and all draft Assessments of candidates other than Timothy Spence, including, but not limited to, draft Assessments for the position of President or Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2016, to the present.

7.      Any and all Correspondence (defined to include hard copy, email, text messages, any other form of written communication, and summaries of oral communication) with Fifth Third Bank regarding the Assessment of potential candidates other than Timothy Spence, from January 1, 2016, to the present.

8.    All Documentation used or consulted in your preparation of an Assessment of any candidate other than Timothy Spence, including, but not limited to, for the position of President or Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2016, to the present.

9.    Any and all Assessments of Philip McHugh for any position at Fifth Third Bank from January 1, 2016, to the present.

10.    Any and all draft Assessments of Philip McHugh for any position at Fifth Third Bank from January 1, 2016, to the present.

11.    Any and all Correspondence with Fifth Third Bank regarding Philip McHugh from January 1, 2016, to the present.

12.    All Documentation used or consulted in your preparation of an Assessment of Philip McHugh for any position at of Fifth Third Bank from January 1, 2016, to the present.

13.    Any Correspondence between any individual at RHR International LLP, Inc., and any individual at Fifth Third regarding an Assessment of candidates including, but not limited to, Assessments for the position of President or Chief Executive Officer (CEO) at Fifth Third Bank from January 1, 2016, to the present.

14.    Any Correspondence or Documents in any way relating to succession planning at Fifth Third from January 1, 2016, to the present.

15.    Any Correspondence or Documents in any way relating to executive development at Fifth Third from January 1, 2016 to the present.


The following definitions shall apply to the above requests:

1.  "Fifth Third Bank" shall be defined to include any person or entity acting on behalf of it, including but not limited to employees, agents, officers, directors, managers, members, subsidiary or parent or sibling corporate entities, and/or other representatives

2. "President" shall be defined to include the leader of the company's executive group or the top or most senior person who presides over the business.

3. "Chief Executive Officer" or "CEO" shall be defined to include the highest-ranking officer or employee within the company.

4. "Documentation" shall be defined to include all written or graphic matter of every kind or description, however produced or reproduced, whether drafted or final, original or copy, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to correspondence, letters, memorandum, summaries of conversations or telephone conversations, minutes or records of meetings, conferences or seminars, notebooks, diaries, desk calendar, contracts, agreements, preliminary and final reports, opinions or reports of consultants, projections, estimates, loan applications, financial statements, bills, invoices, receipts, loan sheets, checks, checkbooks, purchase orders, change orders, confirmations, facsimiles, e-mails, telegrams, telexes, computer disks, digital or analog recordings, tape recordings, video recordings, photographs, drawings, charts, and plans. The term "document" means every document as above defined known to you and in your possession, custody or control, or under the control of your agents, attorneys, officers, directors, shareholders, members, managers, employees, or other similar persons, and includes every such document which can be located or discovered by diligent effort. "Document" includes electronically stored information ("ESI"). Where possible, electronically stored information should be produced in its native form, except that electronically stored information which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet) or in hard copy.

5. "Assessments" shall be defined to include any "executive assessments" performed by RHR International, including those which make any evaluations, judgments, recommendations, or determinations as to a particular individual's value, nature, character, or qualities for an actual or potential employment role.

6. "Correspondence" shall be defined to include any disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message, or other "document" form, including but not limited to discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

## EXHIBIT B

16.      All Documents which contain, include, or otherwise refer to questions asked of Timothy N. Spence for purposes of assessment work performed by RHR International.

17.      All Documents which contain, include, or otherwise refer to answers provided by Timothy N. Spence for purposes of assessment work performed by RHR International.

18.      Any and all Assessments of Gregory D. Carmichael, including but not limited to, Assessments for the positions of President or Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2013 to the present.

19.      Any and all draft Assessments of Gregory D. Carmichael, including but not limited to, draft Assessments for the position of President of Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2013 to the present.

20.      Any and all Correspondence (defined to include hard copy, email, text messages, and any other form of written communications, and summaries of oral communication) with Fifth Third Bank regarding any Assessments for Gregory D. Carmichael from January 1, 2013 to the present; and

21.      All draft and final versions of the CEO Profile (i.e., the "winning formula") created for the assessment work to be performed on Gregory D. Carmichael;

22.      Correspondence pertaining to the CEO Profile (i.e., the "winning formula") created or otherwise modified for the assessment work to be performed on Gregory D. Carmichael;

23.      All draft and final versions of the CEO Profile (i.e., the "winning formula") created for the assessment work to be performed on Timothy N. Spence;

24.      Correspondence pertaining to the CEO Profile (i.e., the "winning formula") created or otherwise modified for the assessment work to be performed on Timothy N. Spence;

25.     All Documentation which pertains or otherwise relates to materials to be presented to Fifth Third Bank's Board of Directors in September 2020, including but not limited to any "Board Summaries."

26.     All versions, including drafts, revised drafts, and final versions, of proposals provided to Fifth third Bank relating to executive assessment and development / CEO succession. This includes, but is not necessarily limited to, prior versions of the June 8, 2020 "Proposal: Executive Assessment and Development/CEO Succession – Revised" for "Fifth Third Bank."

27.     All invoices for services provided to Fifth Third Bank by RHR International LLP from January 1, 2013 to the present including, but not limited to, for all assessment or development work performed for Timothy N. Spence or Gregory D. Carmichael.

28.     All completed surveys and Assessments with respect to Timothy N. Spence or Gregory D. Carmichael, including Watson-Glaser, Raven', or Hogan Insight Reports.

The following definitions shall apply to the above requests:

1. "Fifth Third Bank" shall be defined to include any person or entity acting on behalf of it, including but not limited to employees, agents, officers, directors, managers, members, subsidiary or parent or sibling corporate entities, and/or other representatives. The terms includes both Fifth Third Bancorp and Fifth Third Bank, N.A., both of which are defendants in the matter of Philip McHugh v. Fifth Third Bancorp, et al.

2. "President" shall be defined to include the leader of the company's executive group or the top or most senior person who presides over the business, including the position previously held by Gregory D. Carmichael, and the position currently held by Timothy N. Spence.

3. "Chief Executive Officer" or "CEO" shall be defined to include the highest-ranking officer or employee within Fifth Third Bank, including the position previously held by Gregory D. Carmichael, and the position currently held by Timothy N. Spence.

4. "Documentation" shall be defined to include all written or graphic matter of every kind or description, however produced or reproduced, whether drafted or final, original or copy, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to correspondence, letters, memorandum, summaries

of conversations or telephone conversations, minutes or records of meetings, conferences or seminars, notebooks, diaries, desk calendar, contracts, agreements, preliminary and final reports, opinions or reports of consultants, projections, estimates, loan applications, financial statements, bills, invoices, receipts, loan sheets, checks, checkbooks, purchase orders, change orders, confirmations, facsimiles, e-mails, telegrams, telexes, computer disks, digital or analog recordings, tape recordings, video recordings, photographs, drawings, charts, and plans. The term "document" means every document as above defined known to you and in your possession, custody or control, or under the control of your agents, attorneys, officers, directors, shareholders, members, managers, employees, or other similar persons, and includes every such document which can be located or discovered by diligent effort. "Document" includes electronically stored information ("ESI"). Where possible, electronically stored information should be produced in its native form, except that electronically stored information which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet) or in hard copy.

5. "Assessment" shall be defined to include any "executive assessments" performed by RHR International, including those which make any evaluations, judgments, recommendations, or determinations as to a particular individual's value, nature, character, or qualities for an actual or potential employment role. This includes but is not necessarily limited to the "Executive Assessment Development Report" created for Timothy N. Spence.

6. "Correspondence" shall be defined to include any disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message, or other "document" form, including but not limited to discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | ) | Case No. 25-CV-01468 |
| | ) | |
| Movant, | ) | *Related to: Philip R. McHugh v. Fifth Third* |
| | ) | *Bancorp, et al.*, No. 1:21-cv-00238 (S.D. |
| v. | ) | Ohio) |
| | ) | |
| **RHR INTERNATIONAL, LTD.** | ) | Judge Steven C. Seeger |
| | ) | |
| Respondent. | ) | Magistrate Judge Beth W. Jantz |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL OUT OF STATE**</u>
<u>**DISCOVERY OR, IN THE ALTERNATIVE, TO TRANSFER**</u>

Movant, Philip R. McHugh, by and through his local counsel Sabreena El-Amin of CTM

Legal Group and attorneys Peter A. Saba and Joshua M. Smith (*pro hac vice* applications pending)

of SSP Law Co., L.P.A.,. and pursuant to Federal Rules of Civil Procedure 26, 34, and 45, hereby

submits this Memorandum in Support of his Motion to Compel non-party, RHR International, Ltd.

("RHR"), to electronically produce the documents requested in the September 18, 2024 subpoena

served upon RHR.

**I.       INTRODUCTION**

Philip McHugh worked at Defendant Fifth Third Bank for 34 years, starting as a bank

associate in October, 1986, and working his way up to Executive Vice President, becoming a

member of the enterprise committee and reporting directly to the Bank's President, Chief

Executive Officer, and Board Chairman at the time, Defendant Greg Carmichael. McHugh lead all

14 of the Bank's regions, along with Wealth & Asset Management, Business Banking, Community

and Economic Development, and Corporate Communications. Despite his qualifications and

significant responsibilities (many of which were those typically reserved for the bank's President),

McHugh (age 55) was denied a promotion to President and CEO in favor of a substantially younger candidate, Tim Spence (age 40), and shortly thereafter was constructively discharged from the bank.

Respondent RHR International's role in this promotion decision was to assess candidates for the President and CEO role in 2020, and present those findings to Fifth Third's board of directors in order to make a decision. Initially in March 2020, RHR was retained to assess three candidates—Spence, McHugh, and the Bank's CFO at the time, Tayfun Tuzun. However, in June 2020, Fifth Third directed that these assessments be limited to one candidate only—Spence—and to solely present the findings of that assessment to the board at its September 2020 board meeting. RHR conducted that assessment, presented a summary to the board of directors, and Spence was then promoted into the role one month later.

## II.    PRODCEDURAL HISTORY AND EXTRAJUDICIAL EFFORTS

### A.  Original and Supplemental Subpoenas to RHR

On April 1, 2022, Plaintiff served a subpoena on RHR for the production of documents related to its executive assessment planning work that it performed for Defendant Fifth Third. The categories of documents requested are provided in Exhibit A to the subpoena (the "Original RHR Subpoena"), but primarily seek documents and communications related to executive assessments performed on Timothy Spence, Phil McHugh, and any other candidates for the position of President or CEO of Fifth Third between January 1, 2016 to the present. (**Exhibit 1** to the Affidavit of Joshua M. Smith – April 1, 2022 Original RHR Subpoena).

On April 14, 2022, RHR's counsel sent a brief letter refusing to comply, claiming the Original RHR Subpoena was improper because it was outside the 100-mile geographic limit under Rule 45(c)(2), and making additional blanket objections that the subpoena "calls for the production

of information and documents that are privileged," and that the documents requested are "necessarily in the possession of named parties," "irrelevant to the named parties' claims and defenses," and "disproportionate to the needs of the case." (**Exhibit 2** to Smith Aff. – April 14, 2022 Corr. From Christopher Bloom to Plaintiff's Counsel).

Plaintiff's counsel responded on April 25, 2022, confirming that the requested documents could be produced via mail or e-mail as indicated in the Original RHR Subpoena, thus rendering the 100-mile geographic limitation inapplicable. (**Exhibit 3** to Smith Aff. – April 25, 2022 Corr. From Plaintiff's Counsel to Bloom). Plaintiff also responded that he was not aware of any applicable privileges to the documents, and that the documents are relevant and discoverable, given that Defendants claim to have made their decision to promote Spence over Plaintiff based in part upon the assessments performed by RHR. (*Id*.).

Following initial Board of Director and Bank executive employee depositions, on April 21, 2023, Plaintiff learned that RHR had also conducted an executive assessment of Defendant Carmichael immediately prior to his promotion to CEO in 2015. As a result, Plaintiff served a supplemental subpoena on RHR (the "Supplemental RHR Subpoena"), with a courtesy copy to RHR's counsel, which included requests for documents related to Carmichael's assessment. (**Exhibit 4** to Smith Aff. – April 21, 2023 Supplemental RHR Subpoena). On May 3, 2023, RHR's counsel responded, reiterating its blanket objections as to the 100-mile geographic limit, privacy/confidentiality concerns, relevance, and that the requested documents are in the parties' possession. (**Exhibit 5** to Smith Aff. – May 3, 2023 Corr. From Bloom to Plaintiff's Counsel). As to the privilege objections, RHR now claimed that the documents are subject to the therapist-patient privilege. (*Id*.). Yet again, RHR refused to produce a single document.

On January 30, 2024, in a further effort resolve these issues, Plaintiff sent another correspondence to RHR's counsel, confirming that Plaintiff would be seeking court enforcement of the Original and Supplemental RHR Subpoenas if documents were not produced. (**Exhibit 6** to Smith Aff. – January 30, 2024 Corr. From Plaintiff's Counsel to Bloom). When no response from RHR was received, Plaintiff then filed a Motion to Compel in the Southern District of Ohio on February 7, 2024 (the "Original Motion"). (*See* Doc. # 40, PAGEID # 2364-2378).

After significant briefing, on August 7, 2024, the Court ultimately dismissed the Original Motion[1] without prejudice to re-filing, determining as a threshold matter that the appropriate place of compliance for the Original and Supplemental RHR Subpoenas was Chicago—not Cincinnati. (*See* Doc. # 68, PAGEID # 3123-3129).

**B. Modified Subpoena to RHR**

As a result of the Court's August 7, 2024 order, and in an attempt to resolve RHR's 100-mile geographic limit objections, Plaintiff served an updated subpoena to RHR requesting the same documents with production in Chicago (the "Modified RHR Subpoena"). (**Exhibit 7** to Smith Aff. – September 18, 2024 Modified RHR Subpoena). On October 4, 2024, RHR's counsel responded, again refusing to produce the requested documents and reiterating its blanket objections. (**Exhibit 8** to Smith Aff. – October 4, 2024 Corr. From Bloom to Plaintiff's Counsel).

**C. Extrajudicial Efforts related to Chicago Subpoena**

On October 25, 2024, Plaintiff's counsel sent a letter to RHR's counsel inviting a phone call in an effort to resolve the ongoing discovery dispute. (**Exhibit 9** to Smith Aff. – October 25, 2024 Corr. From Plaintiff's Counsel to Bloom). Counsel conferred on November 5, 2024 via

---

[1] The Court's August 7, 2024 Order also denied RHR's Motion for Leave to File a Sur-Reply in Response to Plaintiff's Reply in Support of his Motion to Compel as moot.

conference call, and Plaintiff's counsel sent an e-mail re-capping the conference and identifying

the outstanding issues discussed, including the following:

- Plaintiff's counsel re-capped the request for production of any assessments of Plaintiff performed by RHR (*see* **Exhibit 7**, Requests 9-12), based upon prior discovery indicating that the original intentions of Fifth Third and RHR were to have Plaintiff and another executive assessed alongside Mr. Spence. Because RHR's counsel confirmed that their client would provide a verified response that no such responsive documents exist, this issue was resolved.

- Plaintiff's counsel re-iterated the request for all communications between RHR and Fifth Third in 2020 (the year the assessment was conducted) (*see* **Exhibit 7**, Requests 3, 7, 11, 13-15, 24), and voiced concerns regarding a gap in those communications between March 18, 2020 and June 8, 2020 based upon documents previously requested from Fifth Third which were not produced. Fifth Third's counsel responded and indicated it is not aware of any such documents, and RHR objected to searching its records or producing any materials given Fifth Third's response.

- Plaintiff's counsel re-iterated the request for draft and final assessments as to Mr. Spence in 2020. (*See* **Exhibit 7**, Requests 1-2). RHR's counsel agreed to circle back with their client regarding this request, but ultimately informed Plaintiff that RHR declined to search for or produce any non-final versions of the Spence assessments.

- Plaintiff's counsel also re-iterated the request for draft and final assessments as to Mr. Carmichael in 2015. (*See* **Exhibit 7**, Requests 18-20). In an attempt to alleviate RHR's confidentiality objections related to the requests, Plaintiff offered that such production could be done with confidential and/or attorney's eyes only designations under the terms of the parties' Stipulated Protective Order. However, RHR ignored Plaintiff's offer and instead informed Plaintiff that it would decline to search for, and thus decline to produce, the requested documents.

- Plaintiff's counsel similarly offered the use of confidential and/or attorney's eyes only designations under the parties' Stipulated Protective Order with respect to the requests for the underlying documents used/consulted in preparing RHR's assessments (Modified RHR Subpoena Requests 4, 16-17, and 28), but again, RHR flatly refused to produce the documents.

- Lastly, Plaintiff's counsel re-iterated his request for draft and final versions of the CEO Profiles prepared in connection with Mr. Spence's 2020 assessment and in connection with Mr. Carmichael's 2015 assessment. (*See* **Exhibit 7**, Requests 21-24). Plaintiff's counsel initially raised concern regarding potentially unproduced draft versions of the 2020 CEO Profile, Fifth Third's counsel responded, clarifying the production concerns, and this issue was resolved. However, with respect to the

request for the draft versions of the 2015 CEO Profile, RHR simply repeated its blanket relevance objection and refused to produce the requested documents.

(**Exhibit 10** to Smith Aff. – November 6, 2024 E-mail from Plaintiff's Counsel to RHR's Counsel;

**Exhibit 11** to Smith Aff. – November 20, 2024 E-mail from RHR's Counsel to Plaintiff's Counsel).

Through the use of extrajudicial efforts, Plaintiff has been able to narrow the scope of the subpoena to (1) underlying documents used/consulted in preparing the assessment of Tim Spence in 2020 (**Exhibit 7**, Requests 4, 16-17, 28); (2) documents relating to Greg Carmichael's assessment in 2015 (**Exhibit 7**, Requests 18-20); and (3) communications between RHR and Fifth Third between March 18, 2020 and June 24, 2020 (**Exhibit 7**, Requests 3, 7, 11, 13-15, 24). Unfortunately, RHR has maintained its objections as to these three categories of documents and has refused to produce even a single responsive document over the course of 2+ years.

## III. MOTION TO COMPEL PRODUCTION OF DOCUMENTS SUBPOENAED FROM RHR INTERNATIONAL, LTD.

Fed. R. Civ. P. 34(c) and 45 permit subpoenas to non-parties for the production of documents relevant to the litigation. *See* Fed. R. Civ. P. 34(c)("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). "[T]he scope of discovery under a [Rule 45] subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011); *See also FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 19 CV 50122, 2021 U.S. Dist. LEXIS 221225, at *4 (N.D. Ill. Aug. 10, 2021)("The limits of production under a subpoena are essentially the same as the scope of discovery generally under Fed. R. Civ. P. 26, which provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); Fed. R. Civ. P. 45 advisory committee notes to 1991

amendment ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34.").

Fed. R. Civ. P. 26(b) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *See also Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 U.S. Dist. LEXIS 18192, at *2 (N.D. Ill. Dec. 6, 1995)("The scope of discovery should be broad in order to aid the search for the truth. The Federal Rules of Civil Procedure allow discovery regarding any non-privileged matter that is relevant to the subject matter of the action."); Fed. R. Civ. P. 26(b)(1)("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

Since all of RHR's objections have previously been briefed, for the Court's convenience and to avoid unnecessary repetition of the issues, Plaintiff has attached the Original Motion to Compel briefings filed in the underlying lawsuit, *Philip R. McHugh v. Fifth Third Bancorp, et al.*, No. 1:21-cv-00238 (S.D. Ohio), in the Southern District of Ohio. (*See* Plaintiff's Motion to Compel, Doc. # 40, PAGEID # 2364-2378; RHR's Response to Motion to Compel, Doc. # 59, PAGEID # 2517-2535[2]; Plaintiff's Reply in Support of Motion to Compel, Doc. # 61, PAGEID # 2545-2556[3]; RHR's Motion for Leave to File Sur-Reply in Response to Plaintiff's Reply in Support of Motion to Compel, Doc. # 62, PAGEID # 2583-2585[4]; RHR's Memorandum in Support of Motion for Leave to File Sur-Reply, Doc. # 63, PAGEID # 2591-2593; Plaintiff's Memorandum in Opposition to RHR's Motion for Leave to File Sur-Reply, Doc. # 64, PAGEID # 2594-2601;

---

[2] *See also* Exhibit 1 to RHR's Response to Motion to Compel, Doc. # 59-1, PAGEID # 2537-2541.
[3] *See also* Affidavit of Joshua M. Smith, Doc. 61-1, PAGEID # 2557-2582.
[4] *See also* Exhibit A to RHR's Motion for Leave to File Sur-Reply – Proposed Sur-Reply in Opposition to Plaintiff's Motion to Compel, Doc. # 62-1, PAGEID # 2586-2590.

RHR's Reply Memorandum in Support of Motion for Leave to File Sur-Reply , Doc. # 65, PAGEID # 2602-2608).

Since the filing of that Original Motion, and as a result of Plaintiff's further extrajudicial efforts, Plaintiff has been able to narrow the scope of the subpoena to three outstanding categories of documents: (1) the documents underlying RHR's assessment of Spence; (2) documents related to the 2015 Carmichael assessment; and (3) any communications between RHR and Fifth Third between March 18, 2020 and June 24, 2020. RHR has objected to the production of such documents, and those objections are addressed below.

## A. Documents underlying 2020 Spence Assessment

RHR has repeatedly objected to the production of these underlying documents that were used in preparing the 2020 Spence Assessment, on the basis that such documents are generally "privileged, proprietary, and confidential," and contain "sensitive" and "personal" information of individuals who are not parties to this case. RHR has further objected to the production of these documents on the basis that the documents are irrelevant as these materials were not shared the Bank's Board of Directors.

Neither objection is sufficient to serve as a basis for RHR to deny production of the requested documents. None of the underlying documents used or consulted in preparing Spence's executive assessment (i.e., underlying data, scoring/analysis of psychometric tools used, problem-solving-approach assessments, leadership-style assessments, benchmarked experience analyses, 360 feedback interviews, behavioral interviews, etc.) are protected by any recognized privilege from discovery, and, the general "proprietary" or "confidential" nature of the documents as espoused by a producing party is simply not a valid basis for prohibiting disclosure entirely. (*Louisma v. Automated Fin., LLC*, No. 11 C 2104, 2011 U.S. Dist. LEXIS 126120, at *5 (N.D. Ill.

Nov. 1, 2011 ("A general assertion of privilege or protection is not enough to quash a subpoena in toto."); *Cardinal Square, LLC v. Qbe Specialty Ins. Co.*, No. 1:23-cv-00114-JRS-MJD, 2023 U.S. Dist. LEXIS 203996, at *9 (S.D. Ind. Sep. 19, 2023)("While Rule 45(d)(3)(B)(i) permits the quashing of a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information," the Movants' bare assertion that such information is at issue is not sufficient to invoke that provision.")). This is particularly true where a Stipulated Protective Order is in place to protect RHR or Fifth Third from such public disclosure. Plaintiff has made it abundantly clear to RHR that he would agree to the production of these documents under either a confidential and/or attorney's eyes only designation under the Stipulated Protective Order.

RHR's relevance objection is similarly baseless. The fact is, Fifth Third has asserted that it relied upon RHR's assessment in promoting Spence to President and CEO. The underlying documents used or consulted in preparing that assessment are, therefore, subject to discovery for multiple reasons. This includes for purposes of verifying the accuracy of such an assessment, and to compare Spence's qualifications to those of an older, long-tenured executive whom Fifth Third claims it never considered.

**B. Documents related to 2015 Carmichael Assessment**

As more thoroughly discussed in prior briefing,[5] RHR claims that the 2015 Carmichael assessment is irrelevant because it was prepared "five years earlier," pursuant to a "different request for services" and "in response to a different set of criterion."

The reality, however, is that the "services" provided by RHR in 2015 and 2020 were the same – assess potential candidates for CEO of Fifth Third Bank, and report back its findings to the

---

[5] See RHR's Motion for Leave to File Sur-Reply (Doc # 62) and subsequent memoranda (Doc # 63-65).

Bank. (Gregory Carmichael Deposition 295:21-24 ("[P]art of the due diligence for the board would be to do exactly what they did with me. [Marsha Williams] referenced the – [the Board] thought the process that I went through was excellent. [The Board] really liked the firm that did it."); *Id*. at 305:19-21 ("The board wanted to use the firm RHR, because they were very pleased with the process that they went through prior with me in 2015."); Eileen Mallesch Deposition 86:11-13 ("[RHR was] the external consultant to provide an external view of what was the candidate slate [for CEO]."); Nicholas Akins Deposition 88:23-90:22 (In both 2015 and 2020, Fifth Third retained RHR to assess potential candidates for the CEO position and RHR presented its findings to Fifth Third's Board of Directors)). Additionally, evidence shows that the 2015 and 2020 CEO Profiles contain identical "essential leadership behavior" criterion. RHR's mischaracterizations of the two CEO assessment processes further highlights the relevancy of the 2015 assessment documents for purposes of Plaintiff's claims, especially if the 2020 assessment is determined to have deviated from the typical CEO succession processes.

RHR also appears to assert that because the Carmichael assessment was 5 years earlier, and its "business terms" with Fifth Third only permit Fifth Third to utilize an assessment for 3 years. However, RHR's unilaterally determined "business terms" do not dictate what is or is not relevant when it comes to discovery sought as part of a litigation. Just because RHR's "business terms" state that an assessment of a potential candidate may not be used more than three years after delivery does not mean such assessments or supporting documentation is not discoverable in litigation. Thus, this objection is irrelevant as it is based solely on RHR's business preferences, not the law.

**C. Communications between RHR and Fifth Third Between March 18, 2020 and June 24, 2020**

Through Plaintiff's extrajudicial efforts, he has narrowed his request for RHR/Fifth Third communications to a roughly three month gap in which no communications have been produced. Plaintiff has requested these documents from the Bank on numerous occasions, to which Fifth Third's counsel has simply stated no such communications exist. However, other discovery, including text messages, show that meetings and/or phone conferences occurred between RHR and Fifth Third in these months. This includes texts between Fifth Third's Chief Human Resources Officer, Bob Shaffer, and Defendant Carmichael, in which they discuss monthly calls with RHR's consultant. (*See* **Exhibit 12** to Smith Aff. – April 3, 2020 Text Messages between Shaffer and Carmichael; **Exhibit 13** to Smith Aff. – May 4, 2020 Text Messages between Shaffer and Carmichael). It is curious that such monthly meetings occurred, yet there are zero communications or documents from RHR to Fifth Third about such meetings.

Despite Plaintiff's good-faith efforts to work with RHR, RHR has not only refused to produce any responsive documents, but it has also informed Plaintiff that it will not even conduct a search for this limited time period because it feels it should not be asked to produce these materials given Fifth Third's counsel's blanket assertions that no documents exist. Despite RHR's claims otherwise, this limited request presents minimal to no burden on RHR to comply. All Plaintiff is requesting at this time is for RHR to search its records to confirm whether there were any communications between RHR and Fifth Third between March 2020 and June 2020, and if so, to produce those communications. Compelling such a search is reasonable and hardly a burden to RHR.

## IV.    CONCLUSION

Plaintiff is seeking to move discovery forward in this case, including by obtaining relevant documents he has requested from RHR over the last two years. RHR has refused to comply and

has refused to cooperate with Plaintiff's repeated extrajudicial efforts to resolve their objections. Due to the foregoing reasons, Plaintiff respectfully requests that this Court exercise its authority under Rule 45 to compel production, or in the alternative, to transfer the Motion to the Southern District of Ohio to be heard in the underlying lawsuit styled *Philip R. McHugh v. Fifth Third Bancorp, et al.*, No. 1:21-cv-00238 (S.D. Ohio) should this Court deem necessary.

WHEREFORE, pursuant to the forgoing and supporting exhibits, Movant's Motion to Compel, and the documents attached thereto, Movant respectfully requests that this Court enter an order granting his Motion to Compel, compelling RHR to produce of the above-discussed documents within seven days, granting Movant his reasonable costs and fees associated with presenting this motion, and for such other relief as the Court deems appropriate.

DATED: February 14, 2025                      Respectfully Submitted,

**PHILIP R. MCHUGH**

*/s/ Sabreena El-Amin*
Sabreena El-Amin
CTM LEGAL GROUP
77 W. Washington Street, Suite 2120
Chicago, IL 60602
(312) 818-6700
sel-amin@ctmlegalgroup.com

*/s/ Peter A. Saba*
Peter A. Saba, Esq. (*pro hac vice* application pending)
Joshua M. Smith, Esq. (*pro hac vice* application pending)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com

**Co-Counsel for Plaintiff Philip R. McHugh**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion was served on all counsel of record this 14th day of February, 2025 via the Court's CM/ECF system and that, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), notice and a copy of the Motion was provided to RHR International, Ltd., via ordinary and electronic mail.

*/s/ Sabreena El-Amin*
Sabreena El-Amin