# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PHILIP R. McHUGH,          )

                                  )     Case No. 25-cv-1468

         Movant,      )

v.                      )     District Judge Steven C. Seeger

                                    )

RHR INTERNATIONAL,      )     Magistrate Judge Jeannice W. Appenteng

                                  )

        Respondent.     )

                                  )

## <u>ORDER</u>

Before the Court is Philip McHugh's motion to compel RHR International's compliance with a subpoena. Dkt. 1. For the reasons below, the Court denies the motion.

Mr. McHugh filed an age-discrimination lawsuit against his former employer, Fifth Third Bank ("the bank") in the Southern District of Ohio. Dkt. 4. Mr. McHugh alleges that he was wrongly denied a promotion and constructively discharged after the bank promoted a candidate, Timothy Spence, who is fifteen years younger than Mr. McHugh. *Id.* Before selecting Mr. Spence as the next President/CEO, the bank hired respondent RHR International ("RHR") to assess Mr. Spence's leadership skills. RHR interviewed Mr. Spence, his peers, and his supervisors, and it evaluated Mr. Spence using "psychometric and behavioral science instruments." Dkt. 21 at 5. RHR then presented its assessment to the bank's board of directors using two documents, a report and a report summary. The bank produced both documents to Mr. McHugh. *See* Dkt. 21, Ex. 8-9. Mr. Spence was the only candidate RHR evaluated in 2020, though RHR provided similar services for the President/CEO candidate selected in 2015.

Since 2022, Mr. McHugh has sought documents from RHR about the assessments RHR provided to the bank. RHR objected to Mr. McHugh's various subpoenas, and eventually Mr. McHugh filed a motion to compel compliance in the Southern District of Ohio, where the underlying case is pending. The District Judge in Ohio denied Mr. McHugh's motion without prejudice, concluding he did not have authority to rule on the merits because the subpoena's place of compliance is Chicago, where RHR is headquartered. Dkt. 23. On February 12, 2025, Mr. McHugh refiled his motion to compel before this Court.

Rule 45 allows a party to subpoena documents and tangible things in a non-party's possession. Fed. R. Civ. P. 45(a)(1)(A). The scope of information discoverable under Rule 45 is the same as the scope available under Rule 26(b)(1), but the requesting party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *Sabuco v. Pecelunas*, No. 17-CV-9372, 2019 WL 13215194, at *1 (N.D. Ill. Sept. 17, 2019). To determine whether a subpoena imposes an undue burden, the Court considers whether (1) the request is relevant; (2) the requesting party has substantial need for the documents; (3) the request is overly broad; (4) the time period requested is reasonable; (5) the request is sufficiently particular; and (6) the non-party's compliance would, in fact, be burdensome. *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *2 (N.D. Ill. Apr. 22, 2020). Courts have "extremely broad discretion" in controlling discovery, *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), and resolving discovery disputes, *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 785 (7th Cir. 2013). The party moving to compel discovery bears the initial burden to establish a request's relevance, then the burden shifts to the objecting party to show why the request is improper. *See Mendez v. City of Chicago*, No. 18-cv-6313, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020).

Mr. McHugh requests documents underlying RHR's assessment of (1) Mr. Spence in 2020; and (2) the CEO/President candidate in 2015.[1] Dkt. 4 at 6. Specifically, he seeks documents RHR used or consulted when preparing its reports and summaries, such as the survey questions posed and answers provided. Dkt. 4 at Ex. 8.

Mr. McHugh argues the documents underlying Mr. Spence's assessment are relevant because the bank relied on the assessment when it decided to promote Mr. Spence over Mr. McHugh. Dkt. 4 at 9. The Court disagrees. RHR never provided the requested documents to any decision maker at the bank. As RHR argues, its internal documents have no bearing on whether the bank discriminated against Mr. McHugh because the bank did not review RHR's internal documents to make its promotion decision. Mr. McHugh suggests that the underlying documents are necessary to verify the accuracy of the report and report summary the bank received. But whether RHR's report and report summary mirror the underlying documents is still irrelevant to the bank's decision-making after seeing only the assessment report and report summary. *See Brunker v. Schwan's Home Serv., Inc.*, 583 F.3d 1004, 1010 (7th Cir. 2009) (affirming denial of discovery requests because information "not involved in the adverse employment decision") (citing *Little v. Illinois Dep't of Revenue*, 369 F.3d 1007 (7th Cir. 2004)).

Mr. McHugh next argues the underlying assessment documents are necessary to compare candidate qualifications. First, he insists the documents

---

[1] RHR indicates in its response that the parties resolved their dispute over communications exchanged between respondent and the bank. Dkt. 21 at 3 n.4.

underlying Mr. Spence's assessment are relevant to comparing Mr. Spence's qualifications "to those of an older, long-tenured executive." Dkt. 4 at 9. Without more, the Court assumes Mr. McHugh wants to compare himself to Mr. Spence. If so, Mr. McHugh does not explain how the documents requested will provide a suitable comparison of qualifications when RHR has not assessed his skills with the same tests and surveys used to assess Mr. Spence. Second, Mr. McHugh requests a comparison of Mr. Spence and the 2015 candidate, opining that the documents are relevant "if the 2020 assessment is determined to have deviated from the typical [2015] CEO succession processes." This is too speculative to warrant production of documents related to either candidate. *Homeland Ins. Co. of New York v. Health Care Serv. Corp.*, 330 F.R.D. 180, 182-83 (N.D. Ill. 2019) (denying motion to compel when theory of relevance is speculative). In sum, Mr. McHugh has not demonstrated that his subpoena seeks documents relevant to his discrimination claim. Accordingly, the motion to compel is denied.[2]

Finally, RHR requests expenses it incurred responding to Mr. McHugh's motion. Dkt. 21 at 15. Rule 37(a)(5)(B) states that when the Court denies a motion to compel, the Court "must, after giving an opportunity to be heard, require the movant" to pay "reasonable expenses." Fed. R. Civ. P. 37(a)(5)(B). Mr. McHugh shall file a supplemental brief addressing whether his motion was substantially justified and whether he should pay RHR's reasonable expenses, including attorneys' fees. The supplemental brief will constitute Mr. McHugh's opportunity to be heard pursuant to Rule 37. *See Hudgins v. Total Quality Logistics, LLC*, No. 16-CV-7331, 2022 WL 198887, at \*4 (N.D. Ill. Jan. 21, 2022) (directing parties to brief issue of attorneys' fees under Rule 37); *Fogel v. Bukovic*, No. 11 C 1178, 2011 WL 2463528, \*2 (N.D. Ill. June 20, 2011) (same). Mr. McHugh shall file his supplement by May 23, 2025.

**So Ordered.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 5/16/2025

---

[2] Mr. McHugh includes a bare request to, in the alternative, transfer his motion back to the Southern District of Ohio. Dkt. 4 at 1, 12 (title of motion and concluding paragraph). This request is denied. Not only does Mr. McHugh fail to articulate any "exceptional circumstance" to support transferring the motion, *see* Fed. R. Civ. P. 45(f), but the District Court for the Southern District of Ohio already found this Court was the proper place of compliance, and Mr. McHugh articulates no basis to disturb that ruling.