# EXHIBIT 8

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. <JMS@sspfirm.com> |
| **Sent:** | Wednesday, October 27, 2021 6:57 PM |
| **To:** | barrett_chambers@ohsd.uscourts.gov |
| **Cc:** | Cioffi, Michael L.; Oberly, David; Stewart, Tom; Peter A. Saba, Esq.; Jessica K. Peterson |
| **Subject:** | McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests |
| **Attachments:** | request for production of documents11-6-20.pdf; 2021.09.08.Corr to OC re Discovery.pdf; 2021.10.11.Corr from Oberly re Discovery.pdf; 2021.10.27.Corr to OC re Discovery Dispute.pdf |

Ms. Crum and Ms. Bedree,

As was referenced at the prior status conference with Judge Barrett on October 13, a discovery dispute has also arisen regarding documents requested by Plaintiff as early as November 6, 2020. To date, various documents responsive to these requests have not been produced by Defendants or have otherwise been unilaterally redacted based upon Fifth Third's claims of irrelevance under Rule 26. Plaintiff has made attempts to resolve these deficiencies with Defendant, which have been unsuccessful. At present, the parties are at an impasse regarding the requested documents, and thus Plaintiff seeks Court intervention to resolve the dispute.

The documents at issue are set forth in the attached correspondence, but include the following:

(i) Defendant Gregory Carmichael's personnel file (including annual reviews and self-evaluations), personal calendar, and the entirety of his relevant communications (including but not limited to text messages);

(ii) Timothy Spence's personal calendar, the entirety of his performance reviews, and the entirety of his relevant communications (including but not limited to text messages);

(iii) The entirety of Robert Shaffer's relevant communications (including but not limited to text messages); and

(iv) The unredacted Fifth Third Board of Directors meeting minutes

Each of the above categories are discussed in detail below:

**Defendant Gregory Carmichael's personnel file (including annual reviews and self-evaluations), personal calendar, and the entirety of his relevant communications (including but not limited to text messages) (RFP's 1, 5, 7, 23, 28, 30);**

US Bank refused to produce documents in response to these requests, wrongly claiming that because Defendant Carmichael is not a "comparator" for purposes of Plaintiff's ADEA claims, the documents (including personnel file, annual reviews, calendar, and electronic communications) do not meet the broad scope of discovery under Rule 26.

Those objections are meritless, and were noted as such by Plaintiff in September 8, 2021 correspondence to Defendants. Indeed, Mr. Carmichael is not only the decisionmaker in this age discrimination and retaliation case, he is also a party-defendant that held the same position which Plaintiff was denied in favor of a substantially younger employee, Timothy Spence. Despite noting the relevance of such documents, Defendants still refused to produce them, claiming again that they fail to meet the broad relevance standards under Rule

1

26(b)(1). Not only that, but Defendants accused Plaintiff of seeking to obtain these documents for a vexatious purpose and engaging in abuse of process. (*See* October 11 Correspondence, pg. 3).

As to a decisionmaker's personnel files, including performance reviews and evaluations, the case law is clear and overwhelming that such documents are relevant and discoverable for purposes of Rule 26. *See, e.g.*, *Hill v. Motel 6*, 205 F.R.D. 490, 494-495 (S.D.Ohio 2001)("Good cause exists to permit Plaintiff to discover the information contained in the files of O'Shaugnessy's Area Managers, because O'Shaugnessy was both Plaintiff's supervisor and because he apparently made the final decision to terminate Plaintiff's employment."); *Pagett v. Eaton Corp.,* E.D.Mich. No. 04-CV-72834-DT, 2005 U.S. Dist. LEXIS 57734, at *20 (Apr. 15, 2005)("Provided an appropriate protective order is in force, a supervisor's personnel file generally contains important relevant information that is not otherwise available to the discovering party."); *Nichols v. Cantoro's Cafe, L.L.C.,* E.D.Mich. No. 19-12945, 2020 U.S. Dist. LEXIS 65942, at *19 (Apr. 15, 2020)("Defendant refused to provide such [personnel] records and the court will order Defendant to do so. Information on the behavior and actions of Plaintiff's supervisors and those who (allegedly) took adverse employment actions against Plaintiff could shed light on their intent in demoting and terminating Plaintiff."); *Griffith v. Wal-Mart Stores,* 163 F.R.D. 4, 5 (E.D. Ky. 1995)("[T]he personnel files of the managerial employees may still be relevant to plaintiff's claims, since those files may contain documentary evidence of discriminatory acts against this plaintiff.").

This case is no different. Plaintiff has alleged that Mr. Carmichael made the decision to promote a substantially younger employee over Plaintiff; demoted Plaintiff to a position directly reporting to the same younger individual; and terminated Plaintiff's employment after he refused to accept the demotion.. Beyond that, Mr. Carmichael is a party-defendant in this case, whom has filed retaliatory counterclaims two days after Plaintiff filed an age discrimination lawsuit.

The same holds true with respect to Mr. Carmichael's calendar. There are a number of meetings between Plaintiff and Carmichael relevant to this lawsuit, including mid-year and year-end performance reviews, and a meeting to inform Plaintiff that he was being demoted. Beyond that, it is likely that Mr. Carmichael's calendar will disclose other relevant events, including meetings with the Fifth Third Board of Directors relating to succession planning, and meetings with Mr. Shaffer (Chief HR Officer) regarding Plaintiffs' employment and the contemplated demotion.

Finally, as to Mr. Carmichael's communications, he has only produced relevant text messages for the period of October 15-25, 2020, which is approximately the time period that a decision not to promote Plaintiff had already been conveyed to him. However, no text messages were produced for the time period prior to this, including during the "many months of succession planning" Defendants allege occurred.

**Timothy Spence's personal calendar, the entirety of his performance reviews, and the entirety of his relevant communications (including but not limited to text messages) (RFP 2, 24, 29)**

Despite Defendants' acknowledgements that Timothy Spence is relevant as a comparator to Plaintiff, they have refused to produce his personal calendar. Beyond that, while Fifth Third produced some communications from Mr. Spence, no text messages were produced prior to October 13, 2020.

As to Mr. Spence's calendar, Defendants refuse production based upon the same relevance objections they made regarding Mr. Carmichael. For many of the same reasons, Mr. Spence's calendar is relevant and discoverable. Mr. Spence was promoted over Plaintiff, and based upon text message communications between October 15-25, 2020 was well aware of this decision. Mr. Spence's calendar is likely to reveal various events relevant to this lawsuit, including meetings with Mr. Carmichael, Mr. Shaffer, and members of the board.

As to Mr. Spence's electronic communications (including text messages), similar to Mr. Carmichael the only text produced range from October 15-25, 2020.

Finally, while Defendants appear to have produced the majority of Mr. Spence's performance reviews, such reviews are missing for years 2017 and 2020. Defendants have not provided a basis for not producing those reviews.

**The entirety of Robert Shaffer's communications (including but not limited to text messages) (RFP 25)**

Similar to Mr. Carmichael and Mr. Shaffer, the only text message communications produced by Defendants in response to this request range from October 15-25, 2020. No texts have been produced prior to that time.

**The unredacted Fifth Third Board of Directors meeting minutes (RFP 18)**

In responding to this request, Defendants produced nearly 4,000 pages of documents, the vast majority of which are wholly redacted. When this was noted to Defendants on September 8, 2021, they did not respond until October 11, 2021, at which time the bank made clear that these redactions had nothing to do with any "confidential, sensitive, private personal information" or "commercially sensitive business information[,]" but instead were redacted "solely on the basis that these pages are wholly irrelevant to any claim or defense."

Simply put, this unilateral decision to redact thousands of document based purely on Defendants' own views of relevance is simply not permitted by the Federal Rules. *See, e.g., Beverage Distribs. v. Miller Brewing Co.*, 2010 U.S. Dist. LEXIS 50732 at *15-16 (S.D. Ohio 2010)(granting motion to compel defendant to produce unredacted documents, and rejecting arguments regarding irrelevance); *ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 2010 U.S. Dist. LEXIS 133263 at *8-9 (N.D. Ohio 2010)("The Court is not persuaded that Jewell is entitled to redact information in its document production that it believes is irrelevant or non-responsive to ArcelorMittal's documents requests. Indeed, the language of Rule 34 discusses production of "documents," rather than paragraphs or sentences."); *Corker v. Costco Wholesale*, 2020 U.S. Dist. LEXIS 73713 (W.D. Wash. 2020)(parties are generally not permitted to redact material from responsive documents based upon their unilateral assessment of relevance); *Bonnell v. Carinval Corp.,* 2014 U.S. Dist. LEXIS 22459 (S.D. Fla. 2014)(the "better, less-risky approach" is not to allow parties "the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant."). The parties have a protective order in place to protect the confidentiality of any information, and Fifth Third has made clear that their objections have nothing to do with confidentiality. They simply claim that because some of the information in the responsive documents is irrelevant, they can unilaterally redact it. That is not supported by the federal rules or case law, and the documents should be produced.

In light of the above, Plaintiff respectfully seeks the Court's intervention to resolve this dispute, including by ordering Defendants to produce the documents that, to date, have been refused.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.