# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | ) | Case No. 25-cv-01468 |
| | ) | |
| Movant, | ) | Honorable Steven C. Seeger |
| | ) | |
| v. | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| **RHR INTERNATIONAL, LTD.** | ) | *Related to: Philip R. McHugh v. Fifth Third* |
| | ) | *Bancorp, et al.*, No. 1:21-cv-00238 (S.D. |
| Respondent. | ) | Ohio) |

## MOVANT PHILIP R. McHUGH'S SUPPLEMENTAL BRIEF ON THE ISSUE OF ATTORNEY'S FEES UNDER FED. R. CIV. P. 37

Pursuant to Fed. R. Civ. P. 37(a)(5)(B) and this Court's May 16, 2025 Order, Movant, Philip R. McHugh, respectfully submits this Supplemental Brief opposing RHR International's request for reimbursement of fees and expenses, and further requests an award of his own expenses pursuant to Rule 37(a)(5)(A).

## INTRODUCTION

Movant's Motion to Compel, filed after significant extrajudicial efforts,[1] resulted in RHR producing _240 pages_ of relevant, discoverable e-mail communications between RHR and Defendant Fifth Third Bank. Those 240 pages of e-mails were responsive to discovery requests directed to Fifth Third Bank four years ago,[2] and had been withheld by the Bank up to this point. In fact, Defendants represented multiple times to both the Southern District of Ohio and Movant that all such communications had been produced.[3] RHR likewise refused production _or to even_

---

[1] *See* Exhibit A – November 6, 2024 E-mail Summary of Phone Conference between Counsel
[2] *See* Exhibit B – September 27, 2021 Discovery Requests to Defendants Fifth Third Bank and Greg Carmichael
[3] *See* Exhibit C – October 29, 2021 and January 18, 2022 E-Mail Communications from Defendants' Counsel

*commit to a search for such communications* based upon Fifth Third's representations, claiming (wrongly) that all such communications had already been produced by Fifth Third.[4]

The above circumstances provide both a substantial justification for the Motion, and confirm that an award of fees to Respondent would be unjust. This is particularly so where RHR already has a contractual right to reimbursement from Fifth Third for its subpoena related expenses:

> If RHR is the subject of a subpoena or is requested to testify or otherwise becomes similarly involved (other than as a party) in any legal proceeding which arises out of or relates to RHR's performance of Services pursuant to these Business Terms, the Company agrees to reimburse RHR for all costs incurred by RHR (including attorney's fees and the time of RHR Consultants at regular rates) in connection with such proceeding.[5]

To award RHR its expenses incurred would essentially award Fifth Third for its own discovery abuses in withholding such documents throughout 4 years of discovery. Such a result is unjust, and certainly not the intent of Rule 37. For those reasons and others set forth in this briefing, RHR's request for reimbursement of its expenses should be denied.

## I.     Legal Standard

Federal Rule of Civil Procedure 37(a)(5)(A) provides that where a motion to compel is granted *or discovery is provided after the motion was filed,* the court must award expenses absent a reasonable justification or other circumstances making an award unjust. Subpart (B) of the rule provides largely the same relief and exceptions if a motion to compel is denied, compelling a court not to order such a payment if "the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

A non-disclosure and/or motion is substantially justified if it posited a "genuine dispute" or if "reasonable people could differ as to the appropriateness of the contested action." *Fogel v.*

---

[4] *See* Exhibit D – November 20, 2024 E-mail response from RHR Counsel
[5] *See* Exhibit E – RHR-Fifth Third Business Terms, Doc. # 25-10, PAGEID # 332

*Bukovic*, No. 11 C 1178, 2011 U.S. Dist. LEXIS 65957, at *8 (N.D. Ill. June 20, 2011); *See also Forth v. Walgreen Co.*, No. 17 C 2246, 2019 U.S. Dist. LEXIS 233269, at *25-26 (N.D. Ill. July 10, 2019) (holding that even where a court denied a motion to compel in its entirety, the motion could have nevertheless raised a genuine dispute). "When the dispute over discovery between the parties is genuine, the losing party is substantially justified in carrying the matter to the court and the award of expenses is not indicated." *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2021 U.S. Dist. LEXIS 74710, at *22 (N.D. Ill. Apr. 19, 2021). "A position taken by a party is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Teed v. JT Packard & Assocs.*, No. 10-MISC-23, 2010 U.S. Dist. LEXIS 86113, at *8 (E.D. Wis. July 20, 2010). As such, "an award of legal fees is not always mandatory" and the "court has 'broad discretion in deciding if fees are warranted under Rule 37(a)(5)'" based on the particulars of any given case and any given discovery dispute." *Wilson v. Madison Cnty. Ill.*, 2024 U.S. Dist. LEXIS 124425, 2024 WL 3411807, at *4 (S.D. Ill. July 15, 2024)(citations omitted).

## II. RHR Produced E-mail Communications only *after* Plaintiff's Motion was filed, requiring an award of Plaintiff's expenses absent a reasonable justification.

RHR provided nothing but a brief footnote explaining its late production of 240 pages of e-mail communications *after* Movant's Motion was re-filed in this Court. (*See* footnote 4 to RHR's Response to Plaintiff's Motion to Compel, Doc. # 20, PAGEID #305). There is no mention of Movant's good faith, extrajudicial efforts to resolve this discovery dispute outside of court, or the fact that RHR refused to even search for, let alone produce, a single responsive document over this time. While it is understandable that RHR would want to avoid any focus on

this issue given the late production, it is a significant fact that alone warrants denial of its request for expense reimbursement.

Originally, in 2021 Movant requested from Defendants all e-mail communications between RHR and Fifth Third. Following these formal discovery requests, Fifth Third represented to both the Southern District of Ohio and Movant in 2021 and 2022 that all such communications had been produced.[6] When Movant served his original subpoena on RHR in 2022 and his second subpoena on RHR in 2023, he sought all e-mail communications between RHR and Fifth Third from 2016 through the present. Both times, RHR objected, responding that all responsive communications were in Fifth Third's possession and must be sought from the Bank.[7]

When Movant filed his first motion to compel in the Southern District of Ohio, RHR again objected, representing to the court that "Fifth Third Bank has previously produced the correspondence exchanged between RHR and Fifth Third Bank and/or Spence." (*See* RHR Response in Opposition, Doc. # 59, PAGEID # 2530).

After his first motion to compel was denied on jurisdictional grounds, Movant engaged in further extrajudicial efforts with RHR to avoid filing the present Motion. This included a November 5, 2024 phone call in which Plaintiff offered to limit the request for e-mail communications to the time period of March 18, 2020 and June 24, 2020, given a noted gap in communications during that period.[8] Following the call, however, Fifth Third's counsel again indicated that "Defendants have already produced all known, relevant, communications responsive to Plaintiff's requests for production," and RHR's counsel likewise objected to any production, stating:

---

[6] *See* Exhibit B-C
[7] *See* Exhibit F – RHR letters dated April 14, 2022 and May 3, 2023
[8] *See* Exhibit A

4

RHR believes that these requests, which seek communications involving a party to the lawsuit, are most properly directed to Fifth Third Bank and that RHR should not be asked to produce materials that are in the possession of a party where there is no evidence that reasonably suggests that any communications are missing. [9]

Despite these countless representations that all communications had been produced, on April 16, 2025 in conjunction with filing their opposition and request for fee reimbursement, RHR produced *240 pages* of previously unproduced communications between RHR and Fifth Third.

RHR has provided no reasonable justification for this late production. It took over two years, significant extrajudicial efforts, and two motions to compel for RHR to even *search* for the requested communications, and once it finally did so, it easily found and produced 240 pages of relevant communications that had been withheld by Fifth Third. RHR's reliance on Fifth Third's representations throughout that period is not a substantial justification for its failure, and certainly not a basis to award fees to RHR rather than Movant.

Moreover, to be clear, RHR's production was not duplicative of Fifth Third's previous production, nor were the produced documents irrelevant. These communications are *new documents* intentionally withheld by Fifth Third, confirmed by the fact that Fifth Third produced the same documents as a "supplement" a little less than one month after RHR did.[10] The documents are also relevant, as explained in a letter to the Southern District of Ohio requesting sanctions given the late production after discovery has neared its conclusion.[11]

Given RHR's production of new documents *after* Movant filed his Motion, and the relevance of the documents produced, any award of fees to RHR would be unjust. To the contrary, it is Movant that should be awarded reimbursement of his expenses under rule 37,

---

[9] *See* Exhibit D; *See* Exhibit G – November 12, 2024 E-mail Response from Fifth Third Counsel
[10] *See* Exhibit H – May 12, 2025 E-mail from Fifth Third Counsel
[11] *See* Exhibit I – May 22, 2025 Letter to Judge Barrett

given the effort necessary to obtain such documents after four years of litigation, which could have been avoided had RHR simply searched its e-mails during the two-month period at issue.

### III.    An award of RHR's expenses would in effect award Fifth Third for its discovery misconduct.

Beyond the late production, any award of expenses to RHR would also be unjust given RHR's contractual right to recover such expenses from Fifth Third.[12] As explained above, RHR and Fifth Third have a "business terms" agreement, disclosed by RHR in its opposition to the first motion to compel, which obligates Fifth Third to reimburse RHR for all costs related to a subpoena, including attorney's fees. As also referenced above, the recent production of e-mail communications by RHR was necessitated by Fifth Third's false representations over the last 4 years that all such communications had been produced. To now award RHR its expenses for opposing a motion that resulted in this late production would essentially reward Fifth Third for its own discovery abuses in the underlying case, and risk providing RHR a double recovery, which goes beyond the intent of Rule 37.

### IV.    The remaining categories of Movant's Motion were substantially justified, and an award of RHR's expenses would be unjust under the circumstances.

Finally, Movant respects the Court's decision denying the remaining discovery at issue and does not intend to re-hash arguments in the Motion. Nonetheless, there was a clear and genuine dispute over the discovery at issue, sufficient to justify the Motion and warrant denial of any fee award requested by RHR.. *See Browne v. Equifax Info. Servs., LLC,* 2024 U.S. Dist. LEXIS 175555 at *12 (N.D. Ind.)("To be clear, the Court does not expect Plaintiff's counsel to now win the argument or show why he hypothetically would have prevailed on the motion…It simply expects an explanation as to why Plaintiff was justified in insisting upon the deposition topics as both a factual and legal matter. This is not an especially onerous burden.").

---

[12] *See* Exhibit E

First, while RHR is not a party to the lawsuit, the Defendants in the underlying case maintain that they relied on RHR's assessment in 2020 in order to make its decision to promote a substantially younger individual to the position of President and CEO.[13] Given the Defendants' purported reliance on RHR, Plaintiff was justified in seeking any information pertaining to that assessment in order to discover the basis for that reliance. Further, given the influence exerted by Fifth Third executives (explained below), confirming what was *not* included in the final RHR assessment was equally as important as what was included.

Second, testimony and documents in the underlying case have revealed that Fifth Third executives Greg Carmichael, Bob Shaffer (Chief HR Officer), and Tim Spence (younger candidate who received the promotion) played a significant role in both preparing the assessment documents and revising the same, prior to a presentation to Fifth Third's Board of Directors. By way of example only, this includes adjustments to overall scoring categories in RHR's final assessment report,[14] and requested adjustments by Tim Spence as to negative feedback to be included in the report.[15] Given the known influence over the report, Plaintiff was likewise justified in seeking production of the underlying documents that played a role in preparing the assessment to determine what additional alterations may have occurred. *See Bledsoe v. TVA Bd. Of Dirs.*, 42 F.4th 568, 582 (6th Cir. 2022)("When a decisionmaker relies on a biased employee's knowledge about the employee subject to an adverse action, a jury may reasonably infer that the biased employee proximately caused the adverse action."); *Sloat v. Hewlett-Packard Enter. Co.*, 18. F.4th 204, 212-213 (6th Cir. 2021)(holding that a biased employee proximately caused  an

---

[13] *See* Exhibit J – Response to Interrogatory No. 4
[14] *See* Exhibit K – September 17, 2020 E-mail from Bob Shaffer to RHR (filed under seal)
[15] *See* Exhibit L – July 31, 2020 and August 1, 2020 Text Messages between Tim Spence and Bob Shaffer (filed under seal)

adverse action when a supervisor who had little knowledge about the plaintiff's capabilities relied upon the biased employee's information).

Finally, regarding the request for the 2015 assessment of Greg Carmichael, Mr. Carmichael is a party-defendant to the underlying lawsuit, and was the President, CEO, and Chairman of the Bank's Board immediately preceding Spence's promotion to the same role. Given his position, the influence over the Board's ultimate decision, and his status as a party-defendant, Plaintiff was likewise justified in seeking production of a similar assessment performed, including to determine any discrepancies in how a CEO assessment was performed in 2015 versus 2020. *See Fijalkowski v. Belmont Cty. Bd. Of Commrs.*, S.D. Ohio No. 2:17-cv-0195, 2021 U.S. Dist. LEXIS 92840, at *19 (May 17, 2021)("The Sixth Circuit has found that 'evidence of irregularities in the application and selection process' can raise a genuine issue of pretext when combined with other indicators of discriminatory motivations."); *Seaton v. Perdue*, E.D.Ky. No. 5:16-CV-309-REW, 2019 U.S. Dist. LEXIS 167837, at *21 (Sep. 30, 2019)("Typically, idiosyncrasies in the selection process are a plaintiff-favorable factor in the pretext analysis.").

### V.     Conclusion

For the foregoing reasons, Movant Philip R. McHugh respectfully requests that the Court find Movant's Motion to be substantially justified, that awarding RHR its would be unjust given the circumstances, and that Movant is not required to pay RHR's reasonable expenses, including attorney's fees under Fed. R. Civ. P. 37(a)(5)(B). Further, Movant requests that the Court enter an order granting Movant its reasonable expenses associated with securing the belated production from RHR pursuant to Fed. R. Civ. P. 37(a)(5)(A) as there was no substantial justification for the previous refusal to even search for these communications, let alone produce them.

DATED: May 23, 2025

Respectfully Submitted,

**PHILIP R. MCHUGH**

*/s/ Sabreena El-Amin*
Sabreena El-Amin
CTM LEGAL GROUP
77 W. Washington Street, Suite 2120
Chicago, IL 60602
(312) 818-6700
sel-amin@ctmlegalgroup.com

*/s/ Peter A. Saba*
Peter A. Saba, Esq. (*pro hac vice*
application pending)
Joshua M. Smith, Esq. (*pro hac vice*
application pending)
SSP LAW CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com
**Co-Counsel for Plaintiff Philip R. McHugh**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Brief was served on all counsel of record this 23rd day of May, 2025 via the Court's CM/ECF system.

*/s/ Sabreena El-Amin*
Sabreena El-Amin

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | ) | Case No. 25-cv-01468 |
| | ) | |
| Movant, | ) | Honorable Steven C. Seeger |
| | ) | |
| v. | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| **RHR INTERNATIONAL, LTD.** | ) | *Related to: Philip R. McHugh v. Fifth Third* |
| | ) | *Bancorp, et al.*, No. 1:21-cv-00238 (S.D. |
| Respondent. | ) | Ohio) |

## APPENDIX

| Letter | Name |
|---|---|
| **A** | November 6, 2024 E-mail Summary of Phone Conference Between Counsel |
| **B** | September 27, 2021 Discovery Requests to Defendants |
| **C** | October 29, 2021 & January 18, 2022 E-mail Communications from Defendants' Counsel |
| **D** | November 20, 2024 E-mail Response from RHR Counsel |
| **E** | RHR Business Terms |
| **F** | RHR Letters dated April 14, 2022 and May 3, 2023 |
| **G** | November 12, 2024 E-mail Response from Fifth Third Counsel |
| **H** | May 12, 2025 E-mail from Fifth Third Counsel |
| **I** | May 22, 2025 Letter to Judge Barrett |
| **J** | Defendants' Response to Interrogatory No. 4 |
| **K** | (Filed Under Seal) - September 17, 2020 E-mail from Bob Shaffer to RHR |
| **L** | (Filed Under Seal) - September 17, 2020 E-mail from Bob Shaffer to RHR |

1

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Brief was served on all counsel of record this 23rd day of May, 2025 via the Court's CM/ECF system.

                                      */s/ Sabreena El-Amin*
                                        Sabreena El-Amin

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Stewart, Tom <tom.stewart@blankrome.com> |
| **Sent:** | Friday, October 29, 2021 3:27 PM |
| **To:** | barrett_chambers@ohsd.uscourts.gov |
| **Cc:** | Peter A. Saba, Esq.; Jessica K. Peterson; Joshua M. Smith, Esq.; Cioffi, Michael L.; Oberly, David |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests |
| **Attachments:** | J. Smith Oct. 27 Email.pdf; Transcript Excerpt.pdf; M. Cioffi Oct. 11 Letter.pdf |

Judge Barrett,

As you directed during the telephone conference yesterday, this is Fifth Third Bank's response to Plaintiff's counsel's October 27 email below regarding this discovery dispute.

## Greg Carmichael's Personnel File/Self-Evaluations, Calendar & Communications

As stated in the Bank's October 11 correspondence to Plaintiff's counsel, no documents from Mr. Carmichael's personnel file, nor any of his performance reviews, fall under the scope of discoverable evidence articulated by Federal Civil Rule 26(b)(1)—which limits discoverable evidence to that which is "relevant to any party's claim or defense and proportional to needs of the case"—as Mr. Carmichael is not a comparator to Plaintiff in this age discrimination lawsuit. Fed. R. Civ. P. 26(b)(1). For example, in *Nathan v. Ohio State University*, the court limited the production of personnel file records to only those documents contained in the files of comparator employees of the defendant that fell within the scope of Rule 26(b)(1). *Nathan v. Ohio State Univ.*, 2013 WL 2948358, at *3 (S.D. Ohio June 14, 2013) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999)).

Moreover, opposing counsel's discussion of Mr. Carmichael as "the decisionmaker" in this case with respect to the appointment of Fifth Third Bancorp's new President in 2020 is misguided because Mr. Carmichael is not, in fact, a decisionmaker. *See* J. Smith Oct. 27, 2021 Email. A copy of the October 27 email is attached for the Court's convenience. As this Court is well aware—as a matter of general corporate law—officers, such as the president and CEO of a bank, are appointed by the board, not by an officer of the corporation. In fact, Plaintiff acknowledged this during his deposition as it applies specifically to Fifth Third Bank:

Q:      Under Fifth Third Bancorp's bylaws and regulations, the board of directors selects senior vice presidents and top executives, right?

A:    Yes. I believe that under the bylaws, it is the responsibility of the board of directors to appoint Fifth Third's senior vice presidents and executives.

Q:    It necessarily follows, therefore, that the board selects the president and CEO of the Bancorp, correct?

***

A:    The board has ultimate authority to approve the president and the CEO, yes.

*See* Plaintiff Depo. Transcript, Vol. I at 96-97 (objections omitted). A copy of the relevant portions of Plaintiff's deposition testimony are attached for the Court's convenience.

Moreover, the Court should decline to allow the production of Mr. Carmichael's personnel file and performance reviews because Plaintiff's requests for these documents are nothing more than a fishing expedition. "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted to go fishing." *Surles ex rel. Johnson v. Greyhound Lines, Inc.* 474 F.3d 288, 305 (6th Cir. 2007); *see also Cuomo v. Clearing House Ass'n, L.L.C.*, 129 S.Ct. 2710, 2719 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through bank books and records for evidence of some unknown wrongdoing.").

Importantly, "[w]hen the subject of a discovery request is personnel files, it is appropriate for the court to require a heightened showing of relevance and need." *Fritz v. Charter Tp. of Comstock*, 2010 WL 1856481, at *1 (W.D. Mich. May 10, 2010) (citing *Compuware Corp. v. Moody's Investors Servs., Inc.*, 222 F.R.D. 124, 134 (E.D. Mich. 2004) (holding that personnel files were not discoverable where the plaintiff failed to show that they were clearly relevant and that a compelling need existed); *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. 1977) (noting that because personnel files contain an employee's sensitive and personal data, ordering their disclosure is a highly intrusive act that should not be undertaken lightly)). Plaintiff has simply not made any showing of this nature in this case.

Further, a review of the specific document requests themselves show that they are improper, as these requests seek—without limitation—the production of Mr. Carmichael's *entire* personal file, *see* RFP No. 1, as well as "every annual review and self-evaluation . . . from January 1, 2015 through date of response," *see* RFP No. 7. As such, these requests are plainly overly broad and extend beyond the scope of permissible discovery because they capture irrelevant, potentially highly-sensitive

information. *See Lawroski v. Nationwide Mut. Ins. Co.*, 2012 WL 6568230, at *5 (S.D. Ohio Dec. 17, 2012) (finding requests for personnel file records overly broad because they captured irrelevant, potentially highly-sensitive information).

Similar to Plaintiff's request for the entirety of Mr. Carmichael's personnel file and performance reviews, Plaintiff's request for the production of *all* entries contained in Mr. Carmichael's electronic calendar from the start of 2018 through the present time, *see* RFP No. 28, is also overly broad because it, too, captures an abundance of irrelevant, highly-sensitive information. *See Lawroski*, 2012 WL 6568230, at *5. In this respect, even opposing counsel concedes that what they are seeking is, in fact, Mr. Carmichael's "*personal*" calendar. *See* J. Smith Oct. 27, 2021 Email. Thus, the same privacy interests and need to prevent fishing expeditions that weigh heavily in favor of denying Plaintiff's request to obtain Mr. Carmichael's personnel file and performance reviews also strongly favors denying Plaintiff's request for Mr. Carmichael's personal calendar as well.

Moreover, since counsel has indicated their intent to depose Mr. Carmichael in this case, any evidence relating to meetings that Mr. Carmichael may have taken part in that are relevant to the claims and/or defenses asserted in this action can be fully explored during Mr. Carmichael's deposition without requiring him to disclose the personal details that are inevitably contained within his personal calendar.

With respect to Mr. Carmichael's communications, counsel's contention that the Bank has not produced all relevant communications sent or received by Mr. Carmichael, including text messages, lacks merit because the factual premise for counsel's position is mistaken. Specifically, all text messages that are relevant and responsive to Plaintiff's document requests have already been provided to opposing counsel. That is all the Civil Rules require. *See Baker v. County of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).

## Tim Spence Calendar, Performance Reviews & Communications

With respect to the electronic calendar of Tim Spence, the same privacy interests and need to prohibit fishing expeditions that warrant denying Plaintiff's request for Mr. Carmichael's personal calendar apply with even greater force as it relates to Plaintiff's efforts to obtain Timothy Spence's personal calendar, as Mr. Spence is not a party to this action.

Likewise, since opposing counsel has indicated their intent to depose Mr. Spence in this case, any evidence relating to meetings that Mr. Spence may have been a part of that are relevant to this litigation can be fully explored during Mr. Spence's deposition without requiring Mr. Spence to disclose his calendar and the personal and sensitive details of his private life contained therein.

With respect to the issue of performance reviews, counsel for the Bank has provided Plaintiff with all of Mr. Spence's performance reviews and related records in their possession. And contrary to opposing counsel's belief, Mr. Spence's 2017 performance review was produced by the Bank and can be found at FifthThird-McHugh-000517.

As for the issue of Mr. Spence's communications, counsel's contention that the Bank has not produced all of Mr. Spence's communications is without merit because the factual premise for this contention is mistaken. The Bank has already provided counsel with all of Mr. Spence's text messages that are responsive to Plaintiff's document requests or are otherwise relevant to any claims and/or defenses asserted in this dispute.

## Bob Shaffer Communications

As with Mr. Carmichael's and Mr. Spence's communications, the Bank has also already produced all of Mr. Shaffer's relevant communications to opposing counsel.

## Human Capital and Compensation Committee Materials (RFP 18)

Plaintiff's counsel mistakenly states that Request for Production No. 18 seeks "Fifth Third Board of Directors meeting minutes." This RFP does not pertain to Board meeting minutes, but instead relates to "any and all reports, submissions, or recommendations received or reviewed by the Human Capital and Compensation Board Committee from any member of Bank Executive Management from January 1, 2015 through date of response *addressing succession planning or candidates for promotion within Executive Management at the Bank*." (emphasis added).

More importantly, Plaintiff's counsel also mischaracterizes the redactions in question as well. The HCCC materials produced by the Bank are comprised of one single, 3,524-page PDF that encompasses hundreds of documents pertaining to HCCC meetings that extend from the beginning of 2015 through September 2020. Importantly, the Bank did not redact any *portions* of any *single* document as it relates to these materials produced in connection with RFP No. 18. All relevant documents have been produced in their entirety and without redaction.

Rather, the Bank redacted portions of this more than 3,500-page PDF that entail *entire documents* which are wholly unrelated to any issue or claim involved in this dispute. In other words, the Bank did not redact *information* from responsive *documents*, but instead redacted portions of this 3,524-page PDF that entailed *non-responsive documents in their entirety*.

For example, as pointed out in the Bank's October 11 letter to opposing counsel, "[j]ust a few examples of the wholly irrelevant *documents* that have been redacted are: (1) the Bank's Corporate Policy Regarding Insider Trading and Section 16 Reporting; (2) the Bank's 401(k) Savings Plan; and (3) the Bank's Unfunded Deferred Compensation Plan for Non-Employee Directors." *See* M. Cioffi Oct. 11, 2021 Letter to J. Smith at 6 (emphasis added). A copy of the October 11 letter is attached for the Court's convenience.

Thus, Plaintiff's contention that these redactions are improper or otherwise run afoul of the Civil Rules regarding discovery lacks any merit.

Respectfully,

**Thomas H. Stewart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8704 | F: 513.362.8793 | stewart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Wednesday, October 27, 2021 6:57 PM
**To:** barrett_chambers@ohsd.uscourts.gov
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Oberly, David <david.oberly@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests

Ms. Crum and Ms. Bedree,

As was referenced at the prior status conference with Judge Barrett on October 13, a discovery dispute has also arisen regarding documents requested by Plaintiff as early as November 6, 2020. To date, various documents responsive to these requests have not been produced by Defendants or have otherwise been unilaterally redacted based upon Fifth Third's claims of irrelevance under Rule 26. Plaintiff has made attempts to resolve these deficiencies with Defendant, which have been unsuccessful. At present, the parties are at an impasse regarding the requested documents, and thus Plaintiff seeks Court intervention to resolve the dispute.

The documents at issue are set forth in the attached correspondence, but include the following:

(i) Defendant Gregory Carmichael's personnel file (including annual reviews and self-evaluations), personal calendar, and the entirety of his relevant communications (including but not limited to text messages);

(ii) Timothy Spence's personal calendar, the entirety of his performance reviews, and the entirety of his relevant communications (including but not limited to text messages);

(iii) The entirety of Robert Shaffer's relevant communications (including but not limited to text messages); and

(iv) The unredacted Fifth Third Board of Directors meeting minutes

Each of the above categories are discussed in detail below:

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the electronic file containing Plaintiff's Outlook calendar produced in response to Plaintiff's Second Set of Requests for Production of Documents.

2.      All communications between Shaffer and any agent or representative of FW Cook

from January 1, 2017 through the date of response, including but not limited to the balance of the

e-mail correspondence on September 3, 2019 (FIFTHTHIRD-MCHUGH-006380).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005400; 005990; 006380; and 006941-006942. Further, the balance of the email correspondence at FifthThird-McHugh-006380 can be found at 005401-005411 and 006381-006413.

3.      All communications between Shaffer and any agent or representative of RHR

International from January 1, 2017 through the date of response, including but not limited to

communications with Guy Beaudin.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not

proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000977; 000988-000989; 001041; 001071-001073; 001074-001079; 005683-005685; 005686; 005687-005688; 005689; 005697-005698; 005699; 005704; 005705; 005712; 005930-005931; 005951; 006094-006095; 006098-006102; 006257-006259; and 006282.

4.     All communications between Shaffer and Spence from January 1, 2017 through date of response, including but not limited to the balance of the e-mail correspondence on September 23, 2020 (FIFTH-THIRD-MCHUGH-006423).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the term "between" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from individuals not named as parties to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation by the attorney client-privilege and/or the attorney work product privilege.

6.      All communications, reports, meeting minutes and proposals between any agent or representative of FW Cook, and any individuals at Fifth Third from January 1, 2017 through the date of response.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party not named as a Defendant in this case. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

> Subject to and without waiver of its objections, Fifth Third Bank responds to this request as follows: with the exception of the communications identified in Fifth Third Bank's response to Request for Production No. 2, Fifth Third Bank does not have any communications, reports, meeting minutes, or proposals between FW Cook and Fifth Third Bank that pertain to any party's claim or defense in this action.

7.      All communications, reports, meeting minutes and proposals between any agent or representative of RHR International, and any individuals at Fifth Third from January 1, 2017 through the date of response.

> **RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control.

Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000954-000976; 000977; 000978-000985; 000988-000989; 000990-001012; 001013-001032; 001033-001040; 001041; 001042-001060; 001063-001070; 001071-001073; 001074-001079; 001080-001085; 001086-001096; 001458-001463; 005391-005394; 005549-005552; 005631-005633; 005672-005673; 005674-005675; 005676-005680; 005681-005682; 005683-005685; 005686; 005687-005688; 005689; 005690-005694; 005696; 005697-005698; 005699; 005704; 005705-005706; 005707-005711; 005712; 005715-005717; 005930-005931; 005932-005937; 005938-005943; 005951; 006037-006047; 006055-006061; 006088-006093; 006094-006095; 006096-006097; 006098; 006257-006259; 006280-006281; 006282; 006419-006421; 006433-006438; 006688-006698; 006699-006709; 007094-007096; and 007097-007107.

8.    All PowerPoint presentations relating to Executive Talent Management Updates and succession planning for the years January 1, 2015 through the date of response, including but not limited to any and all draft versions of such presentations.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the phrase "relating to" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005350-005373; 005401-005411; 005412-005444; 005447-005481; 005483-005515; 005516-005548; 005553-005595; 005597-005630; 005635-005671; 005727-005776; 005778-005810; 005811-005843; 005852-005878; 005887-005929; 006002-006030; 006062-006085; 006173-006222; 006224-006256; 006330-006379; 006439-006462; 006502-006551; 006552-006687; 006714-006761; 006762-006811; 006812-006835; 006836-006885; 006886-006940;

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Cioffi, Michael L. <michael.cioffi@blankrome.com> |
| **Sent:** | Tuesday, January 18, 2022 10:51 AM |
| **To:** | Barbara Crum; kathleen_bedree@ohsd.uscourts.gov; michael_r._barrett@ohsd.uscourts.gov |
| **Cc:** | Stewart, Tom; Oberly, David; Peter A. Saba, Esq.; Joshua M. Smith, Esq.; John J. McHugh III |
| **Subject:** | McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB |
| **Attachments:** | RE: McHugh v. Fifth Third Bancorp, et al. (No. 21-cv-00238-MRB): Discovery Dispute; McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests; RE: McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests; MEET AND CONFER FOLLOW-UP; RE: MEET AND CONFER FOLLOW-UP; McHugh v. Fifth Third Bank - Objections and Responses to Plaintiff Requests for Admission.pdf; (127942660)_(1)_McHugh v. Fifth Third Bank - Proposed Amended Calendar Order.DOCX |

Dear Ms. Bedree and Ms. Crum,

Pursuant to earlier instructions from the Court, Defendants are writing to request the Court to assist the parties in moving this litigation forward by resolving the following discovery disputes between Plaintiff and Fifth Third Bank. Plaintiff has yet to take a single deposition of any Fifth Third officer, director or employee and refuses to do so until all open discovery disputes are resolved.

## THE JULY 6, 2021 CONFERENCE & THE COURT'S INSTRUCTIONS REGARDING BANK WITNESS DEPOSITIONS

First, the parties seek clarification on the nature and number of witnesses that the Court has permitted Plaintiff to initially depose in this case.

It is Fifth Third Bank's understanding and interpretation of the Court's prior July 6, 2021 ruling that some limitations were imposed to allow the parties to better assess their own and each other's case and whether additional discovery would be appropriate or even needed.

On July 6, the Court held a phone conference between the parties to resolve several prior discovery disputes. One of the disputes in July was that Plaintiff wanted to take the depositions of ten Fifth Third officers and directors. Our position was that ten depositions would be redundant and a waste of party resources—and served only to harass Fifth Third because, for example, there should be no need to depose every Director at a meeting to determine what was discussed.

In July, the Court resolved the issue as to Plaintiff's depositions of Fifth Third Bank witnesses as follows.

- Plaintiff will initially be permitted five depositions in total – two directors and three officers.
- Depositions of additional Fifth Third witnesses may be permitted upon application to the Court demonstrating the need for such witnesses beyond the first five.

Plaintiff, however, contends that the Court never put any limitations of any kind on his ability to conduct depositions of Fifth Third Directors and Officers in this case. As recently as last week, Plaintiff again insisted on taking ten such depositions, even though he has taken **zero** to date and has refused to proceed with depositions on the dates Fifth Third offered for those depositions as discussed below.

**PRIOR OUTSTANDING DISCOVERY DISPUTES AND PLAINTIFF'S PERCEIVED IMPACT OF THOSE DISPUTES ON THE DEPOSITIONS OF FIFTH THIRD WITNESSES**

On December 1, 2021, Plaintiff requested defense counsel to provide dates for the depositions of Fifth Third Bank witnesses – Susan Zaunbrecher (Chief Legal Officer), Mike McCallister (Director), and Bob Shaffer (Chief Human Resources Officer). As we noted in the July 6 conference with the Court, these witnesses are officers and/or directors of one of the largest banks in the country and a Fortune 300 company. As such, they are scheduled many months in advance. Nevertheless, we disrupted their schedule, and those of dozens of others working with or for them, in order to accommodate Plaintiff. After reviewing and making the necessary changes to their work schedule to accommodate a seven-hour deposition, including time to prepare with defense counsel, on January 5 Plaintiff's counsel was provided dates for the depositions of each of the requested witnesses – Zaunbrecher (January 31), McCallister (early February), and Shaffer (March 23 or 28). Given the repeated references to him in the Amended Complaint, defense counsel also provided a date for Chairman of the Board and CEO Greg Carmichael's deposition (March 21). On January 12, Plaintiff changed his position and stated that he did not want to take the depositions of any Fifth Third witnesses until the Court rules on disputes related to written discovery. Plaintiff has taken no depositions to date. Hence, the need for the Court's assistance to expeditiously move this case forward.

Plaintiff seeks the Bank to produce:

- the entire personnel file of CEO Greg Carmichael;
- the entire personal electronic calendar of CEO Greg Carmichael;
- the "entirety" of CEO Greg Carmichael's relevant communications (which have already been produced by the Bank);
- the "entirety" of Tim Spence's performance reviews (which have already been produced by the Bank);

- the entire personal electronic calendar of Tim Spence;
- <mark>the "entirety" of Tim Spence's relevant communications (which have already been produced by the Bank);</mark>
- <mark>the "entirety" of Bob Shaffer's relevant communications (which have already been produced by the Bank);</mark> and
- "unredacted" Human Capital & Compensation Committee materials (Fifth Third has produced all relevant HCCC materials to Plaintiff fully unredacted; the only redactions made by the Bank pertain to *complete documents*—as opposed to *portions* of documents—that are wholly unrelated to any claim or defense asserted in this case and were contained in the over 3,500-page PDF file of HCCC materials that was produced to Plaintiff); and
- "unredacted" Board meeting minutes for July-October 2020.

The parties' respective positions on these disputes were outlined in their October 27 and October 29, 2020 correspondence with the Court, copies of which are attached for the Court's convenience.

## NEW DISCOVERY ISSUES IN DISPUTE

Finally, the parties seek a ruling on new discovery issues that have recently arisen and which are now being brought to the Court's attention for the first time.

### Plaintiff's Interrogatory No. 2

Plaintiff first contends that Fifth Third Bank's answer to Interrogatory No. 2 is deficient. That Interrogatory provides "If your responses to Requests for Admission Nos. 1-11 are anything other than an unqualified admission, identify the factual basis for your denial." Fifth Third's answers to Requests for Admission are attached.

As this Court is aware, Rule 26(b) provides that parties may discovery any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Interrogatory No. 2 is improper under Rule 33, as it asks Fifth Third Bank to state the reasons for its responses to 11 separate Requests for Admission in a single Interrogatory answer. For this reason, Fifth Third Bank properly objected to this request as being "overly broad, unduly burdensome, and not reasonably limited in scope." Moreover, despite not having an obligation to respond to this particular request, Fifth Third Bank nonetheless answered subject to its objections, referring Plaintiff to the documents produced in response to Plaintiff's First Set of

Requests for Production, which provides the factual basis for Fifth Third Bank's Request for Admission responses.

In addition, Fifth Third's answer is plainly proper under the Advisory Committee Notes to Rule 33(c), which state the following:

- The 1970 Amendment Notes provide that under Rule 33(c), a party is afforded the option to make records available and place the burden of research on the party who seeks information, with the rationale being that this protects the interrogating party from abusive uses of Rule 33 (as is the case in the present dispute) through the requirement that the burden of ascertaining the answer be substantially the same for both sides.

- The 1980 Amendment Notes pertaining to Rule 33(c) further explain that under subdivision (c), a party may offer records for inspection in lieu of answering an interrogatory where the party offers the records in a manner that permits the same direct and economical access that is available to the party and specifies, by category and location, the records from which answers to interrogatories can be derived.

Also, as the case law recognizes, the information is better pursued via depositions. *See Smith v. Montgomery County Sheriff's Office*, 2012 WL 871255, at *1 (S.D. Ohio Mar. 14, 2012) (agreeing with the proposition that "Interrogatories that purport to require a detailed narrative of the opposing party's case are generally improper because they are overbroad and oppressive."); *see also Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566 (M.D. Fla. Feb. 13, 2008) (same).

Applied to the present dispute, Fifth Third Bank's answer to Interrogatory No. 2 is plainly proper, as it clearly follows the guidance offered by the Advisory Committee Notes described above.

Taken together, Plaintiff's arguments relating to this Interrogatory answer are without merit.

### Plaintiff's Interrogatory Nos. 6, 9, 11

Plaintiff also contends that Fifth Third Bank's answers to Interrogatory Nos. 6, 8, and 11 are deficient because they do not provide a descriptive response, but instead only refer Plaintiff to certain documents. Like Plaintiff's arguments regarding Interrogatory No. 2, this argument also lacks merit, as Fifth Third Bank has answered these requests properly by referring Plaintiff to specific documents—identified by Bates number—that provide the factual basis for Fifth Third Bank's answers.

### Plaintiff's Request for Production Nos. 2, 4, 5

Lastly, Plaintiff contends that Fifth Third Bank's responses to Request for Production Nos. 2, 4, and 5 are deficient because Fifth Third Bank did not produce any additional documents in response to these requests contained in Plaintiff's Second Set of Requests for Production, but instead referred Plaintiff to documents produced as part of its responses to Plaintiff's First Set of Requests for Production.

Plaintiff's position as to the sufficiency of these responses lacks merit because, simply put, the Bank produced all documents responsive to these particular Requests for Production in its responses to Plaintiff's First Set of Requests for Production. Thus, this argument also lacks merit, as Fifth Third Bank's responses are plainly proper. *See Baker v. County of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).

## NEW CALENDAR CASE MANAGEMENT ORDER

Plaintiff's dilatory tactics have significantly delayed the parties' progress in this case to date so that, for example, the deadline for Plaintiff to identify and provide reports of his experts expired two months ago and Fifth Third, therefore, has been unable to determine defense experts and corresponding expert reports. (Dkt. 18). Fifth Third, therefore, is also attaching for the Court's convenience a new Proposed Amended Calendar Order that provides new relevant dates and deadlines—and which is modeled after the existing, original Calendar Order that is currently in place at this time.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

*************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*************************************************************************************
******