# EXHIBIT 1)

# Hart, Collin

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. <JMS@sspfirm.com> |
| **Sent:** | Monday, March 14, 2022 5:21 PM |
| **To:** | Cioffi, Michael L.; Stewart, Tom; Oberly, David |
| **Cc:** | mchugh@mchughlaw.com; Peter A. Saba, Esq.; Jessica K. Peterson |
| **Subject:** | FW: McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB |

Counsel,

It is our understanding that Judge Barrett just wrapped up a lengthy FLSA class/collective action bench trial, which may be some of the reason for delay in getting to the below issues. That said, we think it would be best to reach out to the court via telephone and request a status conference to attempt to push this matter along.

At your earliest convenience, can you please let us know a few times this week that work for a call to the court?

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Joshua M. Smith, Esq.
**Sent:** Tuesday, February 15, 2022 4:39 PM
**To:** krista_zeller@ohsd.uscourts.gov; kathleen_bedree@ohsd.uscourts.gov
**Cc:** michael_r._barrett@ohsd.uscourts.gov; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Oberly, David <david.oberly@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB

Ms. Bedree and Ms. Zeller,

Good afternoon. We just wanted to follow-up on the below e-mails pertaining to *McHugh v. Fifth Third Bancorp et al.*, 1:21-cv-238. Please let us know if the Court needs any additional information from the parties, or would prefer to set a status conference to address the pending disputes. Thank you.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Joshua M. Smith, Esq.
**Sent:** Tuesday, January 18, 2022 4:52 PM
**To:** krista_zeller@ohsd.uscourts.gov; kathleen_bedree@ohsd.uscourts.gov
**Cc:** michael_r._barrett@ohsd.uscourts.gov; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Oberly, David <david.oberly@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB

Dear Ms. Bedree and Ms. Zeller,

The unilateral e-mail submitted by Defendants this morning was a surprise to Plaintiff, given that the parties had previously agreed to submit a joint e-mail to the court regarding the outstanding discovery issues. Defendants' January 9, 2022 e-mail at 4:15pm states, *"[y]ou were going to send us an email with these points, to which we would add our points and submit a joint request to the Court along with a proposed new CMO with dates timed from the Court's ruling. Could you please send these points to us by COB on Monday so that we can then move to drafting a joint email request to submit to the Court?"* Plaintiff submitted such points to Defendants on January 12, 2022, and Plaintiff heard nothing back until the below e-mail this morning.

Regardless, in light of Defendant's e-mail, Plaintiff is providing his own responses below. To the extent Judge Barrett would prefer that the parties brief the below issues in an alternative manner, or hold a telephone conference to discuss these issues, Plaintiff would be happy to do so:

1. **Defendants' inappropriate attempts to limit Plaintiff to 5 total depositions in this litigation, in direct contravention of Rule 30 and the Parties' 26(f) Report.**

   Defendants are distorting the Court's guidance and minute entry from an informal July 6, 2021 telephone conference.

   As confirmed by e-mails to the Court on June 29-30, 2021 (attached), the July 6 conference was scheduled to discuss a dispute surrounding whether Plaintiff's deposition must occur before he can take depositions of relevant Directors, officers, and employees of Defendants. The Court provided guidance that, generally, it would permit Plaintiff to be deposed first, and then Plaintiff can take his depositions thereafter. The Court's minute entry following that conference confirms this, stating simply that "the parties agree to exchange documents by 7/30/21 and agree to plaintiff's deposition on 8/30/21 and

8/31/21; case to proceed otherwise." No reference to any limitation on the number of depositions Plaintiff may take.

As the court is well aware, pursuant to Rule 30 Plaintiff has the right to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Rule 30(a)(2) provides a limitation of 10 depositions per side. Moreover, the parties agreed to extend the limitations under Rule 30(a)(2) from 10 depositions to 20, via their Joint 26(f) report submitted to the court on April 30, 2021 (see attached). Defendants' assertions that this Court ordered anything contrary to Rule 30 or the 26(f) report in the July 6, 2021 conference is simply unfounded.

2. **Defendants' Mischaracterizations regarding Deposition Requests and Prior Discovery Dispute**

Briefly, Defendants inappropriately characterize Plaintiff as the cause for delay in depositions. Notwithstanding the improper attempts to limit such depositions to 5 total, the fact is Fifth Third has failed to produce numerous documents necessary to take meaningful depositions of the relevant parties/witnesses in this case. Plaintiff originally sought dates for three witnesses via an e-mail to Defense counsel on December 1, 2021, anticipating that the prior discovery dispute submitted to the Court on October 27, 2021 would be resolved by the time such depositions were to occur in January. Further, Defendants were due to provide responses to interrogatories and supplemental document requests served on September 27, 2021, by an agreed upon extended deadline of December 22, 2021 (i.e., approximately 3 months).

Unfortunately, the original dispute with the court has not yet been resolved, and the interrogatories and documents produced Defendants on December 22 were just as deficient as the original responses (see point #3 below). As such, Plaintiff informed Defendants that he planned to hold off on such depositions until these disputes are resolved. The parties then agreed to raise these issues to the court in a joint e-mail.

3. **Deficiencies from Defendants' December 22, 2021 Production**

Rather than attempt to extrajudicially resolve the discovery deficiencies noted in Plaintiff's January 12, 2022 correspondence (attached), Defendants have yet again gone directly to the Court asking it to resolve the dispute. In doing so, Defendants only raise some of the deficiencies, while omitting others. Because Plaintiff seeks to resolve all such deficiencies, it is raising those below along with responding to the deficiencies noted by Defendants.

**Verification Page:** Defendants did not provide any executed verification of the interrogatory responses, as required under Rule 33. *See* Rule 33(b)(1), (3), and (5)

**Native Format:** Despite instructions, Defendants did not produce ESI information in its native format, including powerpoints, e-mails, and other ESI.

**Interrogatory No. 2:** In responding to Interrogatory No. 2, Defendant referred Plaintiff to all 7,203 documents produced. Case law is clear that if a party intends to refer to business records as a response to an interrogatory, the party is required to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Castillo v. Morales, Inc.*, 2013 U.S. Dist. LEXIS 72563 at *2 (S.D. Ohio May 22, 2013) citing Fed. R. Civ. P. 33(d)(1). Obviously, a reference to all 7,203 produced documents does not meet this specification requirement and, in any event, the 7,203 documents do not appear to sufficiently respond to the interrogatory. Plaintiff is simply asking that Defendants either provide a written, substantive

response for as to its denials of the requests for admission , or refer Plaintiff, *by category and location*, to the records from which answers to this interrogatory can be derived.

**Interrogatory No. 6:** Plaintiff requested the identity of those who participated in the decision to promote Timothy N. Spence to President, and to identify the individual's participation in the decision. In response, Defendants provided all 15 board member names and Robert Shaffer, but failed to identify any of the individuals' participation in the decision.

Now, Defendants claim that they answered this interrogatory by referring to documents, which is simply not true. Plaintiff is simply asking for an identification of each individual's participation in the decision. This would also assist in identifying which board members are necessary to initially take for purposes of discovery.

**Interrogatory No. 8:** Plaintiff requested the identity of individuals involved in the decision to demote or otherwise transfer Plaintiff to Head of Consumer Banking in 2020, and a brief description of their involvement. Defendants referred Plaintiff to individuals, but again failed to identify each individual's involvement.

Defendants did not respond to this deficiency, nor did they raise it with the Court in the below e-mail. Plaintiff is seeking the identification of each individual's involvement in the decision.

**Interrogatory No. 9:** Plaintiff requested each reason, in order of importance, as to why Plaintiff was not selected for the position of President. Defendants simply responded that Timothy Spence was selected in an exercise of the Bank's business judgment, without providing any of the requested reasons.

Now, Defendants claim that they fully responded by referring Plaintiff to a "Winning Formula" document prepared by RHR International, a third party retained by Fifth Third. However, this document does not provide any of the reasons why Plaintiff was not selected for the position of President.

Plaintiff seeks the reasons, in order of importance, as to why Plaintiff was not selected for the position of President.

**Interrogatory No. 11:** Plaintiff requested that Defendants identify each of the succession candidates reviewed for the CEO position at a December 17, 2019 Board of Directors meeting. Defendants did not identify any individuals in response, instead simply stating that "the Board exercised its business judgment" and then referred Plaintiff to responses to Interrogatory Nos. 4-5 which do not name any such individuals.

Now, Defendants claims that they fully responded by referring Plaintiffs to a 70 page powerpoint presentation for the Board of Directors meeting. However, these slides do not identify the succession candidates reviewed for the CEO position at the December 17 meeting. Indeed, the powerpoint slides include references to *all* of the c-suite employees of Fifth Third, making it impossible to determine who was actually reviewed as a succession candidate for the CEO position.

**Request for Production No. 1:** Despite Defendants' prior representations that Plaintiff's outlook calendar is in their possession and can be readily produced, Defendants have still failed to produce it. Instead, Fifth Third produced approximately 30,000 pages of irrelevant documents, many of which relate to specific customers of the bank. Defendants represented that they were looking into this issue two weeks ago, but to date have failed to apprise Plaintiff of the status of their response or a commitment to actually produce the calendar. It is Plaintiff's understanding, to which Defendants agreed, that this calendar can be produced in its native .pst format without burden.

**Request for Production No. 2:** Plaintiff requested all communications between Robert Shaffer and FW Cook (a third party) between January 1, 2017 to the present, including the balance of e-mail correspondence on September 3, 2019. Defendants referred Plaintiff to previously produced documents, and Plaintiff then pointed out that the documents referenced are either not responsive or incomplete. The September 3, 2019 e-mail, for example, appears to be from Mr. Shaffer to an FW Cook representative, but no response to the e-mail appears to have been provided (and Fifth Third has not referred Plaintiff to any such response).

**Request for Production No. 4:** Similar to RFP # 2, Plaintiff requested the balance of communications between Shaffer and Spence, including the balance of a September 23, 2020 e-mail, to which prior and subsequent e-mails likely would exist. Despite noting this deficiency, nothing further was provided.

**Request for Production No. 5:** Similar to RFP # 2 and 4, Plaintiff requested the balance of communications between Shaffer and Carmichael, including the balance of e-mail correspondence reflected in documents bates stamped FIFTHTHIRD-MCHUGH-006500, including the date of the e-mail and recipient. Defendants did not produce any additional documents, instead referring to the attachments to the e-mail. Plaintiff has still not been able to confirm the date the e-mail was sent, or the recipient.

**Request for Production Nos. 15-18:** Plaintiff requested scores from employee engagement and customer experience surveys for Plaintiff and Mr. Spence. Despite these records being regularly maintained by Fifth Third's HR Department, Defendants indicated that they have been unable to locate or otherwise obtain the responsive documents, and that they will continue to search for the same.

In response and in light of Plaintiff's experience readily obtaining such documents from HR during his employment, Plaintiff requested a response as to whether the records have been retained by Defendant's Human Resources department, and, if not, to provide (i) when the requested documents were destroyed or otherwise purged; (ii) the reason the documents were not retained; and (iii) what efforts have been made or engaged in to recover the documents. To date, no response has been provided.

4. **New Calendar Case Management Order**

Given the above, it is plainly wrong to claim Plaintiff has in any way delayed the parties' progress in this case. Indeed, the exact opposite is true, given Plaintiff has produced all relevant documents (including thousands of pages of text messages, e-mails, and all other items requested by Defendants), submitted to deposition, identified experts, responded to interrogatories submitted via e-mail, and made attempt after attempt to resolve discovery deficiencies with Defendants. It is Defendants who have refused production, imagined a limitation on depositions, and sought to delay production of any relevant information in discovery.

Plaintiff certainly agrees with discussing a new case management order with the Court in light of these pending disputes and the delays they have caused. However, to give the Court sufficient time to review and resolve these disputes, and allow the parties adequate time thereafter to complete discovery, Plaintiff asks that the discovery deadline be held in abeyance until after these disputes are resolved.

Joshua M. Smith, Esq.
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Ave
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
http://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Oberly, David <david.oberly@blankrome.com>
**Sent:** Tuesday, January 18, 2022 12:14 PM
**To:** krista_zeller@ohsd.uscourts.gov
**Cc:** michael_r._barrett@ohsd.uscourts.gov; kathleen_bedree@ohsd.uscourts.gov; Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; mchugh@mchughlaw.com; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>
**Subject:** FW: McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB

Dear Ms. Zeller,

Defendants are forwarding this email to you as Judge Barrett's new Courtroom Deputy, replacing Barbara Crum who recently retired.

David

**David J. Oberly** | BLANKROME | Biography
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8711 | M: 513.378.9767 | F: 513.362.8798 | david.oberly@blankrome.com

---

**From:** Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Sent:** Tuesday, January 18, 2022 10:51 AM
**To:** Barbara Crum <Barbara_Crum@ohsd.uscourts.gov>; kathleen_bedree@ohsd.uscourts.gov; michael_r._barrett@ohsd.uscourts.gov
**Cc:** Stewart, Tom <tom.stewart@blankrome.com>; Oberly, David <david.oberly@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <JMS@sspfirm.com>; John J. McHugh III <McHugh@McHughlaw.com>
**Subject:** McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB

Dear Ms. Bedree and Ms. Crum,

Pursuant to earlier instructions from the Court, Defendants are writing to request the Court to assist the parties in moving this litigation forward by resolving the following discovery disputes

between Plaintiff and Fifth Third Bank. Plaintiff has yet to take a single deposition of any Fifth Third officer, director or employee and refuses to do so until all open discovery disputes are resolved.

## THE JULY 6, 2021 CONFERENCE & THE COURT'S INSTRUCTIONS REGARDING BANK WITNESS DEPOSITIONS

First, the parties seek clarification on the nature and number of witnesses that the Court has permitted Plaintiff to initially depose in this case.

It is Fifth Third Bank's understanding and interpretation of the Court's prior July 6, 2021 ruling that some limitations were imposed to allow the parties to better assess their own and each other's case and whether additional discovery would be appropriate or even needed.

On July 6, the Court held a phone conference between the parties to resolve several prior discovery disputes. One of the disputes in July was that Plaintiff wanted to take the depositions of ten Fifth Third officers and directors. Our position was that ten depositions would be redundant and a waste of party resources—and served only to harass Fifth Third because, for example, there should be no need to depose every Director at a meeting to determine what was discussed.

In July, the Court resolved the issue as to Plaintiff's depositions of Fifth Third Bank witnesses as follows.

- Plaintiff will initially be permitted five depositions in total – two directors and three officers.
- Depositions of additional Fifth Third witnesses may be permitted upon application to the Court demonstrating the need for such witnesses beyond the first five.

Plaintiff, however, contends that the Court never put any limitations of any kind on his ability to conduct depositions of Fifth Third Directors and Officers in this case. As recently as last week, Plaintiff again insisted on taking ten such depositions, even though he has taken **zero** to date and has refused to proceed with depositions on the dates Fifth Third offered for those depositions as discussed below.

## PRIOR OUTSTANDING DISCOVERY DISPUTES AND PLAINTIFF'S PERCEIVED IMPACT OF THOSE DISPUTES ON THE DEPOSITIONS OF FIFTH THIRD WITNESSES

On December 1, 2021, Plaintiff requested defense counsel to provide dates for the depositions of Fifth Third Bank witnesses – Susan Zaunbrecher (Chief Legal Officer), Mike McCallister (Director), and Bob Shaffer (Chief Human Resources Officer). As we noted in the July 6 conference with the Court, these witnesses are officers and/or directors of one of the largest

banks in the country and a Fortune 300 company. As such, they are scheduled many months in advance. Nevertheless, we disrupted their schedule, and those of dozens of others working with or for them, in order to accommodate Plaintiff. After reviewing and making the necessary changes to their work schedule to accommodate a seven-hour deposition, including time to prepare with defense counsel, on January 5 Plaintiff's counsel was provided dates for the depositions of each of the requested witnesses – Zaunbrecher (January 31), McCallister (early February), and Shaffer (March 23 or 28). Given the repeated references to him in the Amended Complaint, defense counsel also provided a date for Chairman of the Board and CEO Greg Carmichael's deposition (March 21). On January 12, Plaintiff changed his position and stated that he did not want to take the depositions of any Fifth Third witnesses until the Court rules on disputes related to written discovery. Plaintiff has taken no depositions to date. Hence, the need for the Court's assistance to expeditiously move this case forward.

Plaintiff seeks the Bank to produce:

- the entire personnel file of CEO Greg Carmichael;
- the entire personal electronic calendar of CEO Greg Carmichael;
- the "entirety" of CEO Greg Carmichael's relevant communications (which have already been produced by the Bank);
- the "entirety" of Tim Spence's performance reviews (which have already been produced by the Bank);
- the entire personal electronic calendar of Tim Spence;
- the "entirety" of Tim Spence's relevant communications (which have already been produced by the Bank);
- the "entirety" of Bob Shaffer's relevant communications (which have already been produced by the Bank); and
- "unredacted" Human Capital & Compensation Committee materials (Fifth Third has produced all relevant HCCC materials to Plaintiff fully unredacted; the only redactions made by the Bank pertain to *complete documents*—as opposed to *portions* of documents—that are wholly unrelated to any claim or defense asserted in this case and were contained in the over 3,500-page PDF file of HCCC materials that was produced to Plaintiff); and
- "unredacted" Board meeting minutes for July-October 2020.

The parties' respective positions on these disputes were outlined in their October 27 and October 29, 2020 correspondence with the Court, copies of which are attached for the Court's convenience.

**NEW DISCOVERY ISSUES IN DISPUTE**

Finally, the parties seek a ruling on new discovery issues that have recently arisen and which are now being brought to the Court's attention for the first time.

8

**Plaintiff's Interrogatory No. 2**

Plaintiff first contends that Fifth Third Bank's answer to Interrogatory No. 2 is deficient. That Interrogatory provides "If your responses to Requests for Admission Nos. 1-11 are anything other than an unqualified admission, identify the factual basis for your denial." Fifth Third's answers to Requests for Admission are attached.

As this Court is aware, Rule 26(b) provides that parties may discovery any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Interrogatory No. 2 is improper under Rule 33, as it asks Fifth Third Bank to state the reasons for its responses to 11 separate Requests for Admission in a single Interrogatory answer. For this reason, Fifth Third Bank properly objected to this request as being "overly broad, unduly burdensome, and not reasonably limited in scope." Moreover, despite not having an obligation to respond to this particular request, Fifth Third Bank nonetheless answered subject to its objections, referring Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production, which provides the factual basis for Fifth Third Bank's Request for Admission responses.

In addition, Fifth Third's answer is plainly proper under the Advisory Committee Notes to Rule 33(c), which state the following:

- The 1970 Amendment Notes provide that under Rule 33(c), a party is afforded the option to make records available and place the burden of research on the party who seeks information, with the rationale being that this protects the interrogating party from abusive uses of Rule 33 (as is the case in the present dispute) through the requirement that the burden of ascertaining the answer be substantially the same for both sides.

- The 1980 Amendment Notes pertaining to Rule 33(c) further explain that under subdivision (c), a party may offer records for inspection in lieu of answering an interrogatory where the party offers the records in a manner that permits the same direct and economical access that is available to the party and specifies, by category and location, the records from which answers to interrogatories can be derived.

Also, as the case law recognizes, the information is better pursued via depositions. *See Smith v. Montgomery County Sheriff's Office*, 2012 WL 871255, at *1 (S.D. Ohio Mar. 14, 2012) (agreeing with the proposition that "Interrogatories that purport to require a detailed narrative of the opposing party's case are generally improper because they are overbroad and oppressive.");

*see also Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566 (M.D. Fla. Feb. 13, 2008) (same).

Applied to the present dispute, Fifth Third Bank's answer to Interrogatory No. 2 is plainly proper, as it clearly follows the guidance offered by the Advisory Committee Notes described above.

Taken together, Plaintiff's arguments relating to this Interrogatory answer are without merit.

**Plaintiff's Interrogatory Nos. 6, 9, 11**

Plaintiff also contends that Fifth Third Bank's answers to Interrogatory Nos. 6, 8, and 11 are deficient because they do not provide a descriptive response, but instead only refer Plaintiff to certain documents. Like Plaintiff's arguments regarding Interrogatory No. 2, this argument also lacks merit, as Fifth Third Bank has answered these requests properly by referring Plaintiff to specific documents—identified by Bates number—that provide the factual basis for Fifth Third Bank's answers.

**Plaintiff's Request for Production Nos. 2, 4, 5**

Lastly, Plaintiff contends that Fifth Third Bank's responses to Request for Production Nos. 2, 4, and 5 are deficient because Fifth Third Bank did not produce any additional documents in response to these requests contained in Plaintiff's Second Set of Requests for Production, but instead referred Plaintiff to documents produced as part of its responses to Plaintiff's First Set of Requests for Production.

Plaintiff's position as to the sufficiency of these responses lacks merit because, simply put, the Bank produced all documents responsive to these particular Requests for Production in its responses to Plaintiff's First Set of Requests for Production. Thus, this argument also lacks merit, as Fifth Third Bank's responses are plainly proper. *See Baker v. County of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).

**NEW CALENDAR CASE MANAGEMENT ORDER**

Plaintiff's dilatory tactics have significantly delayed the parties' progress in this case to date so that, for example, the deadline for Plaintiff to identify and provide reports of his experts expired two months ago and Fifth Third, therefore, has been unable to determine defense experts and corresponding expert reports. (Dkt. 18). Fifth Third, therefore, is also attaching for the Court's convenience a new Proposed Amended Calendar Order that provides new relevant dates and deadlines—and which is modeled after the existing, original Calendar Order that is currently in place at this time.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

********************************************************************************████

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

********************************************************************************████