UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PHILIP R. MCHUGH, | : | Case No. 1:21-cv-00238 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| FIFTH THIRD BANCORP, ET AL. | : | PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS |
| Defendants. | : | |

"[T]he most fundamental responsibility of those engaged in discovery…is to provide honest, truthful answers in the first place and to supplement or correct a previous disclosure when a party learns that its earlier disclosure was incomplete or incorrect." *Mosley v. Spartan Freight Sys.*, S.D.Ohio No. 2:16-cv-01197, 2019 U.S. Dist. LEXIS 51700, at *29 (Mar. 27, 2019). Furthermore, "[t]he discovery process created by the Federal Rules of Civil Procedure is premised on the belief or, to be more accurate, requirement that parties who engage in it will truthfully answer their opponents' discovery requests and consistently correct and supplement their initial responses." *Id.*

Defendants failed to live up to this standard, and their response in opposition only confirms that Defendants did so intentionally, making sanctions more than appropriate. And, Defendants' intentional conduct raises a significant question: What other relevant discovery have Defendants intentionally withheld based upon boilerplate relevance objections, without notice to Plaintiff as required by Rule 34?

I. **Defendants' withholding of relevant discovery was intentional, undisclosed, and in direct contradiction to Rule 34's requirements.**

In their opposition, Defendants confirm for the first time that their withholding of March – June 2020 communications with RHR over the last 4 years was intentional, and based solely upon

1

over-extended boilerplate relevance objections from 2021. Doc. # 77, PAGEID # 3418-3419 ("Fifth Third had not produced these irrelevant documents based on its prior objections to Plaintiff's overbroad discovery requests seeking 'all communications' with RHR, regardless of relevance."); *See also id.* at PAGEID # 3423 and 3428.

Below are Defendants' responses and objections to the Discovery Requests at issue:

**RESPONSE:** Fifth Third incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of the case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney-client privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000977; 000988-000989; 001041; 001071-001073; 001074-001079; 005683-005685; 005686; 005687-005688; 005689; 005697-005698; 005699; 005704; 005705; 005712; 005930-005931; 005951; 006094-006095; 006098-006102; 006257-006259; 006282.[1]

(See Doc. # 76-8, PAGEID # 3372-3375 – Pl.'s Ex. 8 and Doc. # 77-4, PAGEID # 3509-3513 – Def.'s Ex. 4).

---

[1] Defendants' response to RFP 4 is verbatim to the objections and responses to RFP 7, with references to additional bates numbered documents already produced in RFP 7.

The objections are generic, found in most of Defendants' other discovery responses, and fail to state whether any documents are being withheld based upon the relevance objections. Thus, the objections fail to meet the requirements of Rule 34, and Defendants cannot rely upon them as a basis to avoid sanctions.

> II. Objections to Rule 34 requests require specificity, and notification to the requesting party when documents are being withheld. Defendants failed to meet either requirement.

Rule 34 requires a responding party objecting to a document request to "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *See also Am. Power, LLC v. Harris,* S.D.Ohio No. 3:17-cv-347, 2023 U.S. Dist. LEXIS 111150, at *15 (June 27, 2023) quoting *Kafele v. Javitch, Block, Eisen & Rathbone,* No. 2:03-cv-638, 2005 U.S. Dist. LEXIS 48484 at *2 (S.D. Ohio 2005)("As a general rule, all grounds for an objection…shall be stated with specificity…The mere statement by a party that an interrogatory or request for document production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection.").

The rule also requires that a responding party "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C)(emphasis added); *See also Michigan Auto. Ins. Placement Facility v. New Grace Rehab. Ctr., PLLC,* E.D.Mich. No. 4:17-CV-11007-TGB-DRG, 2019 U.S. Dist. LEXIS 13511, at *7 (Jan. 29, 2019)("Such a specific objection having been articulated, counsel must also state whether any responsive materials exist that are being withheld subject to that objection.").

This language was added to Rule 34 in 2015 to conform to the requirement that has long applied to responses to interrogatories under Rule 33. *See* Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment. Further, the requirement for specificity ties into the requirement added

to Rule 34(b)(2)(C) in 2015 for a responding party to "state whether any responsive materials are being withheld on the basis of that objection." *Id.* ("This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."). These amendments "marked an intentional break from the discovery gamesmanship of the past and called on attorneys—as well as the federal courts— to adopt a more cooperative, transparent, and pragmatic approach." *James v. Cuyahoga Cty.*, 648 F.Supp. 3d 897, 904 (N.D.Ohio 2022).

Here, the objections on which Defendants' apparently relied come nowhere close to meeting Rule 34's requirements of specificity and notification.

First, the boilerplate objections categorically state, without supporting grounds or reasons, that the requests are "not relevant to any party's claim or defense," "not proportional to the needs of the case," and "bear no relevance to this case as framed by the pleadings." Doc. # 76-8, PAGEID # 3372-3375 – Pl.'s **Ex. 8** and Doc. # 77-4, PAGEID # 3509-3513 – Def.'s **Ex. 4**. The response is littered with other objections, including as to privilege, confidentiality, prior production, and that the documentation is more appropriately requested from RHR. *Id.* These same objections are found verbatim throughout Defendants' other responses to Plaintiff's discovery requests, without any tailoring to the numbered request or topic at issue. *Id.*

Second, the discovery responses in no way state that any responsive materials are being withheld on the basis of such relevance objections, either in full or in part. *Id.*; *See also* Fed. R. Civ. P. 34(b)(2)(C)("An objection to part of a request must specify the part and permit inspection of the rest."). Instead, it misleadingly refers to documents already produced. Doc. # 76-8, PAGEID # 3372-3375 – Pl.'s **Ex. 8** and Doc. # 77-4, PAGEID # 3509-3513 – Def.'s **Ex. 4**.

Further compounding the evasive and incomplete nature of the responses, Defendants made other misrepresentations that all relevant communications had been produced. *See* Doc. # 76-9, PAGEID # 3379 – Pl.'s **Ex. 9** ("As with Mr. Carmichael's and Mr. Spence's communications, the Bank has also already produced all of Mr. Shaffer's relevant communications to opposing counsel."); Doc. 76-10, PAGEID #3382 – Pl.'s **Ex. 10** and Doc. # 77-17, PAGEID # 3955 – Def.'s **Ex. 17** ("Plaintiff seeks the Bank to produce: the 'entirety' of [Carmichael, Spence, Shaffer's] relevant communications (which have already been produced by the Bank)"); Doc. # 76-16, PAGEID # 3405 – Pl.'s **Ex. 16** ("As it pertains to communications between RHR and Defendants, Defendants have already produced all known, relevant communications responsive to Plaintiff's requests for production.").

Relying on Defendants' misrepresentations, RHR likewise made references to these documents having already been produced when this turned out not to be the case. *See* Doc. # 76-13, PAGEID # 3399 – Pl.'s **Ex. 13** ("We note that the requests for production attached to the Subpoena as Exhibit A are for documents necessarily in the possession of the named parties to the case which we understand have already been the subject of production."); Doc. # 76-14, PAGEID # 3401 – Pl.'s **Ex. 14** ("Moreover, any documents prepared by RHR that were provided to Fifth Third Bank and considered in connection with any employment decisions affecting Mr. McHugh obviously would be in the possession of Fifth Third Bank…"); Doc. # 59, PAGEID # 2530 ("Fifth Third Bank has previously produced the correspondence exchanged between RHR and Fifth Third Bank and/or Spence."); Doc. # 76-17, PAGEID # 3408 – Pl.'s **Ex. 17** ("As we indicated to you during the conferral, RHR believes that these requests, which seek communications involving a party to the lawsuit, are most properly directed to Fifth Third Bank and that RHR should not be

asked to produce materials that are in the possession of a party where there is no evidence that reasonably suggests that any communications are missing.").

Defendants' claim of complete ignorance as to this discovery issue until November 2024 is also disingenuous. According to its April 14, 2022 letter, RHR had obtained an "understanding" that the documents "have already been the subject of production." Doc. # 76-13, PAGEID # 3399 – Pl.'s **Ex. 13**. As of the filing of RHR's opposition in this Court on March 20, 2024, RHR was representing that Defendants had "previously produced the correspondence exchanged between RHR and Fifth Third Bank and/or Spence." Doc. # 59, PAGEID # 2530. Plaintiff did not make that representation to RHR, and the only other parties with awareness of what was produced were Defendants.

Despite the complete lack of specificity, failure to notify of any withholdings, and multiple misrepresentations that "all relevant communications" were produced, Defendants now seek to blame Plaintiff for failing to have been previously aware of Defendants' discovery improprieties, and for not pursuing those via a motion to compel. *See* Doc. # 77, PAGEID # 3425 ("Fifth Third served its objections to these overbroad RFPs nearly *three years* ago. Plaintiff never challenged those objections, despite raising hosts of unrelated discovery disputes with Fifth Third and RHR."). But as courts in this circuit have made clear, a party does not have a duty to file such a motion where it has no knowledge that such documents exist. *See, e.g., Ferrer v. Detroit Club Mgt. Corp.*, E.D. Mich. No. 22-cv-11427, 2024 U.S. Dist. LEXIS 198337 at *15 (Oct. 31, 2024)("This Court is unsure how a party could be expected to file a motion to compel when documents responsive to discovery requests are withheld and the party has absolutely no knowledge they exist."); *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391, 1989 U.S. App. LEXIS 16348, at *10 (6th Cir. 1989)("The rationale for allowing sanctions without contempt of a prior court order is that an injured party

6

may be unaware that key discovery information has been withheld and, therefore, may not seek an order to compel discovery.").

### III. Defendants' relevance objections are waived, and the Court should enforce that waiver.

In light of the above, Fifth Third's purported "objections" as to relevance are waived and cannot be used to support their intentionally withheld discovery. *See James*, 648 F. Supp.3d at 904-905, citing *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020) ("Courts have long recognized that general or boilerplate objections that lack any particularity to the facts of the case waive any legitimate objection."); *Bally v. First Natl. Bank Omaha*, E.D.Mich. Civil Action No. 17-10632, 2018 U.S. Dist. LEXIS 61737, at *3 (Jan. 17, 2018)("The Court finds that FNBO must be sanctioned because it relied upon numerous boilerplate objections to Bally's requests for production of documents without indicating whether it was withholding production of any documents."); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 192 (N.D. Iowa 2017)("NO MORE WARNINGS. IN THE FUTURE, USING 'BOILERPLATE' OBJECTIONS TO DISCOVERY IN ANY CASE BEFORE ME PLACES COUNSEL AND THEIR CLIENTS AT RISK FOR SUBSTANTIAL SANCTIONS.").

This Court can and should enforce that waiver, and Defendants have provided no reason to the contrary. *See James*, 648 F. Supp.3d at 905 ("[A] court has broad discretion under the discovery rules to decide whether to enforce a waiver of an objection. In making that determination, the party that failed to particularize its objections bears the burden of avoiding the waiver."). To establish good cause, courts look to a variety of factors including:

(1) The length of the delay or failure to particularize and the reasons for the same;
(2) Bad faith on the part of the responding party;
(3) Prejudice to the requesting party;
(4) The propriety of the discovery request, including under the cost-benefit factors of Rule 26(b)(2); and

(5) Whether waiver works an excessively harsh result on the defaulting party, including whether the waiver is particular to a request or results in a broad-subject matter waiver.

*Id.,* citing *Hall v. Sullivan,* 231 F.R.D. 468, 474 (D. Md. 2005). Here, all five factors weigh in favor of waiver enforcement.

First, it has been four years since Defendants made these boilerplate objections without notifying Plaintiff of the withholding. Defendants provide no excuse for the length of time that has passed, let alone cause sufficient to overcome waiver.

Second, bad faith is shown particularly by Defendants' caged representations to Plaintiff and RHR on November 12, 2024. Doc. # 76-16, PAGEID # 3405 – Pl.'s **Ex. 16** ("Defendants have already produced all known, relevant communications responsive to Plaintiff's request for production."). Defendants' arguments in opposition further confirm their bad faith, by over-emphasizing "relevant" and "responsive" while omitting the fact that Fifth Third *knew* it had withheld responsive documents on the basis of relevance and failed to notify Plaintiff of the same as required by Rule 34. *See* Doc. # 77, PAGEID # 3422 ("As to the purported gap in emails, Fifth Third confirmed it had 'produced all known, *relevant* communications *responsive* to Plaintiff's requests for production.' At no point did Fifth Third represent that it produced *all* communications between Fifth Third and RHR, regardless of relevance, responsiveness, or objections that had been lodged to the First and Second RFPs.") (emphasis in original). Indeed, it was not until RHR produced the withheld documents that Defendants admitted to having the documents in their possession, and subsequently produced them. Had RHR not produced the documents, Plaintiff would still not know of their existence.

Third, the prejudice against Plaintiff is clear and has been explained at length in Plaintiff's motion. *See* Doc. # 76, PAGEID # 3338-3346, 3349. As Defendants confirm, 20 depositions have

8

occurred without the benefit of these documents, and Plaintiff spent significant time and resources pursuing such communications from RHR only to learn that, despite prior representations, Fifth Third was in possession of the responsive documents.

Fourth, as to the propriety of the request, the requested e-mails are between RHR and Fifth Third executives, between March and June 2020, concern the assessment of executives for the position of President and CEO of Fifth Third Bank. Plaintiff's failure to promote claims tie directly to this request, and the Bank has stated this assessment formed part of the factual basis for promoting Tim Spence and not Phil McHugh to President and CEO. *See* Doc. # 77-6, Pl.'s **Ex. 6** (response to Interrogatory 4 confirming the "factual basis for Defendant's decision to appoint Timothy N. Spence to the position of President in 2020" was based upon RHR's documents). Even if Defendants felt the time period was overbroad, they had a duty to specifically object on that basis, identify the documents being withheld on that basis, and produce the remaining documents not subject to that objection. *See* Fed. R. Civ. P. 34(b)(2)(C)("An objection to part of a request must specify the part and permit inspection of the rest."). Instead, the response misleadingly refers to documents already produced. By not doing so, Defendants knowingly left Plaintiff with the false impression that Defendants had produced all responsive documents.

Finally, a waiver of these objections is in no way excessively harsh to Defendants. The documents are clearly relevant and responsive, and Defendants cannot genuinely argue to the contrary. Further, at this point, the documents have been produced, and the question over the relevance objection primarily relates to whether Defendants were substantially justified in withholding the discovery (they were not). A boilerplate objection that fails to specify that documents are withheld does not provide such a justification, particularly where multiple representations were made that "all relevant communications" had been produced.

### IV. Contrary to Defendants' claims, sanctions are available under Rule 37(d)

Defendants next argue that sanctions are unavailable under Rule 37(d) because (1) Fifth Third timely and properly responded to the RFPs; (2) Fifth Third made no misrepresentations about its prior production; and (3) Plaintiff did not certify that he conferred with Defendants to obtain the answer or response. Doc # 77, PAGEID # 3423. None of these arguments are persuasive.

Contrary to Defendants' claims, and as explained above, Defendants did not "properly" respond to the RFPs at issue. Instead, Defendants lodged boilerplate objections, and now claim to have withheld responsive documents based upon those objections without informing Plaintiff.

Despite its efforts to do so, Defendants cannot shift the burden to Plaintiff to "either clarify his discovery requests or seek an order from this Court," when Defendants failed to inform Plaintiff in the first place that documents were being withheld. Doc. # 77, PAGEID # 3424. Not only that, but Defendants' responses left the false impression that all responsive documents had been produced notwithstanding the objections.

Defendants' burden-shifting theory does not apply here. All of the cases that Defendants cite for this burden-shifting proposition pre-date the 2015 amendments,[2] and in any event, the Sixth Circuit has made clear that sanctions are authorized under Rule 37(d) where a party's evasive or incomplete answers impede discovery. *See Jackson v. Nissan Motor Corp.,* 888 F.2d 1391, U.S. App. LEXIS 16348 (6th Cir.1989)(affirming award of sanctions under Rule 37(d) for a party's evasive or incomplete answers to requests for inspection under Rule 34); *Ferrer v. Detroit Club Mgt. Corp.*, E.D.Mich. No. 22-cv-11427, 2024 U.S. Dist. LEXIS 198337, at *15-16 (Oct. 31,

---

[2] The sole case defendants cite which post-date the amendments, *Buckosh v. Bonded Filer Co., LLC,* 2021 U.S. Dist. LEXIS 231416, does not stand for this burden-shifting proposition and in any event is distinguishable. The request was for documents contained on a work laptop that the plaintiff had returned to her defendant-employer a year prior, *and she specifically made reference to the date she returned the laptop in her discovery responses.* Here, Defendants made no specific relevance objections nor did they explain the basis for them, nor did Defendants inform Plaintiff that documents were being withheld on that basis.

10

2024)(Rule 37(d) "provides an alternative avenue for sanctions based on a party's failure to respond after being served with discovery requests, and the 'majority view authorizes Rule 37(d) sanctions when a party's 'evasive or incomplete answers to proper interrogatories impede discovery.'").

Second, Defendants' claims that they made no misrepresentations as to the discovery at issue is wrong, and ignores the very misrepresentations set forth in its 2021 discovery responses on which they claim to have withheld documents. That is, rather than inform Plaintiff that a specific relevance objection was being made and certain documents were being withheld on that basis, Defendants engaged in further gamesmanship by indicating that the responsive documents being requested had already been produced. *See* Doc. # 76-8, PAGEID # 3372-3375 – Pl.'s **Ex. 8** and Doc. # 77-4, PAGEID # 3509-3513 – Def.'s **Ex. 4** ("Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers…"). Defendants then doubled down on that representation in November 2024, when it represented to Plaintiff and RHR that all relevant communications had been produced. Doc. # 76-16, PAGEID # 3405 – Pl.'s **Ex. 16 (**Defendants "have already produced all known, relevant communications responsive to Plaintiff's request for production.").

Finally, Defendants' arguments as to certification are likewise baseless because Plaintiff did certify his efforts within the filed motion for sanctions. Indeed, Plaintiff's motion detailed the significant efforts engaged in by Plaintiff to obtain the communications, including requesting the documents from Fifth Third in 2021, then from RHR in 2022 and 2023, and then engaging in extrajudicial efforts with both Fifth Third and RHR, including in a telephone conference on November 5, 2024. Nevertheless, Defendants stood by their misrepresentations that all relevant

11

documents had been produced when they knew they had not. It was not until RHR produced the withheld documents at issue nearly six months after the November 2024 telephone conference that Plaintiff became aware of their existence *only because of that production*, and that Defendants had misrepresented what was produced throughout discovery. Plaintiff cannot be expected to engage in extrajudicial efforts to obtain documents that he did not know exist, particularly when the party who possesses those documents claims all relevant communications had already been produced. *See, Jackson*, 888 F.2d 1391, U.S. App. LEXIS 16348,at *10 ("The rationale for allowing sanctions without contempt of a prior court order is that an injured party may be unaware that key discovery information has been withheld and, therefore, may not seek an order to compel discovery.").

Nevertheless, Plaintiff did reach out to the Court on this issue, the parties held an informal discovery conference with the Court, and Plaintiff was granted leave by the Court to file his motion for sanctions. Plaintiff has exhausted his extrajudicial efforts, certified the same, and Defendants arguments to the contrary lack merit.

The above arguments by Defendants are meritless, and do not establish a lack of availability of sanctions under Rule 34, particularly given the evasive nature of the responses, the lack of notice that documents were being withheld, and the misrepresentations as to what was produced.

V.   **Sanctions are also available under Rule 37(c)(1)**

Defendants also argue that sanctions under Rule 37(c)(1) are unavailable because Defendants "never failed to provide information or supplement its discovery responses" and "voluntarily supplemented its production during open fact discovery" which Defendants believe render the delay substantially justified and harmless. Doc. # 77, PAGEID # 3428. However, as set

forth above, Defendants did fail to provide information (namely, that documents were being withheld) under Rule 34. That failure resulted in significant prejudice and harm to Plaintiff, and was in no way substantially justified. As a result, Rule 37(c)(1) provides an avenue for sanctions too.

### A. Defendants failed for over four years to provide or supplement its discovery responses with notification that documents were being withheld.

To re-iterate, under Rule 34(b)(2)(B)-(C), Defendants were obligated to specifically state their relevance objections and the basis for them, and to notify Plaintiff if documents were being withheld based upon those objections. Defendants did not do so, and then misrepresented that relevant and responsive documents had been produced when they had not. This is an unequivocal failure to disclose or supplement as required by Rule 26(e), which permits sanctions to be awarded under Rule 37(c)(1). Defendants' late disclosure—only after RHR produced the documents years later—was not timely, and is certainly not a basis to avoid sanctions given the intentional nature of the withholding and the likelihood that Defendants would <u>never</u> have produced the documents if RHR had not done so.

### B. The failure to disclose caused harm, and was not substantially justified.

While Defendants fail to note it, as the potentially sanctioned party, the burden is on them to prove harmlessness and substantial justification under Rule 37(c)(1). *See Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); *See also Silitonga v. Kentucky State Univ.*, E.D.Ky. No. 3:16-CV-29-REW-EBA, 2018 U.S. Dist. LEXIS 140699, at *14 (Aug. 20, 2018)("All told, under Rule 37(c)(1), forgiveness must be earned, and it neither comes automatically nor easily."). As explained by the Sixth Circuit, "harmless" under Rule 37(c) "involves an *honest mistake* on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe v. City of Akron,* 801 F.3d 718, 747 (6th Cir. 2015), citing Advisory Committee Notes to 1993 amendments.

"Substantial justification" considers the Defendants' explanation for the failure to disclose. *See, e.g., Silitonga,* 2018 U.S. Dist. LEXIS 140699 at *12 (stating that the "explanation for the failure to disclose" is the factor that "speaks directly to whether Defendants' untimely disclosures were substantially justified."). Overall, the test under Rule 37(c) "is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010).

Here, the withholding of these documents was no honest mistake. It was intentional, and Defendants admit as much in their opposition. As Defendants also admit, the intentional withholding was based on nothing more than boilerplate relevance objections, for which Defendants never notified Plaintiff that documents were being withheld. Thus, there was no knowledge on the part of Plaintiff as to these withheld documents, and there was no "honest mistake" on the part of Defendants.

Defendants refer to a 5-factor test set forth in *Howe v. City of Akron* 801 F.3d 718, 748 (6th Cir. 2015) in an effort to support their arguments that the late disclosure was harmless and substantially justified. However, the *Howe* factors primarily relate to Rule 37(c)(1)'s automatic sanction barring late-disclosed evidence, which is obviously not a sanction Plaintiff seeks here. Indeed, the *Howe* factors include "the surprise to the party against whom the evidence would be offered," "the ability of that party to cure the surprise," "the extent to which allowing the evidence would disrupt the trial," "the importance of the evidence," and "the nondisclosing party's explanation for its failure to disclose the evidence," all of which are used to analyze the potential exclusion of late-disclosed evidence. Here, Plaintiff seeks to use the relevant evidence that was withheld, and the disclosing party (Defendants) are the ones who have sought to suppress it based

14

on relevance. Plaintiff is not seeking the automatic sanction of exclusion, but is seeking alternative sanctions, including those set forth under Rule 37(b)(2)(A)(i)-(vi), given the inappropriate withholding and lack of notification to Plaintiff.

Even if the *Howe* factors do apply, however, they simply do not support Defendants. There was clear surprise to Plaintiff in the late disclosure given that, for the last 4 years, Defendants represented that all relevant communications with RHR had been produced, and Plaintiff moved forward with depositions of key witnesses based upon those representations. Prior to this recent disclosure, Plaintiff had no knowledge that the documents existed, and prior to Defendants' recently filed opposition, Plaintiff was not aware that any documents had been withheld based upon boilerplate relevance objections.

The ability to cure this surprise is, of course, limited given the parties have engaged in most of the discovery in this case, but is also dependent on any potential sanctions the Court might award. This would include, for example, informing the jury of Defendants' discovery failure, and ordering the targeted depositions of Spence, Shaffer, and Carmichael, all of whom are senders and recipients within the discovery e-mails that have been withheld. Other sanctions may assist too, including directing that Plaintiff's testimony be taken as established fact, and/or ordering Defendants to identify to Plaintiff any other documents that have been withheld based upon relevance objections while discovery is still open.[3] Absent such sanctions, however, there is no practical way to cure the late disclosure given Defendants' stated opposition to any further discovery. Defendants' claims that such surprise can be cured through cross-examination at trial are also meritless, for the obvious reason that Plaintiff has a right to *discover* witness knowledge

---

[3] Given Defendants' position and complete failure to follow the requirements of Rule 34, Plaintiff has significant concerns that Defendants have engaged in such withholding as to other categories of relevant documents throughout discovery without informing Plaintiff.

15

of the documents *during discovery*. *See Silitonga*, 2018 U.S. Dist. LEXIS 140699 at *11 ("Cross-examination at trial also would not sufficiently cure the surprise or portend a smooth trial. The proper time for Plaintiffs to explore the import of the newly produced items and question the newly identified witnesses was during discovery. Defendants proposal would force Plaintiffs to wait until trial to ask questions and get answers to which they were earlier entitled.").

As to trial disruption, this factor is also dependent on sanctions the Court awards. If Plaintiff is not permitted to depose the relevant witnesses, for example, trial testimony over the discovery documents at issue would be highly disruptive.

Regarding the importance of the evidence, Defendants' efforts to minimize the discovery withheld is unavailing. The fact is, the discovery directly contradicts Defendants' allegations and testimony regarding the supposed "common knowledge" around the Bank that Spence was being assessed by RHR for the President and CEO role.

The evidence also highlights multiple irregularities in the selection process, including an initial plan to assess three candidates which continued for over two months, and a sudden change to one candidate after an emergency call on June 8. That decision, made by Carmichael and Shaffer, significantly prejudiced Plaintiff in the selection process. Such evidence of irregularities and pre-selection is directly relevant to the question of pretext. *See Fijalkowski v. Belmont Cty. Bd. of Commrs.*, S.D.Ohio No. 2:17-cv-0195, 2021 U.S. Dist. LEXIS 92840, at *19-20 (May 17, 2021) citing *Jenkins v. Nashville Pub. Radio,* 106 F. App'x 991, 995 (6th Cir. 2004);*Stokes v. Detroit Pub. Sch.,* 807 Fed. Appx. 493, 500 (6th Cir. 2020)("The Sixth Circuit has found that 'evidence of irregularities in the application and selection process' can raise a genuine issue of pretext when combined with other indicators of discriminatory motivations…A plaintiff presents an especially strong irregularity argument when she shows 'how the irregularities prejudiced her in the selection

process or indicate any dishonesty or bad faith' on the part of the Defendants."); *Kimble v. Wasylyshyn,* 439 F. App'x 492, 497 (6th Cir. 2011)("[E]vidence of preselection (or, presumably, as in this case, 'pre-rejection') operates to discredit the employer's proffered explanation for its employment decision, and is relevant evidence of the employer's motivation."); *George v. Youngstown State Univ.,* 965 F.3d 446, 466 (6th Cir. 2020)("George presented evidence suggesting that Seitz was preselected for the job and that YSU changed the posted job requirements (specifically, delaying the deadline for earning a master's in mathematics) to ensure that Seitz would be eligible. Though not direct proof of a discriminatory motive, this evidence casts doubt on YSU's claimed reason for hiring Seitz: that she was qualified for the job and George was not.").

Finally, Defendants' explanation for the failure likewise does not show it was substantially justified. Again, Defendants rely on their boilerplate relevance objections as the basis for the failure to produce or supplement the discovery at issue, but those objections were non-specific, and more importantly failed to specify to Plaintiff that documents were being withheld. Defendants' objections cannot serve as a reasonable justification given their clear failure to comply with Rule 34.

## VI. Conclusion

Defendants hid the ball with respect to these e-mails for over four years. They have admitted that the withholding was intentional, based upon a boilerplate relevance objection, and that they did not notify Plaintiff of the withholding as required by Rule 34. The documents are relevant and discoverable, and Defendants' failure to produce them in the first instance is neither substantially justified nor harmless. As a result, Plaintiff respectfully requests that the Court award all sanctions requested by Plaintiff, and any others the Court deems just and appropriate particularly in light of the intentional nature of this withholding.

Respectfully Submitted,

*/s/ Peter A. Saba*
Peter A. Saba, Esq. (0055535)
Joshua M. Smith, Esq. (0092360)
Bailey E. Sharpe, Esq. (0103565)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com
bes@sspfirm.com

*/s/ John J. McHugh*
John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
(419) 885-3597
(419) 885-3861 (fax)

**Co-Counsel for Plaintiff Philip R. McHugh**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion was served on all counsel of record this 11th day of July 2025, via the Court's CM/ECF system and/or via ordinary or electronic mail.

*/s/ Joshua M. Smith*
Joshua M. Smith, Esq. (0092360)