**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PHILIP R. McHUGH, | Case No. 1:21-cv-00238-MRB |
| Plaintiff, | Hon. Michael R. Barrett |
| vs. | **DEFENDANTS' [PROPOSED] SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS** |
| FIFTH THIRD BANCORP, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff's Reply raises three arguments for the first time: (1) Fifth Third's discovery objections violate Rule 34(b)(2)(B); (2) Fifth Third waived its "boilerplate" relevance objections; and (3) Plaintiff's Motion included a Rule 37(d)(1) certification. These new arguments are baseless.

## II. LAW AND ARGUMENT

### A. Fifth Third Told Plaintiff It Was Withholding Documents Based on Objections and Plaintiff Was Clearly on Notice of This Fact.

Plaintiff's Reply argues that Fifth Third violated Rule 34(b)(2)(B) by failing "to state whether any documents [were] being withheld based on relevance objections." *See* Reply at 3 PAGEID 3961. This is false. The responses specified how relevance objections meant Fifth Third would "***not*** undertake to provide any facts or documents that are" irrelevant "or not proportional to the needs of this case." Doc. 77-4 at PAGEID 3506–07 (emphasis added). Fifth Third also said it would produce documents only if "a Request has ***not been objected to*** . . . ." *Id.* (emphasis added).

Plaintiff knew what these objections meant. Fifth Third used similarly worded responses to Plaintiff's other discovery requests. Plaintiff never acted as if those objections were meaningless or that Fifth Third would still produce all responsive documents based on Rule 34(b)(2)(B). Instead, he took active steps to compel further responses, where he deemed appropriate. For example, Plaintiff challenged Fifth Third's response to Second RFP No. 2. Doc. 77-17 at PAGEID 3952. That response is nearly *identical* to those at issue in his Motion—*i.e.*, Fifth Third's responses to Second RFP Nos. 3 & 7. But while Plaintiff actively compelled further responses to Second RFP No. 2, he took no action on the identical responses to Second RFP Nos. 3 & 7. *See* Doc. 77-4 at PAGEID 3509–10 & 3512–13.[1] Plaintiff thus cannot seriously argue that Fifth Third's responses "left [him] with the false impression that [Fifth Third] had produced all responsive documents." Reply at 9 PAGEID 3967.

Plaintiff's new arguments also rely on misrepresentations made in his opening Motion. Specifically, Plaintiff cites several exhibits to argue that Fifth Third confirmed it had produced all documents (relevant or irrelevant) in response to Second RFP Nos. 3 & 7. *See* Reply at 5 PAGEID 3963. The Opposition explained how Plaintiff was citing meet-and-confer letters about ***different*** discovery requests. *See* Opp. at 9–10 PAGEID 3426-27. Yet, Plaintiff's Reply inexplicably continues to repeat this fabrication.

Plaintiff also makes new misrepresentations. He suggests that RHR previously indicated that all of its communications with Fifth Third had been produced. *See* Reply at 5–6 PAGEID 3963-64. To be clear, RHR does not speak for Fifth Third when it comes to Rule 34(b)(2)(B). Even assuming it did, RHR asserted merely the following: (1) Plaintiff had sought RHR-related

[1] This was no isolated incident. Plaintiff sought to compel myriad other documents despite Fifth Third's objections—*e.g.*, internal emails, Outlook calendar appointments, text messages, Board communications, and communications with third-party consultant FW Cook. *See id.*

discovery from Fifth Third, and (2) it had produced ***some** such documents*, all of which is true. *See, e.g.*, Doc. 76-14.

Regardless of how Plaintiff distorts Fifth Third's and RHR's statements, they clearly had no effect on him or caused any prejudice. Had Plaintiff truly believed that Fifth Third already produced all RHR-related communications, he would have no reason to pursue this same discovery from RHR. But he did *for over three years*, though two separate subpoenas, and in two separate courts. He did not relent until the Northern District of Illinois shut him down.[2]

Separately, and at a more fundamental level, Rules 37(d) or 37(c) do not authorize sanctions for an alleged Rule 34(b)(2)(B) violation. The Reply cites zero legal authority suggesting otherwise. Plaintiff instead references cases confirming that the appropriate approach is a meet and confer, followed by a motion ***to compel***. *See, e.g.*, Reply at 3–9 PAGEID 3961-67 (citing *Am. Power, LLC v. Harris*, 2023 U.S. Dist. LEXIS 111150 (S.D. Ohio June 27, 2023) (considering a motion to compel); *Mich. Auto. Ins. Placement Facility v. New Grace Rehab. Ctr., PLLC*, 2019 U.S. Dist. LEXIS 13511 (E.D. Mich. Jan. 29, 2019) (Jan. 29, 2019) (same); *James v. Cuyahoga Cty.*, 648 F. Supp. 3d 897, 899 (N.D. Ohio 2022) (same). These cases do not even mention Rules 37(d)(1)(A) or 37(c)(1).

If anything, Plaintiff's cited case law undermines his positions. *See* Reply at 13 PAGEID 3971 (citing *Roberts v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003)). For example, *Roberts* refused to award sanctions for an improper expert disclosure. 325 F.3d at 783–84. The Sixth Circuit faulted the complaining party, who "***never** made a motion **to compel** disclosure under Rule 37(a)(2)(A)*" and "waited for five months to voice an objection." *Id.* (emphasis added). The Court

[2] There is no question Plaintiff's RHR subpoena sought the documents requested by Second RFP Nos. 3 & 7. In fact, and as a compromise, RHR voluntarily produced these documents.

also held that the allegations of misconduct "all seem[ed] either factually incorrect or relatively harmless." *Id.* at 783. This finding applies equally to Plaintiff, who attempts to elevate scheduling emails as worthy of reopening depositions of senior executives, which is an inappropriate measure according to Plaintiff's other cited authorities. *See* Mot. at 13 PAGEID 3347 (citing *Ferrer v. Detroit Club Mgmt. Corp.*, 2024 U.S. Dist. LEXIS 198337, *17 (refusing to reopen depositions); *accord* Reply at 13 (citing *Silitonga v. Ky. State Univ.*, 2018 U.S. Dist. LEXIS 140699 (E.D. Ky. Aug. 20, 2018) (declining to reopen discovery after disclosure of "a swath of evidence and . . . witnesses" on the eve of trial)).

### B. Fifth Third's Purported Boilerplate Objections Were Proper and Plaintiff Has No Basis for Asserting Waiver.

Plaintiff's Reply argues for the first time that, despite making relevance objections, Fifth Third waived them because they are "boilerplate." *See* Reply at 7–9 PAGEID 3965-67. Plaintiff never made any waiver request in his opening Motion. It does not even use the word "waiver." The reason Plaintiff now seeks waiver of "relevance" objections is because the documents at issue are "irrelevant" and provide no basis for wide ranging sanctions—*e.g.*, deposing witnesses over irrelevant information.

These new "waiver" arguments are baseless because Fifth Third's objections were appropriate. For example, Second RFP No. 3 sought "All communications between [Fifth Third executive] Shaffer and . . . RHR International from January 1, 2017" to the present. *See* Doc. 77-4 at PAGEID 3509–10. Fifth Third objected to this Request as "unreasonable, vexatious, harassing, and oppressive" because it seeks information "that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of the case." *Id.* This objection accurately describes this Request. It is unreasonable and harassing because it seeks "all communications" with RHR, regardless of

relevance. The Request is also overbroad and not proportional because it seeks all communications on any inapposite topic, such as the weather or the Bengals.

Fifth Third's other objections are equally valid. Fifth Third noted how this Request was not reasonably limited in scope. This is a proper objection; the Request's time parameters were 2017 to the present, when the only possibly relevant communications occurred in 2020. Fifth Third further objected to this Request as seeking confidential or commercially sensitive information. This objection is accurate because (as Plaintiff is aware) RHR assessed executives other than Spence. Thus, while Plaintiff complains that these objections are "boilerplate," Plaintiff puts the cart before the horse because never justifies his overbroad and objectional discovery requests. And if Plaintiff was truly confused by these objections, he should have asked Fifth Third to clarify them. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 457–58 (6th Cir. 2008).

Additionally, Rules 37(d) (applying when there is no response at all) and 37(c) (applying when there is a failure to supplement) are inapplicable to allegedly "boilerplate" objections. In fact, Plaintiff's cited cases show that he should have met-and-conferred and only then filed Rule 37(a) motion ***to compel***. *See* Reply at 7–9 PAGEID 3965-67 (citing *James*, 648 F. Supp. 3d at 90; *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305 (C.D. Cal. 2020); *Bally v. First Nat'l Bank Omaha*, 2018 U.S. Dist. LEXIS 61737, at *1 (E.D. Mich. Jan. 17, 2018); *Liguira Foods, Inc. v. Griffith Labs, Inc.*, 320 F.R.D. 168, 191 (N.D. Iowa 2017) (refusing to award sanctions and encouraging "all lawyers, when they receive 'boilerplate' objections, *to informally request that opposing counsel withdraw them*.") (emphasis added)). And even if he had met-and-conferred and filed a motion to compel, Plaintiff does not cite a single case in which a party was sanctioned for making boilerplate objections in the first instance. *See, e.g.*, Reply at 7 PAGEID 3965 (citing *James*, 648 F. Supp. 3d 897 (declining to sanction party for boilerplate responses)). For example, he cites one

case awarding sanctions under Civil Rule 37(b), but only after a party failed to comply with *three* separate orders to revise its responses "to avoid any sanctions at all." *Infanzon*, 335 F.R.D. at 315.

### C. Plaintiff Offers No Legitimate Justification for Failing to Make a Rule 37(d) Certification.

Plaintiff's Reply is the first time he addresses his Motion's lack of Rule 37(d) certification. He attempts to justify his violation of this rule by making arguments that are nonsensical. For example, he claims he exhausted extrajudicial efforts by "reach[ing] out to the Court." *See* Reply at 12 PAGEID 3970. That is a judicial effort, not an extrajudicial effort. And Plaintiff was requesting leave to move for sanctions. He was not trying to meet and confer to resolve the dispute.

As a deflection, Plaintiff retreats to his false accusations that Fifth Third misrepresented what was produced throughout discovery. *Id.* No such misrepresentations occurred, and if they had, they would be irrelevant to *Plaintiff's own failure to include a certification in his Motion*.

At another point, Plaintiff seems to suggest that the certification requirement does not apply at all. He argues that he "cannot be expected to engage in extrajudicial efforts to obtain documents that he did not know exist." *Id.* But before he filed his Motion, he knew the documents at issue existed because both RHR and Fifth Third produced them. And Plaintiff cites no relevant authorities justifying his inaction. He instead references one case that has nothing to do with a Rule 37(d)(1) certification. *See id.* at 10 PAGEID 3968 (citing *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989) (per curiam) (reversing fee award in products liability case when an attorney's "extremely careless inaction," "gross negligence," wholesale failure to respond to a request for inspection, "repeated refusals" and "series of broken promises" to timely respond to interrogatories, and "haphazard [and unsigned interrogatory] response that was rendered useless by its tardiness" caused the destruction of the product at issue—"the most vital piece of evidence

in the case"— resulting in "prejudice [that] was severe and irremediable"). *Jackson* does not even mention the applicable subparagraph of Rule 37(d)(1).

### D. Plaintiff's New Arguments Further Demonstrate the Bad-Faith Nature of His Sanctions Motion.

Plaintiff raised new arguments in his Reply because he did not have any good responses to Fifth Third's Opposition. Indeed, Plaintiff failed to address many of Fifth Third's arguments, including how the documents at issue are irrelevant and cumulative; how Plaintiff is distorting his exhibits; why he abandoned his right to challenge the discovery responses at issue; or even how he makes contradictory demands for sanctions under Rules 37(d) (applying when there are *no* responses at all) and 37(c) (applying when a party *does* respond but fails to supplement). Unable to muster any rebuttal, Plaintiff ambushed Fifth Third by pivoting to new legal theories; misrepresenting exhibits; misconstruing myriad court decisions on motions to compel; misinterpreting a non-party's statements, and then pretending that these statements were made by Fifth Third or somehow impacted Plaintiff's litigation strategy (when they did not); and requesting severe sanctions for a voluntary production of documents that are irrelevant and cumulative by any objective measure.

At base, Plaintiff twists other parties' words to defend his poor strategic decisions or inaction. Contrary to these misplaced accusations, Fifth Third has acted in good faith and provided extensive document productions for every subject relevant to this dispute. Plaintiff's Motion is nothing more than an attempt to smear Fifth Third at the close of discovery and distract from the Northern District of Illinois's show cause order threatening him with paying RHR's fees and costs.

## III. CONCLUSION

The Court should deny the Motion for Sanctions.

DATED: July 23, 2025

Respectfully submitted,

**BLANK ROME LLP**

*s/ Michael L. Cioffi*

Michael L. Cioffi (0031098)
Trial Attorney
Thomas H. Stewart (0059246)
Collin D. Hart (0099869)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: michael.cioffi@blankrome.com
tom.stewart@blankrome.com
collin.hart@blankrome.com

*Attorneys for Defendants–Counterclaimants, Fifth Third Bancorp; Fifth Third Bank, National Association; and Gregory D. Carmichael*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of Court using CM/ECF on July 23, 2025, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

                                         *s/ Michael L. Cioffi*
                                         Michael L. Cioffi