UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | **PLAINTIFF'S MEMORANDUM IN** |
| | : | **OPPOSITION TO DEFENDANTS'** |
| **FIFTH THIRD BANCORP, ET AL.** | : | **MOTION FOR LEAVE TO FILE SUR-** |
| | : | **REPLY AND MOTION TO STRIKE** |
| Defendants. | : | |
| | : | |

Defendants have once again inappropriately filed a sur-reply[1] simply to have the last word on a given issue. Their motion should be denied because there is no good basis for it, and the arguments lack credibility.

**I.      Leave to file a sur-reply requires good cause.**

S.D. Ohio Local Rule 7.2(a) states that only supporting, opposing, and reply memoranda can be filed, "except upon leave of court for good cause shown." Generally, "good cause" exists where the reply brief raises new grounds that were not included in movant's initial motion." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D.Ohio 2019). *See also Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 2010 U.S. Dist. LEXIS 114665 at *10 (S.D. Ohio Oct. 19, 2010)("[T]his Court has consistently held that in order for a party to be given permission to file a sur-reply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion.").

---

[1] *See* Doc. # 79-1. While Defendants 1-page filing is a "Motion and Incorporated Memorandum of Law for Leave" to file such a sur-reply, the proposed 9-page sur-reply (79-1) is nevertheless attached to the motion, inappropriately making the filing part of the record. For this reason, in addition to denying such leave Plaintiff requests that the proposed sur-reply be stricken.

1

Contrary to Defendants' conclusory claims, Plaintiff's Reply cites no new grounds for relief nor does it raise new arguments for relief. Instead, the Reply responds, point by point, to arguments *raised by Defendants* in opposition.

**II.     Sections I-III of the Reply are in direct response to Defendants' claims that it withheld relevant discovery based upon relevance objections.**

Section I, II, and III of the Reply address <u>*Defendants'*</u> primary argument against sanctions. Specifically, their intentional withholding of March – June 2020 e-mails between RHR and Fifth Third executives, based upon nothing more than purported relevance objections. (*See* Reply, Doc # 78, PAGEID # 3959-3961)("In their opposition, Defendants confirm for the first time that their withholding of March – June 2020 communications with RHR over the last 4 years was intentional, and based solely upon over-extended boilerplate relevance objections from 2021.").

The Reply does not raise a new ground for relief, but instead responds to this argument by pointing out a clear failure under Rule 34 to (1) state an objection specifically, and (2) inform the requesting party that documents are being withheld. *See* # 3961-3965 ("Rule 34 requires a responding party objecting to a document request to 'state with specificity the grounds for objecting to the request, including the reasons.' [and] "[t]he rule also requires that a responding party state whether any responsive materials are being withheld on the basis of that objection."). The Reply closes this point with the long-established rule that such objections are waived if not specifically raised, and that the Court should enforce a waiver in this case. *See Id.* at # 3965-3967 ("Defendants' relevance objections are waived, and the Court should enforce that waiver.").

Notwithstanding Defendants' failure to appreciate their lack of compliance with Rule 34 until reviewing Plaintiff's Reply, that is not good cause to file a sur-reply. Defendants are the ones that raised their boilerplate objections as a basis to avoid sanctions—they had the opportunity at

that time to explain how they complied with Rule 34, did not do so, and requesting leave now to explain their failures is not good cause.

That is especially so given Defendants' proposed sur-reply fails to credibly rebut the failure. Indeed, the sur-reply claims that Defendants provided Plaintiff the required notice under Rule 34 by falsely asserting that "[t]he responses specified how relevance objections meant Fifth Third would 'not undertake to provide any facts or documents that are' irrelevant 'or not proportional to the needs of this case.'" *See* Doc. 79-1, PAGEID # 3980. However, this cherry-picked, vague quotation in no way informs Plaintiff that specific documents are being withheld, nor the basis for that withholding.

Beyond that, the selective quotation is derived from one of Defendants "General Objections" (labeled that way by Defendants):

> 5. Fifth Third Bank generally objects to the Requests, and specifically to each Request contained therein, on the grounds that they are overbroad, unduly burdensome, unreasonable, vexatious, harassing and oppressive, in that they seek information that is not relevant to any party's claim or defense in this case. By responding to the Requests and each Request as set forth herein, Fifth Third Bank will *not undertake to provide any facts or documents that are not relevant to any party's claim or defense or not proportional to the needs of this case*, and Fifth Third Bank expressly disavows any obligation or undertaking not interposed by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of Ohio, or any other applicable law.

(*See* Doc. 77-4, PAGEID # 3506-07). As explained in Plaintiff's Reply, generic boilerplate objections such as this have no legal meaning under Rule 34, where the rule requires specificity. *See Am. Power, LLC v. Harris, S.D. Ohio No. 3:17-cv-347,* 2023 U.S. Dist. LEXIS 111150, at *15 (June 27, 2023)("As a general rule, all grounds for an objection…shall be stated with specificity…The mere statement by a party that an interrogatory or request for document production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection."). Moreover, the above "general objection" again fails to specify that

3

documents have been withheld. *Mich. Auto. Ins. Placement Facility v. New Grace Rehab. Ctr., PLLC*, E.D. Mich. No. 4:17-cv-11007-TGB-DRG, 2019 U.S. Dist. LEXIS 13511, at *7 (Jan. 29, 2019)("Such a specific objection having been articulated, counsel must also state whether any responsive materials exist that are being withheld subject to that objection."). This argument does nothing to support Defendants' arguments, and instead confirms that the objections are improper and should be deemed waived.

Defendants only other argument to avoid waiver is a conclusory claim that Plaintiff somehow could read between the lines and knew such documents were being withheld. *See* Doc. # 79-1 PAGEID # 3981 ("Plaintiff knew what these objections meant."). To the contrary, Plaintiff did not know the general objections cited above meant that Defendants were deliberately withholding relevant e-mail communications between RHR and Fifth Third from 2020 during a two-month period when Fifth Third was assessing three candidates for President and CEO. In large part, that is because Fifth Third did produce *some* communications between RHR and Fifth Third during the same time period, *did not* inform Plaintiff that it was withholding other documents from that time period, and some of the documents withheld were *portions* of e-mail chains in which the remainder of the conversation was left out. Defendants' arguments about Plaintiff's awareness of such a withholding are meritless and defy common sense.

**III.     Sections IV-V of Plaintiff's Reply likewise raise nothing new.**

Sections IV and V of the Reply cite no new arguments or grounds for relief either. Similar to Sections I-III, these sections respond to arguments by Defendants that sanctions are unavailable under Rule 37(c) and (d). *See Id.* at PAGEID # 3968-3970 ("Contrary to Defendants' claims, sanctions are available under Rule 37(d)."); # 3970 – 3975 ("Defendants also argue that sanctions

4

under Rule 37(c)(1) are unavailable…[h]owever, as set forth above, Defendants did fail to provide information (namely, that documents were being withheld) under Rule 34.").

By way of example, Defendants' sur-reply again raises the claim of a lack of certification under Rule 37. But the Reply did not raise new evidence or arguments on this point. Instead, it disagreed with the claim, and cited Defendants and the Court back to references from Plaintiff's original motion spelling out those efforts. *See* Doc. # 78, PAGEID # 3969 ("Plaintiff's motion detailed the significant efforts engaged in by Plaintiff to obtain the communications, including requesting the documents from Fifth Third in 2021, then from RHR in 2022 and 2023, and then engaging in extrajudicial efforts with both Fifth Third and RHR, including in a telephone conference on November 5, 2024.").

## IV. Conclusion

It was Defendants that decided to put forward the above arguments in response to a motion for sanctions. Plaintiff raised no new grounds for relief in its Reply, and did nothing more than respond to the arguments made in Defendants' opposition. Defendants' arguments to the contrary are meritless and nothing more than another effort to get in the last word. That is not good cause for a sur-reply, and therefore the motion should be denied and the proposed sur-reply stricken from the record.

Respectfully Submitted,

*/s/ Peter A. Saba*
Peter A. Saba, Esq. (0055535)
Joshua M. Smith, Esq. (0092360)
Bailey E. Sharpe, Esq. (0103565)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208

        (513) 533-2701
        (513) 533-2711 (fax)
        pas@sspfirm.com
        jms@sspfirm.com
        bes@sspfirm.com

        */s/ John J. McHugh*
        John J. McHugh, III
        McHUGH & McCARTHY, LTD
        5580 Monroe Street
        Sylvania, Ohio 43560
        (419) 885-3597
        (419) 885-3861 (fax)

        **Co-Counsel for Plaintiff Philip R. McHugh**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion was served on all counsel of record this 13th day of August, 2025, via the Court's CM/ECF system and/or via ordinary or electronic mail.

        */s/ Joshua M. Smith*
        Joshua M. Smith, Esq. (0092360)