# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |
|---|---|
| PHILIP R. McHUGH, | Case No. 1:21-cv-00238-MRB |
| Plaintiff, | Hon. Michael R. Barrett |
| vs. | **DEFENDANTS' OPPOSITION TO MOTION TO STRIKE AND REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY** |
| FIFTH THIRD BANCORP, *et al.*, |  |
| Defendants. |  |

Plaintiff's Opposition (Doc. 81) did not and cannot refute the narrow point underlying Fifth Third's request for leave: his Reply (Doc. 78) raised new legal theories and factual contentions that his opening Motion for Sanctions never presented. Under Plaintiff's own cited case law, good cause exists to allow a sur-reply addressing these newly minted arguments. *See* Doc. 81 at PAGEID 3991 (citing *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835–36 (S.D. Ohio 2019)). Plaintiff provides no authority compelling a different result, and his lead case rejects his procedurally improper footnote requesting that Fifth Third's proposed Sur-Reply "be stricken." *Id.* (citing *Smith*, 375 F. Supp. 3d at 836 ("Motion to Strike Plaintiff's Sur-reply is DENIED."); *id.* n.1. The Court should, therefore, grant Fifth Third leave for three reasons.

*First*, Plaintiff's Rule 34(b)(2)(C) "withholding" theory is entirely new. Plaintiff's opening Motion relied only on Rules 37(c) & (d). *See* Doc. 76. Nowhere did it assert that Fifth Third also violated Rule 34(b)(2)(C) by failing to state that documents were being withheld. That theory first appeared on pages 3–7 of the Reply, where Plaintiff canvassed cases (*Am. Power*, *Mich. Auto.*, *James*, etc.) that were absent from his Motion. *See* Doc. 78 at PAGEID 3961–65. Plaintiff disagrees with this reality, claiming that his arguments were not *actually* new because Fifth Third should have (1) predicted that his Reply would raise Rule 34(b)(2) for the first time, and (2)

preemptively countered that argument before Plaintiff made it. *See* Doc. 81 at PAGEID 3992–93. That legally unsupported position is nonsensical. Next, he offers the similarly unfounded merits argument that explicit statements in Fifth Third's discovery responses—*e.g.*, that it would produce documents only if "a Request ha[d] ***not been objected to***" (Doc. 79-1 at PAGEID 3980 (internal quotation marks and citation omitted))—are somehow insufficient under Rule 34(b)(2). *See* Doc. 81 at PAGEID 3993–94. And Plaintiff musters no argument at all on how Rules 37(d) or (c) might possibly authorize sanctions for an alleged Rule 34(b)(2) violation. *See* Doc. 79-1 at PAGEID 3981–83. Nor does he make any attempt to explain away his own actions, which prove he knew that Fifth Third's relevance objections meant it would not produce irrelevant documents. For example, he ignores how he (1) sought to compel documents on *nearly identical objections and responses* to *other* requests (as opposed to assuming these objections were meaningless), and (2) relentlessly pursued the *same documents at issue from RHR* (which would have been unnecessary if he thought Fifth Third had already produced them). *Id.*

*Second*, Plaintiff's "boilerplate objection" argument and request for "waiver" appeared for the first time in his Reply. The Motion did not even use the word "waiver," presumably because it gets Plaintiff nowhere since he already has the documents at issue. Requesting new relief in a reply is procedurally improper[1] and a quintessential "new ground" justifying a sur-reply. Further, Plaintiff now opposes leave because he cannot dispute the arguments in the proposed Sur-Reply. He offers no rebuttal to Fifth Third's explanation of why its objections were appropriate, or how his requests were plainly objectionable. *Id.* at PAGEID 3983–84.[2] Nor does he dispute that the

---

[1] Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made *by motion*.") (emphasis added).
[2] Plaintiff cites a motion-to-compel decision ordering a party to revise its overbroad discovery requests, regardless of whether objections to those requests were "boilerplate." Doc. 81 at PAGEID 3994 (citing *Mich. Auto. Ins. Placement Facility v. New Grace Rehab. Ctr.*, 2019 U.S. Dist. LEXIS 13511, at *8–10 (E.D. Mich. Jan. 29, 2019)).

only way to challenge boilerplate objections is through a motion *to compel*. *Id.* at PAGEID 3984–85. Plaintiff even undermines his overreaching positions by citing a case holding that a party can cure boilerplate objections *in an opposition to a motion to compel*, which Fifth Third has now done twice in responding to the Motion. Doc. 81 at PAGEID 3993 (citing *Am. Power, LLC v. Harris*, 2023 U.S. Dist. LEXIS 111150, at *15–16 (S.D. Ohio June 27, 2023) ("Notwithstanding [objections being boilerplate], the [objecting] Parties' argument in their memorandum in opposition regarding the burden and expense required by Interrogatory Number 4 is well taken.")).

*Third*, Plaintiff's Motion was silent on Rule 37(d)'s certification requirement (because he ignored the Rule and failed to comply with it). After Fifth Third pointed out that dispositive omission, the Reply pivoted to entirely new rationales—*e.g.*, contending that asking *the Court* for permission to file a *discovery motion* was somehow an "extrajudicial" effort. *See* Doc. 78 at PAGEID 3970. The Reply also misrepresented the record by citing meet-and-confer letters to argue, falsely, that Fifth Third confirmed it had produced *all* documents, relevant or irrelevant, responsive to Second RFP Nos. 3 & 7. *E.g.*, Doc. 78 at PAGEID 3963 & 69. That is despite Fifth Third previously explaining how **these meet-and-confer letters are about <u>different discovery requests</u>**. *See* Doc. 77 at PAGEID 3426–27; Doc. 79-1 at PAGEID 3981. In other words, **the letters do <u>not</u> relate to Fifth Third's responses to Second RFP Nos. 3 & 7, which are the sole focus of Plaintiff's Motion**. Plaintiff's current Opposition offers no excuses for making these demonstrably false arguments twice. Rather, and remarkably, Plaintiff refers to his prior false statements to suggest that he engaged in "extrajudicial efforts" to meet and confer with Fifth Third. *See* Doc. 81 at PAGEID 3995 (internal quotation marks and citation omitted). Plaintiff repeating these falsities a ***third time*** begs the question of which Party's conduct warrants sanctions.

The Court should grant Fifth Third leave to file its proposed Sur-Reply.

3

Dated: August 21, 2025               Respectfully submitted,

<u>s/Michael L. Cioffi</u>
Michael L. Cioffi (0031098)
    Trial Attorney
Thomas H. Stewart (0059246)
Collin D. Hart (0099869)
BLANK ROME LLP
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio  45202
Tel.:   (513) 362-8701
Fax:   (513) 362-8702
Email: michael.cioffi@blankrome.com
       tom.stewart@blankrome.com
       collin.hart@blankrome.com

*Attorneys for Defendants–Counterclaimants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of Court using CM/ECF on August 21, 2025, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

					_s/Michael L. Cioffi_					
					Michael L. Cioffi