# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| PHILIP R. McHUGH, | : | Case No. 1:21-cv-00238-MRB |
| Plaintiff, | : | Hon. Michael R. Barrett |
| vs. | : | **DEFENDANTS' MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW** |
| FIFTH THIRD BANCORP, *et al.*, | : |  |
| Defendants. | : |  |

Pursuant to Federal Rules of Civil Procedure 26 and 37, 28 U.S.C. § 1927, and the Court's inherent authority, Defendants, Fifth Third Bancorp; Fifth Third Bank, N.A.; and Gregory D. Carmichael (collectively, "Fifth Third"), move for sanctions against Plaintiff, Philip McHugh, based on his untimely identification of new witnesses and production of years-old documents that relate to his failure to mitigate his damages. Plaintiff has long known about these documents and witnesses yet intentionally withheld them until after depositions and expert discovery on mitigation. Fifth Third also seeks sanctions based on Plaintiff's boilerplate objections to discovery requests seeking this information, his failure to specify in written discovery responses that he was withholding this information, and his unexplained redactions to his last-minute production.

Fifth Third requests the following relief:

1. Monetary sanctions of $500 for Fifth Third's reasonable costs and attorneys' fees for drafting this Motion, which was necessitated by Plaintiff's misconduct.

2. An order striking Plaintiff's amended witness list and precluding Plaintiff from calling any late-disclosed witnesses or using the late-produced documents.

3. An order finding that Plaintiff waived his objections to the Requests for Production at issue and failed to serve a privilege log, and requiring Plaintiff to disclose all responsive documents (including those in his belated production) without redactions.

4. An instruction informing the jury of Plaintiff's discovery misconduct and withholding of evidence on damages.

5. An order establishing, for all purposes in this action, that Plaintiff failed to mitigate his damages.

6. To the extent the Court allows Plaintiff to use the late-disclosed documents and witnesses, then in the alternative to precluding Plaintiff from using such documents and calling such witnesses, an award to Fifth Third of its fees and costs for (1) Dr. Lewin's initial report and deposition, and potentially a supplemental report addressing the documents and witnesses at issue; (2) the depositions of Plaintiff and Dr. Burke; and (3) any further discovery that might be necessary as a result of Plaintiff's misconduct.

7. An admonishment to Plaintiff's counsel that discovery is closed and that no further discovery or supplemental productions will be permitted.

8. Any other sanctions that the Court deems just and appropriate.

The reasons for this Motion are more fully set forth in the incorporated Memorandum of Law.

DATED: November 14, 2025

Respectfully submitted,

**BLANK ROME LLP**

 s/ Michael L. Cioffi
Michael L. Cioffi (0031098)
    Trial Attorney
Collin D. Hart (0099869)
Jeffrey W. DeBeer (0089499)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.:  (513) 362-8701
Fax:  (513) 362-8702
Email: michael.cioffi@blankrome.com
            collin.hart@blankrome.com
            jeffrey.debeer@blankrome.com

*Counsel for Defendants–Counterclaimants, Fifth Third Bancorp; Fifth Third Bank, National Association; and Gregory D. Carmichael*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR SANCTIONS</u>**

**I.      INTRODUCTION**

When seeking sanctions against Fifth Third, Plaintiff argued that "the most fundamental responsibility of those engaged in discovery . . . is to provide honest, truthful answers in the first place and to supplement or correct" them when disclosures are incomplete. *See* Doc. No. 78 at 1 PAGEID 3959 (internal quotation marks and citation omitted). Plaintiff failed to live up to his own standard. For over four years, Fifth Third has sought discovery on Plaintiff's mitigation of damages—a central issue in this case. Plaintiff responded to Fifth Third's requests with boilerplate objections, suggested that all documents had been produced, and failed to state that documents were being withheld. But documents *were* being withheld. On the final day of discovery—after dozens of depositions, and after both sides' experts issued reports on mitigation and were deposed extensively on that subject—Plaintiff produced previously withheld emails with executive recruiters and business contacts. And he redacted many of these emails without explanation. Plaintiff also supplemented his witness disclosures to identify two recruiters, both of whom work for the same firm, and one of whom Plaintiff has known about since at least 2021.

When Fifth Third notified the Court of these untimely disclosures, Plaintiff's counsel blatantly misled the Court as to the substance of his supplemental production to downplay his misconduct. Among other misrepresentations, Plaintiff's counsel represented to the Court that the "vast majority of [the supplemental production] go through today's date." That representation was false. Only <u>one</u> email was from (May) 2025, and it responded to a recruiter message sent in 2023.

Plaintiff's own prior briefs seeking sanctions against Fifth Third establish that the Court should now sanction Plaintiff. By his own logic, he violated the standards set forth in Rules 26 and 37, and the 2015 Rule 34 amendments. Based on his own arguments, Plaintiff's intentional

withholding of information—coupled with prejudice to completed depositions and expert discovery—was improper. Further, Plaintiff's reliance on boilerplate objections (including to make belated and unexplained redactions) was inappropriate. So too was Plaintiff's failure to state that he was withholding documents responsive to Fifth Third's discovery requests so that he could produce them at the very last second. Plaintiff's prior briefs perfectly describe his misconduct: he "hid the ball" for "over four years," relied on "boilerplate relevance objections . . . without indicating whether [he was] withholding production," and engaged in "discovery gamesmanship." *See* Doc. No. 78 at 7, 11, & 17 PAGEID 3965, 3969, & 3975. This misconduct warrants sanctions, at a minimum striking Plaintiff's boilerplate objections and untimely witness disclosures, and precluding Plaintiff from using documents in his belated production.

## II. FACTUAL BACKGROUND

Throughout this litigation and as stated in its Answer, Fifth Third has asserted that Plaintiff failed to properly mitigate his damages. *See* Doc. No. 10, ¶ 74 PAGEID 1805. And for good reason. Plaintiff alleges that he was a highly talented executive who merited a promotion to President and CEO at Fifth Third Bank, a large, publicly traded financial institution. Yet after he resigned from Fifth Third, Plaintiff never bothered to find a job that would pay him anything remotely close to his former salary. Plaintiff did not even get a job in the banking industry. He now works in the education sector, making only 10% of his prior compensation (and a mere fraction of what Fifth Third's President and CEO earns). If Plaintiff is such a gifted executive, fit to be CEO of a large financial institution, his current position and compensation are facial evidence of a failure to mitigate.

To explore this defense further, Fifth Third served extensive document requests related to Plaintiff's mitigation efforts or lack thereof. *See* Responses to Defendants' First RFP Nos. 17, 25,

2

26, 34, 41, and 49 (attached as Exhibit A). Plaintiff responded with boilerplate objections, but indicated that all responsive documents had been produced. *Id.* Plaintiff did not state that he was withholding any documents. *Id.* He was.

The parties later disclosed expert witnesses on damages. Dr. John Burke submitted a damages report for Plaintiff, and Dr. David Lewin issued a rebuttal report for Fifth Third. Mitigation of damages was an important issue in the respective expert reports. Dr. Burke's calculation of Plaintiff's damages specifically incorporated mitigation efforts, what Dr. Burke labeled "offset income." Dr. Lewin rebutted this opinion based on the lack of record evidence suggesting that Plaintiff conducted either an "extensive" job search (large geographical scope, typical for banking executives) or an "intensive" job search (deep, targeted engagement within relevant regional markets). Dr. Lewin also opined that Plaintiff's move into the public education sector—outside his industry domain and at a fraction of his prior compensation—showed that he failed to pursue positions aligned with his purported skillset and perceived earning potential.

Mitigation was also a key issue during these experts' depositions, which were completed on October 28, 2025 (for Dr. Burke) and November 4, 2025 (for Dr. Lewin). For example, at his deposition, Dr. Burke admitted that he was asked to assume that Plaintiff sufficiently mitigated his damages. Dr. Burke did nothing to verify the accuracy of that assumption, and he was not given any record evidence to support making that assumption.[1]

Then, on November 4, 2025—the last day of discovery and without any forewarning—Plaintiff served a "supplemental" production. It appears to consist entirely of documents that Plaintiff believes are relevant to his purported mitigation efforts (an apparent attempt to undermine

---

[1] Dr. Lewin's deposition transcript is not yet available. Fifth Third reserves the right to supplement this Motion once a draft transcript is prepared.

3

Dr. Lewin's opinions). While the production was new, the documents in it were not. They spanned as far back as 2020, and were mostly communications with executive recruiting agencies. Further, Plaintiff appears to have redacted many of these emails. He provided no explanation for these redactions, and he did not serve a privilege log.

At the same time he made his untimely document production and unexplained redactions, Plaintiff also served amended witness disclosures. *See* Pl.'s Am. Disclosure of Lay Witnesses (attached as Exhibit B). They identified, among other new "record custodian" witnesses, two executive recruiters who worked for the same agency. *Id.* at 2. Based on the emails in his contemporaneous document production, Plaintiff knew at least one of these recruiters since May 2021 at the latest—before Plaintiff responded to Defendants mitigation-related discovery requests. *See* McHugh_001858–61. Plaintiff gave no explanation for withholding this information until the day of the cutoff, and after expert discovery on damages.

Fifth Third immediately attempted to confer with Plaintiff, and asked him to withdraw the untimely documents and witness disclosures. *See* Nov. 4, 2025 Email from J. Smith (attached as Exhibit C). Plaintiff refused. He would agree only to "discussing" some form of undefined "targeted discovery." *Id.* That proposal was nonsensical because the cutoff was hours away, and the appropriate measure for late-disclosed evidence is excluding that discovery, not taking even more discovery. Plaintiff's position was also untenable considering the wide array of sanctions he requested against Fifth Third for far less serious accusations of discovery misconduct. Thus, Fifth Third was forced to notify the Court of a discovery dispute.

The Court then held a November 6, 2025 discovery conference, during which the Court questioned Plaintiff on why he disclosed documents and witnesses on the last day of discovery. Attempting to downplay the seriousness of his misconduct, his counsel suggested to the Court that

4

the "vast majority" of documents were "through today's date." *Id*. **In truth, only a <u>single</u> document (a response to a 202<u>3</u> email from a recruiter) was from May of 202<u>5</u>**. *See* McHugh_001856. All of the other documents were created years ago. *See* McHugh_001855–99. More specifically, the production included two documents from 2020; six documents from 2021; thirteen documents from 2022; five documents from 2023; six documents from 2024 (all calendar appointments); and one May 20, 2025 email (responding to a message that a recruiter sent two years earlier).[2]

The Court directed Fifth Third to submit the supplemental production and witness list via email. Fifth Third complied on November 6, 2025 and indicated that it would be filing a formal motion for sanctions.[3] *See* Nov. 6, 2025 Email from J. DeBeer (attached as Exhibit E).

### III. LEGAL STANDARDS

Rule 26(e) requires a party to supplement in a timely manner if it learns that its prior response is incomplete in a material respect. Rule 37(c)(1) provides a self-executing sanction for violations: exclusion of late-disclosed information and witnesses unless the failure was substantially justified or harmless. Courts also may impose additional sanctions, including informing the jury of the failure, awarding fees, and other orders under Rule 37(b)(2)(A)(i)–(vi).

---

[2] The production includes (1) a Dec. 17, 2020 Email (McHugh_001864); (2) a Dec. 18, 2020 Teams meeting invitation (McHugh_001865); (3) a Jan. 11, 2021 email (McHugh_001855); (4) a March 23–28, 2021 LinkedIn message chain (McHugh_001895–96); (5) an April 8–12, 2021 LinkedIn message chain (McHugh_001897–99); (6) a May 3–12, 2021 email chain (McHugh_001858–61); (7) a July 21, 2021 email (McHugh_001682–83); (8) a Sept. 28, 2021 LinkedIn message chain (McHugh_001893–94); (9) a Feb. 10–17, 2022 LinkedIn message chain (McHugh_001887–88); (10) an Aug. 23–25, 2022 LinkedIn message chain (McHugh_001889–90); (11) a May 11, 2023 email and May 20, 2025 response (McHugh_001856–57); (12) eleven calendar appointments from 2022 (McHugh_001866–76); (13) four calendar appointments from 2023 (McHugh_001877–80); (14) six calendar appointments from 2024 (McHugh_001881–86); and (15) an undated LinkedIn message chain (McHugh_001887–88).

[3] Given that Plaintiff has designated these communications as "Confidential – Attorney's Eyes Only," Defendants have not attached Plaintiff's supplemental production to this motion.

5

Sanctions are also available under Rule 37(d) for evasive or incomplete responses, and courts may rely on Section 1927 and their inherent authority to address bad-faith litigation conduct, including misrepresentations to the Court. Plaintiff's own briefing (in support of sanctions against Fifth Third) underscores these fundamental points: parties must timely and transparently supplement; boilerplate or ambiguous positions do not excuse noncompliance; and a party's intentional delay that prejudices completed depositions and other discovery warrants both exclusionary and monetary sanctions.

## IV. LAW AND ARGUMENT

### A. Plaintiff Violated Rule 26(e) by Withholding Long-Known Mitigation Documents and Witnesses Until the Last Day of Discovery, After Expert Reports and Depositions.

Since the beginning of this case, mitigation has been one of Fifth Third's defenses, which it raised in its Answer and discovery requests. While Plaintiff previously produced some mitigation-related documents in 2021 (*see, e.g.,* McHugh_1010-13. 1015–30, attached as Exhibit D), he withheld others and the identities of related witnesses. The documents in his November 4, 2025 production date all the way back to 2020, which predate Plaintiff's initial, mitigation related document production on July 30, 2021. *See* McHugh_001855–99. And since at least 2021, he has known about one of the executive recruiters named in his amended witness list, Rebecca Popoenoe (and likely both recruiters, as they work for the same agency). *Compare* Ex. B at 2, *with* McHugh_001858–61. Yet Plaintiff waited until the last day of discovery—after both sides completed extensive depositions and expert discovery on damages—to disclose this information to Fifth Third. This is the paradigm of untimely supplementation: information "in some material respect" missing from prior responses and sprung at the eleventh hour to avoid scrutiny. Plaintiff's conduct deprived Fifth Third of the opportunity to test the evidence in fact discovery, question

6

Plaintiff and third parties at depositions about it, present it to its experts, and examine Plaintiff's expert on it. The misconduct and violation of the Rules are plain.

### B. Exclusion Is Mandatory Because the Failure Is Neither Substantially Justified nor Harmless.

Rule 37(c)(1) requires exclusion of late disclosed evidence absent substantial justification or harmlessness. As Plaintiff emphasized, "[T]he test under Rule 37(C) is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." Doc. No. 78 at 14 PAGEID 3972 (internal quotation marks and citation omitted). Here, and under the Sixth Circuit's *Howe* factors, exclusionary sanctions are appropriate because there is zero substantial justification and plenty of harm. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (considering "(1) [T]he surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.").

First, surprise and prejudice are obvious. At the November 6 discovery conference, even the Court was surprised that Plaintiff supplemented discovery on the day of the cutoff. Fifth Third was equally surprised. The disclosures arrived after depositions and after expert discovery on damages. The mitigation evidence would have been relevant to expert analyses of job search reasonableness, availability of comparable positions, and earning capacity. Disclosing two additional fact witnesses on the last day of discovery also ensured that Defendants had no opportunity to depose these individuals. Plaintiff's timing ensured that Fifth Third could not incorporate or test the materials or witnesses in either fact or expert discovery.

Second, ability to cure is limited and costly. Curing could require reopening Plaintiff's deposition, deposing the two recruiters, and reopening expert discovery for both sides—all at

substantial expense and delay. Plaintiff has previously insisted that such burdens warrant sanctions.

Third, trial disruption is foreseeable without exclusion or comprehensive cure measures. Allowing Plaintiff to use the materials without full discovery would inject unfair surprise at trial on a central damages issue.

Fourth, the importance of the evidence cuts against the violator. Plaintiff obviously believes the documents and witness testimony are important. The more central he considers this evidence, the more prejudicial the ambush.

Fifth, Plaintiff has no explanation for withholding documents and the identity of witnesses until the final day of discovery. Rather than offering a legitimate excuse, counsel misrepresented that the "vast majority" of communications ran through the date of production. This is inaccurate; the record shows longstanding knowledge. Plaintiff's own briefing teaches that intentional, strategic noncompliance is the antithesis of substantial justification.

Under these factors, exclusionary sanctions are warranted. Plaintiff repeatedly argued that similar failures by Fifth Third justified sanctions. Consistency and fairness require applying those same standards here.

### C. Plaintiff's Boilerplate Responses to Fifth Third's Mitigation-Related RFPs Violated Rule 34 and Concealed Known Documents and Witnesses.

Beyond the late "supplement," Plaintiff's 2021 responses to Fifth Third's requests for production (targeting mitigation documents and witnesses) used generic, copy-and-paste objections and failed to state whether responsive materials were being withheld. *See* Ex. A, RFP Nos. 17, 25, 26, 34, 41, and 49 (asserting in conclusory fashion that the requests were "vague, ambiguous, overly broad, and unduly burdensome"). By Plaintiff's own argument, these responses are in direct contravention of Rule 34(b)(2)(B)–(C) and the 2015 amendments. They require

8

objections to be stated with specificity and mandate that a responding party provide written confirmation that materials are being withheld. Fed. R. Civ. P. 34(b)(2)(C). Plaintiff's responses violated these Rules in every respect:

- **RFP No. 17 (job search/mitigation documents).** This Request sought documents regarding "correspondence [Plaintiff] submitted to employers, potential employers, employment agencies, or employment services and any documents received in response . . . ." Plaintiff interposed boilerplate objections and then vaguely referenced a limited Bates range without identifying what was being withheld. He did not disclose emails with recruiter employment services or other mitigation communications that he later produced on November 4, 2025—even though all but one email (itself a response to a recruiter's 2023 email) predate 2025.

- **RFP Nos. 25 and 26 (witness identification).** These requests sought documents "identifying any witnesses or other individuals with knowledge" and "identifying or relating to any non-expert witness you have consulted with or intend to call at trial." Plaintiff again asserted boilerplate objections, invoked privilege in sweeping terms, and responded that, other than initial disclosures, he was "not aware of any responsive" non-privileged documents. But he's known of at least one recruiter witness since 2021 at the latest. He did not state that documents were being withheld, nor did he identify the recruiters he later disclosed at the eleventh hour.

- **RFP Nos. 34 and 41 (damages/mitigation).** These requests sought all documents that "relate to, bear upon, support, or provide evidence" of damages, and all documents supporting Plaintiff's allegation of more than $12.5 million in losses. Plaintiff offered formulaic objections and pointed to Bates ranges, but did not disclose that he was withholding mitigation communications with recruiters and business contacts bearing directly on his alleged damages. Again, no statement was made that responsive materials were being withheld.

- **RFP No. 49 (catch all).** Even as to the omnibus request for documents bearing on any allegation, Plaintiff relied on boilerplate objections, referred generically to prior productions, and failed to state whether he was withholding materials. The November 4, 2025 "supplemental" production confirms that he was.

Plaintiff has spent the past several months insisting that these types of boilerplate objections, and silence about withholdings, violate Rule 34 and warrant sanctions. *See* Doc. No. 78, pp. 3-4 PAGEID 3961-62. The Court ruled that Plaintiff was right then. The same standards apply to him now. Plaintiff thus waived his boilerplate objections and must produce any documents being withheld based upon them. *See* Doc. No. 78 at 7 PAGEID 3965 ("This Court can and should

9

enforce that waiver, and [Plaintiff has] provided no reason to the contrary.") (citing *James v. Cuyahoga Cnty.*, 648 F.Supp. 3d 897, 905 (N.D.Ohio 2022) ("[A] court has broad discretion under the discovery rules to decide whether to enforce a waiver of an objection. In making that determination, the party that failed to particularize its objections bears the burden of avoiding the waiver.")).

        **D.**        **Plaintiff Waived His Objections and Did Not Justify His Redactions.**

As a result of waiving his objections, Plaintiff waived the right to redact the documents at issue. The production appears to contain redactions to six pages. *See* McHugh_001855, 1856, 1858, 1862, 1864, and 1865. While it is unclear what is redacted or why, it cannot be due to Plaintiff's boilerplate objections.

Further, the documents on their face do not appear to qualify for redaction based upon the attorney-client or work-product privileges. To the extent the redactions are based on privilege or work product, Plaintiff failed to "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed." *See* Rule 26(b)(5)(A)(i)–(ii). Plaintiff has not provided any privilege log or other explanation of why he redacted emails. In light of this failure, the Court should order Plaintiff to produce unredacted copies of the supplemental production.

        **E.**        **Plaintiff's Misstatement to the Court Aggravates the Violation and Supports Sanctions Under § 1927 and the Court's Inherent Power.**

Plaintiff himself invoked that the "most fundamental responsibility of those engaged in discovery… is to provide honest, truthful answers." *See* Doc. No. 78 at 1 PAGEID 3959 (internal quotation marks and citation omitted). Yet at the November 6 conference, Plaintiff's counsel told the Court that the "were are not talking about just 2020 or 2021," but that the "vast majority of those [document] go through today's date." Doc. No. 86 at PAGEID 4026. That is plainly

10

misleading. None of the communications "go through" the date of supplementation and, in fact, only one single communication is even from 2025. In truth, the "vast majority" of the communications predate 2024.

Plaintiff's counsel characterized their production as routine, seasonal update on damages evidence "because future front pay becomes back pay on a daily basis, so those numbers change." *See id*. That assertion is also plainly misleading as none of the documents concern any compensation received by the Plaintiff.

The Court relies on party representations to manage discovery. Mischaracterizing the age and provenance of the materials at issue minimized the seriousness of the violation and impeded efficient case management. This aggravating factor supports monetary sanctions and a curative jury instruction under Rule 37(c)(1)(B), § 1927, and the Court's inherent authority.

### F. Sanctions Are Warranted.

Plaintiff withheld documents for four years, never told Fifth Third, and then mislead to the Court about the content of the belated production to cover up his misconduct and avoid repercussions. Sanctions are necessary. First, Fifth Third requests $500 in monetary sanctions for "attorney's fees and expenses caused by [Plaintiff's] discovery misconduct." *See* Doc. No. 76 at 17 PAGEID 3351. The Rules "explicitly permit[] the Court to 'order payment of reasonable expenses, including attorney's fees, caused by'" Plaintiff's actions. *Id.* The Court should award a $500 sanction for Fifth Third's costs and fees incurred in preparing this Motion.

Second, exclusion is the presumptive and appropriate sanction. Rule 37(c)(1)'s default remedy avoids prejudice, deters gamesmanship, and ensures that expert discovery and deposition practice remain meaningful. The Court should thus strike the amended witness disclosures and preclude Plaintiff from using documents in the supplemental production.

11

Third, "pursuant to Rule 37(b)(2)(A)(i) and (c)(1)(B)," Fifth Third "requests that the Court direct 'that the matters embraced in the order or other designated facts be taken as established for purposes of this action, as the prevailing party claims' and 'inform the jury of the party's failure.'" *Id.* at 16 PAGEID 3350. More specifically, Fifth Third requests the Court to establish as true that Plaintiff failed to mitigate his damages and that Plaintiff made no effort, whatsoever, to mitigate his damages after 2021. This instruction is consistent with the record evidence (or lack thereof), as well as Dr. Lewin's expert opinions. Plaintiff agrees that this relief is proper: "Given the withholding of documents without substantial justification, and that" the record contains no evidence of mitigation, establishing that plaintiff failed to mitigate "would be an appropriate sanction." *Id*.

Fourth, and to the extent the Court allows Plaintiff to use the late-disclosed documents and witnesses, then in the alternative, Fifth Third requests additional fees and costs. Fifth Third incurred substantial expenses on deposition and expert discovery without knowing that Plaintiff was withholding documents and the identity of witnesses. Fifth Third requests its fees and costs for (1) Dr. Lewin's initial report and deposition, and potentially a supplemental report addressing the documents and witnesses at issue, (2) Plaintiff's deposition, and (3) the deposition of Dr. Burke. Fifth Third also requests fees and expenses that might be required for any further discovery "over the documents [and witness identities] that were withheld, which could have been avoided had [Plaintiff] produced the relevant documents [and disclosed the witnesses] in the first place." *Id.* at 17 PAGEID 3351.

Fifth, and "[b]eyond the above, other sanctions for [Plaintiff's] discovery misconduct would also be appropriate, including: Striking pleadings" that assert Plaintiff mitigated his

12

damages and "[p]rohibiting [Plaintiff] from introducing evidence or testimony regarding" mitigation. *Id.* at 18 PAGEID 3352.

Sixth, Defendants request that the Court instruct Plaintiff that no further fact discovery or supplementation will be permitted. Given that discovery has been open for nearly five years and yet Plaintiff waited until the final day of discovery to disclose additional documents and witnesses, Defendants are particularly concerned about future supplementation after the close of discovery, which would throw the pretrial schedule and dispositive motion briefing into chaos. Indeed, Plaintiff's counsel has already indicated that they intend to do just that, stating that their supplemental productions are "going to continue up through trial." Doc. No. 86 at PAGEID 4026. Plaintiff has had more than sufficient time and Court authorization to conduct all discovery needed and Plaintiff should not be permitted to further derail the orderly procession of this litigation with untimely discovery.

Seventh, Defendants "invite[] the Court to exercise its discretion in awarding any other sanctions it deems appropriate to remedy the discovery failures by [Plaintiff]." Doc. No. 76 at 18 PAGEID 3352.

## V. CONCLUSION

For the foregoing reasons, Fifth Third respectfully requests that the Court grant this Motion and sanction Plaintiff for his discovery misconduct.

DATED: November 14, 2025　　　　　　　　　Respectfully submitted,

**BLANK ROME LLP**

 *s/ Michael L. Cioffi*  
Michael L. Cioffi (0031098)  
　Trial Attorney  
Collin D. Hart (0099869)  
Jeffrey W. DeBeer (0089499)  
1700 PNC Center

201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.:  (513) 362-8701
Fax:  (513) 362-8702
Email: michael.cioffi@blankrome.com
collin.hart@blankrome.com
jeffrey.debeer@blankrome.com

*Counsel for Defendants–Counterclaimants, Fifth Third Bancorp; Fifth Third Bank, National Association; and Gregory D. Carmichael*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of Court using CM/ECF on November 14, 2025, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

                                               *s/ Michael L. Cioffi*
                                               Michael L. Cioffi