# Exhibit A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | : | |
| | : | Case No. 1:21-cv-00238 |
| Plaintiff, | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| | : | **PLAINTIFF'S PHILIP MCHUGH'S** |
| **FIFTH THIRD BANCORP, ET AL.** | : | **RESPONSES AND OBJECTIONS TO** |
| | : | **DEFENDANTS' FIRST SET OF** |
| Defendants. | : | **REQUESTS FOR PRODUCTION OF** |
| | : | **DOCUMENTS** |
| | : | |

Plaintiff Philip R. McHugh ("Plaintiff" or "McHugh"), by and through counsel, hereby submits the following responses and objections to Defendants Fifth Third Bancorp, Fifth Third Bank, and Gregory D. Carmichael's First Set of Requests for Production of Documents. Plaintiff is submitting these responses and objections pursuant to the parties agreement to exchange responses and objections to the respective requests for production of documents on July 30, 2021. Plaintiff states that the investigation into the matters requested herein are ongoing and therefore reserves the right to supplement the responses. Further, Plaintiff states that his responses to the document requests shall not constitute an admission by Plaintiff regarding the admissibility or relevance of such documents or information.

### GENERAL OBJECTIONS

1.     Plaintiff objects to Defendants' First Set of Requests for Production of Documents since they seek information neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

1

2.      Plaintiff objects to Defendants' First Set of Requests for Production of Documents since they are overly broad, unreasonably burdensome and oppressive, and impose an undue expense upon Plaintiff.

3.      Plaintiff objects to Defendants' First Set of Requests for Production of Documents since they are vague and ambiguous.

4.      Plaintiff objects to Defendants' First Set of Requests for Production of Documents since they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other rule of privilege or confidentiality provided by law, including but not limited to the spousal communications privilege.  Plaintiff further objects since Defendant's First Set of Requests for Production of Documents seek information where such disclosure would violate the privacy rights of individuals.

5.      Plaintiff objects to Defendants' First Set of Requests for Production of Documents since they purport to impose upon Plaintiff any obligations which are greater than, or inconsistent with, those imposed by the Federal Rules of Civil Procedure and/or the Rules of this Court.

6.      Plaintiff objects to Defendants' First Set of Requests for Production of Documents to the extent they seek disclosure of opinions, mental impressions, conclusions or legal theories of Plaintiff's counsel or other representatives.

7.      Plaintiff states that the investigation into the matter requested herein is ongoing and reserves the right to supplement the responses.

8.      Plaintiff states that the responses to the Document Requests shall not constitute an admission by Plaintiff regarding the admissibility or relevance of any such documents or information.

9.     All of the foregoing general objections are incorporated in the following responses to Defendants' First Set of Requests for Production of Documents, whether or not any specific general objection is referenced therein.

10.     Plaintiff objects to the requests for production of "any and all" documents.  Plaintiff reserves the right to supplement his responses to the extent that other documentation becomes available or becomes relevant as the litigation progresses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents that relate to your employment with, and separation from employment with, Fifth Third Bank, including but not limited to job descriptions and duties, documents relating to your performance, documents relating to your conduct, disciplinary warnings, pay stubs and other documents relating to your compensation, documents relating to internal or external complaints made during your employment, and all other documents you sent to or received from Fifth Third Bank or any representative thereof.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, a number of responsive documents are believed to be in the possession, custody, or control of Defendants and have been requested from the same. In responding to this request, Plaintiff incorporates any and all responsive documents received from Defendants.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH00001-00052. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

2.     All notes, journals, memoranda, accounts, diaries, notebooks, calendars, computer-stored documents, or other documents made by you or any other person relating to your employment with Fifth Third Bank, which concern, refer, or relate to the subject matter of the Complaint and/or Counterclaim, including but not limited to documents which may be used by you to recall any events relating to subject matter of the Complaint and/or Counterclaim.

3

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for "journals, memoranda, accounts, diaries, notebooks, calendars, computer-stored documents, or other documents" made by "you" or "any other person" without limitation purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH00053-00066. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

3.     All documents relating to any communications, correspondence, meetings, presentations, or discussions you have had with any current or former officer, representative, agent or employee of Fifth Third Bank, including any superior, co-worker, supervisor, peer or subordinate, human resources representative, or others, that relate to the subject matter of the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, a number of responsive documents are believed to be in the possession, custody, or control of Defendants and have been requested from the same. In responding to this request, Plaintiff incorporates any and all responsive documents received from Defendants.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and referred to in response to other requests made by Defendants, including but not limited to Document Request #9 (MCHUGH00080-00975).**

**Plaintiff reserves the right to supplement and amend this response.**

4.     All notes, posts, tweets, or other messages or comments on any social networking pages in Plaintiff's possession, custody, or control, from any and all social networking websites used or visited by Plaintiff including but not limited to, Facebook, Twitter, Instagram, LinkedIn,

4

Reddit, Pinterest, Google Plus+, Tumblr, Vine, etc., containing any content relating to the subject matter of the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH00067-00079. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

5.     All drawings, charts, maps, or other geographic representations relating to the subject matter of the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

6.     All writings constituting or relating to any sketches, diagrams, or photographs prepared by or on behalf of any person concerning the subject matter of the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:

Plaintiff is not aware of any responsive documents at this time.

Plaintiff reserves the right to supplement and amend this response.


7.     All documents or writings relating to any statements, conversations, discussions, or other communications made by you, any employee or representative Fifth Third Bank, or any other person concerning the subject matter of the Complaint and/or Counterclaim, including but not limited to any notes, transcripts, or tape or video recordings.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for all "documents or writings" relating to any "statements, conversations, discussions, or other communications" made by "you" or "any other person," without limitation, purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and referred to in response to other requests made by Defendants, including but not limited to Document Request #2 (MCHUGH00053-00066).**
**Plaintiff reserves the right to supplement and amend this response.**


8.     All other documents, including but not limited to statements, notes, documents, or oral statements reduced to writing made by any employee or representative of Fifth Third Bank relating to the subject matter of the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

9.      All emails relating to any of your personal email accounts, letters, text messages, or other written communications received by you from—or sent by you to—any person in which "Fifth Third Bank," "Fifth Third," "5/3," or any similar term referring to Fifth Third Bank is mentioned from January 1, 2017 until the time of your responses to these Requests for Production.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for "all emails" received by Plaintiff or sent by Plaintiff to/from "any person," without limitation, purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH00080-00975. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

10.      All emails relating to any of your personal email accounts, letters, text messages, or other written communications received by you from—or sent by you to—any person regarding your employment with Fifth Third Bank from January 1, 2017 to the time of your Responses to these Requests for Production.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for communications received by or made from "any person" regarding Plaintiff's employment with Fifth Third Bank without limitation purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and referred to in response to other requests made by Defendants, including but not limited to Document Request #9 (MCHUGH00080-00975).**

**Plaintiff reserves the right to supplement and amend this response.**

       11.     All video and audio recordings received by you from—or sent by you to—any person relating to your employment with Fifth Third Bank from January 1, 2017 to the time of your responses to these Requests for Production.

      **RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH00976-00996. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

       12.     All emails relating to any of your personal or work email accounts, letters, text messages, or other written communications received by you from—or sent by you to—any person regarding the subject matter of the Complaint and/or Counterclaim.

      **RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for communications received by or made from "any person" regarding the subject matter of the Complaint and/or counterclaim without limitation purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and referred to in response to other requests made by Defendants, including but not limited to Document Request #9 (MCHUGH00080-00975).**

**Plaintiff reserves the right to supplement and amend this response.**

13.     All emails relating to any of your personal or work email accounts, letters, text messages, or other written communications received by you from—or sent by you to—any person regarding any fact set forth in the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.  Moreover, the request for communications received by or made from "any person" regarding any fact set forth in the Complaint and/or Counterclaim without limitation purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and referred to in response to other requests made by Defendants, including but not limited to Document Request #9 (MCHUGH00080-00975).**

**Plaintiff reserves the right to supplement and amend this response.**

14.     Every document received by you from—or sent by you to—any person regarding the subject matter of the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for communications received by or made from "any person" regarding any fact set forth in the Complaint and/or Counterclaim without limitation purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH00997-01009. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

15.     Every document received by you from—or sent by you to—any person regarding any fact set forth in the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for communications received by or made from "any person" regarding any fact set forth in the Complaint and/or Counterclaim without limitation purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and referred to in response to other requests made by Defendants, including but not limited to Document Request #9 (MCHUGH00080-00975).**

**Plaintiff reserves the right to supplement and amend this response.**

16.     A current copy of your resume and all previous versions since January 2017.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**See documents produced and bates labeled MCHUGH01010-01011.**

**Plaintiff reserves the right to supplement and amend this response.**

17.     All documents, including but not limited to resumes, applications, and correspondence you have submitted to employers, potential employers, employment agencies, or employment services and any documents received in response from January 1, 2017 to the date of your responses to these Requests for Production.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH01012-01030.**

**Plaintiff reserves the right to supplement and amend this response.**

18.     All documents that relate or refer to income or other forms of compensation that you have earned, received, or accrued from any source between January 2015 and the present including, but not limited to, tax forms, W-2 forms, 1099 forms, pay stubs, contracts of employment, and documents reflecting receipt of unemployment compensation, severance pay, workers' compensation, disability benefits, public assistance benefits, and any other such payments.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH01031-01152.**

**Plaintiff reserves the right to supplement and amend this response.**

19.     All complaints filed by or against you or on your behalf in any court, against any person or entity.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Other than the present litigation, Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

20.     All transcripts of any testimony you have given, as a party or witness, in any judicial or administrative matter, including any workers' compensation board hearing.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

      21.    All documents relating to any criminal charges filed against you.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

      22.    All documents relating to any discrimination charges, lawsuits, or claims any person or entity has ever made against you.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Other than the present litigation (including Defendants' counterclaim), Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

      23.    All documents relating to any bankruptcy proceeding in which you have been involved.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

24.     All documents that relate to your receipt of public benefits (*i.e.,* unemployment compensation, disability benefits, social security benefits and public assistance benefits) after your separation from employment with Fifth Third Bank.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

25.     All documents identifying any witnesses or other individuals with knowledge of any of the facts or circumstances giving rise to this lawsuit.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for documents identifying any witnesses or other individuals with knowledge of any of the facts or circumstances giving rise to this lawsuit, without limitation, purports to seek information subject to the attorney-client privilege and/or work product doctrine. Finally,**

discovery in this matter is ongoing and Plaintiff has not yet identified all witnesses or other individuals with knowledge of all of the facts or circumstances in this lawsuit.

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Other than Plaintiff's initial disclosures, Defendant's initial disclosures, and the parties' Joint Rule 26(f) Report, Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

26.  All documents identifying or relating to any non-expert witness you have consulted with or intend to call at trial.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request for documents identifying or relating to any non-expert witness Plaintiff has consulted with or intends to call at trial, without limitation, purports to seek information subject to the attorney-client privilege and/or work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Other than Plaintiff's initial disclosures and the parties' Joint Rule 26(f) Report, Plaintiff is not aware of any responsive, non-privileged documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

27.  A copy of the complete file, including but not limited to any letters, documents, or other materials setting forth any analysis or opinions, maintained by each expert witness you have consulted with or intend to call at trial.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request seeks documents protected from disclosure pursuant to Rule 26, including but not limited to subpart (b)(4).**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

14

**Plaintiff will identify expert witnesses and produce required reports and other non-privileged, non-protected documents pursuant to the Court's Calendar Order and any amendments to the same.**

**Plaintiff reserves the right to supplement and amend this response.**

28.     A copy of the CV for each expert witness you have consulted with or intend to call at trial.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff will identify expert witnesses and produce required reports and other non-privileged, non-protected documents pursuant to the Court's Calendar Order and any amendments to the same.**

**Plaintiff reserves the right to supplement and amend this response.**

29.     All writings constituting or relating to any reports, studies, opinions, conclusions, or appraisals of any expert witness obtained for or to be used in this lawsuit.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request seeks documents protected from disclosure pursuant to Rule 26, including but not limited to subpart (b)(4).**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff will identify expert witnesses and produce required reports and other non-privileged, non-protected documents pursuant to the Court's Calendar Order and any amendments to the same.**

**Plaintiff reserves the right to supplement and amend this response.**

30. All other documents identifying or relating to any expert witness you have consulted with or intend to call at trial.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request seeks documents protected from disclosure pursuant to Rule 26, including but not limited to subpart (b)(4).**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff will identify expert witnesses and produce required reports and other non-privileged, non-protected documents pursuant to the Court's Calendar Order and any amendments to the same.**

**Plaintiff reserves the right to supplement and amend this response.**

31. All documents or exhibits that you expect to introduce into evidence at trial.

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents identified and produced in response to other requests made by Defendants. Plaintiff will identify and produce documents Plaintiff expects to introduce into evidence at trial pursuant to any Pretrial Order issued by the Court.**

**Plaintiff reserves the right to supplement and amend this response.**

32. All statements as defined by Rule 26 of the Ohio Rules of Civil Procedure obtained from any and all witnesses, either lay or expert, which you intend to introduce as evidence at the trial of this matter.

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, the request seeks documents protected from disclosure pursuant to Rule 26, including but not limited to subpart (b)(3).**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff will identify lay or expert witnesses and produce required reports and other non-privileged, non-protected documents pursuant to the Court's Calendar Order and any amendments to the same.**

**Plaintiff reserves the right to supplement and amend this response.**

33.     All documents relating to any treatment or counseling you sought or received from any health care professional, including but not limited to physicians, psychiatrists, psychologists, therapists, social workers, nurses, occupational therapists, and any other type of health care professional, relating to any injuries or damages you purportedly sustained as a result of Fifth Third Bank's allegedly discriminatory conduct that is the subject of the Complaint and Counterclaim. In addition, if you sought or received any such treatment or counseling, produce a signed authorization for the release of your medical records.

   **RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**Plaintiff is not aware of any responsive documents at this time.**

**Plaintiff reserves the right to supplement and amend this response.**

34.     All documents that relate to, bear upon, support, or provide evidence concerning any alleged damages, including, but not limited to compensatory damages, punitive damages, legal expenses and/or any other relief you seek in connection with the Complaint.

   **RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, the request for documents that "relate to, bear upon, support, or provide evidence" concerning any alleged damages purports to seek information protected by attorney-client privilege and/or the work product doctrine.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

17

**See documents produced and bates labeled MCHUGH01153-01319. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

35.     All documents that support the allegation contained in your Joint Motion to Quash and For Protective Order that Fifth Third Bank "promote[d] a substantially younger employee, Timothy Spence, over McHugh into the position of President of Fifth Third, despite prior and repeated representations to McHugh that he was the most qualified employee for the role."

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, discovery is ongoing and Plaintiff has not yet obtained all responsive documents, including but not limited to documents requested from Defendants.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH01320-01321. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

36.     All documents that support your contention that you were discriminated against during your employment with Fifth Third Bank because of your age, including but not limited to all documents that identify or demonstrate any acts or omissions on the part of Fifth Third Bank which you contend constitute discrimination on the basis of your age.

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, discovery is ongoing and Plaintiff has not yet obtained all responsive documents, including but not limited to documents requested from Defendants.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**

37.     All documents that support the allegation contained in Paragraphs 23, 24, and 29 of the Complaint that Fifth Third Bank's proposed offer to transition your role at Fifth Third Bank from head of Fifth Third Regional Banking to Head of Fifth Third Consumer Bank constituted a "demotion."

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, discovery is ongoing and Plaintiff has not yet obtained all responsive documents, including but not limited to documents requested from Defendants.**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**


38.     All documents that support the allegation contained in Paragraph 29 of the Complaint that "[your] employment with Faith (sic) Third Bank was terminated on Monday, October 26, 2020."

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, discovery is ongoing and Plaintiff has not yet obtained all responsive documents, including but not limited to documents requested from Defendants.**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**

39.     All documents that support the allegation contained in Paragraph 30 of the Complaint that "Fifth Third disingenuously announced that [you] had left the Bank."

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, discovery is ongoing and Plaintiff has not yet obtained all responsive documents, including but not limited to documents requested from Defendants.**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**

40.     All documents that support the allegation contained in Paragraph 31 of the Complaint that "[you were] discriminated against in [your] employment by the Bank because of [your] age."

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, discovery is ongoing and Plaintiff has not yet obtained all responsive documents, including but not limited to documents requested from Defendants.**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**


41.     All documents that support the allegation contained in Paragraph 32 of the Complaint that "[a]s a direct result of such discrimination, [you have] sustained financial losses in base pay, variable compensation, long term incentive compensation, equity awards, stock options, and health coverage for [your]self and [your] family, all to [your] detriment in an amount exceeding $12,500,000.00."

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Moreover, discovery is ongoing and Plaintiff has not yet obtained all responsive documents, including but not limited to documents requested from Defendants.**

**See documents produced and bates labeled MCHUGH01322-01469. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**


42.     All written communications by Plaintiff to any of his family members from August 2018 to the date of your responses to these Requests for Production that relate in any way to Plaintiff's employment with, or separation from employment with, Fifth Third Bank.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request seeks information which is subject to the spousal communications privilege, and which is subject to a protective order issued by the Hamilton County Court of Common Pleas which remains in effect in this case.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**

43.     All written communications to Plaintiff from any of his family members from August 2018 to the date of your responses to these Requests for Production that relate in any way to Plaintiff's employment with, or separation from employment with, Fifth Third Bank.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request seeks information which is subject to the spousal communications privilege, and which is subject to a protective order issued by the Hamilton County Court of Common Pleas which remains in effect in this case.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH01470-1498. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**

44.     All written communications by Plaintiff's family members to anyone at Fifth Third Bank soliciting audio or video recording submissions pertaining to Plaintiff or his employment at Fifth Third Bank.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26. Moreover, the request seeks information which is subject to a protective order issued by the Hamilton County Court of Common Pleas which remains in effect in this case.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

See documents produced and bates labeled MCHUGH01470-01498. Documents produced in response to other requests made by Defendants may also be responsive to this request.

Plaintiff reserves the right to supplement and amend this response.


45.     All audio recordings, video recordings, or other tangible evidence created by anyone at Fifth Third Bank from October 10, 2020 to the date of your responses to these Requests for Production.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced and bates labeled MCHUGH01499. Documents produced in response to other requests made by Defendants may also be responsive to this request.**

**Plaintiff reserves the right to supplement and amend this response.**


46.     All audio recordings, video recordings, or other tangible evidence of any conversation with any employee of Fifth Third Bank from October 10, 2020 to the date of your responses to these Requests for Production.

**RESPONSE:**

**Objection. The request is vague, ambiguous, overly broad, and unduly burdensome, and requests information which is neither relevant to any party's claim or defense, nor proportional to the needs of the case as defined in Fed. R. Civ. P. 26.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**


47.     To the extent not covered in the foregoing, any and all other documents that relate to, support, refer to, or contradict any of the allegations contained in the Complaint.

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**

48.     To the extent not covered in the foregoing, any and all other documents that relate to, support, refer to, or contradict any of Defendants'/Counterclaimants' Affirmative Defenses or allegations asserted in Defendants'/Counterclaimants' Counterclaim as set forth in Defendants'/Counterclaimants' Answer, Affirmative Defenses & Counterclaim.

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**

49.     To the extent not covered in the foregoing, all documents and/or tangible things that you have in your possession or control that may have any direct or indirect bearing on, or otherwise relate or refute, any of the allegations set forth in the Complaint and/or Counterclaim.

**RESPONSE:**

**Objection. This request is vague, ambiguous, overly broad and unduly burdensome.**

**However, in an effort to cooperate with Defendant and without waiving any of the general or specific objections, Plaintiff states as follows:**

**See documents produced in response to prior discovery requests.**

**Plaintiff reserves the right to supplement and amend this response.**

AS TO ALL OBJECTIONS:

/s/ Joshua M. Smith
Joshua M. Smith (0092360)

Respectfully Submitted,

/s/ John J. McHugh, III
John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
(419) 885-3597
(419) 885-3861 (fax)
**Co-Counsel for Plaintiff Philip R. McHugh**

/s/ Joshua M. Smith
Peter A. Saba, Esq. (0055535)
Joshua M. Smith, Esq. (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com
**Co-Counsel for Plaintiff Philip R. McHugh**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a copy of the foregoing was served on Michael L., Cioffi, David J. Oberly, Thomas H. Stewart, and Liza J. Brackman, of Blank Rome, LLP, on this 30th day of July, 2021 via ordinary and/or electronic mail.

/s/ Joshua M. Smith
Joshua M. Smith (0092360)