UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PHILIP R. McHUGH, | Case No. 1:21-cv-00238-MRB |
| Plaintiff, | Hon. Michael R. Barrett |
| vs. | **DEFENDANTS' EXPEDITED MOTION TO RESET CALENDAR ORDER IN LIGHT OF PLAINTIFF'S NEW "SUPPLEMENTAL" PRODUCTION AND DISCLOSURE OF NEW WITNESSES ON THE LAST DAY OF DISCOVERY** |
| FIFTH THIRD BANCORP, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

Fifth Third requests a reset of the calendar order to ensure it follows the Court's prior, common-sense ruling that the Parties must complete discovery *before* filing dispositive motions. Plaintiff's last-minute actions have pushed discovery beyond the November 4 cutoff and through at least December 31, effectively forcing the Parties to file summary judgment motions (due November 25) before discovery is complete. More specifically, on the day of the November 4 cutoff, Plaintiff served a "supplemental" production of documents that had long been in his possession and disclosed additional fact witnesses, at least one of whom he knew about and had been in contact with for years. Fifth Third was forced to file a pending motion for sanctions. Plaintiff also delayed expert discovery. He refused to do any expert depositions until October. This required the Parties to complete depositions near and after the discovery deadline. And two days before expert depositions began and eight days before the cutoff, he served untimely document requests for expert communications. These are now subject to an order for reciprocal productions that must occur by December 31, the Court's in camera review of Fifth Third's expert

communications, and the potential for reopened expert depositions. All of these last minute tactics by the Plaintiff have forced discovery to remain open for the foreseeable future. Defense counsel sought to meet and confer with one simple objective—to have the parties agree to comply with the Court's prior ruling that discovery be completed before dispositive motions are filed. Yet Plaintiff refused to modify the case schedule beyond short extensions.

It makes no sense to impose dispositive motion deadlines in the middle of discovery. Proceeding with summary judgment briefing under these conditions would be inefficient, costly, and risk duplicative or piecemeal briefing if the factual record changes. Sensible legal principles and basic fairness require the completion of discovery before parties must file dispositive motions. The Court should reset the calendar order to accomplish the following:

- Resolve all discovery disputes, as is practicable under the Court's busy schedule.
- Upon a resolution of these disputes, set a firm deadline for completion of any additional discovery that the Court may deem reasonable and necessary.
- Order the Parties to certify, on the cutoff, that discovery is closed and finished.
- Require the Parties to file dispositive motions 30 days after discovery closes.

There is abundant good cause for granting this motion. Discovery should be over. It now needs to conclude quickly, and in an orderly and reasonable fashion. No more "supplemental" productions on the day of the cutoff. No more wasting months of the calendar by refusing to do expert depositions until the last second and beyond. No more eleventh-hour document requests. No more disclosures of new fact witnesses known about years earlier. The time has come to finish discovery and *then* allow the Parties to file dispositive motions so that this case can come to a much needed conclusion.

A proposed order granting this Motion is attached as Exhibit A. Due to upcoming deadlines, Fifth Third requests an urgent hearing pursuant to S.D. Ohio Civ. R. 7.1(b)(3).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court and the Parties have long agreed that discovery should close ***before*** summary judgment briefing. *E.g.*, Doc. 14; Notation Orders of May 19, 2022, Jan. 20, 2023, Feb. 5, 2024, May 5, 2025; Doc. 32 at PageID 2229–30 (ruling that the Court had to resolve discovery disputes before scheduling dispositive motions); Doc. 30 at PageID 2196 ("THE COURT: . . . Forget the deadlines. Let's just work on getting the stuff produced, and then we'll kind of figure out when we can have a dispositive motion cutoff . . . ."); Doc. 19 at PageID 1903 ("THE COURT: . . . I want to have a deadline for the end of all discovery . . . . All discovery will be completed by March 1st, ***and then dispositive motions can key off of that***. Okay? **MR. SABA:** ***We're in agreement with that***.") (emphasis added). And years ago, the Court stayed all pretrial deadlines at Plaintiff's request and over Fifth Third's objections. *E.g.*, Doc. 32 at PageID 2228–30.

In its most recent iteration of the case schedule, the Court again agreed that the Parties should complete all discovery before filing dispositive motions. Notably, Plaintiff disputed this aspect of the schedule because he wanted to move for summary judgment immediately. Fifth Third disagreed and argued that "[d]ispositive motions should encompass all claims, and should occur jointly *after the completion of all fact and expert discovery*." *See, e.g.*, May 20 Email (attached as Ex. B) (emphasis added). The Court agreed and set pretrial deadlines by notation order. *See* June 25, 2025 Notation Order.

Plaintiff then produced a damages report from Dr. Burke on July 31, which was inadequate under Rule 26. After the Parties conferred, Plaintiff served a supplemental report on August 27. *See* Aug. 27 Email (attached as Ex. C). Fifth Third then produced a handwriting expert report from Mr. Speckin on August 29. On October 3, Fifth Third served Dr. Lewin's rebuttal damages report, and Plaintiff served a rebuttal handwriting report from Dr. Lyter.

3

Fifth Third worked diligently to complete expert depositions. Plaintiff did not. In mid-August, Fifth Third requested deposition dates for Dr. Burke. *See* Ex. C, Aug. 20 & 27 Emails. In response, Plaintiff claimed that he was unavailable and refused to take any depositions until October. *Id.*, Aug. 21 & 27 Emails. Due to this delay, expert depositions had to be scheduled between October 30 and November 18, 2025. And due to a medical situation that required emergency admission to the hospital on November 16 and surgery, Erich Speckin's deposition scheduled for November 18, 2025 has been postponed.

Additionally, on October 28, Plaintiff served RFPs for "all communications" with Fifth Third's experts. *See* Oct. 28 RFPs (attached as Ex. D). Fifth Third objected, yet still conferred in good faith on a mutual, targeted production. *See* Oct. 28 Email (attached as Ex. E). Plaintiff refused any compromises and notified the Court. *See* Nov. 5 Email (attached as Ex. F)

At a November 6 conference, the Court agreed that the requests were overbroad and that Fifth Third had offered a production of the only documents that are discoverable under Rule 26. *See* Doc. 86 at PageID 4012–19 ("THE COURT: . . . All I'm saying is an all-communications request is overly broad. I agree."). Plaintiff reiterated his belief that Fifth Third might still improperly withhold discoverable documents. Therefore, the Court directed an in camera review of Fifth Third's expert communications. *Id.* at PageID 4019 ("[W]e have, I guess, a trust issue regarding what was provided to them . . . ."). The Court agreed that Plaintiff would make a reciprocal production. *Id.* at PageID 4009, 4015, 4024.

Despite (1) the Court's ruling that expert document discovery would be a "two-way street" and (2) Plaintiff's own agreement to produce reciprocal information, he refused to comply. *See* Nov. 10 Email (attached as Ex. G). This forced Fifth Third to notify the Court. *See* Nov. 12 Email

4

(attached as Ex. H). The Court agreed with Fifth Third and ordered a reciprocal production by December 31, and noted that expert depositions might be reopened. *See* Nov. 12 Notation Order.

On November 4—the last day of discovery—Plaintiff served a "supplemental" production of mitigation-related emails with executive recruiters and other business contacts. A majority of these documents date back to 2020–23. And Plaintiff redacted many of them without explanation. Plaintiff also amended his witness list to add two new fact witnesses on mitigation. Plaintiff served this information after expert discovery on damages and mitigation. At the Court's request, Fifth Third submitted the production and witness disclosures to Chambers on November 6. *See* Ex. H. Fifth Third then filed a motion for sanctions on November 14. *See* Doc. 88.

Given all the delays associated with last-minute discovery, Fifth Third asked Plaintiff to agree to reset deadlines for dispositive motion briefing. Plaintiff refused. *See* Nov. 14 Email (attached as Ex. I). He offered only a one- or two-week extension. *Id.*

### III. DISPOSITIVE MOTIONS SHOULD PROCEED AFTER DISCOVERY CLOSES

Courts in the Sixth Circuit consistently counsel that summary judgment briefing should begin only after discovery is complete. *Marrero-Perez v. Yanfeng US Auto.*, 2024 U.S. Dist. LEXIS 16861, at *10 (W.D. Ky. Jan. 30, 2024) ("'Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case.'") (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995)). That principle applies with special force here. Plaintiff's November 4 "supplementation" disclosed additional documents and witnesses related to mitigation, but after the Parties completed expert discovery on mitigation. Accordingly, Fifth Third filed a motion for sanctions. It is unknown how the Court will treat these untimely disclosures (if not promptly stricken) or what further discovery may be necessary. Separately, the Court recently ordered reciprocal productions of expert communications—including facts, data, and assumptions—by December 31. The Court expressly

5

recognized that expert depositions may be reopened following that exchange or upon a ruling on Fifth Third's in camera submission. And Fifth Third just learned that Mr. Speckin's deposition, scheduled for November 18, has to be postponed due to a medical emergency. Briefing dispositive motions on this incomplete record will likely require the Parties to re-brief or supplement arguments in the midst of reciprocal productions and reopened depositions. Resetting the calendar order would avoid this wasteful and prejudicial sequence.

Forcing Fifth Third to file summary judgment on an open and unsettled record is particularly inappropriate because it is not the party responsible for discovery remaining open. The current inability to brief dispositive motions on a closed record is a result of Plaintiff's "supplementation" of documents and witnesses on the final day of discovery; unwillingness to serve expert reports in compliance with Rule 26; refusal to do any expert depositions until October; last-minute "all communications" RFPs that the Court confirmed were overbroad; and refusal to exchange reciprocal expert document productions (in accordance with his own agreement and the Court's instructions on November 6) until the Court's November 12 order requiring a production by December 31, and the potential for reopened depositions thereafter. In sum, Plaintiff's antics have kept discovery open, and he now wants to leverage his own delay to force Fifth Third to file a dispositive motion before discovery is closed. That is improper.

Additionally, resetting dispositive motion deadlines until after discovery comports with the longstanding history of this case as well as Plaintiff's prior arguments. Every calendar order (like every other calendar order in every federal lawsuit of this nature) has separated discovery and dispositive motions. And Plaintiff previously demanded open-ended discovery for more than three years and fought (successfully) myriad Fifth Third attempts to reimpose pretrial deadlines.

6

Plaintiff's current opposition to resetting summary judgment deadlines until discovery is closed thus contradicts his prior positions and the entire history of this case.

Finally, Plaintiff's proposed one- or two-week extension would not cure prejudice or avoid inefficiency. *See* Ex. I, Nov. 14 Email. A short extension would still leave summary judgment briefing underway while the record remains open, whereas Fifth Third's approach would avoid duplicative briefing and streamline judicial review of dispositive motions.

## IV. CONCLUSION

Fifth Third respectfully requests that the Court reset the calendar order as proposed.

DATED: November 17, 2025

Respectfully submitted,

**BLANK ROME LLP**

 *s/ Michael L. Cioffi*
Michael L. Cioffi (0031098)
    Trial Attorney
Thomas H. Stewart (0059246)
Collin D. Hart (0099869)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.:   (513) 362-8701
Fax:   (513) 362-8702
Email: michael.cioffi@blankrome.com
       tom.stewart@blankrome.com
       collin.hart@blankrome.com

*Attorneys for Defendants–Counterclaimants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with the Clerk of Court using CM/ECF on November 17, 2025, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

 *s/ Michael L. Cioffi*
 Michael L. Cioffi