# Exhibit B

| | |
|---|---|
| **From:** | Hart, Collin |
| **Sent:** | Tuesday, May 20, 2025 8:10 AM |
| **To:** | OHSDdb_Barrett_ch |
| **Cc:** | Peter A. Saba, Esq.; Bailey E. Sharpe, Esq.; Caroline R. Dillard; mchugh@mchughlaw.com; Cioffi, Michael L.; DeBeer, Jeffrey; Joshua M. Smith, Esq. |
| **Subject:** | RE: McHugh v. Fifth Third |
| **Attachments:** | McHugh v FTB__Supplemental Production of RHR Emails.zip; 2025.05.16 Order denying Motion to Compel.pdf |

Good Morning Judge Barrett:

While Plaintiff's May 15 email below was sent without a meet and confer, on issues the parties could have resolved without involving the Court, Fifth Third provides this brief response.

Summary Judgment. Dispositive motions should encompass all claims, and should occur jointly after the completion of all fact and expert discovery. Each party's claims are based upon the same underlying facts. Piecemeal and duplicative briefing would unnecessarily waste time and resources.

RHR Motion to Compel Denied. On Friday, the Northern District of Illinois denied Plaintiff's motion to compel RHR International to produce documents. The order is attached. It confirms that Plaintiff sought information that had "no bearing on whether the bank discriminated against Mr. McHugh." Furthermore, the Court ordered Plaintiff to file a supplemental brief by Friday, May 23, explaining why he should not be liable for the reasonable fees and costs incurred by RHR in defending against Plaintiff's motion.

Fact Discovery Is Complete. With the denial of Plaintiff's RHR motion, fact discovery is complete. Plaintiff has deposed every Fifth Third witness with any potentially relevant knowledge, including its former CEO, 14 Board members, the current and former Chief Human Resources Officers, and others. Separately, Fifth Third produced every responsive document provided to or created by the Board in appointing Spence as President, as well as all documents regarding Carmichael reassigning Plaintiff as Head of Consumer Banking. There is no legitimate discovery left for Plaintiff to pursue.

Supplemental Production. Fifth Third made no false representations to the Court. After reviewing RHR's April 16 production, Fifth Third noticed that it had not produced a small subset of irrelevant, inconsequential, and largely non-responsive emails (out of its prior productions of more than 214,000 documents). Nearly all of these have to do with scheduling issues. These emails, attached, are immaterial. To avoid a dispute, Fifth Third produced them in any event. This issue is moot.

Next Steps and Proposed Pretrial Schedule. With fact discovery complete, this case is ready to proceed to expert discovery and dispositive motions. The parties should negotiate a pretrial schedule, subject to the Court's review and approval. Fifth Third proposes the following deadlines.

Proposed Pretrial Schedule:

Close of Fact Discovery: May 30
Plaintiff's Expert Reports Due: July 1
Defendants' Expert Reports Due: August 15
Rebuttal Expert Reports Due: September 30

Close of Expert Discovery: November 15
Dispositive Motions Due: December 15
Responses to Dispositive Motions: January 15
Replies to Dispositive Motions: February 15

Respectfully,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8746 | F: 513.964.9916 | collin.hart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Monday, May 19, 2025 4:37 PM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; mchugh@mchughlaw.com; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third

Judge Barrett:

In follow-up, if the Court would prefer a phone conference to discuss Plaintiff's request with the parties, Plaintiff is available at the Court's convenience including this week and early next week. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Joshua M. Smith, Esq.
**Sent:** Thursday, May 15, 2025 11:40 AM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Caroline R. Dillard <crd@sspfirm.com>; mchugh@mchughlaw.com; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>
**Subject:** McHugh v. Fifth Third

Judge Barrett:

This e-mail shall serve as a discovery update from Plaintiff's perspective, and a request that the court set a dispositive motion briefing schedule as to Defendants' sole counterclaim for Abuse of Process, and Plaintiff's two retaliation claims under Federal and Ohio law,  as discovery is completed with respect to those three claims:

- The relevant Fifth Third directors have all been deposed as of March 31 per the court's order. Plaintiff has continued such depositions in progress as noted on the record given ongoing discovery deficiencies, and reserves the right to seek additional testimony as discovery proceeds, including testimony relating to documents recently produced by RHR International;

- Plaintiff has re-filed his motion to compel RHR International's production of documents in the Northern District of Illinois, and RHR has opposed the same. The motion is currently pending a decision from the Northern District of Illinois;

- On April 16, 2025, following the re-filed motion to compel, RHR produced 240 pages of e-mail communications between RHR and Fifth Third during the time period of March 30, 2020 – June 30, 2020. (*See* 4/15/2025 RHR E-mail) These communications had been sought from both Fifth Third and RHR in discovery over the last several years, and Fifth Third's counsel falsely represented as late as last November 2024 that all such communications had already been produced. (*See* C. Hart 11/12/2024 E-mail: "As it pertains to communications between RHR and Defendants, Defendants have already produced all known, relevant communications responsive to Plaintiff's requests for production."). The recent production includes but is not limited to the following:

    (1) A March 30, 2020 e-mail from Fifth Third's CHRO Bob Shaffer confirming that RHR's proposal to assess three candidates (Spence, McHugh, Tuzun) "looks good," and seeks to delay the assessment work by 30 days because of "not wanting to signal to certain executives internally that we may be starting a CEO succession process;" (RHR_THIRDPARTY_00067)
    (2) Multiple scheduled phone conferences between RHR and Fifth Third in April-June 2020; (e.g., RHR_THIRDPARTY_00012 – 00014, 00016, 00019, 00021, 00024, 00039 – 00042, 00118, 00124 - 00126)
    (3) An e-mail on Monday June 1, 2020 from Bob Shaffer's assistant cancelling a scheduled call with RHR "as Bob has no information given the current environment," and seeking to reschedule in 30-45 days; (RHR_THIRDPARTY_00025, 00122)
    (4) June 24, 2020 scripted individual e-mails from Tim Spence to his direct reports introducing them to RHR and requesting 30 minutes for a phone call, stating that RHR is "helping me to create a development plan to accelerate my leadership development and, concurrently, my contribution to Fifth Third;" (RHR_THIRDPARTY_00034 – 00038) and
    (5) A June 22, 2020 E-mail from RHR to Tim Spence with instructions pertaining to RHR's Online Testing of Spence, including online psychometrics, an experience profile, and a 3-hour video session. (RHR_THIRDPARTY_00239 - 00240). None of the documents referenced in this e-mail have been produced, and are the subject of the motion to compel pending in the ND of Illinois.

- Plaintiff issued supplemental discovery requests to Fifth Third relating to the Bank's abuse of process counterclaim, including seeking any witnesses or evidence not previously disclosed in discovery. The Bank has indicated in its 5/12/2025 responses that there are no additional documents or witnesses other than those previously disclosed/produced. Defendants have also previously confirmed that they are not seeking any additional fact discovery in this case. *See* December 14, 2023 Discovery Conference Transcript – Doc. # 38 PAGEID#2333 (THE COURT: "And from Fifth third's standpoint, how is your discovery coming? MR. HART: We're ready for dispositive motions, your honor.").

As indicated above, in an effort to keep this case moving forward, Plaintiff is requesting that the Court set a dispositive motion briefing schedule as to Fifth Third's abuse of process counterclaim, and as to Plaintiff's retaliation claims, given discovery has been completed for these three claims. In light of the RHR motion to compel and anticipated production of documents from the same, discovery is still pending on the failure to

promote and constructive discharge claims. However, Plaintiff anticipates being able to determine whether any additional discovery on those claims is necessary once the motion is resolved, and subpoenaed documents are produced. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.