# Exhibit F

| | |
|---|---|
| **From:** | Hart, Collin |
| **Sent:** | Wednesday, November 5, 2025 11:58 AM |
| **To:** | Joshua M. Smith, Esq.; DeBeer, Jeffrey; OHSDdb_Barrett_ch; Bailey E. Sharpe, Esq. |
| **Cc:** | Peter A. Saba, Esq.; mchugh@mchughlaw.com; Leighton E. Heiner; Cioffi, Michael L. |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. |

Kathleen,

Responses to correct the record:

1. We requested the documents in 2021.  Plaintiff agreed to produce them and agreed all along they are discoverable.  Plaintiff intentionally did not produce them.  Defendants did not learn this until Dr. Burke's deposition on October 30.
2. Defendants tried to propose a "mutual" production of responsive, discoverable information and offered many compromises to avoid Plaintiff's overbroad discovery requests (despite the fact that they are belated and violate the Court's order). Plaintiff offered zero extrajudicial compromises and even made his requests broader and even further out of compliance with the rules.
3. Plaintiff has no excuse for his last-minute production or witness disclosures.  Based on an initial review of the documents, some of them date back to 2021.  Plaintiff failed to supplement in a timely manner.  Plaintiff failed to state that documents were being withheld.  It seems Plaintiff violated every rule he cited in his sanctions motion based on the RHR documents. Further, there is no time for "targeted discovery" due to this blatant gamesmanship on the day of the discovery cutoff. There is no more time to "supplement."  Discovery should be over.
4. Plaintiff seems to think that missing the discovery cutoff is OK if they call it "supplemental." That makes no sense.  The cutoff is the cutoff.

Thank you,

Collin

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
direct: +1.513.362.8746 | mobile: +1.513.673.3809
collin.hart@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Tuesday, November 4, 2025 7:22 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Hi Kathleen,

Plaintiff can be available on Thursday or Friday too, but we do have Mr. Shaffer's targeted deposition scheduled for 11:00am Thursday, and Mr. Spence's targeted deposition at 1:30pm on Friday. We can of course break from those if need be but wanted the court to be aware of the current schedule. If one of Defendants' other counsel are available tomorrow (Wednesday) we remain available in the morning time slots the court offered.

In further response:

1. The e-mail chain from Attachment 2 speaks for itself. Plaintiff has never refused to produce the information, but until last Friday's e-mail Defendants had not specifically requested it. In fact, Plaintiff had offered in mid-October to produce the same information that it was seeking from Defendants, but Defendants refused. Plaintiff remains agreeable to mutual production and believes that is the best path forward, and it is unfortunate that Defendants feel this conduct is somehow sanctionable.
2. The parties are agreed on extending the discovery cutoff for purposes of completing expert depositions. We continue to seek the mutual exchange of requested documents that, again, it sounds like both sides are seeking. So Plaintiff would request discovery be extended for that purpose too.
3. Plaintiff produced supplemental documents of Plaintiff's mitigation efforts through today (e.g., e-mails, calendar invites), and disclosed two witnesses from a recruiting agency corroborating those efforts, all within the discovery cut-off. Note that Plaintiff had produced prior mitigation efforts to Defendants (McHugh01010-01030), so this was a supplementation of that production although Defendants had not requested supplementation up to this point. Regardless, Plaintiff has confirmed his willingness to discuss any targeted discovery Defendants feel they need relating to this production. Plaintiff will also note that mitigation efforts will inevitably need to be supplemented again in light of the delay between the cutoff, dispositive motions briefing/decision, and trial. The same is true with Plaintiff's damages expert's report. This is an inevitable fact in any employment discrimination case, and is hopefully something the parties can work out going forward.
4. It sounds as if discovery and dispositive motion deadlines may need revised given the above, but we fail to see how supplemental documentation/witnesses of mitigation efforts alone would create a significant delay in a dispositive motion schedule, particularly where Plaintiff has expressed willingness to agree to targeted discovery.

Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Tuesday, November 4, 2025 5:48 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart,

Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Kathleen,

Thank you for reaching out.  I am unfortunately tied up tomorrow with travel.  I can move around appointments on Thursday and Friday for a call with the Court, if the Judge has availability then.

In advance of that call, Defendants raise a few issues:

1. We sent the email in Attachment 2 based on our confusion about why Plaintiff is refusing to produce the exact information he has argued is discoverable and is seeking to compel from Defendants at the last minute.  In response, Plaintiff admitted that he has responsive documents, that he believes they are discoverable and has always believed they are discoverable, and that he failed to supplement his production when disclosing Dr. Burke's report in July.  In other words, Plaintiff intentionally withheld what he considers discoverable documents. Plaintiff's actions are sanctionable, undermine his current requests for information, and are further reason to deny them or to compel Plaintiff to produce the documents he is withholding without justification.
2. The Parties agreed to a limited extension of the discovery cutoff solely for purposes of taking the depositions of Dr. Lyter on Nov. 13 (Plaintiff's handwriting expert) and Erich Speckin on Nov. 18 (Defendants' handwriting expert). Please let us know if you would like us to file a motion.
3. Around noon today—the final day of discovery—Plaintiff served a supplemental document production and amended his witness list (including by identifying two new fact witnesses). This tactic, at the end of a five-year discovery period, should not be permitted.
4. In addition, if this tactic is permitted, the Court and the parties will need to revisit and revise current deadlines, including the discovery cutoff and dispositive motion deadline.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Tuesday, November 4, 2025 6:31 AM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Thank you Kathleen. Plaintiff can be available at any of those times.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Sent:** Monday, November 3, 2025 4:12 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Counsel,
The soonest that Judge Barrett can be available for a discovery conference is Wednesday, 11/5/2025, at either 10:30, 11:00 or 11:30 AM. Please advise as to your availability. Thank you.

Respectfully,
Kathleen

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Monday, November 3, 2025 3:33 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

**CAUTION - EXTERNAL:**

Judge Barrett:

- **Attachment 1:** Attached is the e-mail communication from Friday (10/31) that Mr. DeBeer references. This was just an inquiry as to whether Defendants would stipulate to continuing the deposition in progress which would help Plaintiff confirm whether it made sense to go forward. Defendants would not answer yes or no but regardless, the deposition is going forward tomorrow and Plaintiff will reserve his rights to continue it in progress pending resolution of the dispute.

- **Attachment 2:** On a separate but related note, Defendants sent another e-mail on Friday (10/31) at 3:02pm demanding that Plaintiff produce "*communications between counsel and Dr. Burke* [Plaintiff's expert] *identifying any 'assumptions,' 'facts or data that the party's attorney provided and that the expert relied on in forming the opinions to be expressed*.'" Defendants also demanded "*associated invoices or timesheets or other communications relating to 'compensation for the expert's study or testimony*.'"

  This may sound strange of Defendants to demand this information, given Plaintiff has been trying to obtain from Defendants since mid-October, has repeatedly offered to mutually produce to such documents, and has raised the dispute with the Court given Defendants' refusal.

  Plaintiff responded to Defendants' e-mail today (11/3) inquiring whether Defendants would agree to mutual production of this information given both sides now seem to want the same thing, thus avoiding further court intervention. (*Id.*). Defendants refused and instead claimed that Plaintiff's requests for the same information are untimely and overbroad, and have gone on to accuse Plaintiff of "knowingly withhold[ing] documents that you admit are discoverable."

- **Targeted Requests for Expert Discovery:** Based on Defendants' recent e-mail requests, mutual production of the requested information and communications seems to be the best path forward here. Thus, Plaintiff requests an order from the court directing the parties to exchange the information set forth in Plaintiff's RFP's directed to Defendants (attached).

Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Friday, October 31, 2025 4:15 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>

**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

We asked Plaintiff four times today to confirm that Dr. Lewin's deposition was going forward. Plaintiff refused to respond unless we agreed to stipulate to keep Dr. Lewin's deposition open beyond the Nov. 4 cutoff (which Plaintiff thought was warranted because he served untimely discovery requests and then immediately emailed you trying to compel a production before we even responded to those untimely requests). Missing discovery deadlines is not a basis for extending discovery deadlines or an excuse to postpone depositions. Otherwise, this case will never come to a conclusion. And premature discovery emails to chambers do not justify ignoring case deadlines, per your standing order: "**NEITHER COUNSEL NOR THE PARTIES SHALL PRESUME THAT A PENDING MOTION RELIEVES THEM OF THEIR OBLIGATION TO CONDUCT DISCOVERY WITHIN THE DEADLINES SET FORTH BY THE CASE SCHEDULE.**"

We emailed opposing counsel and said that, because they had not cancelled Dr. Lewin's deposition, it is going forward. Travel has been booked and arrangements have been made for Dr. Lewin to be available on Tuesday. Therefore, we oppose the requested extension or cancelling the agreed-upon deposition.

We apologize for having to continue to respond opposing counsel's messages directly to chambers and again object to litigating this case over email.

Jeff

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, October 31, 2025 3:22 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

We disagree with all of the various mischaracterizations and complaints in Defense counsel's e-mails. However, given a detailed response will further inundate the court with more back and forth between counsel, Plaintiff will refrain from doing so unless the Court prefers otherwise.

By way of update, the deposition of Defendants' rebuttal expert (Dr. David Lewin) is scheduled for next Tuesday, November 4 at 10am PST / 1pm EST. Today, Defendants asked for confirmation whether we were proceeding with this deposition, and Plaintiff inquired to Defendants whether they would agree to go forward while continuing the deposition in progress pending resolution of the discovery dispute. Defendants have declined to answer this inquiry, but have indicated they will not agree to postponing the deposition or otherwise permitting Dr. Lewin's deposition to occur on any other date notwithstanding the dispute, which we take to mean no.

Plaintiff intend to go forward with the deposition while reserving his rights to continue in progress pending resolution of the discovery dispute and obtaining documents. In light of Defendants' position, however, Plaintiff re-iterates his request for an extension of the discovery cutoff pending resolution. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Wednesday, October 29, 2025 2:37 PM
**To:** Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

I'm trying to examine a witness (in an unrelated case) and also play whack-a-mole with new argument after new argument raised by Plaintiff for the first time to the Court, all with expert depositions (in this case) starting tomorrow.  As a recap, last week Plaintiff proposed untimely hypothetical subpoenas.  We then had to respond to counsel's emails to you yesterday about new RFPs served minutes before those emails.  Now we're being forced to address an old RFP that, as Plaintiff admits, is even more overbroad than the hypothetical subpoenas from last week and new RFPs from yesterday.

Regardless of all this unnecessary back and forth for the first time before your Honor, our response to the prior RFP is proper. We stated that we would give Plaintiff *discoverable* information in accordance with the Civil Rules and your orders.  We did exactly that.  We served expert reports. Those reports list all documents considered. The reports list rate of payment. After Plaintiff proposed untimely/burdensome subpoenas, we offered to work with our experts to get Plaintiff updated information on compensation (so that total time spent is up to date) in advance of depositions. We offered to tell Plaintiff all documents *sent* to experts—not just *relied upon* or *considered*, thus exceeding Rule 26 obligations—as a compromise to subpoenas. But we told Plaintiff that we did not have time to respond to "all communications" RFPs with expert depositions (scheduled by agreement and without mention of new or old document requests until the last second) days away.  Plaintiff refused all compromises without telling us why. He refused to explain what other information he needed. He refused to make <u>any</u> concessions of his own other than to "submit the dispute to this court," ask you to review every document at issue before we even responded to the RFPs, and impose upon you to decide "what items should be discoverable" without briefing on serious issues such as privilege and work product. We were willing to consider other *extrajudicial* compromises, but Plaintiff walked away from that table.

This old RFP is otherwise patently overbroad and objectionable (which is why we objected), including because it seeks protected information.  Plaintiff knows this.  Further, since I've been on this case, Plaintiff never attempted to confer on this RFP or our objections to it. Plaintiff similarly never suggested that our expert disclosures failed to provide the information required by Rule 26. These last-minute requests and emails to you are harassing, a waste of resources and your time, and diverting our attention away from expert depositions.

Plaintiff continues to pivot to new legal theories time and again but is wrong each time.  He is wrong about this issue as well.  Fifth Third objects to Plaintiff's ongoing attempt to litigate issues with you over email. Fifth Third also objects to Plaintiff's repeated violations of his duty to meet and confer by raising myriad arguments for the first time in correspondence to chambers.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Sent:** Wednesday, October 29, 2025 11:34 AM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

Please see the attached correspondence from Plaintiff in response to the below.

If the Court would like any further information and/or to schedule a discovery conference, Plaintiff's counsel will make themselves available.

Thank you,

Bailey E. Sharpe, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.2485
Main Fax: 513.533.2999
bes@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Tuesday, October 28, 2025 11:03 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge:

A brief response as I'm preparing for depositions tomorrow:

1. This is further evidence that Plaintiff did not confer in good faith (immediately emailing you in lieu of conferring).
2. The requests could have been served pre-expert discovery, at a minimum pre-deadline. They were not—not even close. Plaintiff admits he missed the deadline. There is no excusable neglect. The requests were proposed roughly a week and a half before scheduled expert depositions.
3. We initially offered these compromises and Plaintiff agreed. Then he walked back all verbal agreements. Please see the meet-and-confer correspondence. We offered more compromises and were willing to make more. Plaintiff offered none.
4. Plaintiff may challenge the scope of a rebuttal report. He cannot miss discovery deadlines to request protected information. This was explained to Plaintiff repeatedly.
5. Asking the Court to resolve discovery disputes is not an extrajudicial effort. Defendants told Plaintiff that the courts who would enforce "subpoenas" were Florida/California because that is true per your RHR opinion. Thus, we did not want to burden you, particularly during a shutdown. Also, Plaintiff proposed subpoenas because he admits he missed the deadlines to serve RFPs. That's Plaintiff's fault. It is not a basis for punishing Defendants who have conferred in good faith.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Tuesday, October 28, 2025 9:00 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett,

In response:

1. Defense counsel sent an e-mail just minutes before Plaintiff submitted its request to the court today, which Plaintiff did not see before sending his e-mail. The rest of the e-mail chain was already sent to the

9

court, and the thrust of Defendant's last e-mail was a demand that the full e-mail chain be sent (which it was).

2. As to the timing of these document requests, Defendants did not disclose their ink dating expert's report until August 29, and their rebuttal expert on October 3, 2025 (Dr. Lewin), meaning Plaintiff did not even know who the rebuttal expert was or what the report would contain until just over 3 weeks ago.

3. The document requests at issue were offered mutually, meaning that Plaintiff was and is fully willing to produce the same categories of information that he is requesting from Defendants, all of which is permitted under Rule 26. Defendants seemed receptive to this idea, initially, but have since insisted upon summaries and restatements by counsel rather than producing the requested documents.

4. It should also be noted that Defendants' rebuttal report to an economic damages expert is *littered* with arguments over the factual bases of Plaintiff's failure to promote claims. By way of example, the report makes the following arguments:

    1. Paragraph 23: *In terms of decision-making, the collective judgment of the independent directors, who possessed hundreds of years of business experience, was crucial to the CEO selection process*. (Marsha Williams Dep. 94:11–17, 124:11–14, 152:17–21). *Although formal decisions were reserved for when regulatory filings were necessary, the Board reached a unanimous consensus that Mr. Spence was "by far and away the only internal candidate who was qualified" to be the next President. Id. at 78:24–79:11, 156:8–22. Conversely, the Board unanimously determined that Phil McHugh was not a viable candidate due to observed deficiencies in such areas as strategic thinking, communication skills (often reading presentations), and digital banking knowledge*. (*Id.* at 65:2–11, 65:25-66:14, 133:7–16, 145:18–146:8, 169:5–9).

    1. Paragraph 28: *The Board hired an outside firm, RHR International (specifically Guy Beaudin and Chuck Evans), to conduct an independent assessment of Tim Spence. This independent review was seen as offering a "Good Housekeeping seal of approval" and a "different kind of analysis" compared to the Board's continuous, real-time observation*. (Marsha Williams Dep. 65:2–11, 65:25-66:14, 133:7–16, 145:18–146:8, 169:5–9). *The Board chose not to hire an outside firm to assess Mr. McHugh because they did not feel he was qualified and "would not have been comfortable with him as president."* (*Id.* at 95:1–7, 96:9–23). *In the assessment of the Board, Mr. McHugh was viewed as not having "the capabilities to be the CEO, which is why [they] did not have him do the RHR assessment."* (*Id.* at 124:15–20). *When Guy Beaudin, a Partner at RHR International conducting the executive vetting process at the bank, approached Mr. Carmichael to ask if Tayfun Tuzun and Phil McHugh were being considered by the board for CEO, Mr. Carmichael responded, "[A]bsolutely not, they're not considered potentials for the CEO replacement."* (Carmichael Dep. 296:17–22).

Notwithstanding that all of these arguments are refuted by the record evidence, they are more akin to a summary judgment motion than an expert opining on economic damages. In light of the various arguments set forth in the report and based upon what is explicitly permitted under Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii) and the Rule 26 generally, Plaintiff sought communications between Defense counsel and their expert which "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" and that "relate to the compensation for the expert's study or testimony." Plaintiff also requested invoices and timesheets for similar reasons, including to establish any bias in the creation of the report. For reasons yet to be explained, Defendants have blanketly refused to produce any such communications, invoices, or timesheets, and instead insist upon counsel summaries and restatements of what was provided to the experts. That is not acceptable, is not a compromise, and nothing has been offered beyond these counsel summaries.

5. Finally, contrary to Defendants' claims, Plaintiff has offered solutions, including in particular that the parties submit the dispute to this court to review the responsive documents to determine what items should be discoverable vs. not under Rule 26. However, Defendants instead insisted that the disputes must be resolved in various local districts, which prompted Plaintiff to re-issue the requests directly to Defendants and request an extension of the discovery cutoff.

Thank you, and if the Court would like any further information and/or to schedule a discovery conference, Plaintiff will make himself available.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Tuesday, October 28, 2025 4:57 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

I am in Houston taking depositions this week in an unrelated case. The other attorneys at these depositions agreed to take a break if I need to step out for a call with the Court. In the interim, Defendants respectfully request that the Court review the full email chain (attached) showing Defendants' repeated and good-faith efforts to try to resolve disputes over these belated document requests, initially proposed last week as subpoenas and served today as RFPs minutes before Plaintiff's email to chambers. Defendants very worked hard and very quickly to cooperate despite Plaintiff missing the deadline to serve the RFPs, and the lack of excusable neglect for missing that deadline. *See* Standing Order § I(D) & (L).

Defendants proposed several compromises to give Plaintiff all the substantive information he wanted in advance of expert depositions, currently scheduled by agreement for October 30, November 4, November 13, and November 18. In return, Plaintiff refused any compromises, made none of his own, and insisted on requests for "all communications" that seek information protected from discovery or

that would be burdensome if not impossible to produce, log, or redact at this eleventh hour. Plaintiff's demands are particularly unreasonable given the untimely RFPs could have and should have been served months ago, seek information that can be obtained by less burdensome means (including those offered by Defendants), and can be confirmed by questioning the experts under oath.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Tuesday, October 28, 2025 11:38 AM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al.

Judge Barrett,

While the parties have been able to schedule the sanctions depositions in compliance with the Court's order (Carmichael—10/28, Shaffer—11/6, Spence—11/7), the parties have run into a discovery dispute as to expert witnesses. Plaintiff is respectfully requesting the Court's assistance in resolving the same.

As background, Plaintiff has sought production of documents relating to Defendants' experts (Dr. Erich Speckin and Dr. David Lewin), including in the following categories:

1. Correspondence between any experts identified by Defendants in this Litigation, and Defendant or Defendant's counsel which (i) relates to compensation for the expert's study or testimony, which would include all invoices and any communications between counsel and the expert relating to their compensation, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that the expert considered in forming the opinions to be expressed, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that expert relied upon in forming the opinions to be expressed.
2. All documents reviewed, relied upon, or referenced by any experts identified by Defendants in this Litigation in formulating their opinions, including but not limited to those opinions set forth in their expert report;
3. All final reports authored by any experts identified by Defendants with regard to this Litigation;
4. All billing statements generated by any experts identified by Defendants in this Litigation, with regard to their work as an expert witness in this Litigation;
5. All timesheets maintained by any experts identified by Defendants in this Litigation, for their work as an expert in this Litigation; and
6. An updated curriculum vitae of any experts identified by Defendants in this Litigation, if any changes have occurred

The parties have conferred on these requests and while there is agreement to the production of documents responsive to Nos. 3 and 6, Defendants have objected to the production of documents responsive to Nos. 1-2 and 4-5, highlighted above. The parties have attempted to work through these issues including in e-mails and in a phone conference (see Attachment 1), but remain at an impasse as to whether the disputed categories are subject to discovery. Defendants have offered to provide summaries and restatements from counsel as to total amounts billed and lists of documents provided, but to date have refused to agree to provide the underlying invoices or e-

mails with such information. From Plaintiff's perspective, counsel summarizations and restatements as an alternative to complying with obligations to produce discoverable documents is not agreeable.

Plaintiff originally prepared draft subpoenas duces tecum to Defendants' experts with these requested categories of documents (see attached), and sent drafts of the same to Defendants at their request. However, Defendants have recently indicated they will not consent to the Court resolving these disputes and instead have insisted that the local district where the expert resides must resolve it given the subpoeanas are directed to the experts (California and Florida as to Defendants' experts, North Carolina and Cleveland as to Plaintiff's experts). This would of course create a significant delay and cost in this litigation, with Plaintiff needing to again obtain local counsel in those venues, initiate an action, and await a decision from two separate courts unfamiliar with the matter.

To avoid such inefficiencies, Plaintiff has re-issued the requests via RFP's directed to Fifth Third given most if not all of the requested information would also be in Defendants' possession, custody, or control (attached). However, because the civil rules would provide 30 days for response absent a court order shortening the time frame, an extension of the discovery cutoff will be necessary in order to obtain the documents at issue, resolve any disputes as to such documents, and then complete the expert depositions. As a result, Plaintiff respectfully requests the following:

1. An extension of the discovery cutoff in this matter to allow sufficient time for Defendants to respond to the requests for documents, to resolve any disputes pertaining to such requests, and to thereafter schedule and complete the depositions of Defendants' experts; and
2. That the court schedule an informal discovery conference in an effort to resolve this dispute between the parties.

If the Court would prefer to schedule a discovery conference now to address the above issues, Plaintiff's counsel will make themselves available. Thank you.


Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.


*******************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

****************************************************************************████

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.