# Exhibit H

| | |
|---|---|
| **From:** | DeBeer, Jeffrey |
| **Sent:** | Wednesday, November 12, 2025 7:58 AM |
| **To:** | 'Joshua M. Smith, Esq.'; OHSDdb_Barrett_ch |
| **Cc:** | Peter A. Saba, Esq.; Bailey E. Sharpe, Esq.; Leighton E. Heiner; John J. McHugh III; Cioffi, Michael L.; Hart, Collin; Meiners, Olivia |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. |

Judge Barrett:

1. Reciprocal means each party produces the same categories of documents. We are working diligently to do that, and to give you all other communications to verify that our production is proper. We ask that Plaintiff promptly give us this same information (without a cumbersome in camera review) as he proposed and you instructed. He agrees that these documents are discoverable and that producing them is "not overly burdensome."

2. We welcome any limitations on the scope of in camera review, but even now, Plaintiff has not offered any. And respectfully, his speculation about the hit count is baseless. We have no reason to make "exaggerated" claims about documents we are preparing to send you.

3. This dispute arose because we offered many compromises (well above and beyond "summaries") to give Plaintiff all the substantive information he wanted, despite his belated subpoenas and then last-second document requests. Plaintiff offered no compromises and insisted on burdensome "all communications" RFPs and in camera review. We are working very hard and quickly to comply with your order, but request cost shifting due to Plaintiff's intransigence.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Tuesday, November 11, 2025 10:57 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

1. Reciprocal (or, as I believe I said, "mutual") production means parties exchanging discovery by agreement in categories that they agree on. It does not mean one side (Defendant) refuses that agreement, withholds all discovery absent a court order following an in-camera review of documents yet to be provided, while the

other side (Plaintiff) is obligated to produce all communications immediately for an upcoming deposition scheduled by Defendants.

Defendants demanded that Plaintiff go forward with Dr. Lewin's deposition on November 4th or risk missing the discovery cutoff, despite this issue still needing resolved. At a minimum Defendants should be held to that same standard for a deposition they wanted scheduled, particularly given the untimely nature of their request.

2. The Court can determine what it needs to review. The point is that a hit count of "over 800 documents" appears exaggerated given the scope of documents requested.

3. This dispute arose because counsel summaries and restatements, which is what Defendants offered to produce, do not verify what was actually communicated to an expert witness. It is not overly burdensome to produce the requested discoverable communications, particularly with an expert like Dr. Lewin whom provided a rebuttal opinion on 10/3 to a damages expert report two months earlier.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Tuesday, November 11, 2025 8:28 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

On point 1, our recollection of your instructions, and all of Plaintiff's representations to you, was that expert document discovery would be reciprocal. Plaintiff did not walk back this commitment until yesterday evening. See attached. We would appreciate clarification from the Court. As to timing, on Friday, we asked Plaintiff for his production by today so we could prepare for Dr. Lyter's deposition. In exchange, we offered to produce our documents before Mr. Speckin's deposition. We asked you for Plaintiff's documents by tomorrow due to these concerns on timing.

On point 2, your minute entry confirms your intent "to review in camera all email correspondence from defense counsel to Defendants' experts." That was exactly what *Plaintiff* requested. We are trying to

2

comply, not complicate. We diligently worked on gathering the information. We included attachments for your review because Plaintiff wanted the Court to verify what record evidence (attachments) we gave to our experts—that's the whole basis for his overbroad/burdensome requests. If we do not provide those documents, you will be unable to see what we gave the experts. That said, we will remove those documents from the in camera review if Plaintiff changed his mind. Similarly, if Plaintiff agrees to a date cutoff (*e.g.*, the date of reports) as he suggests in his email below, then we would be happy to apply one.

On point 3, it would make zero sense for us to misrepresent documents that we are about to submit to you for in camera review (for the obvious reason that you will soon have the documents and immediately be able to test our representations of them). We think you will agree with our interpretation. And Plaintiff's distrust of our representations is exactly why they requested in camera review in the first instance.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Tuesday, November 11, 2025 5:02 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett,

This latest e-mail from Defense counsel needs serious clarification:

1. **First:** Plaintiff has not seen any purported order that Plaintiff immediately produce e-mail communications with his experts, or otherwise obligating Plaintiff to produce expert communications by noon tomorrow. To the contrary, there has been a minute entry that <u>Defendants</u> produce communications with *their* experts for an in-camera review, which was the result of the discovery conference last Thursday. It is Plaintiff who has been requesting these communications from Defendants, not the other way around, and it is Defendants' refusal that has required court intervention. Plaintiff had previously offered mutual production of these communications when attempting to obtain these communications without court intervention. Defendants refused, and told the Court during the conference that they were not seeking any further discovery. If Defendants now want the e-mail communications Plaintiff remains willing to discuss that, but to require Plaintiff to produce all such communications by noon tomorrow based upon an imaginary court order, when Defendants have failed to produce even one e-mail to the Court for an in-camera review, is plainly ridiculous.

2. **Second:** Defendants are clearly seeking to make this in-camera review sound more complicated than it is, and it is unfortunate that it has been 5 days since the discovery conference and Defendants have yet to produce any communications to the court.

The discovery request is very simple, seeking communications in three categories as permitted by Rule 26(b)(4)(C)(i)-(iii):

   a. Communications which relate to compensation for the expert's study or testimony, which would include all invoices and any communications between counsel and the expert relating to their compensation;
   b. Communications identifying facts or data that Defendant or Defendant's counsel provided and that the expert considered in forming the opinions to be expressed;
   c. Communications identifying assumption that Defendant or Defendant's counsel provided and that expert relied upon in forming the opinions to be expressed.

The idea that a request for these three categories has generated 800 pages of communications for the Court to review is startling to say the least, particularly given one of those experts was presumably retained after July 31, 2025 and rendered a rebuttal opinion on October 3, 2025—a period just over 2 months. The other expert conducted ink dating testing in 2021 on a handful of handwritten notes, and to Plaintiff's knowledge conducted no additional work until his report was generated in 2025.

The likely reality is that there are *far less* actual communications for review, and Defendants are instead lumping in attachments to those communications (e.g. deposition transcripts) or other non-responsive documents in an attempt to exaggerate. The court does not need to review deposition transcripts and Plaintiff is not requesting deposition transcripts—the request is for communications in the above 3 categories, as they relate to compensation, identifying facts or data provided, or identifying assumptions provided and relied upon. This is not as complicated as Defendants make it out to be.

3. **Third:** Defendants' demand for expense reimbursement associated with this simple discovery request is baseless too. Yet again, this request for reimbursement is based on counsel's own unilateral determinations of what they claim to be relevant and discoverable ("based on a skim of the expert emails collected for in camera review, they contain no relevant and discoverable information outside of documents sent to experts…"). As the Court may recall, this has happened time and time again in this case, where Defendants improperly withhold discovery based on unilateral determinations of relevance, and refuse to produce anything unless the court orders it. By way of example only:

   a. Defendants withheld relevant and discoverable text messages based on claims of irrelevance, requiring court intervention, a day-long review of flagging withheld texts at Defense counsel's office, a fight over production of those flagged texts, and an eventual court order requiring their production to Plaintiff;
   b. Defendants redacted board meeting minutes on claims of irrelevance, requiring court intervention and an eventual production of the unredacted board minutes from 2015-2020;
   c. Defendants redacted full pages of HCCC materials on claims of irrelevance, requiring court intervention, an in-camera review, and eventual orders to produce relevant documents Defendants withheld;
   d. Defendants refused to produce Greg Carmichael's personnel file on claims of irrelevance, requiring court intervention and an order to produce relevant documents within the file;
   e. Defendants refused to produce directors for deposition, requiring repeated court intervention and orders that the directors be produced for deposition. And even then, Defendants continued to delay and refuse to produce directors for deposition requiring further court orders.
   f. Defendants withheld RHR communications, misrepresented that such communications were produced, and when they were caught in a lie about it (i.e., when RHR produced the communications) stood on their claims that the documents are irrelevant and withheld on that basis, resulting in the court ordering targeted depositions.
   g. Finally and as a latest example, to avoid the targeted depositions order, Defendants misrepresented to the court that one of the relevant witnesses, Tim Spence, was irrelevant to the

4

withheld RHR communications. This, despite Defendants knowing that Mr. Spence was the sender and recipient of multiple withheld communications in which Mr. Spence sent scripted e-mails to his direct reports (Mr. Spence was questioned about these e-mails the following day at his deposition).

Whether it is communications with RHR, text messages, Board minutes, director depositions, or any other area of discovery, Defendants' unilateral determinations of what is relevant and discoverable vs. not simply cannot be trusted.

Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Tuesday, November 11, 2025 3:15 PM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

Fifth Third has three updates.

**First**, Plaintiff is refusing to produce expert communications identifying facts, data, and assumptions. *See* Rule 26 (limited removal of work product protection for "communications" that "identify facts or data that the party's attorney provided" or "assumptions that the party's attorney provided"). You ordered him to produce these documents as part of reciprocal expert discovery (with the exception that, unlike Plaintiff, Fifth Third is not currently requesting an in camera review of "all communications" to avoid unnecessarily burdening the Court). We ask that you require Plaintiff to produce these documents by noon tomorrow (11/12), in advance of Dr. Lyter's deposition on Thursday (11/13).

**Second**, Fifth Third is working diligently to send you expert communications for in camera review. Our firm's staff pulled (1) emails to or from Michael, Collin, and me to or from the BRG email addresses of Dr. Lewin, Mia Kim, and Dr. Paul Diver (with whom I had worked on an unrelated healthcare matter at my prior firm, and who introduced me to Dr. Lewin), and (2) emails to or from Michael, Collin, Tom Stewart,

5

David Oberly (former BR attorney), Liza Brackman (former BR attorney), and me to or from Erich Speckin. I also manually collected notifications and messages from Docusign and ShareFile, which is a "Dropbox" type platform used to send files to Dr. Lewin, as these messages come from external (non-Blank Rome) email addresses.

We uploaded the documents into an e-discovery platform. To reduce the burden on the Court, we ran deduplication and applied threading. We are just getting into the data, but it appears the hit count is over 800 documents. Note that many of these files are discovery materials already in Plaintiff's possession (deposition transcripts, etc.). To further reduce the burden on you, we will organize the data by (1) documents we agreed to produce and (2) all other documents. To the extent the Court is inclined to order the production of documents in category 2—in whole or in part—Fifth Third requests permission to brief discoverability issues such as privilege and work product.

**Third**, based on a skim of the expert emails collected for in camera review, they contain no relevant and discoverable information outside of documents sent to experts, which we agreed to provide through far less burdensome means. This entire exercise is a waste of judicial and party resources. Fifth Third requests that McHugh pay its expenses associated with this in camera review. *See, e.g.*, Rule 26(c)(1)(B). Please let us know if you require a formal motion.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** DeBeer, Jeffrey
**Sent:** Thursday, November 6, 2025 4:50 PM
**To:** OHSDdb_Barrett_ch <barrett_chambers@ohsd.uscourts.gov>
**Cc:** Peter A. Saba, Esq. <pas@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>; Cioffi, Michael L. <michael.cioffi@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Meiners, Olivia <Olivia.Meiners@BlankRome.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al.

Judge Barrett:

Per your request at today's conference, attached are Plaintiff's November 4, 2025 (1) Amended Witness List and (2) supplemental document productions.

The Amended Witness List deletes several individuals and adds the following:

1. Rebecca Popenoe of Management Recruiters International of Newburgh, Indiana, LLC (d/b/a The Newburgh Group).
2. Brandon Cooper of Management Recruiters International of Newburgh, Indiana, LLC (d/b/a The Newburgh Group).
3. One or more records custodians of RHR International, LLP.
4. One or more records custodians of Frederic W. Cook & Co., Inc.
5. One or more records custodians of Defendants Fifth Third Bancorp and/or Fifth Third Bank, N.A.

Additionally, it appears that Plaintiff redacted many documents in his supplemental production (MCHUGH_001855, MCHUGH_001856, MCHUGH_001858, MCHUGH_001862, MCHUGH_001864, MCHUGH_001865).  Defendants have not received a privilege or redaction log.

Plaintiff's last-minute witness disclosures and productions are improper, including for reasons articulated in Plaintiff's recent filings (ECF Nos. 76, 78, and 81), as ruled upon in the Court's subsequent order (ECF No. 84).  Plaintiff's conduct is even more egregious because it occurred on the last day of discovery and after depositions of damages experts.  Further and separately, Plaintiff is violating the Court's Order (ECF No. 84) by questioning witnesses on issues other than "the RHR documents and information withheld by Defendants."  Defendants intend to file a motion for sanctions in light of Plaintiff's discovery abuses and to document this misconduct on the record.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

**********************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************