**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Cioffi, Michael L. <Cioffi@BlankRome.com> |
| **Sent:** | Tuesday, October 27, 2020 6:30 PM |
| **To:** | John J. McHugh III |
| **Subject:** | Phillip McHugh v. Fifth Third Bancorp, et al. |

Dear John:

This Firm has been retained by Fifth Third Bank, National Association ("Fifth Third Bank" or the "Bank"). We write in response to your last email communication with Fifth Third Bank Chief Legal Officer Susan Zaunbrecher regarding the recent events that have transpired involving your client, Phillip McHugh. We are also in receipt of your draft Complaint and have thoroughly reviewed its contents. The purpose of this letter is to provide you and your client notice, pursuant to Rule 11 of the Ohio Rules of Civil Procedure and Ohio Revised Code § 2323.51, that any action filed against Fifth Third Bank would be plainly frivolous and in violation of both Rule 11 and Ohio's frivolous conduct statute. Consequently, in the event you proceed with filing a frivolous lawsuit against Fifth Third Bank on behalf of Mr. McHugh, please be advised that the Bank will vigorously pursue all sanctions, as well as tort and other remedies—including but not limited to defamation— available under Ohio law.

**I.      Ohio Civil Rule 11 & Ohio Revised Code § 2323.51**

    **A.  Rule 11**

Ohio Civil Rule 11 imposes the following duty on attorneys: "[t]he signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."[1] Under Rule 11, the obligation is on the attorney to satisfy himself that the document he presents to the court is presented for a proper purpose and is supported in fact and law.[2] This obligation places the burden of inquiry and research squarely on the shoulders of the attorney.[3] The "appropriate sanction" language of Rule 11 encompasses the imposition of an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any filing under Rule 11, with courts having wide latitude in determining what type of sanction is appropriate in a given case.[4]

    **B.  R.C. § 2323.51**

R.C. § 2323.51 provides, in pertinent part, that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal."[5] Under Ohio's frivolous conduct statute, where an opposing party institutes a civil action that is wholly meritless from the outset of litigation, a litigant may move to seek reimbursement of *all* costs incurred in defending the meritless suit.

In contrast to Rule 11—which requires a finding of willfulness—the imposition of sanctions under R.C. § 2323.51 requires a finding of "frivolous conduct" by a party or his counsel. "Frivolous conduct" includes conduct that: (1) serves merely to harass or maliciously injure another party or is intended to serve another improper purpose, such as causing unnecessary delay or needless increased litigation costs; (2) is not warranted under existing law; and (3) consists of allegations or other factual contentions that have no evidentiary support or are not likely to have such support after a reasonable opportunity for further investigation or discovery—all of which would be applicable in the event suit was filed against Mr. Carmichael.[6]

Importantly, if a party persists in relying on allegations or factual contentions when no evidence supports it after the party has had the opportunity to investigate the truth of those allegations or contentions—as would plainly be the case if you chose to pursue litigation following receipt of this letter—then the party has engaged in frivolous conduct as a matter of law.[7] In addition, when a reasonable inquiry by a party's attorney should reveal the inadequacy of a claim, a finding that the attorney has engaged in frivolous conduct is justified.[8]

## II.     Factual Background & Discussion

In your draft Complaint, you allege that in August 2019 Mr. McHugh was "promised" that he would be recommended as the next President and Chief Executive Officer ("CEO") of Fifth Third Bank.[9] You further allege in the draft Complaint that Mr. McHugh was "discriminated against in his employment by the Bank because of his age" as a result of him not being appointed as CEO in October 2020.[10] These are patently false assertions and ones that, if pursued through litigation, would plainly satisfy the requirements for an award of sanctions under both Rule 11 and R.C. § 2323.51.

Outside of your client's naked assertions, there is virtually no support whatsoever for any of the allegations articulated in the draft Complaint. Nor are there any contemporaneous emails, evaluations, or other documents of any kind to provide even a scintilla of support for these bald accusations. Of note, we have reviewed Mr. McHugh's performance evaluations—and his 2019 evaluation in particular—and find no references whatsoever as to any promise relating to the CEO position at the Bank. Similarly, Mr. McHugh's 2019 Self-Evaluation is devoid of any reference to any promise or plan relating to an anticipated transition to the role of CEO. Furthermore, the Complaint fails as a matter of law because it only contains the conclusion that your client was "demoted," without alleging any facts that constitute a "demotion" under Ohio law. There are no such facts. We will address this defect in a Motion to Dismiss.

Ultimately, there is a complete absence of *any* basis in law or fact that would be sufficient to allow your client to pursue an age discrimination claim against Fifth Third Bank or any of its officers as it relates to the subject matter of your draft Complaint. Please provide any evidence in your possession that would support these assertions made by your client in the draft Complaint.

## III.    Conclusion

Your client cannot maintain a cause of action for age discrimination under Ohio law against Fifth Third Bank or any officer or director of the Bank as it relates to the subject matter of your draft Complaint. Having been informed of the lack of viability of any claims against Fifth Third Bank, any litigation instituted against the Bank or any individual defendant—after having been informed by this letter that your client possesses no viable claim against our clients—would constitute a plain and unambiguous violation of Ohio Civil Rule 11 and R.C. § 2323.51 and, in turn, would warrant the imposition of sanctions as a result of such improper and frivolous conduct. As such, please consider this formal notice pursuant to Rule 11 and R.C. § 2323.51 that if you choose to proceed further with instituting litigation against Fifth Third Bank, we will vigorously pursue sanctions against you for the time, expense, and other damages incurred by the Bank in defending against your meritless claims. In addition to Rule 11 and R.C. § 2323.51, we will also vigorously pursue tort and other remedies, including but not limited to defamation, available under Ohio law.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[1] Ohio Civ.R. 11.

[2] *Moore v. Greater Cleveland Regional Transit Auth.*, 44 Ohio Misc.2d 25, 29, 542 N.E.2d 359 (C.P. 1987).

[3] *Id.*

[4] *Neubauer v. Ohio Remcon, Inc.*, 10th Dist. Franklin No. 05AP-946, 2006-Ohio-1481, ¶ 28 (citing Civ.R. 11); *Stone v. House of Day Funeral Service, Inc.*, 140 Ohio App.3d 713, 721, 748 N.E.2d 1200 (6th Dist. 2000).

[5] R.C. § 2323.51.

[6] *Krohn v. Krohn*, 2017-Ohio-408, ¶ 29, 84 N.E.3d 249 (6th Dist.); R.C. § 2323.51.

[7] *Carasalina, LLC v. Bennett*, 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, ¶¶ 35-36.

[8] *Ron Scheiderer & Assoc. v. London*, 81 Ohio St.3d 94, 98, 689 N.E.2d 552, 1998-Ohio-453.

[9] *See* Draft Complaint, ¶¶ 15-16.

[10] *See id.* at ¶ 31.