**EXHIBIT 9**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PHILIP R. McHUGH, <br><br> Plaintiff, <br><br> vs. <br><br> FIFTH THIRD BANCORP, et al., <br><br> Defendants. | Case No. 1:21-cv-00238 <br><br> Judge: Hon. Michael R. Barrett |

## DEFENDANTS FIFTH THIRD BANCORP'S, FIFTH THIRD BANK, NATIONAL ASSOCIATION'S, AND GREGORY D. CARMICHAEL'S INITIAL RULE 26(a) DISCLOSURES

Defendants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael (collectively "Fifth Third Bank" or the "Bank"), by and through their undersigned counsel, Blank Rome LLP, hereby make the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the parties' Joint Discovery Plan.

These disclosures are made based on information reasonably available to Fifth Third Bank as of the present date. By making these disclosures, Fifth Third Bank does not represent that it is identifying every document, tangible thing, or witness that it may use in support of its claims and defenses in the above-captioned matter.

These disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

In making these disclosures, Fifth Third Bank is making a good faith attempt to produce the information presently known and available. Fifth Third Bank has not yet completed its investigation of the facts related to the action, has not yet completed discovery in this action, and has not yet completed preparation for trial. Fifth Third Bank expressly reserves the right to supplement these disclosures at a later time, should it deem such supplementation necessary or appropriate, in accordance with the Federal Rules of Civil Procedure at appropriate intervals during the discovery process as the issues raised by the pleadings are clarified, and as additional information is made known to the parties.

Any information or documents produced in these disclosures are produced solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any other objections or grounds that would require the exclusion of any evidence at trial or in any proceeding in this action. All applicable objections are reserved and may be interposed later. No incidental or implied admissions are intended by these disclosures. Further, Fifth Third Bank's disclosures herein do not waive, and Fifth Third Bank expressly reserves the right: (1) to object to any effort to use any disclosure in any step or proceeding in this action or any other action; (2) to request a stay of this action; and (3) to object on any ground to other discovery requests regarding the subject matter of any disclosure herein.

A. **Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the foregoing qualifications, based on Fifth Third Bank's reasonable, preliminary, ongoing investigation, the following individuals may have knowledge regarding the parties' claims and/or defenses in the above-captioned matter:

a. **Gregory D. Carmichael**
Chairman, President and Chief Executive Officer, Fifth Third Bancorp
Contactable through Blank Rome LLP

Gregory Carmichael has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

b. **Robert Shaffer**
Chief Human Resources Officer, Fifth Third Bancorp
Contactable through Blank Rome LLP

Robert Shaffer has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

c. **Michael B. McCallister**
Chair, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Michael McCallister has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

d. **Gary R. Heminger**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Gary Heminger has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

e. **Eileen A. Mallesch**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Eileen Mallesch has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

f. **Marsha C. Williams**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Marsha Williams has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

g. **Emerson L. Brumback**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Emerson Brumback has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

h. **Plaintiff Philip McHugh**
800 Finley Lane
Cincinnati, Ohio 45242

Plaintiff Philip McHugh has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

i. **Colleen Theresa McHugh Sweeney**
7248 Osceola Drive
Cincinnati, Ohio 45243

Colleen Theresa McHugh Sweeney has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

j. **Suzanne McHugh**
800 Finley Lane
Cincinnati, Ohio 45242

Suzanne McHugh has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

k. **Philip Raymond McHugh, Jr.**
800 Finley Lane
Cincinnati, Ohio 45242

Philip McHugh, Jr. has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

l. **Patrick McHugh**
800 Finley Lane
Cincinnati, Ohio 45242

Patrick McHugh has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with

employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

    m. **All Witnesses Identified in Plaintiff's Initial Rule 26(a) Disclosures/Discovery Responses**

Witnesses identified by Plaintiff in his Initial Rule 26(a) Disclosures and/or his discovery responses may have information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

Fifth Third Bank expressly reserves the right to rely on any and all witnesses identified by Plaintiff to establish its claims and defenses in this case.

Fifth Third Bank expressly reserves the right to supplement this list of persons likely having discoverable information in the event that additional information becomes available to it during discovery or its investigation as permitted by the Federal Rules of Civil Procedure.

    B. **Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the foregoing qualifications, based on Fifth Third Bank's reasonable, preliminary, ongoing investigation, Fifth Third Bank may use the following categories of documents to support its claims in the above-captioned matter:

    a. Business records of Fifth Third Bank.

    b. Performance reviews of Plaintiff Philip McHugh and other employees of Fifth Third Bank.

    c. Records of RHR International LLP relating to Fifth Third Bank's evaluation and vetting process for the position of Fifth Third Bancorp President and CEO.

Fifth Third Bank expressly reserves the right to rely on any and all documents produced by Plaintiff to establish its claims and defenses in this litigation.

Fifth Third Bank's investigation is ongoing, and Fifth Third Bank reserves the right to supplement its initial disclosures should any documents become available, and to identify

additional documents that may be disclosed or discovered, or which may become relevant in this action as permitted by the Federal Rules of Civil Procedure.

- **C. Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Subject to the foregoing qualifications, based on Fifth Third Bank's reasonable, preliminary, ongoing investigation, Fifth Third Bank provides the following computation of damages with respect to its abuse of process Counterclaim.

In order to establish the tort of abuse of process, a party must show that: (1) a legal proceeding was properly initiated with probable cause; (2) the proceeding was perverted to accomplish an ulterior motive for which it was not designed; and (3) direct damage ensued from the wrongful use of process.[1] As this is a tort action, damages for abuse of process can generally be recovered for injuries sustained as a natural and probable consequence of the wrongful conduct.[2]

More specifically, "[d]amages recoverable for abuse of process are compensatory for the natural results of the wrong, and may include recompense for physical or mental injury; expenses; loss of time; *and injury to business, property or financial standing*.[3] Moreover, intangible damages, such as reputational damages, are also recoverable on a claim for abuse of process where

---

[1] *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298 (1994).
[2] *Johnson v. Thrift S. & L. Co.*, 1st Dist. Hamilton No. C-920115, 1993 WL 323380, at *9 (May 26, 1983).
[3] *Huggins v. Winn-Dixie Greenville, Inc.*, 252 S.C. 353, 362 (S.C. 1969) (emphasis added).

they could be considered the natural and probable consequence of the wrongful conduct.[4] Additionally, attorneys' fees are also recoverable as damages on an abuse of process claim as well.[5]

With respect to the reputational harm incurred by the Bank, because reputational damages are "hard-to-quantify injuries," evidence regarding the *specific* amount of resulting damages is not required.[6] Since reputational damages are not amenable to exact calculation, the factfinder must use "sound judgment" in determining the amount of such damages.[7] Similarly, a jury "[is] free to place any dollar amount on [the noneconomic] harm," so long as it is not "so grossly executive."[8] The precise amount of these damages will be established at trial.

With respect to the attorney's fees component of its damages claim, the Bank will be forced to expend approximately $1.25 million over the course of this litigation. This figure will be exacerbated and increased if Plaintiff proceeds to conduct the large number of depositions he identified during the parties' Rule 26(f) conference in April.

In addition to compensatory damages, Fifth Third Bank is also entitled to punitive damages as a result of Plaintiff's egregious and malicious conduct which, from the outset of this action, has

---

[4] *Id.* at 363; *Guilfoile v. Shields Pharmacy, LLC*, 2020 WL 291368, at *4 (D. Mass. Jan. 21, 2020); *Millennium Equity Holdings, LLC v. Mahlowitz*, 456 Mass. 627, 650 (Mass. 2010) (judgment affirmed by Massachusetts Supreme Judicial Court in favor of plaintiff on abuse of process claim; plaintiff could recover for "intangible harm to [plaintiff's] reputation separate from and in addition to any loss of business or any other pecuniary harm he may have suffered"); *Lawrence v. Grindle*, 534 N.W.2d 414 (Iowa 1995) (noting that damages to one's reputation have been held to be recoverable in actions of abuse of process).
[5] *Guilfoile*, 2020 WL 291368, at *4; *Millennium Equity Holdings*, 456 Mass. at 645 (stating that "[t]he 'natural and probable' consequences of an abuse of process lawsuit include the costs incurred in successfully defending the charge" and "[a]s such, fees for defending such a lawsuit are considered compensatory damages, not attorney's fees") (quoting *American Velodur Metal, Inc. v. Schinabeck*, 20 Mass. App. Ct. 460, 470 (1985)).
[6] *Sherwin-Williams Co. v. JB Collision Services, Inc.*, 768 Fed. Appx. 756, 759 (9th Cir. 2019).
[7] *Innovative Block of South Texas, Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 423 (Tex. 2020).
[8] *Sherwin-Williams Co.*, 768 Fed. Appx. at 759 (citing *Rony v. Costa*, 210 Cal. App. 4th 746, 756, 148 Cal.Rptr.3d 642 (Cal. 2012)).

been designed for no purpose other than to damage the Bank's financial position and its reputation with customers, other consumers, and the community as a whole—all because the Bank did not capitulate and make him CEO.

The purpose of punitive damages is not to compensate the plaintiff, but to punish and deter certain conduct.[9] A punitive damages award "is more about [the] defendant's behavior than the plaintiff's loss."[10] The Ohio Supreme Court has instructed that the focus of the award should be the defendant.[11] "There is no magic formula for determining the proper amount of punitive damages. Rather, the amount that should be awarded is the amount that best accomplishes the twin aims of punishment and deterrence as to that defendant."[12] The Ohio Supreme Court has permitted punitive damages awards with a 6,250-to-one damages ratio to stand,[13] and such large disparities are allowable because a punitive damages award is more about the behavior of the party responsible for the wrongful conduct.[14]

While the Bank understands that punitive damages awards in amounts that are many times over the total amount of a total compensatory damages award is plainly admissible in Ohio, in adhering to the Ohio Supreme Court's guidance that punitive damages should "not require, or invite financial ruination of a defendant that is liable for punitive damages [and that a] punitive damages award should not go beyond what is necessary to achieve its goals,"[15] the Bank seeks punitive damages in the amount of $2,250,000—which represents the approximate total annual

---

[9] *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1993).
[10] *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio. St.3d 77, 781 N.E.2d 121, 2002-Ohio-7113, ¶ 178.
[11] *Id.*
[12] *Id.* ¶ 99.
[13] *Wightman v. Consolidated Rail Corp.*, 86 Ohio St.3d 431, 438, 715 N.E.2d 546, 1999-Ohio-119.
[14] *Id.* at 439.
[15] *Dardinger*, 98 Ohio St.3d at ¶ 178.

8

compensation Plaintiff would have received from the Bank in 2021 had he not voluntarily resigned his position and then immediately thereafter initiated this baseless, malicious litigation. More important than that, this figure is both reasonable—equal to one year of Plaintiff's pay—and accomplishes the twin aims of punishment and deterrence as to Plaintiff.

Fifth Third Bank expressly reserves the right to supplement this disclosure in the event that additional information becomes available to it during discovery or its investigation as permitted by the Federal Rules of Civil Procedure.

    D. **Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Subject to the foregoing qualifications, Fifth Third Bank has standard D&O coverage, but with high self-insured retentions. As a practical matter, therefore, and subject to further review of the applicable policies, it appears unlikely that the Bank has insurance that would respond to satisfy all or part of any judgment in this case.

Fifth Third Bank expressly reserves the right to supplement this response in in the event that additional information becomes available to it during discovery or its investigation as permitted by the Federal Rules of Civil Procedure.

Dated: May 28, 2021

Respectfully submitted,

**BLANK ROME LLP**

*s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)
David J. Oberly, Esq. (0088410)
Thomas H. Stewart, Esq. (0059246)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: Cioffi@BlankRome.com
Email: DOberly@BlankRome.com
Email: Stewart@BlankRome.com

*Attorneys for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

## CERTIFICATE OF SERVICE

I, Michael L. Cioffi, Esquire, hereby certify that, on May 28, 2021, a copy of the foregoing Defendants Fifth Third Bancorp's, Fifth Third Bank, National Association's, and Gregory D. Carmichael's Initial Rule 26(a) Disclosures was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John J. McHugh, Esq.
MCHUGH & MCCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
mchugh@mchughlaw.com

Peter A. Saba, Esq.
Joshua M. Smith, Esq.
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorneys for Plaintiff/Counterclaim Defendant, Philip McHugh*

**BLANK ROME LLP**

*s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)

*Attorney for Defendants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*