## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| PHILIP R. McHUGH, | Case No. 1:21-cv-00238-MRB |
| Plaintiff, | Hon. Michael R. Barrett |
| vs. | **REPLY IN SUPPORT OF** |
| | **DEFENDANTS' MOTION FOR** |
| FIFTH THIRD BANCORP, *et al.*, | <u>**SANCTIONS**</u> |
| Defendants. | |

### I.    INTRODUCTION

Plaintiff's Opposition confirms that, for years, he and his counsel *knowingly* and *deliberately* withheld (1) approximately *60%* of all documents relevant to mitigation of damages and (2) the identities of *100%* of non-party fact witnesses with purported knowledge of mitigation. Specifically, Plaintiff admits that Fifth Third requested documents on mitigation (the "RFPs"), that he produced *some* documents on mitigation, and that he then gave deposition testimony on *other* communications that he knew about and was (unbeknownst to Fifth Third) secretly withholding. Plaintiff also admits that he produced certain "versions" of documents on mitigation in 2021, but covertly kept others in his back pocket and never supplemented his production for years on end. Plaintiff further concedes that he has long known about the identities of witnesses that may have knowledge of mitigation but that he did not disclose any of them until the very last second. Additionally, Plaintiff admits that he belatedly disclosed the witnesses and documents at issue only *after* expert discovery on mitigation because he believes the withheld information refutes the opinion of Fifth Third's damages expert, underscoring the surprise and unfair prejudice.

Further, notably absent from the 20-page Opposition is any legitimate excuse for Plaintiff producing documents and disclosing witnesses on the very last day of discovery. At best, he pretends that he was unaware of Fifth Third's mitigation defense until it issued an expert report in October of 2025. **But Plaintiff admits that Fifth Third served 2021 RFPs on mitigation; that he produced mitigation-related documents in response; that he was deposed on mitigation in 2021; and that in 2021, he knew about witnesses with potential knowledge of mitigation but failed to disclose them**. Plaintiff next attempts to blame Fifth Third for not "following up" to ask Plaintiff for documents that he was secretly withholding, even though his discovery responses never specified that he was withholding anything at all. Plaintiff also tries to blame his misconduct on Fifth Third "evaluating" a non-compete clause and filing counterclaims, as if those matters have any bearing on *Plaintiff's* failure to produce documents and timely supplement his production.

The Opposition thus confirms that sanctions are warranted for very straightforward reasons: on the very last day of discovery—after document requests and a production on mitigation, after fact depositions on mitigation, and after both sides' damages experts provided reports and were deposed on mitigation—Plaintiff served "supplemental" mitigation documents dating back as far as 2020 and disclosed two witnesses that he has known about since at least 2021. The Federal Rules, Plaintiff's own briefing, and this Court's prior Order show that the default sanction of exclusion is warranted, and that myriad other sanctions are equally appropriate.

## II. LAW AND ARGUMENT

### A. Plaintiff's Late "Supplement" Violates Rule 26(e)(1) and Warrants Exclusion Under Rule 37(c)(1).

Plaintiff does not dispute that on November 4, 2025 (the discovery cutoff) he served 45 pages of mitigation materials and amended his witness list to add two executive recruiters from the same firm, including at least one recruiter he has known since May 2021. Plaintiff also admits

that Fifth Third requested the documents at issue in 2021 and that he produced some, but not all, of them. *See* Opp., Doc. 92 at PageID 4227–29 & 4234–35. Plaintiff further admits that he was questioned in a 2021 deposition about his mitigation efforts (or lack thereof) and gave vague testimony about the types of communications he was secretly withholding. *Id.* at 4229–30. Plaintiff similarly concedes that he later obtained several other documents that were responsive to Fifth Third's RFPs—including multiple 2021 to 2023 communications with executive recruiters and business contacts—but that he did not supplement his production until years later, on the final day of discovery in late 2025. *Id.* at 4234–35.

Plaintiff's own admissions thus establish a plain violation of Rule 26(e)(1)(A). This Rule required Plaintiff to supplement "in a timely manner" if he learned his prior responses were materially incomplete. *Id.* Knowingly withholding documents in response to Fifth Third's RFPs is "materially incomplete" and improper under any standard. And waiting until the last day of discovery to "supplement" his production—after expert discovery on mitigation was finished, and for documents he had possessed for years—is a textbook example of untimeliness.

Under Rule 37(c)(1), *exclusion is the default remedy* unless Plaintiff proves substantial justification or harmlessness. *See* Doc. 78 at PageID 3972 (describing "Rule 37(c)(1)'s *automatic sanction* barring late-disclosed evidence") (emphasis added). As Plaintiff himself told the Court earlier this year, "[T]he test under Rule 37(c) is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Id*. (internal quotation marks and citation omitted). Plaintiff also argued, "[T]he burden is on [him] to prove harmlessness and substantial justification under Rule 37(c)(1)." *Id.* at 3971.

Plaintiff comes nowhere close to showing harmlessness or substantial justification. His only excuse for failing to produce the documents is his professed ignorance of Fifth Third's

mitigation defense until he received its 2025 expert report on damages. *See* Doc. 92 at PageID 4244; *accord* Doc. 86 at PageID 4027 ("Judge, we weren't clear that they were even pushing a mitigation defense until this point when their expert provided an opinion on it."). That argument is baseless. Mitigation has been at issue in the case since Fifth Third filed its Answer in 2020. *See* Doc. 4 at PageID 1827, ¶ 39; *see also* Doc. 10 at PageID 1805, ¶ 74. Further, Plaintiff *admits* that in 2021, Fifth Third served RFPs on mitigation; Plaintiff produced certain documents on mitigation; and Plaintiff was deposed on mitigation. *See* Doc. 92 at PageID 4228–30. Plaintiff clearly knew about Fifth Third's mitigation defense since 2020.

Plaintiff similarly fails in his attempt to manufacture "substantial justification" by trying to shift the blame to Fifth Third. For example, he argues that his August 2021 deposition testimony alluded to the fact that he was withholding documents, but that Fifth Third did not "follow up" to ask Plaintiff to produce these documents. *Id.* at 4228–30. However, the cited deposition testimony speaks only to *verbal* communications, not withheld *documents*. *Id.* at 4229–30. Plaintiff testified that certain persons may "**have called**" him, and that there were individuals with whom he may have "talked," "spoken," or had "conversations." *Id.* at 4229. None of the cited testimony suggests that Plaintiff was secretly withholding emails, LinkedIn messages, or other written materials. And in any event, Plaintiff's testimony confirming his knowledge of these individuals and documents in 2021 proves that he was *knowingly* and *intentionally* withholding documents in 2021, and then failing to supplement in a timely manner thereafter.

Additionally, Plaintiff's "follow up" arguments are "meritless and defy common sense" based on his own prior briefing. *See* Doc. 81 at PageID 3994. By Plaintiff's logic, Fifth Third could not "read between the lines" and have known about the withheld documents "because [Plaintiff]

4

did produce *some* communications" on mitigation but "*did not* inform [Fifth Third] that [Plaintiff] was withholding other documents." *Id*. As Plaintiff also successfully argued:

> [Plaintiff's] conduct is particularly egregious given [he has] provided no explanation for the failure to produce for over 4 years. [Plaintiff has] not explained that this was an inadvertent oversight []or how the documents could have been missed.

*See* Doc. 76 at PageID 3350. Plaintiff does not even attempt to argue that he "missed" the documents or withheld them based on objections. *See* Doc. 92 at PageID 4245 (arguing that Plaintiff "did not" withhold documents "under boilerplate objections"). That means he unilaterally and intentionally decided he would withhold mitigation-related evidence, despite Fifth Third raising mitigation in its answer, in its discovery requests, and at Plaintiff's deposition.

Plaintiff next attempts to justify his discovery misconduct on Fifth Third "evaluating" a non-compete clause and filing its counterclaims. *Id.* at 4227 & 4231. Neither deflection explains why *Plaintiff* waited until the last day of discovery to reveal two recruiter-witnesses and years-old mitigation documents, some of which he partially produced in 2021.

Plaintiff then tries to pretend that the supplemental production and witness disclosures are "harmless" because they are irrelevant to expert discovery. *Id.* at 4227–28. That position blinks at reality. Plaintiff admits that he produced the documents *specifically in response to Dr. Lewin's report on mitigation*. *Id.* at 4244; *accord* Doc. 86 at PageID 4027 ("Judge, we weren't clear that they were even pushing a mitigation defense until this point when their expert provided an opinion on it."). Indeed, Dr. Lewin's fourth opinion is that "the Burke Report's analysis does not properly account for Mr. McHugh's failure to adequately mitigate his damages by seeking and obtaining a comparable position with similar compensation." Doc. 92-9 at PageID 4330. Paragraphs 18–19, 45–54, and 57–58 of Dr. Lewin's report detail the basis for this opinion, and the lack of evidence that Plaintiff performed an "extensive" or "intensive" job search. *Id.* at 4314–15, 4324–27, &

4328–29. Plaintiff thoroughly deposed Dr. Lewin on his mitigation opinions, including through questioning comparing Plaintiff to former NFL quarterback Colin Kaepernick. *See* Ex. A, Dr. Lewin Depo. at 77:22–78:2 ("Former quarterback, led a team to the Super Bowl, becomes a free agent, but because he had kneeled in protest to racial discrimination issues, he was banned from the league and nobody else would hire him, despite his ability and actions they took against him; isn't that right?"). Plaintiff's cherry-picked quotes from Dr. Lewin's deposition—in which he merely confirms that he is a rebuttal expert and is criticizing Dr. Burke's misplaced assumptions— do not change Dr. Lewin's written opinions. Further, even Dr. Burke admitted to giving an (unsupported) opinion about how he used an "offset" calculation *specifically for purposes of assessing mitigation*. *See* Doc. 92-8 at PageID 4300–01 ("Q. Did you ask [Plaintiff] about mitigation efforts? A. I asked him about mitigation, but to me mitigation means what are you being paid now. What are your wages and fringe benefits? That's what I asked him about. *That's mitigation*.") (emphasis added). Dr. Burke later conceded at his deposition, consistent with Dr. Lewin's opinions, that there may have been mitigation evidence that he should have considered. *Id.* at 4305 ("Q. [Plaintiff] has testified that he could have continued working at [Fifth Third] earning more than $2 million a year. . . . Hypothetically, if that's true, you should take that into consideration? . . . A. If I have more facts, perhaps I should take it into consideration.").

Finally, Plaintiff attempts to argue "harmlessness" by leaning on the notion that a trial date is not set, that discovery remains open, and that schedules can be moved. *See* Doc. 92 at PageID 4243. But discovery closed on November 4, subject to the Court's resolution of discrete issues. Even if discovery remained open, there is substantial prejudice to Fifth Third because it already spent tens of thousands of dollars on expert reports and then travel to Los Angeles and Cleveland for depositions. Those reports and depositions were premised on a lack of evidence on mitigation.

Plaintiff is now attempting to rewrite the record with new documents and witness testimony. The Sixth Circuit's *Howe* factors thus reinforce the need for exclusion here: Fifth Third was surprised by late disclosures after completed depositions; ability to cure would require reopening myriad aspects of fact and expert discovery; trial disruption would necessarily follow; Plaintiff plainly views the evidence as important to mitigation and undermining Dr. Lewin's opinions; and Plaintiff offers no legitimate explanation for the timing. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Plaintiff's own prior filings show that these factors support sanctions.

      **B.**    **Plaintiff's Opposition Confirms His Rule 34 Noncompliance and Waiver of Objections to Fifth Third's RFPs.**

The Opposition does not dispute that Plaintiff's 2021 responses to Fifth Third's mitigation-related RFPs used generic, copy-and-paste objections, pointed to limited Bates ranges of documents, and never stated that responsive materials were being withheld, as Rule 34 requires. Plaintiff's newly produced documents now prove he was withholding recruiter communications and other mitigation materials all along. And Plaintiff's 2021 testimony similarly proves that he knew about these communications but was failing to produce them in 2021 and then timely supplement in the years that followed.

Plaintiff's own prior briefing establishes that he violated Rule 34 and that sanctions are warranted. As Plaintiff argued, his discovery responses had to identify "whether any responsive materials [were] being withheld." Doc. 78 at PageID 3961 (quoting Fed. R. Civ. P. 34(b)(2)(C)) (internal quotation marks omitted). He further argued that "boilerplate" objections are waived, and that courts should enforce this waiver where the responding party fails to particularize objections and disclose withheld documents. *Id.* at 3965.

The same logic governs here and leaves Plaintiff unable to defend the precise conduct he condemned when seeking sanctions against Fifth Third. Plaintiff failed to state that he was

withholding documents in violation of Rule 34. As Plaintiff put it, he cannot now "shift the burden to [Fifth Third]" to "follow up" on his discovery responses "when [Plaintiff] failed to inform [Fifth Third] in the first place that documents were being withheld," particularly when Plaintiff's "responses left the false impression that all responsive documents had been produced." *Id.* at 3968. And Plaintiff does not even defend his boilerplate objections, further supporting waiver.

Plaintiff's waiver of privilege and work-product objections is also warranted because he failed to provide a privilege log for redactions to several newly produced documents. Plaintiff's belated attempt—for the first time in his Opposition—to supply a privilege log also fails because it is facially deficient under Rule 26(b)(5)(A). *See* Doc. 92-11 at PageID 4337. The log does not adequately describe the documents or how they might be immune from discovery. Rather, every entry (1) states merely that the redacted text is an "*[e]-mail from [or forwarded from] Plaintiff to himself* following a search of his e-mail account"; (2) invokes work product in the abstract; and (3) omits the basic data necessary to assess the claim (date, sender/recipient addresses, subject, participants, the role of any attorney or agent, or how Plaintiff's emails to himself were "prepared in anticipation of litigation or for trial" under Rule 26(b)(3)(A)). *See* Doc. 92-11 at PageID 4337. This falls well short of the obligation to "expressly make the claim" of work product and to "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the claim," further supporting waiver. *See* Fed. R. Civ. P. 26(b)(5)(A).

### C. Plaintiff's Mischaracterization to the Court Aggravates His Misconduct.

At the November 6 conference, the Court was concerned with the timing of the production and when Plaintiff knew about the witnesses and documents at issue. Attempting to downplay his misconduct, Plaintiff's counsel told the Court the new documents were not "just 2020 or '21" but that the "vast majority" of them "go through today's date." *See* Doc. No. 86 at PageID 4026. That

was inaccurate or at best misleading. Only a single document is from 2025 (and even that is a reply to a 2023 recruiter email). *See* Doc. 88 at PageID 4056 & n.2. The "vast majority" of communications predate 2024. *Id*. And many predate Plaintiff's July 30, 2021 partial production of mitigation-related documents and August 30–31, 2021 deposition testimony on mitigation. *Id.* The Court should weigh counsel's mischaracterization as an aggravating factor when fashioning sanctions under Rule 37, 28 U.S.C. § 1927, and the Court's inherent authority.

> ### D. Plaintiff Further Aggravates His Misconduct Because His Opposition Violates the Protective Order and Federal Rules by Using a Privileged Document.

In his effort to skirt sanctions, Plaintiff goes so far as to violate the Stipulated Protective Order and Federal Rules. Specifically, the Opposition cites to a privileged and confidential text message that Fifth Third clawed back. *See* Doc. 92 at PageID 4232; *see also* Opp. Ex. 8. Making matters worse, Plaintiff disclosed the substance of this exhibit in his Opposition, without redactions. The Protective Order and Federal Rules prohibit Plaintiff from using the clawed back document in any way other than to challenge the assertion of privilege. *See* Protective Order, Doc. 16 at PageID 1874–76, § 7 ("[T]he Receiving Party must . . . return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof."); *see also* Fed. R. Civ. P. 26(b)(5)(B) ("[A] party must promptly return, sequester, or destroy the specified information and any copies it has [and] must not use or disclose the information until the claim is resolved . . . ."); Fed. R. Evid. 502. Plaintiff's blatant misuse of privileged information is a further aggravating factor that supports sanctions. Fifth Third also requests that the Court strike the Plaintiff's Opposition and order him to file a revised version that deletes any mention of attorney–client privileged information.

**E.**     **Plaintiff's Attempted Analogy to the RHR Order Fails and, if Anything, Boomerangs.**

The Court's October 8 Order granted Plaintiff relief to take depositions of top Fifth Third executives, and held other issues in abeyance. *See* Doc. 84 at PageID 4004–05. That Order—built on Plaintiff's own framework of the Federal Rules and prejudice narrative—highlights why sanctions are warranted here. Plaintiff has done to mitigation discovery what he accused Fifth Third of doing with RHR: he "hid the ball" for years, never stated in discovery responses that documents were being withheld, and sprung new documents and witnesses on Fifth Third at the very last second and after the completion of relevant depositions. *See* Doc. 78 at PageID 3975. His prior briefs urged waiver of boilerplate objections, fee-shifting, jury instructions, and exclusionary relief under Rules 37(c) and (d). Those same standards and sanctions should apply to him now.

**III.     CONCLUSION**

For the foregoing reasons, the Court should grant Fifth Third's motion and sanction Plaintiff accordingly.

DATED: December 24, 2025               Respectfully submitted,

                                                            **BLANK ROME LLP**

                                                             *s/ Michael L. Cioffi*
                                                            Michael L. Cioffi (0031098)
                                                                 Trial Attorney
                                                            Jeffrey W. DeBeer (0089499)
                                                            Collin D. Hart (0099869)
                                                            1700 PNC Center
                                                            201 E. Fifth Street
                                                            Cincinnati, Ohio 45202
                                                            Tel.:    (513) 362-8701
                                                            Fax:    (513) 362-8702
                                                            Email:  michael.cioffi@blankrome.com
                                                                        jeffrey.debeer@blankrome.com
                                                                        collin.hart@blankrome.com

                                                            *Attorneys for Defendants–Counterclaimants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed this document with the Clerk of Court using CM/ECF on December 24, 2025, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

*s/ Michael L. Cioffi*
Michael L. Cioffi