EXHIBIT
1

**Bailey E. Sharpe, Esq.**

| | |
|---|---|
| **From:** | DeBeer, Jeffrey <jeffrey.debeer@blankrome.com> |
| **Sent:** | Tuesday, October 28, 2025 12:30 PM |
| **To:** | Joshua M. Smith, Esq.; Peter A. Saba, Esq.; Hart, Collin; John J. McHugh III |
| **Cc:** | Cioffi, Michael L.; Bailey E. Sharpe, Esq.; Leighton E. Heiner; Meiners, Olivia |
| **Subject:** | RE: McHugh v FTB -- Rebuttal Report |

Josh,

I'm taking a deposition in Houston but am responding quickly and concisely to move this forward.

Do you have any proposed compromises (RFPs targeting the specific docs you want instead of "all document" requests seeking work product and other privileged and non-discoverable information)? Even one?

You're out of time to serve RFPs. We're still willing to work with you, but you missed the deadline. It sounds like you realized this all along.

We agreed not to blow up the deposition schedule over these last minute subpoenas (potentially now RFPs). See my summary email after the call with Peter.

If you do contact chambers, then please copy this full email chain and inform the court that you have made no concessions or compromises on these untimely and unserved requests, that we made many and were offering to make more to avoid burdening the court or jeopardizing the schedule, and that you refused.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Tuesday, October 28, 2025 8:53 AM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** Re: McHugh v FTB -- Rebuttal Report

Jeff,

Your request to provide counsel summarizations and restatements as an alternative to complying with your obligations under the civil rules is not acceptable. It is not a compromise to propose that you substitute actual discoverable evidence in this case (i.e. actual e-mail communications and invoices) with information manufactured by defense counsel. We have said from the beginning that we are seeking the actual invoices and the actual e-mail communications,

1

and you all seem to have a blanket refusal in doing that. Will you not even consider submitting those to the court for a review of information you feel is not discoverable?

If you're standing by your objections to jurisdiction and won't consent to a call with the court to address these issues, then we will re-issue RFP's directed to Fifth Third for this information, since most if not all of it is within the bank's possession, custody, or control. Unfortunately that would require delaying the depositions until we can obtain the documents if you're also going to demand the full amount of time (30 days) to respond, and a resulting need to extend the discovery cutoff until the requested information can be obtained. We suggested subpoenas to avoid this, but if you're going to insist on litigating disputes in other venues, to avoid discovery obligations, that is what we'll do.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Monday, October 27, 2025 3:42:19 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Josh,

I am traveling for depositions. If you want, I can try to call you from the airport.

As a brief response, despite our disagreement on discoverability, we're bending over backwards to get you information, even if we consider it non-discoverable or burdensome, etc., to produce, log, or redact. We've proposed many compromises and invited them back. You guys have not made any or offered concessions (and as noted below, expanded the scope of your requests after a week of us attempting to negotiate). You have not explained why any of our compromises are unacceptable. You have not given us any legal authority on why you're right or we're wrong on the rule.

As with RHR, the subpoenas to the experts would have to be enforced in the place of compliance by courts that have jurisdiction over the witnesses (Florida and California). Judge Barrett does not have that jurisdiction, so it would be a waste of his time and ours to involve him on this issue.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Monday, October 27, 2025 1:18 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Jeff:

To move this forward, why don't we reach out to the court for a brief informal discovery conference and possibly submitting the documents/communications at issue for review? We are short on time and if the court can provide some direction that would help to resolve the issues efficiently.

I'm not against continuing to try and resolve it between us, but it sounds like you all are not agreeable to (i) producing the individual invoices/timesheets, (ii) the communications with your experts regarding the compensation or invoices, or (iii) communications with your experts that include the facts/data the expert was provided and considered in forming their opinions. We are not agreeable to the proposed summarizations/restatements of billing amounts, or the mere listing of documents provided, and we don't believe objections or redactions based upon work product, relevance, proportionality, etc. would have merit under Rule 26.

Our concerns are also heightened where you have referenced redacting or logging what Fifth Third feels is "protected, non-discoverable, or cumulative information." Over the years of this litigation we have had to deal with many disputes over what Fifth Third feels is "relevant" or "discoverable" based upon their own unilateral determinations, including redacted board minutes, withholding of text message communications, and the recent RHR documents that were withheld based upon "relevance," which Plaintiff did not become aware of until RHR produced them. I don't mean to re-litigate those issues now, but more seek to clarify why we are hesitant to agree to the kind of proposals you are making.

Bottom line, we feel the documents requested are discoverable, and you do not. The court's direction on discoverability of such documents would be helpful to everyone and avoid disputes. You could also refer the court to any areas you feel are not discoverable within the documents at issue, and the court could determine from there whether it agrees with your position.

Let me know, and we can jointly reach out to the court this afternoon to hopefully get a call scheduled. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Saturday, October 25, 2025 12:20 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Josh,

Responses are below in green so as not to create confusion with your yellow highlighting.

Jeff

--

Jeff:

Happy to talk (also happy to confer) but I don't agree at all with your characterizations.

From the e-mail chain it looks like what Peter listed on Monday is what is in the subpoena. The only change would be the wording of # 2 which simply added "or referenced by" and "including but not limited to those opinions set forth in his report," but I'm not clear how either of those is really broader than what was originally in Peter's e-mail. You originally wanted correspondence that "relates to compensation for the expert's study or testimony." The subpoenas added "which would include all invoices and any communications between counsel and the expert relating to their compensation." This language is broader (and not in the rule). Further, you originally wanted documents relied on "in formulating" opinions. The subpoenas added "or referenced" and "including but not limited to those opinions set forth in his expert report." Read literally, the added language seeks documents on any opinion an expert has ever held.

It sounds more like you have objections to producing the direct billing information/timesheets from either expert (We're trying to understand why you want this information, and if we can provide it without producing (or redacting or logging) protected, non-discoverable, or cumulative information. Based on what Peter told us, we tried to make an accommodation. Why was this unacceptable, and do you have any suggested compromises?), and the request for documents relied upon and communications which provided those documents (You mentioned wanting documents for "verification." But you have written reports (see Dr. Lewin Ex. 3), we're willing to tell you what documents we provided to the experts, and you can question those experts in depositions. Is there any other

reason?). You *suggested* providing summarizations and restatements of expert billing instead, and Peter told you in response that was not going to work (Peter was receptive to this idea on our call. Why is it unacceptable?). You suggested sending the subpoena, so we did (This was Peter's suggestion on our call and your suggestion below: "I think it makes sense to get the subpoenas to you ... We'll continue to try to work through those but can ask the court to weigh in if need be (hopefully not)." This indicated to us that you would narrow your requests or make some counterproposal in lieu of discussing the subpoenas further via email. We were surprised when you instead sent even broader document requests.). I don't see anywhere that we confirmed agreement to something we are now "walking back," (that's not what I said) or where we have requested anything more than what was previously e-mailed and discussed. (See above on the broader requests, which is why I said "moving backwards.") Rather, it more simply seems that you are disagreeing that this information is discoverable, and we are maintaining our position that it is discoverable, and therefore we still have a disagreement. (We are trying to work with you. If you'd rather focus on legal arguments, then we would be happy to consider Florida/California authority stating that we have to produce (or log or redact) "all communications" about compensation and documents considered, when reports identify rate and documents considered, and we've already agreed to tell you the documents we sent and the compensation paid. The 2010 amendments to the rule were designed to avoid the type of costly and intrusive discovery that you're proposing. Courts routinely deny attempts to obtain expert invoices and other duplicative information.)

To be more specific, below are the numbered requests in the subpoena to Speckin and some notes in response to your e-mail:

1.     Correspondence between Mr. Speckin and Defendant or Defendant's counsel which (i) relates to compensation for Mr. Speckin's study or testimony, which would include all invoices and any communications between counsel and the expert relating to their compensation, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that Mr. Speckin considered in forming the opinions to be expressed, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that Mr. Speckin relied upon in forming the opinions to be expressed. (These are derived directly from the language of Rule 26 (Nothing in Rule 26 references "all invoices and any communications") as to permitted discovery (Overbreadth, burden, relevance, work product, protection for draft reports, and other objections govern what is discoverable. Rule 45 also states, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."), so I am not clear why these are an issue (Because we've been in expert discovery for months. You refused to do any expert depositions until October. You then waited until the last minute to propose overbroad subpoenas on the eve of expert depos. Regardless, we spent the last week trying hard to negotiate a resolution, agreed to give you the information you're allowed to have and more, and offered compromises. You then sent draft subpoenas that are broader than what you originally proposed. The carveouts in the rule you cite are narrow, yet you're proposing requests for "all communications" that in any way "relate" to information we are already giving you. This is burdensome, unnecessary, and costly. For example, if an email attaches or discusses a draft report (protected) that lists an expert's rate, or if the first email in a chain lists a rate and a later email has work product (protected), then we would potentially have to log or redact that email. And all that would do is give you the hourly rate that we've already disclosed. That is why we're offering to give you the only relevant and discoverable information (compensation paid). We also informed you in our last e-mail that this is what we are seeking, see part 5a and 5b) (We understand the request but not why what we're offering is insufficient.)

2.     All documents reviewed, relied upon, or referenced by Mr. Speckin in formulating his opinions, including but not limited to those opinions set forth in his expert report (this is essentially a restatement of what we clarified in e-mails, including the proposed lists you ask for but also the communications that include those documents provided to your expert—the latter piece seems to be what you are objecting to and we are in disagreement about that) (Why not just use your highlighted language in the document request 1(ii) and 2 (e.g., "In lieu of responding to this request, produce a list of documents Defendants provided to Mr. Speckin for formulating his opinions, and produce

transmittal emails attaching such documents")?) The language you currently have is far broader than what you're claiming you want us to produce.);

3. All final reports authored by Mr. Speckin with regard to this litigation (again, you didn't seem to have an issue with providing final reports and it sounds like there is only the one that was provided—let me know if we have any disagreement on this) (fine);

4. All billing statements generated by Mr. Speckin with regard to his work as an expert witness in this litigation (we are entitled to billing statements and records of billing so I'm not sure why this is an issue, but it sounds like we have disagreement on this—as Peter referenced, the "aggregate" and summary information you propose is not going to work) (The rule allows you to know the type and amount of compensation paid, which we've agreed to provide. No rule allows discovery on how an expert spent his time. Why do you need this?)

5. All timesheets maintained by Mr. Speckin for his work as an expert in this litigation (same as #4 and per Peter's response e-mail, it sounds like this is a point of disagreement); (see response above) and

6. An updated curriculum vitae if any changes have occurred (I think we have agreement here). (Yes.)

I think we are in agreement on #3 and #6 (correct) but let me know if I am wrong. Is it your position that #1-2 and 4-5 are objected to and being refused? We're not being positional. We're trying to negotiate a resolution to avoid burdening experts, ourselves, and potentially federal courts in California and Florida (and possibly North Carolina and Cleveland) with a dispute at the tail end of discovery and during expert depositions. You've asked for compensation information and documents provided. We've offered it and are making experts available for depositions to verify what we're giving you. We've also offered several compromises and are interested in continued discussions. Finally, as a point of clarification, you're proposing subpoenas, so the responses and objections would presumably be up to each individual expert.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, October 24, 2025 12:26 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Jeff:

Happy to talk but I don't agree at all with your characterizations.

From the e-mail chain it looks like what Peter listed on Monday is what is in the subpoena. The only change would be the wording of # 2 which simply added "or referenced by" and "including but not limited to those opinions set forth in his report," but I'm not clear how either of those is really broader than what was originally in Peter's e-mail.

It sounds more like you have objections to producing the direct billing information/timesheets from either expert, and the request for documents relied upon and communications which provided those documents. You *suggested* providing summarizations and restatements of expert billing instead, and Peter told you in response that was not going to work. You suggested sending the subpoena, so we did. I don't see anywhere that we confirmed agreement to something we are now "walking back," or where we have requested anything more than what was previously e-

mailed and discussed. Rather, it more simply seems that you are disagreeing that this information is discoverable, and we are maintaining our position that it is discoverable, and therefore we still have a disagreement.

To be more specific, below are the numbered requests in the subpoena to Speckin and some notes in response to your e-mail:

1.  Correspondence between Mr. Speckin and Defendant or Defendant's counsel which (i) relates to compensation for Mr. Speckin's study or testimony, which would include all invoices and any communications between counsel and the expert relating to their compensation, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that Mr. Speckin considered in forming the opinions to be expressed, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that Mr. Speckin relied upon in forming the opinions to be expressed. (These are derived directly from the language of Rule 26 as to permitted discovery, so I am not clear why these are an issue. We also informed you in our last e-mail that this is what we are seeking, see part 5a and 5b)

2.  All documents reviewed, relied upon, or referenced by Mr. Speckin in formulating his opinions, including but not limited to those opinions set forth in his expert report (this is essentially a restatement of what we clarified in e-mails, including the proposed lists you ask for but also the communications that include those documents provided to your expert—the latter piece seems to be what you are objecting to and we are in disagreement about that);

3.  All final reports authored by Mr. Speckin with regard to this litigation (again, you didn't seem to have an issue with providing final reports and it sounds like there is only the one that was provided—let me know if we have any disagreement on this);

4.  All billing statements generated by Mr. Speckin with regard to his work as an expert witness in this litigation (we are entitled to billing statements and records of billing so I'm not sure why this is an issue, but it sounds like we have disagreement on this—as Peter referenced, the "aggregate" and summary information you propose is not going to work) ;

5.  All timesheets maintained by Mr. Speckin for his work as an expert in this litigation (same as #4 and per Peter's response e-mail, it sounds like this is a point of disagreement); and

6.  An updated curriculum vitae if any changes have occurred (I think we have agreement here).

I think we are in agreement on #3 and #6 but let me know if I am wrong. Is it your position that #1-2 and 4-5 are objected to and being refused?




Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Friday, October 24, 2025 11:33 AM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>

**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Josh,

The draft subpoenas do not address any of the concerns—or concessions to address them—that we have been discussing over the past week. These requests are even broader and more burdensome than the language that Peter initially proposed on Monday. Are you guys moving backwards?

Jeff

**Jeffrey W. DeBeer** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, October 24, 2025 10:32 AM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Jeff,

Attached are the draft subpoenas for Dr. Speckin and Dr. Lewin.

No issue getting you the total comp, list of documents provided, and updated CV by 10/28 and you getting us the same for Lewin by 10/31.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Friday, October 24, 2025 9:44 AM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner

<leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Josh,

I hope your trial went well.

Thanks for confirming Tim's deposition. We understand your position on timing. Let's just agree to disagree that these depositions (particularly Tim's) might require more than an hour.

Fine with tabling subpoena issues until you send a draft. But we're out of time. Dr. Burke's deposition is a week away. Can you at least confirm that you'll get us the info for Dr. Burke that we agreed to provide— i.e., (1) total compensation; (2) list of documents provided; and (3) updated CV? We propose serving this information 10/28 for Dr. Burke and 10/31 for Dr. Lewin.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Thursday, October 23, 2025 10:22 AM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Jeff/Collin,

Thanks for your understanding while I was in trial. Peter in turn has a few other items to get through today so I'm responding to your e-mail.

November 7 at 1:30 for Spence's deposition works for us. We'll get out a notice shortly. Same response as Shaffer as to the timing aspect of the deposition.

Regarding your comments on the subpoenaed items, I think it makes sense to get the subpoenas to you and you can let us know if you are objecting/refusing production. We'll continue to try to work through those but can ask the court to weigh in if need be (hopefully not).

Regarding the e-mail communications with attachments, these would be discoverable communications and would verify what was sent to each expert witness and when. The list of documents provided helps but it would not contain that information. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Thursday, October 23, 2025 10:04 AM
**To:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

Following up, Tim can be available Nov. 7 from 1:30–2:30. He is extremely busy and had to rearrange several commitments to offer this alternative date and time. Please let us know ASAP if this works.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1.513.362.8703 | jeffrey.debeer@blankrome.com | bio

**From:** DeBeer, Jeffrey
**Sent:** Wednesday, October 22, 2025 5:57 PM
**To:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <Olivia.Meiners@BlankRome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

Below are highlighted responses to your email:

1. Carmichael Deposition.
   Attending from our office will be: Peter Saba, Joshua Smith and Leighton Heiner; We will send the names of the Court Reporter and Videographer shortly. Thank you.
2. Dr. Burke/Dr. Lyter.

Dr. Burke does have space for the deposition in his office. Appreciate it. We will notice the deposition for his office.

Dr. Lyter does **not** have a space for the deposition in his office. We will make alternative arrangements.

3. Spence: October 31 is not going to work (thanks for checking) and to clarify we intend to take this deposition in person (OK). Please provide alternative available dates. We are working on this.

4. Shaffer

I did not state that we expect the deposition to take less than an hour. I indicated that we do not know how long it will take to complete the deposition. There is a possibility the deposition could take less than an hour and it could very well take more than an hour. Your disagreement is noted. As mentioned, we wanted to know how long you think you'll need to ensure we have enough time to get this "targeted" deposition finished.

5. Subpoena

   a. *Compensation Information/Timesheets.*

Summarizations and restatements of expert billing is not going to work for questioning the Expert regarding their billing and time. Consistent with the Rule 26, we will need all communications between the Party's attorney and Expert Witness which (i) relate to compensation for the expert's study or testimony, which would include all invoices but also any communications between counsel and the expert relating to their compensation. When we discussed, we agreed that you were allowed to know how much Dr. Lewin has been paid (rate x hours). The purpose of the rule is to allow you to probe bias because experts are compensated. But work product, relevance, proportionality, etc., still apply. So, we suggested a potential compromise when you said that you wanted to be able to question witnesses on how much time they spent drafting vs. reviewing documents vs. conferencing with counsel, etc. (despite our disagreement that this information is discoverable). If you're walking this back, then we will consider the draft subpoena and provide prompt feedback. But we are concerned that it will be objectionable.

   a. *Documents Relied Upon.*

A listing of all documents relied upon by experts for preparing reports is not going to work either (The wording of my email may have been imprecise—we discussed our intention to give you a list of *all* documents *sent* to Dr. Lewin for purposes of preparing his report, regardless of whether he "considered" or "relied upon" them. So, if we sent him a depo transcript and he did not consider or rely on it, then you would still know that we gave it to him. We proposed going above and beyond our Rule 26 obligations to avoid a discovery dispute.), and the request for communications would not be limited to counsel emails "summarizing facts and data in the case" (I was attempting to address an example you provided on our call when we asked what you wanted beyond record materials—that is why we made this proposal). Per Rule 26, this would include not only such a list and/or e-mail summarizing facts/data, but also includes communications which identify facts or data that the party's attorney provided and that the expert **considered** in forming the opinions to be expressed (see clarification above on wording). This would include, for example, an e-mail in which counsel attached facts or data which the expert considered in forming the opinions to be expressed. To be clear, do you now want us to produce counsel emails attaching documents produced in this case vs. us telling you exactly what those documents are? As discussed on our call, I understand why you want us to identify the facts and data considered or relied on by Dr. Lewin. I don't understand why we would exchange "all communications" RFPs and scramble to produce transmittal emails, etc., at the eleventh hour.

Jeff

**Jeffrey W. DeBeer** | BLANKROME

11

1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8703 | jeffrey.debeer@blankrome.com

**From:** Peter A. Saba, Esq. <PAS@sspfirm.com>
**Sent:** Wednesday, October 22, 2025 2:06 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Jeff:

A few clarifications and supplemental information:

1. <u>Carmichael Deposition.</u>
   Attending from our office will be: Peter Saba, Joshua Smith and Leighton Heiner; We will send the names of the Court Reporter and Videographer shortly.
2. <u>Dr. Burke/Dr. Lyter.</u>
   Dr. Burke does have space for the deposition in his office.
   Dr. Lyter does **not** have a space for the deposition in his office.
3. <u>Spence:</u> October 31 is not going to work and to clarify we intend to take this deposition in person. Please provide alternative available dates.
4. <u>Shaffer</u>
   I did not state that we expect the deposition to take less than an hour. I indicated that we do not know how long it will take to complete the deposition. There is a possibility the deposition could take less than an hour and it could very well take more than an hour.
5. <u>Subpoena</u>
   a. *Compensation Information/Timesheets.*
Summarizations and restatements of expert billing is not going to work for questioning the Expert regarding their billing and time. Consistent with the Rule 26, we will need all communications between the Party's attorney and Expert Witness which (i) relate to compensation for the expert's study or testimony, which would include all invoices but also any communications between counsel and the expert relating to their compensation.
   a. *Documents Relied Upon.*
A listing of all documents relied upon by experts for preparing reports is not going to work either, and the request for communications would not be limited to counsel emails "summarizing facts and data in the case." Per Rule 26, this would include not only such a list and/or e-mail summarizing facts/data, but also includes communications which identify facts or data that the party's attorney provided and that the expert **considered** in forming the opinions to be expressed. This would include, for example, an e-mail in which counsel attached facts or data which the expert considered in forming the opinions to be expressed.

We will have a draft Subpoena to you shortly. Thank you.

Peter A. Saba, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.2701
Main Fax: 513.533.2999
PAS@sspfirm.com
https://www.sspfirm.com

  

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Tuesday, October 21, 2025 6:08 PM
**To:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Meiners, Olivia <olivia.meiners@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

Thanks again for the productive call this afternoon. Below is a summary of our discussion. Let me know if anything looks inaccurate or incomplete.

1. <u>Carmichael Deposition.</u>
   a. SSP to send all attendee information (counsel, court reporter, etc.) to Olivia Meiners (copied), so it can be sent to BR's building security.
2. <u>Dr. Burke/Dr. Lyter.</u>
   a. SSP to ask Dr. Burke if he would like to have the deposition at his office. Otherwise, BR to arrange for a conference room.
   b. Same for Dr. Lyter.
3. <u>Spence.</u>
   a. Peter to confer with Josh (currently in trial) to see if he can take this deposition virtually on 10/31.
   b. BR to ask Fifth Third for alternate dates.
4. <u>Shaffer.</u>
   a. SSP does not expect this deposition to take more than an hour but will not agree to a time limit. It is not known but expected that Shaffer's deposition will be the longest of the three fact witnesses.
5. <u>Potential Subpoenas.</u>
   a. *Generally.*
      i. SSP to send BR a proposed subpoena with requests that will be mutual for each side. BR to provide proposed edits.
      ii. Any discovery is for the preparation of written reports (not, e.g., costs associated with depositions).
   b. *Compensation Information/Timesheets.*

       i.   Requests can be satisfied by providing total hours worked and rates, with aggregate information on the amount of time performed on general tasks such as reviewing documents, drafting reports, and meeting with counsel (BR to consider/investigate providing the aggregate information, no objection to overall hours and rates).

  c.  *Documents Relied Upon*.

       i.   Requests can be satisfied by providing a list of all documents relied upon by experts for preparing reports. Lists should clearly identify the documents, such as by Bates number.

       ii.  To the extent such documents are counsel emails—e.g., summarizing facts and data in the case—and are relied upon by the experts, then these should be produced. Neither side believed such emails would exist.

  d.  *Assumptions*.

       i.   Requests can be satisfied by referring to assumption(s), if any, in reports, and confirming (if true) that there are no written communications instructing experts to use other assumptions.

  e.  *Final Reports*.

       i.   Requests can be satisfied by reference to served reports and confirming (if true) that no other reports exist.

6.  Misc.

  a.  Parties agree to move forward with depositions on proposed dates, and to continue conferring on other issues as needed.

Finally, as a post-call follow up, Dr. Lewin is available to begin his deposition (via Zoom) at 10 AM PST.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8703 | jeffrey.debeer@blankrome.com

---

**From:** DeBeer, Jeffrey
**Sent:** Tuesday, October 21, 2025 10:29 AM
**To:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Thanks, Peter. Just sent you and Josh a calendar invite for 2 PM.

Jeff

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8703 | jeffrey.debeer@blankrome.com

**From:** Peter A. Saba, Esq. <PAS@sspfirm.com>
**Sent:** Tuesday, October 21, 2025 10:25 AM

**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Jeff:

I am available after 2:00 p.m. to talk through the issues below.  Please let me know a time that works for you.  Thank you.

Peter A. Saba, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.2701
Main Fax: 513.533.2999
PAS@sspfirm.com
https://www.sspfirm.com

  

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Tuesday, October 21, 2025 10:06 AM
**To:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

Below are highlighted responses to your email.  As mentioned, happy to jump on a meet-and-confer call if you would like to discuss.

Jeff

--

1. October 28 at 3:30 PM, Greg Carmichael, at Blank Rome **(confirmed).** Thank you.
2. October 30, Dr. Burke, in Cleveland (pending):  **This deposition is confirmed with a start time of 10:30 am.** Appreciate it. We will send a deposition notice.
3. October 31 from 10–11 AM, Tim Spence, virtual or at Fifth Third (pending): ***We are not available on 10/31, please provide an alternative date for this deposition.*** We will ask, but he is an extremely busy CEO in the middle of a large acquisition. Getting another date will be a challenge.  Please try to make 10/31 work if at all possible, particularly since Tim was not part of

the "certain executives" email and was already questioned about RHR. We are willing to do this deposition virtually on 10/31 to accommodate your schedules.

4. November 4, Dr. Lewin, in Los Angeles (pending). **We are available to take Dr. Lewin's deposition on this date** (thank you—we will ask him for a start time)**, subject to the following:**

   a. **The parties shall stipulate that this deposition will be taken remotely via zoom.** We're fine with Zoom—just notice the Dr. Lewin/Speckin depositions as remote.

   b. **Defendants' counsel shall accept service of a Subpoena Duces Tecum on behalf of Dr. Lewin** (We'll ask our experts if we may accept service. We expect that they will agree subject to reserving and not waiving any rights—such as to object, challenge the subpoena, etc. In the interest of moving this forward, below are our preliminary thoughts on your proposed document requests. We're willing to work with you on these but are not going to delay depositions based on subpoenas that have not been issued, and that were raised last minute.) **and the requested documents will be provided electronically to Plaintiff's counsel. The documents requested shall be limited to:**

      i. **Correspondence between the Dr. Lewin and Defendant or Defendant's counsel which (i) relates to compensation for the expert's study or testimony** (What do you want exactly? Emails sending the invoices? The engagement letter? We're paying BRG's standard rates, and can tell you total time spent at those rates. I'm not sure what else would be relevant, but let us know.)**, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that Dr. Lewin considered in forming the opinions to be expressed** (You want us to produce the emails sending Dr. Lewin the discovery materials cited in the report?)**, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that Dr. Lewin relied upon in forming the opinions to be expressed** (assumptions would be stated in the report)**.

      ii. **All documents reviewed or relied upon by Dr. Lewin in formulating his opinions** (All materials we provided to Dr. Lewin have already been produced during the litigation. You want us to produce them again (or give you a list identifying them, as we previously proposed to Josh for Dr. Burke)?)**;

      iii. **All final reports authored by Dr. Lewin with regard to this litigation** (This is fine. There is only one. You already have it. Do you want us to Bates label it or something?)**;

      iv. **All billing statements generated by Dr. Lewin with regard to his work as an expert witness in this litigation** (total fees, or are you trying to get his time entries?)**;

      v. **All timesheets maintained by Dr. Lewin for his work as an expert in this litigation** (Is this another way of requesting invoices?)**; and

      vi. **An updated CV if any changes have occurred** (This is fine. You guys want to agree to a supplementation date (last day of discovery)?)**.

   *(Plaintiff will extend the same courtesy with respect to a Subpoena Duces Tecum directed to Plaintiff's experts.* Thank you—but we would appreciate clarification on the scope of what would be produced.*)*

5. November 6 from 11 AM to noon, Bob Shaffer, virtual or at Fifth Third (pending). **We are available to take Bob Shaffer's deposition on November 6 beginning at 11:00 a.m.** Thanks. **Although we will attempt to be as expeditious as possible, we are not agreeing that this deposition will be completed in an hour or less. This is a sanctions deposition based upon the inappropriate withholding of documentation** (for the record, the Court did not make this "based upon" finding)**. It is unclear what additional information may be uncovered during the course of the deposition.** This is a "targeted" deposition on a very small subset of emails. How long do you really need here?

6. November 12 or 13, Dr. Lyter, in Raleigh (pending). **This deposition is confirmed for November 13th with a start time of 11:00 am.** <mark>Thank you. We will send a deposition notice.</mark>

7. November 18, Erich Speckin, in Ft. Lauderdale (confirmed).  **To be clear, we are available to take Dr. Speckin's deposition on this date** <mark>(appreciate it—we will confirm the start time)</mark>**, subject to the following** <mark>(See comments above.  Let's get these depos scheduled, and confer separately and expeditiously on the subpoenas.  Happy to discuss today if you all think that would be productive.)</mark>**:**

   c. **The parties shall stipulate that this deposition will be taken remotely via zoom.**

   d. **Defendants' counsel will accept service of a Subpoena Duces Tecum on behalf of Dr. Speckin and the requested documents will be provided electronically to Plaintiff's counsel.  The documents requested shall be limited to:**

   vii.  **Correspondence between the Dr. Speckin and Defendant or Defendant's counsel which (i) relates to compensation for the expert's study or testimony, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that Dr. Speckin considered in forming the opinions to be expressed, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that Dr. Speckin relied upon in forming the opinions to be expressed.**

   viii.  **All documents reviewed or relied upon by Dr. Speckin  in formulating his opinions;**

   ix.  **All final reports authored by Dr. Speckin with regard to this litigation;**

   x.  **All billing statements generated by Dr. Speckin with regard to his work as an expert witness in this litigation**

   xi.  **All timesheets maintained by Dr. Speckin for his work as an expert in this litigation; and**

   xii.  **An updated CV if any changes have occurred.**

   ***(As indicated Plaintiff will extend the same courtesy with respect to a Subpoena Duces Tecum directed to Plaintiff's experts.)***

**Jeffrey W. DeBeer** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8703 | jeffrey.debeer@blankrome.com

---

**From:** Peter A. Saba, Esq. <PAS@sspfirm.com>
**Sent:** Monday, October 20, 2025 3:58 PM
**To:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Leighton E. Heiner <leh@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Jeff:

With respect to deposition scheduling:

1. October 28 at 3:30 PM, Greg Carmichael, at Blank Rome **(confirmed).**

2. October 30, Dr. Burke, in Cleveland (pending):  **This deposition is confirmed with a start time of 10:30 am.**

3. October 31 from 10–11 AM, Tim Spence, virtual or at Fifth Third (pending):  ***We are not available on 10/31, please provide an alternative date for this deposition.***

4. November 4, Dr. Lewin, in Los Angeles (pending).  **We are available to take Dr. Lewin's deposition on this date, subject to the following:**
   a. **The parties shall stipulate that this deposition will be taken remotely via zoom.**
   b. **Defendants' counsel will accept service of a Subpoena Duces Tecum on behalf of Dr. Lewin and the requested documents will be provided electronically to Plaintiff's counsel.  The documents requested shall be limited to:**
      i.  **Correspondence between the Dr. Lewin and Defendant or Defendant's counsel which (i) relates to compensation for the expert's study or testimony, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that Dr. Lewin considered in forming the opinions to be expressed, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that Dr. Lewin relied upon in forming the opinions to be expressed.**
      ii.  **All documents reviewed or relied upon by Dr. Lewin  in formulating his opinions;**
      iii.  **All final reports authored by Dr. Lewin with regard to this litigation;**
      iv.  **All billing statements generated by Dr. Lewin with regard to his work as an expert witness in this litigation**
      v.  **All timesheets maintained by Dr. Lewin for his work as an expert in this litigation; and**
      vi.  **An updated CV if any changes have occurred.**

   ***(Plaintiff will extend the same courtesy with respect to a Subpoena Duces Tecum directed to Plaintiff's experts.)***

5. November 6 from 11 AM to noon, Bob Shaffer, virtual or at Fifth Third (pending).  **We are available to take Bob Shaffer's deposition on November 6 beginning at 11:00 a.m.  Although we will attempt to be as expeditious as possible, we are not agreeing that this deposition will be completed in an hour or less.  This is a sanctions deposition based upon the inappropriate withholding of documentation.  It is unclear what additional information may be uncovered during the course of the deposition.**

6. November 12 or 13, Dr. Lyter, in Raleigh (pending). **This deposition is confirmed for November 13th with a start time of 11:00 am.**

7. November 18, Erich Speckin, in Ft. Lauderdale (confirmed).  **To be clear, we are available to take Dr. Speckin's deposition on this date, subject to the following:**
   c. **The parties shall stipulate that this deposition will be taken remotely via zoom.**
   d. **Defendants' counsel will accept service of a Subpoena Duces Tecum on behalf of Dr. Speckin and the requested documents will be provided electronically to Plaintiff's counsel.  The documents requested shall be limited to:**
      vii.  **Correspondence between the Dr. Speckin and Defendant or Defendant's counsel which (i) relates to compensation for the expert's study or testimony, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that Dr. Speckin considered in forming the opinions to be expressed, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that Dr. Speckin relied upon in forming the opinions to be expressed.**

    viii.    **All documents reviewed or relied upon by Dr. Speckin in formulating his opinions;**

    ix.    **All final reports authored by Dr. Speckin with regard to this litigation;**

    x.    **All billing statements generated by Dr. Speckin with regard to his work as an expert witness in this litigation**

    xi.    **All timesheets maintained by Dr. Speckin for his work as an expert in this litigation; and**

    xii.    **An updated CV if any changes have occurred.**

    ***(As indicated Plaintiff will extend the same courtesy with respect to a Subpoena Duces Tecum directed to Plaintiff's experts.)***

Thank you.

Peter A. Saba, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.2701
Main Fax: 513.533.2999
PAS@sspfirm.com
https://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Sent:** Friday, October 17, 2025 3:02 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

Bob Shaffer is available on November 6 from 11 AM to noon.

Below is an updated deposition list.  <u>Please confirm by noon on Monday, October 20 that these dates/times work for you</u>, so that we can alert the witnesses and ensure that we have time to make travel arrangements.

Jeff

--

1. October 28 at 3:30 PM, Greg Carmichael, at Blank Rome (confirmed).
2. October 30, Dr. Burke, in Cleveland (pending).
3. October 31 from 10–11 AM, Tim Spence, virtual or at Fifth Third (pending).

4. November 4, Dr. Lewin, in Los Angeles (pending).
5. November 6 from 11 AM to noon, Bob Shaffer, virtual or at Fifth Third (pending).
6. November 12 or 13, Dr. Lyter, in Raleigh (pending).
7. November 18, Erich Speckin, in Ft. Lauderdale (confirmed).

**Jeffrey W. DeBeer** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8703 | jeffrey.debeer@blankrome.com

---

**From:** DeBeer, Jeffrey
**Sent:** Friday, October 17, 2025 9:54 AM
**To:** Hart, Collin <collin.hart@blankrome.com>; Peter A. Saba, Esq. <pas@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

Any update on Dr. Lewin, Dr. Lyter, and Dr. Burke?

Tim Spence can be available October 31 from 10–11 AM.  Does that work?

We are still sorting out a date and time for Bob Shaffer.

Below is a list of the depositions, so we can all keep track.

Jeff

1. October 28 at 3:30 PM, Greg Carmichael, at Blank Rome (confirmed).
2. October 30, Dr. Burke, in Cleveland (pending).
3. October 31 from 10–11 AM, Tim Spence, virtual or at Fifth Third (pending)
4. November 4, Dr. Lewin, in Los Angeles (pending).
5. November 12 or 13, Dr. Lyter, in Raleigh (pending).
6. November 18, Erich Speckin, in Ft. Lauderdale (confirmed).
7. TBD, Bob Shaffer.

**Jeffrey W. DeBeer** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8703 | jeffrey.debeer@blankrome.com

---

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Wednesday, October 15, 2025 9:47 AM
**To:** Peter A. Saba, Esq. <pas@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

One follow-up. Greg's deposition will take place at our office as he is no longer an employee or officer of Fifth Third.

Thank you,


**Collin D. Hart** | BLANK<span style="color:red">ROME</span>
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8746 | collin.hart@blankrome.com

---

**From:** Hart, Collin
**Sent:** Tuesday, October 14, 2025 8:02 PM
**To:** Peter A. Saba, Esq. <PAS@sspfirm.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <Jeffrey.DeBeer@BlankRome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Peter,

Thank you.  We will follow up with Greg to confirm.  As mentioned, we asked our client for dates for Tim and Bob.  I believe both were OOO Friday and Monday for the holiday weekend.  We will keep you posted.

Thank you for confirming Speckin's deposition on 11/18.

We reached out to Dr. Lewin and asked him to continue to hold 11/4.

Please let us know ASAP about Dr. Lewin, Dr. Lyter, and Dr. Burke.

Thank you,

Collin


**Collin D. Hart** | BLANK<span style="color:red">ROME</span>
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8746 | collin.hart@blankrome.com

---

**From:** Peter A. Saba, Esq. <PAS@sspfirm.com>
**Sent:** Tuesday, October 14, 2025 12:31 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; Joshua M. Smith, Esq. <jms@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Collin:

Josh is in trial this week.  We are available to take Greg Carmichael's deposition on 10/28 at 3:30 p.m.  Please confirm that we can take this deposition at 5/3 and we will notice it accordingly.

We are also available to take Mr. Speckin's deposition on November 18th. We will provide a notice and location in Fort Lauderdale to you shortly.

We are in the process of confirming Dr. Burke's availability on October 30 in Cleveland and Dr. Lyter's availability on November 12 or 13 in Raleigh.
We are attempting to rearrange schedules to take Dr. Lewin's deposition on November 4th. As soon as we have confirmation regarding the proposed dates for the remaining 3 depositions, we will get back to you.
Thank you.

Peter A. Saba, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.2701
Main Fax: 513.533.2999
PAS@sspfirm.com
https://www.sspfirm.com



This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Friday, October 10, 2025 3:10 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Josh,

We do have a "short timeline" to finish discovery because you have been claiming to be unavailable for any expert depositions for months on end. It sounds like you now have time. Can you please respond to our proposed dates for experts so we can get these scheduled? Also, while we may need to extend the deadline to complete expert depositions given that you were unavailable to take any depositions for the first 2/3 of the expert deposition discovery window, Defendants see no reason or justification for extending the fact discovery deadline beyond the Court's recent extension.

As to Greg, Bob, and Tim, we reached out to Fifth Third and will follow up with dates. It would help us schedule these "targeted" depositions if we could agree to reasonable time limits, particularly given that Fifth Third is in the middle of a large acquisition. We see no reason why these depositions should take more than 30–60 minutes. Let us know.

As a heads up, there is a possibility (we are working on confirming) that we can offer Greg on 10/28 at 3:30PM. Would that work for you?

Thank you,

**Collin D. Hart** | BLANK**ROME**
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8746 | collin.hart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, October 10, 2025 12:11 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Collin,

Following up as we did not hear back yesterday. Can you please confirm? Per the court's order these need completed by November 7.

We'll get back to you on the expert dates and that is not as time-sensitive if we're agreeing to extend the discovery cutoff, but that does not change the order's deadline to get these three fact witnesses completed by November 7. Thank you.




Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Joshua M. Smith, Esq.
**Sent:** Wednesday, October 8, 2025 5:36 PM
**To:** 'Hart, Collin' <collin.hart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Collin,

We will get back to you on those dates and extending the fact/expert discovery cutoff and dispositive motions deadline. In the meantime, please also provide available deposition dates for Carmichael, Shaffer, and Spence in light of the court's order today. Please provide those dates by tomorrow October 9 in light of the short timeline to get these depositions completed. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Wednesday, October 8, 2025 9:05 AM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Good Morning Josh,

I am following up regarding potential expert deposition dates. Given the limited availability of counsel along with our experts' schedules, we will likely need to extend the expert discovery deadline and corresponding dispositive motion deadlines.

Assuming that is agreeable, Defendants are available to depose Dr. Burke on October 30 in Cleveland and Dr. Lyter on November 12 or 13 in Raleigh, if he is available.

Defendants can also offer Dr. Lewin for deposition on November 4 and Mr. Speckin for deposition on November 18. For reference, Dr. Lewin is located in Los Angeles and Mr. Speckin is located in Fort Lauderdale.

Please let me know if these dates work for Plaintiff.

Thank you,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8746 | collin.hart@blankrome.com

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Wednesday, October 1, 2025 2:34 PM
**To:** Hart, Collin <collin.hart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>; Bailey E. Sharpe, Esq. <bes@sspfirm.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Collin:

In follow-up, we'd prefer to follow the requirements of Rule 26 that each party will pay the expenses of the expert they seek to depose.

As to the economists (Dr. Burke, and your anticipated rebuttal expert), do you all see a need to conduct these depositions now? They are economic damages experts in an employment discrimination case, so neither the reports nor testimony would have an impact on dispositive motions as far as I can tell (subject of course to seeing your rebuttal expert's report this Friday). What are your thoughts on conducting these depositions after dispositive motions are resolved and we are set for trial?

That said if you're not agreeable, we've confirmed that Dr. Burke is available on 10/28, 10/29, or 10/30 for deposition, and his office is located in Cleveland, Ohio.

As far as the handwriting experts, Dr. Lyter is currently available 10/22, 10/23, or 10/24, and he is located in Raleigh, North Carolina. Dr. Lyter's deposition costs are at his hourly rate of $450.00 with a minimum of $1,800.00 for depositions. If those dates are not available I can also ask him about the following week.

Please also provide dates for Dr. Speckin's deposition, and for your rebuttal expert to the extent we are not holding off on the economists. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Friday, September 26, 2025 11:52 AM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; mchugh@mchughlaw.com
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Josh,

Thank you. We are fine with a reciprocal extension. I will email the Court to ask their preference on a motion. As to deposition scheduling, can you also provide possible dates for your rebuttal expert's deposition? The November 4 deadline is rapidly approaching and we need to get these depositions scheduled as soon as possible.

Thank you,

**Collin D. Hart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8746 | collin.hart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <jms@sspfirm.com>
**Sent:** Friday, September 26, 2025 10:01 AM
**To:** Hart, Collin <collin.hart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Subject:** RE: McHugh v FTB -- Rebuttal Report

Collin, Jeff, and Michael,

No objection to a <u>mutual</u> extension of the rebuttal expert deadline to October 3. Send us the motion once available. Alternatively, no problem if you want to e-mail chambers to confirm agreement on a 1 week mutual extension, and see if the court would prefer a formal motion or if the e-mail would suffice.

October 15 is no longer available for Dr. Burke's deposition, but we'll get back to you with some alternative dates. We'll also get back to you on your inquiry about expert deposition expenses, likely by this afternoon. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

---

**From:** Hart, Collin <collin.hart@blankrome.com>
**Sent:** Thursday, September 25, 2025 9:43 PM
**To:** Joshua M. Smith, Esq. <jms@sspfirm.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; John J. McHugh III <mchugh@mchughlaw.com>
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; DeBeer, Jeffrey <jeffrey.debeer@blankrome.com>
**Subject:** McHugh v FTB -- Rebuttal Report

Counsel,

Defendants are requesting a one-week extension of the deadline for Defendants' rebuttal expert reports (to October 3). I assume such an extension should be agreeable given the four-week delay in Defendants receiving a compliant report from Dr. Burke. Please let me know if Plaintiff consents and I will draft a consent motion.

As to the costs of depositions, we prefer each side covering its own expert fees. This avoids unnecessary disputes. However, if you insist on each side paying the other's expert for depo testimony, then we can go that route. We just need your commitment to reciprocity. Deal?

Additionally, we will notice Dr. Burke's deposition for October 15, if he is still available?

We will take Dr. Burke's depo in person.  Where is he located?  If we're paying his fees, then we will travel to him.

Thank you,

**Collin D. Hart** | BLANK<span style="color:red">ROME</span>
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
+1 (513) 362-8746 | collin.hart@blankrome.com

**************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**************************************************************************************************