EXHIBIT 4

**Bailey E. Sharpe, Esq.**

| | |
|---|---|
| **From:** | Joshua M. Smith, Esq. |
| **Sent:** | Tuesday, October 28, 2025 12:38 PM |
| **To:** | OHSDdb_Barrett_ch |
| **Cc:** | Peter A. Saba, Esq.; mchugh@mchughlaw.com; Bailey E. Sharpe, Esq.; Leighton E. Heiner; Hart, Collin; Cioffi, Michael L.; DeBeer, Jeffrey |
| **Subject:** | McHugh v. Fifth Third Bancorp, et al. |
| **Attachments:** | Attachment 1.pdf; 2025.10.24 Speckin Subpoena Duces Tecum.docx; 2025.10.24 Lewin Subpoena Duces Tecum.docx; 2025.10.28 Targeted Requests for Production Pertaining to Identified Experts.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Judge Barrett,

While the parties have been able to schedule the sanctions depositions in compliance with the Court's order (Carmichael—10/28, Shaffer—11/6, Spence—11/7), the parties have run into a discovery dispute as to expert witnesses. Plaintiff is respectfully requesting the Court's assistance in resolving the same.

As background, Plaintiff has sought production of documents relating to Defendants' experts (Dr. Erich Speckin and Dr. David Lewin), including in the following categories:

1. Correspondence between any experts identified by Defendants in this Litigation, and Defendant or Defendant's counsel which (i) relates to compensation for the expert's study or testimony, which would include all invoices and any communications between counsel and the expert relating to their compensation, (ii) identifying facts or data that Defendant or Defendant's counsel provided and that the expert considered in forming the opinions to be expressed, and (iii) identifying assumptions that Defendant or Defendant's counsel provided and that expert relied upon in forming the opinions to be expressed.

2. All documents reviewed, relied upon, or referenced by any experts identified by Defendants in this Litigation in formulating their opinions, including but not limited to those opinions set forth in their expert report;

3. All final reports authored by any experts identified by Defendants with regard to this Litigation;

4. All billing statements generated by any experts identified by Defendants in this Litigation, with regard to their work as an expert witness in this Litigation;

5. All timesheets maintained by any experts identified by Defendants in this Litigation, for their work as an expert in this Litigation; and

6. An updated curriculum vitae of any experts identified by Defendants in this Litigation, if any changes have occurred

The parties have conferred on these requests and while there is agreement to the production of documents responsive to Nos. 3 and 6, Defendants have objected to the production of documents responsive to Nos. 1-2 and 4-5, highlighted above. The parties have attempted to work through these issues including in e-mails and in a phone conference (see Attachment 1), but remain at an impasse as to whether the disputed categories are subject to discovery. Defendants have offered to provide summaries and restatements from counsel as to total amounts billed and lists of documents provided, but to date have refused to agree to provide the underlying invoices or e-mails with such information. From Plaintiff's perspective, counsel summarizations and restatements as an alternative to complying with obligations to produce discoverable documents is not agreeable.

Plaintiff originally prepared draft subpoenas duces tecum to Defendants' experts with these requested categories of documents (see attached), and sent drafts of the same to Defendants at their request. However, Defendants have recently indicated they will not consent to the Court resolving these disputes and instead have insisted that the local district where the expert resides must resolve it given the subpoeanas are directed to the experts (California and Florida as to Defendants' experts, North Carolina and Cleveland as to Plaintiff's experts). This would of course create a significant delay and cost in this litigation, with Plaintiff needing to again obtain local counsel in those venues, initiate an action, and await a decision from two separate courts unfamiliar with the matter.

To avoid such inefficiencies, Plaintiff has re-issued the requests via RFP's directed to Fifth Third given most if not all of the requested information would also be in Defendants' possession, custody, or control (attached). However, because the civil rules would provide 30 days for response absent a court order shortening the time frame, an extension of the discovery cutoff will be necessary in order to obtain the documents at issue, resolve any disputes as to such documents, and then complete the expert depositions. As a result, Plaintiff respectfully requests the following:

1. An extension of the discovery cutoff in this matter to allow sufficient time for Defendants to respond to the requests for documents, to resolve any disputes pertaining to such requests, and to thereafter schedule and complete the depositions of Defendants' experts; and
2. That the court schedule an informal discovery conference in an effort to resolve this dispute between the parties.

If the Court would prefer to schedule a discovery conference now to address the above issues, Plaintiff's counsel will make themselves available. Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com

 

This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.