EXHIBIT
1

# Fifth Third Bancorp
## Board of Directors



## Greg D. Carmichael
Executive Chairman

Greg Carmichael serves as executive chairman of the Board of Directors of Fifth Third Bancorp, the ninth-largest U.S.-based consumer bank. He took on the role in July 2022 after serving seven years as Fifth Third's CEO and 10 years as its president. In his time as CEO, the Company grew in assets to more than $200 billion* and is recognized as one of the most innovative banks in the country. Fifth Third has approximately 20,000 employees and about 1,100 banking centers across 11 states.* The Bank has also has commercial and consumer lending presence across the United States.

In 19 years with the Company, Greg's direction and vision helped drive the Bank's transformation and overall success. In recognition of Greg's leadership on environmental, social and governance issues, and his commitment to inclusion and diversity, 3BL Media named Greg as its 2021 Responsible CEO of the Year.

Greg joined Fifth Third in 2003 as executive vice president and chief information officer. He was named chief operating officer in 2006, then president in 2012. He was appointed to the Board of Directors in July 2015, became CEO in November 2015 and was elected chairman of the Board in January 2018.

Greg started his career in IT, working for General Electric and Emerson Electric, where he was chief information officer, before joining Fifth Third.

### Education
Greg earned a bachelor's degree in computer science from the University of Dayton and a master's degree from Central Michigan University.

### Professional and Civic
Greg also serves on the board of directors of Encompass Health, the American Bankers Association and of the National Veterans Memorial and Museum.

He is vice president of the Ohio Business Roundtable and a member of the Commercial Club of Cincinnati's executive committee. Greg is a member of the Bank Policy Institute's board and chairman of its Business Innovation Technology Security Committee. He also served for seven years on the board of trustees of Bethesda Inc.

Greg is serving as chair of the 2022-23 annual regional community campaign for United Way of Greater Cincinnati.

FIFTH THIRD BANCORP

* as of March 31, 2022

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | |
|---|---|
| PHILIP R. McHUGH, Plaintiff, | Case No. A2003792 |
| vs. | Judge Alison Hatheway |
| FIFTH THIRD BANCORP, *et al.*, Defendants. | JURY DEMAND ENDORSED HEREON |

**DEFENDANTS/COUNTERCLAIMANTS FIFTH THIRD BANCORP'S, FIFTH THIRD BANK, NATIONAL ASSOCIATION'S AND GREGORY D. CARMICHAEL'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association (together "Fifth Third Bank"), and Gregory D. Carmichael ("Mr. Carmichael"), by and through their undersigned counsel, Blank Rome LLP, hereby answer and respond to the Amended Complaint of Plaintiff Philip McHugh ("Plaintiff") in accordance with the numbered paragraphs thereof and aver as follows:

1. In response to Paragraph 1 of the Amended Complaint, Defendants admit only that Mr. Carmichael is currently employed by Fifth Third Bank as its Chief Executive Officer ("CEO") and Chairman of the Board, Plaintiff was previously employed by Fifth Third Bank, and Plaintiff reported to Mr. Carmichael until the time of his resignation. On October 26, 2020, Tim Spence ("Mr. Spence") was appointed President of Fifth Third Bancorp, taking over the position formerly held by Mr. Carmichael. On the same day, Plaintiff voluntarily resigned from his position as Executive Vice President and Head of Regional Banking at Fifth Third Bank. Defendants are

EXHIBIT
2

VERIFY RECORD

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 2 of 27 PAGEID #: 1792

without knowledge and information sufficient to form a belief as to whether Plaintiff is a resident of Cincinnati and/or a citizen of the State of Ohio.

2. In response to Paragraph 2 of the Amended Complaint, Defendants admit only that Fifth Third Bancorp is a diversified financial services company headquartered in Cincinnati, Ohio, and the indirect parent company of Fifth Third Bank, National Association, a federally chartered institution.

3. In response to Paragraph 3 of the Amended Complaint, Defendants admit only that Fifth Third Bank, National Association, is a federally chartered institution, and as of June 30, 2020, had $203 billion in assets and operated 1,122 full-service banking centers and 2,456 ATMs with Fifth Third branding in Ohio, Kentucky, Indiana, Michigan, Illinois, Florida, Tennessee, West Virginia, Georgia, and North Carolina. In total, Fifth Third Bank provides its customers with access to approximately 53,000 fee-free ATMs across the United States. Fifth Third Bank operates four main businesses: Commercial Banking, Branch Banking, Customer Lending and Wealth & Asset Management. Fifth Third is among the largest money managers in the Midwest and, as of June 30, 2020, had $405 billion in assets under care, of which it managed $49 billion for individuals, corporations and not-for profit organizations through its Trust and Registered Investment Advisory business.

4. In response to Paragraph 4 of the Amended Complaint, Defendants admit only that Mr. Carmichael is a resident of Cincinnati, a citizen of the State of Ohio, and currently serves as CEO of Fifth Third Bancorp. He previously held the role of President at Fifth Third Bancorp until October 26, 2020, when Mr. Spence was appointed to the position of President. Mr. Carmichael was named President in September 2012, appointed to the Board of Directors in July 2015, and

was named CEO in November 2015. Mr. Carmichael joined Fifth Third Bank in June 2003 as Executive Vice President and Chief Information Officer.

5. In response to Paragraph 5 of the Amended Complaint, Defendants admit only that Mr. Carmichael has served as Chairman of the Fifth Third Board of Directors since 2015. Defendants deny the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6. In response to Paragraph 6 of the Amended Complaint, Defendants admit only that according to Fifth Third Bancorp's 2020 Proxy Statement, the average annual compensation for the company's CEO for the three-year period from 2017 to 2019 was $9,620,393.67.

7. Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8. In response to Paragraph 8 of the Amended Complaint, Defendants admit only that Plaintiff began his employment with Fifth Third Bank in 1986, and thereafter worked in various positions while located in Louisville, Kentucky through 2005. The remaining allegations contained in Paragraph 8 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 8 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

9. In response to Paragraph 9 of the Amended Complaint, Defendants admit only that in January 2010, Plaintiff was named Executive Vice President and Head of Fifth Third Wealth and Asset Management. The remaining allegations contained in Paragraph 9 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the

extent the allegations contained in Paragraph 9 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

10. In response to Paragraph 10 of the Amended Complaint, Defendants admit only that in April 2017, Plaintiff was named Executive Vice President and Head of Fifth Third Consumer Bank. The remaining allegations contained in Paragraph 10 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 10 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

11. In response to Paragraph 11 of the Amended Complaint, Defendants admit only that in August 2018, Plaintiff was named Executive Vice President and Head of Fifth Third Regional Banking. Defendants, however, specifically deny that Mr. Carmichael assigned Plaintiff responsibility for leadership of all fourteen of the Bank's regional presidents as alleged in Paragraph 11. The remaining allegations contained in Paragraph 11 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 11 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

12. In response to Paragraph 12 of the Amended Complaint, Defendants admit only that in August 2018, Mr. Spence was named Head of Fifth Third Consumer Bank. The remaining allegations contained in Paragraph 12 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 5 of 27 PAGEID #: 1795

12 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

13. The allegations contained in Paragraph 13 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 13 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

14. The allegations contained in Paragraph 14 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 14 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

15. In response to Paragraph 15 of the Amended Complaint, Defendants admit only that in or around mid-August 2019, Mr. Carmichael spoke to Plaintiff and asked him if he would be interested in being included with others in the names to be recommended to Fifth Third Bank's Board of Directors as a **potential emergency, interim** CEO for Fifth Third Bank as part of the Bank's succession planning efforts. Defendants deny the remaining allegations contained in Paragraph 15 of the Amended Complaint, and expressly deny that Mr. Carmichael at any time ever made any promise of any kind relating to the CEO position or stated to Plaintiff that he was the most qualified officer on the executive team to take the President and CEO position as alleged in Paragraph 15 of the Amended Complaint.

16. In response to Paragraph 16 of the Amended Complaint, Defendants admit only that in or around mid-August 2019, Bob Shaffer ("Mr. Shaffer"), Chief Human Resources Officer

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 6 of 27 PAGEID #: 1796

at Fifth Third Bank, confirmed with Plaintiff that his name would be included with others in the recommendations provided to the Bank's Board of Directors as a **potential emergency, interim** CEO as part of the Bank's succession planning efforts. Defendants deny the remaining allegations contained in Paragraph 16 of the Amended Complaint, and expressly deny that Mr. Shaffer at any time ever made any reference of any kind to any promise relating to the CEO position or confided in Plaintiff that it was his opinion that Plaintiff was the most qualified executive to acquire such responsibility as alleged in Paragraph 16 of the Amended Complaint.

17. In response to Paragraph 17 of the Amended Complaint, Defendants admit only that in or around February 2020, at the time of Plaintiff's annual performance review, Mr. Carmichael informed Plaintiff that the Board of Directors was no longer considering any interim CEO contingency plans. Defendants deny the remaining allegations contained in Paragraph 17 of the Amended Complaint, and expressly deny all other allegations including that Mr. Carmichael made any comment or reference regarding Plaintiff's age during Plaintiff's February 2020 performance review.

18. Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required and the allegations contained in Paragraph 20 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 7 of 27 PAGEID #: 1797

21. In response to Paragraph 21 of the Amended Complaint, Defendants admit only that Fifth Third Bank, National Association secured more than $5.5 billion in funding approval for more than 31,000 businesses through two rounds of the Paycheck Protection Program. The remaining allegations contained in Paragraph 21 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 21 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

22. The allegations contained in Paragraph 22 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 22 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

23. Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint, and expressly deny that Mr. Carmichael ever stated to Plaintiff that he was being "demoted" on October 13, 2020 or anytime thereafter. Defendants further state that on October 13, 2020, Mr. Carmichael informed Plaintiff that he was to be named Executive Vice President and Head of Fifth Third Consumer Bank.

24. The allegations contained in Paragraph 24 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 24 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied. Defendants further state that during the

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 8 of 27 PAGEID #: 1798

October 13, 2020 conversation between Mr. Carmichael and Plaintiff, Mr. Carmichael informed Plaintiff that he believed Plaintiff was the best fit to step into the Head of Consumer Bank role. In addition, Mr. Carmichael also informed Plaintiff that if he continued with the company as Head of Consumer Bank through the end of 2020, he would become a Named Executive Officer in the Bank's 2021 Proxy Statement, at a compensation level that would make him one of the five highest-paid employees at the Bank.

25. In response to Paragraph 25 of the Amended Complaint, Defendants admit only that Mr. Carmichael met with Plaintiff again on October 15, 2020. The remaining allegations contained in Paragraph 25 of the Amended Complaint are imprecise and unclear, and Defendants therefore lack sufficient knowledge or information to form a belief as to the truth of such allegations, and thus deny them. Further, to the extent the allegations contained in Paragraph 25 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

26. Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint, and firmly deny that Mr. Carmichael at any time stated that it was his decision to appoint Mr. Spence President of Fifth Third Bancorp, or that the appointment of Mr. Spence as President came at the expense of Plaintiff as alleged in Paragraph 27 of the Amended Complaint. Defendants further deny that Mr. Carmichael at any time made any reference to Plaintiff's age in connection with the appointment of Mr. Spence to the position of President, or that the Bank's decision to appoint Mr. Spence as President had any relation to the age of either Plaintiff or Mr. Spence.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 9 of 27 PAGEID #: 1799

28. Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint. Defendants firmly deny that Mr. Carmichael ever stated to Plaintiff that the decision to appoint Mr. Spence was made to allow him to get the experience he needed to become CEO as alleged in Paragraph 28 of the Amended Complaint. Rather, the decision to appoint Mr. Spence as President was made, in part, to allow the Bank's Board of Directors to evaluate Mr. Spence's abilities and performance for future positions at the Bank.

29. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint, and expressly deny that Mr. Shaffer at any time on October 15, 2020 ever referred to the Head of Consumer Bank position as a "demotion." Defendants further state that Mr. Shaffer spoke to Plaintiff on October 15, 2020, at which time Mr. Shaffer reiterated the Board of Directors' interest in Plaintiff taking over the Head of Consumer Bank role.

30. In response to Paragraph 30 of the Amended Complaint, Defendants admit only that on October 26, 2020, Fifth Third Bank announced the appointment of Mr. Spence as President of Fifth Third Bancorp. Fifth Third denies the remaining allegations contained in Paragraph 30 of the Amended Complaint, and firmly deny that Defendants acted "disingenuously" in any fashion toward Plaintiff in announcing that Plaintiff had voluntarily left the Bank.

31. Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint, and firmly deny that Plaintiff's age ever played a role in any employment decision made by Defendants relating to Plaintiff during his tenure with the company.

32. Defendants admit the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 10 of 27 PAGEID #: 1800

34. In response to Paragraph 34 of the Amended Complaint, Defendants admit only that a Counterclaim was filed by Defendants asserting a claim for abuse of process. Defendants deny the remaining allegations contained in Paragraph 34 of the Amended Complaint, and firmly deny that the filing of their Counterclaim was in any way motivated by any type of retaliatory intent.

35. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint, and firmly deny that they engaged in any retaliatory or harassing acts against Plaintiff or any of his family members. Rather, Plaintiff's family members were lawfully served with Subpoena *Duces Tecum* as a result of their possession of discoverable information relevant to this matter.

36. After a reasonable investigation, Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Amended Complaint and, therefore, deny them.

37. In response to Paragraph 37 of the Amended Complaint, Defendants admit that Plaintiff received a Dismissal and Notice of Rights from the U.S. Equal Opportunity Commission on December 18, 2020. After reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 37 of the Amended Complaint and, therefore, deny them.

38. Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint. Defendants further state that Plaintiff voluntarily chose not to accept the position of Head of Consumer Bank, which would have allowed him to become one of the top five highest-paid employees at Fifth Third Bank.

**COUNT I: FAILURE TO PROMOTE, ADEA**

39. In response to Paragraph 39 of the Amended Complaint, Defendants incorporate by reference their answers and denials to the preceding Paragraphs as if set forth at length herein.

40. In response to Paragraph 40 of the Amended Complaint, Defendants admit only that Plaintiff was 56 years of age at the time Plaintiff voluntarily chose not to accept the position of Head of Consumer Bank, which would have allowed him to become one of the top five highest-paid employees at Fifth Third Bank. Defendants deny the remaining allegations contained in Paragraph 40 of the Amended Complaint, and firmly deny that Plaintiff was "terminated" from his position at Fifth Third Bank or that any of the decisions of Fifth Third Bank that serve as the subject matter of Plaintiff's lawsuit were based in any way on Plaintiff's age.

41. Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

**COUNT II: FAILURE TO PROMOTE, R.C. § 4112**

45. In response to Paragraph 45 of the Amended Complaint, Defendants incorporate by reference their answers and denials to the preceding Paragraphs as if set forth at length herein.

46. Paragraph 46 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required and the allegations contained in Paragraph

46 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

**COUNT III: WRONGFUL TERMINATION, ADEA**

48. In response to Paragraph 48 of the Amended Complaint, Defendants incorporate by reference their answers and denials to the preceding Paragraphs as if set forth at length herein.

49. In response to Paragraph 49 of the Amended Complaint, Defendants admit only that Plaintiff was 56 years of age at the time Plaintiff voluntarily chose not to accept the position of Head of Consumer Bank, which would have allowed him to become one of the top five highest-paid employees at Fifth Third Bank. Defendants deny the remaining allegations contained in Paragraph 49 of the Amended Complaint, and firmly deny that Plaintiff was "terminated" from his position at Fifth Third Bank or that any of the decisions of Fifth Third Bank that serve as the subject matter of Plaintiff's lawsuit were based in any way on Plaintiff's age.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 13 of 27 PAGEID #: 1803

54. Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

**COUNT IV: WRONGFUL TERMINATION, R.C. § 4112**

56. In response to Paragraph 56 of the Amended Complaint, Defendants incorporate by reference their answers and denials to the preceding Paragraphs as if set forth at length herein.

57. Paragraph 57 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required and the allegations contained in Paragraph 57 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

58. Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

**COUNT V: RETALIATION, ADEA**

59. In response to Paragraph 59 of the Amended Complaint, Defendants incorporate by reference their answers and denials to the preceding Paragraphs as if set forth at length herein.

60. Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 14 of 27 PAGEID #: 1804

63. Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

**COUNT VI: RETALIATION, R.C. § 4112**

65. In response to Paragraph 65 of the Amended Complaint, Defendants incorporate by reference their answers and denials to the preceding Paragraphs as if set forth at length herein.

66. Paragraph 66 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is required and the allegations contained in Paragraph 66 of the Amended Complaint imply the existence of facts supporting a claim for relief against Defendants, they are firmly denied.

67. Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Defendants deny the unnumbered WHEREFORE Paragraph, including subparts (A) through (I), in the Amended Complaint.

69. Any allegations contained in the Amended Complaint that were not specifically admitted in the foregoing Paragraphs are hereby denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

70. Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 15 of 27 PAGEID #: 1805

**SECOND AFFIRMATIVE DEFENSE**

71. The Amended Complaint fails to join parties and claims required to be joined by Rules 19 and 19.1 of the Ohio Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

72. Defendants state that the special damages of Plaintiff are not specifically stated in the Amended Complaint as required by Ohio Civil Rule 9(G).

**FOURTH AFFIRMATIVE DEFENSE**

73. Plaintiff's Amended Complaint should be dismissed on the grounds that this Court lacks jurisdiction over the subject matter of the claims against Defendants; lacks personal jurisdiction; is improperly venued; there is failure of service and there is insufficiency of service of process, and failure of service of process.

**FIFTH AFFIRMATIVE DEFENSE**

74. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

75. Plaintiff's claims as stated in the Amended Complaint are barred by the doctrines of acquiescence, laches, waiver, estoppel, course of dealing, ratification, and/or unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

76. Plaintiff's claims as stated in the Amended Complaint are barred by the doctrines of accord and satisfaction, ratification, or payment.

**EIGHTH AFFIRMATIVE DEFENSE**

77. Plaintiff was an at-will employee whose employment could have been terminated at any time and for any lawful reason, with or without cause or notice.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 16 of 27 PAGEID #: 1806

**NINTH AFFIRMATIVE DEFENSE**

78. Defendants possessed legitimate, non-discriminatory reasons for the challenged employment-related action.

**TENTH AFFIRMATIVE DEFENSE**

79. Plaintiff cannot establish a *prima facie* claim necessary to recover under the Ohio Revised Code.

**ELEVENTH AFFIRMATIVE DEFENSE**

80. Even if Plaintiff could establish a *prima facie* case, he cannot establish that Defendants' legitimate, non-discriminatory reasons for its actions were a pretext for discrimination.

**TWELFTH AFFIRMATIVE DEFENSE**

81. Plaintiff cannot state an actionable claim against Defendants because he cannot establish that his age was the "but-for" cause of the challenged employment-related action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

82. Plaintiff's claim is barred because Defendants are not a proximate cause of any harm or injury suffered by Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

83. Plaintiff's claim against Defendant Gregory D. Carmichael in his personal capacity is barred because he is not a proper party defendant to this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

84. Defendants considered all candidates for the President position based on legitimate concerns, such as qualifications and the expected duties of President. Defendants' decision as to

whom to offer the position of President had nothing to do with the age of any candidate whatsoever and specifically had nothing to do with the age of Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

85. Defendants' employment decisions were based on and justified by reasonable factors other than age.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

86. Defendants made reasonable and good-faith efforts to comply with state and federal discrimination laws. To the extent any of the unlawful actions alleged by Plaintiff occurred, those actions were contrary to Defendants' good-faith efforts to comply with state and federal laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

87. Plaintiff's claims are barred, in whole or in part, because Defendants applied their business judgment, acted at all times in good faith, and to the extent Defendants took any employment actions relating to Plaintiff, Defendants had legitimate, non-discriminatory reasons for all such employment actions that were unrelated to Plaintiff's age.

**NINETEENTH AFFIRMATIVE DEFENSE**

88. Plaintiff's claims are barred, in whole or in part, because there was an overriding legitimate business justification for Defendants' employment-related decisions.

**TWENTIETH AFFIRMATIVE DEFENSE**

89. Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in Plaintiff's termination or other employment-related decisions.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 18 of 27 PAGEID #: 1808

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

90. Plaintiff's claims for damages are barred to the extent they exceed the damages available under Ohio or federal law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

91. Plaintiff's claims for punitive damages are barred to the extent that the amounts sought may violate substantive and procedural safeguards guaranteed to Defendants by the United States and Ohio Constitutions. Plaintiff's claims for punitive damages are further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate federal and state interests. Regardless, Defendants have made good faith efforts to comply with the law, thereby precluding recovery of such damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

92. Plaintiff is barred from recovering punitive damages in connection with his ADEA claims, as the ADEA does not permit the recovery of punitive damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

93. Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

94. Plaintiff's claims are barred in whole or in part by his election of remedies.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

95. At all times relevant to this case, Defendants made a reasonable and good faith effort to prevent age discrimination in the workplace.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 19 of 27 PAGEID #: 1809

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

96. Pleading in the alternative, to the extent that Plaintiff is able to show to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendants would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

97. Defendants reserve the right to assert additional defenses as they become known throughout the course of discovery or otherwise.

**WHEREFORE**, having fully responded to the allegations contained in Plaintiff's Amended Complaint, Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and judgment granted in their favor and against Plaintiff, that they be awarded the costs of defending this lawsuit (including reasonable attorney's fees), and that they be awarded any and all other relief to which they may be entitled at law and equity.

**JURY DEMAND**

Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael hereby demand a trial by jury of all issues in the Amended Complaint triable of right by a jury.

**COUNTERCLAIM**

Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association ("Fifth Third Bank") and Gregory D. Carmichael ("Carmichael" or collectively "Defendants"), for their Counterclaim against Plaintiff/Counterclaim Defendant Philip McHugh ("Plaintiff" or "McHugh"), state as follows:

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 20 of 27 PAGEID #: 1810

## INTRODUCTION

1. Unfortunately, the Defendants have been forced to bring this Counterclaim to prevent attempts by the Plaintiff to coerce Fifth Third Bank to act in a way that benefits him personally to the detriment of the Bank's shareholders, customers, employees, and public. This Fifth Third Bank will not do. Instead, the Bank will steadfastly protect its shareholders, customers, and employees.

2. This Plaintiff, of course, is not the first person to use the litigation process to coerce a defendant to behave as he wants. Some would argue that litigation as a guerilla tactic has become common in our society.

3. As a bulwark against this trend, the Ohio Supreme Court held for the first time in 1994 that "Ohio recognizes the tort of abuse of process" to prevent a plaintiff from perverting the legal process "to accomplish an ulterior purpose" and that "a claim for abuse of process can legitimately be brought as a counterclaim." *Yaklevich v. Kemp, Schaeffer & Rowe Co., LPA*, 68 Ohio St. 3d 294, 1994-Ohio-503 (1994).

4. Later in 1996, the Ohio Supreme Court again recognized the tort of abuse of process and held: "In an abuse of process case, '[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage not properly involved in the proceeding itself … by the use of the process as a threat or a club.' Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Robb v. Chagrin Lagoons Yacht Club*, 75 Ohio St. 3d 264, 1996-Ohio-189 (1996) (internal citations omitted).

## THE FACTS AND PLAINTIFF'S GUERILLA LITIGATION TACTICS

5. Since August 2018, Plaintiff Phil McHugh ("Plaintiff") was employed by Fifth Third Bank as Executive Vice President and Head of Fifth Third Regional Banking.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 21 of 27 PAGEID #: 1811

6. Plaintiff's combined 2020 compensation package in his role as Head of Regional Banking totaled $2,050,352.

7. In late 2018, Fifth Third Bank President, Chief Executive Officer ("CEO"), and Chairman of the Board of Directors Gregory Carmichael approached Plaintiff and offered him the position of president of one of Fifth Third's largest regions.

8. Shortly thereafter, Fifth Third Chief Human Resources Officer Bob Shaffer and another Fifth Third executive each had a conversation with Plaintiff about the position of president of one of Fifth Third's largest regions.

9. At that time, Plaintiff told each executive separately that he would not accept the position of president of one Fifth Third's largest regions because it was his intention to work only for the next five years before he would enter retirement. He stated that he did not feel it would be fair to Fifth Third Bank because success in that position would take longer than five years and the need for continuity warranted the installation of someone who would remain with the Fifth Third Bank for longer than five years.

10. Following many months of succession planning, in 2020 Tim Spence—an experienced, high-ranking executive at Fifth Third Bank—was vetted for the position of President at Fifth Third Bancorp. Mr. Spence is in the same protected age classification of "over 40."

11. The Bank did not conceal this vetting activity, which was widely known across the Bank. In fact, Mr. Carmichael informed Plaintiff that he would be part of the vetting process. At that time, Plaintiff agreed to participate and did not raise any issues or concerns with this activity or his status with the company.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 22 of 27 PAGEID #: 1812

12. Plaintiff thereafter actively took part in the vetting process himself through interviews he completed with the executive development agency that was responsible for evaluating and vetting Mr. Spence.

13. In addition, multiple executives conferred with Plaintiff that Mr. Spence was being vetted for President and CEO succession purposes. At no time did Plaintiff object or state that he, Plaintiff, should be President or should be CEO.

14. At the Bank's September 2020 Board meeting, Fifth Third Bank's Board of Directors met with the executive development agency to discuss the vetting of Mr. Spence. Plaintiff was aware of this meeting.

15. Despite this activity—of which Plaintiff had intricate knowledge—at no time did Plaintiff ever approach Mr. Carmichael or Mr. Shaffer to inquire about his status in being considered for the position of President or CEO.

16. Nor did Plaintiff ever make any attempt to speak to the Board of Directors or the executive development experts responsible for vetting Mr. Spence to inquire about whether he would also take part in a similar vetting process.

17. On October 13, 2020, Mr. Carmichael met with Plaintiff to inform him about the Board of Directors' decision to appoint Mr. Spence as President, and the impending announcement that would be made regarding this development in the near future.

18. At the same time, Mr. Carmichael also informed Plaintiff that he wanted him to transition from his position as Head of Regional Banking to Head of Consumer Banking.

19. Significantly, this transition to Head of Consumer Banking would have put Plaintiff in a proxy-level position, which would have resulted in Plaintiff becoming a Named Executive

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 23 of 27 PAGEID #: 1813

Officer in the Bank's 2021 Proxy Statement, at an annual total income level well in excess of $2,000,000.

20. Beyond that, had Plaintiff continued as Head of Consumer Banking, his total income would not have diminished, and his total annual compensation would have continued at $2,250,000, making him one of the top five highest-paid executives in the company.

21. Human hubris being what it is, the news about Mr. Spence angered Plaintiff. In a fit of petulance, Plaintiff told Carmichael that he would not accept the assignment of Head of Consumer Banking, notwithstanding its enormous significance and proxy-level salary. Plaintiff boastfully bellowed at Carmichael that he, Plaintiff, was the best person to be President and CEO, not Spence, and that he, Plaintiff, was the most respected executive on the floor.

22. Plaintiff then left the Fifth Third Center, refused to follow Carmichael's directive to assume the role of Head of Consumer Banking, and refused to return to work.

23. Immediately thereafter, the guerilla litigation tactics began in order to coerce Carmichael, the Board, and the Bank to capitulate to Plaintiff's insubordination and accede to his demands, contrary to the best interests of the Bank, its customers, and employees.

24. On October 27, 2020, at 11:00 AM, Plaintiff's lawyer emailed a draft of a Complaint to Susan Zaunbrecher, Fifth Third's Chief Legal Officer. The email threatened: "If the Bank continues to stand by its decision, Phil will file his complaint with the Hamilton County Court of Common Pleas tomorrow afternoon."

25. The email also explicitly detailed the guerilla litigation tactics that would be deployed to further coerce the Bank and its officers: "I suspect that we will look to conduct discovery of Messrs. Carmichael, Shaffer, and McCallister fairly soon, and look for proposed dates in early December for that purpose."

26. Fifth Third Bank did not relent and did not betray its customers and employees. The Bank stood by its decision. So, on October 28, Plaintiff followed through on the foregoing threats and filed the Complaint. The Complaint is cloaked in the veneer of a properly-pleaded age discrimination claim, the merits of which will be decided in the course of the lawsuit.

27. For purposes of this Counterclaim, however, it is important to note that the Complaint is merely pretext and is designed to achieve an ulterior purpose.

28. That ulterior purpose is to coerce the Defendants to abandon their decision about Tim Spence and the decision about Plaintiff's duties at the Bank versus Tim Spence's duties—decisions made after many months of careful thought, planning, and vetting with the assistance of leading expert consultants in the field of President and CEO evaluation, selection, and succession.

29. This Counterclaim is Fifth Third Bank's statement that it will not be coerced into succumbing to the whims of an executive who always maintained that he did not want to be president of one of Fifth Third's largest regions and then changed his mind when another person was selected.

30. Every time, every day Fifth Third Bank will put the good of its customers and employees before the whims of a highly compensated executive.

**FIRST CAUSE OF ACTION**
**Abuse of Process**

31. Defendants incorporate by reference the preceding Paragraphs as if set forth at length herein.

32. The actions of Plaintiff, described above, constitute the intentional tort of abuse of process.

33. On October 28, 2020, Plaintiff, by and through his attorney, John McHugh, III, filed a lawsuit against Defendants for allegations of age discrimination.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 25 of 27 PAGEID #: 1815

34. Plaintiff's lawsuit against Defendants was a legal proceeding which was set in motion by the filing of Plaintiff's Complaint.

35. The Complaint filed by Plaintiff was made under the veneer of a proper form and veneer of probable cause.

36. The Complaint filed under the gloss of a proper form and probable cause is pretextual and actually designed to achieve an ulterior purpose which could never be accomplished by the lawsuit nor granted by a court.

37. Specifically, Plaintiff is using the litigation process to coerce the Defendants to abandon their considered judgment as to the best interests of the Bank, its shareholders, and employees and instead to accede to the changing whims of Plaintiff. The Plaintiff's litigation tactics also seek to vex, harass, and damage the reputation of the Defendants—all for the purpose of Plaintiff getting his way, however misguided and wrong.

38. The Complaint is an improper attempt to coerce Fifth Third Bank into doing what the Court is powerless to order.

39. As a result of the foregoing, Defendants have suffered damage and injury from Plaintiff's wrongful use and abuse of process.

40. As a result of Plaintiff's abuse of process, Defendants have been severely and permanently damaged.

41. Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael hereby demand a trial by jury of all issues in their Counterclaim triable of right by jury.

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 26 of 27 PAGEID #: 1816

**WHEREFORE,** Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael demand judgment in their favor and against Plaintiff Philip McHugh for:

a. an award of compensatory damages, plus pre- and post-judgment interest in an amount in excess of $25,000;

b. punitive damages in an amount to be determined at trial;

c. attorney's fees and costs of suit as allowed by law; and

d. all other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)
David J. Oberly, Esq. (0088410)
Thomas H. Stewart, Esq. (0059246)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: Cioffi@BlankRome.com
Email: DOberly@BlankRome.com
Email: Stewart@BlankRome.com

*Attorneys for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

Case: 1:21-cv-00238-MRB Doc #: 10 Filed: 04/08/21 Page: 27 of 27 PAGEID #: 1817

## CERTIFICATE OF SERVICE

I, Michael L. Cioffi, Esquire, hereby certify that, on March 31, 2021, a copy of the foregoing Defendant/Counterclaimants Fifth Third Bancorp's, Fifth Third Bank, National Association's, and Gregory D. Carmichael's Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Counterclaim was filed using the Hamilton County Court of Common Pleas' E-Filing System and served by electronic email at the following address:

John J. McHugh, Esq.
MCHUGH & MCCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
mchugh@mchughlaw.com

Peter A. Saba, Esq.
Joshua M. Smith, Esq.
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorneys for Plaintiff/Counterclaim Defendant, Philip McHugh*

**BLANK ROME LLP**

/s/ Michael L. Cioffi
Michael L. Cioffi, Esq. (0031098)

*Attorney for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

# EXHIBIT 3

# [PRODUCED FOR *IN CAMERA* INSPECTION]

EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PHILIP R. McHUGH, Plaintiff, vs. FIFTH THIRD BANCORP, *et al.*, Defendants. | Case No. 1:21-cv-00238 Judge: Hon. Michael R. Barrett |

**DEFENDANTS FIFTH THIRD BANCORP'S, FIFTH THIRD BANK, NATIONAL ASSOCIATION'S, AND GREGORY D. CARMICHAEL'S INITIAL RULE 26(a) DISCLOSURES**

Defendants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael (collectively "Fifth Third Bank" or the "Bank"), by and through their undersigned counsel, Blank Rome LLP, hereby make the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the parties' Joint Discovery Plan.

These disclosures are made based on information reasonably available to Fifth Third Bank as of the present date. By making these disclosures, Fifth Third Bank does not represent that it is identifying every document, tangible thing, or witness that it may use in support of its claims and defenses in the above-captioned matter.

These disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

In making these disclosures, Fifth Third Bank is making a good faith attempt to produce the information presently known and available. Fifth Third Bank has not yet completed its investigation of the facts related to the action, has not yet completed discovery in this action, and has not yet completed preparation for trial. Fifth Third Bank expressly reserves the right to supplement these disclosures at a later time, should it deem such supplementation necessary or appropriate, in accordance with the Federal Rules of Civil Procedure at appropriate intervals during the discovery process as the issues raised by the pleadings are clarified, and as additional information is made known to the parties.

Any information or documents produced in these disclosures are produced solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any other objections or grounds that would require the exclusion of any evidence at trial or in any proceeding in this action. All applicable objections are reserved and may be interposed later. No incidental or implied admissions are intended by these disclosures. Further, Fifth Third Bank's disclosures herein do not waive, and Fifth Third Bank expressly reserves the right: (1) to object to any effort to use any disclosure in any step or proceeding in this action or any other action; (2) to request a stay of this action; and (3) to object on any ground to other discovery requests regarding the subject matter of any disclosure herein.

**A. Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the foregoing qualifications, based on Fifth Third Bank's reasonable, preliminary, ongoing investigation, the following individuals may have knowledge regarding the parties' claims and/or defenses in the above-captioned matter:

a. **Gregory D. Carmichael**
Chairman, President and Chief Executive Officer, Fifth Third Bancorp
Contactable through Blank Rome LLP

Gregory Carmichael has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

b. **Robert Shaffer**
Chief Human Resources Officer, Fifth Third Bancorp
Contactable through Blank Rome LLP

Robert Shaffer has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

c. **Michael B. McCallister**
Chair, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Michael McCallister has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

d. **Gary R. Heminger**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Gary Heminger has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

e. **Eileen A. Mallesch**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Eileen Mallesch has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

f. **Marsha C. Williams**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Marsha Williams has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

g. **Emerson L. Brumback**
Member, Fifth Third Bank Human Capital and Compensation Committee
Contactable through Blank Rome LLP

Emerson Brumback has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

h. **Plaintiff Philip McHugh**
800 Finley Lane
Cincinnati, Ohio 45242

Plaintiff Philip McHugh has information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

i. **Colleen Theresa McHugh Sweeney**
7248 Osceola Drive
Cincinnati, Ohio 45243

Colleen Theresa McHugh Sweeney has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

j. **Suzanne McHugh**
800 Finley Lane
Cincinnati, Ohio 45242

Suzanne McHugh has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

k. **Philip Raymond McHugh, Jr.**
800 Finley Lane
Cincinnati, Ohio 45242

Philip McHugh, Jr. has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

l. **Patrick McHugh**
800 Finley Lane
Cincinnati, Ohio 45242

Patrick McHugh has information relevant to the facts alleged in Plaintiff's Complaint and correspondence initiated and engaged in by Plaintiff's family members with

employees of Fifth Third Bank after Plaintiff had voluntary resigned from his position at the Bank in October 2020.

m. **All Witnesses Identified in Plaintiff's Initial Rule 26(a) Disclosures/Discovery Responses**

Witnesses identified by Plaintiff in his Initial Rule 26(a) Disclosures and/or his discovery responses may have information relevant to the facts alleged in Plaintiff's Complaint and Fifth Third Bank's Counterclaim for abuse of process.

Fifth Third Bank expressly reserves the right to rely on any and all witnesses identified by Plaintiff to establish its claims and defenses in this case.

Fifth Third Bank expressly reserves the right to supplement this list of persons likely having discoverable information in the event that additional information becomes available to it during discovery or its investigation as permitted by the Federal Rules of Civil Procedure.

**B. Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the foregoing qualifications, based on Fifth Third Bank's reasonable, preliminary, ongoing investigation, Fifth Third Bank may use the following categories of documents to support its claims in the above-captioned matter:

a. Business records of Fifth Third Bank.

b. Performance reviews of Plaintiff Philip McHugh and other employees of Fifth Third Bank.

c. Records of RHR International LLP relating to Fifth Third Bank's evaluation and vetting process for the position of Fifth Third Bancorp President and CEO.

Fifth Third Bank expressly reserves the right to rely on any and all documents produced by Plaintiff to establish its claims and defenses in this litigation.

Fifth Third Bank's investigation is ongoing, and Fifth Third Bank reserves the right to supplement its initial disclosures should any documents become available, and to identify

additional documents that may be disclosed or discovered, or which may become relevant in this action as permitted by the Federal Rules of Civil Procedure.

**C. Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Subject to the foregoing qualifications, based on Fifth Third Bank's reasonable, preliminary, ongoing investigation, Fifth Third Bank provides the following computation of damages with respect to its abuse of process Counterclaim.

In order to establish the tort of abuse of process, a party must show that: (1) a legal proceeding was properly initiated with probable cause; (2) the proceeding was perverted to accomplish an ulterior motive for which it was not designed; and (3) direct damage ensued from the wrongful use of process.[1] As this is a tort action, damages for abuse of process can generally be recovered for injuries sustained as a natural and probable consequence of the wrongful conduct.[2]

More specifically, "[d]amages recoverable for abuse of process are compensatory for the natural results of the wrong, and may include recompense for physical or mental injury; expenses; loss of time; *and injury to business, property or financial standing*.[3] Moreover, intangible damages, such as reputational damages, are also recoverable on a claim for abuse of process where

---

[1] *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298 (1994).

[2] *Johnson v. Thrift S. & L. Co.*, 1st Dist. Hamilton No. C-920115, 1993 WL 323380, at *9 (May 26, 1983).

[3] *Huggins v. Winn-Dixie Greenville, Inc.*, 252 S.C. 353, 362 (S.C. 1969) (emphasis added).

they could be considered the natural and probable consequence of the wrongful conduct.[4] Additionally, attorneys' fees are also recoverable as damages on an abuse of process claim as well.[5]

With respect to the reputational harm incurred by the Bank, because reputational damages are "hard-to-quantify injuries," evidence regarding the *specific* amount of resulting damages is not required.[6] Since reputational damages are not amenable to exact calculation, the factfinder must use "sound judgment" in determining the amount of such damages.[7] Similarly, a jury "[is] free to place any dollar amount on [the noneconomic] harm," so long as it is not "so grossly executive."[8] The precise amount of these damages will be established at trial.

With respect to the attorney's fees component of its damages claim, the Bank will be forced to expend approximately $1.25 million over the course of this litigation. This figure will be exacerbated and increased if Plaintiff proceeds to conduct the large number of depositions he identified during the parties' Rule 26(f) conference in April.

In addition to compensatory damages, Fifth Third Bank is also entitled to punitive damages as a result of Plaintiff's egregious and malicious conduct which, from the outset of this action, has

---

[4] *Id.* at 363; *Guilfoile v. Shields Pharmacy, LLC*, 2020 WL 291368, at *4 (D. Mass. Jan. 21, 2020); *Millennium Equity Holdings, LLC v. Mahlowitz*, 456 Mass. 627, 650 (Mass. 2010) (judgment affirmed by Massachusetts Supreme Judicial Court in favor of plaintiff on abuse of process claim; plaintiff could recover for "intangible harm to [plaintiff's] reputation separate from and in addition to any loss of business or any other pecuniary harm he may have suffered"); *Lawrence v. Grindle*, 534 N.W.2d 414 (Iowa 1995) (noting that damages to one's reputation have been held to be recoverable in actions of abuse of process).

[5] *Guilfoile*, 2020 WL 291368, at *4; *Millennium Equity Holdings*, 456 Mass. at 645 (stating that "[t]he 'natural and probable' consequences of an abuse of process lawsuit include the costs incurred in successfully defending the charge" and "[a]s such, fees for defending such a lawsuit are considered compensatory damages, not attorney's fees") (quoting *American Velodur Metal, Inc. v. Schinabeck*, 20 Mass. App. Ct. 460, 470 (1985)).

[6] *Sherwin-Williams Co. v. JB Collision Services, Inc.*, 768 Fed. Appx. 756, 759 (9th Cir. 2019).

[7] *Innovative Block of South Texas, Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 423 (Tex. 2020).

[8] *Sherwin-Williams Co.*, 768 Fed. Appx. at 759 (citing *Rony v. Costa*, 210 Cal. App. 4th 746, 756, 148 Cal.Rptr.3d 642 (Cal. 2012)).

been designed for no purpose other than to damage the Bank's financial position and its reputation with customers, other consumers, and the community as a whole—all because the Bank did not capitulate and make him CEO.

The purpose of punitive damages is not to compensate the plaintiff, but to punish and deter certain conduct.[9] A punitive damages award "is more about [the] defendant's behavior than the plaintiff's loss."[10] The Ohio Supreme Court has instructed that the focus of the award should be the defendant.[11] "There is no magic formula for determining the proper amount of punitive damages. Rather, the amount that should be awarded is the amount that best accomplishes the twin aims of punishment and deterrence as to that defendant."[12] The Ohio Supreme Court has permitted punitive damages awards with a 6,250-to-one damages ratio to stand,[13] and such large disparities are allowable because a punitive damages award is more about the behavior of the party responsible for the wrongful conduct.[14]

While the Bank understands that punitive damages awards in amounts that are many times over the total amount of a total compensatory damages award is plainly admissible in Ohio, in adhering to the Ohio Supreme Court's guidance that punitive damages should "not require, or invite financial ruination of a defendant that is liable for punitive damages [and that a] punitive damages award should not go beyond what is necessary to achieve its goals,"[15] the Bank seeks punitive damages in the amount of $2,250,000—which represents the approximate total annual

[9] *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1993).
[10] *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio. St.3d 77, 781 N.E.2d 121, 2002-Ohio-7113, ¶ 178.
[11] *Id.*
[12] *Id.* ¶ 99.
[13] *Wightman v. Consolidated Rail Corp.*, 86 Ohio St.3d 431, 438, 715 N.E.2d 546, 1999-Ohio-119.
[14] *Id.* at 439.
[15] *Dardinger*, 98 Ohio St.3d at ¶ 178.

compensation Plaintiff would have received from the Bank in 2021 had he not voluntarily resigned his position and then immediately thereafter initiated this baseless, malicious litigation. More important than that, this figure is both reasonable—equal to one year of Plaintiff's pay—and accomplishes the twin aims of punishment and deterrence as to Plaintiff.

Fifth Third Bank expressly reserves the right to supplement this disclosure in the event that additional information becomes available to it during discovery or its investigation as permitted by the Federal Rules of Civil Procedure.

**D. Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Subject to the foregoing qualifications, Fifth Third Bank has standard D&O coverage, but with high self-insured retentions. As a practical matter, therefore, and subject to further review of the applicable policies, it appears unlikely that the Bank has insurance that would respond to satisfy all or part of any judgment in this case.

Fifth Third Bank expressly reserves the right to supplement this response in in the event that additional information becomes available to it during discovery or its investigation as permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

**Dated:** May 28, 2021

**BLANK ROME LLP**

*s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)
David J. Oberly, Esq. (0088410)
Thomas H. Stewart, Esq. (0059246)
1700 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202
Tel.: (513) 362-8701
Fax: (513) 362-8702
Email: Cioffi@BlankRome.com
Email: DOberly@BlankRome.com
Email: Stewart@BlankRome.com

*Attorneys for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

## CERTIFICATE OF SERVICE

I, Michael L. Cioffi, Esquire, hereby certify that, on May 28, 2021, a copy of the foregoing Defendants Fifth Third Bancorp's, Fifth Third Bank, National Association's, and Gregory D. Carmichael's Initial Rule 26(a) Disclosures was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John J. McHugh, Esq.
MCHUGH & MCCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
mchugh@mchughlaw.com

Peter A. Saba, Esq.
Joshua M. Smith, Esq.
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
pas@sspfirm.com
jms@sspfirm.com

*Attorneys for Plaintiff/Counterclaim Defendant, Philip McHugh*

**BLANK ROME LLP**

*s/ Michael L. Cioffi*
Michael L. Cioffi, Esq. (0031098)

*Attorney for Defendants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

# EXHIBIT 5

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 6

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 7

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 8

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 9

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 10

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 11

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 12

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 13

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 14

# [PRODUCED FOR *IN CAMERA* INSPECTION]

EXHIBIT

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| PHILIP R. McHUGH,<br>Plaintiff,<br>vs.<br>FIFTH THIRD BANCORP, *et al.*,<br>Defendants. | Case No. 1:21-cv-00238-MRB<br>Judge: Michael R. Barrett<br>**DEFENDANTS' DISCLOSURE OF FACT WITNESSES** |

Pursuant to the Minute Entry and Notation Order entered on May 20, 2022, Defendants, Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael submit the following disclosures of fact witnesses whom Defendants may call at trial:

1. Plaintiff, Phillip R. McHugh (as if on cross)
2. Lars Anderson
3. Guy Beaudin
4. Emerson L. Brumback
5. Gregory D. Carmichael
6. Gary R. Hemminger
7. Charley King
8. Eileen A. Mallesch
9. Michael B. McAllister
10. Erin McHugh (as if on cross)
11. Patrick McHugh (as if on cross)
12. Phillip McHugh, Jr. (as if on cross)

13. Suzanne McHugh (as if on cross)

14. Elizabeth McKay

15. Nancy C. Pinckney

16. Robert P. Shaffer

17. Timothy N. Spence

18. Brian Sweeney (as if on cross)

19. Colleen McHugh Sweeney (as if on cross)

20. Tayfun Tuzun

21. Marsha C. Williams

22. Susan Zaunbrecher

23. One or more members of the board of CISE

Defendants reserve the right to identify and/or call any fact witnesses identified by Plaintiff. Defendants reserve the right to identify and/or call additional fact witnesses in rebuttal to Plaintiff's case in chief. Because discovery is still ongoing, Defendants reserve the right to supplement and/or amend this witness list.

Date: August 1, 2022

Respectfully submitted

*<u>/s/ Michael L. Cioffi</u>*
Michael L. Cioffi (0031098)
Thomas H. Stewart (0059246)
BLANK ROME LLP
201 E. Fifth Street, Suite 1700
Cincinnati, Ohio 45202
Tel.: (513) 362-8701/04
Fax: (513) 362-8702/93
Email: michael.cioffi@blankrome.com
Email: tom.stewart@blankrome.com

*Attorneys for Defendants/Counterclaimants Fifth Third Bancorp, Fifth Third Bank, National*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was emailed to Plaintiff's counsel of record on August 1, 2022.

*/s/ Michael L. Cioffi*
*Counsel for Defendants Fifth Third Bancorp, Fifth Third Bank, National Association, and Gregory D. Carmichael*

# EXHIBIT 16

# [PRODUCED FOR *IN CAMERA* INSPECTION]

EXHIBIT
17

| | |
|---|---|
| **Subject:** | Mid-Year Review w/ Phil |
| **Location:** | My Office |
| **Start:** | 8/15/2019 1:00 PM |
| **End:** | 8/15/2019 1:30 PM |
| **Show Time As:** | Busy |
| **Recurrence:** | (none) |
| **Organizer:** | Carmichael, Greg |
| **Required Attendees:** | Carmichael, Greg |

# EXHIBIT 18

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 19

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 20

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 21

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 22

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 23

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

**BCC:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bob.Shaffer]; Shaffer, Bob [/o=fifth third bank/ou=cincinnati/cn=recipients/cn=bob.shaffer]
**Subject:** Draft Talent and Succession Deck for the Board
**Attachments:** Executive Talent Management_Update-2019_111219.pptx

Greg,

Attached is a draft deck for your review. I have time set up with you on Thursday to go through this and discuss succession. There are a number of changes to this deck, compared to what we used the last couple of years.

Bob

EXHIBIT
24

# EXHIBIT 25

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 26

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 27

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

**From:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=CINCINNATI/CN=RECIPIENTS/CN=BOB.SHAFFER]
**Sent:** 12/5/2019 5:21:06 PM
**To:** Hennard, Paula [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Paula.Hennard]
**Subject:** FW: Fifth Third Human Capital and Executive Talent Management and Succession Plan updates
**Attachments:** Executive Talent Management_Update-2019_120319.pptx

**From:** Shaffer, Bob <Bob.Shaffer@53.com>
**Sent:** Tuesday, December 3, 2019 8:50 AM
**To:** Marshawilliams@outlook.com; Mike McCallister <mbm2045@gmail.com>
**Cc:** Carmichael, Greg <Greg.Carmichael@53.com>
**Subject:** Fifth Third Human Capital and Executive Talent Management and Succession Plan updates

Marsha and Mike,

Attached is a draft of the deck we will use for the Human Capital and Executive Talent Management and Succession Plan updates with the Board on December 17th. We wanted to share with you ahead of time for your review. We plan to distribute to all Board members by mid next week. Please let me know if you have any questions or other feedback. I appreciate it. Looking forward to seeing you in a couple of weeks.

Thanks,

Bob

EXHIBIT 28

Message

| | |
|---|---|
| **To:** | nkakins@aep.com; evanbayh1@gmail.com; Jorge@jorgebenitez.com; Katie.blackburn@bengals.nfl.net; embrumback@aol.com; jb5nupe@yahoo.com; bdaniels@prairie-capital.com; hal@energyinnovation.org; garyheminger@marathonpetroleum.com; jhoover5@carolina.rr.com; emallesch@gmail.com; mbm2045@gmail.com; Marshawilliams@outlook.com |
| **CC:** | Carmichael, Greg [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Greg.Carmichael]; Wires, Lisa [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=E513863]; Hennard, Paula [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Paula.Hennard]; lrharris@aep.com; christi.mayer@gmail.com; leichler@praire-capital.com; giselle@energyinnovation.org; aaberger@marathonpetroleum.com; p.denning@yahoo.com |
| **BCC:** | Shaffer, Bob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bob.Shaffer]; Shaffer, Bob [/o=fifth third bank/ou=cincinnati/cn=recipients/cn=bob.shaffer] |
| **Subject:** | Fifth Third Talent Management and Succession Planning Document for Board Meeting on December 17 |
| **Attachments:** | FIANLExecutive Talent Management_Update-2019_121019.pptx |

Board Members:

Attached is the document Greg and I will utilize for the Human Capital and Executive Talent Management and Succession Plan Updates discussion on 12/17/19, starting at 7:00AM. This discussion will focus on our Human Capital strategies, talent management processes, key 2019 talent actions, discussions of our Enterprise Team members and our executive pipeline. I look forward to seeing you next week.

Bob

EXHIBIT

29

# EXHIBIT 30

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 31

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 32

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 33

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

| | |
|---|---|
| **From:** | Shaffer, Bob [/O=FIFTH THIRD BANK/OU=CINCINNATI/CN=RECIPIENTS/CN=BOB.SHAFFER] |
| **Sent:** | 1/3/2020 7:15:33 PM |
| **To:** | Carmichael, Greg [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Greg.Carmichael] |
| **BCC:** | Shaffer, Bob [/o=fifth third bank/ou=cincinnati/cn=recipients/cn=bob.shaffer]; shaffer, bob [bob.shaffer@53.com] |
| **Subject:** | Carmichael Direct Report Reviews |
| **Attachments:** | Enterprise Performance Rating Template_121819.xlsx; Carmichael DR Performance Reviews 2019.docx |

Greg,

Happy New Year! I hope you had a great Holiday season with your family.

Attached is a Word document with draft performance reviews for all of your direct reports. A few items:

- I included proposed ratings for each "What" goal category. The rating options are Exceptional, Exceeds, Achieves, Needs Improvement and Unsatisfactory
- I also included the ratings for each "How" goal category (These ratings were included in the deck we used for the Talent discussion with the Board). The rating options are Strength, Effective and Opportunity.
- See the attached Excel document for a summary of the proposed "What" and "How" ratings of each of your direct reports. I like to look at them on one page for alignment purposes.
- I directly leveraged the key strengths and key opportunities for each person from the deck we used for the Board meeting.
- I added Employee Viewpoints Survey scores for each person.
- I don't have the Manage Risk Ratings from Frank yet. I will add when I get them.

Please review and let me know if you have any questions/thoughts. We have time scheduled at 8:30 Monday that we can use to discuss as well.

I should have proposed compensation recommendations early next week. Lorin Olson is preparing them based on the market data we shared with the HCCC in December.

Thanks,

Bob

EXHIBIT
34

Confidential

FIFTHTHIRD-MCHUGH-000469

# EXHIBIT 35

# [PRODUCED FOR *IN CAMERA* INSPECTION]

## 2019 Performance Review
## Phil McHugh

### What:

*Strategic and Financial Management - Exceeds*

*Operational Efficiency – Exceeds*

*Customer Experience - Exceeds*

*Talent Optimization - Achieves*

Phil is a seasoned, versatile leader with significant organizational knowledge and credibility. He has a strong understanding of our businesses, effectively drives execution and is deeply committed to the success of Fifth Third. Phil always does what is in the best interest of the Company to achieve outcomes in the right way. Phil takes full accountability of his areas and never makes excuses or distributes blame. He is a great leader for his people, inspires followership and is always there to assist them in their success. Phil is a strong team player and collaborates with all of his business partners and appropriately addresses challenges. Phil's 2019 Employee Viewpoint Survey score for all of his areas totaled 73%, compared to the Bancorp score of 72%, exclusive of legacy MB employees.

It was Phil's first full year having leadership responsibility of the regions. He is highly engaged with the regional leadership teams and ensures the key business and talent issues are proactively addressed. Phil did a great job leading the regional Ops Reviews in 2019 and continues to visit each region as needed to more deeply understand strengths and opportunities as well as to assess talent. Phil provided great leadership to build support for key moves in the regions in 2019. This included realigning reporting from the Bancorp to the regional presidents of the local Business Banking and Treasury Management sales teams, along with regional Marketing and Communications, to better leverage the competitive advantage of the regional operating model.

Phil did a nice job in 2019 of working with the Chicago region leadership team on the integration of MB Financial and its employees. Phil proactively assumed leadership of certain key integration activities and issues and worked to develop and implement solutions that positively impacted our customers and employees.

Phil continues to do a great job of providing outstanding executive leadership to many of corporate activities and events, and willing assumes such leadership responsibilities. One significant example is the annual President's Circle, which recognizes the top performers in our sales force who demonstrate strong performance on both the "What" and "How" goals. Phil does a great job in leading such events to ensure they achieve the best outcomes and positively impacts our employees.

### How:

*Create Connections – Strength*

*Be a Great Coach – Effective*

EXHIBIT
36

## 2019 Performance Review
## Phil McHugh

*Lead with Agility – Strength*

*Act Like an Owner – Strength*

Phil lives our leadership capabilities and core values. He approaches everything with the highest integrity, fully assesses the risks in every decision and consistently leads and acts like an owner of our business. He operates in a very collaborative manner with his peers. He partners well with the Risk and Compliance groups to ensure decisions are consistent with our risk appetite. Phil is our most tenured executive and brings deep historical knowledge to all of our key decisions to ensure prior learnings and results are appropriately considered.

### Manage Risk Rating: Effective

See separate evaluation completed by the Chief Risk Officer.

### Overall Rating: Exceeds

### Opportunities for 2020:

- Continue to identify and implement strategies to enhance the performance of our regions as well as the efficiency and consistency of our regional operating rhythms.
- Ensure the sustained integration of legacy MB Financial employees and customers to realize planned business results and promote growth opportunities.
- Be very visible to our key clients and appropriately support client acquisition in our markets.
- Ensure timely execution of talent management actions to make certain the very best leaders are in key positions.

# EXHIBIT 37

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 38

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 39

# [PRODUCED FOR *IN CAMERA* INSPECTION]

FIFTH THIRD BANK

# 2019 Pay for Performance Details for Phil McHugh

| Performance Ratings | |
|---|---|
| Overall Performance Rating | Risk Performance Rating |
| 4 | Effective |

| Base Salary | | | |
|---|---|---|---|
| Current Base Salary | Increase $ | Increase % | 2020 Base Salary |
| $490,360 | $9,807 | 2.0% | $500,167 |

| Variable Compensation | | | |
|---|---|---|---|
| 2019 VC Target | 2019 VC Target | VC Award % of Target | VC Award |
| 110% | $539,396 | 100% | $540,000 |

| Long-Term Incentive | | |
|---|---|---|
| 2019 Target LTI | LTI Award % of Target | LTI Award |
| $1,000,000 | 100% | $1,000,000 |

# 2020 Compensation Targets

| 2020 Base Salary | 2020 VC Target | VC Target in $'s | 2020 LTI Target |
|---|---|---|---|
| $500,167 | 110% | $550,184 | $1,200,000 |

EXHIBIT
40

Classification: Internal Use

# EXHIBIT 41

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 42

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 43

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

**From:** Guy Beaudin [gbeaudin@rhrinternational.com]
**Sent:** 3/18/2020 7:07:53 PM
**To:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bob.Shaffer]
**Subject:** Re: Proposal

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob,
I am sure you are dealing with a lot of issues at the moment, so please let me know if this is still a good time to follow up on the proposal. If so I will give you a few options for a call some time next week.
Hope you are doing ok.
Guy

On Thu, Mar 12, 2020 at 1:52 PM Guy Beaudin <gbeaudin@rhrinternational.com> wrote:

Bob,
I have attached an outline for the work with timelines, etc. I am happy to get on a call Monday either 930 or 1030 to answer any questions.
Let me know.
Guy

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

--

EXHIBIT
44

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

# EXHIBIT 45

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

**From:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=CINCINNATI/CN=RECIPIENTS/CN=BOB.SHAFFER]
**Sent:** 6/8/2020 9:16:28 PM
**To:** Carmichael, Greg [/o=Fifth Third Bank/ou=Cincinnati/cn=Recipients/cn=Greg.Carmichael]
**Subject:** Guy Conversation
**Attachments:** Winning Formula - CEO Profile FTB -2015.docx

**Key Highlights/next Steps:**

- Guy agrees that if Tim is "the" successor don't add Tayfun and Phil formerly. Although, he would recommend, at a minimum, we discuss with Marsha that she/the Board is ok with only having Tim assessed by Guy. He said he has seen a few Boards surprised in the past the CEO/CHRO did have at least one other internal candidate assessed.

- Schedule a 90 minute call for Greg, Guy and me to assess and modify the attached CEO Profile used in 2015. Guy would also use this time to get feedback from each of us on Tim. We will try to schedule for this week or next.

- Guy wants to interview four of Tim's other peers, not including me, and four of his direct reports. Guy wants us to pick the interviewees. My recommendations are below. Let me know what you think.

  Enterprise
  - Phil - Yes
  - Tayfun - Yes
  - Jude - Yes
  - Susan – Yes

  - Kevin - No
  - Kris - No
  - Jamie - No
  - Lars - No
  - Shellie – No

  Direct Reports
  - Chris Shroat - Yes
  - Melissa Stevens - Yes
  - Howard Hammond - Yes
  - Art Weston - Yes

  - Ben Hoffman - No
  - Ben Smith - No
  - Matt Jauchius - No
  - Peter Kidd - No
  - Mike Butera – No
  - Tim Harden - No

- Bob to send Tim and Guy an introductory email so they can set up their three hour assessment discussion.

- Guy to send us a revised proposal. He feels confident that we can execute a similar timeline as the original proposal with a full/final Board report in September. This will likely require a call with the HCCC in August since we will not have a preliminary report for them in June.

EXHIBIT
46

Please let me know of any questions.

Bob

Message

**From:** Guy Beaudin [gbeaudin@rhrinternational.com]
**Sent:** 6/10/2020 10:29:10 PM
**To:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bob.Shaffer]
**Subject:** Re: Revised proposal

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Thanks Bob - I am looking forward to working with you on this project. Guy

On Wed, Jun 10, 2020 at 4:23 PM Shaffer, Bob <Bob.Shaffer@53.com> wrote:

Guy – Looks good. Thanks, Bob

**From:** Guy Beaudin <gbeaudin@rhrinternational.com>
**Sent:** Monday, June 8, 2020 6:01 PM
**To:** Shaffer, Bob <Bob.Shaffer@53.com>
**Subject:** Revised proposal

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob

I have rewritten the proposal to reflect our discussion today. Accordingly I have reduced the fee for Phase 1 and Phase 4 in half to reflect the reduced complexity of the assignment.

Looking forward to next steps.

Guy

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

EXHIBIT
47

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Message

**From:** Guy Beaudin [gbeaudin@rhrinternational.com]
**Sent:** 6/17/2020 8:59:10 PM
**To:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bob.Shaffer]; Carmichael, Greg [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Greg.Carmichael]
**Subject:** For our call on Friday
**Attachments:** Winning Formula - CEO Profile FTB -2015.docx

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Gentlemen,
I am looking forward to our call on Friday. We will be covering two topics:
1. Updating the role profile (attached)
Here are some general areas I will want to cover on this topic.

**Operating Landscape**

- In the past 5 years, how has the landscape that Fifth Third operates within changed? How has the organization responded to those changes?
- How do you think the operating landscape will change in the coming decade?
- What opportunities, threats, and competition lie on the horizon?

**Org evaluation**

- What are the current weak spots in the organization? What were the major disappointments in the last two to three years?

—What are the areas you were able to leverage to drive results?

**Leadership behaviours**

- What new/unique qualities are desired from the CEO?
- What will this person's team need from him/her to be effective?

2. Getting your 360 input on Tim

- We will follow the general structure of the profile to get your input, but this can be less structured so we get to the areas that you see as most critical.

Talk to you then.
Guy
--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

EXHIBIT
48

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Message

**From:** Guy Beaudin [gbeaudin@rhrinternational.com]
**Sent:** 7/14/2020 10:52:09 PM
**To:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bob.Shaffer]
**CC:** Chuck Evans [cevans@rhrinternational.com]
**Subject:** CEO profile - Draft
**Attachments:** Fifth Third Bank The Winning Formula Profile for President and CEO 14Jul2020 Draft.docx

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob
Here is a draft of the profile based on our discussion from a few weeks ago. Can you give it a once-over before we share with members of the HRC? I also want to double check you are OK with labeling it 'CEO Profile'. We can call it Executive Leadership Profile if you and Greg prefer to keep a 'low profile' so to speak.
Thanks,
Guy

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

EXHIBIT
49

Message

**From:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=CINCINNATI/CN=RECIPIENTS/CN=BOB.SHAFFER]
**Sent:** 7/23/2020 2:17:07 PM
**To:** Guy Beaudin [gbeaudin@rhrinternational.com]
**CC:** Chuck Evans [cevans@rhrinternational.com]
**Subject:** RE: CEO profile - Draft
**Attachments:** Fifth Third CEO Profile - Final 7.23.20.docx

Guy – Hope all is well. I have reviewed the updated Profile with Greg and with the Human Capital & Compensation Committee members. Only one very minor tweak. We can consider it finalized (see attached final version). Just wanted to provide that update. Thanks, Bob

**From:** Guy Beaudin <gbeaudin@rhrinternational.com>
**Sent:** Thursday, July 16, 2020 1:55 PM
**To:** Shaffer, Bob <Bob.Shaffer@53.com>
**Cc:** Chuck Evans <cevans@rhrinternational.com>
**Subject:** Re: CEO profile - Draft

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob,
I love the edits. Let us know if any other changes are needed after you review with Greg and the relevant Board members.
Guy

On Thu, Jul 16, 2020 at 8:54 AM Shaffer, Bob <Bob.Shaffer@53.com> wrote:

> Guy,
>
> Thanks for the updated profile. I have reviewed and suggest some proposed changes. I have attached a marked up version showing the suggested changes and a clean version with the proposed changes incorporated. Please let me know if you are good with the changes, and then I will quickly review with Greg to make sure he is good with the Profile. We will then be ready to share with the applicable Board members.
>
> Thanks,
>
> Bob

EXHIBIT
50

**From:** Guy Beaudin <gbeaudin@rhrinternational.com>
**Sent:** Tuesday, July 14, 2020 6:52 PM
**To:** Shaffer, Bob <Bob.Shaffer@53.com>
**Cc:** Chuck Evans <cevans@rhrinternational.com>
**Subject:** CEO profile - Draft

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob

Here is a draft of the profile based on our discussion from a few weeks ago. Can you give it a once-over before we share with members of the HRC? I also want to double check you are OK with labeling it 'CEO Profile'. We can call it Executive Leadership Profile if you and Greg prefer to keep a 'low profile' so to speak.

Thanks,

Guy

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

# EXHIBIT 51

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 52

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 53

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 54

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

**From:** Guy Beaudin [gbeaudin@rhrinternational.com]
**Sent:** 8/26/2020 10:23:08 AM
**To:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=Cincinnati/cn=Recipients/cn=Bob.Shaffer]; Carmichael, Greg [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=5374329007314d7f8a2457d74645fd5e]
**CC:** Chuck Evans [cevans@rhrinternational.com]
**Subject:** For our call this morning
**Attachments:** Spence Timothy Fifth Third Bank Development Assessment 31Jul2020.docx

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob, Greg,
I can't recall if we sent you a copy of the report yet, but here it is just in case. No need for you to review before our call, we will go over the main points together.
Guy

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

EXHIBIT
55

Message

**From:** Shaffer, Bob [/O=FIFTH THIRD BANK/OU=CINCINNATI/CN=RECIPIENTS/CN=BOB.SHAFFER]
**Sent:** 9/15/2020 5:21:57 PM
**To:** Hennard, Paula [/O=FIFTH THIRD BANK/OU=EXTernal (FYDIBOHF25SPDLT)/cn=Recipients/cn=9c1d18b2b03e4041a17965a5a920fd85]
**Subject:** FW: Fifth Third
**Attachments:** Spence Timothy Fifth Third Bank Development Assessment 08SEP2020.docx

Please print. Thanks

**From:** Guy Beaudin <gbeaudin@rhrinternational.com>
**Sent:** Thursday, September 10, 2020 7:54 AM
**To:** Shaffer, Bob <Bob.Shaffer@53.com>
**Subject:** Re: Fifth Third

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Hi Bob,
Here is the updated report - I will be sharing it in a debrief with Tim tomorrow. Nothing new or surprising in the peer feedback - overall there was strong support for him as being an exceptional talent but with some good advice on how to round out his leadership.
Let me know if you have any questions.
Guy

On Thu, Sep 10, 2020 at 5:25 AM Shaffer, Bob <Bob.Shaffer@53.com> wrote:

> Guy,
>
> Hope all is well. Just wanted to check to see if all of the discussions with Tim's peers are complete and if anything new surfaced that we need to consider? Also, do you have an updated report incorporating the peer discussions?
>
> Thanks,
>
> Bob
>
> This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

\-

EXHIBIT
56

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Message

**From:** Guy Beaudin [gbeaudin@rhrinternational.com]
**Sent:** 9/10/2020 11:54:06 AM
**To:** Shaffer, Bob [/o=Fifth Third Bank/ou=Cincinnati/cn=Recipients/cn=Bob.Shaffer]
**Subject:** Re: Fifth Third
**Attachments:** Spence Timothy Fifth Third Bank Development Assessment 08SEP2020.docx

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Hi Bob,
Here is the updated report - I will be sharing it in a debrief with Tim tomorrow. Nothing new or surprising in the peer feedback - overall there was strong support for him as being an exceptional talent but with some good advice on how to round out his leadership.
Let me know if you have any questions.
Guy

On Thu, Sep 10, 2020 at 5:25 AM Shaffer, Bob <Bob.Shaffer@53.com> wrote:

Guy,

Hope all is well. Just wanted to check to see if all of the discussions with Tim's peers are complete and if anything new surfaced that we need to consider? Also, do you have an updated report incorporating the peer discussions?

Thanks,

Bob

This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

# EXHIBIT 57

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

**From:** Guy Beaudin [gbeaudin@rhrinternational.com]
**Sent:** 9/16/2020 9:33:31 PM
**To:** Shaffer, Bob [/o=Fifth Third Bank/ou=Cincinnati/cn=Recipients/cn=Bob.Shaffer]; Carmichael, Greg [/o=Fifth Third Bank/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5374329007314d7f8a2457d74645fd5e]; Chuck Evans [cevans@rhrinternational.com]
**Subject:** Board deck
**Attachments:** Spence Timothy Fifth Third Bank Board Summary 16Sep2020.pptx

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob and Greg,
Here is a draft to structure the board discussion. Our preference is to share it on screen given the nature of the content, but we can take your lead on that.
Let us know if you have any edits or suggestions.
Guy

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

EXHIBIT
58

# EXHIBIT 59

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 60

# [PRODUCED FOR *IN CAMERA* INSPECTION]

Message

|  |  |
|---|---|
| **From:** | Carmichael, Greg [/O=FIFTH THIRD BANK/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=5374329007314D7F8A2457D74645FD5E] |
| **Sent:** | 9/17/2020 2:46:53 PM |
| **To:** | Shaffer, Bob [/o=Fifth Third Bank/ou=Cincinnati/cn=Recipients/cn=Bob.Shaffer] |
| **Subject:** | FW: Updated deck for Board on Monday |
| **Attachments:** | Spence Timothy Fifth Third Bank Board Summary 16Sep2020 V3.pptx |

Bob,

This looks good - thanks

**From:** Guy Beaudin <gbeaudin@rhrinternational.com>
**Sent:** Thursday, September 17, 2020 9:20 AM
**To:** Shaffer, Bob <Bob.Shaffer@53.com>; Carmichael, Greg <Greg.Carmichael@53.com>
**Subject:** Updated deck for Board on Monday

**CAUTION EXTERNAL EMAIL**

**DO NOT open attachments or click on links from unknown senders or unexpected emails**

Bob,
We have made the changes you suggested. Let us know if you have any further comments.
Thanks,
Guy

--

Guy Beaudin, MBA, Ph.D.
Senior Partner, Business Development & Marketing
RHR International LLP
18 King Street East, Suite 1220
Toronto, Ontario M5C 1C4

O: +1 416 865 0824
M: +1 416 738 4892
www.rhrinternational.com

EXHIBIT 61

RHR is the proud recipient of a Brandon Hall Group Excellence in Talent Management Award for our partnership with a client. Together, we won Gold for Best Advance in Succession and Career Management.

IMPORTANT NOTICE: The contents of this electronic message may be confidential and are intended for the use of intended addressees only. If you are not an intended addressee, note that any use, distribution, dissemination, disclosure or copying of the contents of this message is prohibited. If you believe you have received this e-mail in error or are not an intended addressee, please notify the sender immediately and permanently delete the original and any copy and printouts of this message.

CAUTION EXTERNAL EMAIL

DO NOT open attachments or click on links from unknown senders or unexpected emails

# EXHIBIT 62

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 63

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 64

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 65

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 66

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 67

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 68

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 69

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 70

# [PRODUCED FOR *IN CAMERA* INSPECTION]

# EXHIBIT 71

# [PRODUCED FOR *IN CAMERA* INSPECTION]

FIFTH THIRD BANK

# Unanimous Written Consent: Officer Appointment

October 21, 2020

Classification: Restricted

EXHIBIT
72

FIFTH THIRD BANK

Fifth Third Bancorp & Fifth Third Bank, N.A.

## Board of Directors

### Unanimous Written Consent: Officer Appointment

TABLE OF CONTENTS


CEO Note Regarding Officer Appointment

Press Release

Unanimous Written Consent: Board of Directors*


** Denotes items requiring unanimous written consent.*

FIFTH THIRD BANK
OFFICE OF THE SECRETARY

FIFTH THIRD BANK

Dear Board Members:

As previously discussed in our talent management and succession planning sessions, we are executing on the plan to promote Tim Spence to President. The lines of business, regional banking and strategic planning will now report to Tim. We plan to announce this on Monday, October 26. Attached is a draft of the external release.

As Bob Shaffer and I discussed with you at the September Board meeting, we believed that Phil McHugh could be at risk with Tim's promotion. And, in fact, Phil has decided not to accept the role of Head of Consumer and Business Banking and is leaving the company. This is unfortunate as this is one of the largest roles we have. However, we have a very capable leader, Howard Hammond, who will serve as the interim Head of Consumer and Business Banking. Howard currently leads our Retail Banking business and Fifth Third Securities. As Howard has the opportunity to work in this role, we will also test the market and conduct an external search for this position.

Included with this message is a request for unanimous consent to approve the promotion of Tim to President. I appreciate your prompt approval as we will be announcing his promotion on Monday morning. I am very excited for Tim and look forward to working with him as he further develops in his new role. Please let me know if you have any questions.

Thanks,

Greg

© Fifth Third Bank | All Rights Reserved | For Internal Use Only

Classification: Restricted

FIFTH THIRD BANCORP

# NEWS RELEASE

***DRAFT 10/21/20***

October 26, 2020

CONTACTS
Ed Loyd (Media Relations)
email.address@53.com | 123-456-7890
Chris Doll (Investor Relations)
Christopher.Doll@53.com | 513-534-2345

## Fifth Third Announces Appointment of Timothy N. Spence as President

CINCINNATI – Fifth Third Bancorp (Nasdaq: FITB) today announced the appointment of Tim Spence as president. His promotion will support the Company's ongoing successful execution of its strategic initiatives and further strengthen its position as a leading regional bank.

In his new role, effective immediately, Spence will oversee all business lines and regional banking, while continuing his leadership of the Bank's strategy. It was Spence's strength in strategy that first brought him to Fifth Third in 2015. He led that area as chief strategy officer and then advanced in 2017 to head consumer banking and payments as well. Before joining Fifth Third, Spence was a senior partner in the financial services practice at Oliver Wyman, a global strategy and risk management consulting firm. Spence will continue to report to Greg Carmichael, the Company's chairman and chief executive officer.

"Tim has demonstrated extraordinary leadership and vision in driving the strategy and execution to transform Fifth Third through innovation and technology," said Carmichael. "Over the past several years, he has been a principal architect and catalyst of many of the Company's most important strategic initiatives. Those initiatives include organic growth investments, numerous partnerships with fintechs and other third parties, and the 2019 acquisition of MB Financial Inc. in Chicago – a move that dramatically changed the competitive landscape and positioned us for success in one of our most important markets. Tim is keenly focused on solutions that enable Fifth Third to best serve our customers – from individuals to small and large businesses – and help them achieve their goals."

Spence long has been heralded for his commitment to innovation and has helped the Bank significantly advance its digital transformation. In 2018, American Banker recognized him as Digital Banker of the Year, an award whose past honorees have included forward-thinking leaders from the nation's largest financial institutions. In addition to recognizing his many achievements to date, that award highlighted his customer-centric approach, which has been the hallmark of Spence's banking career.

Originally from the Pacific Northwest, Spence and his family make their home in Cincinnati. Spence devotes time to several local community and economic development organizations, including serving on the executive committee of the board at Cintrifuse, a public-private partnership that exists to build a sustainable tech-based economy in Greater Cincinnati, on the advisory board for Miami University's Altman Institute for Entrepreneurship, and as member and co-chair of the commerce committee for the

FIFTH THIRD BANCORP
NEWS RELEASE

Cincinnati Chamber's RESTART Taskforce. He also serves as a board member for the Consumer Bankers Association.

**About Fifth Third**

Fifth Third Bancorp is a diversified financial services company headquartered in Cincinnati, Ohio, and the indirect parent company of Fifth Third Bank, National Association, a federally chartered institution. As of September 30, 2020, the Company had $202 billion in assets and operates 1,122 full-service Banking Centers, and 2,414 Fifth Third branded ATMs in Ohio, Kentucky, Indiana, Michigan, Illinois, Florida, Tennessee, West Virginia, Georgia, North Carolina and South Carolina. In total, Fifth Third provides its customers with access to approximately 52,000 fee-free ATMs across the United States. Fifth Third operates four main businesses: Commercial Banking, Branch Banking, Consumer Lending, and Wealth & Asset Management. Fifth Third is among the largest money managers in the Midwest and, as of September 30, 2020, had $427 billion in assets under care, of which it managed $53 billion for individuals, corporations and not-for-profit organizations through its Trust and Registered Investment Advisory businesses. Investor information and press releases can be viewed at www.53.com. Fifth Third's common stock is traded on the NASDAQ® Global Select Market under the symbol "FITB."

###

Classification: Internal Use



Confidential

FIFTHTHIRD-MCHUGH-001220

**FIFTH THIRD BANCORP**

**UNANIMOUS WRITTEN CONSENT OF THE BOARDS OF DIRECTORS APPOINTING PRESIDENT**

**October 26, 2020**

The undersigned, being all of the Directors of Fifth Third Bancorp, an Ohio Corporation ("Bancorp"), in accordance with Section 1701.54 of the Ohio Revised Code, do hereby authorize, consent, and agree to the adoption, without a meeting, of the following resolutions through this unanimous written consent (this "Consent"), effective as of the date first set forth above:

**WHEREAS,** the members of the Board, in connection with succession and leadership planning, have discussed potential promotions and appointments to senior officer positions of Bancorp at previous meetings;

**WHEREAS,** the members of the Board have determined that it is appropriate to implement one such promotion and appointment at this time;

**NOW, THEREFORE**, it is hereby:

**OFFICER APPOINTMENT**

**RESOLVED**, that Timothy N. Spence be promoted and appointed to the position of President of Bancorp;

**GENERAL RESOLUTIONS**

**RESOLVED FURTHER,** that the officers of the Bancorp be, and each are hereby, authorized, directed and empowered to perform any and all other acts and things as in such officer's opinion may be necessary or appropriate in order to carry out the intent and purposes of the foregoing resolution with respect to the Bancorp; and

**RESOLVED FURTHER,** that any act of any Director or officer of the Bancorp and of any person designated or authorized to act by any officer of the Bancorp, which act would have been authorized by the foregoing resolutions except that such act was taken prior to the adoption of such resolutions is hereby ratified, confirmed, approved, and adopted as the act of the Bancorp.

[Remainder of page intentionally left blank. Signature page follows.]

In Witness Whereof, the undersigned Directors have executed this signature page as of the date first set forth above in this Unanimous Written Consent.

Nicholas K. Akins October 22, 2020 3:38 PM

B. Evan Bayh III October 22, 2020 9:53 AM

Jorge L. Benitez October 22, 2020 6:27 AM

Katherine B. Blackburn October 21, 2020 9:05 PM

Emerson L. Brumback October 22, 2020 9:22 AM

Greg D. Carmichael October 22, 2020 6:41 AM

Linda W. Clement-Holmes October 2[illegible], 2020 2:17 PM

C. Bryan Daniels October 21, 2020 7:07 PM

Mitchell S. Feiger October 22, 2020 4:25 PM

Thomas H. Harvey October 21, 2020 11:04 PM

Gary R. Heminger October 22, 2020 6:00 PM

Jewell D. Hoover October 21, 2020 7:25 PM

Eileen L. Mallesch October 21, 2020 8:04 PM

Michael B. McCallister October 22, 2020 12:49 PM

Marsha C. Williams October 21, 2020 7:01 PM

# EXHIBIT 73

# [PRODUCED FOR *IN CAMERA* INSPECTION]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PHILLIP R. MCHUGH** | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **NOTICE OF DEPOSITION OF** |
| **FIFTH THIRD BANCORP, ET AL.,** | : | **GREGORY D. CARMICHAEL** |
| | : | |
| Defendants. | : | |

Please take notice that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Phillip R. McHugh ("Plaintiff"), by and through counsel, will take the videotaped deposition of GREGORY D. CARMICHAEL on Tuesday, September 26, 2023, beginning at 9:30 a.m. at the Fifth Third Center, 511 Walnut Street, Cincinnati, OH 45202. Said deposition will be taken in the presence of a Notary Public or some officer authorized by law to take depositions. The deposition will be stenographically and video recorded and shall continue day to day until completed.

Plaintiff is taking said deposition according to the Federal Rules of Civil Procedure and said deposition shall be used for any purpose contemplated by the Federal Rules of Civil Procedure. Plaintiff reserves the right to conduct such further depositions and discovery from Gregory D. Carmichael as may arise at a later date.

Respectfully submitted,

/s/ Joshua M. Smith
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701

EXHIBIT
74

(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com

*/s/ John J. McHugh*
John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
(419) 885-3597
(419) 885-3861 (fax)

**Co-Counsel for Plaintiff Philip R. McHugh**

**CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing Notice of Deposition has been served via electronic mail on September 5, 2023, upon:

Michael L. Cioffi
Collin D. Hart
Thomas H. Stewart
BLANK ROME LLP
201 E. Fifth Street
Cincinnati, Ohio 45202
michael.cioffi@blankrome.com
Collin.hart@blankrome.com
tom.stewart@blankrome.com
**Attorneys for Defendants**

/s/ Joshua M. Smith
Joshua M. Smith (0092360)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PHILLIP R. MCHUGH** | : | Case No. 1:21-cv-00238 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **NOTICE OF DEPOSITION OF** |
| **FIFTH THIRD BANCORP, ET AL.,** | : | **GREGORY D. CARMICHAEL** |
| | : | |
| Defendants. | : | |

Please take notice that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Phillip R. McHugh ("Plaintiff"), by and through counsel, will take the videotaped deposition of GREGORY D. CARMICHAEL on Wednesday, September 27, 2023, beginning at 9:30 a.m. at the Fifth Third Center, 511 Walnut Street, Cincinnati, OH 45202. Said deposition will be taken in the presence of a Notary Public or some officer authorized by law to take depositions. The deposition will be stenographically and video recorded and shall continue day to day until completed.

Plaintiff is taking said deposition according to the Federal Rules of Civil Procedure and said deposition shall be used for any purpose contemplated by the Federal Rules of Civil Procedure. Plaintiff reserves the right to conduct such further depositions and discovery from Gregory D. Carmichael as may arise at a later date.

Respectfully submitted,

/s/ Joshua M. Smith
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701

EXHIBIT
15

(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com

*/s/ John J. McHugh*

John J. McHugh, III
McHUGH & McCARTHY, LTD
5580 Monroe Street
Sylvania, Ohio 43560
(419) 885-3597
(419) 885-3861 (fax)

**Co-Counsel for Plaintiff Philip R. McHugh**

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing Notice of Deposition has been served via electronic mail on September 5, 2023, upon:

Michael L. Cioffi
Collin D. Hart
Thomas H. Stewart
BLANK ROME LLP
201 E. Fifth Street
Cincinnati, Ohio 45202
michael.cioffi@blankrome.com
Collin.hart@blankrome.com
tom.stewart@blankrome.com
**Attorneys for Defendants**

/s/ Joshua M. Smith
Joshua M. Smith (0092360)